PETER J. ELIASBERG (SB# 189110)
peliasberg@aclu-sc.org
MARISOL ORIHUELA (SB# 261375)
morihuela@aclu-sc.org
ACLU FOUNDATION OF SOUTHERN
CALIFORNIA
1313 W. 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5299

Attorneys for Plaintiffs
ALEX ROSAS and JONATHAN GOODWIN, on
behalf of themselves and of those similarly
situated

(Counsel continued on next page.)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ROSAS and JONATHAN GOODWIN, on their own behalf and on behalf of those similarly situated, | CASE NO. **CV12- 00428** ᴍᴡꜰ(ꜱʜx) |
| Plaintiffs, | **PLAINTIFFS' NOTICE OF RELATED CASE** |
| vs. | Related Case: No. CV 75-04111 DDP |
| LEROY BACA, Sheriff of Los Angeles County Jails; PAUL TANAKA, Undersheriff, Los Angeles Sheriff's Department; CECIL RHAMBO, Assistant Sheriff, Los Angeles Sheriff's Department; DENNIS BURNS, Chief of the Custody Operations Division, Los Angeles Sheriff's Department, | |
| Defendants. | |

LEGAL_US_W # 70138132.2

PLAINTIFFS' NOTICE OF RELATED CASE

MARGARET WINTER (*pro hac vice application forthcoming*)
mwinter@npp-aclu.org
ERIC BALABAN (*pro hac vice application forthcoming*)
ebalaban@npp-aclu.org
DAVID M. SHAPIRO (*pro hac vice application forthcoming*)
dshapiro@npp-aclu.org
NATIONAL PRISON PROJECT OF THE
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th St., NW
Washington, D.C. 20005
Telephone:  (202) 393-4930
Facsimile:  (202) 393-4931

DONNA M. MELBY (SB# 86417)
donnamelby@paulhastings.com
JOHN S. DURRANT (SB# 217345)
johndurrant@paulhastings.com
JADE H. LEUNG (SB# 279651)
jadeleung@paulhastings.com
ELIZABETH C. MUELLER (SB# 278283)
bethmueller@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA  90071-2228
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

Attorneys for Plaintiffs
ALEX ROSAS and JONATHAN GOODWIN, on
behalf of themselves and of those similarly
situated

PLAINTIFFS' NOTICE OF RELATED CASE

Pursuant to Local Rule 83-1.3.1, Plaintiffs Alex Rosas and Jonathan Goodwin hereby provide notice of an action previously filed in the Central District of California that is related to this case within the meaning of Local Rule 83-1.3.1: *Rutherford v. Baca*, No. CV 75-04111 DDP, pending before Hon. Dean D. Pregerson. The present case calls for determination of the same or substantially related or similar questions of law or fact as those presented in *Rutherford*, and would likely entail substantial duplication of labor if heard by a different judge.

## I.  DESCRIPTION OF *RUTHERFORD V. BACA*

*Rutherford* is a class action filed on behalf of inmates of the Los Angeles County Jails against the Sheriff of Los Angeles County and his subordinates who are involved with the administration of the Los Angeles County Jails. The plaintiffs sought declaratory and injunctive relief for multiple jail conditions which constituted violations of the inmates' constitutional rights under the eighth and fourteenth amendments to the United States Constitution. The Court issued a Memorandum of Decision in which the Court discussed questions of fact and law regarding whether deputy sheriffs at the jail "regularly use excessive force in enforcing their orders, commit unprovoked assaults, inflict verbal abuse upon the prisoners, and generally conduct a 'reign of terror' at the jail." *Rutherford v. Pritchess*, 457 F. Supp. 104, 117 (C.D. Cal. 1978). The Court held that many conditions of confinement violated the constitutional rights of the inmates. The Court entered an injunction prohibiting overcrowding in the Los Angeles jails.

