PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JUSTIN W. CLARK, State Bar No. 235477
jclark@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California  91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants
Sheriff Leroy D. Baca, Undersheriff Paul Tanaka,
Assistant Sheriff Cecil W. Rhambo, and Chief Dennis H. Burns

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ROSAS and JONATHAN GOODWIN, on their own behalf and on behalf of those similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>LEROY BACA, Sheriff of Los Angeles County Jails; PAUL TANAKA, Undersheriff, Los Angeles Sheriff's Department; CECIL RHAMBO, Assistant Sheriff, Los Angeles Sheriff's Department; DENNIS BURNS, Chief of the Custody Operations Division, Los Angeles Sheriff's Department,<br><br>    Defendants. | Case No. CV 12-00428 DDP (SHx)<br><br>Honorable Dean D. Pregerson<br><br>**DEFENDANTS LEROY BACA, PAUL TANAKA, CECIL RHAMBO, AND DENNIS BURNS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND FRCP RULE 12(F) REQUEST TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF JUSTIN W. CLARK IN SUPPORT THEREOF**<br><br>*[Proposed] Order filed concurrently herewith]*<br><br>Date:   March 19, 2012<br>Time:   10:00 a.m.<br>Crtm:   3 |

TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on March 19, 2012, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 3 before the Honorable

1

ROSAS\ MTD Complaint

Dean D. Pregerson, of the United States District Court for the Central District of California, located at 312 N. Spring Street, Los Angeles, CA 90012, Defendants Sheriff Leroy Baca, Paul Tanaka, Cecil Rhambo, and Dennis Burns, in their official capacities only, (collectively, "Defendants") will and hereby do move for dismissal of Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure Rule 12(b)(6).

The basis for the Defendants' Motion is as follows:

1. Plaintiffs' official capacity claims against Defendants Tanaka, Rhambo, and Burns should be dismissed as duplicative and superfluous because Sheriff Baca, in his official capacity, is already a named Defendant and there is no need for Plaintiffs to maintain identical claims four times against the same party – the County of Los Angeles;

2. Plaintiffs' Complaint fails to state a claim upon which relief can be granted because, even assuming all facts in the Complaint as true, Plaintiffs are not entitled to the "obey the law" injunction Plaintiffs seek; and,

3. Various portions of Plaintiffs' Complaint are immaterial and should be stricken pursuant to Federal Rules of Civil Procedure Rule 12(f).

This Motion will be based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Justin W. Clark and exhibits thereto filed concurrently herewith, the Court's file in this matter, and such further oral and documentary evidence as the Court may consider at or prior to the hearing on this matter.

///

///

///

2

ROSAS\ MTD Complaint

3

This Motion is made following an unsuccessful good faith attempt to informally resolve issues pursuant to Local Rule 7-3.  (*See*, Declaration of Justin W. Clark ["Clark Decl."], ¶ 2.)

Dated:  February 17, 2012        LAWRENCE BEACH ALLEN & CHOI, PC


By        /s/  Justin W. Clark       
       Paul B. Beach
       Justin W. Clark
       Attorneys for Defendants
       Sheriff Leroy D. Baca, Undersheriff
       Paul Tanaka, Assistant Sheriff Cecil W.
       Rhambo, and Chief Dennis H. Burns

3

ROSAS\ MTD Complaint

# **TABLE OF CONTENTS**

MEMORANDUM  OF POINTS AND AUTHORITIES.........................................1

I.     INTRODUCTION...................................................................................1

II.    SUMMARY OF RELEVANT ALLEGATIONS AND
       PLAINTIFFS' RELIEF...........................................................................1

III.   STANDARD OF REVIEW. ....................................................................2

IV.    PLAINTIFFS' CLAIMS AGAINST UNDERSHERIFF TANAKA,
       ASSISTANT SHERIFF RHAMBO, AND CHIEF BURNS ARE
       DUPLICATIVE OF THEIR CLAIMS AGAINST SHERIFF BACA
       AND SHOULD BE DISMISSED AS A MATTER OF LAW....................3

