PETER J. ELIASBERG (SB# 189110)
peliasberg@aclu-sc.org
MARISOL ORIHUELA (SB# 261375)
morihuela@aclu-sc.org
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
1313 W. 8th Street
Los Angeles, CA 90017
Phone:  (213) 977-9500
Fax:  (213) 977-5299

DONNA M. MELBY (SB# 86417)
donnamelby@paulhastings.com
JOHN S. DURRANT (SB# 217345)
johndurrant@paulhastings.com
JADE H. LEUNG (SB# 279651)
jadeleung@paulhastings.com
ELIZABETH C. MUELLER (SB# 278283)
bethmueller@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071-2228
Phone:  (213) 683-6000
Fax:  (213) 627-0705

MARGARET WINTER (*pro hac vice*)
mwinter@npp-aclu.org
ERIC BALABAN (*pro hac vice application forthcoming*)
ebalaban@npp-aclu.org
DAVID M. SHAPIRO (*pro hac vice application forthcoming*)
dshapiro@npp-aclu.org
NATIONAL PRISON PROJECT OF
THE AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
915 15th St., NW
Washington, D.C. 20005
Phone:  (202) 393-4930
Fax:  (202) 393-4931

Attorneys for Plaintiffs
ALEX ROSAS and JONATHAN
GOODWIN, on behalf of themselves
and of those similarly situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ROSAS and JONATHAN GOODWIN on behalf of themselves and of those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LEROY BACA, Sheriff of Los Angeles County Jails, et al.,<br><br>Defendants. | CASE NO. CV 12-00428 DDP<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE**<br><br>Date:      March 19, 2012<br>Time:     10:00 a.m.<br>Ctrm.:    3<br>Judge:    Hon. Dean D. Pregerson |

PLAINTIFFS' OPP'N TO DEFS' MOT. TO
DISMISS AND MOT. TO STRIKE

# TABLE OF CONTENTS

**Page**

I.    BACKGROUND AND SUMMARY OF ARGUMENT ............................... 1

II.   ARGUMENT ......................................................................................... 3

A.    Plaintiffs Have Properly Named Defendants Tanaka, Rhambo, and Burns ............................................................................................. 3

B.    Defendants' Contention that the Complaint Should be Dismissed Because One Provision in the Prayer for Relief Lacks Specificity is Meritless ................................................................... 8

1.    Neither Rule 65 Nor the PLRA Provides a Basis for Dismissal of the Complaint ......................................................... 9

2.    Rule 8 Does Not Warrant Dismissal of the Complaint ............ 11

3.    The Injunction Sought by Plaintiffs is Not an Impermissible "Obey the Law" Injunction ............................. 13

C.    Defendants' Rule 12(f) Motion to Strike is Baseless ........................ 15

1.    The Movant's Burden in Rule 12(f) Motions ........................... 15

2.    The Materiality and Pertinence of the Challenged Paragraphs ............................................................................. 16

3.    Defendants' Failure to Meet their Rule 12(f) Burden .............. 19

III.   CONCLUSION ..................................................................................... 22

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Al-Kidd v. Ashcroft*,
   580 F.3d 949 (9th Cir. 2009), *rev'd and remanded on other grounds*,
   131 S. Ct. 2074 (2011) ...................................................................................... 20

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................... 7, 17, 18, 21

*Bacon v. City of Richmond*,
   475 F.3d 633 (4th Cir. 2007) ........................................................................ 12, 13

*Bayaa v. United Airlines, Inc.*,
   249 F. Supp. 2d 1198 (C.D. Cal. 2002) ............................................................. 9

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................ 11, 17, 18

*Berry v. Baca*,
   No. CV 01-02069 DDP, 2002 U.S. Dist. LEXIS 5903 (C.D. Cal. Feb. 26,
   2002) .............................................................................................................. 3, 7

*Bond v. U.S. Dep't of Justice*,
   No. 10–01617 (RCL), 2011 WL 6046406 (D.D.C. Dec. 6, 2011) .................... 16

*Bontkowski v. Smith*,
   305 F.3d 757 (7th Cir. 2002) ......................................................................... 12

*Bougere v. Cnty. of Los Angeles*,
   141 Cal. App. 4th 237 (2006) ......................................................................... 5, 7

*Brewster v. Shasta Cnty.*,
   275 F.3d 803 (9th Cir. 2001) ............................................................................. 7

*Carnell v. Grimm*,
   872 F. Supp. 746 (D. Haw. 1994) ..................................................................... 6

*Clark K. v. Guinn*,
   No. 2:06-CV-1068-RCJ-RJJ, 2007 U.S. Dist. LEXIS 35232 (D. Nev.
   May 9, 2007) ...................................................................................................... 4

*Clements v. Airport Auth.*,
   69 F.3d 321 (9th Cir. 1995) ..................................................................................... 3

*Coconut Beach Dev. LLC v. Baptiste*,
   No. 08-00036 SOM/KSC, 2008 WL 1867933 (D. Haw. Apr. 28, 2008) ........... 3

*Colaprico v. Sun Microsystems, Inc.*,
   758 F. Supp. 1335 (N.D. Cal. 1991) .................................................................... 15

*Del Webb Communities, Inc. v. Partington*,
   652 F.3d 1145 (9th Cir. 2011) ......................................................................... 14, 15

*Dingxi Longhai Dairy, Ltd. v. Becwood Tech. Group L.L.C.*,
   635 F.3d 1106 (8th Cir. 2011) ............................................................................... 11

*Farmer v. Brennan*,
   511 U.S. 825 (1994) .................................................................................. 15, 18, 21

*Fireman's Fund Ins. Co. v. City of Lodi*,
   302 F.3d 928 (9th Cir. 2002) ................................................................................... 3

*Fortyune v. Am. Multi-Cinema, Inc.*,
   364 F.3d 1075 (9th Cir. 2004) ............................................................................... 14

*Guidiville Band of Pomo Indians v. NGV Gaming, Ltd.*,
   531 F.3d 767 (9th Cir. 2008) ................................................................................. 10

*Herbalife Int'l of Am. Inc. v. Ford*,
   287 Fed. Appx. 600 (9th Cir. 2008) ........................................................................ 9

*Holland v. Florida*,
   130 S. Ct. 2549 (2010) ........................................................................................... 12

*In re DaimlerChrysler AG Sec. Litig.*,
   197 F. Supp. 2d 42 (D. Del. 2002) ........................................................................ 20

*Jones v. Bock*,
   549 U.S. 199 (2007) ............................................................................................... 10

*Keyes v. Sch. Dist. No. 1, Denver, Colo.*,
   895 F.2d 659 (10th Cir. 1990) ........................................................................... 9, 14

*Los Angeles Cnty. v. Humphries*,
   131 S. Ct. 447 (2010) ............................................................................................... 7

PLAINTIFFS' OPP'N TO DEFS' MOT. TO
DISMISS AND MOT. TO STRIKE

*Luke v. Abbott,*
    954 F. Supp. 202 (C.D. Cal. 1997) ............................................................... 6, 7

*Maduka v. Sunrise Hosp.,*
    375 F.3d 909 (9th Cir. 2004) .......................................................................... 11

*McArdle v. AT&T Mobility LLC,*
    657 F. Supp. 2d 1140 (N.D. Cal. 2009) ......................................................... 16

