PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JUSTIN W. CLARK, State Bar No. 235477
jclark@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California  91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants
Sheriff Leroy D. Baca, Undersheriff Paul Tanaka,
Assistant Sheriff Cecil W. Rhambo, and Chief Dennis H. Burns

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ROSAS and JONATHAN GOODWIN, on their own behalf and on behalf of those similarly situated, | ) Case No. CV 12-00428 DDP (SHx) ) ) Honorable Dean D. Pregerson |
| Plaintiffs, | ) **DEFENDANTS LEROY BACA,** |
| vs. | ) **PAUL TANAKA, CECIL** ) **RHAMBO, AND DENNIS BURNS'** ) **REPLY TO PLAINTIFFS'** |
| LEROY BACA, Sheriff of Los Angeles County Jails; PAUL TANAKA, Undersheriff, Los Angeles Sheriff's Department; CECIL RHAMBO, Assistant Sheriff, Los Angeles Sheriff's Department; DENNIS BURNS, Chief of the Custody Operations Division, Los Angeles Sheriff's Department, | ) **OPPOSITION TO MOTION TO** ) **DISMISS PLAINTIFFS'** ) **COMPLAINT AND FRCP RULE** ) **12(F) REQUEST TO STRIKE;** ) **REPLY MEMORANDUM OF** ) **POINTS AND AUTHORITIES IN** ) **SUPPORT THEREOF** ) ) Date:   March 19, 2012 ) Time:   10:00 a.m. |
| Defendants. | ) Crtm:  3 ) |
| | ) ) ) |

TO THE HONORABLE COURT, ALL INTERESTED PARTIES AND

TO THEIR ATTORNEYS OF RECORD:

Defendants Sheriff Leroy Baca, Paul Tanaka, Cecil Rhambo, and Dennis

Burns, in their official capacities only, (collectively, "Defendants") hereby submit

1

ROSAS\ MTD Complaint – Reply

the following Reply Memorandum of Points and Authorities to Plaintiffs' Opposition to Defendants' Motion to Dismiss Plaintiffs' Complaint.

Dated:  March 5, 2012                    LAWRENCE BEACH ALLEN & CHOI, PC


By _____/s/  Justin W. Clark_____
          Paul B. Beach
          Justin W. Clark
          Attorneys for Defendants
          Sheriff Leroy D. Baca, Undersheriff
          Paul Tanaka, Assistant Sheriff Cecil W.
          Rhambo, and Chief Dennis H. Burns

2

ROSAS\ MTD Complaint – Reply

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES..........................................1

I.    INTRODUCTION. .................................................................................1

II.   PLAINTIFFS FAIL TO DEMONSTRATE WHY PLAINTIFFS CLAIMS AGAINST TANAKA, RHAMBO, AND BURNS SHOULD NOT BE DISMISSED AS DUPLICATIVE OF PLAINTIFFS' CLAIMS AGAINST SHERIFF BACA. ...........................2

    A.    Plaintiffs Confuse An Official Capacity Claim With An Individual Capacity Claim For Supervisory Liability. .....................2

    B.    Plaintiffs' Authority Regarding The Propriety Of Suing Multiple Officials Only In Their Official Capacities Is Inapposite. ................................................................................4

    C.    Plaintiffs Request For An Adjudication Regarding Sheriff Baca's Authority Over The Jail And On Certain Discovery Issues Is Improper And At The Least, Premature.............................5

III.  PLAINTIFFS PRAYER FOR RELIEF CONTAINS NOTHING MORE THAN AN "OBEY THE LAW" INJUNCTION WHICH DOES NOT PROVIDE DEFENDANTS WITH ADEQUATE NOTICE UNDER FEDERAL RULES OF CIVIL PROCEDURE RULES 8(A)(3) AND 65(D)..............................................................6

IV.   PLAINTIFFS CITE NO AUTHORITY THAT SUPPORTS THE PROPRIETY OF INCLUDING HYPERLINKS TO PRESS RELEASES AND REPORTS GENERATED BY THE ACLU. ................8

V.    CONCLUSION. .................................................................................9

ROSAS\ MTD Complaint – Reply

# **TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662, 129 S.Ct. 1937, 1948 (2009) ......................................................3

