O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ROSAS and JONATHAN GOODWIN, on behalf of themselves and of those similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>LEROY BACA, Sheriff of Los Angeles County Jails; PAUL TANAKA, Undersheriff, Los Angeles Sheriff's Department; CECIL RHAMBO, Assistant Sheriff, Los Angeles Sheriff's Department and DENNIS BURNS, Chief of Custody Operations Division, Los Angeles Sheriff's Department,<br><br>    Defendants. | Case No. CV 12-00428 DDP (SHx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND REQUEST TO STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT**<br><br>[Dkt. No. 19] |

    Presently before the court is Defendants' Motion to Dismiss Plaintiffs' Complaint and request to strike portions of the complaint. Having considered the submissions of the parties, the court is inclined to grant the motion in part, deny in part, and adopt the following order.

**I. Background**

Plaintiffs filed a purported class action complaint alleging that they witnessed, were threatened with, and suffered from violence at the hands of Los Angeles County Sheriff's Department deputies. (Complaint ¶ 3.) Plaintiffs further allege that such acts of violence are reflective of a pattern and practice of deputy-on-inmate violence, of which Defendants are well aware. (Id.) Plaintiffs seek declaratory and injunctive relief against four defendants, each named in their official capacities: 1) Lee Baca, Los Angeles County Sheriff; 2) Paul Tanaka, Undersheriff; 3) Cecil Rhambo, Assistant Sheriff; and 4) Dennis Burns, Chief of the Custody Operations Division.[1] (Id. ¶¶ 16-19.) Defendants now move to dismiss Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(6).

**II. Legal Standard**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me

---

[1] Plaintiffs assert that Defendants Tanaka and Burns have been or will be removed from their respective positions, and that their successors will replace them as defendants in this case. See Fed. R. Civ. P. 25(d).

2

accusation." <u>Iqbal</u>, 129 S. Ct. at 1949. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." <u>Id.</u> at 1950. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. <u>Id.</u> at 1949 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." <u>Id.</u> at 1950. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." <u>Twombly</u>, 550 U.S. at 555-56. "Determining whether a complaint states a plausible claim for relief" is a "context-specific" task, "requiring the reviewing court to draw on its judicial experience and common sense." <u>Iqbal</u>, 129 S. Ct. at 1950.

### III. Discussion

A.  Redundancy

Defendants first contend that Plaintiffs' official capacity claims against Defendants Tanaka, Rhambo, and Burns are duplicative of Plaintiffs' official capacity claim against Defendant Baca. (Motion to Dismiss at 1.) Though Plaintiffs have not named the County of Los Angeles as a defendant, official capacity suits, such as that brought by Plaintiffs, are generally an alternative way of pleading an action against the local government entity of which the named officer is an agent. See <u>Monell v. Dep't. of Social Servs.</u>, 436 U.S. 658, 690 n. 55 (1978); <u>Chew v. Gates</u>, 27 F.3d 1432, 1446

3

n. 15 (9th Cir. 1994). As such, judgments against public servants in their official capacities impose liability on local entities. Brandon v. Holt, 469 U.S. 464, 471-472 (1985).[2]

    Where plaintiffs sue both a local government entity and agents of that entity in their official capacities, courts may dismiss the official capacity claims as duplicative. See, e.g. Luke v. Abbott, 954 F.Supp. 202, 204 (C.D. Cal. 1997); Vance v. County of Santa Clara, 928 F.Supp. 993, 996 (N.D. Cal. 1996); c.f. Clements v. Airport Authority of Washoe County, 69 F.3d 321, 337 n.20 (9th Cir. 1995). Because an official capacity suit is, for all intents and purposes, a suit against a local entity, this court has also dismissed claims against multiple individuals in their official capacities as duplicative. See Thomas v. Baca, 2006 WL 132078 *1 (C.D. Cal. 2006) (dismissing six of seven defendants sued in their official capacities).

    Plaintiffs argue that they cannot obtain effective declaratory or injunctive relief unless all four official capacity defendants remain in this case. (Opp. at 3, 4.) Plaintiffs cite to Fireman's Fund Ins. Co. v. City of Lodi, 302 F.3d 928 (9th Cir. 2002) to support their assertion that they may bring claims against both a local entity and official capacity defendants. (Opp. at 3). While the Fireman's Fund court did allow claims against official capacity and entity defendants, its holding was premised on the conclusion

---

[2] Courts are divided on the question whether a Plaintiff may choose to name either an individual in an official capacity or the local entity itself. Compare Bell v. Baca, 2002 WL 368532 *2 (C.D. Cal. 2002) (declining to substitute local entity as defendant in lieu of official capacity defendant) with Luke v. Abbott, 954 F.Supp. 202, 204 (C.D. Cal. 1997) (dismissing officer sued in his official capacity and substituting local entity as defendant).

