PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JUSTIN W. CLARK, State Bar No. 235477
jclark@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California  91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendant
Sheriff Leroy D. Baca, in his official capacity only

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ROSAS and JONATHAN GOODWIN, on their own behalf and on behalf of those similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> LEROY BACA, Sheriff of Los Angeles County Jails, <br><br> Defendant. | ) Case No. CV 12-00428 DDP (SHx) <br> ) <br> ) Honorable Dean D. Pregerson <br> ) <br> ) **DEFENDANT'S OPPOSITION TO** <br> ) **PLAINTIFFS' MOTION FOR** <br> ) **CLASS CERTIFICATION;** <br> ) **MEMORANDUM OF POINTS AND** <br> ) **AUTHORITIES IN SUPPORT** <br> ) **THEREOF** <br> ) <br> ) *[Evidentiary Objections filed* <br> ) *concurrently herewith]* <br> ) <br> ) Date:    April 23, 2012 <br> ) Time:    10:00 a.m. <br> ) Crtm:    3 <br> ) |

TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR

COUNSEL OF RECORD:

///

///

///

1

ROSAS\ Opp to Mtn for Class Cert

2

Defendant Sheriff Leroy Baca, in his official capacity only, submits the following Memorandum of Points and Authorities in opposition to Plaintiffs' Motion for Class Certification.

Dated:  March 26, 2012                    LAWRENCE BEACH ALLEN & CHOI, PC


By _____/s/  Justin W. Clark_____
            Paul B. Beach
            Justin W. Clark
            Attorneys for Defendant
            Sheriff Leroy D. Baca, in his official
            capacity only

2

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES..........................................1

I.    INTRODUCTION ......................................................................................1

II.   LEGAL STANDARD FOR CLASS CERTIFICATION ..........................2

III.  PLAINTIFFS HAVE FAILED TO CARRY THEIR BURDEN TO DEMONSTRATE ALL OF THE REQUIREMENTS FOR CLASS CERTIFICATION.......................................................................................2

    A.    Plaintiffs Have Failed To Prove That Their Claims Are Typical Of The Proposed Class ..........................................................3

    B.    Plaintiffs Have Failed To Carry Their Burden Under FRCP Rule 23(b)(2)...........................................................................................3

    C.    No Commonality Of Claims ................................................................4

IV.   CLASS CERTIFICATION SHOULD BE DENIED BECAUSE PLAINTIFFS HAVE FAILED TO ESTABLISH THAT THEY ARE ADEQUATE CLASS REPRESENTATIVES. .............................................5

    A.    The ACLU Cannot Be Appointed Class Counsel...............................5

    B.    Class Certification Should Be Denied Because Plaintiffs Lack Standing To Represent An Injunctive Relief Class, Which Also Makes Them Inadequate Class Representatives. **......................6**

V.    WHILE DEFENDANT MAINTAINS THAT PLAINTIFFS CANNOT SATISFY THE REQUIREMENTS FOR CLASS CERTIFICATION, DISCOVERY IS NEEDED FOR DEFENDANT TO ADEQUATELY OPPOSE PLAINTIFFS' ASSERTIONS OF THE COMMONALITY AND TYPICALITY OF THEIR CLAIMS. .........8

VI.   CLASS CERTIFICATION SHOULD BE DENIED AS UNNECESSARY OR, AT A MINIMUM, AS PREMATURE. ..................8

VII.  CONCLUSION. ........................................................................................9

ROSAS\ Opp to Mtn for Class Cert

# TABLE OF AUTHORITIES

**Cases**

*Califano v. Yamasaki,*
442 U.S. 682, S.Ct. 2545 (1979) ....................................................................................4

*City of Los Angeles v. Lyons,*
461 U.S. 95 (1983) .........................................................................................................7

*Di Julio v. Digicon, Inc.,*
339 F. Supp. 1284 (D. Md. 1971) ..................................................................................7

*Doninger v. Pac. Northwest Bell, Inc.,*
546 F.2d 1304 (9th Cir. 1977) .......................................................................................2

