PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JUSTIN W. CLARK, State Bar No. 235477
jclark@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendant
Sheriff Leroy D. Baca, in his official capacity only

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ROSAS and JONATHAN GOODWIN, on their own behalf and on behalf of those similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> LEROY BACA, Sheriff of Los Angeles County Jails, <br><br> Defendant. | ) Case No. CV 12-00428 DDP (SHx) <br> ) <br> ) Honorable Dean D. Pregerson <br> ) <br> ) **DEFENDANT'S EVIDENTIARY** <br> ) **OBJECTIONS TO** <br> ) **DECLARATIONS AND OTHER** <br> ) **EVIDENCE SUBMITTED BY** <br> ) **PLAINTIFFS IN SUPPORT OF** <br> ) **THEIR MOTION FOR CLASS** <br> ) **CERTIFICATION** <br> ) <br> ) *[Opposition Memorandum of Points and* <br> ) *Authorities filed concurrently herewith]* <br> ) <br> ) Date: April 23, 2012 <br> ) Time: 10 a.m. <br> ) Crtm: 3 |

TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR

COUNSEL OF RECORD:

///

///

///

1

ROSAS\ Evid. Objs.

2

Defendant Sheriff Leroy D. Baca, in his official capacity only, ("Defendant") hereby submits the following Evidentiary Objections to the Declarations and other evidence submitted by Plaintiffs in support of their Motion for Class Certification.

Dated:  March 26, 2012   LAWRENCE BEACH ALLEN & CHOI, PC


By    /s/  Justin W. Clark
   Justin W. Clark
   Attorneys for Defendant
   Sheriff Leroy D. Baca, in his official
   capacity only

2

ROSAS\ Evid. Objs.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    DEFENDANT'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EXPERT DECLARATIONS.**

**A.    Evidentiary Objections To The Declaration Of Tom Parker.**

Plaintiffs submitted the Declaration of Tom Parker (Docket No. 20-8) in support of their Motion for Class Certification.  Defendant objection to this declaration as follows:

**1.    The Introduction of the Declaration, Paragraphs 1 Through 3.**

The "Introduction" to the Parker Declaration, paragraphs 1 through 3, lacks personal knowledge, foundation, is vague and ambiguous, speculative, and conclusory.

Defendant objects to paragraphs 1 through 3 of the Declaration on the following grounds:

- Objections to paragraphs 1and 2: Lacks personal knowledge.  Fed. R. Evid. Rule 602.  Lack of foundation.  Vague and ambiguous.  Conclusory.

- Objections to paragraph 3: Lacks personal knowledge.  Fed. R. Evid. Rule 602.  Lack of foundation.  Speculation.  Vague and ambiguous.  Conclusory.

**2.    Mr. Parker's "Executive Summary", Paragraphs 4 Through 23.**

Defendant objects to paragraphs 4 through 23 of the Declaration on the following grounds:

- Objection to paragraph 4: Lacks relevance. Fed. R. Evid. Rules 401-403.

- Objections to paragraph 5: Lacks personal knowledge.  Fed. R. Evid. Rule 602.  Lack of foundation.  Improper expert opinion.  Fed. R. Evid. Rule 702.

3

ROSAS\ Evid. Objs.

- Objections to paragraphs 6, 21, and 22: Lacks relevance. Fed. R. Evid. Rules 401-403. Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Improper expert opinion. Fed. R. Evid. Rule 702. Speculation. Vague and ambiguous. Conclusory.

- Objections to paragraph 7: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Speculation. Vague and ambiguous. Conclusory. Improper legal conclusion.

- Objections to paragraph 8: Lacks relevance. Fed. R. Evid. Rules 401-403. Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Improper expert opinion. Fed. R. Evid. Rule 702.

- Objections to paragraphs 9, 10, 11, 12, 13, 14, 16, 18, 19, 20, and 23: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Improper expert opinion. Fed. R. Evid. Rule 702. Speculation. Vague and ambiguous. Conclusory.

- Objections to paragraph 15: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Improper expert opinion. Fed. R. Evid. Rule 702. Hearsay. Fed. R. Evid. 802. Speculation. Vague and ambiguous. Conclusory.

- Objections to paragraph 17: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Hearsay. Fed. R. Evid. 802.

### 3. <u>The "Methodology" Section of Mr. Parker's Declaration, Paragraphs 37 Through 39.</u>

Defendant objects to the "Methodology" section of the Declaration, paragraphs 37 through 39, on the grounds that Mr. Parker's statements lack personal knowledge and are without foundation. Fed. R. Evid. Rule 602. Furthermore, this section of the Declaration is vague and ambiguous. (*See* Parker Decl., ¶¶ 38, 39).

4

ROSAS\ Evid. Objs.

In addition to these objections, Defendant objects to paragraphs 37 through 39 of the Declaration on the following grounds:

- Objections to paragraphs 37 and 38: Lack of foundation.
- Objections to paragraph 39: Lacks relevance.  Fed. R. Evid. Rules 401-403.  Lack of foundation.  Vague and ambiguous.  Conclusory.

