PETER J. ELIASBERG (SB# 189110)
peliasberg@aclu-sc.org
MARISOL ORIHUELA (SB# 261375)
morihuela@aclu-sc.org
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
1313 W. 8th Street
Los Angeles, CA 90017
Phone:  (213) 977-9500
Fax:  (213) 977-5299

DONNA M. MELBY (SB# 86417)
donnamelby@paulhastings.com
JOHN S. DURRANT (SB# 217345)
johndurrant@paulhastings.com
JADE H. LEUNG (SB# 279651)
jadeleung@paulhastings.com
ELIZABETH C. MUELLER (SB# 278283)
bethmueller@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071-2228
Phone:  (213) 683-6000
Fax:  (213) 627-0705

MARGARET WINTER (D.C. Bar #174805) (admitted *pro hac vice*)
mwinter@npp-aclu.org
NATIONAL PRISON PROJECT OF THE AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th St., NW
Washington, D.C. 20005
Phone:  (202) 393-4930
Fax:  (202) 393-4931

Attorneys for Plaintiffs
ALEX ROSAS and JONATHAN GOODWIN, on behalf of themselves and of those similarly situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ROSAS and JONATHAN GOODWIN on behalf of themselves and of those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LEROY BACA, Sheriff of Los Angeles County Jails, et al.,<br><br>Defendant. | CASE NO. CV 12-00428 DDP (SHx)<br><br>**PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**<br><br>Date:    April 23, 2012<br>Time:    10:00 a.m.<br>Ctrm.:    3<br>Judge:    Hon. Dean D. Pregerson |

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ...................................................................................1

II. ARGUMENT ........................................................................................1

    A.  Commonality Is Satisfied.............................................................1

    B.  Typicality Is Satisfied .................................................................4

    C.  Adequacy Of Representation Is Satisfied .............................................5

    D.  Rule 23(b)(2) Is Satisfied...........................................................7

    E.  Defendant Is Not Entitled To Pre-Certification Discovery ..................8

    F.  Defendant's Argument That Certification Should Be Denied Because A Class Is "Unnecessary" Is Meritless..................................11

III. CONCLUSION ...................................................................................12

CASE NO. CV 12-00428 DDP (SHx)

PLAINTIFFS' REPLY ISO MOTION FOR CLASS CERTIFICATION

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*A & R Body Specialty v. Progressive Cas. Ins. Co.*,
No. 3:07CV929 (WWE), 2012 WL 40465 (D. Conn. Jan. 9, 2012) ................. 10

*Armstrong v. Davis*,
275 F.3d 849 (9th Cir. 2001) .......................................................................... 2, 5

*Baby Neal for and by Kanter v. Casey*,
43 F.3d 48 (3d Cir. 1994) ........................................................................... 2, 3, 4

*Blackie v. Barrack*,
524 F.2d 891 (9th Cir. 1975) ............................................................................ 10

*Bradley v. Harrelson*,
151 F.R.D. 422 (M.D. Ala. 1993) .................................................................... 3, 5

*Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*,
239 F.R.D. 9 (D.D.C. 2006) .............................................................................. 11

*Farmer v. Brennan*,
511 U.S. 825 (1994) ........................................................................................... 6

*Fujishima v. Bd. of Educ.*,
460 F.2d 1355 (7th Cir. 1972) ........................................................................... 11

*Geraghty v. United States Parole Comm'n*,
579 F.2d 238 (3d Cir. 1978), *vacated on other grounds*, *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388 (1980) ........................................................ 11

*Guckenberger v. Bos. Univ.*,
957 F. Supp. 306 (D. Mass. 1997)..................................................................... 12

*Helling v. McKinney*,
509 U.S. 25 (1993) .............................................................................................. 6

*In re New Motor Vehicles Canadian Exp.*,
No. MDL 1532, 2006 WL 623591 (D. Me. Mar. 10, 2006) ............................. 11

