PETER J. ELIASBERG (SB# 189110)
peliasberg@aclu-sc.org
MARISOL ORIHUELA (SB# 261375)
morihuela@aclu-sc.org
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
1313 W. 8th Street
Los Angeles, CA 90017
Phone:  (213) 977-9500
Fax:  (213) 977-5299

DONNA M. MELBY (SB# 86417)              MARGARET WINTER (D.C. Bar
donnamelby@paulhastings.com             #174805) (admitted *pro hac vice*)
JOHN S. DURRANT (SB# 217345)            mwinter@npp-aclu.org
johndurrant@paulhastings.com            NATIONAL PRISON PROJECT OF
JADE H. LEUNG (SB# 279651)              THE AMERICAN CIVIL LIBERTIES
jadeleung@paulhastings.com              UNION FOUNDATION
ELIZABETH C. MUELLER (SB#               915 15th St., NW
278283)                                 Washington, D.C. 20005
bethmueller@paulhastings.com            Phone:  (202) 393-4930
PAUL HASTINGS LLP                       Fax:  (202) 393-4931
515 South Flower Street, 25th Floor
Los Angeles, CA  90071-2228
Phone:  (213) 683-6000
Fax:  (213) 627-0705

Attorneys for Plaintiffs
ALEX ROSAS and JONATHAN
GOODWIN, on behalf of themselves
and of those similarly situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ROSAS and JONATHAN GOODWIN on behalf of themselves and of those similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> LEROY BACA, Sheriff of Los Angeles County Jails, <br><br> Defendant. | CASE NO. CV 12-00428 DDP (SHx) <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND OTHER EVIDENCE SUBMITTED BY PLAINTIFFS IN SUPPORT OF THEIR MOTION FOR CLASS CERTIFICATION** |

Plaintiffs Alex Rosas and Jonathan Goodwin ("Plaintiffs") hereby reply to Defendant Leroy Baca's ("Defendant") Objections to Declarations and Other Evidence Submitted by Plaintiffs in Support of Their Motion for Class Certification. For the reasons stated below, Plaintiffs respectfully request that the Court overrule Defendant's objections.

## PLAINTIFFS' GENERAL RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS

When assessing a motion for class certification, the Court does not inquire whether Plaintiffs have adduced sufficient evidence to prevail on the merits of their civil rights claims. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974); *Blackie v. Barrack*, 524 F.2d 891, 900-01 (9th Cir. 1975). Rather, the Court inquires whether Plaintiffs' claims for injunctive relief address conduct that is generally applicable to the proposed class. Fed. R. Civ. P. 23(b)(2). The focus thus is on the *nature* of Plaintiffs' claims, minimizing the need to scrutinize evidence that will be adduced to support the claims. "To the extent an examination of the evidence in the record is necessary, the Court inquires *only* whether evidence exists to support Plaintiffs' claims, *not* whether the evidence can survive factual challenges levied by Defendants." *Anderson v. Garner*, 22 F. Supp. 2d 1379, 1382-83 (N.D. Ga. 1997) (emphasis added). In sum, the Court need only ensure, when considering the pleadings and information submitted outside of the pleadings "that the requirements of Rule 23 are met, not whether plaintiffs' claims are viable." *Telecomm Tech. Servs., Inc. v. Siemens Rolm Commc'ns, Inc.*, 172 F.R.D. 532, 543 (N.D. Ga. 1997).

Nevertheless, Defendant lodges more than 1,900 objections to the evidence submitted by Plaintiffs in Support of their Motion for Class Certification. Defendant's Objections consist mainly of boilerplate objections lodged without explanation or legal support. Such voluminous, unsupported objections appear

CASE NO. CV 12-00428 DDP (SHx)   -1-   PLAINTIFFS' RESP. TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND OTHER EVIDENCE

primarily designed to harass the Plaintiffs and unduly burden the Court, particularly since the vast majority of them are clearly frivolous.  For an example of Defendant's improper tactics, the Court need look no further than Defendant's very first objection to the Declaration of Tom Parker.  Paragraph 2 of the Parker Declaration reads as follows:

> 2.  I was subsequently provided with numerous documents, generally described above, by Mr. Eliasberg, and I also independently found other documents and literature, all of which I reviewed in pertinent part while doing my investigation, research, analysis, and preparation for this declaration.  I also conducted interviews with some of the declarants to analyze the information they provided. Based upon this review, I made various observations regarding allegations of violence and mistreatment against inmates by their guards and arrived at certain findings and conclusions as set forth hereinafter in this declaration.

Defendant objects to this paragraph on the following grounds:  "Lacks personal knowledge", "Lack of foundation", "Vague and ambiguous", and "Conclusory".

These objections are clearly frivolous.  First, there can be no plausible argument that Parker lacks personal knowledge or foundation sufficient to testify regarding the documents and literature that *he reviewed*, the interviews that *he conducted*, and the observations that *he made* to prepare his own declaration.  Next, there is simply nothing vague or ambiguous contained in this Paragraph.  Finally, Defendant's "conclusory" objection is improper for several reasons.  First, this Paragraph does not contain a conclusion, rather, it states that Mr. Parker came to some conclusions based on his review of various documents, literature and interviews.  Second, Mr. Parker's testimony is offered as an expert opinion; his testimony consists of a number of conclusions and opinions because that is its purpose.  Finally, even if Mr. Parker's declaration contains opinions or conclusions that bear on one of the ultimate issues in this case (certainly not the case in this

CASE NO. CV 12-00428 DDP (SHx)   -2-   PLAINTIFFS' RESP. TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND OTHER EVIDENCE

Paragraph), "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Fed. R. Evid. 704(a).

In sum, not only do each of Defendant's objections to Paragraph 2 of the Parker Declaration fail, they also appear to be made in bad faith because lawyers who have practiced for as many years as Messrs. Beach and Clark surely know that they are frivolous. This pattern continues throughout Defendant's entire 24-page pleading. Defendant even objects to the innocuous phrase, "My principal opinions and conclusions are as follows:" with four objections (relevance, personal knowledge, foundation, and expert opinion). *See* Defendant's Evidentiary Objections, objections to Paragraph 8 of the Parker Declaration, page 4.

Defendant is no doubt aware that his objections are unwarranted; he provides zero authority in support of his boilerplate objections, nor does he state with any specificity which portion of each paragraph he finds objectionable. *See* Fed. R. Evid. 103(a)(1) (requiring that objections state "the specific ground" of objection). This tactic not only prevents Plaintiffs from substantively responding to the objections, but it is also designed to harass the Plaintiffs and waste the Court's time. It should not be allowed.

Courts routinely reject these boilerplate objections out of hand, and the Court should do so here. *See Doe v. Starbucks, Inc.*, NO. SACV 08-0582 AG (CWx), 2009 U.S. Dist. LEXIS 118878, at *2-3 (C.D. Cal. Dec. 18, 2009) ("it is often unnecessary and impractical for a court to methodically scrutinize each objection and give a full analysis of each argument raised. This is especially true when many of the objections are boilerplate recitations of evidentiary principles or blanket objections without analysis applied to specific items of evidence."); *Capitol Records, LLC v. BlueBeat, Inc.*, 765 F. Supp. 2d 1198, 1200-01 (C.D. Cal. 2010) (same); *see also Californians for Disability Rights, Inc. v. Cal. Dep't of Transportation ("CALTRANS")*, 249 F.R.D. 334, 350 (N.D. Cal. 2008) (where

CASE NO. CV 12-00428 DDP (SHx)  -3-

PLAINTIFFS' RESP. TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND OTHER EVIDENCE

boilerplate objections were provided with no explanation, "[t]he summary, vague nature of these objections is grounds alone for the court to deny them"); *Communities Actively Living Independent and Free v. City of Los Angeles*, No. CV 09-0287 CBM (RZx), 2011 U.S. Dist LEXIS 118364, at *27-28 (C.D. Cal. Feb. 10, 2011) (summarily overruling all of the defendant's objections to the plaintiffs' declarations; "It is not the Court's responsibility to attempt to discern the City's grounds for objecting to evidence submitted by Plaintiffs where the City merely repeats the same categorical objections but provides little to no explanation as to why the subject evidence is objectionable.").

Should the Court determine it is necessary to rule on Defendant's objections, Plaintiffs have attempted to respond to each objection as follows:

## DECLARATION OF TOM PARKER

**Plaintiffs' Response:**

Many of Defendant's objections to the Declaration of Tom Parker may be dealt with summarily by the Court. To avoid unnecessarily repeating its responses hundreds of times, Plaintiffs respond generally to Defendant's "improper expert testimony", "lacks personal knowledge", "conclusory", and "hearsay" objections as follows and do not repeat the responses throughout the document:

- Expert Testimony: The Parker Declaration is offered as expert testimony to assist the Court. Mr. Parker's knowledge, skill, experience, training and education qualifying him as an expert are detailed in the declaration at Paragraphs 24-36. Defendant does not challenge Mr. Parker's qualifications, nor does Defendant offer evidence to negate his expert opinions. Each of Defendant's "improper expert opinion" objections fail.

- Personal Knowledge: Because Mr. Parker's declaration is offered as expert testimony, it need not be based upon his personal knowledge. *See* Fed. R. Evid. 701. All of Defendant's "lacks personal knowledge" objections should be summarily dismissed.

CASE NO. CV 12-00428 DDP (SHx)  -4-  PLAINTIFFS' RESP. TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND OTHER EVIDENCE

- Conclusory: In addition, because Mr. Parker's declaration is offered as expert testimony, it necessarily includes opinions and conclusions. Each of Mr. Parker's conclusions is based upon his expert knowledge, and a factual basis exists for each. This objection is improper and should be dismissed.
- Hearsay: An expert witness is permitted to state an opinion based on hearsay when the source of information is "of a type reasonably relied upon by similar experts in arriving at sound opinions on the subject." *United States v. McCollum*, 732 F.2d 1419, 1422 (9th Cir. Cal. 1984) (citing *United States v. Sims*, 514 F.2d 147, 149 (9th Cir. Cal. 1975); *see* Fed. R. Evid. 703. To the extent that Mr. Parker incorporates statements made by Defendant, his spokesperson Steve Whitmore, or his other agents, including LASD deputies, such statements are admissible party-opponent admissions; they are not hearsay. Fed. R. Evid. 801(d)(2).

**Paragraphs 1 Through 3 – Defendant's Objections:**

The "Introduction" to the Parker Declaration, paragraphs 1 through 3, lacks personal knowledge, foundation, is vague and ambiguous, speculative, and conclusory.

Defendant objects to paragraphs 1 through 3 of the Declaration on the following grounds:

- Objections to paragraphs 1 and 2: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Vague and ambiguous. Conclusory.
- Objections to paragraph 3: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Speculation. Vague and ambiguous. Conclusory.

**Plaintiffs' Response:**

- ¶ 1: The declarant provides foundation for this Paragraph within the Paragraph itself. He describes the documents and other information he examined "to assess allegations of physical abuse and excessive use of force against inmates" in the Jails. This Paragraph is neither vague nor ambiguous.

CASE NO. CV 12-00428 DDP (SHx)   -5-   PLAINTIFFS' RESP. TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND OTHER EVIDENCE

- ¶ 2: The declarant provides foundation for this Paragraph within the Paragraph itself. He describes the documents and other information he examined "regarding allegations of violence and mistreatment against inmates by their guards" in the Jails. This Paragraph is neither vague nor ambiguous.

- ¶ 3: The declarant provides foundation for this Paragraph within the Paragraph itself. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

**Paragraphs 4 Through 23 – Defendant's Objections:**

Defendant objects to paragraphs 4 through 23 of the Declaration on the following grounds:

- Objection to paragraph 4: Lacks relevance. Fed. R. Evid. Rules 401-403.

- Objections to paragraph 5: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Improper expert opinion. Fed. R. Evid. Rule 702.

- Objections to paragraphs 6, 21, and 22: Lacks relevance. Fed. R. Evid. Rules 401-403. Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Improper expert opinion. Fed. R. Evid. Rule 702. Speculation. Vague and ambiguous. Conclusory.

- Objections to paragraph 7: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Speculation. Vague and ambiguous. Conclusory. Improper legal conclusion.

- Objections to paragraph 8: Lacks relevance. Fed. R. Evid. Rules 401-403. Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Improper expert opinion. Fed. R. Evid. Rule 702.

- Objections to paragraphs 9, 10, 11, 12, 13, 14, 16, 18, 19, 20, and 23: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Improper

CASE NO. CV 12-00428 DDP (SHx) -6- PLAINTIFFS' RESP. TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND OTHER EVIDENCE

expert opinion. Fed. R. Evid. Rule 702. Speculation. Vague and ambiguous. Conclusory.

- Objections to paragraph 15: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Improper expert opinion. Fed. R. Evid. Rule 702. Hearsay. Fed. R. Evid. 802. Speculation. Vague and ambiguous. Conclusory.

- Objections to paragraph 17: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Hearsay. Fed. R. Evid. 802.

**Plaintiffs' Response:**

- ¶ 4: The declarant's professional background is relevant to provide the basis for his expert opinions and conclusions.

- ¶ 5: The declarant provides foundation for this Paragraph within the Paragraph itself. He describes the documents and other information he examined "to assess allegations of physical abuse, excessive use of force by deputies against inmates as well as deputy-instigated inmate-on-inmate abuse" within the Jails.

- ¶ 6: The declarant's opinion regarding the "volume and repetitive patterns of violence, misfeasance, and malfeasance" in the Jails is directly relevant to the allegations contained in Plaintiffs' Complaint. The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraph 4. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. The Paragraph is neither vague nor ambiguous.

- ¶ 7: The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraphs 1-4. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For

CASE NO. CV 12-00428 DDP (SHx)                -7-                PLAINTIFFS' RESP. TO DEFENDANT'S
EVIDENTIARY OBJECTIONS TO
DECLARATIONS AND OTHER EVIDENCE

these reasons, it is not speculative.  The Paragraph is neither vague nor ambiguous.  This Paragraph does not contain a conclusion requiring legal knowledge – it does not take a law degree to know that unnecessary deputy violence and abuse is not permitted against any individuals, whether they are convicted felons, pre-trial detainees, or anyone else.

- ¶ 8:  This Paragraph provides foundation for Paragraphs 9 through 23 and therefore is relevant.  The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraphs 1-4.

- ¶ 9:  The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraphs 1-4 This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration.  For these reasons, it is not speculative.  This Paragraph is neither vague nor ambiguous.

- ¶ 10:  The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraphs 1-4.  This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration.  For these reasons, it is not speculative.  This Paragraph is neither vague nor ambiguous.

- ¶ 11:  The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraphs 1-4.  This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration.  For these reasons, it is not speculative.  This Paragraph is neither vague nor ambiguous.

- ¶ 12:  The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraphs 1-4.  This Paragraph is based upon

the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration.  This Paragraph is neither vague nor ambiguous.

- ¶ 13:  The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraphs 1-4.  This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration.  For these reasons, it is not speculative.  This Paragraph is neither vague nor ambiguous.

- ¶ 14:  The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraphs 1-4.  This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration.  For these reasons, it is not speculative.  This Paragraph is neither vague nor ambiguous.

- ¶ 15:  The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraphs 1-4.  This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration.  For these reasons, it is not speculative.  This Paragraph is neither vague nor ambiguous.  The Kolts Commission Report falls within the hearsay exception for public records and reports.  Fed. R. Evid. 803(8)(C).  Alternatively, an expert witness is permitted to state an opinion based on hearsay.  *See* legal argument *supra*.

- ¶ 16:  The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraphs 1-4.  This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration.  For

these reasons, it is not speculative.  This Paragraph is neither vague nor ambiguous.

- ¶ 17:  The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraphs 1-4.  Merrick Bobb's reports (Mr. Bobb serves as Special Counsel to the Board of Supervisors to monitor the LASD) fall within the hearsay exception for public records and reports.  Fed. R. Evid. 803(8)(C).  Alternatively, an expert witness is permitted to state an opinion based on hearsay.  *See* legal argument *supra*.

- ¶ 18:  The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraphs 1-4.  This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration.  For these reasons, it is not speculative.  This Paragraph is neither vague nor ambiguous.

- ¶ 19:  The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraphs 1-4.  This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration.  For these reasons, it is not speculative.  This Paragraph is neither vague nor ambiguous.

- ¶ 20:  The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraphs 1-4.  This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration.  For these reasons, it is not speculative.  This Paragraph is neither vague nor ambiguous.

- ¶ 21:  The declarant's opinion regarding the Defendant's lack of accountability for the failures in the Jails is directly relevant to the allegations

CASE NO. CV 12-00428 DDP (SHx)                      -10-                      PLAINTIFFS' RESP. TO DEFENDANT'S
EVIDENTIARY OBJECTIONS TO
DECLARATIONS AND OTHER EVIDENCE

contained in Plaintiffs' Complaint, as well as Plaintiffs' prayer for injunctive relief. The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraphs 1-4. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 22: The declarant's opinion regarding the systemic nature of the problems of abuse in the Jails is directly relevant to the allegations contained in Plaintiffs' Complaint, as well as Plaintiffs' prayer for injunctive relief. The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraphs 1-4. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 23: The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraphs 1-4. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

**Paragraphs 37 Through 39 – Defendant's Objections:**

Defendant objects to the "Methodology" section of the Declaration, paragraphs 37 through 39, on the grounds that Mr. Parker's statements lack personal knowledge and are without foundation. Fed. R. Evid. Rule 602. Furthermore, this section of the Declaration is vague and ambiguous. (See Parker Decl., ¶¶ 38, 39).

CASE NO. CV 12-00428 DDP (SHx)     -11-     PLAINTIFFS' RESP. TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND OTHER EVIDENCE

In addition to these objections, Defendant objects to paragraphs 37 through 39 of the Declaration on the following grounds:

- Objections to paragraphs 37 and 38: Lack of foundation.
- Objections to paragraph 39: Lacks relevance.  Fed. R. Evid. Rules 401-403.  Lack of foundation.  Vague and ambiguous.  Conclusory.

**Plaintiffs' Response:**

- ¶ 37:  The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraphs 38-39, where he identifies the documents he reviewed and interviews he conducted to prepare his declaration.
- ¶ 38:  The declarant provides foundation for this Paragraph within the Paragraph itself.  He describes the documents and other information he examined to prepare his declaration.
- ¶ 39:  The declarant's professional background and the documents he reviewed to prepare his declaration are both relevant to provide the basis for the declarant's expert opinions and conclusions.  The declarant provides foundation for this Paragraph within the Paragraph itself.  He describes the documents and other information he examined to prepare his declaration.  This Paragraph is neither vague nor ambiguous.

**Paragraphs 92 Through 101 – Defendant's Objections:**

In the "Inmate Declarations of Violence, Misfeasance, and Malfeasance in Jails" section of the Declaration, paragraphs 92 through 101, Mr. Parker regurgitates various inmate declarations of which he has no personal knowledge. Mr. Parker's statements are not based on his personal knowledge or expertise, are conclusory, and lack foundation.  Fed. R. Evid. Rule 602; Fed. R. Evid. Rule 702. Rather, Mr. Parker's statements are inadmissible hearsay.  Fed. R. Evid. Rule 802.

The Parker Declaration also constitutes speculation.  For example, Mr. Parker states with no supporting information that the "inmate accounts of

PLAINTIFFS' RESP. TO DEFENDANT'S
EVIDENTIARY OBJECTIONS TO
DECLARATIONS AND OTHER EVIDENCE

deputy abuse and cover-up that reach the ACLU monitors are probably only the tip of the iceberg." (Parker Decl., ¶ 101). Mr. Parker provides no supporting information for this statement that is not based on his personal knowledge.

Mr. Parker also apparently seeks to include a summary chart of the declarations of approximately 70 inmates as an exhibit to his Declaration. (Parker Decl., ¶ 94; Exhibit "B"). Mr. Parker does not explain who prepared this summary chart, nor do the contents of the chart derive from his personal knowledge. Therefore, Defendant objects to the inclusion of this chart as an exhibit because it is without foundation, vague, inadmissible hearsay, and is unsworn. Fed. R. Evid. Rule 602; Fed. R. Evid. Rule 802; 28 U.S.C. § 1746.

