PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JUSTIN W. CLARK, State Bar No. 235477
jclark@lbaclaw.com
CORIE M. BURTON, State Bar No. 279099
cburton@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendant
Sheriff Leroy D. Baca, in his official capacity only

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ROSAS and JONATHAN GOODWIN, on their own behalf and on behalf of those similarly situated,<br><br>        Plaintiffs,<br><br>    vs.<br><br>LEROY BACA, Sheriff of Los Angeles County Jails,<br><br>        Defendant. | Case No. CV 12-00428 DDP (SHx)<br><br>Honorable Dean D. Pregerson<br><br>**DEFENDANT LEROY D. BACA'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF JUSTIN W. CLARK IN SUPPORT THEREOF**<br><br>[*[Proposed] Order filed concurrently herewith*]<br><br>Date:  May 21, 2012<br>Time:  10:00 a.m.<br>Crtm:  3 |

TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on May 21, 2012, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 3 before the Honorable Dean

1

D. Pregerson, of the United States District Court for the Central District of California, located at 312 N. Spring Street, Los Angeles, CA 90012, Defendant Sheriff Leroy D. Baca, in his official capacity only ("Defendant"), will and hereby does move for dismissal of Plaintiffs' First Amended Complaint pursuant to Federal Rules of Civil Procedure Rule 12(b)(6).

The basis for the Defendant's Motion is as follows:

1.    Plaintiffs' First Amended Complaint ["FAC"] fails to state a claim upon which relief can be granted because, even assuming all facts in the FAC as true, Plaintiffs lack standing to maintain the instant lawsuit for declaratory and injunctive relief.

This Motion will be based on this Notice of Motion, the attached Memorandum of Points and Authorities and the Declaration of Justin W. Clark, the Court's file in this matter, and such further oral and documentary evidence as the Court may consider at or prior to the hearing on this matter.

This Motion is made following an unsuccessful good faith attempt to informally resolve issues pursuant to Local Rule 7-3.  (*See*, Declaration of Justin W. Clark ["Clark Decl."], ¶ 2.)

Dated:  April 20, 2012              LAWRENCE BEACH ALLEN & CHOI, PC


By _____/s/  Justin W. Clark_____
       Paul B. Beach
       Justin W. Clark
       Attorneys for Defendant
       Sheriff Leroy D. Baca, in his official
       capacity only

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   Introduction.

In this Motion, Defendant Sheriff Leroy D. Baca ("Defendant") moves this Court to dismiss Plaintiffs Alex Rosas and Jonathan Goodwin's [together, "Plaintiffs"] First Amended Complaint ["FAC"] because they lack standing to bring this case for declaratory and injunctive relief.  In short, Plaintiffs' allegation that they are likely to be subjected to violence in the future is entirely speculative and accordingly, the FAC should be dismissed.

### II.   Summary Of Relevant Allegations And Plaintiffs' Relief.

Plaintiffs are inmates incarcerated in Los Angeles County jail.  (FAC, ¶¶ 219, 226.)  Plaintiffs allege that on July 22, 2011, they witnessed several Sheriff's Department deputies using excessive force on inmate Arturo Fernandez at Men's Central Jail.  (FAC, ¶¶ 219, 227.)  Plaintiffs further allege that a few days after the incident, several deputies threatened them not to say anything about what they allegedly witnessed.  (FAC, ¶ 220.)  Plaintiff Rosas alleges that on August 9, 2011, deputies searched his cell and planted an inmate-made weapon, and then filed false disciplinary charges against him.  (FAC, ¶ 223.)  Plaintiff Goodwin alleges that on August 10, 2011, deputies used unprovoked and excessive force on him.  (FAC, ¶¶ 229–231.)  Plaintiffs also claim that the above-referenced incidents were part of an on-going and persistent culture of unlawful deputy-on-inmate violence in the jails.  (FAC, ¶¶ 3–14.)

Plaintiffs seek only declaratory and injunctive relief.  (*See,* FAC, Prayer for Relief, ¶¶ 1-4).

### III.   Standard for Motion to Dismiss.

Fed. R. Civ. P. Rule 12(b)(6) provides that an action will be dismissed for failure to state a claim upon which relief may be granted.  Under Rule 12(b)(6), dismissal of an action is appropriate where it "appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him

1

to relief." *Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1482 (9th Cir. 1991). Conclusory allegations of law or unwarranted inferences of fact urged by the nonmoving party are insufficient to defeat a motion to dismiss. *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001). In addition, a court's obligation to construe allegations in the light most favorable to the nonmoving party does not mean that those allegations must be construed in a light favorable to the nonmoving party, if such a construction cannot reasonably be made. *Id*. Moreover, dismissal is proper if there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

## IV. Plaintiffs Lack Standing To Seek Injunctive Relief Because There Is No Real And Immediate Threat That They Will Suffer Injury In The Future.

The only relief sought in the FAC is for injunctive and declaratory relief. (*See,* FAC, Prayer for Relief, ¶¶ 1-4.) In order to state a justiciable case or controversy for injunctive or declaratory relief under Article III of the Constitution, a plaintiff must establish that he is threatened with future injury by the defendant. *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983). The "threat of injury must be both '**real and immediate**' - not 'conjectural or hypothetical.'" *Id*. at 102 (emphasis added). In *Lyons*, the plaintiff claimed that he was subjected to a chokehold by the Los Angeles Police Department during a traffic stop. *Id*. at 97-98. The plaintiff sought injunctive relief against the Los Angeles Police Department to prevent future chokeholds. *Id*. at 98. The court held that the plaintiff did not present a justiciable controversy for injunctive relief under Article III because he was unable to show that he would be arrested again and subjected to a choke hold again in the future. *Id*. at 105-06. The court dismissed the plaintiff's claims for injunctive relief because he did not have standing to bring such a claim. *Id*. at 110-11; *see also, Rizzo v. Goode*, 423 U.S. 362 (1976);

2

*Holmes v. Fisher*, 854 F.2d 229, 232 (7th Cir. 1988); *Smith v. Montgomery County*, 573 F. Supp. 604 (D. Md. 1983).

