PETER J. ELIASBERG (SB# 189110)
peliasberg@aclu-sc.org
MARISOL ORIHUELA (SB# 261375)
morihuela@aclu-sc.org
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
1313 W. 8th Street
Los Angeles, CA 90017
Phone:  (213) 977-9500
Fax:  (213) 977-5299

DONNA M. MELBY (SB# 86417)               MARGARET WINTER (*pro hac vice*)
donnamelby@paulhastings.com              mwinter@npp-aclu.org
JOHN S. DURRANT (SB# 217345)             ERIC BALABAN (*pro hac vice*
johndurrant@paulhastings.com             *application forthcoming*)
JADE H. LEUNG (SB# 279651)               ebalaban@npp-aclu.org
jadeleung@paulhastings.com               DAVID M. SHAPIRO (*pro hac vice*
ELIZABETH C. MUELLER (SB#                *application forthcoming*)
278283)                                  dshapiro@npp-aclu.org
bethmueller@paulhastings.com             NATIONAL PRISON PROJECT OF
PAUL HASTINGS LLP                        THE AMERICAN CIVIL LIBERTIES
515 South Flower Street, 25th Floor      UNION FOUNDATION
Los Angeles, CA  90071-2228              915 15th St., NW
Phone:  (213) 683-6000                   Washington, D.C. 20005
Fax:  (213) 627-0705                     Phone:  (202) 393-4930
                                         Fax:  (202) 393-4931

Attorneys for Plaintiffs
ALEX ROSAS and JONATHAN
GOODWIN, on behalf of themselves
and of those similarly situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ALEX ROSAS and JONATHAN GOODWIN on behalf of themselves and of those similarly situated, | CASE NO. CV 12-00428 DDP |
|---|---|
| Plaintiff, | ***EX PARTE* APPLICATION TO PERMIT PLAINTIFFS TO FILE A SUR-REPLY BASED ON NEWLY DISCOVERED EVIDENCE RELEVANT TO DEFENDANT'S MOTION TO REMOVE PLAINTIFFS' COUNSEL** |
| vs. | |
| LEROY BACA, Sheriff of Los Angeles County Jails, | |
| Defendant. | |

**Introduction**

Plaintiffs file this *ex parte* application to file a sur reply on Defendant's Motion to Remove the ACLU as counsel  because it learned yesterday that both the County of Los Angeles, and Sheriff Baca have used inmates statements that were filed in *Rutherford v. Baca* in other litigation, both civil and criminal.

**Facts**

On May 11, 2012, Plaintiffs' counsel learned that the District Attorney for the County of Los Angeles had used a declaration of an inmate, Jonathan Goodwin, Mr. Goodwin's criminal trial for allegedly assaulting a sheriff's deputy in Men's Central Jail.[1]  Declaration of Carlin Yuen ¶ 4; Declaration of Peter Eliasberg ¶ 3. That declaration was filed with the Court by the Plaintiffs in *Rutherford v. Baca* on September 28, 2011.  Plaintiff's counsel was surprised to discover that the County had used such a statement because Defendant's counsel has vehemently asserted in the reply brief in support of Defendant's  motion that inmate statements may not be used by any party in *Rutherford* in any other litigation, even if they have been filed in *Rutherford* and are part of the public record.  Eliasberg Decl. ¶ 4.

Accordingly, Plaintiff's counsel subsequently contacted counsel for Michael Holguin and Evans Tutt, both of whose sworn declarations were filed with this Court in *Rutherford.*  Eliasberg Decl. ¶ 5.  Both Mr. Holguin and Mr. Tutt are pursuing suits for damages under 42 U.S.C. § 1983 against the County of Los Angeles and Sheriff Baca, alleging that they are liable for beatings by sheriff's deputies that they both suffered in the Los Angeles County jails in 2009.   *Id.* at ¶ 5. Counsel for both Mr. Holguin and Mr. Tutt confirmed that Defendants' counsel in those matters, Lawrence Beach Allen & Choi PC, who are representing Sheriff Baca in this matter, had used their clients' declarations in their clients' civil suits against the County and Sheriff Baca.  Declaration of Virginia Keeny ¶¶ 2-4;

---

[1]     The jury acquitted Mr. Goodwin of the charge and of two lesser included offenses.  Yuen Decl. ¶ 3.

-1-

Eliasberg Decl.  ¶ 5.

**Argument**

Pursuant to Local Rule 7-19, Plaintiffs file this Ex Parte Application for an Order permitting them to file a sur-reply.  The purpose of the sur-reply  to explain how the evidence they learned *only after* they filed their Opposition Brief and Defendant filed his Reply Brief both undermines Defendant's interpretation of the meaning of the *Rutherford* order on which he is basing the Motion to Remove the ACLU as  counsel, but also how *Rutherford* Defendants' use of these statements in other litigation constitutes "unclean hands," which provides an additional basis to deny Defendant's  Motion.  Moreover, Plaintiffs could not have discovered the County's use of Mr. Goodwin's declaration in his criminal trial before they filed their Opposition to Defendant's Motion, because the prosecutor from the Los Angeles County District Attorney's office only used the declaration in Mr. Goodwin's trial on May 4, 2012.  Yuen Decl. ¶  4.

This newly discovered evidence is relevant to Defendant's Motion because Defendant has asserted that the ACLU should be removed as counsel in the this matter because it has violated a stipulated order in *Rutherford* by using in this matter inmate statements filed with the Court in *Rutherford*.  Moreover, Defendant has asserted that *all parties* in *Rutherford* are barred from using these statements in other litigation.

Plaintiffs have no objection to the Court's permitting Defendant's counsel the opportunity to address this evidence or to continuing the hearing on the Motion.

Sheriff Baca's counsel has been contacted regarding this application and has stated that he plans opposes this request and requested that his e-mail be attached to application, and it is.  *See* Local Rule 7-19.1 and Eliasberg Decl. ¶ 7 & Exhibits 2-4.

Sheriff Baca's counsel's contact information is as follows:

Paul Beach
Lawrence Beach Allen & Choi PC

100 West Broadway, Suite 1200
Glendale, CA 91210-1219
Telephone – 818-549-1925
Facsimile – 818-545-1937

**Conclusion**

For these reasons, Plaintiffs respectfully requests that the Court issue an order permitting Plaintiffs to file the attached sur-reply.

Respectfully submitted,
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA

ACLU NATIONAL PRISON PROJECT

PAUL HASTINGS LLP

Dated: May 11, 2012        By:        s/ Peter J. Eliasberg
                                                    PETER J. ELIASBERG
                                                    Attorney for Plaintiffs

-3-