PETER J. ELIASBERG (SB# 189110)
peliasberg@aclu-sc.org
MARISOL ORIHUELA (SB# 261375)
morihuela@aclu-sc.org
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
1313 W. 8th Street
Los Angeles, CA 90017
Phone:  (213) 977-9500
Fax:  (213) 977-5299

DONNA M. MELBY (SB# 86417)
donnamelby@paulhastings.com
JOHN S. DURRANT (SB# 217345)
johndurrant@paulhastings.com
JADE H. LEUNG (SB# 279651)
jadeleung@paulhastings.com
ELIZABETH C. MUELLER (SB# 278283)
bethmueller@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071-2228
Phone:  (213) 683-6000
Fax:  (213) 627-0705

MARGARET WINTER (*pro hac vice*)
mwinter@npp-aclu.org
ERIC BALABAN (*pro hac vice application forthcoming*)
ebalaban@npp-aclu.org
DAVID M. SHAPIRO (*pro hac vice application forthcoming*)
dshapiro@npp-aclu.org
NATIONAL PRISON PROJECT OF
THE AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
915 15th St., NW
Washington, D.C. 20005
Phone:  (202) 393-4930
Fax:  (202) 393-4931

Attorneys for Plaintiffs
ALEX ROSAS and JONATHAN
GOODWIN, on behalf of themselves
and of those similarly situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ROSAS and JONATHAN GOODWIN on behalf of themselves and of those similarly situated,<br><br>             Plaintiff,<br><br>      vs.<br><br>LEROY BACA, Sheriff of Los Angeles County Jails,<br><br>             Defendant. | CASE NO. CV 12-00428 DDP<br><br>**[PROPOSED] SUR-REPLY** |

**INTRODUCTION**

In his reply in support of his motion to remove the ACLU as counsel, defendant Sheriff Baca ("Defendant") argued that a stipulated court order barred *any* use of *any* inmate statements obtained by the ACLU in the jails. *See e.g.*, Reply to Motion to Remove at 12. Without citing one case in support of his position in his reply, Defendant took the remarkable position that the order barred the ACLU's use of inmate statements that are publicly available in the *Rutherford* court file. Defendant reasoned that the order barred use not only by "opposing counsel" (*i.e.*, Defendant, the County, and the LASD), but also by an inmate/witness's own choice of counsel (*i.e*., the ACLU). *Id*. at 6-7. In just the last few days, Plaintiffs have learned that the *Rutherford* Defendants, including Sheriff Baca himself, have used these same statements in other litigation, completely contradicting the position he has advanced in papers to this Court.

As set forth in the Opposition, there are numerous legal and practical problems with Defendant's out-of-context reading of the stipulated order. The ACLU contends that the Court should reject both the interpretation proffered by Defendant and its attempt to disqualify the ACLU. But, the point here is that, if Defendant's interpretation of the order was correct, Defendant would have himself violated the order.

It is unclear why Defendant neglected to mention his own use of the inmate statements in other litigation. Indeed, in two of the cases, Sheriff Baca is represented by Lawrence Beach Allen & Choi PC, which is representing the Sheriff in this matter. By using these statements in other litigation, Defendant's counsel has demonstrated the obvious – the Order does not bar the use of these publicly available statements in other litigation. The Court should reject Defendant's cynical attempts to apply the order only to the ACLU and to deprive Plaintiffs of their choice of counsel.

//

**FACTS**

Along with their September 2011 report on deputy on inmate abuse in *Rutherford v. Baca*, Plaintiffs filed an August 23, 2011 declaration by Jonathan Goodwin.  (Declaration of Jonathan Goodwin, Docket Number 294-5, pages 342-49).  The District Attorney for the County of Los Angeles filed criminal charges against Jonathan Goodwin under Penalty Code section 245(c), commonly known as assault with a deadly weapon and/or by force likely to produce great bodily injury against a peace officer.   Declaration of Carlin Yuen ¶ 2.  His trial commenced May 2, 2012. *Id.* at ¶ 3.   Just this week, Mr. Goodwin was acquitted of all charges against him. *Id.* at ¶ 3.   During the course of that trial, the prosecutor from the office of District Attorney for the County of Los Angeles used the declaration of Mr. Goodwin to question him.   *Id.* at ¶ 4.

In May 2010 in *Rutherford*, Plaintiffs filed an October 26, 2009 declaration by Michael Holguin. (*Rutherford*, Docket Number 217-4, pages 277-281).  On October 25, 2010, Mr. Holguin filed a civil action in federal court against the County of Los Angeles, Sheriff Baca, and a number of sheriff's deputies alleging that deputies brutally beat him in Men's Central Jail in 2009.  *Holguin v. County of Los Angeles, et al.*, CV-10-08011 GW (PLAx).  The law firm of Lawrence, Beach, Allen & Choi PC has represented Defendants since Mr. Holguin filed the suit. Declaration of Virginia Keeny ¶¶ 2-4.  On June 14, 2011, Defendants' counsel deposed Mr. Holguin. *Id.*  During the deposition, Defendants' counsel had Mr. Holguin's declaration marked as Exhibit 1 and he questioned Mr. Holguin about the declaration repeatedly. *Id.*

