# DECLARATION OF
# PETER ELIASBERG

**Declaration of Peter Eliasberg**

I, Peter Eliasberg, hereby declare:

1.  I make this declaration based on my own personal knowledge and if called to testify I could and would do so competently as follows:

2.  I am the Legal Director of the ACLU Foundation of Southern California and one of the counsel for Plaintiffs in this matter.

3.  On the morning of Thursday May 10, 2012 I was discussing the criminal trial of Jonathan Goodwin on the charge of assaulting a deputy while in Men's Central Jail, with Mr. Goodwin's counsel, Carlin Yuen.  Mr. Goodwin is one of the two named Plaintiffs in this matter.   Ms. Yuen informed me that the prosecutor from the office of the Los Angeles County District Attorney had utilized a declaration by Mr. Goodwin to question him during her cross-examination.

4.  I was surprised to learn this, because Defendant's counsel in this matter has insisted that the parties in *Rutherford*, which include the County of Los Angeles, are precluded from using statements of inmates gathered by the ACLU in any other litigation, even if the statements have been filed with the Court in Rutherford.

5.  Accordingly, I attempted to see whether the *Rutherford* Defendants had used inmates statements gathered by the ACLU and filed in *Rutherford* in any other litigation.  I contacted John Raphling, one of the counsel for Evans Tutt whose declaration was filed in Rutherford in September 2011.  Mr. Tutt has filed a civil suit against Sheriff Baca, the County of Los Angeles, and a number of sheriff's deputies.  I also contacted Virginia Keeny, counsel for Michael Holguin. Like Mr. Tutt, Mr. Holguin has filed a civil suit against Sheriff Baca, the County of Los Angeles, alleging that he was savagely beaten by sheriff's deputies in Men's Central Jail in 2009.  Both of them confirmed that County and Sheriff Baca

1

had used their clients' declarations in their clients' cases.

6.      Attached as Exhibit 1 is a portion of an Ex Parte Application by Defendants in Mr. Tutt's civil litigation in which Defendants' counsel attached Mr. Tutt's declaration from *Rutherford* as an exhibit to his own declaration.  Both the County of Los Angles and Sheriff Baca are defendants in the *Tutt* matter, and Lawrence Beach Allen & Choi  PC represents them.

7.      After confirming that *Rutherford* Defendants had used inmates statements from Rutherford in three other matters, I called Justin Clark, counsel for Sheriff Baca in this matter, and left a voice message informing him that Plaintiffs would be filing an ex parte application to file a sur-reply on the Motion to Remove the ACLU based on newly learned evidence that the *Rutherford* Defendants used inmates statements from *Rutherford* in other litigation.  I also sent Mr. Clark and Mr. Beach an e-mail to the same effect.  (Exhibit 2).  Shortly thereafter Mr Beach sent a response e-mail, in which he requested that I attach his e-mail to my ex parte, which I have done (Exhibit 3).  I responded to Mr. Beach's e-mail a few minutes later (Exhibit 4).

I declare under penalty of perjury of the laws of the State of California and the United States that the foregoing is true and correct.  Executed this 11th day of May, 2012 in Los Angeles, California.

Peter Eliasberg

2

# EXHIBIT 1

PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
DENNIS M. GONZALES, State Bar No. 59414
dgonzales@lbaclaw.com
NATHAN A. OYSTER, State Bar No. 225307
noyster@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants
County of Los Angeles, Sheriff Leroy D. Baca,
Deputy David Aviles, Deputy Miramontes,
and Deputy David Ortega

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANS TUTT, an individual, | Case No. CV 11-06126 SJO (AGRx) |
| Plaintiff, | Honorable S. James Otero |
| vs. | |
| COUNTY OF LOS ANGELES, a local public entity, SHERIFF LEROY BACA, DEPUTY HERNAN DELGADO, DEPUTY DAVID AVILES, DEPUTY DAVID ORTEGA, DEPUTY JASON SNYDER, DEPUTY RIVERA, DEPUTY MIRAMONTES and DOES 1-10, | **DEFENDANTS' *EX PARTE* APPLICATION TO STAY THE CASE PENDING RESOLUTION OF CRIMINAL INVESTIGATION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION IN SUPPORT THEREOF** |
| Defendants. | ***IMMEDIATE RELIEF REQUESTED*** |

TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR COUNSEL OF RECORD:

Defendants COUNTY OF LOS ANGELES, DEPUTY DAVID AVILES, DEPUTY MIRAMONTES, and DEPUTY DAVID ORTEGA (hereinafter "Defendants") will and do hereby move this Court for an order staying the

1

TUTT\EPA re Stay

4

Case 2:12-cv-00428-MWF-E Document 44-2 Filed 05/11/12 Page 6 of 20 Page ID
Case 2:11-cv-06126-SJO-AGR Document 31 Filed 03/27/12 Page 2 of 23 Page ID #:90
#:1247

proceedings because of a pending criminal investigation by the Los Angeles County Sheriff's Department into the conduct of the Deputy Defendants.

This Application is made on the grounds that an order staying the proceedings is necessary to avoid placing the Deputy Defendants in the position of having to waive their rights under the Fifth Amendment in order to avoid adverse results in this civil proceeding. Individuals should not be punished for exercising their constitutional rights. A stay of the proceedings will assure that the Deputy Defendants will not have to make a costly decision regarding the waiver of fundamental rights. Plaintiffs, the Court, or third parties will not be prejudiced by a temporary stay.

This Application will be based upon this Notice of Application, the Memorandum of Points and Authorities filed and served herewith, the Declaration of Nathan A. Oyster, attached exhibits, the pleadings, documents and records on file herein, and upon such other further evidence as may be presented at or before the hearing of this Application.

This Application is made following the conference of counsel pursuant to L.R. 7-3 which took place on March 6 and 13, 2012. *See* Declaration of Nathan

///

///

///

2

TUTT\EPA re Stay

5

A. Oyster ("Oyster Decl."), ¶ 3.  Counsel for Defendants provided notice of this Application on March 23, 2012 and was advised that Plaintiff would review the Application and decide whether to oppose it.  Oyster Decl., ¶ 4.[1]

Dated:  March 27, 2012                              LAWRENCE BEACH ALLEN & CHOI, PC


                                          By    /s/ Nathan A. Oyster
                                              Nathan A. Oyster
                                              Attorneys for Defendants
                                              County of Los Angeles,
                                              Sheriff Leroy D. Baca, Deputy David
                                              Aviles, Deputy Miramontes,
                                              and Deputy David Ortega

---

[1] Defendants bring this Application via *ex parte* in an effort to expedite resolution of the issue.  Defendants have no opposition to providing Plaintiff with three full court days to review and oppose the Application.  Plaintiff's counsel intends to conduct depositions of the Deputy Defendants during the week of April 16, 2012, and all parties are attempting to resolve the issues raised via the Application as soon as possible.

3

TUTT\EPA re Stay

## DECLARATION OF NATHAN A. OYSTER

I, Nathan A. Oyster, declare:

1. The facts set forth herein are based on my personal knowledge or, as specified, upon my information and belief, based on official acts and writing. If called upon as a witness, I could and would testify competently to the facts contained herein under oath.

2. I am an attorney at law, duly licensed to practice before this Court and all of the courts of the State of California, and an associate of the law firm of Lawrence Beach Allen & Choi, PC, attorneys of record for Defendants COUNTY OF LOS ANGELES, DEPUTY DAVID AVILES, DEPUTY MIRAMONTES, and DEPUTY DAVID ORTEGA (hereinafter "Defendants") in the above-captioned matter.

3. This Application is made after an unsuccessful effort to resolve the issue informally with Plaintiff's counsel, pursuant to Local Rule 7-3, which occurred on March 6, 2012 and March 13, 2012.

4. On March 23, 2012, I provided notice that this Application would be made. Plaintiff's counsel indicated that his office would review the Application and determine whether it would be opposed.

5. On May 5, 2010, Plaintiff executed and signed a declaration wherein he provided details specifically related to the instant case. This declaration was eventually filed in support of the class action lawsuit, *Rutherford v. Baca*, against the Los Angeles County Sheriff's Department.

