# DECLARATION OF VIRGINIA KEENY

DECLARATION OF VIRGINIA KEENY

I, Virginia Keeny, hereby declare:

1. I am an attorney duly licensed to practice before this court and all of the courts of this state, a partner in the law firm of Hadsell Stormer Keeny Richardson & Renick, LLP, and counsel of record for Michael Holguin. I offer this declaration in opposition to any motion to disqualify the American Civil Liberties Union, or any of its attorneys, from continuing to represent a class of inmates/detainees in the Los Angeles County jails. If called upon to testify, I could and would testify to the truth of the following.

2. I represent Michael Holguin in an action against the Los Angeles County Sheriff's Department, Sheriff Baca and two deputy sheriffs, which is currently pending before Judge George Wu in the Central District, *Holguin v. County of Los Angeles, et al.*, CV-10-08011 GW (PLAx). The lawsuit alleges that Mr. Holguin was subjected to a brutal beating at the hands of deputies, and seeks damages and other relief pursuant to 42 U.S.C. Section 1983. That action was filed October 25, 2010. The defendants in that action have been represented from the outset by the law offices of Lawrence, Beach, Allen & Choi, P.C.

3. Mr. Holguin was deposed by defense counsel on June 14, 2011. I was present at the deposition. Defense counsel questioned Mr. Holguin extensively about a declaration which Mr. Holguin had given to Mary Tiedeman of the ACLU on October 26, 2009, when he was still incarcerated in the Men's Central Jail. Defense counsel attached a copy of the declaration to the deposition as an exhibit. The declaration bears a "bates stamp" of the County of Los Angeles and was produced by the County to Mr. Holguin in the litigation on March 18, 2011.

4. Prior to the deposition of Mr. Holguin, I had not relied on the declaration at any point in the litigation.

///

///

///

DECL OF VIRGINIA KEENY                    1                    20

5.   I have attached hereto as Exhibit 1 relevant pages from Mr. Holguin's deposition, in which he was examined about this declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 10th day of May, 2012 in Pasadena, California.

By _____

Virginia Keeny, Esq.

# EXHIBIT
# 1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HOLGUIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. CV-10-08011 GW(PLAx) |
| | ) |
| COUNTY OF LOS ANGELES, | ) |
| LOS ANGELES COUNTY | ) |
| SHERIFF'S DEPARTMENT, | ) |
| SHERIFF LEE BACA, DEPUTY | ) |
| RICO, DEPUTY FERNANDO | ) |
| LUVIANO, DEPUTY LASCANO, | ) |
| and DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

Videotaped
Deposition of:    MICHAEL HOLGUIN

Date:            Tuesday, June 14, 2011

Time:            8:46 a.m.

Place:           Chuckawalla State Prison
                 19025 Wiley's Well Road
                 Blythe, California

Reported by:  Christine Bemiss, Registered
              Professional Reporter, Arizona
              Certified Reporter No. 50073,
              California Certified Reporter
              No. 10082

(Copy)



Fayette & Associates, LLC
Certified Court Reporters

P.O. Box 508 • Lake Havasu City, AZ 86405-0508
(928) 453-6760 • 1-800-854-4796 • FAX (928) 453-5948

23

sent them to my mother, who I asked her to send them to, and she just made it clear that, you know, it's an unfortunate incident, but if I did want to pursue any type of legal action because of the incident, that it would be entirely up to myself and my family to do that.

Q. Did she say anything else to you?

A. "Get well. Good luck." That was about it.

Q. Did you say anything else to her?

A. No.

Q. Did you ask her any questions?

A. She pretty much answered my only question was, "How did you know about this?"

Q. About how long did this conference take?

A. Maybe between like 30 minutes, 40 minutes. I don't know.

Q. I'm gonna mark this as Exhibit 1.

(Exhibit Number 1 was marked for identification and is attached to the original transcript of this deposition.)

MS. KEENY: So Exhibit 1 is a handwritten declaration?

MR. SAKAI: Yes. So -- I'll ask your client.

Q. (BY MR. SAKAI) Is that -- does it look like the handwritten declaration that was -- that you dictated to Mary Tiedeman?

A.   That is correct.

Q.   And is that your signature on the last page?

A.   That is correct.

Q.   And the signature -- one signature is dated October 26, 2009, is that correct, on the last page?

A.   The day this is done, that's correct.

Q.   And then to the left there's another signature. Is that your signature?

A.   That is correct.

Q.   And underneath it it's 1/12/10; is that correct?

A.   That's correct.

Q.   Is that the day you signed the second signature?

A.   Yes, it is.

Q.   When was the first time you had any communication with your mother about this incident?

A.   It was shortly after the -- I want to say shortly after the 26th of October when I spoke with Miss Tiedeman.  My father -- I got a visit from one of the lieutenants and one of the sergeants to my cell to see how I was healing up, if you will.  Then the lieutenant also -- he asked the sergeant if I can get a phone call. Told him, well, he's on a loss of privileges situation right now, so I couldn't make or -- any phone calls or

DEPONENT CERTIFICATE

I, <u>Michael Holguin</u>, hereby certify that I have read the foregoing deposition and that said deposition is true and correct with the exception of the following corrections:

<u>Page</u>        <u>Line</u>                    <u>Correction</u>

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated this __20__ day of __July__, __2011__, at __Chuckawalla Valley State Prison__.

_____
MICHAEL HOLGUIN