PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JUSTIN W. CLARK, State Bar No. 235477
jclark@lbaclaw.com
ALEXANDRA B. ZUIDERWEG, State Bar No. 270177
azuiderweg@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California  91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendant
Sheriff Leroy D. Baca

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ROSAS and JONATHAN GOODWIN, on their own behalf and on behalf of those similarly situated, | Case No. CV 12-00428 DDP (SHx) |
| Plaintiffs, | Honorable Dean D. Pregerson |
| vs. | **ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** |
| LEROY BACA, Sheriff of Los Angeles County Jails; et al, | |
| Defendants. | |

TO THE COURT, ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

COMES NOW Defendant Sheriff Leroy D. Baca ("Defendant"), and answering the First Amended Complaint herein for himself and for no other Defendant, admits, denies and alleges as follows:

1.    Answering Paragraphs 1 and 2 of the Complaint, Defendant admits that jurisdiction and venue are proper.   As to the remainder of the allegations set

1

ROSAS\COLA's Answer

forth in these Paragraphs, Defendant does not have sufficient information or belief to answer said Paragraphs and, on that ground, denies each and every allegation contained therein.

2.    Answering Paragraph 3 and 15, Defendant admits that Alex Rosas and Jonathan Goodwin were inmates detained in Los Angeles County Jail facilities.  Defendant further admits that Undersherif Paul Tanaka, Assistant Sheriff Cecil Rhambo, and Chief Dennis Burns were dismissed from this action. As to the remainder of the allegations set forth in these Paragraphs, Defendant denies generally and specifically each allegation contained therein.

3.    Answering Paragraph 4, Defendant admits that the Los Angeles County jail system is one of the largest jail systems in the world.  Defendant further admits that inmates facing a variety of charges are incarcerated therein. As to the remainder of the allegations set forth in this Paragraph, Defendant denies generally and specifically each allegation contained therein.

4.    Answering Paragraphs 5-11 and 13-14, Defendant denies generally and specifically each allegation set forth therein.

5.    Answering Paragraph 12, Defendant admits that Michael Gennaco is the chief attorney of the Office of Independent Review and further admits that the American Civil Liberties Union of Southern California ("ACLU") is counsel of record in *Rutherford v. Baca*, No. 75-04111 (C.D. Cal.).  As to the remainder of the allegations set forth in Paragraph 12, Defendant lacks sufficient information or belief to answer said Paragraph, on that ground, denies the allegations contained therein.

6.    Answering Paragraph 16, Defendant admits that Sheriff Baca has been the duly elected Sheriff of Los Angeles County since 1998.  Defendant further admits that, pursuant to Government Code Sections 26605, 26610 and California Penal Code Section 4006, the Sheriff of Los Angeles County is charged with the operation of the Los Angeles County jail system.  As to the

2

ROSAS\COLA's Answer

remainder of the allegations set forth in Paragraph 16, Defendant denies generally and specifically each allegation set forth therein.

7.    Answering Paragraphs 17-18, 47-57, 58-167, and 170, Defendant denies generally and specifically each allegation set forth therein.

8.    Answering Paragraphs 19-32, 35, 38-40, 42, 44-46, and 171, Defendant lacks sufficient information or belief to answer said Paragraphs, and on that ground, denies the allegations contained therein.

9.    Answering Paragraph 33 and 34, Defendant admits that in June 2008 Dr. Terry Kupers prepared a report expressing his opinions regarding mental health care in the Los Angeles County jail system.  As to the remainder of the allegations set forth in Paragraph 33 and 34, Defendant lacks sufficient information or belief to answer said Paragraphs, on that ground, denies the allegations contained therein.

10.    Answering Paragraph 36, 37, and 41,  Defendant admits that in May, 2010, September, 2010, and September, 2011, the ACLU issued reports (that were also filed in the *Rutherford* matter) regarding alleged conditions in Los Angeles County jail facilities.  Defendant denies generally and specifically the remainder of the allegations set forth in these paragraphs.

