PETER J. ELIASBERG (SB# 189110)
peliasberg@aclu-sc.org
MARISOL ORIHUELA (SB# 261375)
morihuela@aclu-sc.org
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
1313 W. 8th Street
Los Angeles, CA 90017
Phone: (213) 977-9500
Fax: (213) 977-5299

DONNA M. MELBY (SB# 86417)
donnamelby@paulhastings.com
JOHN S. DURRANT (SB# 217345)
johndurrant@paulhastings.com
JADE H. LEUNG (SB# 279651)
jadeleung@paulhastings.com
ELIZABETH C. MUELLER (SB# 278283)
bethmueller@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, Ca  90071-2228
Phone: (213) 683-6000
Fax: (213) 627-0705

MARGARET WINTER (pro hac vice)
mwinter@npp-aclu.org
ERIC BALABAN (pro hac vice
application forthcoming)
ebalaban@npp-aclu.org
DAVID M. SHAPIRO (pro hac vice)
dshapiro@npp-aclu.org
NATIONAL PRISON PROJECT OF
THE AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
915 15th St., NW
Washington, D.C. 20005
Phone: (202) 393-4930
Fax: (202) 393-4931

ATTORNEYS FOR PLAINTIFFS
ALEX ROSAS AND JONATHAN
GOODWIN, ON BEHALF OF
THEMSELVES AND OF THOSE
SIMILARLY SITUATED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ROSAS and JONATHAN GOODWIN on behalf of themselves and of those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LEROY BACA, Sheriff of Los Angeles County Jails,<br><br>Defendant. | CASE NO. CV 12-00428 DDP (SHx)<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT'S REQUEST FOR SETTLEMENT CONFERENCE WITH DISTRICT COURT JUDGE** |

CASE NO. CV 12-00428 DDP (SHx)

PLAINTIFFS' RESPONSE TO REQUEST
FOR SETTLEMENT CONFERENCE

## I.   **PLAINTIFFS OPPOSE DEFENDANT'S REQUEST FOR SETTLEMENT CONFERENCE**

Without bothering to consult with – or even notify – Plaintiffs, Sheriff Baca has requested that this Court hold a settlement conference because "Defendant would prefer to devote its very limited resources to settlement efforts instead of incurring substantial litigation expenses."  (Def.'s Req. for Settlement Conf. 2, ECF No. 61.)  Unilaterally attempting to set up a settlement conference is not an appropriate way to create the cooperative framework that will be necessary to resolve a case like this.  But, there are two more significant problems with the request, which should be denied.

First, Sheriff Baca's claim that he wants to avoid "incurring substantial litigation expenses" rings hollow in light of his counsel's having filed two motions to dismiss, a motion to disqualify the Plaintiffs' counsel, and opposing the clearly meritorious motion for class certification by, among other things, filing approximately 1,900 mostly frivolous objections to the evidence Plaintiffs submitted with their motion.

Second, Sheriff Baca has neglected to mention in his request that in response to a request from Sheriff Baca's counsel, Plaintiffs made a detailed settlement proposal on April 24, 2012.  (Declaration of Peter J. Eliasberg at ¶¶ 2, Ex. 1.)[1]  That proposal provided a framework for settlement that would have enabled the parties to minimize not only litigation expenses, but also provided for cooperative and inexpensive sharing of information as an alternative to time-consuming discovery.  (*Id.*)  Sheriff Baca did not respond to the proposal for almost two months, while his counsel pursued both the second motion to dismiss and the disqualification motion.  (*Id.*)  When the Sheriff did respond on June 13, 2012, he completely rejected

---

[1] Plaintiffs are not introducing their settlement proposal and Sheriff Baca's response to prove liability but merely to demonstrate why a settlement conference is not warranted.  Thus, their introduction is appropriate under Federal Rule of Evidence 408(b).

CASE NO. CV 12-00428 DDP (SHx)      -1-      PLAINTIFFS' RESPONSE TO REQUEST FOR SETTLEMENT CONFERENCE

Plaintiffs' April 24 settlement proposal.  (*Id.* at ¶¶ 3, Ex. 2.)  Perhaps more significantly, he did not offer any counter proposal.  (*Id*.)

Plaintiffs are very open to a negotiated resolution of this matter.  However, they believe it would be a waste of the parties' and the Court's time to hold a settlement conference when Defendant has rejected Plaintiffs' settlement proposal and not put any written counter proposal on the table.

## II.    **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant's request for a settlement conference.

RESPECTFULLY SUBMITTED:

DATED:  July 3, 2012          ACLU FOUNDATION OF SOUTHERN CALIFORNIA

By:_____/s/ Peter J. Eliasberg_____
PETER J. ELIASBERG

Attorneys for Plaintiffs

DATED:  July 3, 2012          NATIONAL PRISON PROJECT OF THE AMERICAN CIVIL LIBERTIES UNION FOUNDATION

By:_____/s/ Margaret Winter_____
MARGARET WINTER

Attorneys for Plaintiffs

DATED:  July 3, 2012          PAUL HASTINGS LLP

By:_____/s/ John S. Durrant_____
JOHN S. DURRANT

Attorneys for Plaintiffs

LEGAL_US_W # 72001858.1

CASE NO. CV 12-00428 DDP (SHx)          -2-          PLAINTIFFS' RESPONSE TO REQUEST FOR SETTLEMENT CONFERENCE