PETER J. ELIASBERG (SB# 189110)
peliasberg@aclu-sc.org
MARISOL ORIHUELA (SB# 261375)
morihuela@aclu-sc.org
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
1313 W. 8th Street
Los Angeles, CA 90017
Phone: (213) 977-9500
Fax: (213) 977-5299

DONNA M. MELBY (SB# 86417)
donnamelby@paulhastings.com
JOHN S. DURRANT (SB# 217345)
johndurrant@paulhastings.com
JADE H. LEUNG (SB# 279651)
jadeleung@paulhastings.com
ELIZABETH C. MUELLER (SB# 278283)
bethmueller@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071-2228
Phone: (213) 683-6000
Fax: (213) 627-0705

MARGARET WINTER (*pro hac vice*)
mwinter@npp-aclu.org
ERIC BALABAN (*pro hac vice application forthcoming*)
ebalaban@npp-aclu.org
DAVID M. SHAPIRO (*pro hac vice*)
dshapiro@npp-aclu.org
NATIONAL PRISON PROJECT OF
THE AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
915 15th St., NW
Washington, D.C. 20005
Phone: (202) 393-4930
Fax: (202) 393-4931

Attorneys for Plaintiffs
ALEX ROSAS and JONATHAN
GOODWIN, on behalf of themselves
and of those similarly situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ROSAS and JONATHAN GOODWIN on behalf of themselves and of those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LEROY BACA, Sheriff of Los Angeles County Jails,<br><br>Defendant. | CASE NO. CV 12-00428 DDP (SHx)<br><br>**DECLARATION OF PETER J. ELIASBERG IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANT'S REQUEST FOR SETTLEMENT CONFERENCE WITH DISTRICT COURT JUDGE** |

CASE NO. CV 12-00428 DDP (SHx)

ELIASBERG DECL. ISO RESPONSE TO REQUEST FOR SETTLEMENT CONF.

# DECLARATION OF PETER J. ELIASBERG

1.    I am an attorney at law admitted to practice before the courts of the State of California and before this Court. I am the Legal Director of the American Civil Liberties Union Foundation of Southern California, and am one of the counsel of record for Plaintiffs in this litigation. I make this declaration in support of Plaintiffs' Response to Defendant's Request for Settlement Conference. If called as a witness, I would and could competently testify to the facts stated herein, all of which are within my personal knowledge.

2.    On April 24, 2012, I sent a detailed settlement proposal via electronic mail to Paul Beach, counsel for Defendant Sheriff Lee Baca. The settlement proposal included eight points that Plaintiffs consider essential to any settlement of this action. A true and correct copy of this settlement proposal is attached hereto as Exhibit 1.

3.    Defendant responded to the settlement proposal in a letter to me dated June 13, 2012. Defendant rejected each of the eight points that Plaintiffs listed in the settlement proposal and made no counteroffer. A true and correct copy of Defendant's response is attached hereto as Exhibit 2.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed this 3rd day of July, 2012, at Los Angeles, California.

By: /s/ - Peter J. Eliasberg_____

Peter J. Eliasberg

LEGAL_US_W # 72002585.1

CASE NO. CV 12-00428 DDP (SHx)    -1-    ELIASBERG DECL. ISO RESPONSE TO REQUEST FOR SETTLEMENT CONF.

# EXHIBIT 1

**From:** Peter Eliasberg
**Sent:** Tuesday, April 24, 2012 5:13 PM
**To:** Paul Beach
**Subject:** RE: Rosas v. Baca

Dear Paul, I am pasting below a letter that Margaret tried to e-mail to you, but for some reason it was not going through.

Peter

Dear Mr. Beach:

This is in response to your April 12 letter to Peter Eliasberg asking that we provide you in writing with Plaintiffs' demand for a complete resolution of *Rosas v. Baca*.

The following are the points that we consider essential to any settlement.  Everything else we view as open to negotiation with Sheriff Baca.

