PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JUSTIN W. CLARK
jclark@lbaclaw.com
ALEXANDRA B. ZUIDERWEG, State Bar No. 270177
azuiderweg@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California  91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendant
Sheriff Leroy D. Baca, in his official capacity only

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ROSAS and JONATHAN GOODWIN, on their own behalf and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LEROY BACA, Sheriff of Los Angeles County Jails; et al,<br><br>Defendants. | Case No. CV 12-00428 DDP (SHx)<br><br>Honorable Dean D. Pregerson<br><br>**DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S REQUEST FOR SETTLEMENT CONFERENCE** |

TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR COUNSEL OF RECORD:

Defendant's Request that the Court hold a settlement conference pursuant to the Local Rules was and is based on a genuine interest of reaching a mutually acceptable resolution of this matter without the need for massive litigation and the attorneys' fees, costs, and resources associated therewith.  With this Court's assistance, the Sheriff's Department and the ACLU have resolved serious and

1

complicated issues in the past, and Defendant does not see how a resolution of this case is or should be any different.

With the above being said, Defendant appreciates Plaintiffs' contentions in their response to Defendant's Request and offers the following very brief reply. With respect to the various motions filed to date, while Plaintiffs' may disagree with the merits of the Motions to Dismiss or Defendant's opposition to Plaintiffs' Motion for Class Certification, that fact does not make the papers inappropriate. Defendant did what it believed was necessary in response to Plaintiffs' claims and the allegations made in support of them.  Now that the pleadings have been finalized, nothing productive will come from rehashing the procedural history of the pleadings nor should it stand as an impediment to productive settlement discussions.

Second, Plaintiffs' characterization of the settlement efforts between the parties is incomplete.[1]

As indicated above, the Sheriff's Department is genuinely interested in pursuing settlement discussions, but believes this Court's involvement is a necessary and indispensable component of such a process.  Accordingly, before the parties proceed with full-scale litigation, pursuant to the Local Rules, Defendant respectfully requests that this Court set and preside over a settlement conference.

///

///

///

---

[1] The settlement efforts between the parties are discussed in detail in Defendant's July 6, 2012 letter to Peter Eliasberg.  (*See*, Exhibit "A".)

2

ROSAS\Deft's Reply Re: Req. for Settlement Conference

3

If a reasonable and mutually acceptable resolution can be reached, then perhaps formal litigation (and all of the negatives associated therewith) can be avoided, which is certainly in all parties' best interests.


Dated:  July 6, 2012                                    LAWRENCE BEACH ALLEN & CHOI, PC


                                                        By _____/s/  Alexandra B. Zuiderweg_____
                                                              Alexandra B. Zuiderweg
                                                              Attorneys for Defendant
                                                              Sheriff Leroy D. Baca,
                                                              in his official capacity only

ROSAS\Deft's Reply Re: Req. for Settlement Conference