# EXHIBIT 2





**County of Los Angeles**

Sheriff's Department Headquarters

4700 Ramona Boulevard

Monterey Park, California 91754-2169

LEROY D. BACA, SHERIFF

June 13, 2012

Peter Eliasberg, Legal Director
ACLU Foundation of Southern California
1313 West Eighth Street
Los Angeles, California 90017

Dear Mr. Eliasberg:

### ROSAS V. BACA

The following is in response to your April 24, 2012 e-mail to my legal counsel in the above-referenced matter. I shall respond to each of the points that you raised, in the order that you raised them:

1. With respect to the three pending motions, accountability is a two-way street, so I do not believe that the Department's papers can be withdrawn. These matters should proceed through the normal legal process until their conclusion.

2. Without accountability for seeking accuracy concerning allegations of improper force, the Department cannot agree to such an order.

3. The Department's current investigations of the *Rosas* allegations consistently reveal that excessive force appears not to have occurred in the vast majority of cases. Therefore, it does not appear that the requisite findings can be entered by the Court.

4. I have been informed by County Counsel that the parties in the *Rutherford* matter, with the assistance of the Office of Independent Review ("OIR"), have been negotiating a stipulated order for the exchange of information by both parties concerning the investigations into the *Rosas* allegations. The ACLU must provide the OIR with timely notice of allegations of deputy misconduct in the jail. The OIR should be the ACLU's primary point of contact concerning investigative issues or complaints regarding policy violations by deputy personnel.

*A Tradition of Service*

Mr. Eliasberg                                    -2-                            June 13, 2012

5 & 6.   The Department, under my direction, established a Commanders Management Task Force
         in October, 2011, to examine force policies, training of staff on use of force, internal
         review and investigation of incidents of uses of force, and discipline regarding excessive
         force.  Moreover, the Department's remedial plan in response to the *Rosas* allegations
         appears to have reduced significant force over the past eight months.

7.       The solutions regarding Item No. 4 in this letter, achieved in consultation with the ACLU,
         addresses this point.  The ACLU currently, under the *Rutherford* matter, has unimpeded
         access to jail facilities, inmates, and staff.  (Department Policy 5-12/035.00)

8.       All monitoring should be accomplished under the *Rutherford* matter, including attorney
         fees.

I look forward to meeting and discussing these matters with you further.

Sincerely,

LEROY D. BACA
SHERIFF