# EXHIBIT 5

PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JUSTIN W. CLARK
jclark@lbaclaw.com
ALEXANDRA B. ZUIDERWEG, State Bar No. 270177
azuiderweg@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendant
Sheriff Leroy D. Baca, in his official capacity only

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ROSAS and JONATHAN GOODWIN, on their own behalf and on behalf of those similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> LEROY BACA, Sheriff of Los Angeles County Jails; et al, <br><br> Defendants. | Case No. CV 12-00428 DDP (SHx) <br><br> Honorable Dean D. Pregerson <br><br> **DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S REQUEST FOR SETTLEMENT CONFERENCE** |

TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR COUNSEL OF RECORD:

Defendant's Request that the Court hold a settlement conference pursuant to the Local Rules was and is based on a genuine interest of reaching a mutually acceptable resolution of this matter without the need for massive litigation and the attorneys' fees, costs, and resources associated therewith. With this Court's assistance, the Sheriff's Department and the ACLU have resolved serious and

1

complicated issues in the past, and Defendant does not see how a resolution of this case is or should be any different.

With the above being said, Defendant appreciates Plaintiffs' contentions in their response to Defendant's Request and offers the following very brief reply. With respect to the various motions filed to date, while Plaintiffs' may disagree with the merits of the Motions to Dismiss or Defendant's opposition to Plaintiffs' Motion for Class Certification, that fact does not make the papers inappropriate. Defendant did what it believed was necessary in response to Plaintiffs' claims and the allegations made in support of them. Now that the pleadings have been finalized, nothing productive will come from rehashing the procedural history of the pleadings nor should it stand as an impediment to productive settlement discussions.

Second, Plaintiffs' characterization of the settlement efforts between the parties is incomplete.[1]

As indicated above, the Sheriff's Department is genuinely interested in pursuing settlement discussions, but believes this Court's involvement is a necessary and indispensable component of such a process. Accordingly, before the parties proceed with full-scale litigation, pursuant to the Local Rules, Defendant respectfully requests that this Court set and preside over a settlement conference.

///

///

///

---

[1] The settlement efforts between the parties are discussed in detail in Defendant's July 6, 2012 letter to Peter Eliasberg. (*See*, Exhibit "A".)

2

If a reasonable and mutually acceptable resolution can be reached, then perhaps formal litigation (and all of the negatives associated therewith) can be avoided, which is certainly in all parties' best interests.


Dated:  July 6, 2012                    LAWRENCE BEACH ALLEN & CHOI, PC


By ____ /s/  Alexandra B. Zuiderweg _____
        Alexandra B. Zuiderweg
        Attorneys for Defendant
        Sheriff Leroy D. Baca,
        in his official capacity only

3

ROSAS\Deft's Reply Re: Req. for Settlement Conference

# EXHIBIT "A"

# LAWRENCE BEACH | ATTORNEYS AT LAW

## ALLEN & CHOI · PC

www.lawrencebeach.com

100 West Broadway, Suite 1200
Glendale, California 91210
T 818-545-1925
F 818-545-1937

Orange County
1600 North Broadway, Suite 1010
Santa Ana, California 92706
T 714-479-0180
F 714-479-0181

July 6, 2012

**VIA E-MAIL**

Peter Eliasberg, Esq.
ACLU of Southern California
1313 West 8th Street
Los Angeles, CA 90017

Re:    Rosas, et al. v. Baca
       U.S.D.C. Case No. CV 12-00428 DDP (SHx)

Dear Peter:

We have received and reviewed Plaintiffs' Response to Defendant's request for a settlement conference before the Honorable Dean D. Pregerson. While we appreciate Plaintiffs' concerns regarding your initial settlement correspondence, Plaintiffs' Response, unfortunately, does not represent a complete characterization of the parties' settlement discussions, either recently or historically. We hope that Plaintiffs will reconsider working with the Sheriff's Department and Judge Pregerson to resolve this matter.

As you know, the Sheriff's Department and the American Civil Liberties Union of Southern California ("ACLU") have recently participated in productive settlement discussions. For example, Mr. Granbo of County Counsel has communicated in writing and in person with Mr. Rosenbaum of your office about processes (including experts) that might lead to settlement. Also, just a couple of weeks ago, Sheriff Baca, along with Mr. Gennaco of the Office of Independent Review, met with you at your office (while Ms. Winter participated via telephone) about investigations into allegations of inmate retaliation that are at the heart of Plaintiffs' case. Moreover, over the past nine months, the Sheriff Department's Commanders Management Task Force has consistently reached out to the ACLU to include it in town hall meetings with inmates, staff training, changes to policies and procedures, and the like.

5

LAWRENCE BEACH |    ATTORNEYS AT LAW
               | ALLEN & CHOI · PC

Peter Eliasberg
Re: <u>Rosas, et al. v. Baca</u>
July 6, 2012
Page 2

Historically, the ACLU and the County, with the assistance of judicial officers, have worked cooperatively to resolve various claims and suits. For example, during the eight years Judge Pregerson has presided over the related *Rutherford* matter, he has personally helped the parties settle scores of disputes, large and small. The more significant issues have included, without limitation, the elimination of floor sleeping across the entire jail system, the expediting of inmate processing at the Inmate Reception Center, the depopulation of Men's Central Jail and, most recently, a complete revamping of the Sheriff Department's policies and procedures relating to retaliation against inmates and investigations concerning the same.

While the issues that have been raised in Plaintiffs' suit are certainly serious and important, the parties presently view the true state of affairs rather differently. However that does not mean that reasonable minds, with the assistance of a judicial officer who is uniquely familiar with the jail system, cannot reach agreement on the issues (or at least significantly narrow the areas of disagreement). The need of the parties to exhaust all reasonable efforts to reach a settlement is especially compelling given your representation earlier this week at the Rule 26 conference of counsel that Plaintiffs will require approximately four court weeks just to present their case in chief (which necessarily means that the total length of trial could easily last two to three months). Obviously, this tremendous burden on the parties and the Court should be avoided if at all possible.

Finally, we appreciate that your office has associated into this action another law firm that, as a matter of practice, does not usually participate in settlement conferences with the judicial officer assigned to the case. However, this standing practice should not supersede the lost-standing productive history of the parties or the incredible generosity expressed by Judge Pregerson to assist the parties.

Thank you for your attention to this matter, and we look forward to working with you to resolve this matter.

Very truly yours,

LAWRENCE BEACH ALLEN & CHOI, PC

*Paul Beach/aoz*

Paul B. Beach

cc: Margaret Winter (via e-mail)