PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JUSTIN W. CLARK, State Bar No. 235477
jclark@lbaclaw.com
ALEXANDRA B. ZUIDERWEG, State Bar No. 270177
azuiderweg@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California  91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendant
Sheriff Leroy D. Baca

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ROSAS and JONATHAN GOODWIN, on their own behalf and on behalf of those similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> LEROY BACA, Sheriff of Los Angeles County Jails, <br><br> Defendant. | Case No. CV 12-00428 DDP (SHx) <br><br> Honorable Dean D. Pregerson <br><br> ***IMMEDIATE RELIEF REQUESTED*** <br><br> **DEFENDANT'S *EX PARTE* APPLICATION TO DISTRICT COURT FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND FIRST SET OF REQUESTS FOR PRODUCTION UNTIL TEN COURT DAYS AFTER SETTLEMENT CONFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARTION OF ALEXANDRA B. ZUIDERWEG AND EXHIBITS IN SUPPORT THEREOF** <br><br> [[*Proposed] Order lodged concurrently herewith*] |

1

ROSAS\Ex Parte to DC Judge

TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Defendant LEROY BACA ("Defendant ") hereby applies to the District Court, *ex parte*, for an order extending the deadline for Defendant to respond to Plaintiffs' First Set of Interrogatories and First Set of Requests for Production ("discovery") until ten court days after the settlement conference set by the Court.  (*See*, Docket No. 68.)

Pursuant to the Central District of California Local Rules, Plaintiffs' counsel, Donna Melby, John Durrant, and Peter Eliasberg, were notified of this Application by letter dated August 13, 2012.  (*See,* Declaration of Alexandra B. Zuiderweg ["Zuiderweg Decl."], ¶ 4; Exhibit "C".)  Defendant's counsel requested the relief sought herein, but Plaintiffs would not agree and have indicated they oppose the Application.  (*Id.*)

Pursuant to Local Rule 7-19, Plaintiffs' counsel can be contacted at the information below:

Donna M. Melby (donnamelby@paulhastings.com)

John S. Durrant (johndurrant@paulhastings.com)

Paul Hastings LLP

515 South Flower Street

Twenty-Fifth Floor

Los Angeles, CA 90071

(213) 683-6000

///

///

///

2

ROSAS\Ex Parte to DC Judge

Peter Eliasberg (peliasberg@aclu-usc.org)

ACLU of Southern California

1313 West 8th Street

Los Angeles, CA 90017

(213) 977-9500

Dated:  August 15, 2012                LAWRENCE BEACH ALLEN & CHOI, PC


By _____/s/  Alexandra B. Zuiderweg_____
            Alexandra B. Zuiderweg
            Attorneys for Defendant
            Sheriff Leroy D. Baca

3

ROSAS\Ex Parte to DC Judge

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   Introduction.

The sole purpose of the instant *Ex Parte* Application is to obtain a modest extension of time to respond to tremendously voluminous discovery propounded by Plaintiffs, which seeks the production of at least half a million pages of extremely sensitive (and in some cases, expressly privileged) Sheriff's Department records.  Defendant has twice requested a reasonable extension from Plaintiffs.  Yet, despite the burden and cost of responding, as well as being informed that Defendant's counsel (both Mr. Beach and Mr. Clark) are on vacation the week of August 13, 2012, Plaintiffs have steadfastly refused to agree to even a modest extension.

In most circumstances, the party propounding discovery (particularly discovery containing 165 requests, as is the case here) would grant the responding party a reasonable extension as a matter of course and professional courtesy, but Plaintiffs' counsel here has chosen a far different agenda.  Despite articulating a desire to work cooperatively and professionally, Plaintiffs' counsel has repeatedly refused to extend even common courtesies, choosing instead to utilize scorched earth tactics.  Defendant, on the other hand, has repeatedly articulated an interest in reasonable settlement discussions.  Such discussions are now on the horizon in light of this Court's order setting a settlement conference for August 31, 2012, the purpose of which is the quick and efficient resolution of this case, as contemplated by FRCP Rule 1.

*Defendant's responses to the subject discovery are due <u>Monday, August 20, 2012</u>, necessitating the instant Application for a modest extension of time to respond until ten court days after the settlement conference with the District Court.*

////

///

4

ROSAS\Ex Parte to DC Judge

## II. Good Cause Exists For An Extension Given The Impending Settlement Conference And The Substantial Burden Associated With Defendant's Response.

On July 11, 2012, Plaintiffs propounded their First Set of Interrogatories and First Set of Requests for Production. The discovery includes 145 requests for production (many of which contain multiple sub-parts) and 20 interrogatories. Even by conservative estimates, the Requests seek the production of over half a million pages of very sensitive records. (Zuiderweg Decl., ¶ 2; Exhibits "A" and "B".)

