# EXHIBIT "A"

11

PETER J. ELIASBERG (SB# 189110)
peliasberg@aclu-sc.org
MARISOL ORIHEULA (SB# 261375)
morihuela@aclu-sc.org
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
1313 W. 8th Street
Los Angeles, CA 90017
Phone: (213) 977-9500
Fax: (213) 977-5299

DONNA M. MELBY (SB# 86417)
donnamelby@paulhastings.com
JOHN S. DURRANT ((SB# 217345)
johnDurrant@paulhastings.com
JADE H. LEUNG (SB# 279651)
jadeleung@paulhastings.com
ELIZABETH C. MUELLER (SB# 278283)
bethmueller@paulhastings.com
PAUL HASTING LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071-2228
Phone: (213) 683-6000
Fax: (213) 627-0705

MARGARET WINTER (*pro hac vice*)
mwinter@npp-aclu.org
ERIC BALABAN (*pro hac vice application forthcoming*)
ebalaban@npp-aclu.org
DAVID M. SHAPIRO (*pro hac vice*)
dshapiro@npp-aclu.org
NATIONAL PRISON PROJECT OF
THE AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
915 15th St., NW
Washington, D.C. 20005
Phone: (202) 393-4930
Fax: (202) 393-4931

Attorneys for Plaintiffs
ALEX ROSAS and JONATHAN GOODWIN,
on behalf of themselves and of those similarly situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ROSAS and JONATHAN GOODWIN on behalf of themselves and of those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LEROY BACA, Sheriff of Los Angeles County Jails,<br><br>Defendant. | CASE NO. CV 12-00428 DDP (SHx)<br><br>**PLAINTIFF ALEX ROSAS' FIRST SET OF INTERROGATORIES TO DEFENDANT LEROY BACA** |

CASE NO. CV 12-00428 DDP (SHx)

PLAINTIFF ALEX ROSAS' FIRST SET OF INTERROGATORIES TO DEF LEROY BACA

12

PROPOUNDING PARTY:   PLAINTIFF ALEX ROSAS

RESPONDING PARTY:    DEFENDANT LEROY BACA

SET NO.:             ONE

TO DEFENDANT LEROY BACA AND TO HIS ATTORNEYS OF RECORD, PAUL B. BEACH, JUSTIN W. CLARK, AND ALEXANDRA B. ZUIDERWEG, AND THE LAW OFFICES OF LAWRENCE BEACH ALLEN & CHOI, PC:

Pursuant to Federal Rule of Civil Procedure 33(a), Plaintiff Alex Rosas hereby requests that Defendant Leroy Baca ("Defendant") answer within thirty (30) days the following interrogatories fully, in writing, and under oath.

## INSTRUCTIONS

1.     Each answer to these Interrogatories must be as complete and straightforward as the information reasonably available to you permits. If an Interrogatory cannot be answered completely, answer it to the extent possible.

2.     If you do not have enough personal knowledge to fully answer an Interrogatory, indicate that that is the case, but make a reasonable and good faith effort to get the information by asking other persons or organizations.

3.     Whenever an Interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the Interrogatory can be found.

4.     The answers to these Interrogatories must be dated, and signed by Defendant.

## DEFINITIONS

1.     As used herein, the words "Document" or "Documents" mean any kind of written, typewritten, printed, or recorded material whatsoever, including but not limited to, any notes, memoranda, charges, complaints, claims, affidavits, statements, papers, files, forms, data, tapes, cassettes, discs, magnetic cards, printouts, letters, reports, summaries, compilations, chronicles, publications, books, manuals, handbooks, certificates, minutes, agenda, communications, contracts, agreements, telegrams, teletypes, facsimile, records, correspondence, diaries, calendars, appointment books, logs, audio and/or video recordings and

CASE NO. CV 12-00428 DDP (SHx)        - 1 -        PLAINTIFF ALEX ROSAS' FIRST SET OF INTERROGATORIES TO DEF LEROY BACA

transcriptions of recordings, microfilm, microfiche, electronic records or representations of any kind, information stored on computer (including but not limited to electronic mail) or on any type of computer readable storage media and capable of being reproduced by printed representation of any form, whether or not ever printed out or displayed, photographs, pictures, diagrams, or any other writing, however produced or reproduced, and further including, without limitation, originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in connection with such documents whether or not used, within the possession, custody, and/or control of Defendant, or his agents, attorneys, physicians, psychologists, psychiatrists, counselors, and/or any other persons who may act on her behalf, excepting only those documents which are privileged or otherwise protected from discovery, as to which the claim of privilege or protection is specifically stated by written notice to Plaintiffs.