To this day, the Court continues to administer the enforcement of the *Rutherford* decree, as modified over the years, continues to address questions of fact and law regarding physical violence against inmates in the Los Angeles County Jails. The ACLU and the ACLU of Southern California, which was appointed by the Court to monitor conditions in the Los Angeles County Jails pursuant to the

*Rutherford* decision, have submitted multiple reports to the *Rutherford* court which document deputy-on-inmate violence. In 2010, the *Rutherford* plaintiffs filed a motion for a protective order to restrain jail officials and guards from retaliating against *Rutherford* class members for communicating problems about their conditions of confinement to the ACLU. The motion was accompanied by accounts of retaliation, some in the form of physical abuse. The motion requested an order prohibiting the intimidation of prisoners from reporting complaints, and requiring Los Angeles County Jails to offer inmates a medical exam upon complaint of physical retaliation.

## II.   DESCRIPTION OF THE PRESENT ACTION

Like *Rutherford*, the present action is a putative class action filed on behalf of inmates of the Los Angeles County Jails against the Sheriff of Los Angeles and his subordinates who are involved with the administration of the Los Angeles County Jails. This action seeks declaratory and injunctive relief for violation of the inmates' constitutional rights under the eighth and fourteenth amendments to due process of law and to be free from excessive force. The Plaintiffs charge the Defendants with failure to curb the widespread pattern of physical abuse and intimidation against inmates.

This case will present substantially related questions of fact as those presented in *Rutherford* regarding the policies and practices of the Los Angeles County Jails which allow or lead to intimidation and excessive force used by jail guards against the inmates. Evidence of physical violence against inmates that has been submitted to the *Rutherford* court in reports and motions by the ACLU will be relevant in this case. This action will also present the same or substantially similar questions of law as Plaintiffs have alleged violation of the same constitutional rights as alleged in *Rutherford*. Given the related causes of action and common

evidence, assigning this action to another judge would likely result in substantial duplication of labor.

For these reasons, Plaintiffs respectfully submit that this case qualifies for related case transfer.

DATED:  January 18, 2012

PETER ELIASBERG
MARISOL ORIHUELA
ACLU FOUNDATION OF SOUTHERN
CALIFORNIA

By: _____
PETER ELIASBERG

Attorneys for Plaintiffs
Alex Rosas and Jonathan Goodwin

DATED:  January 18, 2012

MARGARET WINTER
ERIC BALABAN
DAVID M. SHAPIRO
NATIONAL PRISON PROJECT OF THE
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION

By: _____
MARGARET WINTER

Attorneys for Plaintiffs
Alex Rosas and Jonathan Goodwin

DATED:  January 18, 2012

DONNA M. MELBY
JOHN S. DURRANT
JADE H. LEUNG
ELIZABETH C. MUELLER
PAUL HASTINGS LLP

By: _____
DONNA M. MELBY

Attorneys for Plaintiffs
Alex Rosas and Jonathan Goodwin

LEGAL_US_W # 70138132.2

3       PLAINTIFFS' NOTICE OF RELATED CASE

evidence, assigning this action to another judge would likely result in substantial duplication of labor.

        For these reasons, Plaintiffs respectfully submit that this case qualifies for related case transfer.

DATED:  January 18, 2012

PETER ELIASBERG
MARISOL ORIHUELA
ACLU FOUNDATION OF SOUTHERN
CALIFORNIA


By:_____
                PETER ELIASBERG

Attorneys for Plaintiffs
Alex Rosas and Jonathan Goodwin

DATED:  January 18, 2012

MARGARET WINTER
ERIC BALABAN
DAVID M. SHAPIRO
NATIONAL PRISON PROJECT OF THE
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION


By:_____
                MARGARET WINTER

Attorneys for Plaintiffs
Alex Rosas and Jonathan Goodwin

DATED:  January 18, 2012

DONNA M. MELBY
JOHN S. DURRANT
JADE H. LEUNG
ELIZABETH C. MUELLER
PAUL HASTINGS LLP


By:_____
                DONNA M. MELBY

Attorneys for Plaintiffs
Alex Rosas and Jonathan Goodwin