V.     PLAINTIFFS' COMPLAINT VIOLATES FEDERAL RULES OF
       CIVIL PROCEDURE RULE 65(D). .........................................................4

VI.    NUMEROUS PARTS OF THE COMPLAINT SHOULD BE
       STRICKEN PURSUANT TO FEDERAL RULES OF CIVIL
       PROCEDURE RULE 12(F)........................................................................6

VII.   CONCLUSION. ......................................................................................9

DECLARATION OF JUSTIN W. CLARK .......................................................10

i

ROSAS\ MTD Complaint

# **TABLE OF AUTHORITIES**

**Cases**

*Carnell v. Grimm,*
    872 F.Supp. 746 (D. HI 1994) ................................................................3

*Clegg v. Cult Awareness Network*,
    18 F.3d 752 (9th Cir. 1994) ................................................................2

*Day v. Moscow,*
    955 F.2d 807 (2nd Cir. 1992) ................................................................6

*Fantasy, Inc. v. Fogerty,*
    984 F.2d 1524 (9th Cir.1993) ................................................................6

*Herbalife Int'l of Am. Inc. v. Ford*,
    287 F. App'x 600 (9th Cir. 2008) ................................................................4

*Kentucky v. Graham*
    473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) ................................................................3

*Keyes v. School Dist. No. 1, Denver, Colo.*,
    895 F.2d 659 (10th Cir.  1990) ................................................................4

*Levine v. Diamanthuset, Inc.,*
    950 F.2d 1478 (9th Cir. 1991) ................................................................2

*Luke v. Abbott,*
    954 F.Supp. 202 (C.D. CA 1997) ................................................................3

*Meyer v. Brown & Root Const. Co.*,
    661 F.2d 369 (5th Cir.  1981) ................................................................4

*Miller v. French,*
     530 U.S. 327, 120 S.Ct. 2246 (2000) ................................................................5

*Monell v. New York City Department of Social Services,*
    436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) ................................................................3

*Mullis v. United States Bankruptcy Court,*
    828 F.2d 1385, 1388 (9th Cir. 1987 ................................................................2

*N.L.R.B. v. Express Pub. Co.,*
    312 U.S. 426, 61 S.Ct. 693 (1941) ................................................................4

*Payne v. Travenol Laboratories*, Inc.,
    565 F.2d 895 (5th Cir. 1978) ................................................................4

*Price v. City of Stockton,*
    390 F.3d 1105 (9th Cir. 2004) ................................................................4

*Soffer v. City of Costa Mesa,*
    798 F.2d 361 (9th Cir. 1986) ................................................................3

*Thomas v. County of Los Angeles*,
   978 F.2d 504 (9th Cir. 1992)...............................................................................5

*Vance v. County of Santa Clara*,
   928 F.Supp. 993 (N.D. CA 1996).........................................................................3

**Statutes**

18 U.S.C. § 3626(a)(2) ...........................................................................................6

Fed.R.Civ. P. Rule 65(d) .........................................................................................5

iii

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I.    Introduction.**

As set forth in greater detail below, Plaintiffs' Complaint is defective and should be dismissed for several reasons.

First, Plaintiffs assert identical official capacity claims against four high-ranking executives of the Sheriff's Department.  By law, each of these claims is really a claim against the County of Los Angeles, and there is no appropriate reason or need for Plaintiffs to litigate four identical claims.  Accordingly, Plaintiffs' claims against three of the Defendants in this case (Undersheriff Tanaka, Assistant Sheriff Rhambo, and Chief Burns) should be dismissed since they are duplicative. The only reason Plaintiffs named these specific high-ranking Sheriff's Department executives is to further harass them and further the ACLU's media campaign against the Sheriff's Department.

Second, Plaintiffs' Complaint fails to state a cause of action because they essentially seek an injunction that requires compliance with existing law.  It is firmly established that such "obey the law" injunctions are improper, and even assuming all allegations in the Complaint as true, Plaintiffs would never be entitled to the generic relief they seek.

Third, Plaintiffs' Complaint is replete with irrelevant allegations and hyperlinks to press reports regarding the County jail system.  All such references, and several other portions of the Complaint, are immaterial and should be stricken pursuant to Federal Rules of Civil Procedure Rule 12(f).