*Meyer v. Brown & Root Const. Co.,*
    661 F.2d 369 (5th Cir. 1981) ....................................................................... 9, 14

*Miller v. French,*
    530 U.S. 327 (2000) ....................................................................................... 10

*Monell v. Dep't of Soc. Servs.,*
    436 U.S. 658 (1978) .......................................................................................... 6

*Nat'l Labor Relations Bd. v. Express Publ'g Co.,*
    312 U.S. 426 (1941) .......................................................................................... 9

*Nwakpuda v. Falley's, Inc.,*
    14 F. Supp. 2d 1213 (D. Kan. 1998) ............................................................... 16

*Oliver v. Ralphs Grocery Co.,*
    654 F.3d 903 (9th Cir. 2011) .......................................................................... 11

*Payne v. Travenol Labs., Inc.,*
    565 F.2d 895 (5th Cir. 1978) ................................................................ 9, 15, 16

*Price v. City of Stockton,*
    390 F.3d 1105 (9th Cir. 2004) .......................................................................... 9

*RDF Media Ltd. v. Fox Broad. Co.,*
    372 F. Supp. 2d 556 (C.D. Cal. 2005) ............................................................ 16

*Rivera-Almódovar v. Instituto Socioeconómico Comunitario, Inc.*
    806 F. Supp. 2d 503 (D.P.R. 2011) ................................................................. 12

*Robinson v. Managed Accounts Receivables Corp.,*
    654 F. Supp. 2d 1051 (C.D. Cal. 2009) .......................................................... 16

*Rutherford v. Baca,*
    2:75-cv-04111-DDP (C.D. Cal. filed Dec. 9, 1976) ........................... 17, 19, 20

*Schmidt v. Lessard,*
    414 U.S. 473 (1974) ........................................................................................ 13

*Shook v. El Paso Cnty.,*
    386 F.3d 963 (10th Cir. 2004).......................................................................... 10

*Sinclair v. Culver City Unified Sch. Dist.,*
    No. 10-6248 PSG, 2010 WL 4916393 (C.D. Cal. Nov. 17, 2010) .............. 15, 16

*Soffer v. City of Costa Mesa,*
    798 F.2d 361 (9th Cir. 1986) ............................................................................. 6

*Starr v. Baca,*
    652 F.3d 1202 (9th Cir. 2011), *rehearing en banc den'd, petition for cert.
    filed Dec. 30, 2011 (No. 11-834)* ........................................................ 17, 18, 19

*Tennis v. Ford Motor Co.,*
    730 F. Supp. 2d 437 (W.D. Pa. 2010) .............................................................. 16

*Thomas v. Baca,*
    No. CV 04-08448 DDP(SHX), 2006 WL 132078 (C.D. Cal. Jan. 13,
    2006)................................................................................................................... 7

*Thomas v. Cnty. of Los Angeles,*
    978 F.2d 504 (9th Cir. 1992).......................................................................... 9, 15

*Tutt v. Cnty. of Los Angeles,*
    No. 2:11-cv-06126 (C.D. Cal.)......................................................................... 20

*United States v. Miller,*
    588 F.2d 1256 (9th Cir. 1978).......................................................................... 14

*Vance v. Cnty. of Santa Clara,*
    928 F. Supp. 993 (N.D. Cal. 1996) .................................................................... 6

*Walsh v. Nevada Dep't of Human Res.,*
    471 F.3d 1033 (9th Cir. 2006).......................................................................... 12

*Zaldivar v. City of Los Angeles,*
    780 F.2d 823 (9th Cir. 1986)............................................................................. 6

LEGAL_US_W # 70663474.7

-v-

PLAINTIFFS' OPP'N TO DEFS' MOT. TO
DISMISS AND MOT. TO STRIKE

## STATUTES

CAL. GOV'T CODE § 25303 ........................................................................................ 7

CAL. GOV'T CODE § 26605 ........................................................................................ 8

CAL. GOV'T CODE § 31000.1 ..................................................................................... 7

18 U.S.C. § 3626 ...................................................................................................... 10

18 U.S.C. § 3626(a)(1)(A) ....................................................................................... 10

18 U.S.C. § 3626(b)(2) ............................................................................................. 10

28 U.S.C. § 1915(e)(2)(B) ........................................................................................ 10

28 U.S.C. § 1915A(b) ............................................................................................... 10

42 U.S.C. § 1983 ........................................................................................................ 5

## RULES

FED. R. CIV. P. 8(a)(2) ...................................................................................... 11, 13

FED. R. CIV. P. 8(a)(3) .............................................................................. 2, 8, 11, 12

FED. R. CIV. P. 9(b) .................................................................................................. 20

FED. R. CIV. P. 11 ....................................................................................................... 6

FED. R. CIV. P. 11(c)(2) .............................................................................................. 6

FED. R. CIV. P. 12(b)(6) ................................................................................... 2, 8, 11

FED. R. CIV. P. 12(f) ........................................................................................ 2, 15, 19

FED. R. CIV. P. 25(d) .................................................................................................. 4

FED. R. CIV. P. 54(c) ................................................................................................. 12

FED. R. CIV. P. 65(d) .......................................................................... 2, 8, 9, 13, 14

LOCAL RULE 83-1.3 ................................................................................................. 19

### TREATISES

5 WRIGHT & MILLER, *FED. PRAC. & PROC.: CIVIL* § 1255 (3d ed. 2004) ................ 11

5C WRIGHT & MILLER, *FED. PRAC. & PROC.: CIVIL* § 1380 (3d ed. 2011) .............. 16

10 WRIGHT & MILLER, *FED. PRAC. & PROC.: CIVIL* § 2664 (3d ed. 2011) .............. 12

WILLIAM W. SCHWARZER ET AL., *CAL. PRACT. GUIDE: FED. CIV. PRO. BEFORE TRIAL* 17-B § 17:81 (Rutter Group 2011) ............................................................ 6

Plaintiffs Alex Rosas and Jonathan Goodwin (collectively, "Plaintiffs") hereby oppose the Motion to Dismiss (the "Motion") filed by Defendants Leroy Baca ("Sheriff Baca"), Paul Tanaka ("Tanaka"), Cecil Rhambo ("Rhambo"), and Dennis Burns ("Burns" and, collectively with the other defendants, "Defendants").

## I.   **BACKGROUND AND SUMMARY OF ARGUMENT**

Plaintiffs bring this putative class action to remedy a pattern and practice of abuse against inmates in Men's Central Jail, Twin Towers Correctional Facility ("Twin Towers"), and the Inmate Reception Center ("IRC") (collectively, the "Jails"). As alleged in the Complaint, Defendants each have been deliberately indifferent to the significant risk of severe violence and threats of violence perpetrated by deputies of the Los Angeles County Sheriff's Department (the "LASD"). The LASD has allowed this pattern of abuse to persist for many years and has stubbornly refused to take even the most basic steps to remedy the problem, even though such steps have been widely adopted by administrators of similar jail systems around the country. Defendants' conduct violates the Eighth and Fourteenth Amendment rights of the inmate populations at the Jails, requiring injunctive and declaratory relief.