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544, 127 S.Ct. 1955 (2007) ..............................................................6

*Coconut Beach Dev. LLC v. Baptiste,*
    2008 WL 1867933 (D. Haw. Apr. 28, 2008) .................................................4, 5

*Fireman's Fund Ins. Co. v. City of Lodi, California,*
    302 F.3d 928, 957 (9th Cir. 2002)....................................................................4

Kentucky v. Graham
    473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) ...................................2

*Kentucky v. Graham,*
    473 U.S. 159, 105 S.Ct. 3099 (1985) ..............................................................2

*Luke v. Abbott,*
    954 F.Supp. 202 (C.D. Cal. 1997)....................................................................3

*Monell v. New York City Department of Social Services*
    436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) .....................................2

*Oliver v. Ralphs Grocery Co.,*
    654 F.3d 903 (9th Cir. 2011)............................................................................6

*Star v. Baca,*
    652 F.3d. 1202 (9th Cir. 2011).........................................................................8

*Swierkiewicz v. Sorema N.A.,*
    534 U.S. 506, 122 S.Ct. 992 (2002) ................................................................7

*Whittlestone, Inc. v. Handi–Craft Co.*
    618 F.3d 970 (9th Cir. 2010)............................................................................6

**Rules**

Federal Rules of Civil Procedure 8(a)(2) ................................................................6

Federal Rules of Civil Procedure 12(b)(6) .............................................................6

Federal Rules of Civil Procedure 65(d).................................................................7

ROSAS\ MTD Complaint – Reply

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I. Introduction.**

Defendants' Motion to Dismiss articulated several relatively simple defects with Plaintiffs' Complaint. First, Plaintiffs' claims against Defendants Tanaka, Rhambo, and Burns, in their official capacities only, are actually claims against the County of Los Angeles and are, therefore, duplicative and redundant of Plaintiffs' claim against Sheriff Baca. Second, Plaintiffs prayer for relief demands nothing more than compliance with existing law, which is not specific enough to state a claim. As this Court has informed the ACLU on numerous occasions, injunctions (particularly in the context of custody operations) must be specifically tailored to individual issues, and cannot, as here, require Defendants to "obey the law[1]." Third, there is no proper reason for Plaintiffs to have included hyperlinks to press and other reports generated by the ACLU and such links should be stricken.

Plaintiffs offer little, if any, substantive response to Defendants' Motion. Instead, Plaintiffs attempt to distract the Court with citation to inapplicable case law which only demonstrates Plaintiffs' misunderstanding of section 1983 claims in general.

///

---

[1] Plaintiffs failure to seek a proper injunction is most likely because the ACLU is aware that if they included any semblance of the specific relief they seek, that Defendants would either point out the inevitable defects, or, assuming Plaintiffs' remedy was reasonable, immediately begin to implement reform as the Sheriff's Department has done many times in the past. If Plaintiffs truly seek reform, then they should put forth exactly what they believe needs to be done, rather than waste all parties' time and money on years of litigation. Unfortunately, based on their recent conduct in *Rutherford v. Baca*, Defendants are genuinely concerned that the ACLU is more interested in making statements to the press to further their political agenda and seeking court orders so they can later demand attorney's fees than effecting positive change in favor of inmates.

1

ROSAS\ MTD Complaint – Reply

II.    **Plaintiffs Fail To Demonstrate Why Plaintiffs Claims Against Tanaka, Rhambo, And Burns Should Not Be Dismissed As Duplicative Of Plaintiffs' Claims Against Sheriff Baca.**

Regardless of whether Plaintiffs are the "master of [their] Complaint", as they acknowledge, the real party in interest in this case is the County of Los Angeles.  This means that despite Plaintiffs' representations that they intend to seek injunctions against specific government officials, the reality is that any injunction entered in this case would be against the County of Los Angeles. *See*, *Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099 (1985)(explaining the difference between individual and official capacity claims); *Monell v. New York City Department of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018 n. 55 (1978)(official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent.")  ***There is no authority that holds otherwise.***

As set forth below, Plaintiffs' Opposition demonstrates clearly that Plaintiffs' do not understand the difference between official capacity and individual capacity section 1983 claims.  Further, the authorities Plaintiffs rely on do not support Plaintiffs' claim that they may properly maintain duplicative claims against the County of Los Angeles.