4

that the claims asserted were not duplicative.³ <u>Fireman's Fund</u>, 302 F.3d at 957.  In <u>Fireman's Fund</u>, the municipal defendant acted "in a single and consolidated effort" with the state.  <u>Id.</u> at 935. Because a claim against the municipality alone would have been subject to an Eleventh Amendment immunity defense, the court found that the official capacity claims were necessary and, therefore, distinct.  <u>Id.</u> at 957.  Here, in contrast, there is no such Eleventh Amendment concern or other potential bar to suit.

Plaintiffs' assertion that they must name multiple official capacity defendants because each of the different defendants has different responsibilities is not persuasive.⁴  (Opp. at 4.)  As discussed above, any judgment against any one official capacity defendant would impose liability on the county.  <u>See</u> <u>Brandon</u>, 469 U.S. at 471-472; <u>See</u> <u>also</u> <u>Coconut Beach Dev. LLC v. Baptiste</u>, 2008 WL 1867933 *4 (D.Haw. Apr. 28, 2008) ("The court . . . suggest[s] that when [Plaintiff] files its Amended Complaint, it consider naming the County but not the Official-Capacity Defendants, as any injunctive relief sought against the County will also bind all County employees in the performance of their official duties.").

---

³ Similarly, the court in <u>Coconut Beach Dev. LLC v. Baptiste</u>, 2008 WL 1867933 *4 (D.Haw. Apr. 28, 2008) allowed claims against official capacity defendants to proceed because the relevant local entity was not a party to the suit and, therefore, there were <u>no</u> duplicative claims.

⁴ Plaintiffs appear to misunderstand the nature of official capacity suits, arguing that an official capacity claim against an individual, unlike a local entity claim, requires proof of that individual's personal conduct.  (Opp. at 6-7 n.6.)  Plaintiffs' confusion appears to stem from a misreading of <u>Ashcroft v. Iqbal</u>, which involved individual capacity claims rather than official capacity claims.  <u>Iqbal</u>, 129 S.Ct. at 1948 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*.").

5

Because Plaintiffs' claims against Defendants Tanaka, Rhambo, and Burns in their respective official capacities are duplicative of the claim against Defendant Baca, the claims against Defendants Tanaka, Rhambo, and Burns are dismissed.

B. Sufficiency of the Pleadings

Defendants also contend that Plaintiffs' Complaint should be dismissed because it seeks an "obey the law" injunction, in violation of Federal Rule of Civil Procedure 65(d) and the Prison Litigation Reform Act ("PLRA"). (Mot. at 4.) Rule 65, however, governs the contents of preliminary injunctions, and does not set forth pleading standards. Nor does the PLRA.

In their Reply, Defendants contend that Plaintiffs' Complaint fails to meet Rule 8(a)(3)'s requirement that a claim state "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3); (Reply at 6-7.) The court disagrees. Plaintiffs' prayer for relief requests an injunction preventing Defendants from physically abusing or threatening inmates, requiring the development of an adequate use of force policy, requiring an adequate, unbiased investigation of all use of force incidents, and other relief. (Compl. at 75.) Plaintiff's prayer is sufficiently specific to provide Defendants with notice of the relief sought, as well as to yield an injunction sufficiently particular to satisfy Rule 65. See Del Webb Comms., Inc. v. Partington, 652 F.3d 1145, 1149-50 (9th Cir. 2011).

C. Motion to Strike

Defendants also move to strike several of Plaintiffs allegations under Federal Rule of Civil Procedure 12(f) as

6

immaterial or impertinent. Fed. R. Civ. P. 12(f); (Mot. at 6). Defendants seek to strike twenty-three paragraphs containing references to reports from the ACLU and other jail monitors and investigators, as well as references to television news and newspaper articles. The majority of the paragraphs in question also contain internet hyperlinks to the source material. Though the factual allegations contained in the disputed paragraphs are neither immaterial nor impertinent, Plaintiff's hyperlinks appear to bear no legitimate relationship to Plaintiffs' complaint and, contrary to Plaintiffs' assertion, are not necessary to meet Plaintiffs' burden under Iqbal. Accordingly, Defendants' Motion to Strike is granted with respect to all hyperlinks.

## IV. Conclusion

For the reasons stated above, Defendants' Motion to Dismiss and Request to Strike Plaintiffs' Complaint is GRANTED in part and DENIED in part. Plaintiffs' claims against Defendants Tanaka, Rhambo, and Burns are dismissed. All hyperlinks in Plaintiffs' Complaint are stricken. Plaintiffs shall file a complaint in accordance with this order forthwith.

IT IS SO ORDERED.

Dated: March 20, 2012

DEAN D. PREGERSON
United States District Judge