*General Tel. Co. v. Falcon,*
457 U.S. 147 (1982) ...................................................................................................2, 4

*Hanon v. Dataprods, Corp.,*
976 F.3d 48 (9th Cir. 1992) ...........................................................................................3

*Holmes v. Fisher,*
854 F.2d 229 (7th Cir. 1988) .........................................................................................7

*Rizzo v. Goode,*
423 U.S. 362 (1976) .......................................................................................................7

*Rutledge v. Electric Hose & Rubber Co.,*
511 F.2d 668 (9th Cir. 1975) .........................................................................................2

*Smith v. Montgomery County,*
573 F. Supp. 604 (D. Md. 1983) ....................................................................................7

*Wilcox Development Co. v. First Interstate Bank of Ore.,*
97 F.R.D. 440 (D. Ore. 1983) ........................................................................................2

**Rules**

Federal Rule of Civil Procedure 23 ...........................................................................2, 4, 7

Federal Rule of Civil Procedure 23(a) ...............................................................2, 3, 4, 7, 8

Federal Rule of Civil Procedure 23(b)(2) ..............................................................1, 2, 4, 8

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I.      Introduction

Class certification should be denied for several reasons.  First, it was Plaintiffs' burden to satisfy the requirements of Federal Rules of Civil Procedure Rule 23, and with respect to the typicality requirement and the additional requirements of Rule 23(b)(2), Plaintiffs have failed to carry their burden.  For this reason alone, this Motion should be denied.

Second, certification should be denied because the American Civil Liberties Union of Southern California ("ACLU") cannot be appointed class counsel, nor can any law firm with whom they have shared information concerning the operation of the Los Angeles County jails.  As a result, the adequacy of representation showing has also not been met.  As set forth in Defendant's concurrently filed Motion to Remove the ACLU as counsel for Plaintiffs, pursuant to the Court order in *Rutherford v. Baca*, U.S.D.C. Case No. CV 75-04111 DDP, the ACLU was and is prohibited from using, or making available for use in other litigation, information obtained from inmates and Sheriff's Department personnel through their access to the jails.  Based on Defendant's Motion to Remove the ACLU (the contents of which are incorporated herein by this reference), the adequacy of class representation requirement for certification fails and this Motion must be denied.

Third, Plaintiffs Rosas and Goodwin lack standing because they offer nothing more than speculation that they will suffer any harm in the future. Fourth, ignoring Plaintiffs' failure to carry their burden (which this Court should not do), discovery is needed for Defendant to be able to conclusively demonstrate that Plaintiffs' claims do not share common legal and factual issues with those of the proposed class, nor are they typical.  Finally, class certification is unnecessary and, at the very least, premature.  For all of these reasons, this Motion should be denied.

1

ROSAS\ Opp to Mtn for Class Cert

## II.    Legal Standard For Class Certification

A plaintiff who is invoking Rule 23 has the burden of showing that **all the prerequisites** to utilizing the class action procedure have been satisfied. *Doninger v. Pac. Northwest Bell, Inc.,* 546 F.2d 1304, 1308 (9th Cir. 1977) (emphasis added).  A class action "may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *General Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982).  If the action fails to meet one or more of the subdivision (a) prerequisites, it should be denied under Rule 23(c)(1).  *Rutledge v. Electric Hose & Rubber Co.,* 511 F.2d 668 (9th Cir. 1975).

Rules 23(a) and 23(b) require a plaintiff to overcome two hurdles before a court can grant class certification.  First, a plaintiff must satisfy all four (4) explicit requirements of Rule 23(a).   These prerequisites are: (1) numerosity of parties; (2) commonality of legal and factual issues; (3) typicality of claims and defenses of the class representatives; and, (4) adequacy of representation. Fed.R.Civ.P. 23(a).

Second, a plaintiff must establish that the action is appropriate under one of the subdivisions of Rule 23(b) (1), (2), or (3).  *Wilcox Development Co. v. First Interstate Bank of Ore.*, 97 F.R.D. 440, 443 (D. Ore. 1983).  For purposes of Plaintiffs' Motion, they seek class certification under Rule 23(b)(2) only.