### 4.    The "Inmate Declarations" Section Of The Declaration, Paragraphs 92 Through 101..

In the "Inmate Declarations of Violence, Misfeasance, and Malfeasance in Jails" section of the Declaration, paragraphs 92 through 101, Mr. Parker regurgitates various inmate declarations of which he has no personal knowledge.  Mr. Parker's statements are not based on his personal knowledge or expertise, are conclusory, and lack foundation.  Fed. R. Evid. Rule 602; Fed. R. Evid. Rule 702.  Rather, Mr. Parker's statements are inadmissible hearsay.  Fed. R. Evid. Rule 802.

The Parker Declaration also constitutes speculation.  For example, Mr. Parker states with no supporting information that the "inmate accounts of deputy abuse and cover-up that reach the ACLU monitors are probably only the tip of the iceberg."  (Parker Decl., ¶ 101).  Mr. Parker provides no supporting information for this statement that is not based on his personal knowledge.

Mr. Parker also apparently seeks to include a summary chart of the declarations of approximately 70 inmates as an exhibit to his Declaration.  (Parker Decl., ¶ 94; Exhibit "B").  Mr. Parker does not explain who prepared this summary chart, nor do the contents of the chart derive from his personal knowledge.  Therefore, Defendant objects to the inclusion of this chart as an exhibit because it is without foundation, vague, inadmissible hearsay, and is unsworn.  Fed. R. Evid. Rule 602; Fed. R. Evid. Rule 802; 28 U.S.C. § 1746.

Similarly, the section of Mr. Parker's Declaration entitled "Non-Inmate Witness Declarations and Statements", paragraphs 102 through 133, contains

5

ROSAS\ Evid. Objs.

inadmissible hearsay and facts of which Mr. Parker has no personal knowledge. For example, in paragraph 103 of the Declaration, Mr. Parker reports that in the declaration of Lim, she stated that while at Twin Towers in 2011 she "heard sounds of 'people scuffling around, sounds of fists hitting a body, thuds against the wall and other noises that sounded like a fight'" and that when she saw the inmate who was purportedly engaged in a struggle with deputies, she "felt he was unconscious." Apart from the issue that Ms. Lim could not have personal knowledge of what she did not see and of the medical condition of the inmate, Mr. Parker clearly has absolutely no personal knowledge of what Ms. Lim purportedly witnessed. Fed. R. Evid. Rule 602. Accordingly, Mr. Parker's description of such events constitutes inadmissible hearsay. Fed R. Evid. Rule 802.

In addition to these objections, Defendant objects to paragraphs 92 through 101 of the Declaration on the following grounds:

- Objections to paragraph 92: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Improper legal conclusion. Speculation. Vague and ambiguous. Conclusory.

- Objections to paragraphs 93, 95, 96, 97, 99, and 100: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Hearsay. Fed. R. Evid. 802.

- Objections to paragraph 94: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Hearsay. Fed. R. Evid. 802. Unsworn statement under penalty of perjury. 28 U.S.C. § 1746.

- Objections to paragraph 98: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Improper legal conclusion. Hearsay. Fed. R. Evid. 802. Speculation. Vague and ambiguous. Conclusory.

6

- Objections to paragraph 101: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Hearsay. Fed. R. Evid. 802. Speculation. Vague and ambiguous. Conclusory.

- Objections to paragraphs 102 and 130: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Improper expert opinion. Fed. R. Evid. Rule 702. Speculation. Vague and ambiguous. Conclusory.

- Objections to paragraphs 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 120, 121, 122, 123, 124, 125, 126, 127, 128, and 129: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Hearsay. Fed. R. Evid. 802. Speculation. Vague and ambiguous. Conclusory.

- Objections to paragraphs 117, 118, and 119: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Speculation. Vague and ambiguous. Conclusory.

- Objections to paragraphs 131 and 133: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Improper expert opinion. Fed. R. Evid. Rule 702. Speculation. Vague and ambiguous. Conclusory.

- Objections to paragraph 132: Lacks relevance. Fed. R. Evid. Rules 401-403. Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation.

### 5. **Paragraphs 134 Through 142 Of Mr. Parker's Declaration Regarding "Relevant News Media".**

The section of the Declaration entitled "Relevant News Media," paragraphs 134 through 142, is replete with inadmissible hearsay and lacks foundation. For example, the Declaration directly quotes a KTLA-TV news series, stating what the series reported as to what Deputy David Ortega purportedly said to another individual. (Parker Decl., ¶ 139). These statements are hearsay upon hearsay, and are not based on the personal knowledge of Mr. Parker.

7

ROSAS\ Evid. Objs.