## TABLE OF AUTHORITIES
### (CONTINUED)

**Page(s)**

*Ingles v. City of New York*,
No. 01 Civ. 8279(DC), 2003 WL 402565 (S.D.N.Y. Feb. 20, 2003) .............5, 7

*Inmates of the Attica Corr. Facility v. Rockefeller*,
453 F.2d 12 (2d Cir. 1971) ...................................................................................5

*Johnson v. California*,
543 U.S. 499 (2005) ..............................................................................................2

*Krzesniak v. Cendant Corp.*,
No. C 05-05156 MEJ, 2007 U.S. Dist. LEXIS 47518 (N.D. Cal. June 20, 2007) ......................................................................................................................9

*Lewis v. Casey*,
518 U.S. 343 (1996) ............................................................................................12

*Los Angeles v. Lyons,*
461 U.S. 95 (1983) ................................................................................................6

*Mackey v. IBP, Inc.*,
167 F.R.D. 186 (D. Kan. 1996) ............................................................................9

*Nash v. City of Oakwood*,
90 F.R.D. 633 (S.D. Ohio 1981) ..........................................................................9

*Orantes-Hernandez v. Smith*,
541 F. Supp. 351 (C.D. Cal. 1982) .......................................................................2

*Perez-Funez v. District Director, Immigration and Naturalization Serv.*,
611 F. Supp. 990 (C.D. Cal. 1984) .......................................................................2

*Ramos v. Lamm*,
639 F.2d 559 (10th Cir. 1980) ..............................................................................6

*Reynolds v. Giuliani*,
118 F. Supp. 2d 352 (S.D.N.Y. 2000) ................................................................12

*Smith v. Arkansas Dep't of Corr.*,
103 F.3d 637 (8th Cir. 1996) ................................................................................6

CASE NO. CV 12-00428 DDP (SHx)  -iii-  PLAINTIFFS' REPLY ISO MOTION FOR CLASS CERTIFICATION

**TABLE OF AUTHORITIES**
**(CONTINUED)**

**Page(s)**

*Stolz v. United Broth. of Carpenters and Joiners of America, Local Union No. 971*,
620 F. Supp. 396 (D. Nev. 1985) ........................................................................9

*Tracy v. Dean Witter Reynolds, Inc.*,
185 F.R.D. 303 (D. Colo. 1998).........................................................................9

*United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers Int'l Union v. Conoco Phillips Co.*,
593 F.3d 802 (9th Cir. 2010).........................................................................9, 10

*Vergara v. Hampton*,
581 F.2d 1281 (7th Cir. 1978)..........................................................................11

*Wal-Mart Stores, Inc. v. Dukes*,
131 S. Ct. 2541 (2011) ...................................................................................1, 4

*Walters v. Reno*,
145 F.3d 1032 (9th Cir. 1998)............................................................................2

*Williams v. Veolia Transp. Servs., Inc.*,
No. 08 CV-2582 GW, 2008 U.S. Dist. LEXIS 112108 (C.D. Cal. Dec. 17, 2008) ................................................................................................................8

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure
Rule 23.....................................................................................................10, 11
Rule 23(a)(2)..................................................................................................1
Rule 23(a)(4).................................................................................................5
Rule 23(b)(2) ...............................................................................2, 3, 7, 11, 12

William B. Rubenstein, et al., Newberg on Class Actions § 2:10 (5th ed. 2011)..............................................................................................................12

## I.   INTRODUCTION

While conceding that certification of a class "is most likely a *fait accompli*,"[1] Defendant trots out a series of perfunctory arguments, often based on misstatements of black letter law, as to why class certification should be denied. All of these arguments lack merit, and Plaintiffs' Motion for Class Certification should be granted.

## II.   ARGUMENT

### A.   Commonality Is Satisfied.

Each member of the class pursues precisely the same claim – that Defendant has shown deliberate indifference to his safety in violation of the Eighth and Fourteenth Amendments – using precisely the same common evidence.[2]  On that basis alone, Plaintiffs have carried their burden to demonstrate commonality. "[F]or purposes of Rule 23(a)(2) [e]ven a single [common] question will do . . ." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2556 (2011) (citation and internal quotations omitted; second and third alterations in original).