Similarly, the section of Mr. Parker's Declaration entitled "Non-Inmate Witness Declarations and Statements", paragraphs 102 through 133, contains inadmissible hearsay and facts of which Mr. Parker has no personal knowledge. For example, in paragraph 103 of the Declaration, Mr. Parker reports that in the declaration of Lim, she stated that while at Twin Towers in 2011 she "heard sounds of 'people scuffling around, sounds of fists hitting a body, thuds against the wall and other noises that sounded like a fight" and that when she saw the inmate who was purportedly engaged in a struggle with deputies, she "felt he was unconscious." Apart from the issue that Ms. Lim could not have personal knowledge of what she did not see and of the medical condition of the inmate, Mr. Parker clearly has absolutely no personal knowledge of what Ms. Lim purportedly witnessed. Fed. R. Evid. Rule 602. Accordingly, Mr. Parker's description of such events constitutes inadmissible hearsay. Fed R. Evid. Rule 802.

In addition to these objections, Defendant objects to paragraphs 92 through 101 of the Declaration on the following grounds:

- Objections to paragraph 92: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Improper legal conclusion. Speculation. Vague and ambiguous. Conclusory.

- Objections to paragraphs 93, 95, 96, 97, 99, and 100: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Hearsay. Fed. R. Evid. 802.

- Objections to paragraph 94: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Hearsay. Fed. R. Evid. 802. Unsworn statement under penalty of perjury. 28 U.S.C. § 1746.

- Objections to paragraph 98: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Improper legal conclusion. Hearsay. Fed. R. Evid. 802. Speculation. Vague and ambiguous. Conclusory.

- Objections to paragraph 101: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Hearsay. Fed. R. Evid. 802. Speculation. Vague and ambiguous. Conclusory.

- Objections to paragraphs 102 and 130: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Improper expert opinion. Fed. R. Evid. Rule 702. Speculation. Vague and ambiguous. Conclusory.

- Objections to paragraphs 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 120, 121, 122, 123, 124, 125, 126, 127, 128, and 129: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Hearsay. Fed. R. Evid. 802. Speculation. Vague and ambiguous. Conclusory.

- Objections to paragraphs 117, 118, and 119: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Speculation. Vague and ambiguous. Conclusory.

- Objections to paragraphs 131 and 133: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Improper expert opinion. Fed. R. Evid. Rule 702. Speculation. Vague and ambiguous. Conclusory.

- Objections to paragraph 132: Lacks relevance. Fed. R. Evid. Rules 401-403. Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation.

CASE NO. CV 12-00428 DDP (SHx)          -14-          PLAINTIFFS' RESP. TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND OTHER EVIDENCE

**Plaintiffs' Response:**

- ¶ 92: The declarant provides foundation for this Paragraph within the Paragraph itself.  He describes the documents and other information he examined to prepare his declaration.  This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration.  For these reasons, it is not speculative.  This Paragraph is neither vague nor ambiguous.  This Paragraph does not contain a legal conclusion.

- ¶ 93: The declarant provides foundation for this Paragraph within the Paragraph itself.  He describes one of the documents he examined to prepare his declaration, the Memorandum of Points and Authorities In Support of Motion for Protective Order filed in *Rutherford v. Baca.*

- ¶ 94: The declarant provides foundation for this Paragraph within the Paragraph itself.  He describes some of the documents he examined to prepare his declaration, approximately 70 sworn inmate declarations.  The chart attached as Exhibit B to the Parker Declaration is a summary document the declarant used to prepare his expert opinion.  It need not be sworn or signed under penalty of perjury.

- ¶ 95: The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraph 94.

- ¶ 96: The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraph 94.

- ¶ 97: The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraph 94.

- ¶ 97: The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraph 94.  This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration.  For

CASE NO. CV 12-00428 DDP (SHx)                  -15-                  PLAINTIFFS' RESP. TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND OTHER EVIDENCE

these reasons, it is not speculative. This Paragraph does not contain a legal conclusion. This Paragraph is neither vague nor ambiguous.

- ¶ 99: The declarant provides foundation for this Paragraph within the Paragraph itself; he reviewed the Declaration of Carlos Ortiz as indicated at footnote 51.
- ¶ 100: The declarant provides foundation for this Paragraph in Paragraph 99.
- ¶ 101: The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraph 94. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.
- ¶ 102: The declarant provides foundation for this Paragraph within the Paragraph itself. He describes some of the documents he examined to prepare his declaration, court filings in *Rutherford v. Baca*. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.
- ¶ 103: The declarant provides foundation for this Paragraph in Paragraph 102, footnote 54. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.
- ¶ 104: The declarant provides foundation for this Paragraph in Paragraph 102, footnote 54. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not

speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 105: The declarant provides foundation for this Paragraph in Paragraph 102, footnote 54. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 106: The declarant provides foundation for this Paragraph in Paragraph 102, footnote 54. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 107: The declarant provides foundation for this Paragraph in Paragraph 102, footnote 54. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 108: The declarant provides foundation for this Paragraph in Paragraph 102, footnote 54. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 109: The declarant provides foundation for this Paragraph in Paragraph 102, footnote 54, and Paragraph 109, footnote 55. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 110: The declarant provides foundation for this Paragraph in Paragraph

102, footnote 54, and Paragraph 109, footnote 55. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 111: The declarant provides foundation for this Paragraph in Paragraph 102, footnote 54, and Paragraph 109, footnote 55. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 112: The declarant provides foundation for this Paragraph in Paragraph 112, footnote 56. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 113: The declarant provides foundation for this Paragraph in Paragraph 112, footnote 56. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 114: The declarant provides foundation for this Paragraph in Paragraph 112, footnote 56. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 115: The declarant provides foundation for this Paragraph in Paragraph 112, footnote 56. This Paragraph is based upon the declarant's professional

experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 116: The declarant provides foundation for this Paragraph within the Paragraph itself; the Declaration of Chaplain Paulino Juarez. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 117: The declarant provides foundation for this Paragraph in Paragraph 116. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 118: The declarant provides foundation for this Paragraph in Paragraph 116. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 119: The declarant provides foundation for this Paragraph in Paragraph 116. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 120: The declarant provides foundation for this Paragraph in Paragraph 116. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This

Paragraph is neither vague nor ambiguous.

- ¶ 121: The declarant provides foundation for this Paragraph in Paragraph 116. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 122: The declarant provides foundation for this Paragraph in Paragraph 116. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 123: The declarant provides foundation for this Paragraph in Paragraph 116. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 124: The declarant provides foundation for this Paragraph in Paragraph 116. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 125: The declarant provides foundation for this Paragraph in Paragraphs 116 and 125. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 126: The declarant provides foundation for this Paragraph within the Paragraph itself. He describes one of the documents he examined to prepare

CASE NO. CV 12-00428 DDP (SHx)     -20-     PLAINTIFFS' RESP. TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND OTHER EVIDENCE

his declaration; the Declaration of Chaplain Doe. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 127: The declarant provides foundation for this Paragraph in Paragraph 126. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 128: The declarant provides foundation for this Paragraph in Paragraph 126. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 129: The declarant provides foundation for this Paragraph in Paragraph 126. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 130: The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraph 143. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 131: The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraphs 1-4 and Paragraph 128. This

CASE NO. CV 12-00428 DDP (SHx)                    -21-                    PLAINTIFFS' RESP. TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND OTHER EVIDENCE

Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 132: Jeanne Woodford's professional experience and accolades are relevant to determine the credibility of the information she provided to the declarant, which the declarant incorporated into his expert opinions. The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraphs 1-4.

- ¶ 133: The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraph 132. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

**Paragraphs 134 Through 142 Regarding "Relevant News Media" – Defendant's Objections:**

The section of the Declaration entitled "Relevant News Media," paragraphs 134 through 142, is replete with inadmissible hearsay and lacks foundation. For example, the Declaration directly quotes a KTLA-TV news series, stating what the series reported as to what Deputy David Ortega purportedly said to another individual. (Parker Decl., ¶ 139). These statements are hearsay upon hearsay, and are not based on the personal knowledge of Mr. Parker.

In addition to these objections, Defendant objects to paragraphs 134 through 142 of the Declaration on the following grounds:

- Objections to paragraphs 134, 135, 137, 139, and 141: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Hearsay. Fed. R. Evid. 802.

PLAINTIFFS' RESP. TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND OTHER EVIDENCE

- Objections to paragraphs 136 and 138: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Hearsay. Fed. R. Evid. 802. Speculation. Vague and ambiguous. Conclusory.

- Objections to paragraph 140: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation.

- Objections to paragraph 142: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Improper expert opinion. Fed. R. Evid. Rule 702. Speculation. Vague and ambiguous. Conclusory. Improper legal conclusion.

**Plaintiffs' Response:**

- ¶ 134: The declarant provides foundation for this Paragraph within the Paragraph itself. He describes some of the information he examined to prepare his declaration. The "Gang Behind The Badge" news report is not offered for the truth of the matter asserted but rather to demonstrate that Defendant is aware of the allegations of deputy misconduct, and thus is not hearsay. Alternatively, an expert witness is permitted to state an opinion based on hearsay. *See* legal argument *supra*.

- ¶ 135: The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraph 134. The "Gang Behind The Badge" news report is not offered for the truth of the matter asserted but rather to demonstrate that Defendant is aware of the allegations of deputy misconduct, and thus is not hearsay. Alternatively, an expert witness is permitted to state an opinion based on hearsay. *See* legal argument *supra*.

- ¶ 136: The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraphs 134 and 136. Statements on the LASD's website are admissible party-opponent admissions, and are not hearsay. Fed. R. Evid. 801(d)(2). The "Gang Behind The Badge," "The World's Largest Street Gang" and others news reports are not offered for the

CASE NO. CV 12-00428 DDP (SHx)          -23-

truth of the matter asserted but rather to demonstrate that Defendant is aware of the allegations of deputy misconduct, and thus are not hearsay. Alternatively, an expert witness is permitted to state an opinion based on hearsay. *See* legal argument *supra*. This Paragraph is neither vague nor ambiguous.

- ¶ 137: The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraphs 134-136. Defendant Baca's statements are admissible party-opponent admissions, and are not hearsay. Fed. R. Evid. 801(d)(2)(A). The "Gang Behind The Badge," "The World's Largest Street Gang" and others news reports are not offered for the truth of the matter asserted but rather to demonstrate that Defendant is aware of the allegations of deputy misconduct, and thus are not hearsay. Alternatively, an expert witness is permitted to state an opinion based on hearsay. *See* legal argument *supra*.

- ¶ 138: The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraphs 134-137. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. The statements of Defendant's spokesperson Whitmore are admissible party-opponent admissions, and are not hearsay. Fed. R. Evid. 801(d)(2)(C). The "Gang Behind The Badge," "The World's Largest Street Gang" and others news reports are not offered for the truth of the matter asserted but rather to demonstrate that Defendant is aware of the allegations of deputy misconduct, and thus are not hearsay. Alternatively, an expert witness is permitted to state an opinion based on hearsay. *See* legal argument *supra*. This Paragraph is neither vague nor ambiguous.

- ¶ 139: The declarant provides foundation for this Paragraph throughout the

declaration, for example, in Paragraphs 134-137. The "Gang Behind The Badge," "The World's Largest Street Gang" and others news reports are not offered for the truth of the matter asserted but rather to demonstrate that Defendant is aware of the allegations of deputy misconduct, and thus are not hearsay. Alternatively, an expert witness is permitted to state an opinion based on hearsay. *See* legal argument *supra*.

- ¶ 140: The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraphs 134-139.

- ¶ 141: The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraphs 134-139. The statements of Defendant's spokesperson Whitmore are admissible party-opponent admissions, and are not hearsay. Fed. R. Evid. 801(d)(2)(C). The "Gang Behind The Badge," "The World's Largest Street Gang" and others news reports are not offered for the truth of the matter asserted but rather to demonstrate that Defendant is aware of the allegations of deputy misconduct, and thus are not hearsay. Alternatively, an expert witness is permitted to state an opinion based on hearsay. *See* legal argument *supra*.

- ¶ 142: The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraphs 134-141. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous. This Paragraph does not contain a legal conclusion.

**Paragraphs 143 Through 160 Regarding "Denials of LASD Culpability In Acts Of Violence in Los Angeles County Jails" – Defendant's Objections:**

Defendant objects to paragraphs 143 through 160 of the Declaration on the following grounds:

CASE NO. CV 12-00428 DDP (SHx)                                   -25-

- Objections to paragraph 143: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation.

- Objections to paragraphs 144, 146, 147, 148, 149, 150, 155, 156, and 159: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Hearsay. Fed. R. Evid. 802.

- Objections to paragraphs 145, 153, and 154: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Hearsay. Fed. R. Evid. 802. Speculation. Vague and ambiguous. Conclusory.

- Objections to paragraph 151: Lacks relevance. Fed. R. Evid. Rules 401-403. Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Improper expert opinion. Fed. R. Evid. Rule 702. Speculation. Vague and ambiguous. Conclusory. Improper legal conclusion.

- Objections to paragraph 152: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Improper expert opinion. Fed. R. Evid. Rule 702. Speculation. Vague and ambiguous. Conclusory.

- Objections to paragraph 157 and 158: Lacks relevance. Fed. R. Evid. Rules 401-403. Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Improper expert opinion. Fed. R. Evid. Rule 702. . Speculation. Vague and ambiguous. Conclusory.

- Objections to paragraph 160: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Hearsay. Fed. R. Evid. 802. Unsworn statement under penalty of perjury. 28 U.S.C. § 1746.

**Plaintiffs' Response:**

- ¶ 143: The declarant provides foundation for this Paragraph within the Paragraph itself. He describes some of the documents he examined to prepare his declaration, declarations of LASD Chief Deputy Dennis Burns and Commander Stephen Johnson.

- ¶ 144: The declarant provides foundation for this Paragraph throughout the

PLAINTIFFS' RESP. TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND OTHER EVIDENCE

declaration, for example, in Paragraph 143. The statements of Defendant's Chief Deputy Burns are admissible party-opponent admissions, and are not hearsay. Fed. R. Evid. 801(d)(2)(C) and (D). Alternatively, an expert witness is permitted to state an opinion based on hearsay. *See* legal argument *supra*.

- ¶ 145: The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraph 143. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. The statements of Defendant's Chief Deputy Burns are admissible party-opponent admissions, and are not hearsay. Fed. R. Evid. 801(d)(2)(C) and (D). Alternatively, an expert witness is permitted to state an opinion based on hearsay. *See* legal argument *supra*. This Paragraph is neither vague nor ambiguous.

- ¶ 146: The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraph 143. The statements of Defendant's Chief Deputy Burns are admissible party-opponent admissions, and are not hearsay. Fed. R. Evid. 801(d)(2)(C) and (D). Alternatively, an expert witness is permitted to state an opinion based on hearsay. *See* legal argument *supra*.

- ¶ 147: The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraph 143. The statements of Defendant's Chief Deputy Burns are admissible party-opponent admissions, and are not hearsay. Fed. R. Evid. 801(d)(2)(C) and (D). Alternatively, an expert witness is permitted to state an opinion based on hearsay. *See* legal argument *supra*.

- ¶ 148: The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraph 143. The statements of Defendant's

PLAINTIFFS' RESP. TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND OTHER EVIDENCE

Chief Deputy Burns are admissible party-opponent admissions, and are not hearsay. Fed. R. Evid. 801(d)(2)(C) and (D). Alternatively, an expert witness is permitted to state an opinion based on hearsay. *See* legal argument *supra*.

- ¶ 149: The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraphs 143-149. The LASD's policies fall within the hearsay exception for public records and reports and are thus admissible. Fed. R. Evid. 803(8). Alternatively, an expert witness is permitted to state an opinion based on hearsay. *See* legal argument *supra*.

- ¶ 150: The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraph 143. The statements of Defendant's Chief Deputy Burns are admissible party-opponent admissions, and are not hearsay. Fed. R. Evid. 801(d)(2)(C) and (D). Alternatively, an expert witness is permitted to state an opinion based on hearsay. *See* legal argument *supra*.

- ¶ 151: The declarant's opinion regarding the LASD's policies and practices regarding disclosing information related to investigations of deputy misconduct in the Jails is directly relevant to the allegations contained in Plaintiffs' Complaint. The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraphs 1-4. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous. This Paragraph does not contain a legal conclusion.

- ¶ 152: The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraphs 1-4. This Paragraph is based upon the declarant's professional experience and education, and the documents and

CASE NO. CV 12-00428 DDP (SHx)     -28-     PLAINTIFFS' RESP. TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND OTHER EVIDENCE

other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 153: The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraph 143. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. The statements of Defendant's Chief Deputy Burns are admissible party-opponent admissions, and are not hearsay. Fed. R. Evid. 801(d)(2)(C) and (D). Alternatively, an expert witness is permitted to state an opinion based on hearsay. *See* legal argument *supra*. This Paragraph is neither vague nor ambiguous.

- ¶ 154: The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraphs 143 and 154. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. The statements of Defendant's Chief Deputy Burns and Commander Stephen Johnson are admissible party-opponent admissions, and are not hearsay. Fed. R. Evid. 801(d)(2)(C) and (D). Alternatively, an expert witness is permitted to state an opinion based on hearsay. *See* legal argument *supra*. This Paragraph is neither vague nor ambiguous.

- ¶ 155: The declarant provides foundation for this Paragraph in Paragraph 155, footnote 61. The statements of Defendant's spokesperson Whitmore are admissible party-opponent admissions, and are not hearsay. Fed. R. Evid. 801(d)(2)(C). Alternatively, an expert witness is permitted to state an opinion based on hearsay. *See* legal argument *supra*.

- ¶ 156: The declarant provides foundation for this Paragraph in Paragraph

CASE NO. CV 12-00428 DDP (SHx)                    -29-

PLAINTIFFS' RESP. TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND OTHER EVIDENCE

154, footnote 60.  The statements of Defendant's Commander Johnson are admissible party-opponent admissions, and are not hearsay.  Fed. R. Evid. 801(d)(2)(C).  Alternatively, an expert witness is permitted to state an opinion based on hearsay.  *See* legal argument *supra*.

- ¶ 157:  The declarant's opinion regarding the Defendant's agents' responses to allegations of abuse in the Jails is directly relevant to the allegations contained in Plaintiffs' Complaint, as well as Plaintiffs' prayer for injunctive relief.  The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraphs 155-156.  This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration.  For these reasons, it is not speculative.  The statements of Defendant's spokesperson Whitmore and Commander Johnson are admissible party-opponent admissions, and are not hearsay.  Fed. R. Evid. 801(d)(2)(C).  Alternatively, an expert witness is permitted to state an opinion based on hearsay.  *See* legal argument *supra*.  This Paragraph is neither vague nor ambiguous.

- ¶ 158:  The declarant's opinion regarding the Defendant's agents' responses to allegations of abuse in the Jails is directly relevant to the allegations contained in Plaintiffs' Complaint, as well as Plaintiffs' prayer for injunctive relief.  The declarant establishes the foundation for this Paragraph in Paragraphs 143-144.  This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration.  For these reasons, it is not speculative.  This Paragraph is neither vague nor ambiguous.

- ¶ 159:  The declarant provides foundation for this Paragraph in Paragraph 159, footnote 62.  The Defendant's statements are admissible party-opponent

CASE NO. CV 12-00428 DDP (SHx)  -30-  PLAINTIFFS' RESP. TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND OTHER EVIDENCE

admissions, and are not hearsay.  Fed. R. Evid. 801(d)(2)(A).  Alternatively, an expert witness is permitted to state an opinion based on hearsay.  *See* legal argument *supra*.

- ¶ 160:  The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraph 159.  The Defendant's letter and chart are admissible party-opponent admissions, and are not hearsay.  Fed. R. Evid. 801(d)(2)(A).  Alternatively, an expert witness is permitted to state an opinion based on hearsay.  *See* legal argument *supra*.  Defendant's chart is a document upon which the declarant relied in preparing his expert opinion; it need not be sworn under penalty of perjury.