In a similar case, the Seventh Circuit upheld a district court ruling that the plaintiff lacked standing because he was unable to show that he would be likely to be arrested and held for an extended period in the future. *Holmes v. Fisher*, 854 F.2d 229, 232 (7th Cir. 1988). The plaintiff contended that he was arrested without a warrant and was detained for eight days before he was taken to court for a probable cause hearing. *Id*. at 230. The plaintiff also sought to represent a class of all past, present and future suspects for purposes of seeking declaratory and injunctive relief against delays in having probable cause hearings. *Id*. The district court dismissed the plaintiff's request for equitable relief under Fed. R. Civ. P. 12(b)(6) for lack of standing because he was afforded a probable cause hearing before he filed the suit and there was no reasonable prospect that he would again be subject to such an arrest and prolonged detention in the future. *Id*.

Injunctive relief has also been denied from speculative claims of future injury in the jail context. For example, in *Smith v. Montgomery County*, 573 F. Supp. 604 (D. Md. 1983), a plaintiff brought a suit under § 1983 on behalf of herself and a class of persons who were strip searched when they were brought to the jail. The court found that the plaintiff did not allege, and could not credibly allege, that she would be arrested in the future and strip searched without probable cause. *Id*. at 607-08. Thus, the plaintiff could not show that she would be likely to suffer future injury as a result of the conduct of the defendants. *Id*. at 607. In ruling on the defendants' motion for failure to state a claim, the court held that, under *Lyons*, the plaintiff lacked standing to seek either declaratory or injunctive relief to prevent the defendants from strip searching detainees in the jail. *Id*. at 607.

Furthermore, in *Zuniga v. Jordan*, 109CV01208 AWISMS PC, 2009 WL 5198902 (E.D. Cal. Dec. 23, 2009), the plaintiff, an inmate, filed a lawsuit under

3

§ 1983, alleging that he was subject to excessive force by jail personnel. The court held that the plaintiff lacked standing to bring an excessive force claim for equitable relief, reasoning that "the claim in this action is confined to a past incident at the jail." *Id.* at *4; *see also Wilkins-Jones v. County of Alameda*, C 08-1485 MHP, 2010 WL 2198196, at *2 (N.D. Cal. May 28, 2010) (denying injunctive relief sought by plaintiff enjoining her from being incarcerated in a facility that did not comply with the Americans with Disabilities Act ("ADA"), on the grounds that the plaintiff could not "establish a real and immediate threat that she [would] again be stopped by the police, arrested and held at a non-ADA compliant facility operated by defendant.")

Like the plaintiffs in *Lyons*, *Holmes*, *Smith*, and *Zuniga*, Plaintiffs in this case lack standing to prosecute this action for declaratory and injunctive relief. Plaintiffs' claims are based on the allegations that they have been subjected to and threatened with force in a County jail and have witnessed force against other inmates. (FAC, ¶¶ 3, 15, 219-225, 226-233.) Plaintiffs claim that "[t]hey are at a continuing risk of being subjected to deputy violence" in the future, but Plaintiffs do not allege any facts from which this Court could conclude that a real and immediate threat of harm actually exists. (FAC, ¶ 15.) Plaintiffs essentially argue that because they are in County jail, that they are at risk of being subjected to harm, but that assertion is pure speculation. Indeed, the mere possibility of the same future harm is insufficient to establish standing. *See, Nelsen v. King County,* 895 F.2d 1248, 1252 (9th Cir. 1990) (stating that the Supreme Court and Ninth Circuit have repeatedly found a lack of standing "where the litigant's claim relies upon a chain of speculative contingencies…"). Because of this fundamental threshold defect, the FAC should be dismissed.

///

///

///

4

## V.    Conclusion.

For the reasons set forth above, even taking Plaintiffs' allegations that they were subjected to violence and witnessed violence in Men's Central Jail as true, they do not establish a "real and immediate" threat of future harm required to establish standing for a claim for equitable relief, the only relief sought in this action.  Accordingly, because Plaintiffs lack standing, Plaintiffs' instant action should be dismissed.

Dated:  April 20, 2012                    LAWRENCE BEACH ALLEN & CHOI, PC


By _____/s/  Justin W. Clark_____
              Paul B. Beach
              Justin W. Clark
              Attorneys for Defendant
              Sheriff Leroy D. Baca, in his official
              capacity only

## DECLARATION OF JUSTIN W. CLARK

I, JUSTIN W. CLARK, declare as follows:

1.    I am an attorney at law, duly authorized to practice before this Court and I am an associate in the law firm of Lawrence Beach Allen & Choi, A Professional Corporation, attorneys of record for Defendant Sheriff Leroy D. Baca ("Defendant") in the above-entitled action. I have personal knowledge of the facts stated herein, except those stated upon information and belief and as to those matters, I believe them to be true. If called to testify to the matters herein, I could and would competently do so.

2.    On February 2, 2012, pursuant to Local Rule 7-3, I had a phone conversation with Plaintiffs' counsel, Peter Eliasberg and John Durrant, during which we discussed the content of this Motion.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on April 20, 2012 at Glendale, California.


                                          /s/  Justin W. Clark
                                          Justin W. Clark

6