Finally, in September 2011, Plaintiffs filed a declaration of Evans Tutt in *Rutherford*.  In that declaration, Mr. Tutt stated that he was savagely beaten by numerous deputies on the third floor of Men's Central Jail in 2009.  Among other things, Mr. Tutt suffered multiple breaks in his nose, a chipped tooth, and a number of other injuries to his head and face.  (*Rutherford*, Docket Number 294-3, pages

160-63).    On March 27, 2012 Sheriff Baca, the County of Los Angeles, and the other Defendants in Mr. Tutt's federal civil rights action (*Tutt v. County of Los Angeles, et al.* CV11-06126 SJD (AGRx)), filed an *Ex Parte* Application to Stay the Case Pending Resolution of the Criminal Investigation [of the deputies whom Mr. Tutt alleged assaulted them].    Declaration of Peter Eliasberg ¶ 6, & Exhibit 1. Attached to the *Ex Parte* was a declaration by Nathan Oyster, a lawyer from Lawrence Beach Allen & Choi PC, the firm representing the Defendants in the Tutt case.  Mr. Oyster attached Mr. Tutt's declaration from *Rutherford* to his declaration in support of the *Ex Parte*.   *See id.*

**ARGUMENT**

Defendant's purported interpretation of the stipulated order, as set forth in his motion and reply brief, is that *any* statement or information obtained as a result of the *Rutherford* litigation cannot be used by the Parties in other litigation.  *See* Def's Memo at 1:24-26 (alleging that Plaintiffs violated stipulated order by filing suit "based on inmate statements" and "institutional knowledge"); 12:7-8 (arguing that the parties, by entering into the stipulated order, "voluntarily waived any right to pursue non-*Rutherford* litigation with information obtained in connection with the Order"); *see also* Def's Reply at 3:5-3 (arguing that the Parties are prohibited by the order from "using, or making available for use in other litigation, information they have obtained by way of bargain [] made . . . more than two decades ago). According to Defendant, by entering the stipulation, the Parties even waived their right to use statements they could obtain without any special access to the interior of the jails, either by meeting in the attorney room with their clients or by using documents available to the public. *See* Def's Reply at 7-9 and n.4 (arguing that the stipulated order includes statements made to ACLU representatives in the attorney visitation rooms and that the use of publicly filed documents still violates the stipulated order because otherwise the order would be "render[ed]" "worthless").

Plaintiffs vehemently disagree with Defendant's construction of the stipulated order, as they made clear in their opposition to Defendant's motion. Plaintiffs file this sur-reply because, as set forth in the fact section above, they have learned yesterday, after they filed their Opposition to Defendants' Motion, that the Defendants in *Rutherford* have used inmate declarations filed in that case for litigation outside of *Rutherford* – the *same inmate statements* that Defendant in this case contends the ACLU cannot use in this litigation. Declaration of Peter Eliasberg ¶¶ 3-5. Absent a construction of the stipulated order that would only bind the ACLU's hands and not limit in any way the defendants' use of the *same statements* (for which there is no support), it is simply irreconcilable that Defendant believes the ACLU violates the by using inmate statements that are publicly filed but that the Rutherford Defendants do not when they use *the same statements* in other litigation. The *Rutherford* Defendants' use in other litigation of sworn statements by inmates that were filed in *Rutherford* shows that they do not subscribe to the interpretation of the order that they claim provides the basis to remove the ACLU as counsel.

Moreover, even if Defendants continue to insist that the ACLU has violated the stipulated order by using declarations that were filed in *Rutherford* and are publicly available in other litigation, and even if the Court accepts this view, the Court should deny the request for disqualification on the grounds of unclean hands. The County or Sheriff Baca, both of whom are parties in *Rutherford*, have used inmates statements that were filed in *Rutherford* in three different cases of which Plaintiffs are aware.[1] "[W]henever a party who, as actor, seeks to set the judicial machinery in motion and obtain some remedy, has violated conscience, or good

---

[1] Plaintiffs are not aware of how many inmates who filed declarations in *Rutherford* have filed civil suits or been criminally prosecuted for the events described in their declaration. Nor are they aware whether lawyers for the County or Sheriff Baca has used their *Rutherford* declarations in those matters, other than the three they have learned of in the last 24 hours.

faith, or other equitable principle, in his prior conduct, then the doors of the court will be shut against him." *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245 (1933).   Equity should not countenance Sheriff Baca's seeking to remove Plaintiffs' counsel for an alleged violation of a stipulation in another case, where counsel for the Defendants from the other case, who include Sheriff Baca, have repeatedly engaged in the identical conduct. *See, e.g., Hoffman-La Roche, Inc. v. Promega Corp.*,  319 F.Supp.2d 1011, 1028 (N.D. Cal. 2004) (holding contract provision unenforceable due to inequitable conduct by the party seeking to enforce it).

Dated:  May 11, 2012          Respectfully Submitted,


                              PETER J. ELIASBERG
                              MARISOL ORIHUELA
                              ACLU FOUNDATION OF SOUTHERN
                              CALIFORNIA


                              By:_____
                                     PETER J. ELIASBERG

                              Attorneys for Plaintiffs
                              ALEX ROSAS and JONATHAN GOODWIN on
                              behalf of themselves and of those similarly
                              situated

-5-