6. On July 25, 2011, Plaintiff filed his operative Complaint for this case with the Court.

7. I have been advised that the Internal Criminal Investigations Bureau of the Los Angeles County Sheriff's Department opened a criminal investigation against the Defendants in response to the May 5, 2010 declaration Plaintiff submitted as part of the *Rutherford v. Baca* class action lawsuit. This

13

TUTT\EPA re Stay

7

Case 2:12-cv-00428-MWF-FGR Document 44-2 Filed 05/11/12 Page 9 of 20 Page ID #:268

investigation is still pending and at the conclusion of the investigation, all evidence and findings will be referred to the Los Angeles County District Attorney's Office and the United States Attorney's Office for independent review to determine whether criminal charges will be filed.

8. Attached hereto as Exhibit "A" is a true and correct copy of the Declaration of Evans Tutt, filed in the *Rutherford v. Baca* matter, dated May 5, 2010.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on March 27, 2012, at Glendale, California.

_____/s/ Nathan A. Oyster_____
Nathan A. Oyster

TUTT\EPA re Stay

14

8

# DECLARATION OF FORMER PRISONER
## EVANS TUTT

Exhibit "A"

9

Case 2:75-cv-04111-DDP Document 294-3 Filed 05/25/11 Page 36 of 78 Page ID #:...

Case 2:11-cv-06426-SVC-AGR Document 44-31 Filed 05/17/12 Page 21 of 23 Page ID #:1252

## DECLARATION OF EVANS TUTT

I, Evans Tutt, declare as follows:

1. On July 26, 2009, I was an inmate in the Los Angeles County Jail, housed at Men's Central Jail, 3000 floor.

2. On that day, I went to the visiting room to see Monica Miles, who had come to visit me. She had come the day before, but deputies on my floor had refused to allow me to see her. My visit on the 26th lasted about fifteen minutes, then I returned to my floor.

3. When I got to the hallway at my floor, there was a group of deputies. These deputies included Delgado, Aviles, Rivera, Thompson, Ortega, Snyder and others, including possibly Miramontes. Two other inmates were with me, but the deputies ordered them out of the hallway and onto the module. The deputies closed the door behind them.

4. A deputy ordered me to face the wall. I complied. I felt their presence around me. I heard them making racial slurs at me, including calling me, "fucking nigger." The deputies attacked. They tased me. They hit me repeatedly. They used the taser in drive-stun mode repeatedly on my back. They kicked and kneed me and hit me with a flashlight. They handcuffed me, but continued hitting, kicking and tasing me. They struck me all over my body. At no time during the assault by the deputies did I fight them or struggle with them or disobey any order, other than to cover up my body to protect myself at one point. I lost and regained and lost and regained consciousness throughout the beating.

5. After the assault ended, deputies walked me out of the hallway, holding me by my shirt in a way that choked me. One of the deputies called me "fucking nigger," and threatened to harm me more seriously.

6. Eventually, I was taken to the clinic, then to the hospital. They

**Exhibit "A"**

Case 2:11-cv-06726-SVC-AGR Document 31 Filed 05/27/12 Page 23 of 23 Page ID #:158

broke my nose in multiple places, hurt my ribs, chipped my tooth, injured my head and face, hurt my knee and legs and left bruises throughout my body. They wrote fabricated reports claiming that I assaulted them, which led to the district attorney filing criminal charges against me

I declare that the foregoing is true and correct. Executed this 5th day of May, 2010 at Los Angeles, California.