11.    Answering Paragraph 43, Defendant admits that Robert Olmsted is a retired LASD Commander who was formally assigned to the LASD's Custody Division.  As to the remainder of the allegations set forth in Paragraph 43, Defendant denies generally and specifically each and every allegation contained therein.

12.    Answering Paragraph 168, Defendant admits that the ACLU filed a motion for a protective order in the *Rutherford* matter regarding alleged retaliation.  As to the remainder of the allegation set forth in Paragraph 168, Defendant denies generally and specifically each and every allegation contained therein.

3

ROSAS\COLA's Answer

13.    Answering Paragraph 169 and 208, Defendant admits that a declaration from Chief Dennis Burns was filed in November, 2010, in support of the Sheriff's Department's opposition to the ACLU's Motion for a Protective Order regarding alleged retaliation in the *Rutherford* matter.  The content of Chief Burns' declaration speaks for itself.  As to the remainder of the allegation set forth in Paragraphs 169 and 208, Defendant denies generally and specifically each and every allegation contained therein.

14.    Answering Paragraphs 172-190, 192- 207, and 209-214, Defendant denies generally and specifically each and every allegation contained therein.

15.    Answering Paragraph 191, Defendant admits that Nicole Nishida is one of the Sheriff's spokespersons and that the LASD investigates all complaints of deputy misconduct.  As to the remainder of the allegations set forth in Paragraph 191, Defendant lacks sufficient information or belief to answer said paragraph, and on that ground, denies the allegations contained therein.

16.    Answering Paragraphs 215-216, 233, and 234 Defendant lacks sufficient information or belief to answer said paragraphs, and on that ground, denies the allegations contained therein.

17.    Answering Paragraphs 217-232, Defendant genies generally and specifically each and every allegation contained therein.

18.    Answering Paragraphs 235-239 and 241-244, Defendant admits that the ACLU is counsel for record in the *Rutherford* matter and serves as jail monitor pursuant to Court orders therein.  As to the remainder of the allegations contained in these paragraphs, Defendant lacks sufficient information or belief to answer said paragraphs and, on that ground, denies the allegations contained therein.

19.    Answering Paragraph 240 and 247 Defendant genies generally and specifically the allegations contained therein.

4

ROSAS\COLA's Answer

20. Answering Paragraph 245, Defendant admits that LASD policy provides that the department shall investigate complaints within 15 days of their being filed unless the department notifies the inmate in writing that it is seeking an additional 15 days to complete the investigation. As to the remainder of the allegations contained in Paragraph 245, Defendant denies generally and specifically each and every allegation contained therein.

21. Answering Paragraph 246 and 248, Defendant incorporates by reference the responses to Paragraphs 1-245.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

22. The First Amended Complaint fails to state a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

23. The First Amended Complaint fails to state a cause of action against Defendant, pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), since there can be no recovery for a federal civil rights violation where there is no constitutional deprivation occurring pursuant to governmental policy or custom.

### THIRD AFFIRMATIVE DEFENSE

24. The First Amended Complaint does not state facts sufficient to constitute a cause of action against Defendant under 42 U.S.C. § 1983 because simple negligence pursuant to the United States Supreme Court decision of *Parratt v. Taylor*, 451 U.S. 527 (1981), is not a federal civil rights violation.

### FOURTH AFFIRMATIVE DEFENSE

25. The force, if any, used on Plaintiffs was reasonable under the circumstances and any injury or damages allegedly suffered by Plaintiffs were due to and caused by reason of Plaintiffs' acts and conduct in the unlawful assault

ROSAS\COLA's Answer

and battery committed by Plaintiffs.

## FIFTH AFFIRMATIVE DEFENSE

26.    Plaintiffs are not entitled to injunctive or declaratory relief since the remedies at law are adequate.

## SIXTH AFFIRMATIVE DEFENSE

27.    Plaintiffs are not entitled to the injunctive relief sought since the relief sought is contrary to public policy.

## SEVENTH AFFIRMATIVE DEFENSE

28.    Plaintiffs lack standing to assert the claims in their First Amended Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

29.    Plaintiffs' claims for relief and request for attorneys' fees are barred, in whole or in part, by the Prison Litigation Reform Act.