1.       The Sheriff withdraws his motion to disqualify the ACLU as Plaintiffs' counsel,  his opposition to the certification of the *Rosas* class, and his second Motion to Dismiss.
2.        The parties enter into a stipulated order, to be submitted to the District Court for approval, providing that the Court retains jurisdiction to enforce the stipulated order on behalf of the *Rosas* class.
3.       The stipulated order contains language necessary to comply with the PLRA, including a statement that the provisions of the stipulated order are the least intrusive necessary to remedy a violation of federal law.
4.       The stipulated order provides that the Sheriff agrees to promptly provide the parties' experts and counsel with unimpeded access to facilities and documents, with the proviso that deputy personnel files will be provided under protective order ensuring confidentiality, to the extent required by state law.  The parties authorize their respective experts to openly confer together, to exchange opinions and information, with or without the presence of counsel.  Plaintiffs' experts may confer informally with Jail personnel.
5.       The stipulated order provides that within some reasonable period of time (for example, six months) after court approval and entry of the agreement as a stipulated order, the parties' experts will formulate and present to the Court a joint remedial plan addressing use of force policies, training of staff on use of force, supervision of staff regarding use of force, internal review and investigation of incidents of use of force, and discipline regarding excessive force.
6.       The stipulated order provides that if the parties' experts are unable within the agreed-upon time period (e.g., six months)  to agree on a remedial plan, the parties will jointly request an evidentiary hearing to present expert and other testimony on the need for particular remedies, and to submit the matter to the Court for decision on remedy.
7.       The stipulated order provides that during the life of the stipulated order, the Sheriff will provide the ACLU as class counsel unimpeded access to facilities, class members and documents for the purpose of monitoring for compliance with the order.

8.      The stipulated order provides that the ACLU as class counsel may periodically apply to the Court for attorneys' fees and costs, pursuant to 42 USC Section 1988, for monitoring and enforcement of the order.

We would be very glad to discuss this proposal at any time with Sheriff Baca.

Sincerely,
Margaret

---

**From:** Paul Beach [mailto:pbeach@lbaclaw.com]
**Sent:** Thursday, April 12, 2012 11:54 AM
**To:** Peter Eliasberg
**Subject:** Rosas v. Baca
**Importance:** High

Dear Peter:

        Given your recent dealings with the Sheriff's Department, please provide me in writing with Plaintiffs' demand for a complete resolution of this action.  Thank you for attention to this matter.

Very truly yours,

Paul Beach

**LAWRENCE BEACH**   ATTORNEYS AT LAW
**ALLEN & CHOI · PC**

100 West Broadway, Suite 1200
Glendale, California 91210-1219
Phone: (818) 545-1925
Fax: (818) 545-1937
E-mail: pbeach@lbaclaw.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this transmission is not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this in error, please notify Lawrence Beach Allen & Choi, PC immediately by telephone at (818) 545-1925 or via fax at (818) 545-1937. Thank you.

# EXHIBIT 2



## County of Los Angeles

### Sheriff's Department Headquarters

#### 4700 Ramona Boulevard

#### Monterey Park, California 91754-2169



LEROY D. BACA, SHERIFF

June 13, 2012

Peter Eliasberg, Legal Director
ACLU Foundation of Southern California
1313 West Eighth Street
Los Angeles, California 90017

Dear Mr. Eliasberg:

### ROSAS V. BACA

The following is in response to your April 24, 2012 e-mail to my legal counsel in the above-referenced matter. I shall respond to each of the points that you raised, in the order that you raised them:

1.   With respect to the three pending motions, accountability is a two-way street, so I do not believe that the Department's papers can be withdrawn. These matters should proceed through the normal legal process until their conclusion.

2.   Without accountability for seeking accuracy concerning allegations of improper force, the Department cannot agree to such an order.

3.   The Department's current investigations of the *Rosas* allegations consistently reveal that excessive force appears not to have occurred in the vast majority of cases. Therefore, it does not appear that the requisite findings can be entered by the Court.

4.   I have been informed by County Counsel that the parties in the *Rutherford* matter, with the assistance of the Office of Independent Review ("OIR"), have been negotiating a stipulated order for the exchange of information by both parties concerning the investigations into the *Rosas* allegations. The ACLU must provide the OIR with timely notice of allegations of deputy misconduct in the jail. The OIR should be the ACLU's primary point of contact concerning investigative issues or complaints regarding policy violations by deputy personnel.

*A Tradition of Service*

Mr. Eliasberg                            -2-                            June 13, 2012


5 & 6.  The Department, under my direction, established a Commanders Management Task Force in October, 2011, to examine force policies, training of staff on use of force, internal review and investigation of incidents of uses of force, and discipline regarding excessive force.  Moreover, the Department's remedial plan in response to the *Rosas* allegations appears to have reduced significant force over the past eight months.

7.      The solutions regarding Item No. 4 in this letter, achieved in consultation with the ACLU, addresses this point.  The ACLU currently, under the *Rutherford* matter, has unimpeded access to jail facilities, inmates, and staff.  (Department Policy 5-12/035.00)

8.      All monitoring should be accomplished under the *Rutherford* matter, including attorney fees.

I look forward to meeting and discussing these matters with you further.

Sincerely,

LEROY D. BACA
SHERIFF