On July 24, 2012, due to the extraordinary number of requests propounded on Defendant, defense counsel, Justin Clark, contacted Plaintiffs' counsel, John Durrant, seeking a 30-day extension to respond to Plaintiffs' discovery. At first, Mr. Durrant flatly refused to provide Defendant with any extension. However, upon learning that Mr. Clark and Paul Beach, the two attorneys assigned to this case, were going to be on vacation with their respective families when the responses were due, Mr. Durrant reluctantly agreed to a one-week extension. This was the equivalent of no extension at all because, even with this extension, the responses are due the day that Mr. Clark and Mr. Beach are scheduled to return to the office. (Zuiderweg Decl., ¶ 3.)

On August 10, 2012, this Court ordered the parties to participate in a settlement conference before the District Court on August 31, 2012.[1] (Zuiderweg Decl., ¶ 4.) In light of this settlement conference, to avoid the substantial costs and burdens associated with responding to the subject, Defendant sent Plaintiffs' counsel a letter dated August 13, 2012 again requesting an extension of time to

---

[1] The Court set the pending settlement conference after months of Defendant encouraging Plaintiffs' counsel to participate in such a conference. (Zuiderweg Decl., ¶ 4.)

5

respond, this time until ten court days after the settlement conference. (Zuiderweg Decl., ¶ 4; Exhibit "C".)

On August 14, 2012, despite the impending settlement conference, the large number of requests (and the burden associated therewith), and the fact that Defendant's counsel is on vacation, Plaintiffs' counsel refused to grant an extension.  As such, Defendant was left with no other option than to seek the relief requested herein.  (Zuiderweg Decl., ¶ 5.)  Defendant would have preferred not to burden the Court with this relatively trivial issue; however, to avoid potentially wasting scarce public resources, *ex parte* relief is necessary.

It goes without saying that the District Court has broad discretion to manage its cases and calendar as necessary to effectively implement the requirements articulated in Fed. R. Civ. P. Rule 1.  Upon request by a party responding to discovery, the Court may issue an order protecting a party from "annoyance, embarrassment, oppression, or **undue burden or expense** . . . ." Fed. R. Civ. P. Rule 26(c)(1); *United States v. CBS, Inc.*, 666 F.2d 364, 368 (9th Cir. 1983) (recognizing the "extensive control the district courts have over the discovery process").  The Court may, in its discretion, grant such relief on an *ex parte* basis where the party has shown good cause.  *See, Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F.Supp. 488, 495 (C.D. Cal. 1995).  As demonstrated above, the requested relief is necessary to potentially avoid substantial burden and expense to Defendant.

**III.** **Plaintiffs Will Not Suffer Any Prejudice Whatsoever If This Application Is Granted Because The Vast Majority Of Responsive Documents Are Irrelevant To Settlement Discussions.**

Further good cause exists for the relief sought herein because Plaintiffs will not suffer any prejudice from the requested extension.  **Any such claim of prejudice is a red herring and should be disregarded because Defendant will**

6

ROSAS\Ex Parte to DC Judge

**agree to informally make available relevant policies, procedures, and training materials for the settlement conference.**

In spite of Defendant's willingness to make relevant documents available to facilitate settlement discussions, Plaintiffs may claim that they need the discovery responses at issue prior to the settlement conference.  This is simply not true.  The fact of the matter is that most of the responsive documents would be of little or no value to settlement discussions because nearly two-thirds of Plaintiffs' Requests for Production seek documents regarding specific use of force incidents (including investigation reports and medical records).  (Zuiderweg Decl., ¶ 2; Exhibit "B".)  Considering that Plaintiffs have stated that they seek institutional reforms, Defendant finds it hard to believe that settlement discussions will focus on specific incidents of uses of force.  Accordingly, such voluminous documents will have no impact on settlement discussions between the parties.

In addition to documents regarding use of force incidents, other documents are equally irrelevant to settlement discussions.  For example, Request for Production No. 25 seeks communications between the LASD and the Office of Independent Review, and similarly Request for Production No. 27 seeks communications between the LASD and the Police Assessment Resource Center (i.e., Merrick Bobb).  These requests expressly seek attorney-client communications and are, therefore, obviously protected from disclosure by attorney-client privilege (and should have never been requested in the first place).  Moreover, Plaintiffs' Request for Production No. 16 seeks TEEMS II documents, materials that are solely in the possession of Los Angeles Police Department, not the Los Angeles County Sheriff's Department.  (Zuiderweg Decl., ¶ 2; Exhibit "B".)