2.     "Concerning" or "regarding" means related to, referring to, describing, evidencing, or constituting.

3.     In all instances, the terms "Identify" or "Identity," when used in connection with a document, mean to state a description of the document, identifying the document with the degree of particularity that you would require for a notice to produce documents or subpoena duces tecum. Such identification, when used herein in connection with a document, also means to state:

A.     The nature of the document, e.g., letter, memorandum, contract, report, etc;

B.     Its title, if any;

C.     The date the document was prepared;

D.     The identity of the person who prepared such document or participated in its preparation in any way or who signed it;

E.     A brief summary or description of its contents;

F.    The identity of the person who has custody or control of the writing, or a copy of it; and

G.    The present location of the document.

4.    The term "Person" as used herein includes in the plural, as well as in the singular, any individual, firm, corporation, partnership, association, and any other kind of business or legal entity.

5.    In all instances, the terms identify or identity, when used herein in connection with a person, mean to state:

A.    The name of the person;

B.    His or her last known business address and phone number;

C.    His or her last known employer;

D.    His or her institutional number, if applicable; and

E.    His or her last known residence address and phone number.

6.    "Defendant" refers to Defendant Leroy Baca, and all personnel of the Los Angeles County Sheriff's Department; all agents, representatives, employees, and servants of the Los Angeles County Sheriff's Department; and all other persons associated with the Defendant in their official capacity.

7.    "Plaintiffs" refers to Plaintiffs Alex Rosas and Jonathan Goodwin and/or their agents and/or representatives, past or present.

8.    "Complaint" or "FAC" refers to Plaintiffs' First Amended Complaint filed in the United States District Court, Central District of California, Case Number Civ. 12-00428-DDP (SHx).

9.    The terms "You" and "Your" as used herein refer to Defendant as above defined.

10.    "Jail" refers to the Los Angeles County Men's Central Jail, the Twin Towers Correctional Facility, and the Inmate Reception Center for Los Angeles County Jails.

CASE NO. CV 12-00428 DDP (SHx)    - 3 -    PLAINTIFF ALEX ROSAS' FIRST SET OF INTERROGATORIES TO DEF LEROY BACA

11.   "Communicate" and "Communications" mean and include any meeting, conference, face-to-face conversation, telephone conversation, or conference or communication used by any media, as well as any written, taped, or recorded communication of any kind whatsoever.

12.   "And" and "Or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

13.   "Staff" or "Staff Person" includes any natural person, firm, associations, partnership, company, corporation, governmental entities, agents, representatives, employees or other persons acting on behalf of Defendant, the Los Angeles County Sheriff's Department, or the County of Los Angeles, at any point.

14.   Unless otherwise specified, the term "Inmates" refers to all persons in Defendant's custody in the Jail at any point, whether they are or were pre-trial detainees or sentenced.

15.   "Jail Infirmary" refers to any infirmary, medical clinic, similar facility, or other area at the Jail (known by any designation) that is used for health care treatment of inmates.

16.   "Use of force" includes any use of physical force, weapons, or control devices by staff on inmates, including but not limited to use of open hand techniques, leg sweeps and takedowns, punches, slaps, kicks, chokeholds, physical restraints, chemical agents, mechanical restraints, restraint devices, tasers, stun guns, stun grenades, or flash grenades. The term "use of force" also includes any alleged uses of force as the term is defined here, even if Defendant or his staff concludes that no force was used.