### **II.    Summary Of Relevant Allegations And Plaintiffs' Relief.**

Plaintiffs Alex Rosas and Jonathan Goodwin [together, "Plaintiffs"] are inmates incarcerated in County jail.  (Complaint, ¶¶ 222, 229.)  Plaintiffs allege that on July 22, 2011, they witnesses several Sheriff's Department deputies using excessive force on inmate Arturo Fernandez.  (Complaint, ¶¶ 222, 230.)  Plaintiffs further allege that a few days after the incident, several deputies threatened them

1

ROSAS\ MTD Complaint

not to say anything about what they allegedly witnessed. (Complaint, ¶ 223.) Plaintiff Rosas alleges that on August 9, 2011, deputies searched his cell and planted an inmate-made weapon, and then filed false disciplinary charges against him. (Complaint, ¶ 226.) Plaintiff Goodwin alleges that on August 10, 2011, deputies used unprovoked and excessive force on him. (Complaint, ¶¶ 232 – 234.) Plaintiffs also claim that the above-referenced incidents were part of an on-going and persistent culture of unlawful deputy-on-inmate violence in the jails. (Complaint, ¶¶3–14.)

Based on these allegations, Plaintiffs seek a declaration that their rights under the Eighth and Fourteenth Amendments to the United States Constitution were violated by Defendants, and an injunction "enjoining Defendants…from subjecting inmates in the Jails to physical abuse and the threat of physical abuse." (Complaint, Prayer for Relief, ¶¶ 1, 2.) Plaintiffs further seek to "[r]equire Defendants to formulate a remedy, subject to the Court's approval and modification, if necessary, to end the pattern of excessive force and physical abuse in those jails…" (*Id.* at ¶ 3.)

## III.  **Standard Of Review.**

Under Federal Rules of Civil Procedure, Rule 12(b)(6), dismissal of an action is appropriate where it "appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Levine v. Diamanthuset, Inc.,* 950 F.2d 1478, 1482 (9th Cir. 1991). The Court is not required to accept as true any allegation that is contradicted by matters properly subject to judicial notice, such as court orders. *See, Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1388 (9th Cir. 1987). The court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

2

ROSAS\ MTD Complaint

**IV.** **Plaintiffs' Claims Against Undersheriff Tanaka, Assistant Sheriff Rhambo, And Chief Burns Are Duplicative Of Their Claims Against Sheriff Baca And Should Be Dismissed As A Matter Of Law.**

Plaintiffs' Complaint asserts claims against Sheriff Baca, Undersheriff Paul Tanaka, Assistant Sheriff Cecil Rhambo, and Chief Dennis Burns, *all in their official capacity capacities*.  Under the holding of *Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099 (1985)(explaining the difference between individual and official capacity claims), this is equivalent to suing the County of Los Angeles four separate times.  *See also*, *Monell v. New York City Department of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018 n. 55 (1978)(official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent.")

Plaintiffs' claims against Undersheriff Tanaka, Assistant Sheriff Rhambo, and Chief Burns are duplicative and unnecessary, and are appropriately dismissed as a matter of law.  *See*, *Luke v. Abbott*, 954 F.Supp. 202 (C.D. CA 1997); *Vance v. County of Santa Clara*, 928 F.Supp. 993, 996 (N.D. CA 1996); *Carnell v. Grimm*, 872 F.Supp. 746 (D. HI 1994) (duplicate official capacity claim dismissed); *see also*, *Soffer v. City of Costa Mesa*, 798 F.2d 361 (9th Cir. 1986) ("suit may be brought directly against a local governmental unit, rendering suit against the individuals unnecessary unless they are sued in their personal capacity**").  Indeed, this Court has previously dismissed such defective claims.  *See e.g.*, *Thomas v. Baca*, 2006 WL 132078, 1 (C.D.Cal. 2006)(duplicative official capacity claims dismissed).**

Plaintiffs' counsel is well aware of the above –referenced authorities, and this Court should inquire as to the reason Plaintiffs elected to file these duplicative claims.  Under Rule 11, it is obviously improper to knowingly include improper allegations and defective claims in a pleading (to, perhaps, merely advance a political agenda against Defendants).