So as to defeat any suggestion by Defendants that the problem of violence consists of a "few bad apples" committing a few "isolated" incidents, the Complaint details literally dozens of incidents of harrowing violence that have occurred on Defendants' watch. The detailed allegations in the Complaint are the product of a rigorous investigation and are supported by former LASD insiders, civilian eyewitnesses to deputy-on-inmate abuse, numerous inmate declarations, statements by eminent corrections experts, reports in reputable media sources, and references to ACLU monitoring reports. The unavoidable conclusion is deeply troubling – there is a deeply ingrained culture of deputy-on-inmate violence in the Jails, and Defendants have done little, if anything, to stop it.

PLAINTIFFS' OPP'N TO DEFS' MOT. TO DISMISS AND MOT. TO STRIKE

Defendants nevertheless move this Court to dismiss the Complaint. Defendants argue first that Defendants Tanaka, Rhambo, and Burns should be dismissed because the claims against them duplicate the claim against Sheriff Baca. To the contrary, as Tanaka, Rhambo, and Burns play defined roles in the establishment and enforcement of LASD policy, their inclusion in this lawsuit is necessary for effective post-judgment enforcement of the injunctive and declaratory relief sought by Plaintiffs. Where, as here, the naming of multiple official capacity defendants is necessary to achieve the legitimate aims of the lawsuit, courts in this Circuit have held that dismissal of the other official capacity claims is improper.

Second, Defendants argue that the Complaint should be dismissed because it fails to satisfy the requirement of Federal Rule of Civil Procedure 65 regarding specificity of injunctions. This argument is untenable. In the first place, Rule 65 is not a pleading requirement, nor is the provision of the Prison Litigation Reform Act ("PLRA") that requires "prospective relief" be narrowly tailored; therefore, neither can form the basis for dismissal under Federal Rule of Civil Procedure 12(b)(6). Moreover, even if the Federal Rules of Civil Procedure required Plaintiffs to plead a demand for judgment with specificity, that requirement would be imposed by Federal Rule of Civil Procedure 8(a)(3), which does not provide a ground for dismissal. Defendants' argument that dismissal of a complaint is proper when a plaintiff seeks an "obey the law" injunction is inapposite, because Plaintiffs' prayer for relief does not seek an "obey the law" injunction.

Finally, Defendants' argument that the Court should strike multiple allegations of the Complaint as "immaterial and impertinent" pursuant to Federal Rule of Civil Procedure 12(f) must fail. The allegations that Defendants move the Court to strike are precisely the kinds of allegations that the Ninth Circuit has recognized as material and pertinent to Plaintiffs' claims that Defendants are deliberately indifferent to inmate safety. Plaintiffs include these allegations to meet their pleading burden under Rule 8(a), and to make facially plausible an element of

LEGAL_US_W # 70663474.7

-2-

PLAINTIFFS' OPP'N TO DEFS' MOT. TO DISMISS AND MOT. TO STRIKE

Plaintiffs' claim that Defendants have actual knowledge of certain wrongful conditions at the Jails. In short, as not one of the paragraphs that Defendants move to strike contains "immaterial or impertinent" matter, none of these paragraphs may be stricken.

## II. **ARGUMENT**

### A. **Plaintiffs Have Properly Named Defendants Tanaka, Rhambo, and Burns.**

Defendants move this Court to dismiss all Defendants other than Sheriff Baca, claiming that the inclusion of Tanaka, Rhambo, and Burns is unnecessary and duplicative. The crux of Defendants' argument is that the "real party in interest" for all claims is the "County of Los Angeles." (Mot. to Dismiss at 1.) While correct, that does not resolve the issue. Rather, the Court should look to whether the naming of multiple official capacity defendants is necessary for effective declaratory or injunctive relief. *See Fireman's Fund Ins. Co. v. City of Lodi*, 302 F.3d 928, 957 (9th Cir. 2002). By that standard, all Defendants are properly named.

It should go without saying that "the plaintiff is master of his complaint," and that courts generally defer to the plaintiff in deciding whom to sue. *Berry v. Baca*, No. CV 01-02069 DDP (SHx), 2002 U.S. Dist. LEXIS 5903, at *6 (C.D. Cal. Feb. 26, 2002). In the context of claims against individuals in their official capacity, the Ninth Circuit has recognized that claims against multiple officials within the same government entity may be necessary to achieve the legitimate aims of a lawsuit. *See Fireman's Fund*, 302 F.3d at 957 (reinstating improperly dismissed official capacity claims); *see also Clements v. Airport Auth.*, 69 F.3d 321, 336 n.20 (9th Cir. 1995) (permitting naming of both government entity and officials within the entity).[1]

---

[1] Other courts in this circuit similarly have allowed plaintiffs to name multiple individual defendants in their official capacity in a lawsuit. *See, e.g., Coconut Beach Dev. LLC v. Baptiste*, No. 08-00036 SOM/KSC, 2008 WL 1867933, at *4

LEGAL_US_W # 70663474.7     -3-     PLAINTIFFS' OPP'N TO DEFS' MOT. TO DISMISS AND MOT. TO STRIKE

The naming of multiple officials is necessary in this case. In a practical sense, while Sheriff Baca is ultimately responsible for what goes on in the Jails, key commanders have particularized responsibility in setting and implementing policies. As set forth in the Complaint and summarized here, each Defendant plays a specified role in the administration of the Jails, and in the establishment and enforcement of LASD policy:

- **Defendant Sheriff Baca**: As Sheriff, Baca is the chief executive officer of the LASD and is ultimately responsible for the management and control of all Los Angeles County Jails.

- **Defendant Tanaka**: As Undersheriff, Tanaka was[2] the second-in-command of the LASD and oversaw the LASD's daily operations.

- **Defendant Rhambo**: As an Assistant Sheriff, Rhambo oversees the leadership of the LASD's Custody Division, in addition to other responsibilities.

- **Defendant Burns**: As the Chief of the Custody Operations Division, Burns oversaw[3] the operation of the Jails. The Custody Operations Division is responsible for tracking violent incidents and formulating

(D. Haw. Apr. 28, 2008) (refusing to dismiss multiple official capacity claims where the entity itself was not sued; noting that "because the County of Kauai is not now a party to this suit, duplication is not presently an issue"); *Clark K. v. Guinn*, No. 2:06-CV-1068-RCJ-RJJ, 2007 U.S. Dist. LEXIS 35232, at *22 (D. Nev. May 9, 2007) (holding that "while the Court may in its discretion dismiss the individual Defendants from this case, it refrains from so doing at this stage of the litigation").

[2] Tanaka has reportedly been demoted from the position of Undersheriff. Because this is a suit for injunctive relief, and Defendants are sued only in their official capacities, the next Undersheriff will automatically replace Tanaka as a Defendant. *See* Fed. R. Civ. P. 25(d).

[3] Chief Yim has replaced Burns as head of Custody Operations Division upon Burns' retirement. Accordingly, Chief Yim automatically replaces Burns as a Defendant. *See id.*

responses designed to protect the personal safety of LASD's staff and inmates in its custody.

(Compl. at ¶¶ 16-19, 188-217.)  Accordingly, the roles of Defendants are distinct and Plaintiffs will seek relief tailored to the duties of each of the named Defendants. Plaintiffs will not seek the same injunctive relief against all Defendants.  Rather, Plaintiffs will seek an injunction that directs each of the Defendants to act or refrain from acting in a manner consistent with their respective official duties.  For this reason alone, the Court should reject Defendants' effort to dismiss Tanaka, Rhambo, and Burns.