A.    **Plaintiffs Confuse An Official Capacity Claim With An Individual Capacity Claim For Supervisory Liability.**

In arguing that dismissal of Tanaka, Rhambo, and Burns is not warranted, Plaintiffs display a fundamental misunderstanding of official capacity claims. Plaintiffs claim that "the proof necessary to prevail on an injunctive suit against an entity is not identical to the proof necessary to prevail against an individual sued in his official capacity."  (Opposition, 7:18 – 25.)  This is inaccurate and contradicted by the seminal cases articulating the differences between individual and official capacity claims.  *See generally*, *Kentucky*, 473 U.S. at 165, 166; *Monell*, 436 U.S. at

2

ROSAS\ MTD Complaint – Reply

690 n. 55; *Luke v. Abbott*, 954 F.Supp. 202 (C.D. Cal. 1997).  In reality, Plaintiffs are confusing an official capacity claim with an individual capacity claim against an official for supervisory liability, ***which is a individual capacity claim***.

Plaintiffs cite *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1948 (2009), arguing that "plaintiffs suing an individual in his official capacity must plead that their injury was caused by the official's own actions" which, according to Plaintiffs, is not the case when a municipal entity is sued.  First, there is no authority whatsoever for this contention and Plaintiffs misread *Iqbal*.  In fact, *Iqbal* involved *individual capacity* claims, which do require proof that the named supervisor's direct conduct caused the deprivation of a federally protected right.  *See*, *Iqbal*, 556 U.S. at 1945 (discussion regarding nature of appeal as following ruling on motion to dismiss based on entitlement to qualified immunity which is not available in response to an official capacity claim.)  In fact, the *Iqbal* Court expressly referenced that the plaintiffs claims therein were based, in part, on a theory of supervisory liability, which the Court rejected because plaintiffs only basis for their claims was that defendants had "knowledge and acquiescence in their subordinates' use of discriminatory criteria to make classification decisions among detainees." *Id*. at 1949.

Plaintiffs clearly confuse official capacity claims and individual capacity claims for supervisory liability.  *Iqbal* addresses the latter and does not stand for the proposition that different standards govern a claim against a public entity under section 1983 as compared to an official capacity claim against an officer of that public entity.

///

///

///

3

ROSAS\ MTD Complaint – Reply

**B.      Plaintiffs' Authority Regarding The Propriety Of Suing Multiple Officials Only In Their Official Capacities Is Inapposite.**

Plaintiffs contend that "binding authority supports the inclusion of [Tanaka, Rhambo, and Burns]" as Defendants."  On the contrary, there is no such authority nor do the cases Plaintiffs cite say anything of the kind.

First, Plaintiffs cite *Fireman's Fund Ins. Co. v. City of Lodi, California*, 302 F.3d 928, 957 (9th Cir. 2002) for the proposition that "the Ninth Circuit has recognized that claims against multiple officials within the same government entity may be necessary to achieve the legitimate aims of a lawsuit."  (Opposition, 3:20 – 22.)  What Plaintiffs fail to mention about *Fireman's Fund* (and what removes any precedential value the case may have regarding this Motion) is that maintaining the official capacity claims involved in the case was necessary to prevent the involved municipality (the City of Lodi) from asserting Eleventh Amendment immunity.  *See*, *Fireman's Fund Ins. Co.*, 302 F.3d at 957 ("the above-named municipal officers 'are classic *Ex [P]arte Young* defendants' and the official capacity claims are necessary to 'effectively foreclose any assertion by Lodi of Eleventh Amendment immunity.'") [*Eleventh Amendment immunity is simply not an issue in this case]*.  Here, unlike *Fireman's Fund*, the inclusion of multiple (and redundant) official capacity claims does impact Plaintiffs' ability to pursue their claims or the potential relief they will be entitled to if they prevail.