## III.    Plaintiffs Have Failed To Carry Their Burden To Demonstrate All Of The Requirements For Class Certification.

It was Plaintiffs' burden to satisfy all of the requirements of Rule 23(a) and Rule 23(b)(2) and they have failed.  Specifically, Plaintiffs have failed to show that their claims are typical of the class and have failed to prove that Defendant has acted or refused to act on grounds applicable to the class as a whole.

///

///

2

ROSAS\ Opp to Mtn for Class Cert

## A.   Plaintiffs Have Failed To Prove That Their Claims Are Typical Of The Proposed Class

The typicality requirement under Rule 23(a) ensures that the representative parties' (the named Plaintiffs') interests are substantially aligned with those of absent class members. *Hanon v. Dataprods, Corp*., 976 F.3d 48 (9th Cir. 1992). Here, Plaintiffs failed to set forth how their interests align with those of the absent class members other than asserting that "[e]very inmate in the jails is at risk of being injured as a result of the unlawful practices that give rise to unrestrained violence…" (Motion, 19:14 -15.)  First, in asserting that Plaintiffs' claims are typical of the class, they offer only a single conclusory sentence that their claims are typical of the class.  Plaintiffs do not provide any explanation whatsoever and cite to the entirety of the named Plaintiffs' declarations without reference to any other evidence.  This cursory analysis is not even close to demonstrating typicality under Rule 23(a).  Essentially, Plaintiffs fail to explain how their claims are typical of those of the class.  Plaintiffs have the burden of proving typicality by showing that their interests are, in fact, substantially aligned with the class members and they have failed to do so.

## B.   Plaintiffs Have Failed To Carry Their Burden Under FRCP Rule 23(b)(2).

In addition to the requirements of Rule 23(a), Plaintiffs bear the burden of proving that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  FRCP Rule 23(b)(2).  Plaintiffs offer no evidence whatsoever to establish this requirement.  Indeed, this section of Plaintiffs' Motion does not include a single citation to evidence and only includes a one sentence of argument.  (Motion, 22:25 – 28.) Plaintiffs cite a number of authorities regarding this requirement; however, they failed to explain, even in a cursory manner, how Defendant has supposedly acted

3

ROSAS\ Opp to Mtn for Class Cert

or refused to act on grounds applicable to the class as a whole.  Class certification should be denied based on this failure as well.[1]

### C.    No Commonality Of Claims

Among the criteria identified by Rule 23(a) as "prerequisites to a class action" is the requirement that "there are questions of law or fact common to the class." Fed. R. Civ. Proc. 23(a)(2).  Accordingly, in order to justify class certification, there must exist issue(s) "common to the class as a whole," and relief must turn on questions of law applicable in the same manner to each member of the class. *General Tel. Co. v. Falcon*, 457 U.S. 147, 155 (1982). Thus, class certification is proper only where common issues of law and fact are of sufficient importance to the case that the court is convinced that the most efficient method of determining the rights of the parties is through a class action. *Califano v. Yamasaki*, 442 U.S. 682, 701, 99 S.Ct. 2545 (1979).

Here, Plaintiffs claim that "all members of the proposed class are at significant risk of brutal violence at the hands of deputies due to Defendants' systematic failure to implement policies and procedures…." (Motion, 6:8 – 11.) Most importantly, there is no evidence, admissible or otherwise, to even suggest that all class members have actually been subjected to harm.  Instead Plaintiffs seek to certify a class of inmates that are at risk of harm, without any evidence demonstrating any immediate threat.  This is insufficient to establish commonality.  How can the Court determine whether the named Plaintiffs' claims

---

[1] If Plaintiffs attempt to cure this defect in their reply papers, Defendant requests that the Court either not consider such briefing or provide Defendant with a meaningful opportunity to respond as Defendant would have had Plaintiffs properly addressed the issue in their moving papers.