In addition to these objections, Defendant objects to paragraphs 134 through 142 of the Declaration on the following grounds:

- Objections to paragraphs 134, 135, 137, 139, and 141: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Hearsay. Fed. R. Evid. 802.

- Objections to paragraphs 136 and 138: Lacks personal knowledge. Fed. R. Evid. Rule602. Lack of foundation. Hearsay. Fed. R. Evid. 802. Speculation. Vague and ambiguous. Conclusory.

- Objections to paragraph 140: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation.

- Objections to paragraph 142: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Improper expert opinion. Fed. R. Evid. Rule 702. Speculation. Vague and ambiguous. Conclusory. Improper legal conclusion.

### 6. Mr. Parker's Statements in Paragraphs 143 Through 160 Of His Declaration Regarding "Denials of LASD Culpability In Acts Of Violence in Los Angeles County Jails."

Defendant objects to paragraphs 143 through 160 of the Declaration on the following grounds:

- Objections to paragraph 143: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation.

- Objections to paragraphs 144, 146, 147, 148, 149, 150, 155, 156, and 159: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Hearsay. Fed. R. Evid. 802.

- Objections to paragraphs 145, 153, and 154: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Hearsay. Fed. R. Evid. 802. Speculation. Vague and ambiguous. Conclusory.

8

- Objections to paragraph 151: Lacks relevance.  Fed. R. Evid. Rules 401-403.  Lacks personal knowledge.  Fed. R. Evid. Rule 602.  Lack of foundation.  Improper expert opinion.  Fed. R. Evid. Rule 702.  .  Speculation.  Vague and ambiguous.  Conclusory.  Improper legal conclusion.

- Objections to paragraph 152: Lacks personal knowledge.  Fed. R. Evid. Rule 602.  Lack of foundation.  Improper expert opinion.  Fed. R. Evid. Rule 702.  Speculation.  Vague and ambiguous.  Conclusory.

- Objections to paragraph 157 and 158: Lacks relevance.  Fed. R. Evid. Rules 401-403.  Lacks personal knowledge.  Fed. R. Evid. Rule 602.  Lack of foundation.  Improper expert opinion.  Fed. R. Evid. Rule 702.  .  Speculation.  Vague and ambiguous.  Conclusory.

- Objections to paragraph 160: Lacks personal knowledge.  Fed. R. Evid. Rule 602.  Lack of foundation.  Hearsay. Fed. R. Evid. 802.  Unsworn statement under penalty of perjury.  28 U.S.C. § 1746.

> **7.    Paragraphs 161 Through  173 Of The Declaration, "Additional Litigation, Court Actions, And More Recent Media Coverage."**

In the "Additional Litigation, Court Actions, And More Recent Media Coverage" section of the Declaration, paragraphs 161 through 173, Mr. Parker largely quotes the opinion of a Ninth Circuit Case and two newspaper articles. (Parker Decl., ¶¶ 165-168).  Such statements lack foundation and are largely inadmissible hearsay.  Fed. R. Evid. Rules 602, 802.

In addition to these objections, Defendant objects to paragraphs 161 through 173 of the Declaration on the following grounds:

- Objections to paragraph 161: Lacks personal knowledge.  Fed. R. Evid. Rule 602.  Lack of foundation.  Hearsay. Fed. R. Evid. 802.  Speculation. Vague and ambiguous.  Conclusory.  Improper legal conclusion.

9

ROSAS\ Evid. Objs.

- Objections to paragraphs 162 and 163: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Hearsay. Fed. R. Evid. 802. Improper legal conclusion.

- Objections to paragraph 164: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Improper expert opinion. Fed. R. Evid. Rule 702. Speculation. Vague and ambiguous. Conclusory. Improper legal conclusion.

- Objection to paragraph 165: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Improper expert opinion. Fed. R. Evid. Rule 702. Hearsay. Fed. R. Evid. 802.

- Objections to paragraph 166: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Hearsay. Fed. R. Evid. 802.

- Objections to paragraphs 167 and 172: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Hearsay. Fed. R. Evid. 802. Speculation. Vague and ambiguous. Conclusory.

- Objections to paragraph 168: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Hearsay. Fed. R. Evid. 802. Speculation. Vague and ambiguous. Conclusory. Improper legal conclusion.

- Objections to paragraph 169: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Speculation. Vague and ambiguous.

- Objections to paragraph 170: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Hearsay. Fed. R. Evid. 802. Speculation.

- Objections to paragraph 171: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Hearsay. Fed. R. Evid. 802. Speculation. Improper legal conclusion.

- Objections to paragraph 173: Lacks relevance. Fed. R. Evid. Rules 401-403. Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of

10

ROSAS\ Evid. Objs.

foundation.  Improper expert opinion.  Fed. R. Evid. Rule 702.

Speculation.  Vague and ambiguous.  Conclusory.