Defendant nonetheless contends that commonality does not exist because (1) not "all class members have actually been subjected to harm," meaning that some of the roughly 8,000 members of the proposed class have not been beaten, and (2) "each force incident is unique and based on the specifics of each such incident . . . ." *See* Def. Op. at 4-5.  Defendant's contentions demonstrate a misunderstanding of the nature of Plaintiffs' legal claim – (1) each member of the plaintiff class has in fact been subjected to harm or is threatened with significant harm (as a result of  the Defendant's deliberate indifference) and (2) the factual differences in the *results* of

---

[1] Defendant makes no attempt to counter the five common issues of law and fact, discussed in detail in Plaintiffs' brief, that demonstrate the existence of commonality, all of which relate to the deliberate indifference claim.  Defendant's Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Class Certification ("Def. Op.") at 8 (ECF No. 27).

[2] Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Class Certification ("Pl. Mem.") at 7-18 (ECF No. 20-1).

CASE NO. CV 12-00428 DDP (SHx)          -1-          PLAINTIFFS' REPLY ISO MOTION FOR
CLASS CERTIFICATION

Defendant's deliberate indifference (a beating here, a different beating there) do not detract from the commonality of the indifference claim across the class; indeed, each of these disparate incidents will be evidence in support of every member of the class' claim.

Legally, differences of this nature create no impediment to a finding of commonality. The law is clear: Not every class member needs to be harmed, and those who are harmed need not be harmed identically. "[I]n a civil-rights suit, . . . individual factual differences among the individual litigants or groups of litigants will not preclude a finding of commonality." *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499 (2005); *Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998) ("It is sufficient if class members complain of a pattern or practice that is generally applicable to the class as a whole. Even if some class members have not been injured by the challenged practice, a [Federal Rule of Civil Procedure 23(b)(2)] class may nevertheless be appropriate."); *Baby Neal for and by Kanter v. Casey*, 43 F.3d 48, 61 (3d Cir. 1994) ("The differing degree and nature of the plaintiffs' injuries also do not preclude a finding of commonality."); *Perez-Funez v. District Director, Immigration and Naturalization Serv.*, 611 F. Supp. 990, 998 (C.D. Cal. 1984) (commonality in the Rule 23(b)(2) context does not require "that every member of the class has actually been injured by the opposing party"); *Orantes-Hernandez v. Smith*, 541 F. Supp. 351, 360-61, 371 (C.D. Cal. 1982) (class of immigrants subjected to "a variety of techniques used by INS agents to obtain consent to voluntary departure [from the United States], ranging from subtle persuasion to outright threats and misrepresentations," were "not required to show that these procedures and practices have been employed with respect to each class member").

Thus, for example, in *Baby Neal*, the Third Circuit held that commonality was satisfied in a Rule 23(b)(2) case in which a putative class of children under the

care of the Philadelphia Department of Human Services alleging that it was violating its statutory and constitutional obligations in the provision of child care services. The court rejected defendants' contention that individual differences among the alleged injuries suffered or threatened and the means by which those injuries were inflicted, *i.e.*, failure to develop appropriate case plans, failure to ensure proper care of children in foster homes, etc., defeated commonality. The court concluded that the individualized nature of each child's circumstances was immaterial because "where plaintiffs request declaratory and injunctive relief against a defendant engaging in a common course of conduct toward them, and there is therefore no need for individualized determinations of the propriety of injunctive relief." *Baby Neal*, 43 F.3d at 57. Similarly, in *Bradley v. Harrelson*, 151 F.R.D. 422 (M.D. Ala. 1993), a case alleging inadequate care for those with acute and serious mental health issues in state prison, the court held that commonality was satisfied even though there were differences among the severity and nature of the class members' mental illnesses. *Id.* at 426 ("Though there certainly may be some factual differences between the individual class members and the nature and severity of their illness, such individual differences do not defeat certification because there is no requirement that every class member be affected by the institutional practice or condition in the same way.")