**Paragraphs 161 Through 173 Regarding "Additional Litigation, Court Actions, And More Recent Media Coverage" – Defendant's Objections:**

In the "Additional Litigation, Court Actions, And More Recent Media Coverage" section of the Declaration, paragraphs 161 through 173, Mr. Parker largely quotes the opinion of a Ninth Circuit Case and two newspaper articles. (Parker Decl., ¶¶ 165-168).  Such statements lack foundation and are largely inadmissible hearsay.  Fed. R. Evid. Rules 602, 802.  In addition to these objections, Defendant objects to paragraphs 161 through 173 of the Declaration on the following grounds:

- Objections to paragraph 161: Lacks personal knowledge.  Fed. R. Evid. Rule 602.  Lack of foundation.  Hearsay.  Fed. R. Evid. 802.  Speculation.  Vague and ambiguous.  Conclusory.  Improper legal conclusion.
- Objections to paragraphs 162 and 163: Lacks personal knowledge.  Fed. R. Evid. Rule 602.  Lack of foundation.  Hearsay.  Fed. R. Evid. 802.  Improper legal conclusion.
- Objections to paragraph 164: Lacks personal knowledge.  Fed. R. Evid. Rule 602.  Lack of foundation.  Improper expert opinion.  Fed. R. Evid. Rule 702.  Speculation.  Vague and ambiguous.  Conclusory.  Improper legal

conclusion.

- Objection to paragraph 165: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Improper expert opinion. Fed. R. Evid. Rule 702. Hearsay. Fed. R. Evid. 802.

- Objections to paragraph 166: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Hearsay. Fed. R. Evid. 802.

- Objections to paragraphs 167 and 172: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Hearsay. Fed. R. Evid. 802. Speculation. Vague and ambiguous. Conclusory.

- Objections to paragraph 168: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Hearsay. Fed. R. Evid. 802. Speculation. Vague and ambiguous. Conclusory. Improper legal conclusion.

- Objections to paragraph 169: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Speculation. Vague and ambiguous.

- Objections to paragraph 170: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Hearsay. Fed. R. Evid. 802. Speculation.

- Objections to paragraph 171: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Hearsay. Fed. R. Evid. 802. Speculation. Improper legal conclusion.

- Objections to paragraph 173: Lacks relevance. Fed. R. Evid. Rules 401-403. Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Improper expert opinion. Fed. R. Evid. Rule 702. Speculation. Vague and ambiguous. Conclusory.

**Plaintiffs' Response:**

- ¶ 161: The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraphs 161-173. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his

declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous. This Paragraph does not contain a legal conclusion.

- ¶ 162: The declarant provides foundation for this Paragraph in Paragraph 161. This Paragraph does not contain a legal conclusion other than reporting the decision of the Honorable George H. Wu of the Central District of California.

- ¶ 163: The declarant provides foundation for this Paragraph in Paragraph 163, footnote 64. This Paragraph does not contain a legal conclusion other than reporting a decision of the United States Court of Appeals for the Ninth Circuit.

- ¶ 164: The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraphs 161-173. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous. This Paragraph does not contain a legal conclusion.

- ¶ 165: The declarant provides foundation for this Paragraph within the Paragraph itself.

- ¶ 166: The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraph 165.

- ¶ 167: The declarant provides foundation for this Paragraph within the Paragraph itself. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. The statements of Defendant's spokesperson Whitmore are admissible party-opponent admissions, and are not hearsay. Fed. R. Evid.

CASE NO. CV 12-00428 DDP (SHx)                    -33-                    PLAINTIFFS' RESP. TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND OTHER EVIDENCE

801(d)(2)(C). Alternatively, an expert witness is permitted to state an opinion based on hearsay. *See* legal argument *supra*. This Paragraph is neither vague nor ambiguous.

- ¶ 168: The declarant provides foundation for this Paragraph within the Paragraph itself. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous. This Paragraph does not contain a legal conclusion.

- ¶ 169: The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraph 168. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 170: The declarant provides foundation for this Paragraph within the Paragraph itself. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative.

- ¶ 171: The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraph 170. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph does not contain a legal conclusion.

- ¶ 172: The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraphs 170-171. This Paragraph is based

CASE NO. CV 12-00428 DDP (SHx)                    -34-                    PLAINTIFFS' RESP. TO DEFENDANT'S
                                                                          EVIDENTIARY OBJECTIONS TO
                                                                          DECLARATIONS AND OTHER EVIDENCE

upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph does not contain hearsay. However, to the extent that it does, an expert witness is permitted to state an opinion based on hearsay. *See* legal argument *supra*. This Paragraph is neither vague nor ambiguous.

- ¶ 173: The declarant's opinion regarding the Defendant's "arrogant practice of obstructionism and obfuscation" is directly relevant to the allegations contained in Plaintiffs' Complaint. The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraph 172. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

**Paragraphs 174 And 205 Including "Opinions And Conclusion" – Defendant's Objections:**

Defendant objects to paragraphs 174 through 205 of the Declaration on the following grounds:

- Objections to paragraphs 174, 178, 185, 186, 188, 190, 191, 192, 194, 195, 197, 198, 200, 201, and 203: Lacks relevance. Fed. R. Evid. Rules 401-403. Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Improper expert opinion. Fed. R. Evid. Rule 702. Speculation. Vague and ambiguous. Conclusory.

- Objections to paragraphs 175, 180, 193, and 204: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Improper expert opinion. Fed. R. Evid. Rule 702. Speculation. Vague and ambiguous. Conclusory. Improper legal conclusion.

- Objections to paragraphs 176, 179, 181, 182, and 183: Lacks personal

knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Improper expert opinion. Fed. R. Evid. Rule 702. Speculation. Vague and ambiguous. Conclusory.

- Objections to paragraphs 177, 184, 187, 189, 196, 199, and 202: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Improper expert opinion. Fed. R. Evid. Rule 702. Hearsay. Fed. R. Evid. 802. Speculation. Vague and ambiguous. Conclusory.

- Objections to paragraph 205: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Hearsay. Fed. R. Evid. 802. Unsworn statement under penalty of perjury. 28 U.S.C. § 1746.

- Objections to paragraph 206: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Improper expert opinion. Fed. R. Evid. Rule 702. Hearsay. Fed. R. Evid. 802. Speculation. Vague and ambiguous. Conclusory.

- Objections to paragraph 207: Lacks personal knowledge. Fed. R. Evid. Rule 602. Lack of foundation. Improper expert opinion. Fed. R. Evid. Rule 702. Hearsay. Fed. R. Evid. 802. Speculation. Vague and ambiguous. Conclusory.

**Plaintiffs' Response:**

- ¶ 174: The declarant's opinion regarding the "pattern of violence, misfeasance, and malfeasance" in the Jails is directly relevant to the allegations contained in Plaintiffs' Complaint. The declarant provides foundation for this Paragraph throughout the declaration. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 175: The declarant provides foundation for this Paragraph throughout the

declaration. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous. This Paragraph does not contain a legal conclusion.

- ¶ 176: The declarant provides foundation for this Paragraph throughout the declaration. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 177: The declarant provides foundation for this Paragraph throughout the declaration. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 178: The declarant's opinion regarding the "us against them" mentality held by many in law enforcement is directly relevant to the allegations contained in Plaintiffs' Complaint. The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraphs 1-4. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 179: The declarant provides foundation for this Paragraph throughout the declaration. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 180:  The declarant provides foundation for this Paragraph throughout the declaration.  This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration.  For these reasons, it is not speculative.  This Paragraph is neither vague nor ambiguous.  This Paragraph does not contain a legal conclusion.

- ¶ 181:  The declarant provides foundation for this Paragraph throughout the declaration.  This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration.  For these reasons, it is not speculative.  This Paragraph is neither vague nor ambiguous.

- ¶ 182:  The declarant provides foundation for this Paragraph throughout the declaration.  This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration.  For these reasons, it is not speculative.  This Paragraph is neither vague nor ambiguous.

- ¶ 183:  The declarant provides foundation for this Paragraph throughout the declaration.  This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration.  For these reasons, it is not speculative.  This Paragraph is neither vague nor ambiguous.

- ¶ 184:  The declarant provides foundation for this Paragraph throughout the declaration.  This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration.  For these reasons, it is not speculative.

- ¶ 185:  The declarant's opinion that "[p]roper reporting procedures seem to be routinely ignored" in the Jails is directly relevant to the allegations

CASE NO. CV 12-00428 DDP (SHx)     -38-     PLAINTIFFS' RESP. TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND OTHER EVIDENCE

contained in Plaintiffs' Complaint. The declarant provides foundation for this Paragraph throughout the declaration. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 186: The declarant's opinion that "there is only a façade of outside independent oversight of the LASD" is directly relevant to the allegations contained in Plaintiffs' Complaint. The declarant provides foundation for this Paragraph throughout the declaration. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 187: The declarant provides foundation for this Paragraph throughout the declaration. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 188: The declarant's expert opinion that the "similarities and consistency of the incidents reported by the inmates' declarations lends tremendous credibility" to their allegations, which are "further validated by reports of outside individuals – jail chaplains and instructors – with no reason to cast unfounded aspersions upon LASD deputies and managers" is directly relevant to the allegations contained in Plaintiffs' Complaint. The declarant provides foundation for this Paragraph throughout the declaration. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in

CASE NO. CV 12-00428 DDP (SHx)    -39-    PLAINTIFFS' RESP. TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND OTHER EVIDENCE

preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 189: The declarant provides foundation for this Paragraph throughout the declaration. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. The statements of Defendant's Chief Burns are admissible party-opponent admissions, and are not hearsay. Fed. R. Evid. 801(d)(2)(C) and (D). Alternatively, an expert witness is permitted to state an opinion based on hearsay. *See* legal argument *supra*. This Paragraph is neither vague nor ambiguous.

- ¶ 190: The declarant's expert opinion, "It is clear that LASD has been, and still is, incapable of investigating itself with regard to the clear evidence of jail violence and other misfeasance and malfeasance" is directly relevant to the allegations contained in Plaintiffs' Complaint, as well as Plaintiffs' prayer for injunctive relief. The declarant provides foundation for this Paragraph throughout the declaration. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 191: The declarant's expert opinion that there is "continued lax supervision, violence, and corruption within LASD and the county jails it administers" is directly relevant to the allegations contained in Plaintiffs' Complaint. The declarant provides foundation for this Paragraph throughout the declaration. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not

PLAINTIFFS' RESP. TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND OTHER EVIDENCE

speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 192: The declarant's expert opinion regarding the severity of the problems within the Jails is directly relevant to the allegations contained in Plaintiffs' Complaint. The declarant provides foundation for this Paragraph throughout the declaration. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 193: The declarant provides foundation for this Paragraph throughout the declaration. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous. This Paragraph does not contain a legal conclusion.

- ¶ 194: The declarant's expert opinion that Defendant tolerates or condones the violence and abuse within the Jails is directly relevant to the allegations contained in Plaintiffs' Complaint. The declarant provides foundation for this Paragraph throughout the declaration. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 195: The declarant's expert opinion that "the culture of deputy violence in the Hails has become so hardened and pervasive that deputies feel emboldened to carry out their attacks even in non-secluded areas" is directly relevant to the allegations contained in Plaintiffs' Complaint. The declarant provides foundation for this Paragraph throughout the declaration. This Paragraph is based upon the declarant's professional experience and

CASE NO. CV 12-00428 DDP (SHx)   -41-   PLAINTIFFS' RESP. TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND OTHER EVIDENCE

education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 196: The declarant provides foundation for this Paragraph throughout the declaration. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 197: The declarant's expert opinion regarding evidence of ongoing corruption within the LASD is directly relevant to the allegations contained in Plaintiffs' Complaint. The declarant provides foundation for this Paragraph throughout the declaration. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 198: The declarant's expert opinion that "incidents of misfeasance and malfeasance still exist" with respect to mentally ill inmates is directly relevant to the allegations contained in Plaintiffs' Complaint. The declarant provides foundation for this Paragraph throughout the declaration. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative. This Paragraph is neither vague nor ambiguous.

- ¶ 199: The declarant provides foundation for this Paragraph throughout the declaration. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not

CASE NO. CV 12-00428 DDP (SHx)    -42-    PLAINTIFFS' RESP. TO DEFENDANT'S
EVIDENTIARY OBJECTIONS TO
DECLARATIONS AND OTHER EVIDENCE

speculative.  This Paragraph is neither vague nor ambiguous.

- ¶ 200:  The declarant's expert opinion that deputies "routinely instigate inmate-upon-inmate assaults and other violence in order to punish or intimidate other inmates" is directly relevant to the allegations contained in Plaintiffs' Complaint.  The declarant provides foundation for this Paragraph throughout the declaration.  This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration.  For these reasons, it is not speculative.  This Paragraph is neither vague nor ambiguous.

- ¶ 201:  The declarant's opinion regarding the failure of deputies to conduct safety checks and then cover up their dereliction of duty is directly relevant to the allegations contained in Plaintiffs' Complaint.  The declarant provides foundation for this Paragraph throughout the declaration.  This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration.  For these reasons, it is not speculative.  This Paragraph is neither vague nor ambiguous.

- ¶ 202:  The declarant provides foundation for this Paragraph throughout the declaration.  This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration.  For these reasons, it is not speculative.  This Paragraph is neither vague nor ambiguous.

- ¶ 203:  The declarant's opinion regarding budgetary concerns in the Jails is directly relevant to the allegations contained in Plaintiffs' Complaint.  The declarant provides foundation for this Paragraph throughout the declaration.  This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in

preparation for his declaration.  For these reasons, it is not speculative.  This Paragraph is neither vague nor ambiguous.

- ¶ 204:  The declarant provides foundation for this Paragraph throughout the declaration.  This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration.  For these reasons, it is not speculative.  This Paragraph is neither vague nor ambiguous.  This Paragraph does not contain a legal conclusion.

- ¶ 205:  The declarant provides foundation for this Paragraph within the Paragraph itself.  Exhibit C is a list of the documents relied on by the declarant in preparing his declaration; it need not be sworn under penalty of perjury.

- ¶ 206:  The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraph 207.  This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration.  For these reasons, it is not speculative.  This Paragraph is neither vague nor ambiguous.

- ¶ 207:  The declarant provides foundation for this Paragraph within the Paragraph itself.  This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration.  For these reasons, it is not speculative.  This Paragraph is neither vague nor ambiguous.

## **DECLARATION OF TONI V. BAIR**

**Plaintiffs' Response:**

Many of Defendant's objections to the Declaration of Toni V. Bair may be dealt with summarily by the Court.  To avoid unnecessarily repeating its responses

CASE NO. CV 12-00428 DDP (SHx)

-44-

PLAINTIFFS' RESP. TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND OTHER EVIDENCE

hundreds of times, Plaintiffs respond generally to Defendant's "improper expert testimony", "lacks personal knowledge", "conclusory", and "hearsay" objections as follows and do not repeat the responses throughout the document:

- Expert Testimony:  The Bair Declaration is offered as expert testimony to assist the Court.  Mr. Bair's knowledge, skill, experience, training and education qualifying him as an expert are detailed in the declaration at Paragraphs 1-9.  Defendant does not challenge Mr. Bair's qualifications, nor does Defendant offer evidence to negate his expert opinions.  Each of Defendant's "improper expert opinion" objections fail.

- Personal Knowledge:  Because Mr. Bair's declaration is offered as expert testimony, it need not be based upon his personal knowledge.  *See* Fed. R. Evid. 701.  All of Defendant's "lacks personal knowledge" objections should be summarily dismissed.

- Conclusory:  In addition, because Mr. Bair's declaration is offered as expert testimony, it necessarily includes opinions and conclusions.  Each of Mr. Bair's conclusions is based upon his expert knowledge, and a factual basis exists for each.  This objection is improper and should be dismissed.

- Hearsay:  An expert witness is permitted to state an opinion based on hearsay when the source of information is "of a type reasonably relied upon by similar experts in arriving at sound opinions on the subject."  *United States v. McCollum*, 732 F.2d 1419, 1422 (9th Cir. Cal. 1984) (citing *United States v. Sims*, 514 F.2d 147, 149 (9th Cir. Cal. 1975); *see* Fed. R. Evid. 703.  To the extent that Mr. Bair incorporates statements made by Defendant, his spokesperson Steve Whitmore, or his other agents, including LASD deputies, such statements are admissible party-opponent admissions; they are not hearsay.  Fed. R. Evid. 801(d)(2).

CASE NO. CV 12-00428 DDP (SHx)                -45-                PLAINTIFFS' RESP. TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND OTHER EVIDENCE

**Defendant's Objections:**

Plaintiffs submitted the Declaration of Toni V. Blair ("the Declaration"; Docket No. 20-2) in support of their Motion for Class Certification. Defendant objects to this Declaration as follows:

- Objections to paragraph 10: lacks foundation; conclusory; speculation; lacks personal knowledge. Fed. R. Evid. Rule 602.
- Objections to paragraph 11: lacks foundation; conclusory; speculation; lacks personal knowledge. Fed. R. Evid. Rule 602.
- Objections to paragraph 12: lacks foundation; speculation; lacks personal knowledge. Fed. R. Evid. Rule 602.
- Objections to paragraph 13: hearsay; lacks personal knowledge. Fed. R. Evid. Rules 602 and 802.
- Objections to paragraph 14: hearsay; lacks personal knowledge. Fed. R. Evid. Rules 602 and 802.
- Objections to paragraph 15: hearsay; lacks personal knowledge. Fed. R. Evid. Rules 602 and 802.
- Objections to paragraph 16: hearsay; lacks personal knowledge. Fed. R. Evid. Rules 602 and 802.
- Objections to paragraph 17: hearsay; lacks personal knowledge; speculative; conclusory. Fed. R. Evid. Rules 602 and 802.
- Objections to paragraph 18: hearsay; lacks personal knowledge; speculative; conclusory. Fed. R. Evid. Rules 602 and 802.
- Objections to paragraph 19: hearsay; lacks personal knowledge. Fed. R. Evid. Rules 602 and 802.
- Objections to paragraph 20: hearsay; lacks personal knowledge. Fed. R. Evid. Rules 602 and 802.
- Objections to paragraph 21: hearsay; lacks personal knowledge. Fed. R. Evid. Rules 602 and 802.

- Objections to paragraph 22: hearsay; lacks personal knowledge. Fed. R. Evid. Rules 602 and 802.
- Objections to paragraph 23: hearsay; lacks personal knowledge. Fed. R. Evid. Rules 602 and 802.
- Objections to paragraph 24: hearsay; lacks personal knowledge; speculation; lacks foundation. Fed. R. Evid. Rules 602 and 802.
- Objections to paragraph 25: hearsay; lacks personal knowledge; speculation; lacks foundation. Fed. R. Evid. Rules 602 and 802.
- Objections to paragraph 26: hearsay; speculation; lacks foundation; conclusory; lacks personal knowledge. Fed. R. Evid. Rules 602, 802.
- Objections to paragraph 27: hearsay; lacks personal knowledge; speculation; lacks foundation; conclusory. Fed. R. Evid. Rules 602 and 802.
- Objections to paragraph 28: hearsay; lacks personal knowledge; speculation; lacks foundation; conclusory. Fed. R. Evid. Rules 602 and 802.
- Objections to paragraph 29: lacks personal knowledge; speculation; lacks foundation; conclusory. Fed. R. Evid. Rule 602.
- Objections to paragraph 30: conclusory; speculation; lacks personal knowledge. Fed. R. Evid. Rule 602.
- Objections to paragraph 31: conclusory; speculation; lacks personal knowledge. Fed. R. Evid. Rule 602.
- Objections to paragraph 32: hearsay, lack personal knowledge; lacks foundation.  Fed. R. Evid. Rules 602, 802.
- Objections to paragraph 33: hearsay, lack personal knowledge; lacks foundation.  Fed. R. Evid. Rules 602, 802.
- Objections to paragraph 34: hearsay, lack personal knowledge; lacks foundation.  Fed. R. Evid. Rules 602, 802.
- Objections to paragraph 35: speculation, lacks foundation, lacks personal knowledge; conclusory.  Fed. R. Evid. Rule 602.