_____

Evans Tutt

**Exhibit "A"**

11

17

# EXHIBIT 2

## Christian Lebano

| | |
|---|---|
| **From:** | Peter Eliasberg |
| **Sent:** | Thursday, May 10, 2012 5:19 PM |
| **To:** | Paul Beach (pbeach@lbaclaw.com); Justin Clark (JClark@lbaclaw.com) |
| **Cc:** | David Shapiro; Davis, Felicia A.; Donna Melby; Eric Balaban (ebalaban@npp-aclu.org); Esther Lim; Gordon, Melinda; John Durrant (johndurrant@paulhastings.com); Margaret (Peggy) Winter (mwinter@npp-aclu.org); Marisol Orihuela |
| **Subject:** | Notice of ex parte -- Rosas v. Baca |

Paul and Justin, I am writing to let you know that tomorrow afternoon Plaintiffs' counsel will be filing an ex parte application to file a sur-reply on Sheriff Baca's motion to remove the ACLU as counsel in the *Rosas* matter.  The basis for the ex parte is that we just learned today that the County and Sheriff Baca have used inmate statements taken in the jails and filed in *Rutherford* in other litigation, both civil and criminal.  This use by the County and Sheriff Baca is relevant to your motion, because you have asserted in that motion that the confidentiality stipulation bars all parties from using those statements in other litigation, regardless of whether those statements have been filed in *Rutherford* and thus become part of the public record.

Sincerely,
Peter Eliasberg

1

13

# EXHIBIT 3

14

## Christian Lebano

From:       Peter Eliasberg
Sent:       Friday, May 11, 2012 3:30 PM
To:         Christian Lebano
Subject:    FW: Notice of ex parte -- Rosas v. Baca

Exhibit 3 to my declaration.

**From:** Paul Beach [mailto:pbeach@lbaclaw.com]
**Sent:** Thursday, May 10, 2012 5:25 PM
**To:** Peter Eliasberg
**Cc:** Justin W. Clark; Rhambo, Cecil W.; Granbo, Roger; Yim, Alexander R.; Gennaco, Michael J.; Guyovich, Christy
**Subject:** RE: Notice of ex parte -- Rosas v. Baca

Peter:

        Ex parte applications are not an opportunity to surprise your adversary. If you have information that you believe is relevant, than you are required to provide it -- now. Unfortunately, of late, the ACLU has gotten in the habit of holding information and then revealing it only when it meets their litigation needs. That in inconsistent with a good faith working relationship, as well as contrary to the FRCP, Local Rules, and the legal obligations of a court monitor.
        Please inform the Court that plaintiffs' application will be opposed, and the defense will seek appropriate relief from the Court. This email should be attached to your application.

Very truly yours,

Paul Beach

LAWRENCE BEACH     ATTORNEYS AT LAW
         ALLEN & CHOI · PC

100 West Broadway, Suite 1200
Glendale, California 91210-1219
Phone: (818) 545-1925
Fax: (818) 545-1937
E-mail: pbeach@lbaclaw.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this transmission is not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this in error, please notify Lawrence Beach Allen & Choi, PC immediately by telephone at (818) 545-1925 or via fax at (818) 545-1937. Thank you.

**From:** Peter Eliasberg [mailto:peliasberg@ACLU-SC.ORG]
**Sent:** Thursday, May 10, 2012 5:19 PM
**To:** Paul Beach; Justin W. Clark
**Cc:** David Shapiro; Davis, Felicia A.; Donna Melby; Eric Balaban (ebalaban@npp-aclu.org); Esther Lim; Gordon, Melinda; John Durrant (johndurrant@paulhastings.com); Margaret (Peggy) Winter (mwinter@npp-aclu.org); Marisol Orihuela
**Subject:** Notice of ex parte -- Rosas v. Baca

1

15

Paul and Justin, I am writing to let you know that tomorrow afternoon Plaintiffs' counsel will be filing an ex parte application to file a sur-reply on Sheriff Baca's motion to remove the ACLU as counsel in the *Rosas* matter. The basis for the ex parte is that we just learned today that the County and Sheriff Baca have used inmate statements taken in the jails and filed in *Rutherford* in other litigation, both civil and criminal. This use by the County and Sheriff Baca is relevant to your motion, because you have asserted in that motion that the confidentiality stipulation bars all parties from using those statements in other litigation, regardless of whether those statements have been filed in *Rutherford* and thus become part of the public record.