## NINTH AFFIRMATIVE DEFENSE

30.    Plaintiffs' claims and requests for relief are barred, in whole or in part, by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

31.    Plaintiffs' claims and requests for relief are barred, in whole or in part, by the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

32.    Plaintiffs' claims and requests for relief are barred, in whole or in part, by doctrine of waiver.

## TWELFTH AFFIRMATIVE DEFENSE

33.    Plaintiffs' claims and requests for relief are barred, in whole or in part, by the doctrine of collateral estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

34.    Plaintiffs' claims and requests for relief are barred, in whole or in part, by the doctrine of judicial estoppel.

6

ROSAS\COLA's Answer

## FOURTEENTH AFFIRMATIVE DEFENSE

35.   Plaintiffs' claims and requests for relief are barred, in whole or in part, by consent.

## FIFTEENTH AFFIRMATIVE DEFENSE

36.   Plaintiffs' claims and requests for relief are barred, in whole or in part, by the doctrine of quasi-judicial immunity.

## SIXTEENTH AFFIRMATIVE DEFENSE

37.   The County Sheriff and his subordinates act on behalf of the State, not the County, where engaged in law enforcement activities, consequently, any policies, practices or customs alleged in the Complaint are not those of the County.

## SEVENTEENTH AFFIRMATIVE DEFENSE

38.   Plaintiffs' claims and requests for relief are barred, in whole or in part, by the doctrine of sovereign immunity.

## EIGHTEENTH AFFIRMATIVE DEFENSE

39.   A public entity is not liable for any injury caused to or by a prisoner.

## NINETEENTH AFFIRMATIVE DEFENSE

40.   Plaintiffs' claims and requests for relief are barred, in whole or in part, by the doctrines of res judicata.

## TWENTIETH AFFIRMATIVE DEFENSE

41.   Plaintiffs' claim for injunctive relief is barred by the Prison Litigation Reform Act.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

42.   Plaintiffs' claim for injunctive and declaratory relief are barred because Plaintiffs are not threatened with future injury by Defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

43.   Any and all official conduct taken by the Defendant or his agents, officers or employees was in good faith and without malicious intent to deprive

ROSAS\COLA's Answer

Plaintiff of his constitutional rights or to cause him injury.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

44. To the extent any force was used, it was privileged as being reasonably necessary, and being believed to be so necessary, to the lawful defense of third parties.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

45. To the extent that any force was used in the incident complained of, it was so used in the exercise of the right of self-defense.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

46. Plaintiff's alleged injuries were not proximately caused by any policy, custom, practice, procedure, or regulation of Defendant County.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

47. Defendant took reasonable precautions in the hiring and training of its deputies to ensure that they were qualified to be peace officers. Defendant had no notice of any dangerous propensities, if any, of the deputies involved in this alleged incident.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

48. Plaintiffs' claims are barred by the doctrine of mootness.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

49. Plaintiffs' claims are barred by the prohibition against splitting causes of action.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

50. Plaintiffs' claims are barred by the principles articulated in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

WHEREFORE, Defendant prays that Plaintiffs take nothing by the way of their First Amended Complaint and that this answering Defendant herein recovers its costs and such other and further relief as the Court may deem just and proper.

///

8

ROSAS\COLA's Answer

## <u>DEMAND FOR JURY TRIAL</u>

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Sheriff Leroy D. Baca demands a trial by jury pursuant to Federal Rules of Civil Procedure, Rule 38(b) and Local Rule 38-1.

Dated:  June 21, 2012          LAWRENCE BEACH ALLEN & CHOI, PC


                                By         /s/  Justin W. Clark
                                        Justin W. Clark
                                        Attorneys for Defendant
                                        Sheriff Leroy D. Baca

9

ROSAS\COLA's Answer