Finally, Plaintiffs' counsel, the ACLU, has been monitoring the Los Angeles County jails for nearly three decades.  Accordingly, the ACLU will not learn any

7

new information in the next few weeks that will substantially alter its body of knowledge in advance of the settlement conference.

### IV.    Conclusion.

Defendant respectfully requests that the Court grant this Application and extend the time for Defendant to respond to Plaintiffs' discovery until ten court days after the settlement conference before the District Court.  Without the relief requested herein, Defendant will be significantly and unnecessarily prejudiced by being forced to expend very limited public resources responding to the subject discovery.[2]  Defendant assumes that Plaintiffs will engage in good faith settlement discussions and the first step should have been agreeing, without the need for this Application, to the modest extension requested herein.  Nonetheless, Defendant remains ready, willing, and eager to discuss a reasonable settlement of this matter.  However, before that can occur, an extension of the deadline to respond to subject discovery is necessary and appropriately granted.

Dated:  August 15, 2012                    LAWRENCE BEACH ALLEN & CHOI, PC


By    /s/  Alexandra B. Zuiderweg
         Alexandra B. Zuiderweg
         Attorneys for Defendant
         Sheriff Leroy D. Baca

---

[2] On the eve of Defendant's preparation of this Application, Plaintiffs' counsel, Peter Eliasberg, advised defense counsel that he would like to continue the settlement conference due to *his* three-week vacation. (Zuiderweg Decl., ¶ 5.)  It is unknown if the settlement conference will be continued as a result.  However, in the event that the settlement conference is continued, Defendant respectfully requests that the date for its discovery responses be calendared for ten court days after the settlement conference, irrespective of when it occurs.

8

ROSAS\Ex Parte to DC Judge

## DECLARATION OF ALEXANDRA B. ZUIDERWEG

I, ALEXANDRA B. ZUIDERWEG, declare as follows:

1. I am an attorney at law, duly authorized to practice before this Court and I am an associate in the law firm of Lawrence Beach Allen & Choi, A Professional Corporation, attorneys of record for Defendant Sheriff Leroy Baca ("Defendant") in the above-entitled action. I have personal knowledge of the facts stated herein, except those stated upon information and belief and as to those matters, I believe them to be true. If called to testify to the matters herein, I could and would competently do so.

2. On July 11, 2012, Plaintiffs served their First Set of Interrogatories (containing 20 interrogatories) and Plaintiffs' First Set of Requests for Production (containing 145 requests, most of which contain multiple sub-parts). The Requests seek the production of over a half a million pages of sensitive (and in some cases, expressly privileged) records. Attached hereto as Exhibit "A" and "B" are true and correct copies of Plaintiffs' First Set of Interrogatories and Plaintiffs' First Set of Requests for Production, respectively.

3. On July 24, 2012, Justin Clark from my office requested from Plaintiffs a 30-day extension to respond to the subject discovery. On July 25, 2012, Plaintiffs' counsel, John Durrant, refused to provide Defendant with the requested extension, even though such extensions are routinely granted as a matter of professional courtesy. Mr. Clark explained that he and the other attorney handling this case, Paul Beach, were both going to be on vacation with their respective families the day Defendant's discovery responses were due. It was only then that Mr. Durrant reluctantly granted Defendant a one-week extension to respond to Plaintiffs' 165 interrogatories and requests for production. This was tantamount to no extension at all because, even with the small extension, Defendant's responses are due the day Mr. Beach and Mr. Clark are scheduled to return to the office.

ROSAS\Ex Parte to DC Judge

4.      Importantly, after months of defense counsel trying to convince Plaintiffs' counsel to partake in a settlement conference, on August 10, 2012, the Court issued an order requiring the parties to do so on August 31, 2012.  In light of the Court's attempt to focus the parties on settling the instant action and in an effort to potentially avoid the substantial burdens associated with Plaintiffs' numerous discovery requests, I sent Plaintiffs' counsel, Donna Melby, John Durrant, and Peter Eliasberg, a letter via email requesting that Defendant have until ten court days after the settlement conference to respond to the discovery at issue in the instant Application.  I further notified counsel that if the extension was not granted, Defendant would be forced to seek the requested relief via an *ex parte* application. Attached hereto as Exhibit "C" is a true and correct copy of my August 13, 2012 letter to Plaintiffs' counsel.

5.      On August 14, 2012, Plaintiffs' counsel notified my office that they would not agree to the requested extension.  Also on August 14, 2012, Mr. Eliasberg informed Defendant's counsel that he would like to continue the settlement conference due to his three-week vacation.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on August 15, 2012 at Glendale, California.

                                        /s/ Alexandra B. Zuiderweg__
                                        Alexandra B. Zuiderweg

10