## INTERROGATORIES

INTERROGATORY NO. 1:

List all incidents at the Jail since January 1, 2009 in which an incident report or use of force packet has been prepared concerning the use of force, use of

CASE NO. CV 12-00428 DDP (SHx)        - 4 -        PLAINTIFF ALEX ROSAS' FIRST SET OF INTERROGATORIES TO DEF LEROY BACA

chemical agents, use of mechanical restraints, physical restraints used by staff or officers, use of stun weapons, use of restraint chairs, or cell extractions. For each such incident, provide the date of the incident and identify the staff persons involved in the incident, the staff person(s) who prepared the incident report or use of force packet, and the inmate(s) involved.

INTERROGATORY NO. 2:

List all incidents at the Jail since January 1, 2009 which have been the subject of a use of force review. For each such incident, provide the date of the incident and identify the inmate(s) and staff member(s) involved.

INTERROGATORY NO. 3:

List all grievances filed by inmates since January 1, 2009 alleging incidents of excessive force by staff members at the Jail. For each such incident, provide the date of the incident, identify the inmate(s) who filed the grievance, identify the staff member(s) involved, and list any subsequent disposition and appeal for each grievance.

INTERROGATORY NO. 4:

List all inmate deaths occurring at the Jail since January 1, 2009, regardless of cause of death. For each such death, provide the date of death and cause of death, and identify the inmate.

INTERROGATORY NO. 5:

List all staff persons who have been, or are in the process of being, investigated, terminated, or referred for possible prosecution or investigation concerning use of force at the Jail or failure to protect inmates from violence at the Jail, since January 1, 2009. Identify each staff person and provide the date(s) of investigation, termination, or referral for possible prosecution or investigation.

INTERROGATORY NO. 6:

List all staff persons at the Jail who have been, or are in the process of being, disciplined or considered for discipline (including but not limited to placement or

CASE NO. CV 12-00428 DDP (SHx)          - 5 -          PLAINTIFF ALEX ROSAS' FIRST SET OF INTERROGATORIES TO DEF LEROY BACA

consideration for placement in the Los Angeles Sheriff's Department's ("LASD") Performance Based Mentoring, Education Based Discipline, or Respect Based Discipline programs), since January 1, 2009.

INTERROGATORY NO. 7:

List all use of force incidents at the Jail since January 1, 2009 involving deputy-on-inmate violence which have been reviewed by the LASD Jails Investigations Unit, Operation Safe Jails, Internal Affairs, Internal Criminal Investigations Bureau, and/or Office of Independent Review. For each such incident, provide the date of the incident and identify the inmate(s) and staff member(s) involved.

INTERROGATORY NO. 8:

List all incident reports since January 1, 2009 concerning deputy-on-inmate violence at the Jail. For each such incident, provide the date of the incident, identify the inmate(s) involved, identify the staff member(s) involved, and identify the staff member(s) making the report.

INTERROGATORY NO. 9:

List all incidents since January 1, 2009 concerning allegations that staff persons, including deputies, allowed, arranged or provoked violence among inmates at the Jail. For each such incident, provide the date of the incident, identify the inmate(s) involved, and identify the staff member(s) involved.

INTERROGATORY NO. 10:

Identify all incidents at the Jail since January 1, 2009 in which staff persons were alleged to have opened cell doors, doors to rows, or any other doors at the Jail, to allow inmates unauthorized access to any area of the Jail. For each such incident, provide the date of the incident and identify the staff person(s) and inmate(s) involved.

CASE NO. CV 12-00428 DDP (SHx)    - 6 -    PLAINTIFF ALEX ROSAS' FIRST SET OF INTERROGATORIES TO DEF LEROY BACA

INTERROGATORY NO. 11:

List all grievances filed by Jail inmates since January 1, 2009 alleging attacks or threats by one or more deputies and directed against one or more inmates. Provide the date on which each such grievance was submitted, identify the inmate(s) involved, and identify the staff person(s) involved.

INTERROGATORY NO. 12:

List all incident reports since January 1, 2009 concerning inmates who exited their cells at the Jail without authorization, or who entered areas of the Jail without authorization. For each such incident, provide the date on which the incident report was submitted, identify the staff person(s) who prepared the incident report, identify the staff person(s) involved in the incident, and identify the inmate(s) involved in the incident.