3

ROSAS\ MTD Complaint

## V.     **Plaintiffs' Complaint Violates Federal Rules Of Civil Procedure Rule 65(d).**

Plaintiffs seek an injunction that bars the Sheriff's Department from "subjecting inmates in the Jails to physical abuse and the threat of physical abuse." (Complaint, Prayer for Relief, ¶ 2.) Such an order would amount to nothing more than an order requiring compliance with existing law. It is firmly established that such "obey the law" injunctions are improper. *See*, *Price v. City of Stockton,* 390 F.3d 1105, 1117 (9th Cir. 2004)(preliminary injunctions "must be narrowly tailored ... to remedy only the specific harms shown by the plaintiffs, rather than 'to enjoin all possible breaches of the law.'"); *see also*, *Herbalife Int'l of Am. Inc. v. Ford*, 287 F. App'x 600, 601 (9th Cir. 2008)(same); *see also*, *N.L.R.B. v. Express Pub. Co.*, 312 U.S. 426, 61 S.Ct. 693 (1941)(the mere fact that a court has found that a defendant has committed an act in violation of a statute does not justify an injunction broadly to obey the statute and thus subject the defendant to contempt proceedings if he shall at any time in the future commit some new violation); *see also*, *Keyes v. School Dist. No. 1, Denver, Colo.*, 895 F.2d 659 (10th Cir. 1990), *cert. denied*, 498 U.S. 1082, 111 S.Ct. 951, *on remand*, 902 F.Supp. 1274 (injunction "too vague to be understood" violates rule requiring that injunction be reasonably specific in identifying what acts are prohibited or required, both to give notice to defendant of what is prohibited, and to guide appellate court in reviewing defendant's compliance or noncompliance with injunction and, generally, injunctions simply requiring defendant to obey the law are too vague.); *see also*, *Meyer v. Brown & Root Const. Co.*, 661 F.2d 369 (5th Cir. 1981)(general injunction which in essence orders defendant to obey the law is not permitted); *see also*, *Payne v. Travenol Laboratories*, Inc., 565 F.2d 895 (5th Cir. 1978), *certiorari denied*, 439 U.S. 835, 99 S.Ct. 118 (nonspecific "obey the law" injunctions cannot be sustained).

4

ROSAS\ MTD Complaint

The defective injunction Plaintiffs seek is very similar to an injunction overturned by the Ninth Circuit in *Thomas v. County of Los Angeles*, 978 F.2d 504, 509 (9th Cir. 1992). Plaintiffs in the case, who were predominately black and hispanic residents of the City of Lynwood, California, brought a section 1983 class action alleging that deputy sheriffs at the Lynwood station of the Los Angeles County Sheriff's Department were mistreating minority citizens. *Id*. at 505 – 506. The allegations in the complaint included unlawful detentions and searches, beatings, shootings, terrorist activities, and destruction of property. *Id*. The district court entered an injunction that required the Sheriff's Department to:

> 1. Follow the Department's own stated policies and guidelines regarding the use of force and procedures for conducting searches; and
> 2. Submit to the Court *in camera* and under seal, copies of reports alleging the use of excessive force that are in the possession of the Department on the first of every month.

*Id*.

On appeal, the Ninth Circuit ruled that the injunction was unlawful because it applied to the entire Sheriff's Department "without geographic circumscription." *Id*. at 509. The Ninth Circuit also ruled that the injunction failed to specify the act or acts sought to be restrained as required by Fed.R.Civ. P. Rule 65(d). *Id*. The injunction vacated in *Thomas* was even more specific than the one Plaintiffs seek herein and therefore, less objectionable.

In addition to violating Rule 65, the relief sought by Plaintiffs also plainly violates the requirements of the Prison Litigation Reform Act with respect to entry of prospective relief in civil actions challenging prison conditions. *See, Miller v. French,* 530 U.S. 327, 333, 120 S.Ct. 2246, 2251 (2000). Specifically, the PLRA requires that prospective relief be "**narrowly drawn, extend[s] no further than necessary to correct the harm** the court finds requires preliminary relief, and [be] the least intrusive means necessary to correct that harm." 18

5

ROSAS\ MTD Complaint

U.S.C. § 3626(a)(2) (emphasis added).  Given that Plaintiffs' relief basically prohibits "abusing inmates", there is no set of facts Plaintiffs could prove that would allow such an injunction to comply with these requirements.