Moreover, as Defendants Sheriff Baca, Tanaka, Rhambo, and Burns are the key officials at the Jails in charge of writing and enforcing LASD policy, their actions (or inactions) are ultimately the cause of the injuries alleged in the Complaint.  Under Title 42 of the United States Code section 1983 ("Section 1983"), when a person is deprived of the rights, privileges, or immunities protected by the Constitution, he or she may sue "[e]very person" acting under color of state law who was a "cause[]" of their injury.  *See* 42 U.S.C. § 1983;[4] *see also Bougere v. Cnty. of Los Angeles*, 141 Cal. App. 4th 237, 241 (2006) (noting that "local officers sued in their official capacity . . . may be sued directly for constitutional violations carried out under their own regulations, policies, customs or usages by persons having 'final policymaking authority' over the actions at issue . . .") (citation omitted).  Accordingly, the dismissal of multiple officials – leaving one representative of the government entity – would conflict with the manifest purpose of Section 1983 and would fail to vindicate Plaintiffs' rights to be heard.

---

[4] Section 1983 states:  *"Every person who, under color of any statute . . . subjects, or causes to be subjected*, any citizen of the United States or other person . . . to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."  42 U.S.C. § 1983 (emphasis added).

PLAINTIFFS' OPP'N TO DEFS' MOT. TO DISMISS AND MOT. TO STRIKE

In trying to extricate Tanaka, Rhambo, and Burns from this lawsuit, Defendants suggest that Plaintiffs may have violated Federal Rule of Civil Procedure 11 to "advance a political agenda . . . ."  (Mot. to Dismiss at 3.)  This unfortunate accusation reveals a significant misunderstanding of the law.  As noted above, binding authority supports the inclusion of these Defendants.[5]  Moreover, Defendants rely mainly on cases that examine a very different issue – whether a plaintiff can name both an official *and the entire government entity in which that same official works*.  *See Luke v. Abbott*, 954 F. Supp. 202 (C.D. Cal. 1997) (lawsuit against county and individuals who work for the county); *Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) (lawsuit against municipal entity and municipal officers; holding that "if individuals are being sued in their official capacity as municipal officers *and the municipal entity itself is also being sued*, then the claims against the individuals are duplicative . . .") (emphasis added); *Carnell v. Grimm*, 872 F. Supp. 746, 752 (D. Haw. 1994) (same); *Soffer v. City of Costa Mesa*, 798 F.2d 361 (9th Cir. 1986) (same).[6]  In a case where an official and

---

[5] "Threats of Rule 11 sanctions are out of line where the other side's position is plausible (even if it is incorrect).  Seeking sanctions under such circumstances is itself sanctionable conduct[.]"  William W. Schwarzer et al., *Cal. Pract. Guide: Fed. Civ. Pro. Before Trial* 17-B § 17:81 (Rutter Group 2011); *see also Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986) (Rule 11 sanctions are appropriate only when papers are "frivolous, legally unreasonable, or without factual foundation . . .").  Defendants also have not provided Plaintiffs with notice and an opportunity to correct the alleged errors in the Complaint as required under Rule 11.  *See* Fed. R. Civ. P. 11(c)(2) (prior to filing a motion with the court for Rule 11 sanctions, the moving party must serve its motion and allow the opposing party 21 days to withdraw or correct its conduct that allegedly violates Rule 11).

[6] To the extent these cases hold that suits against government officials in their official capacity are identical to suits against the entity itself, they should be disregarded.  *See Luke*, 954 F. Supp. at 203-04 ("Official capacity suits are generally another way of pleading an action against an entity"; citing to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978), and *Vance*, 928 F. Supp. at

his or her entity are both sued, there is risk of overlapping duties. However, in this case, Plaintiffs have deliberately eschewed naming an entire government entity; instead, Plaintiffs have targeted their request for injunctive relief towards particular officials. As masters of their Complaint, Plaintiffs should be entitled to seek a powerful, effective injunction tailored to the duties of these particular officials.

Defendants' reliance on this Court's opinion *Thomas v. Baca* is misplaced. (*See* Mot. to Dismiss at 3, citing *Thomas v. Baca*, No. CV 04-08448 DDP(SHX), 2006 WL 132078, at *1 (C.D. Cal. Jan. 13, 2006).) In *Thomas v. Baca*, this Court dismissed individual Board of Supervisor defendants from a case involving a constitutional challenge to inmates' sleeping on the floor in the Jails, leaving Sheriff Baca as the sole defendant. Dismissing the supervisors was correct in that case, because none of the supervisors has the ability to control policies within the Jails. *Compare Brewster v. Shasta Cnty.*, 275 F.3d 803, 810 (9th Cir. 2001) (Board of Supervisors "has a statutory duty to supervise the conduct of all county officers, including county sheriffs" under California Government Code section 25303 and "may establish a citizen review board to review and report on the conduct of the

996). Such reasoning fails to account for the fact that the proof necessary to prevail on an injunctive suit against an entity is *not identical* to the proof necessary to prevail against an individual sued in his official capacity. *Compare Los Angeles Cnty. v. Humphries*, 131 S. Ct. 447, 449 (2010) (plaintiffs suing a municipal entity under Section 1983 for injunctive relief must show that their injury was caused by a municipal policy or custom), *with Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1948 (2009) (plaintiffs suing an individual in his official capacity must plead that their injury was caused by the official's own actions). Accordingly, refusing to permit the plaintiff to sue an individual in his official capacity and forcing him to sue the county instead would force the plaintiff to prove something very different. *Id.* This Court has declined to follow the reasoning of *Luke* in the past. *See Berry*, 2002 U.S. Dist. LEXIS 5903, at *4-6 (denying defendant's request to substitute the County of Los Angeles in place of Defendant Baca's official capacity claim, because "the plaintiff is master of his complaint" and there is no Ninth Circuit authority to the contrary).

sheriff's department" under California Government Code section 31000.1) (quotations and citation omitted), *with Bougere*, 141 Cal. App. 4th at 245 (Board of Supervisors "has no direct authority over the jail . . . [except] to provide the sheriff with food, clothing, and bedding for prisoners and to pay as a county charge other expenses incurred in the keeping of prisoners.") (internal citations omitted), *and* Cal. Gov't Code § 26605 ("[T]he sheriff shall take charge of and be the sole and exclusive authority to keep the county jail and the prisoners in it . . ."). In contrast, Plaintiffs in this case have only sued individuals who have direct control over the establishment and enforcement of LASD policy in the Jails.

As Defendants cannot show that Plaintiffs' official capacity claims against Tanaka, Rhambo, and Burns are duplicative of the official capacity claim against Sheriff Baca, Defendants' Motion to Dismiss should be denied. In the event that the Court dismisses the claims against Tanaka, Rhambo, and Burns over Plaintiffs' objection, Plaintiffs respectfully request that the Court include in its Order the following findings: (1) that Sheriff Baca has authority to provide the complete relief sought by Plaintiffs in this action, and (2) that Plaintiffs have rights of discovery over Tanaka, Rhambo, and Burns, as if they were parties to this lawsuit.