Next, Plaintiffs cite *Coconut Beach Dev. LLC v. Baptiste*, 2008 WL 1867933 (D. Haw. Apr. 28, 2008) for the proposition that courts have allowed plaintiffs to name multiple individual defendants in their official capacities. What Plaintiffs fail to mention is that plaintiffs in the case failed to include a claim against the involved public entity, the County of Kauai, instead naming other departments that were not separate legal entities subject to suit.  Had the court in *Coconut Beach* dismissed the official capacity claims, the result would have been the outright dismissal of the case, which is also not an issue here.  In

4

ROSAS\ MTD Complaint – Reply

fact, the court in *Coconut Beach* actually acknowledged and agreed with Defendants arguments herein and recognized that "CBD's claims against the Official-Capacity Defendants may end up duplicating claims that may be asserted against the County of Kauai.  However, because the County of Kauai is not *now* a party to this suit, duplication is not *presently* an issue."  *Coconut Beach Dev. LLC*, 2008 WL 1867933 * 3 (emphasis added.)

**C.    Plaintiffs Request For An Adjudication Regarding Sheriff Baca's Authority Over The Jail And On Certain Discovery Issues Is Improper And At The Least, Premature.**

Plaintiffs request that if the Court grants this Motion, that the Court "find" that "Sheriff Baca has authority to provide the complete relief sought by Plaintiffs in this action" (whatever that might be) and "that Plaintiffs have rights of discovery over Tanaka, Rhambo, and Burns, as if they were parties to this lawsuit."  (Opposition, 8:14 – 17.)  With respect to Plaintiffs' request regarding a finding as to Sheriff Baca's authority, ignoring the fact that the issue is not before this Court and has not been briefed, Plaintiffs essentially ask the Court to summarily adjudicate both a factual and legal issue.  While Plaintiffs may find it convenient to do away with evidentiary and procedural burdens associated with a summary adjudication motion, on a motion to dismiss, the Court is limited to the pleadings and cannot enter the order Plaintiffs request.

With respect to discovery issues, Plaintiffs request is, if nothing else, vastly premature.  Here again, Plaintiffs apparently want to skip past propounding discovery, past Defendants responding to said discovery, and obtain a discovery order under FRCP Rule 37.  This issue as well is not before the Court and it would therefore be improper for the Court to make any findings regarding the scope of discovery without briefing on the issue.

///

5

ROSAS\ MTD Complaint – Reply

**III.   Plaintiffs Prayer For Relief Contains Nothing More Than An "Obey The Law" Injunction Which Does Not Provide Defendants With Adequate Notice Under Federal Rules Of Civil Procedure Rules 8(a)(3) and 65(d).**

In response to Defendants' contentions that Plaintiffs' Complaint fails to state a claim because Plaintiffs relief seeks nothing more than compliance with the law, Plaintiffs essentially make three arguments.  First, Plaintiffs argue that neither FRCP Rule 65 nor the Prison Litigation Reform Act impose pleadings requirements.  Second, Plaintiffs argue that dismissal under FRCP Rule 8 is not warranted.  Finally, Plaintiffs assert that the relief they seek is not an "obey the law" injunction.  Plaintiffs are both incorrect and miss the point.

First, with respect to Plaintiffs' pleading burden, while it is true that a defective prayer for relief is not often a grounds for dismissal, there are cases where a prayer for relief is so defective that a challenge under Rule 12(b)(6) is appropriate.  This is such a circumstance.  In fact, courts have suggested that an improper prayer for relief may be challenged by a Rule 12(b)(6) motion.  *See*, *Whittlestone, Inc. v. Handi–Craft Co.* 618 F.3d 970, 974 (9th Cir. 2010) (rejecting Rule 12(f) challenge to prayer for relief that sought damages precluded by law, but suggesting that more appropriate vehicle would by motion under Rule 12(b)(6)).

As Plaintiffs accurately point out, Rule 8 governs the requirements for pleadings and states that a civil complaint "must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2). The Supreme Court has interpreted the "short and plain statement" requirement to mean that the complaint must provide "the defendant [with] fair notice of what the ... claim is and the grounds upon which it rests."  *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 908 (9th Cir. 2011), *quoting*, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).  Under Rule 8(a)(3), this includes a prayer for relief which is also subject to this notice

6

ROSAS\ MTD Complaint – Reply

requirement.  This means that the prayer for relief must be specific enough to provide a responding party with adequate notice of what relief is being sought.  This requirement is particularly important when the only relief sought is for injunctive relief.  Here, as demonstrated by the requirements for FRCP Rule 65(d), Plaintiffs have not articulated a specific enough remedy such that Defendants have adequate notice of the relief Plaintiffs seek.