4

ROSAS\ Opp to Mtn for Class Cert

are common of class members' claims when, even by Plaintiffs' own admission, most class members have not been harmed in any way.[2]

While Plaintiffs share, in a broad sense, the common denominator of claiming to have been subjected to the risk of excessive or and other forms of misconduct by Sheriff's Department personnel (assuming the truth of their declarations), the specifics of each alleged force incident further prevent a finding of commonality among class member claims. Indeed, each force incident is unique and based on the specifics of each such incident; some use of force may be reasonable and lawful, and other force may be excessive and unlawful. Despite Plaintiffs' claims to the contrary, the mere fact that an inmate was subjected to force by deputy personnel does not establish that the factual or legal questions in each force incident were sufficiently common.

## IV.    Class Certification Should Be Denied Because Plaintiffs Have Failed To Establish That They Are Adequate Class Representatives.

Plaintiffs cannot satisfy the "adequacy of representation" requirement for class certification for two reasons. First, based on existing Court orders in *Rutherford*, not only can the ACLU <u>not</u> be appointed class counsel, they must be removed as counsel in this action, along with any counsel with whom they have shared information. Second, Plaintiffs lack standing to represent an injunctive relief class.

### A.    The ACLU Cannot Be Appointed Class Counsel.

Filed concurrently with this Opposition is Defendant's Motion to Remove the ACLU as counsel in this case (as well as any firm with whom they have

---

[2] Defendant does not take Plaintiffs' allegations or those described in the inmate declarations lightly; however, until Defendant has investigated them, Defendant has no way of knowing whether the alleged incidents actually happened the way the declarants state. Defendant simply points out that Plaintiffs do not claim that all class members have actually been subjected to force nor is there any evidence proving an immediate threat of harm.

5

ROSAS\ Opp to Mtn for Class Cert

shared information), as counsel in this case.  In summary, in *Rutherford*, the ACLU and the Sheriff's Department agreed "that none of the statements made during inmate interviews or in discussions with Sheriff's staff [would be] used or made available for use in other litigation or for purposes other than [the *Rutherford*] litigation except by written stipulation or by order of this Court." (*See*, Declaration of Justin W. Clark filed in support of Defendant's Motion to Remove the ACLU, ¶ 3 - Exhibit "A" – "Interview Protective Order".) Defendant incorporates by reference all of the arguments set forth in Defendant's Motion to Remove the ACLU herein.  Given that the ACLU must be removed as counsel altogether, they cannot be appointed as counsel for the class.

**B.** **Class Certification Should Be Denied Because Plaintiffs Lack Standing To Represent An Injunctive Relief Class, Which Also Makes Them Inadequate Class Representatives.**

Plaintiffs Alex Rosas and Jonathan Goodwin [together, "Plaintiffs"] are inmates incarcerated in County jail.  (Complaint, ¶¶ 222, 229.)  They allege that on July 22, 2011, they witnessed several Sheriff's Department deputies using excessive force on inmate Arturo Fernandez.  (Complaint, ¶¶ 222, 230.)  Plaintiffs further allege that a few days after the incident, several deputies threatened them to not say anything about what they allegedly witnessed.  (Complaint, ¶ 223.)  Plaintiff Rosas alleges that on August 9, 2011, deputies searched his cell and planted an inmate-made weapon, and then filed false disciplinary charges against him.  (Complaint, ¶ 226.)  Plaintiff Goodwin alleges that on August 10, 2011, deputies used unprovoked and excessive force on him.  (Complaint, ¶¶ 232 – 234.)  Plaintiffs also claim that the above-referenced incidents were part of an on-going and persistent culture of unlawful deputy-on-inmate violence in the jails.  (Complaint, ¶¶ 3 – 14.)  Based on these allegations, Plaintiffs seek to represent all Los Angeles County jail inmates who are purported similarity situated.  As set forth below, class certification should be denied because Plaintiffs do not allege

6

and have not submitted any evidence proving that they are likely to suffer similar harm again. Essentially, Plaintiffs' entire claim is based on speculation, which is insufficient to confer standing to seek injunctive relief.