### 8.    "Opinions and Conclusions" In Paragraphs 174 And 205.

Defendant objects to paragraphs 174 through 205 of the Declaration on the following grounds:

- Objections to paragraphs 174, 178, 185, 186, 188, 190, 191, 192, 194, 195, 197, 198, 200, 201, and 203: Lacks relevance.  Fed. R. Evid. Rules 401-403.  Lacks personal knowledge.  Fed. R. Evid. Rule 602.  Lack of foundation.  Improper expert opinion.  Fed. R. Evid. Rule 702.  Speculation.  Vague and ambiguous.  Conclusory.

- Objections to paragraphs 175, 180, 193, and 204: Lacks personal knowledge.  Fed. R. Evid. Rule 602.  Lack of foundation.  Improper expert opinion.  Fed. R. Evid. Rule 702.  Speculation.  Vague and ambiguous.  Conclusory.  Improper legal conclusion.

- Objections to paragraphs 176, 179, 181, 182, and 183:  Lacks personal knowledge.  Fed. R. Evid. Rule 602.  Lack of foundation.  Improper expert opinion.  Fed. R. Evid. Rule 702.  Speculation.  Vague and ambiguous.  Conclusory.

- Objections to paragraphs 177, 184, 187, 189, 196, 199, and 202: Lacks personal knowledge.  Fed. R. Evid. Rule 602.  Lack of foundation.  Improper expert opinion.  Fed. R. Evid. Rule 702.  Hearsay. Fed. R. Evid. 802.  Speculation.  Vague and ambiguous.  Conclusory.

- Objections to paragraph 205: Lacks personal knowledge.  Fed. R. Evid. Rule 602.  Lack of foundation.  Hearsay. Fed. R. Evid. 802.  Unsworn statement under penalty of perjury.  28 U.S.C. § 1746.

- Objections to paragraph 206: Lacks personal knowledge.  Fed. R. Evid. Rule 602.  Lack of foundation.  Improper expert opinion.  Fed. R. Evid.

11

Rule 702.  Hearsay. Fed. R. Evid. 802.  Speculation.  Vague and ambiguous.  Conclusory.

- Objections to paragraph 207: Lacks personal knowledge.  Fed. R. Evid. Rule 602.  Lack of foundation.  Improper expert opinion.  Fed. R. Evid. Rule 702.  Hearsay. Fed. R. Evid. 802.  Speculation.  Vague and ambiguous.  Conclusory.

**B.     Evidentiary Objections To The Declaration Of Toni V. Blair.**

Plaintiffs submitted the Declaration of Toni V. Blair ("the Declaration"; Docket No.20-2) in support of their Motion for Class Certification.  Defendant objects to this Declaration as follows:

- Objections to paragraph 10: lacks foundation; conclusory; speculation; lacks personal knowledge. Fed. R. Evid. Rule 602.
- Objections to paragraph 11: lacks foundation; conclusory; speculation; lacks personal knowledge. Fed. R. Evid. Rule 602.
- Objections to paragraph 12: lacks foundation; speculation; lacks personal knowledge. Fed. R. Evid. Rule 602.
- Objections to paragraph 13: hearsay; lacks personal knowledge.  Fed. R. Evid. Rules 602 and 802.
- Objections to paragraph 14: hearsay; lacks personal knowledge. Fed. R. Evid. Rules 602 and 802.
- Objections to paragraph 15: hearsay; lacks personal knowledge. Fed. R. Evid. Rules 602 and 802.
- Objections to paragraph 16: hearsay; lacks personal knowledge. Fed. R. Evid. Rules 602 and 802.
- Objections to paragraph 17: hearsay; lacks personal knowledge; speculative; conclusory. Fed. R. Evid. Rules 602 and 802.
- Objections to paragraph 18: hearsay; lacks personal knowledge; speculative; conclusory. Fed. R. Evid. Rules 602 and 802.

12

ROSAS\ Evid. Objs.

- Objections to paragraph 19: hearsay; lacks personal knowledge. Fed. R. Evid. Rules 602 and 802.

- Objections to paragraph 20: hearsay; lacks personal knowledge. Fed. R. Evid. Rules 602 and 802.

- Objections to paragraph 21: hearsay; lacks personal knowledge. Fed. R. Evid. Rules 602 and 802.

- Objections to paragraph 22: hearsay; lacks personal knowledge. Fed. R. Evid. Rules 602 and 802.

- Objections to paragraph 23: hearsay; lacks personal knowledge. Fed. R. Evid. Rules 602 and 802.

- Objections to paragraph 24: hearsay; lacks personal knowledge; speculation; lacks foundation. Fed. R. Evid. Rules 602 and 802.

- Objections to paragraph 25: hearsay; lacks personal knowledge; speculation; lacks foundation. Fed. R. Evid. Rules 602 and 802.

- Objections to paragraph 26: hearsay; speculation; lacks foundation; conclusory; lacks personal knowledge. Fed. R. Evid. Rules 602, 802.

- Objections to paragraph 27: hearsay; lacks personal knowledge; speculation; lacks foundation; conclusory. Fed. R. Evid. Rules 602 and 802.