The principle that individual factual differences among plaintiffs does not defeat commonality in a Rule 23(b)(2) case is particularly applicable in this case. The evidence of all the individual instances of abuse will be used to answer a question common to the class as a whole – is there a pattern of excessive and unnecessary force to which Defendant has demonstrated deliberate indifference? All class members will rely on the same evidence to prove the existence of the pattern.[3] In other words, because "determination of [the] truth or falsity [of this

---

[3] Defendant's commonality argument might make sense if Plaintiffs were seeking to certify a damages class action where the question for each plaintiff would be

question] will resolve an issue that is central to the validity of each" member of the class' deliberate indifference claim, commonality is satisfied. *Wal Mart*, 131 S. Ct. at 2551.

Moreover, whatever factual differences there are among the myriad incidents of abuse are irrelevant to the second part of the class' deliberate indifference claim – did the Defendant take reasonable steps to address the pattern of abuse? The evidence necessary to address that question are the LASD's policies on use of force, training on use of force, practices on review of force incidents and discipline for inappropriate use of force. That evidence is common to every member of the class because each of them is incarcerated in facilities operated by Defendant and his agents and each is subject to the same policies and practices. Whether Defendant and his agents took reasonable steps to address the alleged pattern of excessive force is a question that is central to the deliberate indifference claim of each member of the class, thereby satisfying commonality. *See id.* In other words, just as in *Baby Neal*, this case will address whether a course of conduct – here, in the form of policies, training, and investigation and discipline of use of force – that is common to the class as a whole, was consistent with the constitutional rights of every member of the class.

## B.    Typicality Is Satisfied.

To contest typicality, Defendant puts forth one paragraph and a single (incorrectly cited) case for the general proposition that the interests of class members must be aligned.[4] As Plaintiffs explained – and extensively documented – in their opening memorandum, the interests of class members are aligned because

---

whether the force used against him was excessive or unnecessary. And, differences among the incidents would result in there not being a common answer to the question of whether force was reasonable in each individual instance. But here the answer to the two fundamental common questions, whether there is a pattern of unnecessary and excessive force, and whether Defendant has been deliberately indifferent to that pattern will be the same for each member of the class.
[4] The correct citation for *Hanon v. Dataproducts* is 976 F.2d 497 (9th Cir. 1992).

CASE NO. CV 12-00428 DDP (SHx)          -4-          PLAINTIFFS' REPLY ISO MOTION FOR CLASS CERTIFICATION

all class members have a common interest in avoiding violent attacks by officers, a risk that is created by Defendant's unlawful policies.  Pl. Mem. at 18-19; *see also id*. at 7-18.  "We do not insist that the named plaintiffs' injuries be identical with those of the other class members . . . ."  *Armstrong*, 275 F.3d at 869; *see also* Pl. Mem. at 18-19 (citing additional cases for proposition that injuries need not be identical).  This litigation is no different from any number of other prison and jail cases in which classes have been certified, despite factual differences in the nature of individual injuries.[5]

Just as commonality is easily satisfied, even though there are factual distinctions among the myriad instances of excessive force described in the complaint and declarations submitted with the class certification motion, the claims of Messrs. Goodwin and Rosas are typical of the class' deliberate indifference claim.  Both of them contend that there is a pattern of abuse in the jails towards which Defendant has been deliberately indifferent, and each of them will rely on the same evidence as every other member of the putative class to prove his claim.

### C.    Adequacy Of Representation Is Satisfied.

To the extent Defendant contests adequacy of representation based on supposed violations of a stipulation, this argument is addressed in Plaintiffs' Opposition to Defendant's Motion to Disqualify Counsel, filed concurrently with the instant brief.  Assuming the Motion to Disqualify is denied, Defendant puts forth no argument or legal authority for their assertion that counsel is inadequate under Rule 23(a)(4).