- Objections to paragraph 36: improper expert opinion; lacks foundation, conclusory; speculation; lacks personal knowledge; hearsay.  Fed. R. Evid. Rules 602, 702, 802.

- Objections to paragraph 37: lacks foundation, conclusory; speculation; hearsay; lacks personal knowledge.  Fed. R. Evid. Rules 602, 802.

- Objections to paragraph 38: lacks foundation, conclusory; speculation; lacks personal knowledge.  Fed. R. Evid. Rule 602.

- Objections to paragraph 39: lacks foundation, conclusory; speculation; lacks personal knowledge.  Fed. R. Evid. Rule 602.

- Objections to paragraph 40: lacks foundation; improper expert opinion; conclusory; speculation; lacks personal knowledge.  Fed. R. Evid. Rules 602 and 702.

- Objections to paragraph 41: lacks foundation; improper expert opinion; conclusory; speculation; lacks personal knowledge.  Fed. R. Evid. Rules 602 and 702.

- Objections to paragraph 42: lacks foundation, conclusory; speculation; lacks personal knowledge.  Fed. R. Evid. Rule 602.

- Objections to paragraph 43: lacks foundation, conclusory; speculation; lacks personal knowledge.  Fed. R. Evid. Rule 602.

**Plaintiffs' Response:**

- ¶ 10:  The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraphs 1-9.  This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration.  For these reasons, it is not speculative.

- ¶ 11:  The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraphs 1-9.  This Paragraph is based upon the declarant's professional experience and education, and the documents and

CASE NO. CV 12-00428 DDP (SHx)          -48-          PLAINTIFFS' RESP. TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND OTHER EVIDENCE

other information that he reviewed in preparation for his declaration.  For these reasons, it is not speculative.

- ¶ 12:  The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraphs 1-9.  This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration.  For these reasons, it is not speculative.

- ¶ 17:  This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration.  For these reasons, it is not speculative.

- ¶ 18:  This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration.  For these reasons, it is not speculative.

- ¶ 24:  The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraphs 1-9 and 16-17.  This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration.  For these reasons, it is not speculative.

- ¶ 25:  The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraphs 1-9, 16-17, and 25.  This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration.  For these reasons, it is not speculative.

- ¶ 26:  The declarant provides foundation for this Paragraph throughout the declaration. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration.  For these reasons, it is not speculative.

- ¶ 27: The declarant provides foundation for this Paragraph throughout the declaration. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative.

- ¶ 28: The declarant provides foundation for this Paragraph throughout the declaration. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative.

- ¶ 29: The declarant provides foundation for this Paragraph throughout the declaration. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative.

- ¶ 30: Because the declarant is offered as an expert witness, his statements need not be based on his own personal knowledge. For the same reasons, this Paragraph is not speculative. To the extent that this Paragraph contains a conclusion, such conclusions and opinions are permitted by expert witnesses.

- ¶ 31: This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative.

- ¶ 32: The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraph 32. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative.

- ¶ 33: The declarant provides foundation for this Paragraph throughout the

declaration, for example, in Paragraph 33.

- ¶ 34:  The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraph 33.

- ¶ 35:  The declarant provides foundation for this Paragraph throughout the declaration.  This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration.  For these reasons, it is not speculative.

- ¶ 36:  The declarant provides foundation for this Paragraph throughout the declaration.  This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration.  For these reasons, it is not speculative.

- ¶ 37:  The declarant provides foundation for this Paragraph throughout the declaration.  This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration.  For these reasons, it is not speculative.

- ¶ 38:  The declarant provides foundation for this Paragraph throughout the declaration.  This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration.  For these reasons, it is not speculative.

- ¶ 39:  The declarant provides foundation for this Paragraph throughout the declaration.  This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration.  For these reasons, it is not speculative.

PLAINTIFFS' RESP. TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND OTHER EVIDENCE

- ¶ 40: The declarant provides foundation for this Paragraph throughout the declaration. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative.

- ¶ 41: The declarant provides foundation for this Paragraph throughout the declaration. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative.

- ¶ 42: The declarant provides foundation for this Paragraph throughout the declaration. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative.

- ¶ 43: The declarant provides foundation for this Paragraph throughout the declaration. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative.

## **DECLARATION OF STEVE MARTIN**

Plaintiffs submitted the Declaration of Steve Martin (Docket No.20-7) in support of their motion for class certification. This purported expert declaration contains little more than vague, ambiguous, conclusory, and speculative assertions regarding LASD policies concerning use of force in the jails. (See, Martin Decl., ¶¶ 8-13). These statements contain little to no explanation as to the purported deficiencies in the current policies and, indeed, no explanation of how these alleged

CASE NO. CV 12-00428 DDP (SHx) -52- PLAINTIFFS' RESP. TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND OTHER EVIDENCE

deficiencies can be cured. Rather, Mr. Martin summarily opines about the need for "clear and detailed policies." (See, Martin Decl., 10-13.) For these reasons, and the reasons specifically set forth below, the Declaration of Steve Martin should be stricken in its entirety.

- Objections to Paragraphs 8-9: Conclusory, lacks foundation, vague and ambiguous.

- Objections to Paragraphs 10-13: Speculative, conclusory, lacks foundation, vague and ambiguous, lacks personal knowledge. See, Fed. R. Evid. 602.

**Plaintiffs' Response:**

- ¶ 8: The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraphs 1-7. Mr. Martin's declaration is offered as expert testimony, and as such, it necessarily includes opinions and conclusions. To the extent that this Paragraph contains a conclusion, each one is based upon his expert knowledge, and a factual basis exists for each. This Paragraph is neither vague nor ambiguous.

- ¶ 9: The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraphs 1-7. Mr. Martin's declaration is offered as expert testimony, and as such, it necessarily includes opinions and conclusions. To the extent that this Paragraph contains a conclusion, each one is based upon his expert knowledge, and a factual basis exists for each. This Paragraph is neither vague nor ambiguous.

- ¶ 10: The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraphs 1-7. Mr. Martin's declaration is offered as expert testimony, and as such, it necessarily includes opinions and conclusions. To the extent that this Paragraph contains a conclusion, each one is based upon his expert knowledge, and a factual basis exists for each. This Paragraph is neither vague nor ambiguous. This Paragraph is based upon the declarant's professional experience and education, and the

CASE NO. CV 12-00428 DDP (SHx)          -53-          PLAINTIFFS' RESP. TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND OTHER EVIDENCE

documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative.

- ¶ 11: The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraphs 1-7. Mr. Martin's declaration is offered as expert testimony, and as such, it necessarily includes opinions and conclusions. To the extent that this Paragraph contains a conclusion, each one is based upon his expert knowledge, and a factual basis exists for each. This Paragraph is neither vague nor ambiguous. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative.

- ¶ 12: The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraphs 1-7. Mr. Martin's declaration is offered as expert testimony, and as such, it necessarily includes opinions and conclusions. To the extent that this Paragraph contains a conclusion, each one is based upon his expert knowledge, and a factual basis exists for each. This Paragraph is neither vague nor ambiguous. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his declaration. For these reasons, it is not speculative.

- ¶ 13: The declarant provides foundation for this Paragraph throughout the declaration, for example, in Paragraphs 1-7. Mr. Martin's declaration is offered as expert testimony, and as such, it necessarily includes opinions and conclusions. To the extent that this Paragraph contains a conclusion, each one is based upon his expert knowledge, and a factual basis exists for each. This Paragraph is neither vague nor ambiguous. This Paragraph is based upon the declarant's professional experience and education, and the documents and other information that he reviewed in preparation for his

declaration.  For these reasons, it is not speculative.

## DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATIONS OF INMATES AND LAY WITNESSES

**Defendant's Objection 1. Relevance ("Rel."):**

This column is marked when Defendant contends that portions of an inmate declaration are irrelevant, as defined by Rules 401-403 of the Federal Rules of Evidence. Fed. R. Evid. Rules 401-403. For example, some of the lay witnesses make assertions regarding a deputy searching his cart or other general allegations that have nothing to do with the injunctive relief sought in the instant suit. Many inmate declarations include allegations that are similarly irrelevant.  For example, in paragraph 5 of the Declaration of Jonathan Goodwin he includes the following: "The next day . . . I tried to pass a newspaper to someone in the cell across the row. Deputy Beas came by gave the newspaper to the inmate I was trying to pass the newspaper to . . ." (Exhibit N.) Superfluous allegations such as these are clearly irrelevant to Plaintiffs' claims for injunctive relief. See, Fed. R. Evid. Rules 401-403.

**Plaintiffs' Response:**

Defendant's "relevance" objections fail for a number of reasons.  First, testimony is "relevant" if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  This is a very liberal standard.  *See Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 587 (1993) ("The Rules' basic standard of relevance thus is a liberal one.").

Next, many of the paragraphs objected to by Defendant as "not relevant" provide, at a minimum, foundation for the rest of the declarant's story.  For example, the portion of Plaintiff Goodwin's Declaration to which Defendant objects

above as "not relevant" provides foundation and context for the remainder of his declaration in which he reports an unprovoked assault by the same deputy. It is also relevant to show that the declarant did nothing to provoke the deputy's ire prior to the assault. Such statements are clearly permitted under this liberal relevance standard.

Finally, Defendant appears to use this objection randomly and oftentimes clearly improperly. For example, Defendant objects that the following Paragraph of Ramiro Alvarez's declaration (Exhibit C) is not relevant to the matter at hand:

> 10. I haven't filed a complaint yet because I don't want to make things worse, but I've seen the deputies send several people to the hospital. They take advantage of us when we are handcuffed. They try to provoke me to act out to start a fight, but I don't pay attention to them. They see us as less because we did something wrong, but then they do the same thing. What makes them any different?

This objection is frivolous. Mr. Alvarez's statement goes to the heart of Plaintiffs' Complaint. In it he explains his fear of retaliation, why he has not lodged an internal complaint against the deputies, and his own observations of the excessive use of force by LASD deputies. It is hard to imagine more relevant testimony. For these reasons, as well as the reasons listed below, all of Defendant's "relevance" objections are improper and should be overruled.

**Defendant's Objection 2. Lack of Personal Knowledge (Lack of P.K.):**

This column is be marked if the declarant does not have personal knowledge of a matter discussed in his declaration in violation of Rule 602 of the Federal Rules of Evidence. Fed. R. Evid. Rule 602. This column is also marked when a declarant speculates as to the reason for certain occurrences or the treatment of other inmates. Fed. R. Evid. Rule 602.

**Plaintiffs' Response:**

Defendant's "lack of personal knowledge" objections fail for a number of reasons. First, the threshold for admitting testimony under Rule 602 is low. "Testimony should not be excluded for lack of personal knowledge unless no reasonable juror could believe that the witness had the ability and opportunity to perceive the event that he testifies about." *United States v. Hickey*, 917 F.2d 901, 904 (6th Cir. 1990) (followed by *United States v. Owens*, 699 F. Supp. 815, 818 (C.D. Cal. 1988)).

Next, as with his other objections, Defendant frequently misuses this objection to exclude evidence that is clearly within the personal knowledge of the declarant. For example, Defendant objects to Paragraph 37 of the Declaration of Christopher Brown (Exhibit E) on the grounds that Mr. Brown lacks personal knowledge with respect to the following statement:

37. Sergeant Ramos then said, "If you fear for your safety, you don't have to do it." I felt very intimidated by this comment like he was trying to discourage me from saying anything.

This objection is improper. Mr. Brown has personal knowledge of both (1) Sergeant Ramos' statement to him, and (2) his own personal feelings of intimidation resulting from Ramos' statement.

Finally, Defendant misstates and misapplies Federal Rule of Evidence 602. Courts are clear that "personal knowledge" includes reasonable inferences made by a declarant when such inferences are grounded in personal observation or other first-hand personal experience. *See Abdullah v. CDC*, No. CIV S-06-2378 MCE KJM P, 2010 U.S. Dist. LEXIS 123216, at *6-7 (E.D. Cal. Nov. 18, 2010). Thus testimony regarding a declarant's own inferences regarding the reasons behind certain incidents or the treatment of other inmates is proper because it is based on their own personal observations or experiences. For these reasons, as well as the

reasons listed below, all of Defendant's "lacks personal knowledge" objections are improper and should be overruled.

**Defendant's Objection 3. Improper Expert Opinion:**

This column is be marked if the declarant makes assertions regarding his medical condition and the treatment he requires as a result of this condition. The Federal Rules of Evidence require that a witness qualified as an expert must testify to matters pertaining to scientific or other specialized knowledge. Fed. R. Evid. Rule 702. None of the inmates or witnesses who submitted declarations are doctors or nurses. Therefore, they are in no way qualified to speak to their medical condition or what is required to treat the condition. Such testimony can only be made by medical professionals. Fed. R. Evid. Rule 702.

**Plaintiffs' Response:**

Defendant's "improper expert opinion" objections fail for several reasons. First, it is axiomatic that under the Federal Rules of Evidence, "a witness does not need to be a doctor to discuss his or her health in general terms." *Collins v. Kibort*, 143 F.3d 331, 337 (7th Cir. 1998) (citing Fed. R. Evid. 601, 701, 702); *Sachs v. Reef Aquaria Design, Inc.*, Case No. 06 C 1119, 2007 U.S. Dist. LEXIS 79809, at *37 (N.D. Ill. Oct. 25, 2007) ("Under Federal Rule of Evidence 701, a lay person may offer opinion testimony providing the witness testifies to what he or she has perceived firsthand."). "[C]ourts have routinely held that lay individuals are certainly capable of reliably understanding and testifying to their own medical condition." *Gage v. Metro. Water Reclamation Dist.*, 365 F. Supp. 2d 919, 929 (N.D. Ill. 2005); *see, e.g.*, *Lindsey v. Fauver (In re Bayside Prison Litig.)*, 341 Fed. Appx. 790, 793, No. 07-3739, 2009 U.S. App. LEXIS 16262 (3d Cir. Jul. 22, 2009) (unpublished) (affirming trial court's decision to permit inmate's testimony regarding the location, intensity and onset of his pains resulting from injuries sustained at the hands of prison guards); *Cotton v. Consolidation Coal Co.*, 457 F.2d 641, 643 (6th Cir. 1972) ("It has long been recognized that a lay witness may

CASE NO. CV 12-00428 DDP (SHx)  -58-  PLAINTIFFS' RESP. TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND OTHER EVIDENCE

testify as to his own physical condition or that of another person provided such witness first states the detailed facts and then gives his conclusions."); *Hrichak v. Pion*, 498 F. Supp. 2d 380, 382 (D. Me. 2007) (same); *Townsend v. Benya*, 287 F. Supp. 2d 868, 875 (N.D. Ill. 2003) ("any testimony by Plaintiffs regarding subjective symptoms including, but not limited to, pain from or the existence of bruises, cuts, and abrasions resulting from the beating is admissible because it does not require the knowledge of an expert witness"); *Criado v. Cal. Dep't of Corrections*, No. 1:04 CV 5150 AWI SMS P, 2006 U.S. Dist LEXIS 85298, at *7 (E.D. Cal. Nov. 22, 2006) ("If relevant, Plaintiff could testify about his own medical perceptions of what he felt.").

In addition, none of the testimony from inmates regarding their own medical conditions or treatment they required or received as a result of the conditions is offered for the purpose of establishing a medical diagnosis. Rather, such evidence is offered to show that the inmate experienced injury, and thus does not require any specialized medical knowledge. For these reasons, as well as the reasons listed below, all of Defendant's "improper expert opinion" objections should be overruled.

**Defendant's Objection 4. Lack of Foundation (Lack of Found.):**

This column is marked if the declarant fails to a proper factual foundation to support an assertion.

**Plaintiffs' Response:**

It is impossible to respond generally to Defendant's broad foundation objection, but each of Defendant's "lacks foundation" objections fail because each of the declarant's statements and opinions are based on their own perceptions. Defendant repeatedly misuses this objection throughout his pleading. For example, Defendant objects that Paragraph 10 of the Declaration of Arturo Fernandez (Exhibit K) "lacks foundation." Paragraph 10 reads:

10. I have a history of asthma and in fact, I have a prescription to get

PLAINTIFFS' RESP. TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND OTHER EVIDENCE

breathing treatments with a nebulizer every night. I was scared that I was going to pass out because the deputies kept choking me. It felt like the deputies beat me for more than a minute.

This objection is improper. There are no foundational issues regarding Mr. Fernandez's testimony regarding his own medical condition, his own prescription, his own emotion that he felt scared that he was going to pass out, and his own assessment that the beating went on for more than a minute. Defendant cannot even present a colorable argument that this paragraph lacks foundation. For these reasons, as well as the reasons listed below, all of Defendant's "lacks foundation" objections are improper and should be overruled.

**Defendant's Objection 5. Hearsay:**

This column is marked if the declaration includes inadmissible hearsay in violation of Rule 802 of the Federal Rules of Evidence. Fed. R. Evid. Rule 802.

**Plaintiffs' Response:**

It is impossible to respond generally to Defendant's broad hearsay objection. For the most part, the out of court statements identified as "hearsay" by Defendant fall into three categories: (1) statements made by LASD deputies, sergeants, and other employees acting within the course and scope of their job; (2) statements made by inmates as they were being punched, kicked, and pepper sprayed by LASD guards; and (3) statements made by inmates regarding their own state of mind, emotions, or physical conditions.

The statements made by LASD deputies, sergeants, and other employees acting within the course and scope of their jobs are admissible as party-opponent admissions. Fed. R. Evid. 801(d)(2)(D). Alternatively, many of these statements are not offered for the truth of the matter asserted (e.g., "I tried to kill you. You are lucky you are still breathing")[1] but rather for the effect on the listener – to demonstrate that inmates have a genuine and continuing fear that they will be

---
[1] Declaration of Joseph Hager (Exhibit P), ¶ 5, ln. 7.

subject to unnecessary force and abuse at the hands of LASD deputies.  These statements, by definition, are not hearsay.

Any statements made by inmates as they experienced physical abuse fall into numerous hearsay exceptions under Fed. R. Evid. 803.  First, many of these statements fall within excited utterance exception.  Fed. R. Evid. 803(2).  To the extent the statements were not made during the actual attack, but immediately thereafter to describe or explain the event or the inmate's physical condition, they fall within the present sense impression exception.  Fed. R. Evid. 803(1).

Finally, any statements made by an inmate to describe his own state of mind, emotion or physical condition at the time are properly admitted under Fed. R. Evid. 803(3).  For these reasons, as well as the reasons listed below, all of Defendant's "hearsay" objections should be overruled.

**Defendant's Objection 6.  Miscellaneous Objections (Misc.):**

This column contains any other objections other than those addressed in the prior columns. For example, a number of declarations are undated, in violation of 28 U.S.C. § 1746. Furthermore, a number of declarations contain testimony that is vague, ambiguous, and conclusory.

**Plaintiffs' Response:**

It is virtually impossible to respond to Defendant's "Miscellaneous" category of objections.  To the extent that Defendant argues that any of the inmate declarations are undated, they are simply wrong.  Each declaration is signed and dated pursuant to 28 U.S.C. § 1746.  Some inmates originally provided a handwritten or partially handwritten declaration which was subsequently typed and provided for the Court's convenience.  Occasionally one version of the declaration was undated, but in all cases, each inmate signed and dated at least one version of his declaration.

To the extent that Defendant argues that portions of the inmates' declarations are "vague" or "ambiguous," the Court will quickly determine that such paragraphs are neither.