Sincerely,
Peter Eliasberg

2

16

# EXHIBIT 4

17

## Christian Lebano

| | |
|---|---|
| **From:** | Peter Eliasberg |
| **Sent:** | Thursday, May 10, 2012 6:06 PM |
| **To:** | Paul Beach |
| **Cc:** | Justin W. Clark; Rhambo, Cecil W.; Granbo, Roger; Yim, Alexander R.; Gennaco, Michael J.; Guyovich, Christy; David Shapiro; Davis, Felicia A.; Donna Melby; Eric Balaban (ebalaban@npp-aclu.org); Esther Lim; Gordon, Melinda; John Durrant (johndurrant@paulhastings.com); Margaret (Peggy) Winter (mwinter@npp-aclu.org); Marisol Orihuela |
| **Subject:** | RE: Notice of ex parte -- Rosas v. Baca |

Paul: we provided you the relevant information as required in Local Rule 7-19 in the prior e-mail. We informed you that we had learned that lawyers for the County and Sheriff Baca have used inmate statements taken in the jails and filed in *Rutherford* in civil and criminal matters. Those matters include Michael Holguin's civil case (on which your firm is counsel), Evans Tutt's civil case, (on which your firm is counsel), and Jonathan Goodwin's criminal matter. If anyone was withholding information, it was you, because your firm was involved in two of the three cases and used inmate statements months ago.

We did not learn of any of this information in our role as court monitor, and we only learned this information today.

Sincerely,
Peter Eliasberg

> **From:** Paul Beach [mailto:pbeach@lbaclaw.com]
> **Sent:** Thursday, May 10, 2012 5:25 PM
> **To:** Peter Eliasberg
> **Cc:** Justin W. Clark; Rhambo, Cecil W.; Granbo, Roger; Yim, Alexander R.; Gennaco, Michael J.; Guyovich, Christy
> **Subject:** RE: Notice of ex parte -- Rosas v. Baca
>
> Peter:
>
> Ex parte applications are not an opportunity to surprise your adversary. If you have information that you believe is relevant, than you are required to provide it – now. Unfortunately, of late, the ACLU has gotten in the habit of holding information and then revealing it only when it meets their litigation needs. That in inconsistent with a good faith working relationship, as well as contrary to the FRCP, Local Rules, and the legal obligations of a court monitor.
>
> Please inform the Court that plaintiffs' application will be opposed, and the defense will seek appropriate relief from the Court. This email should be attached to your application.
>
> Very truly yours,
>
> Paul Beach
>
> LAWRENCE BEACH    ATTORNEYS AT LAW
>          ALLEN & CHOI · PC
>
> 100 West Broadway, Suite 1200
> Glendale, California 91210-1219
> Phone: (818) 545-1925
> Fax: (818) 545-1937
> E-mail: pbeach@lbaclaw.com

1

19

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this transmission is not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this in error, please notify Lawrence Beach Allen & Choi, PC immediately by telephone at (818) 545-1925 or via fax at (818) 545-1937. Thank you.

**From:** Peter Eliasberg [mailto:peliasberg@ACLU-SC.ORG]
**Sent:** Thursday, May 10, 2012 5:19 PM
**To:** Paul Beach; Justin W. Clark
**Cc:** David Shapiro; Davis, Felicia A.; Donna Melby; Eric Balaban (ebalaban@npp-aclu.org); Esther Lim; Gordon, Melinda; John Durrant (johndurrant@paulhastings.com); Margaret (Peggy) Winter (mwinter@npp-aclu.org); Marisol Orihuela
**Subject:** Notice of ex parte -- Rosas v. Baca

Paul and Justin, I am writing to let you know that tomorrow afternoon Plaintiffs' counsel will be filing an ex parte application to file a sur-reply on Sheriff Baca's motion to remove the ACLU as counsel in the *Rosas* matter. The basis for the ex parte is that we just learned today that the County and Sheriff Baca have used inmate statements taken in the jails and filed in *Rutherford* in other litigation, both civil and criminal. This use by the County and Sheriff Baca is relevant to your motion, because you have asserted in that motion that the confidentiality stipulation bars all parties from using those statements in other litigation, regardless of whether those statements have been filed in *Rutherford* and thus become part of the public record.

Sincerely,
Peter Eliasberg

2

19