INTERROGATORY NO. 13:

List all requests for protection, protective custody, or separation made by inmates at the Jail since January 1, 2009. For each such request, include the disposition of the request, provide the date of the request, identify the staff person(s) involved, and identify the inmate(s) making the request.

INTERROGATORY NO. 14:

List all inmates housed in protective custody at the Jail at any point since January 1, 2009. Identify each such inmate and provide dates of admission and release from protective custody.

INTERROGATORY NO. 15:

Identify each inmate who was treated at the Jail Infirmary or at a hospital since January 1, 2009 following an incident with staff persons. Provide the date and time of treatment, and reason for treatment.

INTERROGATORY NO. 16:

Unless the information is fully provided in logs produced in response to Request for Production No. 126, identify each inmate who was treated at the Jail

CASE NO. CV 12-00428 DDP (SHx)    - 7 -    PLAINTIFF ALEX ROSAS' FIRST SET OF INTERROGATORIES TO DEF LEROY BACA

Infirmary since January 1, 2009, date and time of treatment, and reason for treatment.

INTERROGATORY NO. 17:

Unless the information is fully provided in logs produced in response to Request for Production No. 127, identify each inmate who received non-scheduled or emergency medical treatment at the Jail since January 1, 2009, including the date and time of the treatment and the reason for the treatment.

INTERROGATORY NO. 18:

Unless the information is fully provided in logs produced in response to Request for Production No. 128, identify each inmate at the Jail sent to a hospital since January 1, 2009, including the date and time when the inmate was sent to the hospital and the reason for sending the inmate to the hospital.

INTERROGATORY NO. 19:

Identify all lawsuits alleging excessive or improper use of force at the Jail brought against the City of Los Angeles, the LASD, Defendant in this action, or staff where there has either been a jury award against the defendant(s) in that case, or a settlement reached.

//
//
//
//
//
//
//
//
//
//
//
//

CASE NO. CV 12-00428 DDP (SHx)    - 8 -    PLAINTIFF ALEX ROSAS' FIRST SET OF INTERROGATORIES TO DEF LEROY BACA

INTERROGATORY NO. 20:

Identify all tort claims alleging excessive or improper use of force at the Jail brought against the City of Los Angeles, the LASD, Defendant in this action, or staff where the claim was granted.

DATED: July 11, 2012

DONNA M. MELBY
JOHN S. DURRANT
JADE H. LEUNG
ELIZABETH C. MUELLER
PAUL HASTINGS LLP

By:_____
                    JADE H. LEUNG

Attorneys for Plaintiffs
ALEX ROSAS and JONATHAN GOODWIN on behalf of themselves and of those similarly situated

CASE NO. CV 12-00428 DDP (SHx)        - 9 -        PLAINTIFF ALEX ROSAS' FIRST SET OF INTERROGATORIES TO DEF LEROY BACA

22

<u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA                  )
                                            ) ss:
CITY OF LOS ANGELES AND COUNTY OF  )
LOS ANGELES                        )

      I am employed in the City of Los Angeles and County of Los Angeles, State of California. I am over the age of 18, and not a party to the within action. My business address is 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, California 90071.

      On July 11, 2012, I served the foregoing document(s) described as:

**PLAINTIFF ALEX ROSAS' FIRST SET OF INTERROGATORIES TO DEFENDANT LEROY BACA**

on the interested parties by placing thereof in a sealed envelope(s) addressed as follows:

Paul B. Beach
Justin W. Clark
Lawrence Beach Allen & Choi, PC
100 West Broadway, Suite 1200
Glendale, California 91210-1219

☐  **VIA OVERNIGHT MAIL:**

    VIA _____:By delivering such document(s) to an overnight mail service or an authorized courier in a sealed envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

☒  **VIA U.S. MAIL:**

    I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice such sealed envelope(s) would be deposited with the U.S. postal service on July 11, 2012 with postage thereon fully prepaid, at Los Angeles, California.

☐  **VIA FACSIMILE:**

    The facsimile transmission report indicated that the transmission was complete and without error.

      I declare under penalty of perjury under the laws of the United States that the above is true and correct.

      Executed on July 11, 2012, at Los Angeles, California.

_____
Kareen Romano

PROOF OF SERVICE

23