Even accepting as true all of the allegations in the Complaint, Plaintiffs cannot obtain the overly broad injunction they seek and, accordingly, the Complaint should be dismissed for failure to state a valid claim for relief.

## VI.   Numerous Parts Of The Complaint Should Be Stricken Pursuant To Federal Rules Of Civil Procedure Rule 12(f).

Pursuant to Federal Rules of Civil Procedure Rule 12(f), "the court may order stricken from any pleading ... any redundant, immaterial, impertinent, or scandalous matter." "Immaterial" matters are those which have no essential or important relationship to the claim for relief; "impertinent" matters are statements that do not pertain and are not necessary to the issues in question. *See, Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir*.1993), *overruled on other grounds,* 510 U.S. 517, 114 S.Ct. 1023 (1994).  A motion to strike is the primary method of reaching defects or objections to a pleading that cannot be addressed by a motion to dismiss.  While it can be used to attack an entire pleading, it is more often used to attack portions thereof—i.e., even single words or phrases.  *See*, *Fantasy, Inc.,* 984 F.2d at 1527; *Day v. Moscow,* 955 F.2d 807, 811 (2nd Cir. 1992)(Rule 12(f) designed for excision of material from pleadings, *not* for dismissal of claims in their entirety).

///

///

///

6

ROSAS\ MTD Complaint

The following is a list and brief description of paragraphs from the Complaint that contain immaterial and impertinent allegations that should be stricken[1]:

¶ 22 – quotes from Thomas Parker from an unidentified source;

¶ 23 – reference to Los Angeles Times article, with hyperlink;

¶ 34 – reference to Los Angeles Times article, with hyperlink;

¶ 35 – same

¶ 36 – 37 – reference to report by Dr. Terry Kuper, with hyperlink;

¶ 38 – reference to Los Angeles Times article, with hyperlink;

¶ 39 – 40 - references ACLU Reports on jail conditions, with hyperling;

¶ 41 – references to a fight that did not occur in the jails with quotes from KTLA Special Report, with hyperlink;

¶ 43 – reference to Los Angeles Times article, with hyperlink;

¶ 44 – reference to ACLU Annual Report, with hyperlink;

¶ 48 – reference to Los Angeles Times article with hyperlink;

¶ 49- reference to Los Angeles Times article, with hyperlink;

¶ 180 – reference to Los Angeles Times article, with hyperlink;

¶ 181 – reference to expert report from unrelated matter;

¶187 – reference to Los Angeles Times article, with hyperlink;

¶188 – reference to Los Angeles Times article, with hyperlink and reference to expert opinion and publication;

¶ 194 – reference to New York Times article, with hyperlink;

¶ 197 – reference to Los Angeles Time s article, with hyperlink;

---

[1] A copy of Plaintiffs' Complaint, with specific language redlined, is attached to this Motion.  (*See*, Clark Decl., ¶ 3, Exhibit "A".)  If the Court dismisses the Complaint, but grants leave to amend, Defendants request that the Court order Plaintiffs to omit the portions of the Complaint referenced in Exhibit "A".  If the Court does not dismiss the Complaint, then Defendant requests that the Court strike the referenced portions or order the filing of a revised Complaint.