**B. Defendants' Contention that the Complaint Should be Dismissed Because One Provision in the Prayer for Relief Lacks Specificity is Meritless.**

Defendants argue that the Complaint should be dismissed because it fails to satisfy the requirement of Federal Rule of Civil Procedure 65 regarding specificity of injunctions. (Mot. to Dismiss at 4-6.) This argument is untenable for three reasons. First, Rule 65 is not a pleading requirement and therefore cannot form the basis for dismissal under Rule 12(b)(6). Nor is the provision of the PLRA that "prospective relief" be narrowly tailored a pleading requirement. Second, even if the Federal Rules of Civil Procedure required Plaintiffs to plead a demand for judgment with specificity, that requirement would be imposed by Rule 8(a)(3),

PLAINTIFFS' OPP'N TO DEFS' MOT. TO DISMISS AND MOT. TO STRIKE

which does not provide a ground for dismissal.  Finally, even if dismissal of a complaint were proper when a plaintiff seeks an "obey the law" injunction, Plaintiffs' prayer for relief does not seek an "obey the law" injunction. Accordingly, it is sufficiently specific under the standards of Rule 65, which are inapplicable to a complaint in any event.

### 1. Neither Rule 65 Nor the PLRA Provides a Basis for Dismissal of the Complaint.

Defendants' premise – that one provision in the Complaint's prayer for relief is inconsistent with the specificity requirement of Rule 65(d) – even if correct, does not support the conclusion that the Complaint should be dismissed.  Rule 65(d) requires that an "*order* granting an injunction . . . describe in reasonable detail – and not by referring to the complaint or other document – the act or acts restrained or required."  Fed. R. Civ. P. 65(d) (emphasis added).  Rule 65 imposes no pleading requirement on plaintiffs.  *See Bayaa v. United Airlines, Inc.*, 249 F. Supp. 2d 1198, 1205 (C.D. Cal. 2002) (holding that defendant's argument that plaintiff's prayer for relief violated Rule 65(d) was "premature" because Rule 65 "governs the actual injunction ordered, not requested") (emphasis omitted).  Rather, a plaintiff's pleading requirements are governed by Rule 8, and, as discussed in Section II.B.2, *infra*, dismissal is not warranted under Rule 8.  It is therefore no surprise that Defendants lack any authority for their proposition that a failure to comply with Rule 65 warrants *dismissal of a complaint*.  Every case Defendants cite in their Motion involves challenges to injunctions already imposed.[7]

---

[7] *See Price v. City of Stockton*, 390 F.3d 1105, 1117-18 (9th Cir. 2004) (appeal from entry of preliminary injunction); *Herbalife Int'l of Am. Inc. v. Ford*, 287 Fed. Appx. 600 (9th Cir. 2008) (same); *Nat'l Labor Relations Bd. v. Express Publ'g Co.*, 312 U.S. 426 (1941) (appeal from final order issued by the National Labor Relations Board); *Keyes v. Sch. Dist. No. 1, Denver, Colo.*, 895 F.2d 659, 668 (10th Cir. 1990) (appeal from order granting injunctive relief); *Meyer v. Brown & Root Const. Co.*, 661 F.2d 369, 373 (5th Cir. 1981) (appeal from final judgment that included injunctive relief); *Payne v. Travenol Labs., Inc.*, 565 F.2d 895, 897 (5th

Defendants' second argument – that one provision of the Complaint's prayer for relief is inconsistent with Section 802 of the PLRA, 18 U.S.C. section 3626 – is also irrelevant to the sufficiency of the Complaint.  The PLRA's requirement that any "prospective relief" be "narrowly drawn, extend[] no further than necessary to correct the violation of the Federal right, and [be] the least intrusive means necessary to correct the violation of the Federal right," does not impose any pleading requirement on plaintiffs.  18 U.S.C. § 3626(a)(1)(A).  By its plain language, the provision applies only to prospective relief – that is, the injunctive or declaratory relief entered by the court – and thus should not be interpreted to apply to the contents of the complaint.  *See, e.g.*, *Guidiville Band of Pomo Indians v. NGV Gaming, Ltd.*, 531 F.3d 767, 774 (9th Cir. 2008) (determining meaning of statute by its plain language).  Should a defendant be concerned with the specificity of an injunction governed by the PLRA, the remedy under the statute is not an attack on the pleadings but a motion to terminate.  *See Miller v. French*, 530 U.S. 327, 331 (2000) (citing 18 U.S.C. § 3626(b)(2), which entitles a defendant to "immediate termination" of an injunction that does not meet the PLRA's requirements).  Because the PLRA specifies grounds in addition to those imposed by the Federal Rules of Civil Procedure upon which a complaint governed by the statute may be dismissed, it should be interpreted to preclude dismissal of the complaint on a ground that is not provided for in the statute.  *See Jones v. Bock*, 549 U.S. 199, 214 (2007) (listing grounds for *sua sponte* dismissal under PLRA and holding that exhaustion, because it was not enumerated as a ground for dismissal, was not a pleading requirement under the statute); 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).  Courts have rejected efforts to read into the PLRA requirements beyond those

Cir. 1978) (appeal from permanent injunction order); *Thomas v. Cnty. of Los Angeles*, 978 F.2d 504, 509 (9th Cir. 1992) (appeal from preliminary injunction order).

LEGAL_US_W # 70663474.7                            -10-                     PLAINTIFFS' OPP'N TO DEFS' MOT. TO
                                                                            DISMISS AND MOT. TO STRIKE

imposed by statute or the Federal Rules of Civil Procedure. *Miller*, 530 U.S. 327; *Shook v. El Paso Cnty.*, 386 F.3d 963, 971 (10th Cir. 2004) ("[W]e conclude that Congress did not intend the PLRA to alter class certification requirements under [Federal Rules of Civil Procedure] Rule 23 and that the district court erred in concluding otherwise.").

### 2.      Rule 8 Does Not Warrant Dismissal of the Complaint.

A "complaint must provide the defendant with fair notice of what the claim is and the grounds upon which it rests." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 908 (9th Cir. 2011) (quotations and original alterations omitted) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Accordingly, "[t]he sufficiency of a pleading is tested by the Rule 8(a)(2) statement of the claim for relief . . . ." *Dingxi Longhai Dairy, Ltd. v. Becwood Tech. Group L.L.C.*, 635 F.3d 1106, 1108 (8th Cir. 2011) (quoting 5 Wright & Miller, *Fed. Prac. & Proc.: Civil* § 1255 at 508-09 (3d ed. 2004)).  *See also* Fed. R. Civ. P. 8(a)(2) (requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *Maduka v. Sunrise Hosp.*, 375 F.3d 909, 912 (9th Cir. 2004) (holding that absent limited exceptions, civil cases must meet Rule 8(a)(2)'s requirements to survive a motion under Rule 12(b)(6)).