Regardless of Plaintiffs' characterizations to the contrary, the injunction Plaintiffs propose essentially prohibits Defendants from "physically abusing" inmates (75:19 – 20), require Defendants to "formulate a remedy…to end the pattern of excessive force and physical abuse" (75:21 – 23), and, requires the development of policies governing use of force, including policies governing investigations and discipline.  What Plaintiffs basically demand is that the Sheriff's Department refrain from assaulting inmates and develop policies and procedures that say as much.  If the Court entered such an order against the Sheriff's Department, it would be nothing more than a reiteration of what is already required under applicable law.  Because of this fact, even if every allegation in Plaintiffs' Complaint is true (and Defendants maintain that is absolutely not the case) Plaintiffs would never be entitled to the type of injunction stated in the Complaint.  This makes the Complaint defective in that Defendants have virtually no concept of what relief Plaintiffs are actually seeking.  On numerous occasions, the Court has told the ACLU that orders that require Defendants to comply with the law are improper and this is another such instance.[2]

---

[2] Once such instances was when the ACLU sought an injunction in *Rutherford v. Baca*, U.S.D.C. Case No. CV 75 – 04111 DDP, that would have barred the Sheriff's Department from retaliating against inmates for communicating with the ACLU.

7

ROSAS\ MTD Complaint – Reply

Here, Plaintiffs failure to seek specific relief beyond compliance with the law makes the Complaint defective. *See*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992 (2002)("a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.")

### IV.   Plaintiffs Cite No Authority That Supports The Propriety Of Including Hyperlinks To Press Releases And Reports Generated By The ACLU.

Plaintiffs assert that "there is no rule categorically barring Plaintiffs from supporting their allegations in their Complaint with references to the sources on which those allegations are based…"  (Opposition, 20:5 – 6.)  Plaintiffs once against miss the point entirely as to why various portions of their Complaint are improper and should be stricken under Rule 12(f).  Despite Plaintiffs characterization, the allegations that should be stricken are not mere "references to sources on which [Plaintiffs] allegations are based…".  Instead, they are hyperlinks to press reports and monitoring reports initiated or actually written by the ACLU.  Unlike the cases Plaintiffs cite[3], here, the ACLU actually wrote or initiated the subject reports and by including references to the reports, Plaintiffs are attempting to validate the accounts contained therein as well as this entire case.  In this regard, the ACLU's press releases become entirely self serving and the Court should not permit the ACLU to essentially manufacture allegations with full knowledge that a civil complaint based thereon will later be filed.

///

///

---

[3] Plaintiffs rely on the Ninth Circuit's decision in *Star v. Baca*, 652 F.3d 1202 (9th Cir. 2011) and *Iqbal*.  Neither of these cases support Plaintiffs' contention that it is proper for the ACLU to issue a press release or other report, then include an allegation based thereon, and include a hyperlink to the subject release / report.  Defendants have not been able to locate any cases that authorizes such a practice.

8

## V.   Conclusion.

Based on the above and Defendants' moving papers, the Court should dismiss Plaintiffs' claims against Tanaka, Rhambo, and Burns as duplicative and redundant.  Further, the Court should grant this Motion with respect to Plaintiffs' prayer for relief which amounts to an "obey the law" injunction which is not specific enough under Rules 8 and 65 of the Federal Rules of Civil Procedure. Finally, at a minimum, the Court should strike Plaintiffs' inclusion of hyperlinks to press releases and ACLU reports alleged in the Complaint.

Dated:  March 5, 2012                         LAWRENCE BEACH ALLEN & CHOI, PC


By _____/s/ Justin W. Clark_____
         Paul B. Beach
         Justin W. Clark
         Attorneys for Defendants
         Sheriff Leroy D. Baca, Undersheriff
         Paul Tanaka, Assistant Sheriff Cecil W.
         Rhambo, and Chief Dennis H. Burns

9

ROSAS\ MTD Complaint – Reply