The United States Supreme Court has held that in order to state a justiciable case or controversy for injunctive or declaratory relief under Article III of the Constitution, a plaintiff must establish that he is threatened with future injury. *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983). The "threat of injury must be both '*real and immediate*' - not 'conjectural or hypothetical.'" *Id.* at 102 (emphasis added); *see also, Rizzo v. Goode*, 423 U.S. 362 (1976); *Holmes v. Fisher*, 854 F.2d 229, 232 (7th Cir. 1988); *Smith v. Montgomery County*, 573 F. Supp. 604 (D. Md. 1983).

Here, Plaintiffs have failed to submit evidence to support a finding they are likely to experience any harm in the future. In fact, Plaintiffs acknowledge that their claims "stem[] from their claim that Defendants have placed them at significant *risk* of physical abuse by failing to take appropriate steps to address the pattern of illegal force that they are aware of." (Plaintiffs' Motion, 2:8 – 11.) There is no proof, other than pure speculation, that the named Plaintiffs, or indeed, class members, will suffer the same type of alleged harm described in Plaintiffs' declarations. Absent such evidence that there is some real and immediate threat that they will be subject to the challenged conduct again in the future, any claim for injunctive relief is only speculative. Accordingly, Plaintiffs lack standing. Because they cannot seek injunctive relief on their own behalf, Plaintiffs cannot serve as class representatives for the proposed injunctive relief class. *See, Di Julio v. Digicon, Inc.*, 339 F. Supp. 1284, 1292 (D. Md. 1971) ("A party who lacks standing to sue on his own behalf may not assert claims on behalf of an alleged class of which he is not a member."). Thus, Plaintiffs have not demonstrated that they are adequate representatives of the class that they seek to represent. *See*, Rule 23(a).

7

**V.**     **While Defendant Maintains That Plaintiffs Cannot Satisfy The Requirements For Class Certification, Discovery Is Needed For Defendant To Adequately Oppose Plaintiffs' Assertions Of The Commonality And Typicality Of Their Claims.**

As set forth above, class certification should be denied because Plaintiffs have not met their burden of establishing the requirements of Rule 23(a) (typicality and commonality) and Rule 23(b)(2).  With that being said, Defendant believes that certification of a class, whether the Court grants Defendant's Motion to Remove the ACLU or not, is most likely a *fait accompli*.  This is due, in part, to the fact that Defendant simply does not currently have sufficient information to substantively respond to Plaintiffs' contentions regarding commonality and typicality.  Discovery is needed regarding Plaintiffs' claims as well as additional time for Defendant to gather and submit evidence regarding existing policies and procedures on the use of force in County jail, as well as recent efforts by the Sheriff's Department to improve such policies.  Defendant is confident that once reasonable discovery is completed, the evidence will demonstrate that class certification is improper.  If the Court grants certification, Defendant intends to challenge it in the future after Defendant has had a sufficient opportunity to compile and submit evidence regarding the true state of affairs in County jail.

**VI.**     **Class Certification Should Be Denied As Unnecessary Or, At A Minimum, As Premature.**

For the reasons articulated above, class certification should be denied.  At a minimum; however, class certification is premature and, in fact, unnecessary.  First, certification is premature because the pleadings have not yet been finalized.  At present, there is no operative pleading on file based on the Court's grant, in part, of Defendant's Motion to Dismiss Plaintiffs' Complaint.  (*See*, Docket No. 26.)  In addition, Plaintiffs seek only injunctive relief that makes class

8

certification unnecessary.  As the Court ruled on Defendant's Motion to Dismiss, assuming Plaintiffs (individually) prevail, any injunction herein would be against the County of Los Angeles and would bind all of its personnel.  (*Id*. at 5:11 – 14.) Accordingly, class certification does not advance judicial economy or efficiency and is altogether unnecessary.

## VII.  <u>Conclusion</u>.

For the reasons above, Plaintiffs' Motion for Class Certification should be denied.

Dated:  March 26, 2012                    LAWRENCE BEACH ALLEN & CHOI, PC


By _____/s/  Justin W. Clark_____
          Paul B. Beach
          Justin W. Clark
          Attorneys for Defendant
          Sheriff Leroy D. Baca, in his official
          capacity only

9

ROSAS\ Opp to Mtn for Class Cert