- Objections to paragraph 28: hearsay; lacks personal knowledge; speculation; lacks foundation; conclusory. Fed. R. Evid. Rules 602 and 802.

- Objections to paragraph 29: lacks personal knowledge; speculation; lacks foundation; conclusory. Fed. R. Evid. Rule 602.

- Objections to paragraph 30: conclusory; speculation; lacks personal knowledge. Fed. R. Evid. Rule 602.

- Objections to paragraph 31: conclusory; speculation; lacks personal knowledge. Fed. R. Evid. Rule 602.

13

ROSAS\ Evid. Objs.

- Objections to paragraph 32: hearsay, lack personal knowledge; lacks foundation.  Fed. R. Evid. Rules 602, 802.

- Objections to paragraph 33: hearsay, lack personal knowledge; lacks foundation.  Fed. R. Evid. Rules 602, 802.

- Objections to paragraph 34: hearsay, lack personal knowledge; lacks foundation.  Fed. R. Evid. Rules 602, 802.

- Objections to paragraph 35: speculation, lacks foundation, lacks personal knowledge; conclusory.  Fed. R. Evid. Rule 602.

- Objections to paragraph 36: improper expert opinion; lacks foundation, conclusory; speculation; lacks personal knowledge; hearsay.  Fed. R. Evid. Rules 602, 702, 802.

- Objections to paragraph 37: lacks foundation, conclusory; speculation; hearsay; lacks personal knowledge.  Fed. R. Evid. Rules 602, 802.

- Objections to paragraph 38: lacks foundation, conclusory; speculation; lacks personal knowledge.  Fed. R. Evid. Rule 602.

- Objections to paragraph 39: lacks foundation, conclusory; speculation; lacks personal knowledge.  Fed. R. Evid. Rule 602.

- Objections to paragraph 40: lacks foundation; improper expert opinion; conclusory; speculation; lacks personal knowledge.  Fed. R. Evid. Rules 602 and 702.

- Objections to paragraph 41: lacks foundation; improper expert opinion; conclusory; speculation; lacks personal knowledge.  Fed. R. Evid. Rules 602 and 702

- Objections to paragraph 42: lacks foundation, conclusory; speculation; lacks personal knowledge.  Fed. R. Evid. Rule 602.

- Objections to paragraph 43: lacks foundation, conclusory; speculation; lacks personal knowledge.  Fed. R. Evid. Rule 602.

14

ROSAS\ Evid. Objs.

**C.      Evidentiary Objections To The Declaration Of Steve Martin.**

Plaintiffs submitted the Declaration of Steve Martin (Docket No.20-7) in support of their motion for class certification.  This purported expert declaration contains little more than vague, ambiguous, conclusory, and speculative assertions regarding LASD policies concerning use of force in the jails.  (*See,* Martin Decl., ¶¶ 8-13).  These statements contain little to no explanation as to the purported deficiencies in the current policies and, indeed, no explanation of how these alleged deficiencies can be cured.   Rather, Mr. Martin summarily opines about the need for "clear and detailed policies."  (*See,* Martin Decl., 10-13.)  For these reasons, and the reasons specifically set forth below, the Declaration of Steve Martin should be stricken in its entirety.

Objections to Paragraphs 8-9:  Conclusory, lacks foundation, vague and ambiguous.

Objections to Paragraphs 10-13: Speculative, conclusory, lacks foundation, vague and ambiguous, lacks personal knowledge. *See*, Fed. R. Evid. 602.

**II.     DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATIONS OF INMATES AND LAY WITNESSES.**

Plaintiffs submitted approximately 30 declarations from inmates and other lay witnesses in support of their Motion for Class Certification.  Given a short time to prepare their opposition papers, it would be impossible for Defendant to submit (and burdensome on the Court to review) individual objections to each declaration, Defendant submits the following chart laying out their objections to the many inmate declarations submitted by Plaintiffs.

The chart below contains six columns of objections.  Each row addresses the declaration of a particular inmate.  Each cell contains the paragraph numbers to which Defendant objects on the corresponding grounds laid out in each column.  The columns for objections are entitled "relevance", "lack of personal

15

ROSAS\ Evid. Objs.

knowledge", "improper expert opinion", "lack of foundation", "hearsay", and "miscellaneous." Each column is explained below.

### 1. Relevance ("Rel.").

This column is marked when Defendant contends that portions of an inmate declaration are irrelevant, as defined by Rules 401-403 of the Federal Rules of Evidence. Fed. R. Evid. Rules 401-403. For example, some of the lay witnesses make assertions regarding a deputy searching his cart or other general allegations that have nothing to do with the injunctive relief sought in the instant suit. Many inmate declarations include allegations that are similarly irrelevant. For example, in paragraph 5 of the Declaration of Jonathan Goodwin he includes the following: "The next day . . . I tried to pass a newspaper to someone in the cell across the row. Deputy Beas came by gave the newspaper to the inmate I was trying to pass the newspaper to . . ." (Exhibit N.) Superfluous allegations such as these are clearly irrelevant to Plaintiffs' claims for injunctive relief. *See,* Fed. R. Evid. Rules 401-403.