Defendant's second argument – that the named Plaintiffs are not adequate class representatives because they lack standing – is incorrect.  Each named

---

[5]*See Inmates of the Attica Corr. Facility v. Rockefeller*, 453 F.2d 12, 24-25 (2d Cir. 1971) (finding "typicality" in lawsuit challenging excessive force by guards, despite individual factual differences); *Ingles v. City of New York*, No. 01 Civ. 8279(DC), 2003 WL 402565, at *5 (S.D.N.Y. Feb. 20, 2003) (same); *Bradley*, 151 F.R.D. at 426 ("[T]here is no requirement that every class member be affected by the [prison] practice or condition in the same way.").

Plaintiff has been both threatened and brutally attacked, Complaint ¶¶ 222-236 (ECF No. 1), and Plaintiffs cited extensive evidence that similar attacks on prisoners will occur in the future, Pl. Mem. at 7-18.  There is no requirement that a plaintiff must wait to be harmed before seeking relief – much less a requirement that the named Plaintiffs in this case must wait to be attacked *again*.  "[A] remedy for unsafe conditions need not await a tragic event."  *Helling v. McKinney*, 509 U.S. 25, 33 (1993).  *See also Farmer v. Brennan*, 511 U.S. 825, 845 (1994) (rejecting the argument that a prisoner must "suffer physical injury before obtaining court-ordered correction of objectively inhumane prison conditions," because "'[o]ne does not have to await the consummation of threatened injury to obtain preventive relief'") (quoting *Pennsylvania v. West Virginia,* 262 U.S. 553, 593 (1923)); *Ramos v. Lamm*, 639 F.2d 559, 572 (10th Cir. 1980) (a prisoner "does not need to wait until he is actually assaulted before obtaining relief"); *Smith v. Arkansas Dep't of Corr.*, 103 F.3d 637, 644 (8th Cir. 1996) (standing requirements satisfied where a prisoner "is subjected to an imminent threat of harm in these conditions").

Defendant's standing argument relies principally on *Los Angeles v. Lyons,* 461 U.S. 95 (1983), *cited in* Def. Op. at 7, but that decision is entirely inapplicable to a case about systemic violence in a prison or jail, as the Southern District of New York held in a similar action:

> For the following reasons, *Lyons* is different from this case. First, plaintiffs have alleged much more than an isolated instance of abuse by one or two DOC officers. Plaintiffs' amended complaint alleges supervisory complicity or acquiescence in abuse committed by officers and efforts by DOC personnel to cover up unprovoked assaults. Plaintiffs contend that a policy of excessive force existed at DOC facilities, and that inmates will suffer irreparable harm as so long as the policy exists.
> . . .
> Second, where Lyons was a member of the public, the instant plaintiffs

are prisoners subject to the continual control of DOC staff.

*Ingles*, 2003 WL 402565, at \*9.

### D. Rule 23(b)(2) Is Satisfied.

Defendant's one-paragraph discussion of Rule 23(b)(2) fails to cite any legal authority and baldly asserts that Plaintiffs "failed to explain, even in a cursory manner, how Defendant has supposedly acted or refused to act on grounds applicable to the class as a whole." Def. Op. at 3-4. In reality, Plaintiffs' opening brief clearly stated: "[T]he practice of high-level officials turning a blind eye to brutality inflicted on class members and failing to adopt the policies and practices necessary to ensure that there is not a pattern of excessive force in the Jails places *all class members* at risk of grave physical harm." Pl. Mem. at 22 (emphasis added).[6] This statement is consistent with the allegations in the Complaint and evidence submitted with Plaintiffs' motion, which demonstrate that Rule 23(b)(2) is satisfied. *See*, *e.g.*, First Amended Complaint ¶¶ 3, 5, 11, 18-19, 168-69, 172-80, 201-14 (filed Apr. 3, 2012); Declaration of Thomas Parker in Support of Plaintiffs' Motion for Class Certification ¶¶ 8-13 ("Parker Decl.") (ECF No. 20-8); Declaration of Steve Martin in Support of Plaintiffs' Motion for Class Certification ¶¶ 7-13 (ECF No. 20-7) ("Based on review of these [use of force] policies and my corrections experience, I have concluded that they are, first and foremost, disjointed