Finally, to the extent that Defendant argues that portions of the inmates' declarations are "conclusory," this is not a proper objection.  Lay witnesses are permitted to provide opinions and conclusions, so long as they are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of fact in issue, and (c) not based on scientific, technical, or other specialized knowledge.  Fed. R. Evid. 701.  None of the declarations identified as "conclusory" by Defendant runs afoul of this Rule.  For these reasons, as well as the reasons listed below, all of Defendant's "miscellaneous" objections are improper and should be overruled.

| Declarant | 1. Rel. | 2. No P.K. | 3. Improper Expert Opinion | 4. Lack of Found. | 5. Hearsay | 6. Misc. |
|---|---|---|---|---|---|---|
| Ramiro Alvarez (Exhibit C) | ¶ 10 | ¶¶ 7-8, 10 | ¶¶ 6, 7, 9 | ¶¶ 3-9 | ¶¶ 5-9 | ¶¶ 3-8 (vague, ambiguous, conclusory) |

**Plaintiffs' Response:**  Defendant's "relevance" objection fails because the reasons that the declarant he has not filed a complaint regarding his abuse is relevant to Plaintiffs' allegations of retaliation by prison guards against complaining parties.  Defendant's "lacks personal knowledge" and "lack of foundation" objections fail because, for example, the deponent has personal knowledge and foundation sufficient to testify that LASD deputies told him "that if I went to the clinic they would beat me up even worse when I got back."  (¶ 7, ln. 22.)  Defendant's "improper expert opinion" objections fail because the declarant's statements regarding his own injuries are not offered for the purpose of providing a medical opinion, rather, they are offered to show that the declarant suffered an injury, a

requirement for Plaintiffs' case.  Furthermore, a description of the declarant's injury is relevant to demonstrate that the amount of force used by the LASD was beyond that which was necessary to maintain order in the Jails.  Defendant's "hearsay" objections fail because any statements made by prison guards, acting in their official capacities on behalf of Defendant, are admissible as party-opponent admissions.  Fed. R. Evid. 801(d)(2).  Alternatively, such statements are not offered for the truth of the matter asserted but rather for the effect on the listener (i.e., the fear and intimidation experienced by the declarant), and are thus not hearsay.  Fed. R. Evid. 801(c).  Defendant's "vague" and "ambiguous" objections fail because Defendant has not identified with any specificity which statements are "vague" or "ambiguous."  Certainly Defendant does not actually believe that the following statement is vague or ambiguous, although Defendant objected on those grounds: "They told me to face the wall and then they hit me.  I fell to the floor because of my injured leg.  Once I was on the floor the deputies started jumping on me like it was a wrestling match.  They jumped on me with their elbows and knees like I was a mattress.  They told me I better not tell anyone anything or they would kill me." (¶ 8, lns. 26-1.)  Defendant's "conclusory" objections fail because the declaration does not contain legal conclusions.

| Declarant | 1. Rel. | 2. No P.K. | 3. Improper Expert Opinion | 4. Lack of Found. | 5. Hearsay | 6. Misc. |
|---|---|---|---|---|---|---|
| Jon Bobier (Exhibit D) | ¶ 4-11 | ¶¶ 3, 4, 7 | ¶¶ 3-4, 9-10 | ¶ 3 | ¶ 3, 6, 8, 10 | ¶ 3, 7, 11 (conclusory) ¶ 5, 8 (improper legal opinion) |

**Plaintiffs' Response:** Defendant's "relevance" objection fails because the declarant's statement regarding his complaints to the A.C.L.U. regarding his treatment within the Jails is directly relevant to Plaintiffs' allegations of retaliation

by prison guards against complaining inmates. Defendant's "lacks personal knowledge" and "lack of foundation" objections fail because, for example, the deponent has personal knowledge and foundation sufficient to testify that he used "water from a communal toilet to clean my exposed intestine" (¶ 4, lns. 15-16) and that he heard Deputy Bryant say, "You're a complainer, huh? You like to complain?" (¶ 7, ln. 8.) Defendant's "improper expert opinion" objections fail because the declarant's statements regarding his own injuries are not offered for the purpose of providing a medical opinion, rather, they are offered to show that the declarant suffered an injury, a requirement for Plaintiffs' case. Furthermore, a description of the declarant's injury is relevant to demonstrate that the amount of force used by the LASD was beyond that which was necessary to maintain order in the Jails. Defendant's "hearsay" objections fail because any statements made by prison guards, acting in their official capacities on behalf of Defendant, are admissible as party-opponent admissions. Fed. R. Evid. 801(d)(2). Alternatively, such statements are not offered for the truth of the matter asserted but rather for the effect on the listener (i.e., the fear and intimidation experienced by the declarant), and are thus not hearsay. Fed. R. Evid. 801(c). Defendant's "conclusory" and "improper legal opinion" objections fail because the declaration does not contain legal conclusions or opinions.

| Declarant | 1. Rel. | 2. No P.K. | 3. Improper Expert Opinion | 4. Lack of Found. | 5. Hearsay | 6. Misc. |
|---|---|---|---|---|---|---|
| Chris Brown (Exhibit E) | ¶¶ 3-20, 22-23, 27, 3, 40-43, 46 | ¶¶ 11, 18, 20, 24, 36-37, 38, 40, 43 | ¶¶ 20, 41 | ¶¶ 8-20, 27, 28, 37 | ¶¶ 24, 28, 32-33, 35-39, 41-43, 45 | ¶ 4 (diagram not properly authenticated) |

**Plaintiffs' Response:** Defendant's "relevance" objections fail because, for example, the declarant's statements regarding his complaints to the A.C.L.U. regarding prison conditions and his treatment within the Jails are directly relevant to Plaintiffs' allegations of retaliation by prison guards against complaining parties. Defendant's "lacks personal knowledge" and "lack of foundation" objections fail because, for example, the deponent has personal knowledge and foundation sufficient to testify regarding his personal observation that another inmate was tased by Deputy Ochoa, that the inmate's "body would lock up and then shake when he was being tased" and that he "looked like he was having a seizure." (¶ 20, lns. 18-19.)  Defendant's "improper expert opinion" objections fail because the declarant's statements regarding his own injuries are not offered for the purpose of providing a medical opinion, rather, they are offered to show that the declarant suffered an injury, a requirement for Plaintiffs' case.  Furthermore, a description of the declarant's injury is relevant to demonstrate that the amount of force used by the LASD was beyond that which was necessary to maintain order in the Jails. Defendant's "hearsay" objections fail because any statements made by prison guards, acting in their official capacities on behalf of Defendant, are admissible as party-opponent admissions. Fed. R. Evid. 801(d)(2).  Alternatively, such statements are not offered for the truth of the matter asserted but rather for the effect on the listener (i.e., the fear and intimidation experienced by the declarant), and are thus not hearsay.  Fed. R. Evid. 801(c).  Defendant's "improperly authenticated diagram" objection fails because the declarant properly authenticates the document through his testimony that the diagram depicts the attorney room and the surrounding areas and that the spots that he and Ms. Lim sat during their meeting are marked as B1 and E1 therein.

| Declarant | 1. Rel. | 2. No P.K. | 3. Improper Expert Opinion | 4. Lack of Found. | 5. Hearsay | 6. Misc. |
|---|---|---|---|---|---|---|
| Scott Budnick (Exhibit F) | ¶¶ 2,4 -6, 9, 11, 21 | ¶¶ 10, 13, 14, 18, 23-26 | | ¶¶ 8, 10, 13, 18, 20-21, 23-26 | ¶¶ 7, 12, 19, 20, 24, 26 | ¶¶ 3, 8, 10, 13, 18, 23 (conclusory) |

**Plaintiffs' Response:** Defendant's "relevance" objections fail because, for example, the declarant's statement regarding his teaching and mentoring work in the Jails provides foundation to explain how he was able to observe the abuse later recounted in his declaration. It also goes to his credibility as a witness. Defendant's "lacks personal knowledge" and "lack of foundation" objections fail because, for example, the deponent has personal knowledge and foundation sufficient to testify that he personally observed "two of the deputies tasering a big, African-American inmate who was lying on the ground motionless, approximately three to five times." (¶ 10, lns. 16-18.) Defendant's "hearsay" objections fail because any statements made by prison guards, acting in their official capacities on behalf of Defendant, are admissible as party-opponent admissions. Fed. R. Evid. 801(d)(2). Alternatively, such statements are not offered for the truth of the matter asserted but rather for the effect on the listener (i.e., the fear and intimidation experienced by the declarant), and are thus not hearsay. Fed. R. Evid. 801(c). Defendant's "conclusory" objections fail because the declaration does not contain legal conclusions.

PLAINTIFFS' RESP. TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND OTHER EVIDENCE

| Declarant | 1. Rel. | 2. No P.K. | 3. Improper Expert Opinion | 4. Lack of Found. | 5. Hearsay | 6. Misc. |
|---|---|---|---|---|---|---|
| Erik Camacho (Exhibit G) | ¶¶ 6, 8, 9, 13, 16, 23-25, 27, 30 | ¶ 25, 28 | ¶ 3-4 12, 31, 32 | ¶ 25, 28, 31 | ¶¶ 5, 7, 9, 10, 11, 15, 25, 26, 29, 31 | |

**Plaintiffs' Response:** Defendant's "relevance" objection fails because, for example, the declarant's statement that he "felt someone punch me on the back of my head" (¶ 16, ln. 26) is clearly relevant to Plaintiffs' claims of deputy on inmate violence. Defendant's "lacks personal knowledge" and "lack of foundation" objections fail because, for example, the deponent has personal knowledge and foundation sufficient to testify that he "began yelling for help, saying 'Man down! Man down!' I wanted help from one of the nurses." (¶ 25, lns. 10-11.) Defendant's "improper expert opinion" objections fail because the declarant's statements regarding his own injuries are not offered for the purpose of providing a medical opinion, rather, they are offered to show that the declarant suffered an injury, a requirement for Plaintiffs' case. Furthermore, a description of the declarant's injury is relevant to demonstrate that the amount of force used by the LASD was beyond that which was necessary to maintain order in the Jails. Defendant's "hearsay" objections fail because any statements made by prison guards, acting in their official capacities on behalf of Defendant, are admissible as party-opponent admissions. Fed. R. Evid. 801(d)(2). Alternatively, such statements are not offered for the truth of the matter asserted but rather for the effect on the listener (i.e., the fear and intimidation experienced by the declarant), and are thus not hearsay. Fed. R. Evid. 801(c).

| Declarant | 1. Rel. | 2. No P.K. | 3. Improper Expert Opinion | 4. Lack of Found. | 5. Hearsay | 6. Misc. |
|---|---|---|---|---|---|---|
| Michael Cervantes (Exhibit H) | ¶ 2 | ¶¶ 3-5, 8, 11 | ¶¶ 6, 9, 10 | ¶¶ 3-5, 8, 11 | ¶¶ 3, 7, 8 | ¶¶ 4, 8, 11 (conclusory) |

**Plaintiffs' Response:** Defendant's "relevance" objection fails because the declarant's statement in Paragraph 2 provides foundation for the remainder of his declaration, which recounts the abusive treatment he received at the hands of LASD Deputy Lyon. Defendant's "lacks personal knowledge" and "lack of foundation" objections fail because, for example, the deponent has personal knowledge and foundation sufficient to testify that "Deputy Lyon then tackled me to the ground, positioning me face up. He sat on top of me and began swinging at my face and neck." (¶ 5, lns. 23-24.) Defendant's "improper expert opinion" objections fail because the declarant's statements regarding his own injuries are not offered for the purpose of providing a medical opinion, rather, they are offered to show that the declarant suffered an injury, a requirement for Plaintiffs' case. Furthermore, a description of the declarant's injury is relevant to demonstrate that the amount of force used by the LASD was beyond that which was necessary to maintain order in the Jails. Defendant's "hearsay" objections fail because any statements made by prison guards, acting in their official capacities on behalf of Defendant, are admissible as party-opponent admissions. Fed. R. Evid. 801(d)(2). Alternatively, such statements are not offered for the truth of the matter asserted but rather for the effect on the listener (i.e., the fear and intimidation experienced by the declarant), and are thus not hearsay. Fed. R. Evid. 801(c). Defendant's "conclusory" objections fail because the declaration does not contain legal conclusions.

| Declarant | 1. Rel. | 2. No P.K. | 3. Improper Expert Opinion | 4. Lack of Found. | 5. Hearsay | 6. Misc. |
|---|---|---|---|---|---|---|
| Garry Crumpton (Exhibit I) | ¶ 12. | ¶¶ 7-8 | ¶¶ 5, 11, 12. | ¶¶ 7-8 | ¶¶ 10-11, 13-15. | |

**Plaintiffs' Response:** Defendant's "relevance" objection fails because the declarant's injuries sustained at the hands of Deputy Ortiz are clearly relevant to Plaintiffs' allegations of deputy on inmate abuse. Defendant's "lacks personal knowledge" and "lack of foundation" objections fail because, for example, the deponent has personal knowledge and sufficient foundation to testify that when he "regained consciousness, I was being lifted up by my handcuffs by two officers" who "put me in a wire cage that was located in the area where they strip search inmates coming back from court." (¶ 7, lns. 12-13, 15-17.) Defendant's "improper expert opinion" objections fail because the declarant's statements regarding his own injuries are not offered for the purpose of providing a medical opinion, rather, they are offered to show that the declarant suffered an injury, a requirement for Plaintiffs' case. Furthermore, a description of the declarant's injury is relevant to demonstrate that the amount of force used by the LASD was beyond that which was necessary to maintain order in the Jails. Defendant's "hearsay" objections fail because any statements made by prison guards, acting in their official capacities on behalf of Defendant, are admissible as party-opponent admissions. Fed. R. Evid. 801(d)(2). Alternatively, such statements are not offered for the truth of the matter asserted but rather for the effect on the listener (i.e., the fear and intimidation experienced by the declarant), and are thus not hearsay. Fed. R. Evid. 801(c).

PLAINTIFFS' RESP. TO DEFENDANT'S
EVIDENTIARY OBJECTIONS TO
DECLARATIONS AND OTHER EVIDENCE

| Declarant | 1. Rel. | 2. No P.K. | 3. Improper Expert Opinion | 4. Lack of Found. | 5. Hearsay | 6. Misc. |
|---|---|---|---|---|---|---|
| Champlain Doe (Exhibit J) | ¶¶ 14, 18, 19, 23, 25, 26, 32, 34, 36, 37, 40, 41, 45, 49. | ¶¶ 4, 5, 11, 14, 30, 32, 34, 36, 46, 48. | | ¶¶ 4, 5, 14, 32, 34, 36, 46, 48. | ¶¶ 10, 12, 18, 19, 23, 27, 30, 37, 43, 44, 46, 48, 50. | ¶ 6 (diagram not properly authenticated) |

**Plaintiffs' Response:** Defendant's "relevance" objections fail because, for example, the Chaplain's statement that he "was afraid that if I tried to stop the beating or even just yell at the deputies to stop, they would come over and hurt me" is clearly relevant to Plaintiffs' allegations of widespread abuse and retaliation contained in the Complaint. (¶ 14, lns. 23-25.) Defendant's "lacks personal knowledge" and "lack of foundation" objections fail because, for example, the deponent has personal knowledge and sufficient foundation to testify that inmates told him "that they went to the 'hole' or to the disciplinary unit or that they were beaten up by deputies and then taken to the 'hole.'" (¶ 48, lns. 23-25.) Defendant's "hearsay" objections fail because any statements made by prison guards, acting in their official capacities on behalf of Defendant, are admissible as party-opponent admissions. Fed. R. Evid. 801(d)(2). Alternatively, such statements are not offered for the truth of the matter asserted but rather for the effect on the listener (i.e., the fear and intimidation experienced by the declarant), and are thus not hearsay. Fed. R. Evid. 801(c). Defendant's "conclusory" objections fail because the declaration does not contain legal conclusions. Defendant's "lacks authentication" objection fails because the declarant clearly authenticates the document as a "diagram of the chaplain's offices, the hallway, and where I saw the beating occurring," including, "the spot where the inmate was lying is marked with an 'X' and the spot where I was standing is marked with a 'G.'" (¶ 6, lns. 4-8.)

| Declarant | 1. Rel. | 2. No P.K. | 3. Improper Expert Opinion | 4. Lack of Found. | 5. Hearsay | 6. Misc. |
|---|---|---|---|---|---|---|
| Arturo Fernandez (Exhibit K) | ¶¶ 3, 8, 13, 15, 21, 22. | ¶¶ 5-6, 10, 12, 13, 14, 23. | ¶ 10, 11, 14, 22. | ¶ 10, 13. | ¶ 11, 13, 14, 17, 18, 19, 23. | |

**Plaintiffs' Response:** Defendant's "relevance" objections fail because, for example, the declarant's statement that he "tried to write a complaint form about" the abuse he endured while in custody, yet when he asked for a complaint form was met with hostility, is clearly relevant to Plaintiffs' allegations regarding the insufficient internal investigations into abuse allegations within the Jails.  (¶ 21.) Defendant's "lacks personal knowledge" and "lack of foundation" objections fail because, for example, the deponent has personal knowledge and foundation sufficient to testify that he "has a history of asthma and in fact, I have a prescription to get breathing treatments with a nebulizer every night.  I was scared that I was going to pass out because the deputies kept choking me.  It felt like the deputies beat me for more than a minute." (¶ 10, lns. 9-11.)  Defendant's "improper expert opinion" objections fail because the declarant's statements regarding his own injuries are not offered for the purpose of providing a medical opinion, rather, they are offered to show that the declarant suffered an injury, a requirement for Plaintiffs' case.  Furthermore, a description of the declarant's injury is relevant to demonstrate that the amount of force used by the LASD was beyond that which was necessary to maintain order in the Jails.  Defendant's "hearsay" objections fail because any statements made by prison guards, acting in their official capacities on behalf of Defendant, are admissible as party-opponent admissions.  Fed. R. Evid. 801(d)(2).  Alternatively, such statements are not offered for the truth of the matter

asserted but rather for the effect on the listener (i.e., the fear and intimidation experienced by the declarant), and are thus not hearsay.  Fed. R. Evid. 801(c).

| Declarant | 1. Rel. | 2. No P.K. | 3. Improper Expert Opinion | 4. Lack of Found. | 5. Hearsay | 6. Misc. |
|---|---|---|---|---|---|---|
| Macario Garcia (Exhibit L) | ¶¶ 6, 13, 20, 21, 22. | ¶¶ 5, 8, 9, 11, 24 | ¶¶ 17, 20, 25 | ¶¶ 5, 8, 9, 11, 24 | ¶¶ 5, 7, 9, 13, 17, 18, 20, 25 | ¶ 12, 16 (conclusory) |

**Plaintiffs' Response:**  Defendant's "relevance" objections fail because, for example, the fact that deputies yelled out, "He got what he got coming" is clearly relevant to Plaintiffs' allegations of widespread deputy on inmate abuse in the Jails. Defendant's "lacks personal knowledge" and "lack of foundation" objections fail because, for example, the deponent has personal knowledge and foundation sufficient to testify that "Deputies Chavez and Weiner punched me several times before I fell to the ground from the blows.  When I fell, they continued punching and kicking my head, face, body and legs."  (¶ 9, lns. 2-3.)  Defendant's "improper expert opinion" objections fail because the declarant's statements regarding his own injuries are not offered for the purpose of providing a medical opinion, rather, they are offered to show that the declarant suffered an injury, a requirement for Plaintiffs' case.  Furthermore, a description of the declarant's injury is relevant to demonstrate that the amount of force used by the LASD was beyond that which was necessary to maintain order in the Jails.  Defendant's "hearsay" objections fail because any statements made by prison guards, acting in their official capacities on behalf of Defendant, are admissible as party-opponent admissions.  Fed. R. Evid. 801(d)(2).  Alternatively, such statements are not offered for the truth of the matter asserted but rather for the effect on the listener (i.e., the fear and intimidation experienced by the declarant), and are thus not hearsay.  Fed. R. Evid. 801(c).