7

ROSAS\ MTD Complaint

¶ 199 – reference to Witness LA Report, with hyperlink;

¶ 202 – reference to Los Angeles Times editorial, with hyperlink;

¶ 203 – reference to Los Angeles Times article, with hyperlink;

These portions of Plaintiffs' Complaint (as detailed in Exhibit "A" ), should be stricken as immaterial and impertinent.  References to press reports about the operation of the County jail do not serve any legitimate pleading purpose.   Instead, the clear motivation for including such allegations is to gain legitimacy for press accounts which, in many cases, the ACLU spearheaded, or at a minimum, took part in.  Such tactics amount to nothing more than an attempt by the ACLU to legitimize the filing of this lawsuit.  Unfortunately, this is yet another example of the ACLU's attempts to manipulate and influence the judicial process with respect to their efforts to litigate against the Sheriff's Department.[2] In reality, the improper allegations are completely unnecessary and are of no

---

[2] A glaring example of Plaintiffs' counsel's manipulation efforts can be found in the defective Notice of Related Case Plaintiffs filed. **In a transparent attempt to have this matter referred to this Court, Plaintiffs only listed *Rutherford v. Block*, U.S.D.C. Case No. 75-04111 DDP; however, there are at least three other cases already pending in this District by inmates included in Plaintiffs' Complaint.**  This includes cases filed by Evans Tutt and Michael Holguin, (*See*, Plaintiffs' Complaint ¶¶ 89, 125, 185.)  Despite the fact that Plaintiffs' Complaint includes allegations by these individuals, each of them already litigating the claims included in Plaintiffs' Complaint in their own separate action.  *See*, *Tutt v. County of Los Angeles*, *et al.,* U.S.D.C. Case No. CV 11-06126 SJO (AGRx); *Holguin v. County of Los Angeles, et al.*, U.S.D.C Case No. CV 10-08011 GW (PLAx); *see also*, *Rodriguez v. County of Los Angeles, et al.*, U.S.D.C. Case No. CV 10-6342 CBM (AJWx).  Plaintiffs' counsel either knew or should have known about these cases and the failure to inform the Court about them was clearly an attempt to manipulate the transfer of this case to this Court.  The pendency of these other cases also reinforces what the Court has told the ACLU in prior attempts to obtain "obey the law" injunctions - specifically, that the allegations involved in this case are not appropriate for class-wide injunctive relief and instead, are more appropriately litigated in individual cases.

8

import to Plaintiffs' claims or the elements thereof.  Further, such allegations only serve to advance the ACLU's political agenda and campaign against the Sheriff's Department, by heightening the visibility of Plaintiffs' allegations and referencing unsupported accounts of incidents that are, in many cases, the subject of on-going investigations.  There is no need to have such allegations in the Complaint, they never should have been included in the first place, and they should be stricken.

## VII.   Conclusion.

Based on the above, the Court should grant this Motion and dismiss Plaintiffs' claims in their entirety.  Further, in the event the Court denies this Motion, the Court should order the specifically referenced paragraphs stricken from the Complaint pursuant to Rule 12(f).

Dated:  February 17, 2012                     LAWRENCE BEACH ALLEN & CHOI, PC

By _____/s/  Justin W. Clark_____
          Paul B. Beach
          Justin W. Clark
          Attorneys for Defendants
          Sheriff Leroy D. Baca, Undersheriff
          Paul Tanaka, Assistant Sheriff Cecil W.
          Rhambo, and Chief Dennis H. Burns

9

ROSAS\ MTD Complaint

## DECLARATION OF JUSTIN W. CLARK

I, JUSTIN W. CLARK, declare as follows:

1.      I am an attorney at law, duly authorized to practice before this Court and I am an associate in the law firm of Lawrence Beach Allen & Choi, A Professional Corporation, attorneys of record for Defendants Sheriff Leroy Baca, Undersheriff Paul Tanaka, Assistant Sheriff Cecil Rhambo, and Chief Dennis Burns, all in their official capacities (collectively, "Defendants") in the above-entitled action.  I have personal knowledge of the facts stated herein, except those stated upon information and belief and as to those matters, I believe them to be true.  If called to testify to the matters herein, I could and would competently do so.

2.      On February 2, 2012, pursuant to Local Rule 7-3, I had a phone conversation with Plaintiffs' counsel, Peter Eliasberg and John Durrant, during which we discussed the content of this Motion.

3.      Attached hereto as Exhibit "A" is a copy of Plaintiffs' Complaint with specific red-lined portions which Defendants contend should be stricken.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on February 17, 2012 at Glendale, California.

                                    /s/  Justin W. Clark
                                    Justin W. Clark

10

ROSAS\ MTD Complaint