Although Rule 8 requires that a complaint include "a demand for the relief sought, which may include relief in the alternative or different types of relief," the prayer for relief "is not considered part of the claim" in determining whether a complaint has sufficiently stated a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 8(a)(3); *Dingxi Longhai Dairy, Ltd.*, 635 F.3d at 1108 (citation omitted). As a result, even if a portion of the prayer in Plaintiffs' Complaint failed to comply with Rule 8(a)(3), it would not justify dismissing the Complaint.  *See Dingxi Longhai Dairy, Ltd.*, 635 F.3d at 1108 ("the selection of an improper remedy in the Rule 8(a)(3) demand for relief will not be fatal to a party's pleading if the statement of the claim indicates the pleader may be entitled to relief of some other type")

LEGAL_US_W # 70663474.7

-11-

PLAINTIFFS' OPP'N TO DEFS' MOT. TO DISMISS AND MOT. TO STRIKE

(citation omitted); *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002) ("failure to specify relief to which the plaintiff was entitled would not warrant dismissal under Rule 12(b)(6) . . ."); *Rivera-Almódovar v. Instituto Socioeconómico Comunitario, Inc.* 806 F. Supp. 2d 503, 507-08 (D.P.R. 2011) ("As a general rule, the demand for judgment (as required by Rule 8(a)(3)) is not itself a part of the plaintiff's claim . . . and as a result failure to specify the relief to which the plaintiff is entitled is not a failure to 'state a claim.'") (citation omitted).[8]

Furthermore, dismissing a complaint because the prayer for relief lacks specificity would be inconsistent with the established rule that courts acting in equity have the power to "accord all the relief necessary to correct . . . particular injustices." *Holland v. Florida*, 130 S. Ct. 2549, 2563 (2010) (quotations and citation omitted).  In fact, the Federal Rules of Civil Procedure themselves contemplate that prayers for relief will not always specify the appropriate or particular relief that a court can and should ultimately grant.  *See* Fed. R. Civ. P. 54(c) (providing that a final judgment, other than a default judgment, should grant the relief to which a party is entitled *even if not demanded* in the pleadings); 10 Wright & Miller, *Fed. Prac. & Proc.: Civil* § 2664 (3d ed. 2011) ("[t]he question is not whether plaintiff has asked for the proper remedy but whether plaintiff is entitled to any remedy").  The determination of what specific relief is appropriate is addressed at the remedial stage, after the court has determined whether the claim is meritorious, not at the pleading stage.  *Cf. Bacon v. City of Richmond*, 475 F.3d 633, 638 (4th Cir. 2007) ("A court first determines whether this defendant has

---

[8] To the extent that Rule 8(a)(3) could conceivably impose a specificity requirement that would make a complaint subject to dismissal, that requirement is clearly met in this case.  A general prayer for relief satisfies Rule 8(a)(3).  *See, e.g.*, *Walsh v. Nevada Dep't of Human Res.*, 471 F.3d 1033, 1036 (9th Cir. 2006) (holding that Rule 8(a)(3) was satisfied where prayer for relief asked for "injunctive relief to force the defendant to adopt and enforce lawful policies regarding discrimination based on disability") (quotations and citation omitted).

wronged this plaintiff.  Only if this antecedent inquiry is answered in the affirmative does the court speak to the remedial issue . . .").

Although Defendants attempt to twist their objection to a single provision in the prayer for relief into an argument that Plaintiffs have failed to state a claim upon which relief can be granted, Defendants do not challenge the sufficiency of the factual allegations under Rule 8(a)(2).  Such an argument would be in vain, as the Complaint is replete with allegations establishing that Defendants were aware of a pattern of excessive violence in the Jails and took no steps to address that pattern. (Compl. at ¶¶ 50-130 (describing deputy-on-inmate violence); ¶¶ 131-139 (summarizing instances of deputies inciting prisoner-on-prisoner attacks); ¶¶ 162-170 (describing threats of violence designed to deter complaints and coerce false statements); ¶¶ 194-203 (summarizing accounts of Defendants' knowledge of unchecked violence and refusal to address the problem).)  There are therefore simply no grounds on which to grant Defendants' Motion to Dismiss for failure to state a claim upon which relief can be granted.

### 3. The Injunction Sought by Plaintiffs is Not an Impermissible "Obey the Law" Injunction.

Even if a complaint could be dismissed on the basis that the prayer for relief requested an "obey the law" injunction, dismissal would still not be warranted in this case.  Defendants point to a single provision in the prayer for relief, which seeks an order enjoining Defendants from "subjecting inmates in the Jails to physical abuse and the threat of physical abuse."  (Prayer for Relief at ¶ 2; Compl. at 75:19-20.)  However, that provision is but one of many in the prayer for relief and it is plain that, taken as a whole, the prayer for relief is sufficiently specific.

Rule 65 requires that injunctions describe in reasonable detail the acts restrained or required.  Fed. R. Civ. P. 65(d).  The purpose of Rule 65 is "to prevent uncertainty and confusion on the part of those faced with injunctive orders . . . ." *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974).  Thus, in determining whether the

-13-

terms of an injunction violate Rule 65, courts look at whether the language "sufficiently define[s] what . . . future conduct will be [prohibited]." *Del Webb Communities, Inc. v. Partington*, 652 F.3d 1145, 1150 (9th Cir. 2011). If a defendant "underst[ands] its meaning" of the injunction because it provided a "clear prohibition," Rule 65 is satisfied. *United States v. Miller*, 588 F.2d 1256, 1261 (9th Cir. 1978).[9] However, if the terms "are so vague that they have no reasonably specific meaning," those terms should be stricken. *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1087 (9th Cir. 2004) (quotations and citation omitted).

Plaintiffs' prayer for relief easily meets the Rule 65 specificity requirement. The prayer requests an order from the Court requiring Defendants to formulate an "adequate policy on the use of force," to conduct an "adequate investigation of all use of force incidents and inmate-on-inmate violence, with investigations performed by personnel unconnected to the attack under investigation," to engage in "appropriate training in use of force and prevention of inmate-on-inmate violence," to enforce "appropriate discipline of staff members found to be involved in improper use of force incidents, improper threats of violence against inmates; incitement of inmate-on-inmates attacks; or failure to report use of force incidents," and to "appropriate selection and supervision of command and uniformed custodial staff." (Prayer for Relief at ¶ 3(A)-(E); Compl. at 75:21-76:7.)[10] These forms of

---

[9] In fact, in one of the cases cited by Defendants, *Meyer v. Brown & Root Const. Co.*, the court concluded that Rule 65 was satisfied where the injunction restrained defendant from "engaging in the stated unlawful employment practice" as it adequately informed defendant "of the conduct prohibited in the future." 661 F.2d at 373 (quotations and citation omitted).

[10] The Complaint in this case clearly differs significantly from cases where courts have found that the injunctive relief ordered violated Rule 65. *See Keyes*, 895 F.2d at 669 (striking down portion of injunction requiring the defendant to "to comply with the constitutional requirement of equal education opportunity for all who are entitled to the benefits of public education . . ."); *Del Webb Communities, Inc.*, 652 F.3d at 1150 (striking term of injunction that prohibited defendants from using

injunctive relief are not only specific but particularly appropriate to the claims stated in the Complaint, as the case revolves around top jail officials' deliberate indifference to inmates' substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 842 (1994).[11]

## C. Defendants' Rule 12(f) Motion to Strike is Baseless.

Defendants ask the Court to strike multiple allegations of the Complaint as "immaterial and impertinent," pursuant to Federal Rule of Civil Procedure 12(f), which provides that a court may "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." (*See* Mot. to Dismiss at 6-9.) Not one of the paragraphs that Defendants move to strike contains "immaterial or impertinent" matter, and thus none of these paragraphs may be stricken.