### 2. Lack of Personal Knowledge (Lack of P.K.).

This column is be marked if the declarant does not have personal knowledge of a matter discussed in his declaration in violation of Rule 602 of the Federal Rules of Evidence. Fed. R. Evid. Rule 602. This column is also marked when a declarant speculates as to the reason for certain occurrences or the treatment of other inmates. Fed. R. Evid. Rule 602.

### 3. Improper Expert Opinion.

This column is be marked if the declarant makes assertions regarding his medical condition and the treatment he requires as a result of this condition. The Federal Rules of Evidence require that a witness qualified as an expert must testify to matters pertaining to scientific or other specialized knowledge. Fed. R. Evid. Rule 702. None of the inmates or witnesses who submitted declarations are doctors or nurses. Therefore, they are in no way qualified to speak to their

16

medical condition or what is required to treat the condition.  Such testimony can only be made by medical professionals.  Fed. R. Evid. Rule 702.

**4.      Lack of Foundation (Lack of Found.).**

This column is marked if the declarant fails to a proper factual foundation to support an assertion.

**5.      Hearsay.**

This column is marked if the declaration includes inadmissible hearsay in violation of Rule 802 of the Federal Rules of Evidence.  Fed. R. Evid. Rule 802.

**6.      Miscellaneous Objections (Misc.).**

This column contains any other objections other than those addressed in the prior columns.  For example, a number of declarations are undated, in violation of 28 U.S.C. § 1746.  Furthermore, a number of declarations contain testimony that is vague, ambiguous, and conclusory.

| Declarant | 1. Rel. | 2. No P.K. | 3. Improper Expert Opinion | 4. Lack of Found. | 5. Hearsay | 6. Misc. |
|---|---|---|---|---|---|---|
| Ramiro Alvarez (Exhibit C) | ¶ 10 | ¶¶ 7-8, 10 | ¶¶ 6, 7, 9 | ¶¶ 3-9 | ¶¶ 5-9 | ¶¶ 3-8 (vague, ambiguous, conclusory) |
| Jon Bobier (Exhibit D) | ¶ 4-11 | ¶¶ 3, 4, 7 | ¶¶ 3-4, 9-10 | ¶ 3 | ¶ 3, 6, 8, 10 | ¶ 3, 7, 11 (conclusory) ¶ 5, 8 (improper legal opinion) |

17

ROSAS\ Evid. Objs.

| | | | | | | |
|---|---|---|---|---|---|---|
| Chris Brown (Exhibit E) | ¶¶ 3-20, 22-23, 27, 3, 40-43, 46 | ¶¶ 11, 18, 20, 24, 36-37, 38, 40, 43 | ¶20, 41 | ¶¶ 8-20, 27, 28, 37 | ¶¶ 24, 28, 32-33, 35-39, 41-43, 45 | ¶ 4 (diagram not properly authenticated) |
| Scott Budnick (Exhibit F) | ¶¶ 2, 4-6, 9, 11, 21 | ¶¶ 10, 13, 14, 18, 23-26 | | ¶¶ 8, 10, 13, 18, 20-21, 23-26 | ¶¶ 7, 12, 19, 20, 24, 26 | ¶¶ 3, 8, 10, 13, 18, 23 (conclusory) |
| Erik Camacho (Exhibit G) | ¶¶ 6, 8, 9, 13, 16, 23-25, 27, 30 | ¶ 25, 28 | ¶¶ 3-4, 12, 31, 32 | ¶ 25, 28, 31 | ¶¶ 5, 7, 9, 10, 11, 15, 25, 26, 29, 31 | |
| Michael Cervantes (Exhibit H) | ¶ 2 | ¶¶ 3-5, 8, 11 | ¶¶ 6, 9, 10 | ¶¶ 3-5, 8, 11 | ¶¶ 3, 7, 8 | ¶¶ 4, 8, 11 (conclusory) |
| Garry Crumpton (Exhibit I) | ¶ 12. | ¶¶ 7-8 | ¶¶ 5, 11, 12. | ¶¶ 7-8 | ¶¶ 10-11, 13-15. | |

18

ROSAS\ Evid. Objs.