---

[6]*See also* Pl. Mem. at 12-13 ("Sheriff Baca, Undersheriff Tanaka, Chief Yim, and other Los Angeles County Sheriff's Department ('LASD') supervisors and command staff have been aware, and are currently aware, of the use of excessive force by correctional officers and the enlisting and encouraging by correctional officers of inmates to carry out savage attacks in the jails.") (footnote omitted); *id.* at 15 ("[T]he Defendants have been and continue to be deliberately indifferent to the use of excessive force by correctional officers and the enlisting and encouraging of inmates to carry out savage attacks in the Jails. They acquiesce in and condone this conduct by failing to promulgate adequate policies and training on the use of force. They also fail to put in place adequate policies and practices governing the review and investigation of use of force; they fail to punish deputies who engage in it; and they fail to take reasonable measures to end the culture of deputy violence that fosters this conduct, by protecting from criminal prosecution deputies who engage in such conduct, and by otherwise rewarding deputies who engage in such conduct.").

and unstructured, and as a consequence, fail to create a clear and comprehensive approach to manage staff use of force in the LA County jails.").

As one of Plaintiffs' experts, Thomas Parker, stated in a declaration submitted with the Motion for Class Certification:

> To an astonishing extent, unchecked violence, both deputy-on-inmate and inmate-upon-inmate, permeates Men's Central Jail and Twin Towers Jails, which are components of the Los Angeles County Jails, managed by the Los Angeles County Sheriff's Department under the leadership of Sheriff Leroy Baca.

> Sheriff Baca and his top management team LASD have essentially abdicated their responsibilities to provide a safe, secure, and corruption-free incarceration environment within the Los Angeles County Jail System.  This has resulted in a pattern of countless inmates' suffering severe injuries, maiming, and death, some caused by fellow inmates, but most often at the hands of, or with the acquiescence or assistance of, the deputy sheriffs who are their keepers.

Parker Decl. ¶¶ 9-10.

Defendant has ignored this showing rather than respond to it.

**E.      Defendant Is Not Entitled To Pre-Certification Discovery.**

Defendant has made no evidentiary showing that discovery, at this point, is necessary.  Defendant claims that he needs time to "compile and submit evidence regarding the true state of affairs in County jail."  Def. Op. at 8.  Such discovery is inappropriate at the class certification stage.  Pre-certification discovery is limited to evidence that is necessary or helpful to the *certification decision* only.  *See*, *e.g.*, *Williams v. Veolia Transp. Servs., Inc.*, No. 08 CV-2582 GW (AGRx), 2008 U.S. Dist. LEXIS 112108, at *4 (C.D. Cal. Dec. 17, 2008) (denying discovery request for party who failed to show discovery was "likely to produce substantiation of the

CASE NO. CV 12-00428 DDP (SHx)                    -8-                    PLAINTIFFS' REPLY ISO MOTION FOR CLASS CERTIFICATION

class allegations"); *Krzesniak v. Cendant Corp.*, No. C 05-05156 MEJ, 2007 U.S. Dist. LEXIS 47518, at \*35 (N.D. Cal. June 20, 2007) (refusing to compel production of employee contact list where plaintiffs had other sources of "adequate information to move for class certification . . ."); *Tracy v. Dean Witter Reynolds, Inc.*, 185 F.R.D. 303, 305 (D. Colo. 1998) (denying extended discovery to party who failed to show such discovery would reasonably yield support for class-wide allegations); *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 195-96 (D. Kan. 1996) (denying discovery because plaintiff failed to show a more "particularized need and relevance" for the requested information); *Stolz v. United Broth. of Carpenters and Joiners of America, Local Union No. 971*, 620 F. Supp. 396, 402 (D. Nev. 1985) (denying defendants' request for pre-certification discovery and stating, "[t]he Court need resort to an evidentiary hearing or allow discovery in the certification stage of a class action only where the record itself is insufficient to make the determination . . ."); *Nash v. City of Oakwood*, 90 F.R.D. 633, 636 (S.D. Ohio 1981) (pre-certification discovery "should be directed to, and thereby limited, as much as possible, to determining the maintainability of this cause as a class action").