Defendant's "conclusory" objections fail because the declaration does not contain legal conclusions.

| Declarant | 1. Rel. | 2. No P.K. | 3. Improper Expert Opinion | 4. Lack of Found. | 5. Hearsay | 6. Misc. |
|---|---|---|---|---|---|---|
| Darrell Garrett (Exhibit M) | ¶ 6 | ¶ 2 | ¶ 3 | ¶ 2 | ¶¶ 3, 5, 6, 7 | |

**Plaintiffs' Response:** Defendant's "relevance" objection fails because the deponent's description of his treatment by LASD guards, including "Whenever I complain they write me up and put me in the hole" and "It had been weeks before I could wash the dried blood off me" support Plaintiffs' allegations of widespread abuse and retaliation perpetrated by LASD deputies. (¶ 6, lns. 3-5.)  Defendant's "lacks personal knowledge" and "lack of foundation" objections fail because, for example, the deponent has personal knowledge and foundation sufficient to testify that deputies "told me to walk to the left and they pushed me from behind twice.  I fell down the steps and the deputies told me to 'shut the fuck up' and a deputy started kicking me in the face.  Another deputy started kicking me in the face on the other side of my face." (¶ 2, lns. 7-9.)  Defendant's "improper expert opinion" objection fails because the declarant's statements regarding his own injuries are not offered for the purpose of providing a medical opinion, rather, they are offered to show that the declarant suffered an injury, a requirement for Plaintiffs' case. Furthermore, a description of the declarant's injury is relevant to demonstrate that the amount of force used by the LASD was beyond that which was necessary to maintain order in the Jails.  Defendant's "hearsay" objections fail because any statements made by prison guards, acting in their official capacities on behalf of Defendant, are admissible as party-opponent admissions. Fed. R. Evid. 801(d)(2). Alternatively, such statements are not offered for the truth of the matter asserted but

rather for the effect on the listener (i.e., the fear and intimidation experienced by the declarant), and are thus not hearsay.  Fed. R. Evid. 801(c).

| Declarant | 1. Rel. | 2. No P.K. | 3. Improper Expert Opinion | 4. Lack of Found. | 5. Hearsay | 6. Misc. |
|---|---|---|---|---|---|---|
| Jonathan Goodwin (Exhibit N) | ¶¶ 3-5, 7-9, 11-15, 21, 35, 36, 38, 40-44. | ¶¶ 4-5, 12-17, 19, 23, 32, 34, 36. | ¶¶ 4, 28, 31, 32, 35, 36 | ¶¶ 2-4, 12, 13, 14, 32, 34, 36 | ¶¶ 6-8, 10, 14-16, 26, 27, 28, 32, 34, 37. | ¶¶ 2, 8, 14, 23, 24 (conclusory) |

**Plaintiffs' Response:**  Defendant's "relevance" objections fail for the following reasons:

- ¶ 2:  Defendant's "lacks foundation" objection fails because the declarant has foundation sufficient to testify as to his age, the dates of his incarceration, his booking number, and the reason for submitting his declaration.  Defendant's "conclusory" objection fails because this paragraph does not contain legal conclusions.

- ¶ 3:  Defendant's "relevancy" objection fails because this paragraph provides foundation regarding the events preceding the unjustified abuse the declarant received at the hands of LASD deputies.  Defendant's "lacks foundation" objection fails because the declarant has foundation sufficient to testify as to the fact that he personally was "sprayed, choked and beat" by LASD deputies, as well as his own opinion regarding the possible reasons for such abuse.

- ¶ 4:  Defendant's "relevancy" objection fails because this paragraph provides foundation regarding the events preceding the unjustified abuse the declarant received at the hands of LASD deputies and explains how the declarant is able to identify his attacker.  Defendant's "lacks personal knowledge" and "lacks foundation" objections fail because the declarant has personal knowledge and

PLAINTIFFS' RESP. TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND OTHER EVIDENCE

foundation sufficient to testify as to his own observations, statements, and thoughts. Defendant's "improper expert opinion" objection fails because the declarant's statement is not offered for the purpose of providing a medical opinion regarding Deputy Beas' leg, rather, it is offered to provide context for the declarant's statement to Deputy Beas. Furthermore, the declarant simply states that Deputy Beas "appeared to have injured his leg" which is a permissible opinion for a lay witness.

- ¶ 5: Defendant's "relevancy" objection fails because this paragraph provides foundation for the events preceding the unjustified abuse the declarant received at the hands of LASD deputies. Defendant's "lacks personal knowledge" and "lacks foundation" objections fail because the declarant has personal knowledge and foundation sufficient to testify as to his own observations, actions, and thoughts.

- ¶ 6: Defendant's "hearsay" objection fails because any statements made by prison guards, acting in their official capacities on behalf of Defendant, are admissible as party-opponent admissions. Fed. R. Evid. 801(d)(2). Alternatively, such statements are not offered for the truth of the matter asserted but rather for the effect on the listener (i.e., the fear and intimidation experienced by the declarant), and are thus not hearsay. Fed. R. Evid. 801(c).

- ¶ 7: Defendant's "relevancy" objection fails because this paragraph provides evidence of the unjustified abuse the declarant received at the hands of LASD deputies. Defendant's "hearsay" objection fails because any statements made by prison guards, acting in their official capacities on behalf of Defendant, are admissible as party-opponent admissions. Fed. R. Evid. 801(d)(2). Alternatively, such statements are not offered for the truth of the matter asserted but rather for the effect on the listener (i.e., the fear and intimidation experienced by the declarant), and are thus not hearsay. Fed. R. Evid. 801(c).

CASE NO. CV 12-00428 DDP (SHx)                    -75-          PLAINTIFFS' RESP. TO DEFENDANT'S
                                                                EVIDENTIARY OBJECTIONS TO
                                                                DECLARATIONS AND OTHER EVIDENCE

- ¶ 8 is relevant because it provides evidence of the events preceding the unjustified abuse the declarant received at the hands of LASD deputies. Defendant's "hearsay" objection fails because the declarant's statements to Deputy Beas are not offered for the truth of the matter asserted but rather for the effect on the listener (i.e., possible motive for subsequent abuse), and are thus not hearsay. Fed. R. Evid. 801(c). Defendant's "conclusory" objection fails because this paragraph does not contain legal conclusions.
- ¶ 9 is relevant because it provides foundation for the events preceding the unjustified abuse the declarant received at the hands of LASD deputies.
- ¶ 10: Defendant's "hearsay" objection fails because any statements made by prison guards, acting in their official capacities on behalf of Defendant, are admissible as party-opponent admissions. Fed. R. Evid. 801(d)(2). Alternatively, such statements are not offered for the truth of the matter asserted but rather for the effect on the listener (i.e., the fear and intimidation experienced by the declarant), and are thus not hearsay. Fed. R. Evid. 801(c).
- ¶ 11 is relevant because it helps to explain the lack of witnesses to the unjustified abuse the declarant received at the hands of LASD deputies.
- ¶ 12: Defendant's "relevancy" objection fails because this paragraph provides foundation for the events preceding the unjustified abuse the declarant received at the hands of LASD deputies. Defendant's "lacks personal knowledge" and "lacks foundation" objections fail because the declarant has personal knowledge and foundation sufficient to testify as to his own observations, actions, and thoughts.
- ¶ 13: Defendant's "relevancy" objection fails because this paragraph provides foundation for the events preceding the unjustified abuse the declarant received at the hands of LASD deputies. Defendant's "lacks personal knowledge" and "lacks foundation" objections fail because the declarant has personal knowledge

and foundation sufficient to testify as to his own observations about past practices in the Jails, as well as his own thoughts and actions.

- ¶ 14: Defendant's "relevancy" objection fails because this paragraph provides foundation for the events preceding the unjustified abuse the declarant received at the hands of LASD deputies. Defendant's "lacks personal knowledge" and "lacks foundation" objections fail because the declarant has personal knowledge and foundation sufficient to testify as to his own observations, thoughts and actions. Defendant's "hearsay" objection fails because any statements made by prison guards, acting in their official capacities on behalf of Defendant, are admissible as party-opponent admissions. Fed. R. Evid. 801(d)(2). Alternatively, such statements are not offered for the truth of the matter asserted but rather for the effect on the listener (i.e., the fear and intimidation experienced by the declarant), and are thus not hearsay. Fed. R. Evid. 801(c). Defendant's "conclusory" objection fails because this paragraph does not contain legal conclusions.

- ¶ 15: Defendant's "relevancy" objection fails because this paragraph provides foundation for the events preceding the unjustified abuse the declarant received at the hands of LASD deputies. Defendant's "lacks personal knowledge" and "lacks foundation" objections fail because the declarant has personal knowledge and foundation sufficient to testify as to his own observations. Defendant's "hearsay" objection fails because any statements made by prison guards, acting in their official capacities on behalf of Defendant, are admissible as party-opponent admissions. Fed. R. Evid. 801(d)(2). Alternatively, such statements are not offered for the truth of the matter asserted but rather for the effect on the listener (i.e., the fear and intimidation experienced by the declarant), and are thus not hearsay. Fed. R. Evid. 801(c).

- ¶ 16: Defendant's "lacks personal knowledge" and "lacks foundation" objections fail because the declarant has personal knowledge and foundation

CASE NO. CV 12-00428 DDP (SHx)                  -77-                  PLAINTIFFS' RESP. TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND OTHER EVIDENCE

sufficient to testify as to his own observations, thoughts and actions. Defendant's "hearsay" objection fails because any statements made by prison guards, acting in their official capacities on behalf of Defendant, are admissible as party-opponent admissions.  Fed. R. Evid. 801(d)(2).  Alternatively, such statements are not offered for the truth of the matter asserted but rather for the effect on the listener (i.e., the fear and intimidation experienced by the declarant), and are thus not hearsay.  Fed. R. Evid. 801(c).

- ¶ 17: Defendant's "lacks personal knowledge" and "lacks foundation" objections fail because the declarant has personal knowledge and foundation sufficient to testify as to his own observations, thoughts and actions.
- ¶ 19: Defendant's "lacks personal knowledge" and "lacks foundation" objections fail because the declarant has personal knowledge and foundation sufficient to testify as to his own observations, thoughts and actions.
- ¶ 21: Defendant's "relevancy" objection fails because this paragraph describes the unjustified abuse the declarant received at the hands of LASD deputies.
- ¶ 23: Defendant's "lacks personal knowledge" objection fails because the declarant has personal knowledge and foundation sufficient to testify as to his own observations and thoughts.  Defendant's "conclusory" objection fails because this paragraph does not contain legal conclusions.
- ¶ 24: Defendant's "conclusory" objection fails because this paragraph does not contain legal conclusions.
- ¶ 26: Defendant's "hearsay" objection fails because any statements made by prison guards, acting in their official capacities on behalf of Defendant, are admissible as party-opponent admissions.  Fed. R. Evid. 801(d)(2). Alternatively, such statements are not offered for the truth of the matter asserted but rather for the effect on the listener (i.e., the fear and intimidation experienced by the declarant), and are thus not hearsay.  Fed. R. Evid. 801(c).

- ¶ 27: Defendant's "hearsay" objection fails because any statements made by prison guards, acting in their official capacities on behalf of Defendant, are admissible as party-opponent admissions. Fed. R. Evid. 801(d)(2). Alternatively, such statements are not offered for the truth of the matter asserted but rather for the effect on the listener (i.e., the fear and intimidation experienced by the declarant), and are thus not hearsay. Fed. R. Evid. 801(c).

- ¶ 28: Defendant's "improper expert opinion" objection fails because the declarant's statements regarding his own injuries are not offered for the purpose of providing a medical opinion, rather, they are offered to show that the declarant suffered an injury, a requirement for Plaintiffs' case. Furthermore, a description of the declarant's injury is relevant to demonstrate that the amount of force used by the LASD was beyond that which was necessary to maintain order in the Jails. Defendant's "hearsay" objection fails because the nurse's statements were made for purposes of medical diagnosis or treatment, and thus fall within the hearsay exception at Fed. R. Evid. 803(4).

- ¶ 31: Defendant's "improper expert opinion" objection fails because the declarant's statements regarding his own injuries are not offered for the purpose of providing a medical opinion, rather, they are offered to show that the declarant suffered an injury, a requirement for Plaintiffs' case. Furthermore, a description of the declarant's injury is relevant to demonstrate that the amount of force used by the LASD was beyond that which was necessary to maintain order in the Jails.

- ¶ 32: Defendant's "lacks personal knowledge" and "lacks foundation" objections fail because the declarant has personal knowledge and foundation sufficient to testify as to his own beliefs and actions. Defendant's "improper expert opinion" objection fails because the declarant's statements regarding his own injuries are not offered for the purpose of providing a medical opinion, rather, they are offered to show that the declarant suffered an injury, a

requirement for Plaintiffs' case. Furthermore, a description of the declarant's injury is relevant to demonstrate that the amount of force used by the LASD was beyond that which was necessary to maintain order in the Jails. Defendant's "hearsay" objection fails because testimony that the doctor prescribed Tylenol and antibiotics for the declarant's injuries is a statement made for purposes of medical diagnosis or treatment and thus falls within the hearsay exception at Fed. R. Evid. 803(4).

- ¶ 34: Defendant's "lacks personal knowledge" and "lacks foundation" objections fail because the declarant has personal knowledge and foundation sufficient to testify as to his own observations, thoughts and actions. Defendant's "hearsay" objection fails because any statements made by prison guards, acting in their official capacities on behalf of Defendant, are admissible as party-opponent admissions. Fed. R. Evid. 801(d)(2). Alternatively, such statements are not offered for the truth of the matter asserted but rather for the effect on the listener (i.e., the fear and intimidation experienced by the declarant), and are thus not hearsay. Fed. R. Evid. 801(c).

- ¶ 35: Defendant's "relevant" objection fails because this paragraph provides evidence of the declarant's injuries resulting from the unjustified abuse the declarant received at the hands of LASD deputies. Defendant's "improper expert opinion" objection fails because the declarant's statements regarding his own injuries are not offered for the purpose of providing a medical opinion, rather, they are offered to show that the declarant suffered an injury, a requirement for Plaintiffs' case. Furthermore, a description of the declarant's injury is relevant to demonstrate that the amount of force used by the LASD was beyond that which was necessary to maintain order in the Jails.

- ¶ 36: Defendant's "relevant" objection fails because this paragraph provides evidence of the declarant's injuries resulting from the unjustified abuse the declarant received at the hands of LASD deputies. Defendant's "lacks personal

knowledge" and "lacks foundation" objections fail because the declarant has personal knowledge and foundation sufficient to testify as to his own observations, thoughts and actions.  Defendant's "improper expert opinion" objection fails because the declarant's statements regarding his own injuries are not offered for the purpose of providing a medical opinion, rather, they are offered to show that the declarant suffered an injury, a requirement for Plaintiffs' case.  Furthermore, a description of the declarant's injury is relevant to demonstrate that the amount of force used by the LASD was beyond that which was necessary to maintain order in the Jails.

- ¶ 37:  Defendant's "hearsay" objection fails because any statements made by prison guards, acting in their official capacities on behalf of Defendant, are admissible as party-opponent admissions.  Fed. R. Evid. 801(d)(2). Alternatively, such statements are not offered for the truth of the matter asserted but rather for the effect on the listener (i.e., the fear and intimidation experienced by the declarant), and are thus not hearsay.  Fed. R. Evid. 801(c).

- ¶ 38:  Defendant's "relevant" objection fails because this paragraph provides evidence of the declarant's injuries resulting from the unjustified abuse the declarant received at the hands of LASD deputies.

- ¶ 40:  Defendant's "relevant" objection fails because this paragraph provides evidence supporting Plaintiffs' allegations of abuse and retaliation by LASD deputies.

- ¶ 41:  Defendant's "relevant" objection fails because this paragraph provides evidence supporting Plaintiffs' allegations of abuse and retaliation by LASD deputies.

- ¶ 42:  Defendant's "relevant" objection fails because this paragraph provides evidence supporting Plaintiffs' allegations of abuse and retaliation by LASD deputies.

- ¶ 43: Defendant's "relevant" objection fails because this paragraph provides evidence supporting Plaintiffs' allegations of abuse and retaliation by LASD deputies.

- ¶ 44: Defendant's "relevant" objection fails because this paragraph provides evidence supporting Plaintiffs' allegations of abuse and retaliation by LASD deputies.

| Declarant | 1. Rel. | 2. No P.K. | 3. Improper Expert Opinion | 4. Lack of Found. | 5. Hearsay | 6. Misc. |
|---|---|---|---|---|---|---|
| Gordon Grbavac (Exhibit O) | ¶¶ 2-8, 18, 20, 24 | ¶¶ 8, 13, 18, 19, 22, 23, 24 | ¶ 22, 29 | ¶¶ 8, 13, 18, 19, 22, 24 | ¶¶ 6, 10-13, 16-17, 19, 21, 22, 23, 24, 25, 27 | ¶ 29 (no photos attached as Exhibit 2) |

**Plaintiffs' Response:** Defendant's "relevance" objections fail because, for example, the deponent's testimony that he lied about the origin of his injuries is relevant to Plaintiffs' allegations of retaliation by LASD deputies against inmates who complain or report the abuse. (¶ 18, lns. 16-20.) Defendant's "lacks personal knowledge" and "lack of foundation" objections fail because, for example, the deponent has personal knowledge and foundation sufficient to testify that a deputy said to him, "You better change your story or we're going to show you what we do to fat asses. You better say that you did this to yourself." (¶ 13, lns. 23-24.) Defendant's "improper expert opinion" objection fails because the declarant's statements regarding his own injuries are not offered for the purpose of providing a medical opinion, rather, they are offered to show that the declarant suffered an injury, a requirement for Plaintiffs' case. Furthermore, a description of the declarant's injury is relevant to demonstrate that the amount of force used by the LASD was beyond that which was necessary to maintain order in the Jails.

Defendant's "hearsay" objections fail because any statements made by prison guards, acting in their official capacities on behalf of Defendant, are admissible as party-opponent admissions. Fed. R. Evid. 801(d)(2). Alternatively, such statements are not offered for the truth of the matter asserted but rather for the effect on the listener (i.e., the fear and intimidation experienced by the declarant), and are thus not hearsay. Fed. R. Evid. 801(c).

| Declarant | 1. Rel. | 2. No P.K. | 3. Improper Expert Opinion | 4. Lack of Found. | 5. Hearsay | 6. Misc. |
|---|---|---|---|---|---|---|
| Joseph Hager (Exhibit P) | ¶¶ 3, 4, 5, 9 | ¶¶ 3, 6, 7, 8 | ¶¶ 3, 6, 7 | ¶¶ 3, 6, 7, 8 | ¶¶ 5-6 | 28 U.S.C. § 1746 (failure to properly sign and date) |

**Plaintiffs' Response:** Defendant's "relevance" objections fail because, for example, the deponent's statement that a deputy "pushed me up against the wall" and "violently kicked my left ankle out with so much force that my ankle started bleeding" are clearly relevant to Plaintiffs' claims of abuse by LASD deputies. (¶ 5, lns. 22-24.) Defendant's "lacks personal knowledge" and "lack of foundation" objections fail because, for example, the deponent has personal knowledge and foundation sufficient to testify that he lied about the cause of his injuries "because I figured if I said anything I would have more problems with the deputies." (¶ 8, ln. 16.) Defendant's "improper expert opinion" objection fails because the declarant's statements regarding his own injuries are not offered for the purpose of providing a medical opinion, rather, they are offered to show that the declarant suffered an injury, a requirement for Plaintiffs' case. Furthermore, a description of the declarant's injury is relevant to demonstrate that the amount of force used by the LASD was beyond that which was necessary to maintain order in the Jails. Defendant's "hearsay" objections fail because any statements made by prison

guards, acting in their official capacities on behalf of Defendant, are admissible as party-opponent admissions. Fed. R. Evid. 801(d)(2). Alternatively, such statements are not offered for the truth of the matter asserted but rather for the effect on the listener (i.e., the fear and intimidation experienced by the declarant), and are thus not hearsay. Fed. R. Evid. 801(c). Defendant's "failure to properly date and sign" objection fails because the declaration is dated and signed. *See* Docket 20-5, page 111.

| Declarant | 1. Rel. | 2. No P.K. | 3. Improper Expert Opinion | 4. Lack of Found. | 5. Hearsay | 6. Misc. |
|---|---|---|---|---|---|---|
| Michael Holguin (Exhibit Q) | ¶¶ 3, 5, 8, 9 | ¶¶ 7, 9 | ¶ 7 | ¶¶ 6, 7, 9 | ¶¶ 3, 6, 8 | ¶ 7 (conclusory) |

**Plaintiffs' Response:** Defendant's "relevance" objections fail because, for example, the deponent's testimony that he was sent to the hole for 29 days after he was assaulted by LASD deputies supports Plaintiffs' allegations that abuse allegations are oftentimes not investigated because the inmates are blamed for the attacks. (¶ 8.) Defendant's "lacks personal knowledge" and "lack of foundation" objections fail because, for example, the deponent has personal knowledge and foundation sufficient to testify that he was in the hospital for three days and received stitches to his eye, staples to his head, and was told that his right leg was broken. (¶ 7, lns. 24-25.) Defendant's "improper expert opinion" objection fails because the declarant's statements regarding his own injuries are not offered for the purpose of providing a medical opinion, rather, they are offered to show that the declarant suffered an injury, a requirement for Plaintiffs' case. Furthermore, a description of the declarant's injury is relevant to demonstrate that the amount of force used by the LASD was beyond that which was necessary to maintain order in the Jails. Defendant's "hearsay" objections fail because any statements made by

-84-

prison guards, acting in their official capacities on behalf of Defendant, are admissible as party-opponent admissions. Fed. R. Evid. 801(d)(2). Alternatively, such statements are not offered for the truth of the matter asserted but rather for the effect on the listener (i.e., the fear and intimidation experienced by the declarant), and are thus not hearsay. Fed. R. Evid. 801(c). Defendant's "conclusory" objection fails because the declaration does not contain legal conclusions.

| Declarant | 1. Rel. | 2. No P.K. | 3. Improper Expert Opinion | 4. Lack of Found. | 5. Hearsay | 6. Misc. |
|---|---|---|---|---|---|---|
| Michael Jefferson (Exhibit R) | ¶¶ 3-6, 10, 11, 14-17, 19, 2-24 | ¶¶ 8, 9, 18, 21, 22 | ¶¶ 3, 18, 19 | ¶¶ 8, 9, 22 | ¶¶ 3-5, 13, 23 | 28 U.S.C. § 1746 (failure to properly sign and date) |

**Plaintiffs' Response:** Defendant's "relevance" objections fail because, for example, the deponent's testimony that Deputy Quintana said to him, "Don't fucking look at my officers" and punched him on the left side of his face without provocation directly supports the allegations contained in Plaintiffs' Complaint. (¶ 11, lns. 23-24.) Defendant's "lacks personal knowledge" and "lack of foundation" objections fail because, for example, the deponent has personal knowledge and foundation sufficient to testify that he heard two deputies talking to each other, that one told him to "face the fucking wall," and that one deputy said to the other, "This nigger can't fucking listed and face the wall." (¶¶ 8-9, lns. 9-14.) Defendant's "improper expert opinion" objection fails because the declarant's statements regarding his own injuries are not offered for the purpose of providing a medical opinion, rather, they are offered to show that the declarant suffered an injury, a requirement for Plaintiffs' case. Furthermore, a description of the declarant's injury is relevant to demonstrate that the amount of force used by the LASD was beyond that which was necessary to maintain order in the Jails.