### 1. The Movant's Burden in Rule 12(f) Motions.

Although courts possess considerable discretion in disposing of a motion to strike redundant, impertinent, immaterial, or scandalous matter, such motions are generally disfavored, and will be granted only if it is clear that the matter will have no bearing on the controversy before the Court. *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991); *accord Sinclair v. Culver City*

---

"illegal, unlicensed and false practices," as too vague); *Payne*, 565 F.2d at 897 (striking portion of injunction that prohibited "discriminating" because the word "discrimination" was too general).

[11] Contrary to Defendants' suggestion, the single provision of the prayer that Defendants object to is unlike the preliminary injunction vacated in *Thomas v. County of Los Angeles*, 978 F.2d 504. In *Thomas v. County of Los Angeles*, the court held that a preliminary injunction violated Rule 65 where it ordered compliance with all policies and guidelines for conducting searches and for the use of force without defining what the policies were or how they could be identified. *Id*. at 509. Leaving aside the obvious difference that no injunction has been issued in this case, *Thomas v. County of Los Angeles* has no bearing on this case, as Plaintiffs have not asked for injunctive relief involving "wholesale incorporation" of unspecified departmental policies. *Id*.

PLAINTIFFS' OPP'N TO DEFS' MOT. TO DISMISS AND MOT. TO STRIKE

*Unified Sch. Dist.*, No. 10-6248 PSG (FFMx), 2010 WL 4916393, at *5 (C.D. Cal. Nov. 17, 2010); *Tennis v. Ford Motor Co.*, 730 F. Supp. 2d 437, 443 (W.D. Pa. 2010); *McArdle v. AT&T Mobility LLC*, 657 F. Supp. 2d 1140, 1149-50 (N.D. Cal. 2009); 5C Wright & Miller, *Fed. Prac. & Proc.: Civil* §1380 at 394 (3d ed. 2011) (striking portions of complaint under Rule 12(f) is considered a drastic remedy, viewed with disfavor, and infrequently granted).

The movant bears the burden of showing a motion to strike is justified and a court will "draw all reasonable inferences in the pleader's favor and resolve all doubts in favor of denying the motion to strike." *Bond v. U.S. Dep't of Justice*, No. 10–01617 (RCL), 2011 WL 6046406, at *8 (D.D.C. Dec. 6, 2011) (internal quotations and citation omitted); *see also Robinson v. Managed Accounts Receivables Corp.*, 654 F. Supp. 2d 1051, 1065 (C.D. Cal. 2009) ("When considering a motion to strike, the court must view the pleading under attack in the light most favorable to the pleader.") (internal quotations and citation omitted); *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005) (same); *Nwakpuda v. Falley's, Inc.*, 14 F. Supp. 2d 1213, 1215 (D. Kan. 1998) (where there is any doubt as to whether under any circumstance an allegation may raise an issue, the motion to strike should be denied).

Defendants cannot (and have not even attempted) to meet their burden of showing that their Motion to Strike is justified.  The kinds of allegations that Sheriff Baca asks the Court to strike in this case are, as the Ninth Circuit has recognized, precisely the kinds of allegations that are material and pertinent to Plaintiffs' Eighth Amendment claim against the Defendants for deliberate indifference to the risk that they will be subjected to violence.

## 2.    The Materiality and Pertinence of the Challenged Paragraphs.

The paragraphs that Defendants seek to strike as "immaterial and impertinent" fall into three categories:  (1) quotations from reports in the Los

PLAINTIFFS' OPP'N TO DEFS' MOT. TO DISMISS AND MOT. TO STRIKE

Angeles Times, the New York Times, and other reputable media sources, regarding excessive force in the Jails and Sheriff Baca's knowledge thereof; (2) quotations from sworn declarations by eminent corrections experts regarding excessive force in the Jails, filed in *Rutherford v. Baca*, No. 75-04111 (C.D. Cal.) and with the Complaint; and (3) references to ACLU monitoring reports regarding excessive force filed in *Rutherford v. Baca* and in this case. (*See* Mot. to Dismiss at 7-8 *and* Defs.' Ex. A (marked Complaint).) As explained below, the allegations in these paragraphs are material and pertinent to Plaintiffs' claim that Defendants are deliberately indifferent to their safety, and that Defendants' actions and inaction violate Plaintiffs' Eighth and Fourteenth Amendment rights to be free from excessive force. Plaintiffs include these allegations to meet their pleading burden under Rule 8(a), as construed by the United States Supreme Court and the Ninth Circuit.

The Supreme Court has cautioned in recent years that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *Twombly*, 550 U.S. at 555 (citation omitted, alteration in original); the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* The Supreme Court subsequently broadened the scope of this requirement, stating that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. 662, 129 S. Ct. at 1950 (citing *Twombly*, 550 U.S. at 556). As a result, all civil complaints must now set out sufficient factual matter to show that the claim is facially plausible. *Iqbal*, 129 S. Ct. at 1948.

Sheriff Baca recently invoked *Iqbal* to challenge the sufficiency of a prisoner's pleadings in an Eighth Amendment complaint regarding violence in the Jails. In rejecting that challenge, the Ninth Circuit relied on the very kinds of allegations that Defendants seek to strike here in Plaintiffs' Complaint. *See Starr v.*

LEGAL_US_W # 70663474.7                    -17-                    PLAINTIFFS' OPP'N TO DEFS' MOT. TO
                                                                   DISMISS AND MOT. TO STRIKE

*Baca*, 652 F.3d 1202 (9th Cir. 2011), *rehearing en banc den'd*, *petition for cert. filed* Dec. 30, 2011 (No. 11-834).

In *Starr*, a prisoner in the Jails alleged that Sheriff Baca's deliberate indifference to a long-standing policy and practice of ignoring inmate-on-inmate violence resulted in the plaintiff's injury; and that Sheriff Baca's knowledge of unconstitutional conditions in the Jails, including his knowledge of the culpable actions of his subordinates, coupled with his inaction, amounted to acquiescence in the unconstitutional conduct of his subordinates. The Ninth Circuit held that Starr's allegations were sufficient to state a claim against Sheriff Baca for deliberate indifference under *Farmer*, 511 U.S. 825, explaining that a "showing that a supervisor acted, or failed to act, in a manner that was deliberately indifferent to an inmate's Eighth Amendment rights is sufficient to demonstrate the involvement – and the liability – of that supervisor." *Starr,* 652 F.3d at 1206-07.

In rejecting Sheriff Baca's argument that Starr's allegations were insufficient to meet the pleading requirements of *Twombley* and *Iqbal,* the Ninth Circuit reviewed the detailed allegations of Starr's complaint, which, like Plaintiffs' allegations here, relied upon a long historical record of violence in the Jails. The court pointed to allegations showing Sheriff Baca's long-standing awareness of violence in the Jails, including (like the allegations in the Complaint here) quotations from the 1997 Department of Justice findings; quotations from the semiannual reports by the Special Counsel to the Los Angeles County Sheriff's Department Merrick Bobb; and reference to the County's and Sheriff's Department's approval of a settlement in a civil action by prisoner victims of violence in the Jails.