| | | | | | |
|---|---|---|---|---|---|
| Chaplain Doe (Exhibit J) | ¶¶ 14, 18, 19, 23, 25, 26, 32, 34, 36, 37, 40, 41, 45, 49. | ¶¶ 4, 5, 11, 14, 30, 32, 34, 36, 46, 48. | | ¶¶ 4, 5, 14, 32, 34, 36, 46, 48. | ¶¶ 10, 12, 18, 19, 23, 27, 30, 37, 43, 44, 46, 48, 50. | ¶ 6 (diagram not properly authenticated) |
| Arturo Fernandez (Exhibit K) | ¶¶ 3, 8, 13, 15, 21, 22. | ¶¶ 5-6, 10, 12, 13, 14, 23. | ¶ 10, 11, 14, 22. | ¶ 10, 13. | ¶ 11, 13, 14, 17, 18, 19, 23. | |
| Macario Garcia (Exhibit L) | ¶¶ 6, 13, 20, 21, 22. | ¶¶ 5, 8, 9, 11, 24 | ¶¶ 17, 20, 25 | ¶¶ 5, 8, 9, 11, 24 | ¶¶ 5, 7, 9, 13, 17, 18, 20, 25 | ¶ 12, 16 (conclusory) |
| Darrell Garrett (Exhibit M) | ¶ 6 | ¶ 2 | ¶ 3 | ¶ 2 | ¶¶ 3, 5, 6, 7 | |

ROSAS\ Evid. Objs.

| | | | | | |
|---|---|---|---|---|---|
| Jonathan Goodwin (Exhibit N) | ¶¶ 3-5, 7-9, 11-15, 21, 35, 36, 38. 40-44. | ¶¶ 4-5, 12-17, 19, 23, 32, 34, 36. | ¶¶ 4, 28, 31, 32, 35, 36 | ¶¶ 2-4, 12, 13, 14, 32, 34, 36 | ¶¶ 6-8, 10, 14-16, 26, 27, 28, 32, 34, 37. | ¶¶ 2, 8, 14, 23, 24 (conclusory) |
| Gordon Grbavac (Exhibit O) | ¶¶ 2-8, 18, 20, 24 | ¶¶ 8, 13, 18, 19, 22, 23, 24 | ¶ 22, 29 | ¶¶ 8, 13, 18, 19, 22, 24 | ¶¶ 6, 10-13, 16-17, 19, 21, 22, 23, 24, 25, 27 | ¶ 29 (no photos attached as Exhibit 2) |
| Joseph Hager (Exhibit P) | ¶¶ 3, 4, 5, 9 | ¶¶ 3, 6, 7, 8 | ¶¶ 3, 6, 7 | ¶¶ 3, 6, 7, 8 | ¶¶ 5-6 | 28 U.S.C. § 1746 (failure to properly sign and date) |
| Michael Holguin (Exhibit Q) | ¶¶ 3, 5, 8, 9 | ¶¶ 7, 9 | ¶ 7 | ¶¶ 6, 7, 9 | ¶¶ 3, 6, 8 | ¶ 7 (conclusory) |
| Michael Jefferson (Exhibit R) | ¶¶ 3-6, 10, 11, 14-17, 19, 2-24 | ¶¶ 8, 9, 18, 21,22 | ¶¶ 3, 18, 19 | ¶¶ 8, 9, 22 | ¶¶ 3-5, 13, 23 | 28 U.S.C. § 1746 (failure to properly sign and date) |

20

ROSAS\ Evid. Objs.

| | | | | | | |
|---|---|---|---|---|---|---|
| Eefrom Jones (Exhibit S) | ¶¶ 8, 10, 12, 13 | ¶¶ 6, 7, 11 | ¶¶ 3, 4, 6, 7 | ¶ 6, 11 | ¶¶ 6, 7, 10, 11, 12, 13 | ¶ 6 (vague and ambigious) |
| Ravon Jones (Exhibit T) | ¶¶ 3, 5, 6, 9, 12, 30, 31 | ¶¶ 3, 7, 10, 11, 17, 19, 27, 33, 36, 37, 41, 42 | ¶ 24 | ¶¶ 3, 7, 10 , 11, 17, 19, 27, 33, 36, 37, 41, 42 | ¶¶ 4, 16, 18, 19, 20, 24, 27, 33, 36, 37, 41, 42 | |
| Paulino Juarez (Exhibit U) | ¶¶ 1, 4, 9, 12, 19, 20, 21, 27, 28, 39, 47, 49-51 | ¶¶ 3, 6, 9, 13, 16, 21, 23, 31, 33 | ¶ 50 | ¶¶ 3, 8, 9, 16-18, 23 | ¶¶ 7, 14, 22, 24, 25, 26, 29, 30, 33, 37, 41, 44, 47, 48 | ¶¶ 1, 9 (conclusory, vague, ambiguous) ¶¶ 2, 30 (Exhibit not properly authenticated; contents of report hearsay) |
| Alex Krehbiel (Exhibit V) | ¶¶ 3, 7-8, 11, 19, 23, 28 | ¶¶ 9, 11, 14, 24, 25 | ¶¶ 4, 29 | ¶ 14, 24 | ¶¶ 4, 21, 26, 27 | ¶¶ 17, 18, 20 (vague, ambiguous, conclusory) |

21

ROSAS\ Evid. Objs.