In determining what evidence would be relevant, the court must consider the permissible scope of the merits inquiry at the class certification stage. "Although certification inquiries such as commonality, typicality, and predominance might properly call for some substantive inquiry, '[t]he court may not go so far . . . as to judge the validity of these claims.'" *United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers Int'l Union v. Conoco Phillips Co.*, 593 F.3d 802, 808-09 (9th Cir. 2010) (alterations in original) (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 954 (9th Cir. 2003)).

Defendant's request for pre-trial discovery is entirely insufficient in two ways. First, he has failed to explain what specific discovery he requires. *See, e.g.,*

*A & R Body Specialty v. Progressive Cas. Ins. Co.*, No. 3:07CV929 (WWE), 2012 WL 40465, at *1 (D. Conn. Jan. 9, 2012) (denying defendants' request for delay of class certification to allow for pre-certification discovery where "Defendants have not articulated a particularized need for the information to outweigh the burden at this stage of the litigation."). Second, Defendant has not explained how pre-certification discovery would assist in resolving the issue of class certification. At best, he appears to be seeking discovery to prove that he will ultimately prevail on the merits, which is not a valid basis for pre-certification discovery. *See, e.g.*, *United Steel, Paper & Forestry,* 593 F.3d at 808-09. As a result, Defendant's request that the Court delay ruling on certification so that he may conduct discovery should be denied.

Defendant's contention that certification should be delayed to allow him to "gather and submit evidence regarding existing policies and procedures on the use of force in County jail, as well as recent efforts by the Sheriff's Department to improve such policies" is incorrect. Def. Op. at 8. The evidence that Defendant wants to gather – policies and procedures on the use of force in the jails – is entirely in his control. Plaintiffs' counsel gave Defendant's counsel notice of their intent to file this motion on February 2, 2012. Declaration of John Durrant in Support of Plaintiffs' Motion for Class Certification ¶ 8 (ECF No. 20-3). Even if Defendant could show that this material was relevant to the class certification motion, he had ample time to gather this material prior to filing his opposition. Thus, there is no basis for his request to delay the resolution of this pending motion.

Moreover, as long as Plaintiffs submit sufficient material in their Complaint or in other materials for the Court to determine whether the requirements of Rule 23 have been met, there is no basis for delaying a ruling on class certification. *See* *Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975). The pleadings and

CASE NO. CV 12-00428 DDP (SHx)　　　　　-10-　　　　　PLAINTIFFS' REPLY ISO MOTION FOR CLASS CERTIFICATION

declarations submitted by Plaintiffs provide ample basis for the Court to determine if the proposed class meets the requirements of Rule 23.

### F. Defendant's Argument That Certification Should Be Denied Because A Class Is "Unnecessary" Is Meritless.

Defendant's contention that class certification should be denied as "unnecessary," Def. Op. at 8, misstates the law.  The notion that Plaintiffs must show necessity at all – an assertion for which Defendant provides no legal support – is incorrect, as class certification must be granted if the requirements of Rule 23 are met.  *See, e.g.*, *Geraghty v. United States Parole Comm'n*, 579 F.2d 238, 252 (3d Cir. 1978) ("The plaintiff here need not have proved that certification was 'necessary,' as the trial judge seemed to indicate, but only that there was compliance with the prerequisites of Rule 23."), *vacated on other grounds*, *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388 (1980); *Vergara v. Hampton*, 581 F.2d 1281, 1284 (7th Cir. 1978) ("[T]he rule in this circuit is that class certification may not be denied on the ground of lack of 'need' if the prerequisites of Rule 23 are met."); *Fujishima v. Bd. of Educ.*, 460 F.2d 1355, 1360 (7th Cir. 1972) (reversing district court where class certification was denied on the grounds that "there is no need for a class action . . ."); *Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*, 239 F.R.D. 9, 23 (D.D.C. 2006) ("As numerous courts have observed, whether certification is 'necessary' is not a question Rule 23 directs the courts to consider."); *In re New Motor Vehicles Canadian Exp.*, No. MDL 1532, 2006 WL 623591, at *8 (D. Me. Mar. 10, 2006) (stating that the First Circuit has expressly rejected the concept of a strict necessity requirement and stating that the proper test for certification under Rule 23(b)(2) is grounded in the text of the rule which centers around the appropriateness of injunctive or declaratory relief).