Defendant's "hearsay" objections fail because any statements made by prison guards, acting in their official capacities on behalf of Defendant, are admissible as party-opponent admissions. Fed. R. Evid. 801(d)(2). Alternatively, such statements are not offered for the truth of the matter asserted but rather for the effect on the listener (i.e., the fear and intimidation experienced by the declarant), and are thus not hearsay. Fed. R. Evid. 801(c). Defendant's "failure to properly sign and date" objection fails because the declarant signed and dated the declaration. *See* Docket 20-6, page 121.

| Declarant | 1. Rel. | 2. No P.K. | 3. Improper Expert Opinion | 4. Lack of Found. | 5. Hearsay | 6. Misc. |
|---|---|---|---|---|---|---|
| Eefrom Jones (Exhibit S) | ¶¶ 8, 10, 12, 13 | ¶¶ 6, 7,11 | ¶¶ 3, 4, 6, 7 | ¶ 6, 11 | ¶¶ 6, 7, 10, 11, 12, 13 | ¶ 6 (vague and ambiguous) |

**Plaintiffs' Response:** Defendant's "relevance" objections fail because, for example, the deponent's testimony that Deputy Navarro "flashed a flashlight up my butt" and "another deputy came over and stuck his finger up there," while both deputies laughed, directly supports the allegations contained in Plaintiffs' Complaint. (¶ 12, lns. 10-12.) Defendant's "lacks personal knowledge" and "lacks foundation" objections fail because, for example, the deponent has personal knowledge and foundation sufficient to testify that deputies "hit me with a taser and pepper sprayed me in the face. I kept trying to tell them that I had asthma but they kept going." (¶ 6, lns. 18-19.) Defendant's "improper expert opinion" objection fails because the declarant's statements regarding his own injuries are not offered for the purpose of providing a medical opinion, rather, they are offered to show that the declarant suffered an injury, a requirement for Plaintiffs' case. Furthermore, a description of the declarant's injury is relevant to demonstrate that the amount of force used by the LASD was beyond that which was necessary to maintain order in

the Jails.  Defendant's "hearsay" objections fail because any statements made by prison guards, acting in their official capacities on behalf of Defendant, are admissible as party-opponent admissions.  Fed. R. Evid. 801(d)(2).  Alternatively, such statements are not offered for the truth of the matter asserted but rather for the effect on the listener (i.e., the fear and intimidation experienced by the declarant), and are thus not hearsay.  Fed. R. Evid. 801(c).  Defendant's "vague and ambiguous" objection fails because there is nothing vague or ambiguous about Paragraph 6, which reads:

> 6.   They hit me with a taser and pepper sprayed me in the face.  I kept trying to tell them that I had asthma but they kept going.

| Declarant | 1. Rel. | 2. No P.K. | 3. Improper Expert Opinion | 4. Lack of Found. | 5. Hearsay | 6. Misc. |
|---|---|---|---|---|---|---|
| Ravon Jones (Exhibit T) | ¶¶ 3, 5, 6, 9, 12, 30, 31 | ¶¶ 3, 7, 10, 11, 17, 19, 27, 33, 36, 37, 41, 42 | ¶ 24 | ¶¶ 3, 7, 10, 11, 17, 19, 27, 33, 36, 37, 41, 42 | ¶¶ 4, 16, 18, 19, 20, 24, 27, 33, 36, 37, 41, 42 | |

**Plaintiffs' Response:**  Defendant's "relevance" objections fail because, for example, the deponent's testimony that he observed inmates beat up and sexually assault another inmate, with the acquiescence of LASD Custody Assistant Zamora, is clearly relevant to the allegations contained in Plaintiffs' Complaint.  (¶ 3.) Defendant's "lacks personal knowledge" and "lacks foundation" objections fail because, for example, the deponent has personal knowledge and foundation sufficient to testify that he asked another inmate if he was okay, that the inmate responded, "Yes, but my butt is bleeding," and that he observed Custody Assistant Zamora "walk down our row, look into Silva's cell and walk to the back door located at the end of our row."  (¶ 19, lns. 22-24.)  Defendant's "improper expert

PLAINTIFFS' RESP. TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND OTHER EVIDENCE

opinion" objection fails because the declarant's statement that he told Deputy Johnson that another inmate needed medical attention is not offered for the purpose of establishing that the inmate did need medical attention, but rather to show the Deputy seemed unconcerned with the inmate's health or medical condition at the time.  Furthermore, a description of the inmate's injury is relevant to demonstrate that the amount of force used by the LASD was beyond that which was necessary to maintain order in the Jails.  Defendant's "hearsay" objections fail because any statements made by prison guards, acting in their official capacities on behalf of Defendant, are admissible as party-opponent admissions.  Fed. R. Evid. 801(d)(2).  Alternatively, such statements are not offered for the truth of the matter asserted but rather for the effect on the listener (i.e., the fear and intimidation experienced by the declarant), and are thus not hearsay.  Fed. R. Evid. 801(c).

| Declarant | 1. Rel. | 2. No P.K. | 3. Improper Expert Opinion | 4. Lack of Found. | 5. Hearsay | 6. Misc. |
|---|---|---|---|---|---|---|
| Paulino Juarez (Exhibit U) | ¶¶ 1, 4, 9, 12, 19, 20, 21, 27, 28, 39, 47, 49-51 | ¶¶ 3, 6, 9, 13, 16, 21, 23, 31, 33 | ¶ 50 | ¶¶ 3, 8, 9, 16-18, 23 | ¶¶ 7, 14, 22, 24, 25, 26, 29, 30, 33, 37, 41, 44, 47, 48 | ¶¶ 1, 9 (conclusory, vague, ambiguous) ¶¶ 2, 30 (Exhibit not properly authenticated; contents of report hearsay) |

**Plaintiffs' Response:** Defendant's "relevance" objections fail because, for example, the deponent's testimony that he "saw three deputies beating up an inmate whom I believed was handcuffed" directly supports the allegations contained in Plaintiffs' Complaint.  (¶ 4, lns. 27-28.)  Defendant's "lacks personal knowledge" and "lacks foundation" objections fail because, for example, the deponent has personal knowledge and foundation sufficient to testify that he "heard thumps and

gasps, which sounded like someone being beaten.  I stopped talking to Mr. Carillo, walked to the door marked PJ on the attached diagram, and looked to where I heard the sounds." (¶ 3, lns. 23-26.)  Defendant's "improper expert opinion" objection fails because the declarant does not offer a medical opinion, rather, he merely opines that *if* the victimized inmate was schizophrenic, as asserted by Defendant, he should have been housed in Twin Towers where inmates with mental illness are typically housed.  (¶ 50, lns. 28-2.)  Defendant's "hearsay" objections fail because any statements made by prison guards, acting in their official capacities on behalf of Defendant, and by Defendant himself, are admissible as party-opponent admissions.  Fed. R. Evid. 801(d)(2).  Alternatively, such statements are not offered for the truth of the matter asserted but rather for the effect on the listener (i.e., the fear and intimidation experienced by the declarant), and are thus not hearsay.  Fed. R. Evid. 801(c).  Defendant's "vague and ambiguous" objections fail because these paragraphs are neither vague nor ambiguous.  Defendant's "conclusory" objections fail because the declaration does not include legal conclusions.  Defendant's "failure to authenticate" objection fails because the declarant has properly authenticated Exhibits 1 and 2 in his declaration.  Defendant's "hearsay" objection with respect to Exhibit 2 fails because the report is not offered for the truth of the matter asserted but is offered instead for the effect on the listener (i.e., Sergeant Barbosa received the report and thus had knowledge of the declarant's allegations).  Whether the contents of the document are true or not, which they are, is irrelevant.  Alternatively, the report is a recorded recollection prepared by the declarant concerning a matter about which he once had knowledge, and thus falls within the hearsay exception at Fed. R. Evid. 803(5).

| Declarant | 1. Rel. | 2. No P.K. | 3. Improper Expert Opinion | 4. Lack of Found. | 5. Hearsay | 6. Misc. |
|---|---|---|---|---|---|---|
| Alex Krehbiel (Exhibit V) | ¶¶ 3, 7-8, 11, 19, 23, 28 | ¶¶ 9, 11, 14, 24, 25 | ¶¶ 4, 29 | ¶¶ 14, 24 | ¶¶ 4, 21, 26, 27 | ¶¶ 17, 18, 20 (vague, ambiguous, conclusory) |

**Plaintiffs' Response:** Defendant's "relevance" objections fail because, for example, the deponent's testimony that deputies "all had turns beating me up" while yelling, "We're not jumping you!" directly supports the allegations contained in Plaintiffs' Complaint. (¶ 19, lns. 28-2.) Defendant's "lacks personal knowledge" and "lacks foundation" objections fail because, for example, the deponent has personal knowledge and foundation sufficient to testify that one of the deputies "picked my head up as far off of the ground as he could, and then slammed it down on the ground two times. Then I just lay there for a while, moaning incoherently." (¶ 24, lns. 26-28.) Defendant's "improper expert opinion" objection fails because the declarant's statements regarding his own injuries are not offered for the purpose of providing a medical opinion, rather, they are offered to show that the declarant suffered an injury, a requirement for Plaintiffs' case. Furthermore, a description of the declarant's injury is relevant to demonstrate that the amount of force used by the LASD was beyond that which was necessary to maintain order in the Jails. Defendant's "hearsay" objections fail because any statements made by prison guards, acting in their official capacities on behalf of Defendant, are admissible as party-opponent admissions. Fed. R. Evid. 801(d)(2). Alternatively, such statements are not offered for the truth of the matter asserted but rather for the effect on the listener (i.e., the fear and intimidation experienced by the declarant), and are thus not hearsay. Fed. R. Evid. 801(c). Defendant's "conclusory" objections fail because the declaration does not include legal conclusions.

Defendant's "vague and ambiguous" objections fail because these paragraphs are neither vague nor ambiguous:

17. The group of deputies pushed me into the laundry room. The laundry room was empty, and no other inmate could see what was going on. Then they just began to beat the hell out of me.

18. One of them swept my legs out from under me with his leg and I fell onto my side. They all beat me, punching and kicking me on the back of my head, on my ribs, and on my back.

| Declarant | 1. Rel. | 2. No P.K. | 3. Improper Expert Opinion | 4. Lack of Found. | 5. Hearsay | 6. Misc. |
|---|---|---|---|---|---|---|
| Esther Lim (Exhibit W) | ¶¶ 3, 21, 32, 49, 50, 52, 54-68 | ¶¶ 6, 17, 19, 21, 23, 24, 41-43, 58 | ¶¶ 70, 73 | ¶¶ 3, 6, 19, 21, 23, 24, 39, 40, 41-43, 58, 59, 73-77 | ¶¶ 6, 28, 52, 57, 58, 59, 64, 70, 71, 73-77 | ¶¶ 3, 4, 48, 49, 50, 52 (vague, ambiguous, conclusory) ¶ 10 (diagram not properly authenticated) |

**Plaintiffs' Response:** Defendant's "relevance" objections fail because, for example, the deponent's testimony that "Mr. Parker looked like he was a mannequin that was being used as a punching bag as he was not showing any sort of movement. I thought he was knocked out or perhaps even dead" directly supports the allegations contained in Plaintiffs' Complaint. (¶ 21, lns. 22-24.) Defendant's "lacks personal knowledge" and "lacks foundation" objections fail because, for example, the deponent has personal knowledge and foundation sufficient to testify that she heard both deputies yelling, "Stop resisting!" and "Stop fighting!" while they beat Mr. Parker, an inmate. (¶ 24, lns. 3-6.) Defendant's "improper expert opinion" objection fails because the declarant does not offer a medical opinion, rather, she recounts her observations regarding the inmate's

injuries, including that the inmate's eye was swollen half way shut and that he had a cut approximately two centimeters long over his left eyebrow. (¶ 70, lns. 20-22.) Such observations are clearly within the purview of lay witness opinion. Furthermore, a description of the inmate's injury is relevant to demonstrate that the amount of force used by the LASD was beyond that which was necessary to maintain order in the Jails. Defendant's "hearsay" objections fail because any statements made by prison guards, acting in their official capacities on behalf of Defendant, are admissible as party-opponent admissions. Fed. R. Evid. 801(d)(2). Alternatively, such statements are not offered for the truth of the matter asserted but rather for the effect on the listener (i.e., the fear and intimidation experienced by the declarant and the victim), and are thus not hearsay. Fed. R. Evid. 801(c). Defendant's "conclusory" objections fail because the declaration does not include legal conclusions. Defendant's "vague and ambiguous" objections fail because the statements to which Defendant objects are neither vague nor ambiguous. Defendant's "not properly authenticated" objection fails because the declarant properly authenticates the document in her declaration.

| Declarant | 1. Rel. | 2. No P.K. | 3. Improper Expert Opinion | 4. Lack of Found. | 5. Hearsay | 6. Misc. |
|---|---|---|---|---|---|---|
| Thaddeus Love (Exhibit X) | ¶ 19 | ¶¶ 5, 7, 11, 13, 14 | | ¶¶ 5, 13-14 | ¶¶ 5, 18 | ¶ 3 (conclusory) ¶ 4 (diagram not properly authenticated) |

**Plaintiffs' Response:** Defendant's "relevance" objection fails because the deponent's testimony that the Sergeant failed to interview him about an incident he observed – even though the declarant volunteered to be interviewed –directly supports the allegations contained in Plaintiffs' Complaint. (¶ 19, lns. 19-22.) Defendant's "lacks personal knowledge" and "lacks foundation" objections fail

because, for example, the deponent has personal knowledge and foundation sufficient to testify that he observed the following conduct:  Deputy Ibarra pepper sprayed Mr. Tillman, C.A. Perez tased Mr. Tillman two to four times, and Mr. Tillman stopped screaming by the time he was tased but his body shook violently each time was tased.  (¶ 15, lns. 3-6.)  Defendant's "hearsay" objections fail because any statements made by prison guards, acting in their official capacities on behalf of Defendant, are admissible as party-opponent admissions.  Fed. R. Evid. 801(d)(2).  Alternatively, such statements are not offered for the truth of the matter asserted but rather for the effect on the listener (i.e., the fear and intimidation experienced by the declarant), and are thus not hearsay.  Fed. R. Evid. 801(c). Defendant's "conclusory" objections fail because the declaration does not include legal conclusions.  Defendant's "failure to properly authenticate" objection fails because the declarant does authenticate the document in his declaration.

| Declarant | 1. Rel. | 2. No P.K. | 3. Improper Expert Opinion | 4. Lack of Found. | 5. Hearsay | 6. Misc. |
|---|---|---|---|---|---|---|
| Juan Diego Mares (Exhibit Y) | ¶¶ 4-6, 8, 18, 25 | ¶¶ 8, 10, 13, 15, 18, 21, 23, 24, 30, 31, 34 | ¶¶ 30, 31, 34 | ¶¶ 10, 15, 18, 30, 31, 34 | ¶¶ 8, 9 15, 17- 21, 23, 24, 27, 28, 30, 31, 34 | |

**Plaintiffs' Response:**  Defendant's "relevance" objections fail because, for example, the deponent's testimony that a deputy smirked and laughed at him as he was placed on a gurney after a beating at the hands of another deputy directly supports the allegations contained in Plaintiffs' Complaint.  (¶ 25, lns. 27-28.) Defendant's "lacks personal knowledge" and "lacks foundation" objections fail because, for example, the deponent has personal knowledge and foundation sufficient to testify that a "doctor then checked my eye and he told me that the pupil had fallen off and that a piece of my cornea was missing."  (¶ 31, lns. 17-18.)