The Ninth Circuit found that Starr's complaint was adequately pled under *Iqbal* because it made "detailed factual allegations that go well beyond reciting the elements of a claim of deliberate indifference," including allegations of "numerous incidents in which inmates in Los Angeles County jails have been killed or injured

LEGAL_US_W # 70663474.7

-18-

PLAINTIFFS' OPP'N TO DEFS' MOT. TO DISMISS AND MOT. TO STRIKE

because of the culpable actions of the subordinates of Sheriff Baca;" allegations that Sheriff Baca was given notice in several reports of systematic problems in the Jails under his supervision that have resulted in these deaths and injuries; and that Sheriff Baca did not take action to protect inmates under his care despite the dangers, created by the actions of his subordinates, of which he had been made aware. *Starr*, 652 F.3d at 1216. These allegations were sufficiently detailed to "plausibly suggest that Sheriff Baca acquiesced in the unconstitutional conduct of his subordinates, and was thereby deliberately indifferent to the danger posed to Starr." *Id.*

### 3.   Defendants' Failure to Meet their Rule 12(f) Burden.

Defendants cannot and do not claim that Plaintiffs' detailed factual allegations showing (A) a long-standing pattern and practice of excessive force, (B) Sheriff Baca's knowledge of that pattern and practice, and (C) his failure to take reasonable remedial measures, are immaterial and impertinent. Rather, Defendants apparently contend that *any mention of the source* of these allegations (*e.g.*, the Los Angeles Times, the New York Times, ACLU monitoring reports in *Rutherford*) is "immaterial and impertinent." Defendants' argument on this point consists entirely of bald assertion and invective: "References to press reports about the operation of the County jail do not serve any legitimate pleading purpose;" "the clear motivation for including such allegations is to gain legitimacy for press accounts which, in many cases, the ACLU spearheaded;" "this is yet another example of the ACLU's attempts to manipulate and influence the judicial process;" the "improper allegations are completely unnecessary" and "only serve to advance the ACLU's political agenda and campaign against the Sheriff's Department." (Mot. to Dismiss at 8-9.)[12]

---

[12] According to Defendants, a "glaring example of Plaintiffs' counsel's manipulation efforts" is Plaintiffs' Notice of Related Cases. (Mot. to Dismiss at 8 n.2.) Defendants point out that Plaintiffs' Notice did not include three cases against

Of course, even if Defendants were correct that Plaintiffs may not include references in their Complaint to newspaper articles supporting their allegations, the cure would be to strike the reference sources – not to strike the substantive allegations in those newspaper articles.  But Defendants are incorrect:  there simply is no rule categorically barring Plaintiffs from supporting the allegations in their Complaint with references to the sources on which those allegations are based, and indeed, it is not uncommon for complaints to include such references.  *See, e.g., Al-Kidd v. Ashcroft*, 580 F.3d 949, 978 (9th Cir. 2009), *rev'd and remanded on other grounds*, 131 S. Ct. 2074 (2011) (noting that plaintiff cited to media reports throughout the complaint and finding no fault with this source); *In re DaimlerChrysler AG Sec. Litig.*, 197 F. Supp. 2d 42, 80-81 (D. Del. 2002) (holding in a securities fraud case that the heightened pleading requirements of Fed. R. Civ. P. 9(b) may be satisfied by reliance on newspaper article and other reputable media sources; "[T]he Court has been unable to locate any cases forbidding pleadings based on newspaper and media accounts, and Defendants have not identified any such cases for the Court. . . .  Class Plaintiffs' allegations derived from reputable media sources and clearly identified as such in the Amended Class Complaint are sufficient to meet the requirement of the PSLRA.")

Including such references is certainly prudent in a case like Plaintiffs', given

the County of Los Angeles filed by prisoners, two of whom – Evans Tutt and Michael Holguin – are mentioned in Plaintiffs' Complaint.  Defendants contend that Plaintiffs' omission of these individual cases "was clearly an attempt to manipulate the transfer of this case to this Court."  *Id*.  In fact, Plaintiffs did not list those cases because those cases simply do not satisfy the related case standard of Local Rule 83-1.3.  Indeed, at the time Plaintiffs filed their Notice of Related Cases, this Court had already declined to deem Mr. Tutt's case as related to *Rutherford v. Baca*.  *See* Exhibit A to the Declaration of John S. Durrant, filed concurrently herewith (order declining to deem *Tutt v. Cnty. of Los Angeles*, No. 2:11-cv-06126 (C.D. Cal.), related to *Rutherford v. Baca* because "this individual civil rights case does not implicate the class-wide issues raised in the low-numbered case.").

LEGAL_US_W # 70663474.7                                    -20-                   PLAINTIFFS' OPP'N TO DEFS' MOT. TO DISMISS AND MOT. TO STRIKE

the Supreme Court's admonition that all civil complaints must now set out sufficient factual matter to show that the claim is facially plausible. *Iqbal*, 129 S. Ct. at 1948. Since Plaintiffs' citations to reputable newspapers as the source of allegations concerning the pattern and practice of violence in the Jails contribute to the "facial plausibility" of the Complaint, the inclusion of these sources is neither immaterial nor impertinent.

But there is an additional compelling reason why the citations to public sources in support of Plaintiffs' allegations are material and pertinent in this case. Where, as here, a defendant's actual knowledge of certain wrongful conditions is an element of the cause of action, *see Farmer,* 511 U.S. at 842-43, then the very fact that reputable major media outlets have published accounts of the existence of those conditions tends to prove the Defendants' actual knowledge – and hence to make facially plausible an element of plaintiffs' claim. Furthermore, some of the allegations that Defendants move to strike (for example, the Los Angeles Times article that reported that Jails Commander Robert Olmsted informed the Times reporter in an interview that he had personally told Sheriff Baca about the problem of deputy abuses at Men's Central Jail, and that Sheriff Baca did not pursue the matter with him)[13] constitute even more direct evidence of Sheriff Baca's actual knowledge of the problem.

---

[13] *See* Compl. at ¶¶ 42, 197-203 (quoting Robert Faturechi & Jack Leonard, *Sheriff Baca Was Warned about Jail Deputies' Conduct, Retiree Says*, Los Angeles Times, Dec. 1, 2011, available at http://articles.latimes.com/2011/dec/01/local/la-me-jail-commander-20111201-1).

LEGAL_US_W # 70663474.7

-21-

III.    **CONCLUSION**

For the foregoing reasons, Plaintiffs request that this Court deny Defendants' Motion to Dismiss and Motion to Strike.


RESPECTFULLY SUBMITTED:


DATED:  February 27, 2012      ACLU FOUNDATION OF SOUTHERN
                               CALIFORNIA


                               By:_____
                                       PETER J. ELIASBERG

                               Attorneys for Plaintiffs


DATED:  February 27, 2012      NATIONAL PRISON PROJECT OF THE
                               AMERICAN CIVIL LIBERTIES UNION
                               FOUNDATION


                               By:_____
                                       MARGARET WINTER

                               Attorneys for Plaintiffs


DATED:  February 27, 2012      PAUL HASTINGS LLP


                               By:_____
                                       JOHN S. DURRANT

                               Attorneys for Plaintiffs