| | | | | | | |
|---|---|---|---|---|---|---|
| Esther Lim (Exhibit W) | ¶¶ 3, 21, 32, 49, 50, 52, 54-68 | ¶¶ 6, 17, 19, 21, 23, 24, 41-43, 58 | ¶¶ 70, 73 | ¶¶ 3, 6, 19, 21, 23, 24, 39, 40, 41-43, 58, 59, 73-77 | ¶¶ 6, 28, 52, 57, 58, 59, 64, 70, 71, 73-77 | ¶¶ 3, 4, 48, 49, 50, 52 (vague, ambiguous, conclusory) ¶ 10 (diagram not properly authenticated) |
| Thaddeus Love (Exhibit X) | ¶ 19 | ¶¶ 5, 7, 11, 13, 14 | | ¶¶ 5, 13, 14 | ¶¶ 5, 18 | ¶ 3 (conclusory) ¶ 4 (diagram not properly authenticared) |
| Juan Diego Mares (Exhibit Y) | ¶¶ 4-6, 8, 18 , 25 | ¶¶ 8, 10, 13, 15, 18, 21, 23, 24, 30, 31, 34 | ¶¶ 30, 31, 34 | ¶¶ 10, 15, 18, 30, 31, 34 | ¶¶ 8, 9, 15, 17-21, 23, 24, 27, 28, 30, 31, 34 | |
| Shawn Meyers (Exhibit Z) | ¶¶ 3, 4, 7-9, 15-22, 28 | ¶¶ 3, 5, 13, 18, 24, 26, 27 | ¶¶ 3, 5, 9 | ¶ 5, 13, 18, 26 | ¶¶ 12, 13, 14, 18, 24, 27 | ¶¶ 13, 18, 24 (conclusory, vague, and ambiguous) |
| Fred Nowden (Exhibit AA) | ¶ 4 | ¶¶ 4, 5, 6, 8 | | ¶¶ 5, 6, 8 | | ¶ 7 (vague, ambiguous, conclusory) |

22

ROSAS\ Evid. Objs.

| | | | | | | |
|---|---|---|---|---|---|---|
| Rashaad Pilgrim (Exhibit BB) | ¶¶ 6, 13, 14 | ¶¶ 4. 8, 14 | ¶ 11 | ¶ 8, 14 | ¶¶ 5, 6, 11, 12, 14 | |
| Alex Rosas (Exhibit CC) | ¶¶ 9, 18, 20 | ¶¶ 9, 12, 13, 15, 21, 23 | | ¶¶ 6, 9, 12, 13, 15, 21, 23 | ¶¶ 8, 14, 18, 19, 21, 22, 23, 24 | ¶¶ 3, 21 (vague, ambiguous, conclusory) ¶ 4(diagram not properly authenticated) |
| Mani Sadri (Exhibit DD) | ¶ 14-18 | ¶¶ 14-18, 22, 24, 25 | ¶ 14 | ¶¶ 14-18, 22, 24, 25 | ¶¶ 6-8, 11-14, 20, 21, 22, 25 | ¶ 18 (vague, ambiguous, conclusory) |
| Cameron Saul[1] (Exhibit EE) | ¶¶ 3, 5-7, 13-22 | ¶¶ 7, 8, 9, 11, 13, 15, 26 | ¶ 11, 13 | ¶ 7, 8, 11, 13, 15, 26 | ¶¶ 8, 12, 26 | ¶¶ 5, 8, 11-13, 15, 26 (conclusory) ¶17 (diagram not properly authenticated) |

[1]  Paragraphs 24 and 25 to the Declaration of Cameron Saul are omitted by Plaintiffs.

23

ROSAS\ Evid. Objs.

| Stephen Teran (Exhibit FF) | ¶ 28-29, 32, 41-43, 51, 58 | ¶¶ 3, 6, 9, 10, 18, 19, 23, 24, 28-31, 34, 43, 49, 50, 55, 68 | ¶¶ 3, 4, 26, 28, 34, 37, 39, 43, 49, 51, 66-67 | ¶¶ 6, 10, 12-14, 19, 20, 21, 24, 28-31, 37, 44-45, 60, 62 | ¶¶ 8, 11, 15, 19-22, 25, 39, 41, 48, 52, 56, 57, 61, 62, 66, 68 | ¶¶ 7, 39 (conclusory) |
|---|---|---|---|---|---|---|
| Eric White (Exhibit GG) | ¶¶ 2-3 | ¶¶ 5, 6, 8 | ¶ 8 | ¶ 5 | ¶ 8 | ¶¶ 5, 7 (conclusory) |

Dated:  March 26, 2012          LAWRENCE BEACH ALLEN & CHOI, PC


By      /s/  Justin W. Clark
               Justin W. Clark
               Attorneys for Defendant
               Sheriff Leroy D. Baca, in his official capacity only

24

ROSAS\ Evid. Objs.