Moreover, even if necessity were a requirement for class certification – and it is not – class action litigation *is* necessary for two reasons.  First, jail populations

CASE NO. CV 12-00428 DDP (SHx)                -11-                PLAINTIFFS' REPLY ISO MOTION FOR CLASS CERTIFICATION

are by their nature fluid. As a result, a case brought only by individual plaintiffs could become moot upon their release from custody or transfer to state prison. Class certification is therefore necessary because certification enables an otherwise-mooted case to proceed. *See* William B. Rubenstein, et al., Newberg on Class Actions § 2:10 (5th ed. 2011) ("[O]nce an order granting or denying class certification has issued, a class action will not be mooted if the class representative's claim becomes moot—so long as a live controversy remains between the defendant and the represented class.") (citing *U.S. Parole Commission*, 445 U.S. at 404). *See also, Reynolds v. Giuliani*, 118 F. Supp. 2d 352, 391-92 (S.D.N.Y. 2000) (certification under Rule 23(b)(2) was necessary in a challenge to New York City's administration of its food stamp program because danger of mootness was high due to the fluid nature of the class); *Guckenberger v. Bos. Univ.*, 957 F. Supp. 306, 326-27 (D. Mass. 1997) (concluding that certification was appropriate in a case involving college students challenging university's policy because "[t]he danger of mootness is great enough in the instant litigation to necessitate class certification").

Second, demonstrating that two or three individual prisoners in a non-class action case were subjected to constitutional violations would provide no basis for the system-wide relief that Plaintiffs seek in this litigation. *See Lewis v. Casey*, 518 U.S. 343, 359 (1996) ("[T]wo instances were a patently inadequate basis for a conclusion of systemwide violation and imposition of systemwide relief.").[7]

## III.  CONCLUSION

For the foregoing reasons, Plaintiffs request that this Court grant the Motion for Class Certification.

---

[7] Defendant's argument that class certification is premature because "there is no operative pleading on file based on the Court's grant, in part, of Defendants' Motion to Dismiss Plaintiffs' Complaint," Def. Op. at 8, is also incorrect, as Plaintiffs have now filed an Amended Complaint pursuant to the Court's order of March 20, 2012.

DATED:  April 16, 2012

PETER J. ELIASBERG
MARISOL ORIHUELA
ACLU FOUNDATION OF SOUTHERN
CALIFORNIA

By:        /s/ Peter J. Eliasberg
              PETER J. ELIASBERG

Attorneys for Plaintiffs
ALEX ROSAS and JONATHAN GOODWIN on
behalf of themselves and of those similarly
situated

DATED:  April 16, 2012

MARGARET WINTER
NATIONAL PRISON PROJECT OF THE
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION

By:        /s/ Margaret Winter
              MARGARET WINTER

Attorneys for Plaintiffs
ALEX ROSAS and JONATHAN GOODWIN on
behalf of themselves and of those similarly
situated

DATED:  April 16, 2012

DONNA M. MELBY
JOHN S. DURRANT
JADE H. LEUNG
ELIZABETH C. MUELLER
PAUL HASTINGS LLP

By:        /s/ John S. Durrant
              JOHN S. DURRANT

Attorneys for Plaintiffs
ALEX ROSAS and JONATHAN GOODWIN on
behalf of themselves and of those similarly
situated