Defendant's "improper expert opinion" objection fails because the declarant's statements regarding his own injuries are not offered for the purpose of providing a medical opinion, rather, they are offered to show that the declarant suffered an injury, a requirement for Plaintiffs' case. Furthermore, a description of the declarant's injury is relevant to demonstrate that the amount of force used by the LASD was beyond that which was necessary to maintain order in the Jails. Defendant's "hearsay" objections fail because any statements made by prison guards, acting in their official capacities on behalf of Defendant, are admissible as party-opponent admissions. Fed. R. Evid. 801(d)(2). Alternatively, such statements are not offered for the truth of the matter asserted but rather for the effect on the listener (i.e., the fear and intimidation experienced by the declarant), and are thus not hearsay. Fed. R. Evid. 801(c).

| Declarant | 1. Rel. | 2. No P.K. | 3. Improper Expert Opinion | 4. Lack of Found. | 5. Hearsay | 6. Misc. |
|---|---|---|---|---|---|---|
| Shawn Meyers (Exhibit Z) | ¶¶ 3, 4, 7-9, 15-22, 28 | ¶¶ 3, 5, 13, 18, 24, 26, 27 | ¶¶ 3, 5, 9 | ¶ 5, 13, 18, 26 | ¶¶ 12, 13, 14, 18, 24, 27 | ¶¶ 13, 18, 24 (conclusory, vague, and ambiguous) |

**Plaintiffs' Response:** Defendant's "relevance" objections fail because, for example, the deponent's testimony that he was threatened with violence after meeting with attorneys from the A.C.L.U. directly supports the allegations contained in Plaintiffs' Complaint. Defendant's "lacks personal knowledge" and "lacks foundation" objections fail because, for example, the deponent has personal knowledge and foundation sufficient to testify that Deputy Hinton said to the declarant, among other threats, "This is retaliation for you having the ACLU in on us." (¶ 13, lns. 17-20.) Defendant's "improper expert opinion" objection fails because the declarant offers no expert opinions in his declaration. For example,

Defendant objects to the declarant's statement, "I use a wheelchair because I have spinal injuries and I can't walk." (¶ 9, ln. 6.) Surely the declarant, as an individual who cannot walk due to spinal injuries, need not be a medical expert to provide this kind of general testimony regarding his own condition. In addition, this evidence is not offered to establish a medical diagnosis, but rather to provide context so that the reader will understand why the declarant uses a wheelchair. Defendant's "hearsay" objections fail because any statements made by prison guards, acting in their official capacities on behalf of Defendant, are admissible as party-opponent admissions. Fed. R. Evid. 801(d)(2). Alternatively, such statements are not offered for the truth of the matter asserted but rather for the effect on the listener (i.e., the fear and intimidation experienced by the declarant), and are thus not hearsay. Fed. R. Evid. 801(c). Defendant's "conclusory" objections fail because the declaration does not include legal conclusions. Defendant's "vague and ambiguous" objections fail because these paragraphs are neither vague nor ambiguous.

| Declarant | 1. Rel. | 2. No P.K. | 3. Improper Expert Opinion | 4. Lack of Found. | 5. Hearsay | 6. Misc. |
|---|---|---|---|---|---|---|
| Fred Nowden (Exhibit AA) | ¶ 4 | ¶¶ 4, 5, 6, 8 | | ¶¶ 5, 6, 8 | | ¶ 7 (vague, ambiguous, conclusory) |

**Plaintiffs' Response:** Defendant's "relevance" objection fails because the deponent's testimony in Paragraph 4 provides context for the remainder of his declaration. Defendant's "lacks personal knowledge" and "lacks foundation" objections fail because, for example, the deponent has personal knowledge and foundation sufficient to testify that he "saw Garry Crumpton lying on his stomach on the floor with both arms spread out above his head, in surrender. One of the deputies has a flashlight pushing on the back of Garry Crumpton's neck, pinning him down." (¶ 6, lns. 23-26.) Defendant's "conclusory" objections fail because the

CASE NO. CV 12-00428 DDP (SHx)

-95-

declaration does not include legal conclusions.  In fact, Defendant appears to object to Paragraph 7 where the declarant estimates that the "beating seemed to last for about 10 to 20 seconds" as an improper conclusion.  This is not an improper conclusion, but rather an estimate based on the declarant's personal observation, which is perfectly acceptable.  Defendant's "vague and ambiguous" objections fail because these paragraphs are neither vague nor ambiguous.

| Declarant | 1. Rel. | 2. No P.K. | 3. Improper Expert Opinion | 4. Lack of Found. | 5. Hearsay | 6. Misc. |
|---|---|---|---|---|---|---|
| Rashaad Pilgrim (Exhibit BB) | ¶¶ 6, 13, 14 | ¶¶ 4. 8, 14 | ¶ 11 | ¶ 8, 14 | ¶¶ 5, 6, 11, 12, 14 | |

**Plaintiffs' Response:**  Defendant's "relevance" objections fail because, for example, the deponent's identification of other witnesses to his jailhouse beating is clearly relevant to the allegations contained in Plaintiffs' Complaint.  (¶ 6, lns. 24-3.)  Defendant's "lacks personal knowledge" and "lacks foundation" objections fail because, for example, the deponent has personal knowledge and foundation sufficient to testify that deputies told him that he was "on disciplinary" and that he "lost privileges like recreation, phones, visits and commissary for 29 days for fighting with the deputies."  (¶ 14, lns. 8-9.)  Defendant's "improper expert opinion" objection fails because the declarant's statements regarding his own injuries are not offered for the purpose of providing a medical opinion, rather, they are offered to show that the declarant suffered an injury, a requirement for Plaintiffs' case.  Furthermore, a description of the declarant's injury is relevant to demonstrate that the amount of force used by the LASD was beyond that which was necessary to maintain order in the Jails.  Defendant's "hearsay" objections fail because any statements made by prison guards, acting in their official capacities on behalf of Defendant, are admissible as party-opponent admissions.  Fed. R. Evid.

PLAINTIFFS' RESP. TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND OTHER EVIDENCE

801(d)(2).  Alternatively, such statements are not offered for the truth of the matter asserted but rather for the effect on the listener (i.e., the fear and intimidation experienced by the declarant), and are thus not hearsay.  Fed. R. Evid. 801(c).

| Declarant | 1. Rel. | 2. No P.K. | 3. Improper Expert Opinion | 4. Lack of Found. | 5. Hearsay | 6. Misc. |
|---|---|---|---|---|---|---|
| Alex Rosas (Exhibit CC) | ¶¶ 9, 18, 20 | ¶¶ 9, 12, 13, 15, 21, 23 | | ¶¶ 6, 9, 12, 13, 15, 21, 23 | ¶¶ 8, 14, 18, 19, 21, 22, 23, 24 | ¶¶ 3, 21 (vague, ambiguous, conclusory) ¶ 4 (diagram not properly authenticated |

**Plaintiffs' Response:**

- ¶ 3:  Defendant's "vague and ambiguous" objections fail because Paragraph 3, which reads in its entirety, "I am writing this declaration to describe the beating of a fellow inmate, Arturo Fernandez, on July 22, 2011 and an incident when deputies attacked and threatened me on August 9, 2011" is neither vague nor ambiguous.  Nor it is "conclusory" as alleged by Defendant because it contains no legal conclusions.

- ¶ 4:  Defendant's "failure to authenticate" objection fails because Exhibit 1 is properly authenticated in the declarant's declaration.

- ¶ 6:  Defendant's "lacks foundation" objection fails because the declarant clearly has foundation sufficient to testify regarding his own observations.

- ¶ 8:  Defendant's "hearsay" objection fails because the statement by Mr. Fernandez that he could not breathe while being held in a headlock by Deputy Luviano falls within the present sense impression, excited utterance and then existing physical condition hearsay exceptions.  *See* Fed. R. Evid. 801(1) – (3).

- ¶ 9:  Defendant's "relevance" objection fails because the declarant's testimony regarding the beating of a fellow inmate by LASD deputies is directly relevant

to the allegations contained in Plaintiffs' Complaint.  Defendant's "lacks personal knowledge" and "lacks foundation" objections fail because the declarant has personal knowledge and foundation sufficient to testify about the beating that he personally observed.

- ¶ 12: Defendant's "lacks personal knowledge" and "lacks foundation" objections fail because the declarant has personal knowledge and foundation sufficient to testify about his own conversation with deputies Ibarra and Luviano, as well as his mental state resulting therefrom.

- ¶ 13: Defendant's "lacks personal knowledge" and "lacks foundation" objections fail because the declarant has personal knowledge and foundation sufficient to testify about his own conversation with deputies Ibarra and Luviano, as well as his mental state resulting therefrom.

- ¶ 15: Defendant's "lacks personal knowledge" and "lacks foundation" objections fail because the declarant has personal knowledge and foundation sufficient to testify about his own conversation with Deputy Luviano and his own subsequent mental state and actions.

- ¶ 18: Defendant's "relevance" objection fails because the declarant's testimony regarding his fear that he would experience retaliation if he complained about the deputies' actions directly supports the allegations contained in Plaintiffs' Complaint.  Defendant's "hearsay" objection fails because the declarant's statement, "I'm not lying, sir" falls within the hearsay exception for then existing mental conditions.  Fed. R. Evid. 803(3).

- ¶ 19:  Defendant's "hearsay" objections fail because any statements made by prison guards, acting in their official capacities on behalf of Defendant, are admissible as party-opponent admissions.  Fed. R. Evid. 801(d)(2).  Alternatively, such statements are not offered for the truth of the matter asserted but rather for the effect on the listener (i.e., the fear and intimidation experienced by the declarant), and are thus not hearsay.  Fed. R. Evid. 801(c).

- ¶ 20: Defendant's "relevance" objection fails because the declarant's testimony regarding his fear that he would experience retaliation if he complained about the deputies' actions directly supports the allegations contained in Plaintiffs' Complaint.

- ¶ 21: Defendant's "lacks personal knowledge" and "lacks foundation" objections fail because the declarant has personal knowledge and foundation sufficient to testify about his own observations and mental state. Defendant's "hearsay" objections fail because any statements made by prison guards, acting in their official capacities on behalf of Defendant, are admissible as party-opponent admissions. Fed. R. Evid. 801(d)(2). Alternatively, such statements are not offered for the truth of the matter asserted but rather for the effect on the listener (i.e., the fear and intimidation experienced by the declarant), and are thus not hearsay. Fed. R. Evid. 801(c). Defendant's "vague and ambiguous" objections fail because Paragraph 21, which reads in its entirety, "The deputies said to me, 'Look. We're going to make this easier for you. Write that you had the 'slicer' and we won't add on any charges.' I took this to mean that if I lied and confessed that the 'slicer' was mine that they wouldn't take me to the 'hole' and they wouldn't file any assault on deputies charges against me. I have heard from a lot of inmates that the deputies will file false charges against them after the deputies beat up inmates and saying that it was the inmates who assaulted the staff" is neither vague nor ambiguous. Nor it is "conclusory" as alleged by Defendant because it contains no legal conclusions.

- ¶ 22: Defendant's "hearsay" objections fail because any statements made by prison guards, acting in their official capacities on behalf of Defendant, are admissible as party-opponent admissions. Fed. R. Evid. 801(d)(2). Alternatively, such statements are not offered for the truth of the matter asserted but rather for the effect on the listener (i.e., the fear and intimidation experienced by the declarant), and are thus not hearsay. Fed. R. Evid. 801(c).

PLAINTIFFS' RESP. TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND OTHER EVIDENCE

- ¶ 23: Defendant's "lacks personal knowledge" and "lacks foundation" objections fail because the declarant has personal knowledge and foundation sufficient to testify about his own conversation with Deputy Reza. Defendant's "hearsay" objections fail because any statements made by prison guards, acting in their official capacities on behalf of Defendant, are admissible as party-opponent admissions. Fed. R. Evid. 801(d)(2). Alternatively, such statements are not offered for the truth of the matter asserted but rather for the effect on the listener (i.e., the fear and intimidation experienced by the declarant), and are thus not hearsay. Fed. R. Evid. 801(c).
- ¶ 24: Defendant's "hearsay" objections fail because any statements made by prison guards, acting in their official capacities on behalf of Defendant, are admissible as party-opponent admissions. Fed. R. Evid. 801(d)(2). Alternatively, such statements are not offered for the truth of the matter asserted but rather for the effect on the listener (i.e., the fear and intimidation experienced by the declarant), and are thus not hearsay. Fed. R. Evid. 801(c).

| Declarant | 1. Rel. | 2. No P.K. | 3. Improper Expert Opinion | 4. Lack of Found. | 5. Hearsay | 6. Misc. |
|---|---|---|---|---|---|---|
| Mani Sadri (Exhibit DD) | ¶ 14-18 | ¶¶ 14-18, 22, 24, 25 | ¶ 14 | ¶ 14-18, 22, 24, 25 | ¶¶ 6-8, 11-14, 20, 21, 22, 25 | ¶ 18 (vague, ambiguous, conclusory) |

**Plaintiffs' Response:** Defendant's "relevance" objections fail because, for example, the deponent's testimony regarding retaliation experienced as a result of lodging a complaint directly supports the allegations contained in Plaintiffs' Complaint. (¶ 18, lns. 19-21.) Defendant's "lacks personal knowledge" and "lacks foundation" objections fail because, for example, the deponent has personal knowledge and foundation sufficient to testify that Deputy Carbajal said to him, "If

you contact the ACLU one more time of if I see any letters being sent there, I can open up your cell and say that it was a mistake.  I'll have inmates come into your cell and have then finish you.  Do your time.  Don't complain to anyone if you want to make it out of here alive." (¶ 22, lns. 28-3.)  Defendant's "improper expert opinion" objection fails because the declarant's statement regarding the fact that he suffers from seizures is not offered for the purpose of providing a medical opinion, rather, it is offered to explain why the declarant was upset about his failure to receive medical care.  Defendant's "hearsay" objections fail because any statements made by prison guards, acting in their official capacities on behalf of Defendant, are admissible as party-opponent admissions.  Fed. R. Evid. 801(d)(2).  Alternatively, such statements are not offered for the truth of the matter asserted but rather for the effect on the listener (i.e., the fear and intimidation experienced by the declarant), and are thus not hearsay.  Fed. R. Evid. 801(c).  Defendant's "vague and ambiguous" objections fail because these paragraphs are neither vague nor ambiguous.

| Declarant | 1.<br>Rel. | 2.<br>No<br>P.K. | 3.<br>Improper<br>Expert<br>Opinion | 4.<br>Lack of<br>Found. | 5.<br>Hearsay | 6.<br>Misc. |
|---|---|---|---|---|---|---|
| Cameron Saul (Exhibit EE) | ¶¶ 3, 5-7, 13-22 | ¶¶ 7, 8, 9, 11, 13, 15, 26 | ¶ 11, 13 | ¶ 7, 8, 11, 13, 15, 26 | ¶¶ 8, 12, 26 | ¶¶ 5, 8, 11-13, 15, 26 (conclusory) ¶ 17 (diagram not properly authenticated) |

**Plaintiffs' Response:** Defendant's "relevance" objections fail because, for example, the deponent's testimony that deputies discriminate against gay inmates, subjecting them to unnecessary strip searches and humiliating jokes supports the allegations contained in Plaintiffs' Complaint that the LASD deputies working in the Jails operate without regard for the law.  Defendant's "lacks personal

knowledge" and "lacks foundation" objections fail because, for example, the deponent has personal knowledge and foundation sufficient to testify that he participated in an interview with the attorney for another inmate, for whom he described abuse perpetrated by LASD deputies within the Jails. (¶ 26, lns. 1-5.) Defendant's "improper expert opinion" objection fails because the declarant's statements are not offered as legal opinion, rather, they are offered as lay opinion testimony regarding the actions of LASD deputies. Defendant's "hearsay" objections fail because any statements made by prison guards, acting in their official capacities on behalf of Defendant, are admissible as party-opponent admissions. Fed. R. Evid. 801(d)(2). Alternatively, such statements are not offered for the truth of the matter asserted but rather for the effect on the listener (i.e., the fear and intimidation experienced by the declarant), and are thus not hearsay. Fed. R. Evid. 801(c). Defendant's "conclusory" objections fail because the declaration does not include legal conclusions. Defendant's "failure to authenticate" objection fails because the declarant properly authenticates the exhibit in his declaration.

| Declarant | 1. Rel. | 2. No P.K. | 3. Improper Expert Opinion | 4. Lack of Found. | 5. Hearsay | 6. Misc. |
|---|---|---|---|---|---|---|
| Stephen Teran (Exhibit FF) | ¶ 28-29, 32, 41-43, 51, 58 | ¶¶ 3, 6, 9, 10, 18, 19, 23, 24, 28-31, 34, 43, 49, 50, 55, 68 | ¶¶ 3, 4, 26, 28, 34, 37, 39, 43, 49, 51, 66-67 | ¶¶ 6, 10, 12-14, 19, 20, 21, 24, 28-31, 37, 44-45 60, 62 | ¶¶ 8, 11, 15, 19-22, 25, 39, 41, 48, 52, 56, 57, 61, 62, 66, 68 | ¶¶ 7, 39 (conclusory) |

**Plaintiffs' Response:** Defendant's "relevance" objections fail because, for example, the deponent's testimony that he was left naked and without clothes in a cell for two days after complaining about inmate abuse directly supports the allegations contained in Plaintiffs' Complaint. (¶ 32, lns. 7-8.) Defendant's "lacks

CASE NO. CV 12-00428 DDP (SHx)  -102-  PLAINTIFFS' RESP. TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND OTHER EVIDENCE

personal knowledge" and "lacks foundation" objections fail because, for example, the deponent has personal knowledge and foundation sufficient to testify that a deputy told him to "pick it up" and his own opinion that, based on the sound of the deputy's voice, the declarant "felt like he was trying to intimidate me." (¶ 10, lns. 3-4.)  Defendant's "improper expert opinion" objection fails because the declarant's statements regarding his own injuries are not offered for the purpose of providing a medical opinion, rather, they are offered to show that the declarant suffered an injury, a requirement for Plaintiffs' case.  Furthermore, a description of the declarant's injury is relevant to demonstrate that the amount of force used by the LASD was beyond that which was necessary to maintain order in the Jails. Defendant's "hearsay" objections fail because any statements made by prison guards, acting in their official capacities on behalf of Defendant, are admissible as party-opponent admissions.  Fed. R. Evid. 801(d)(2).  Alternatively, such statements are not offered for the truth of the matter asserted but rather for the effect on the listener (i.e., the fear and intimidation experienced by the declarant), and are thus not hearsay.  Fed. R. Evid. 801(c).  Defendant's "conclusory" objections fail because the declaration does not include legal conclusions.

| Declarant | 1. Rel. | 2. No P.K. | 3. Improper Expert Opinion | 4. Lack of Found. | 5. Hearsay | 6. Misc. |
|---|---|---|---|---|---|---|
| Eric White (Exhibit GG) | ¶¶ 2-3 | ¶¶ 5, 6, 8 | ¶ 8 | ¶ 5 | ¶ 8 | ¶¶ 5, 7 (conclusory) |

**Plaintiffs' Response:** Defendant's "relevance" objections fail because Paragraphs 2 and 3 provide foundation for the remainder of the declaration.  Defendant's "lacks personal knowledge" and "lacks foundation" objections fail because, for example, the deponent has personal knowledge and foundation sufficient to testify:

The first blow I felt was to the right side of my temple.  When I went

down, I received a crushing blow to the top of my head.  After going down, all I can remember is trying to crawl away. … As [I] began to lose consciousness, I looked down and saw a pool of blood.  (¶ 5, lns. 16-20.)

Defendant's "improper expert opinion" objection fails because the declarant's statements regarding his own injuries are not offered for the purpose of providing a medical opinion, rather, they are offered to show that the declarant suffered an injury, a requirement for Plaintiffs' case.  Furthermore, a description of the declarant's injury is relevant to demonstrate that the amount of force used by the LASD was beyond that which was necessary to maintain order in the Jails.  Defendant's "hearsay" objections fail because any statements made by prison guards, acting in their official capacities on behalf of Defendant, are admissible as party-opponent admissions.  Fed. R. Evid. 801(d)(2).  Alternatively, such statements are not offered for the truth of the matter asserted but rather for the effect on the listener (i.e., the fear and intimidation experienced by the declarant), and are thus not hearsay.  Fed. R. Evid. 801(c).  Defendant's "conclusory" objections fail because the declaration does not include legal conclusions.

DATED:  April 16, 2012        PETER J. ELIASBERG
                              MARISOL ORIHUELA
                              ACLU FOUNDATION OF SOUTHERN
                              CALIFORNIA


                              By:_____/s/ Peter J. Eliasberg_____
                                          PETER J. ELIASBERG

                              Attorneys for Plaintiffs
                              ALEX ROSAS and JONATHAN GOODWIN on
                              behalf of themselves and of those similarly
                              situated

CASE NO. CV 12-00428 DDP (SHx)      -104-      PLAINTIFFS' RESP. TO DEFENDANT'S
                                               EVIDENTIARY OBJECTIONS TO
                                               DECLARATIONS AND OTHER EVIDENCE

DATED:  April 16, 2012  MARGARET WINTER
NATIONAL PRISON PROJECT OF THE
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION


By:    /s/ Margaret Winter
     MARGARET WINTER

Attorneys for Plaintiffs
ALEX ROSAS and JONATHAN GOODWIN on
behalf of themselves and of those similarly
situated


DATED:  April 16, 2012  DONNA M. MELBY
JOHN S. DURRANT
JADE H. LEUNG
ELIZABETH C. MUELLER
PAUL HASTINGS LLP


By:    /s/ John S. Durrant
     JOHN S. DURRANT

Attorneys for Plaintiffs
ALEX ROSAS and JONATHAN GOODWIN on
behalf of themselves and of those similarly
situated

LEGAL_US_W # 70976071.3

CASE NO. CV 12-00428 DDP (SHx)  -105-  PLAINTIFFS' RESP. TO DEFENDANT'S
EVIDENTIARY OBJECTIONS TO
DECLARATIONS AND OTHER EVIDENCE