# EXHIBIT "B"

24

PETER J. ELIASBERG (SB# 189110)
peliasberg@aclu-sc.org
MARISOL ORIHEULA (SB# 261375)
morihuela@aclu-sc.org
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
1313 W. 8th Street
Los Angeles, CA 90017
Phone: (213) 977-9500
Fax: (213) 977-5299

DONNA M. MELBY (SB# 86417)
donnamelby@paulhastings.com
JOHN S. DURRANT (SB# 217345)
johndurrant@paulhastings.com
JADE H. LEUNG (SB# 279651)
jadeleung@paulhastings.com
ELIZABETH C. MUELLER (SB# 278283)
bethmueller@paulhastings.com
PAUL HASTING LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071-2228
Phone: (213) 683-6000
Fax: (213) 627-0705

MARGARET WINTER (*pro hac vice*)
mwinter@npp-aclu.org
ERIC BALABAN (*pro hac vice application forthcoming*)
ebalaban@npp-aclu.org
DAVID M. SHAPIRO (*pro hac vice*)
dshapiro@npp-aclu.org
NATIONAL PRISON PROJECT OF
THE AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
915 15th St., NW
Washington, D.C. 20005
Phone: (202) 393-4930
Fax: (202) 393-4931

Attorneys for Plaintiffs
ALEX ROSAS and JONATHAN GOODWIN,
on behalf of themselves and of those similarly
situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ROSAS and JONATHAN GOODWIN on behalf of themselves and of those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LEROY BACA, Sheriff of Los Angeles County Jails,<br><br>Defendant. | CASE NO. CV 12-00428 DDP (SHx)<br><br>**PLAINTIFFS' REQUEST FOR PRODUCTION TO DEFENDANT LEROY BACA, SET ONE** |

PROPOUNDING PARTY:   PLAINTIFFS ALEX ROSAS and JONATHAN GOODWIN

RESPONDING PARTY:    DEFENDANT LEROY BACA

SET NO.:             ONE

TO DEFENDANT LEROY BACA AND TO HIS ATTORNEYS OF RECORD, PAUL B. BEACH, JUSTIN W. CLARK, AND ALEXANDRA B. ZUIDERWEG, AND THE LAW OFFICES OF LAWRENCE BEACH ALLEN & CHOI, PC:

Pursuant to Fed. R. Civ. P. 34, Plaintiffs submit to Defendant the following Requests for Production. Under Fed. R. Civ. P. 34(b), Defendant is to serve his Responses no later than thirty (30) days from the date of service.

## DEFINITIONS AND INSTRUCTIONS

DEFENDANT IS URGED TO READ THE FOLLOWING DEFINITIONS AND INSTRUCTIONS AND TO IMMEDIATELY CONTACT PLAINTIFFS' COUNSEL, IN WRITING, IF THERE IS ANY CONFUSION OR UNCERTAINTY AS TO THE SCOPE OF MATERIALS COVERED BY THESE REQUESTS.

1. These instructions and definitions should be construed to require answers based upon the knowledge of, and information available to you, as well as your agents representatives, employees, servants and, unless privileged, your attorneys. When addressing these Requests, you are to exercise due diligence to secure the requested information, and not merely to respond on the basis of your personal knowledge. The process of responding will require a search of past and present records and securing information in the possession of current and former employees and other persons associated with Defendant in their official capacities.

2. These Requests are continuing in character, and therefore require you to submit supplementary documents to Plaintiffs' counsel if you obtain further or different information after you file your responses to these Requests.

3. You are to answer each Request separately and fully, and under oath. No part of a Request should be left unanswered merely because an objection is interposed to another part of the Request. If a partial or incomplete answer is provided, you shall state that the answer is partial or incomplete. If there are no responsive documents, then so state in your responses.

4. If for any reason it is claimed that any document called for by any Request or part thereof need not be produced, identify each portion of the Request and give each specific ground or reason asserted for not producing the document or part thereof. For any information withheld on the ground of privilege or work product protection, you must produce the information required by Fed. R. Civ. P. 26(b)(5), and specify which privilege is being claimed. For all Requests for which the answers involve both privileged or protected material, and non-privileged or unprotected matter, answer the Request to the extent that it calls for non-privileged and unprotected material.

5. It is not necessary for Defendant to provide multiple copies of completely identical documents that are responsive to more than one request. In the event that a document responsive to a given Request is being produced in response to another Request, Defendant may produce only one copy of the document.

6. Notwithstanding any definition below, each word, term, and phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

7. "Concerning" or "regarding" means related to, referring to, describing, evidencing, or constituting.

8. The terms "You" and "Defendant" refer to Defendant Leroy Baca and all personnel of the Los Angeles County Sheriff's Department; all agents, representatives, employees, and servants of the Los Angeles County Sheriff's Department; and all other persons associated with the Defendant in their official capacity.

9. To "identify" or "list" a person, or to provide their "identity" means to state that person's full name, job title, rank, department, current business address, and date of hire. Unless otherwise specified, the term "identify" when applied to an inmate means to provide the inmate's name, institutional number and, in the case of

CASE NO. CV 12-00428 DDP (SHx)     -2-     PLAINTIFFS' REQUEST FOR PRODUCTION TO DEFENDANT LEROY BACA, SET ONE

an inmate who has been released or transferred from the Jail, the date of release or transfer.

10. "And" and "Or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11. The term "Person" as used herein includes in the plural, as well as in the singular, any individual, firm, corporation, partnership, association, and any other kind of business or legal entity.

12. "Staff" or "Staff Person" includes any natural person, firm, associations, partnership, company, corporation, governmental entities, agents, representatives, employees or other persons acting on behalf of Defendant, the Los. Angeles County Sheriff's Department, or the County of Los Angeles, at any point.

13. "Document," "record" and "material" include, but are not limited to, any written, typed, printed, recorded or graphic matter, however produced or reproduced, of any type or description, regardless of origin or location, including without limitation, all correspondence, minutes, records, tables, charts, analyses, graphs, regulations, investigation results, microfiche or microfilm, training materials, electronic records, electronic logs, schedules, reports, audits, guidelines, policies, protocols, reviews, assessments, budgets, standing order directives, post orders, manuals, memoranda, notes, lists, logs, notations, contact sheets, calendar and diary entries, letters (sent or received), telegrams, faxes, telexes, messages (including, but not limited to: reports of telephone conversations and conferences), studies, rosters, schedules, booklets, circulars, bulletins, instructions, papers, files, minutes, other communications (including but not limited to, inter, and intra-office communications), email, summaries, bulletins, questionnaires, contracts, memoranda or agreements, requests for proposals or responses to requests for proposals, assignments, licenses, ledgers, books of account, orders, invoices, statements, bills, checks, vouchers, notebooks, receipts, acknowledgments, data

CASE NO. CV 12-00428 DDP (SHx)    -3-    PLAINTIFFS' REQUEST FOR PRODUCTION TO DEFENDANT LEROY BACA, SET ONE

processing cards, computer generated matter, photographs, photographic negatives, phonograph records, tape recordings, evaluations, video recordings, wire recordings, discs, other mechanical recording transcripts or logs of any such recordings, all other data compilations from which information can be obtained, or translated if necessary, and any other tangible thing of a similar nature. Each request for a document or documents shall be deemed to call for the production of the original document or documents to the extent that they are in or subject to, directly or indirectly, the control of the party to whom these Requests for Production are directed.  In addition, each request should be considered as including all copies and, to the extent applicable, preliminary drafts of documents that differ in any respect from the original or final draft or from each other (e.g., by reason of differences in form or content or by reason of handwritten notes or comments having been added to one copy of a document but not on the original or other copies thereof).

14.    "Communication" means transmission of information by any medium including without limitation orally, in writing, or by telephone, telex, telecopy, wire, radio, television, electronic mail, magnetic tape, floppy disk, diagram, graph, chart, or drawing.

15.    "Complaint" or "FAC" refers to Plaintiffs' First Amended Complaint filed in the United States District Court, Central District of California, Case Number Civ. 12-00428-DDP (SHx)

16.    "Plaintiffs" refers to Plaintiffs Alex Rosas and Jonathan Goodwin and/or their agents and/or representatives, past or present.

17.    Unless otherwise specified, the term "inmates" refers to all persons in Defendant's custody in the Jail at any point, whether they are or were pre-trial detainees or sentenced.

18.    "Jail" refers to the Los Angeles County Men's Central Jail, the Twin Towers Correctional Facility, and the Inmate Reception Center for Los Angeles County Jails.

19.    "Policy" or "Policies" refers to policies, procedures, regulations, guidelines, manuals, directives, rules, regulations, and post orders.

20.    "On or about" when used in conjunction with a specified date means the period beginning two weeks before and ending two weeks after the specified date.

21.    "Jail Infirmary" refers to any infirmary, medical clinic, similar facility, or other area at the Jail (known by any designation) that is used for health care treatment of inmates

22.    "Use of force" includes any use of physical force, weapons, or control devices by staff on inmates, including but not limited to use of open hand techniques, leg sweeps and takedowns, punches, slaps, kicks, chokeholds, physical restraints, chemical agents, mechanical restraints, restraint devices, tasers, stun guns, stun grenades, or flash grenades.  The term "use of force" also includes any alleged uses of force as the term is defined here, even if Defendant or his staff concludes that no force was used.

## REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1:

All policies and procedures currently in effect at the Jail concerning the following:

A.    Use of force, including identifying, tracking and logging the use of force, as well as the use of force continuum;

B.    Training of staff persons on use of force;

C.    Documentation and review of use of force incidents, including but not limited to policies and procedures concerning review and maintenance of evidence (including but not limited to video recordings and physical evidence) of use of force and incidents;

D.    Investigation of use of force incidents, including policies and procedures for interviewing individuals involved after incidents;

E.    The Los Angeles County Sheriff's Department Executive Force Review Committee;

F.    Training on use of force documentation;

G.    Health care staff involvement in use of force incidents and health care staff treatment of inmates following use of force incidents;

H.    Methods of subduing inmates, including but not limited to:

    (i)    chemical agents;

    (ii)    restraint chairs and other mechanical restraints;

    (iii)    physical restraints (for example, choke holds, four point restraints, and leg sweeps);

    (iv)    stun weapons, including but not limited to tasers; and

    (v)    other items used as weapons, such as flashlights.

I.    Strip searches, body cavity searches, cell searches, including the frequency of and reasons for cell searches, confiscations of items from an inmate's cell, segregation or isolation of any nature, and cell extractions;

J.    Protective custody, separation of inmates, and inmate requests for protection, including moving inmates from protective custody to the general population;

K.    Possession by inmates of weapons and items capable of being used as weapons;

L.    Handling of recalcitrant inmates and/or inmates who do not follow orders from staff persons;

M.    The duty of staff to intervene (or not to intervene) in an ongoing deputy-on-inmate physical altercation;

(i)    the duty of a staff person (including medical staff) to submit a report if that staff person observes a deputy-on-inmate physical altercation or responds to one;

(ii)    policies that explain what investigation must or may be conducted following a deputy-on-inmate physical altercation to determine the possible causes of that incident;

(iii)    policies that instruct staff as to when and under what circumstances local law enforcement agencies may be or must be notified regarding a deputy-on-inmate assault;

(iv)    policies concerning determining whether an incident of use of force at the Jail involved a failure to protect inmates by staff persons at the Jail, or involved a violation by staff persons at the Jail of Los Angeles Sheriff's Department ("LASD") policies;

N.    Investigation of allegations or incidents regarding staff persons arranging, allowing or provoking violence among inmates at the Jail;

O.    Methods allowing for inmates to file grievances regarding staff persons, including deputies, and actions taken by the Jail in response to a grievance; and

P.    Inmate discipline and the disciplinary process, including but not limited to:

(i)    all disciplinary charges (including the definitions and elements of same) that may be brought against inmates;

(ii)    documentation of disciplinary incidents, hearings, dispositions, and appeals; and

(iii)    investigation of disciplinary charges, and the duties of the hearings officer.

CASE NO. CV 12-00428 DDP (SHx)    -7-    PLAINTIFFS' REQUEST FOR PRODUCTION TO DEFENDANT LEROY BACA, SET ONE

REQUEST FOR PRODUCTION NO. 2:

All documents concerning incidents identified in response to Interrogatory Nos. 1, 2, and 3 (in one bundle per incident if possible), including but not limited to:

A.    Use of force incidents;

B.    Incident reports;

C.    Documents regarding review of use of force incidents;

D.    Grievances and related documents, such as dispositions and appeals;

E.    All logs of the area in which the incident occurred spanning at least one hour prior to the incident to one hour after the incident occurred (*e.g.,* if an inmate was assaulted in a particular pod at noon on September 1, 2010, produce the log maintained for that pod from 1100 to 1300 on that date);

F.    All photographs taken of the injuries sustained by any inmate as a result of the incident;

G.    All videos of the incident, including video of the area in which the incident occurred spanning at least one hour prior to the incident to one hour after the incident occurred; and

H.    All medical records regarding treatment of injuries sustained in the incident.

REQUEST FOR PRODUCTION NO. 3:

All policies and procedures currently in effect at the Jail relating to mentally ill inmates and concerning any or all of the following:

A.    Staff training specifically relating to mentally ill inmates;

B.    Declassification of mentally ill inmates;

C.    Placement of mentally ill inmates in protective custody and relocation to the general population;

CASE NO. CV 12-00428 DDP (SHx)          -8-          PLAINTIFFS' REQUEST FOR PRODUCTION TO DEFENDANT LEROY BACA, SET ONE

D.    Efforts to comply with the Memorandum of Agreement Regarding Mental Health Services at the Los Angeles County Jail entered into between the Los Angeles County and the United States on December 19, 2002;

E.    Responding to inmate behaviors that may be the product of mental illness;

F.    Treatment of mentally ill inmates; and

G.    Use of force on mentally ill inmates, including but not limited to those policies regarding the involvement of mental health staff before, during, and after use of force incidents involving mentally ill inmates.

REQUEST FOR PRODUCTION NO. 4:

All documents concerning each inmate death identified in response to Interrogatory No. 4, including but not limited to all death reviews and all medical records of each deceased inmate (in one bundle per deceased inmate if possible).

REQUEST FOR PRODUCTION NO. 5:

All video recordings depicting use of force incidents or interviews conducted after use of force incidents, at the Jail since January 1, 2009, including but not limited to use of chemical agents, mechanical restraints, physical restraints used by deputies or other staff persons, stun weapons, restraint chairs, and cell extractions.

REQUEST FOR PRODUCTION NO. 6:

All documents concerning the investigation, termination, or referral for possible prosecution or investigation, of all staff persons identified in response to Interrogatory No. 5, including but not limited to all documents concerning the underlying use of force incident (if possible, in one bundle per staff person).

REQUEST FOR PRODUCTION NO. 7:

For all staff persons identified in response to Interrogatory No. 6, provide (if possible, in one bundle per staff person) all documents concerning:

A.    Consideration of discipline of the staff person;

B.    The decision to discipline or not discipline the staff person;

C.    The decision, if any, to remove the staff person from a disciplinary program.

REQUEST FOR PRODUCTION NO. 8:

All documents maintained on the Los Angeles County Sheriff's Department's Personnel Performance Index showing investigations, use of force, use of lethal force, complaints, criminal charges, or allegations of misconduct occurring at the Jail since January 1, 2009 and involving staff persons at the Jail.

REQUEST FOR PRODUCTION NO. 9:

All documents concerning use of force incidents identified in response to Interrogatory Nos. 7 through 9 (in one bundle per incident if possible), including but not limited to:

A.    Incident reports;

B.    Documents relating to investigations of the incident;

C.    Grievances and related documents, such as dispositions and appeals;

D.    Death reviews, if any;

E.    Inmate discipline reports and related documents, including documents concerning review by disciplinary review boards;

F.    All logs of the area in which the incident occurred spanning at least one hour prior to the incident to one hour after the incident occurred (e.g., if an inmate was assaulted in a particular pod at noon on September 1, 2010, produce the log maintained for that pod from 1100 to 1300 on that date);

G.    All photographs taken of the injuries sustained by any inmate as a result of the incident;

H.    All videos of the incident, including video of the area in which the incident occurred spanning at least one hour prior to the incident to one hour after the incident occurred;

I.    All medical records concerning treatment of injuries sustained in the incident; and

J.      All documents generated by the LASD Jails Investigations Unit, Operation Safe Jails, Internal Affairs, the Internal Criminal Investigations Bureau, and/or Office of Independent Review.

REQUEST FOR PRODUCTION NO. 10:

All documents concerning incidents identified in response to Interrogatory No. 10.

REQUEST FOR PRODUCTION NO. 11:

All documents concerning incidents and grievances identified in response to Interrogatory No. 11.

REQUEST FOR PRODUCTION NO. 12:

All documents concerning incidents identified in response to Interrogatory No. 12.

REQUEST FOR PRODUCTION NO. 13:

All documents concerning protection, protective custody, or separation requests identified in response to Interrogatory No. 13 (if possible, in one bundle per inmate request).

REQUEST FOR PRODUCTION NO. 14:

All spreadsheets showing use of force incidents at the Jail since January 1, 2009.

REQUEST FOR PRODUCTION NO. 15:

All Facilities Automated Statistical Tracking ("FAST") documents showing use of force incidents at the Jail since January 1, 2009.

REQUEST FOR PRODUCTION NO. 16:

All TEEMS II documents concerning use of force incidents at the Jail since January 1, 2009.

REQUEST FOR PRODUCTION NO. 17:

All documents concerning each of the incidents shown on spreadsheets, Los Angeles County Sheriff's Department's Personnel Performance Index, FAST, and

TEEMS II documents produced in response to Request for Production Nos. 8, 14-16 (in one bundle per incident if possible), including but not limited to:

A.    Incident reports;

B.    Grievances and related documents, such as dispositions and appeals;

C.    Death reviews, if any;

D.    Inmate discipline reports and related documents, including documents concerning review by disciplinary review boards;

E.    All logs of the area in which the incident occurred spanning at least one hour prior to the incident to one hour after the incident occurred (e.g., if an inmate was assaulted in a particular pod at noon on September 1, 2010, produce the log maintained for that pod from 1100 to 1300 on that date);

F.    All photographs taken of the injuries sustained by any inmate as a result of the incident;

G.    All videos of the incident, including video of the area in which the incident occurred spanning at least one hour prior to the incident to one hour after the incident occurred; and

H.    All medical records regarding treatment of injuries sustained in the incident.

REQUEST FOR PRODUCTION NO. 18:

All reports, letters, and documents sent from or to local, state or federal law enforcement agencies since January 1, 2009, reporting possible criminal activity arising out of a use of force incident at the Jail.

REQUEST FOR PRODUCTION NO. 19:

All documents showing what efforts were made by the Jail since January 1, 2009 to (i) identify the causes of excessive or improper use of force, and (ii) reduce excessive or improper use of force.

REQUEST FOR PRODUCTION NO. 20:

If at any time since January 1, 2009, the Jail or the LASD created documents showing the housing units in which use of force incidents were occurring at the Jail in an effort to discern a pattern, produce all such documents.

REQUEST FOR PRODUCTION NO. 21:

If at any time since January 1, 2009, the Jail or the LASD created documents showing the categories of inmates who were the subjects of use of force (for example, sex offenders, members of Security Threat Groups, racial minorities, mentally ill inmates, gay inmates) in an effort to discern a pattern of use of force, produce all such documents.

REQUEST FOR PRODUCTION NO. 22:

If at any time since January 1, 2009, the Jail or the LASD created documents that sought to identify which inmates were particularly vulnerable to excessive or improper use of force, produce all such documents.

REQUEST FOR PRODUCTION NO. 23:

All documents concerning allegations that staff persons, including deputies, arranged, allowed, or provoked violence among inmates at the Jail since January 1, 2009.

REQUEST FOR PRODUCTION NO. 24:

All quality assurance reviews, expert reports, audits, investigations, utilization reviews, statistical reports, and needs assessments created since January 1, 2009 concerning use of force at the Jail.

REQUEST FOR PRODUCTION NO. 25:

All documents sent by staff persons at the Jail to the Office of Independent Review, or sent by the Office of Independent Review to staff persons at the Jail, since January 1, 2009 concerning use of force at the Jail.

CASE NO. CV 12-00428 DDP (SHx)          -13-          PLAINTIFFS' REQUEST FOR PRODUCTION TO DEFENDANT LEROY BACA, SET ONE

REQUEST FOR PRODUCTION NO. 26:

All documents sent by staff persons at the Jail to the Correctional Standards Authority, or sent by the Correctional Standards Authority to staff persons at the Jail, since January 1, 2009 concerning use of force at the Jail.

REQUEST FOR PRODUCTION NO. 27:

All documents sent by staff persons at the Jail to the Police Assessment Resource Center, or sent by the Police Assessment Resource Center to staff persons at the Jail, since January 1, 2009 concerning use of force at the Jail.

REQUEST FOR PRODUCTION NO. 28:

All documents sent or received by the Los Angeles Board of Supervisors, or individual Supervisors, since January 1, 2009, concerning use of force at the Jail.

REQUEST FOR PRODUCTION NO. 29:

All documents relating to any remedial efforts taken since January 1, 2009, concerning issues or problems at the Jail, including excessive or improper use of force incidents, identified in reports by the Correctional Standards Authority, the Police Assessment Resource Center, the Office of Independent Review, or the Los Angeles Board of Supervisors.

REQUEST FOR PRODUCTION NO. 30:

All documents concerning incidents at the Jail since January 1, 2009 in which staff members, including deputies, were alleged to have retaliated against inmates at the Jail for making complaints to others, including but not limited to officials or inmate advocates, or for their pending charges, their gang affiliation, or their race/ethnicity or for their pending charges, their gang affiliation, or their race/ethnicity.

REQUEST FOR PRODUCTION NO. 31:

All documents concerning investigation into allegations of retaliation contained in documents produced in response to Request for Production No. 30.

CASE NO. CV 12-00428 DDP (SHx)      -14-      PLAINTIFFS' REQUEST FOR PRODUCTION TO DEFENDANT LEROY BACA, SET ONE

REQUEST FOR PRODUCTION NO. 32:

All policies, procedures, and memoranda currently in effect at the Jail and concerning investigation into retaliation allegations, or implementation or enforcement of Unit Order 5-12-010, LA County Sheriff's Department, Custody Division Men's Central Jail, "Retaliation Against Inmates Who Make Complaints to ACLU or Other Inmate Advocacy Groups."

REQUEST FOR PRODUCTION NO. 33:

All documents, including but not limited to pictures, videos and log entries, concerning incidents since January 1, 2009 in which deputies at the Jail used force against a disabled inmate.

REQUEST FOR PRODUCTION NO. 34:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Antoine Reed on or about September 24, 2011, including any disciplinary action subsequently taken against Mr. Reed and any subsequent investigations of the incident. The incident is described in paragraphs 48 through 50 of the FAC.

REQUEST FOR PRODUCTION NO. 35:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Macario Garcia in July 2011, including pictures taken of Mr. Garcia's injuries less than a week after the incident and any subsequent investigations of the incident. The incident is described in paragraphs 51 through 57 of the FAC.

REQUEST FOR PRODUCTION NO. 36:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Arturo Fernandez in July 2011, including any subsequent investigations of the incident. The incident is described in paragraphs 58 and 59 of the FAC.

REQUEST FOR PRODUCTION NO. 37:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Lawrence Davis on or about March 16, 2011, including any subsequent investigations of the incident. The incident is described in paragraph 60 of the FAC.

REQUEST FOR PRODUCTION NO. 38:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against William Tillman in March 2011, including any subsequent investigations of the incident. The incident is described in paragraphs 61 through 65 of the FAC.

REQUEST FOR PRODUCTION NO. 39:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Gabriel Carillo on or about February 26, 2011, including any subsequent investigations of the incident. The incident is described in paragraph 66 of the FAC.

REQUEST FOR PRODUCTION NO. 40:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Cesar Mancilla on or about February 24, 2011, including any subsequent investigations of the incident. The incident is described in paragraphs 67 and 68 of the FAC.

REQUEST FOR PRODUCTION NO. 41:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Stephen Teran in December 2010 and February 2011, including any subsequent investigations of the incidents. The incidents are described in paragraphs 69, and 72 through 76 of the FAC.

REQUEST FOR PRODUCTION NO. 42:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Garry Crumpton in January 2011, including any

subsequent investigations of the incident. The incident is described in paragraph 70 of the FAC.

REQUEST FOR PRODUCTION NO. 43:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Michael Cervantes in December 2010, including any subsequent investigations of the incident. The incident is described in paragraph 71 of the FAC.

REQUEST FOR PRODUCTION NO. 44:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Rashaad Pilgrim in July 2010, including any subsequent investigations of the incident. The incident is described in paragraph 77 of the FAC.

REQUEST FOR PRODUCTION NO. 45:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Alex Krehbiel in July 2010, including any disciplinary action subsequently taken against Mr. Krehbiel and any subsequent investigations of the incident. The incident is described in paragraph 78 of the FAC.

REQUEST FOR PRODUCTION NO. 46:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Juan Diego Mares in June 2010, including any subsequent investigations of the incident. The incident is described in paragraph 79 of the FAC.

REQUEST FOR PRODUCTION NO. 47:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Santiago Sanchez in June 2010, including any subsequent investigations of the incident. The incident is described in paragraph 80 of the FAC.

CASE NO. CV 12-00428 DDP (SHx)    -17-    PLAINTIFFS' REQUEST FOR PRODUCTION TO DEFENDANT LEROY BACA, SET ONE

REQUEST FOR PRODUCTION NO. 48:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Jimmie Knott in June 2010, including any subsequent investigations of the incident. The incident is described in paragraph 81 of the FAC.

REQUEST FOR PRODUCTION NO. 49:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Joseph Hager in June 2010, including any disciplinary action subsequently taken against Mr. Hager and any subsequent investigations of the incident. The incident is described in paragraph 82 of the FAC.

REQUEST FOR PRODUCTION NO. 50:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Matthew Gjersvold on or about May 28, 2010, including any subsequent investigations of the incident. The incident is described in paragraph 83 of the FAC.

REQUEST FOR PRODUCTION NO. 51:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Luis Bueno in May 2010, including any subsequent investigations of the incident. The incident is described in paragraph 84 of the FAC.

REQUEST FOR PRODUCTION NO. 52:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Walter Morales in May 2010, including any subsequent investigations of the incident. The incidents are described in paragraph 85 of the FAC.

REQUEST FOR PRODUCTION NO. 53:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Michael Holguin in October 2009, including any disciplinary action subsequently taken against Mr. Holguin and any subsequent investigations of the incident. The incident is described in paragraph 86 of the FAC.

REQUEST FOR PRODUCTION NO. 54:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Gordon Grbavac in August 2009, including any subsequent investigations of the incident. The incident is described in paragraph 87 of the FAC.

REQUEST FOR PRODUCTION NO. 55:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Darrell Garrett in June 2009, including any subsequent investigations of the incident. The incident is described in paragraph 88 of the FAC.

REQUEST FOR PRODUCTION NO. 56:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Eric White in May 2009, including any subsequent investigations of the incident. The incident is described in paragraph 89 of the FAC.

REQUEST FOR PRODUCTION NO. 57:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Ramiro Alvarez in 2009, including any subsequent investigations of the incident. The incidents are described in paragraph 90 of the FAC.

REQUEST FOR PRODUCTION NO. 58:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Kevin Tolbert on or about December 13, 2011, including any disciplinary action subsequently taken against Mr. Tolbert and any subsequent investigations of the incident. The incident is described in paragraph 92 of the FAC.

REQUEST FOR PRODUCTION NO. 59:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Eduardo Torres on or about December 6, 2011, including any video subsequently recorded by a sergeant and any subsequent investigations of the incident. The incident is described in paragraph 93 of the FAC.

REQUEST FOR PRODUCTION NO. 60:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Anthony Brown in August 2011, including any subsequent investigations of the incident. The incident is described in paragraph 94 of the FAC.

REQUEST FOR PRODUCTION NO. 61:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Charles Celestine on or about July 12, 2011, including any subsequent investigations of the incident. The incident is described in paragraph 95 of the FAC.

REQUEST FOR PRODUCTION NO. 62:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Larry Cleveland or about June 25, 2011, including any subsequent investigations of the incident. The incident is described in paragraph 96 of the FAC.

REQUEST FOR PRODUCTION NO. 63:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Clydell Crawford on or about June 20, 2011, including any subsequent investigations of the incident. The incident is described in paragraph 97 of the FAC.

REQUEST FOR PRODUCTION NO. 64:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Nicholas Robins in April 2011, including any subsequent investigations of the incident. The incident is described in paragraph 98 of the FAC.

REQUEST FOR PRODUCTION NO. 65:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Carlos Cacique in April 2011, including any subsequent investigations of the incident. The incident is described in paragraph 99 of the FAC.

REQUEST FOR PRODUCTION NO. 66:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Alberto Carreras in March 2011, including any subsequent investigations of the incident. The incident is described in paragraph 100 of the FAC.

REQUEST FOR PRODUCTION NO. 67:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Anthony Penmik in March 2011, including any subsequent investigations of the incident. The incident is described in paragraph 101 of the FAC.

REQUEST FOR PRODUCTION NO. 68:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Fred Nowden on or about February 18, 2011,

including any subsequent investigations of the incident. The incident is described in paragraph 102 of the FAC.

REQUEST FOR PRODUCTION NO. 69:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Rodney Smith in February 2011, including any subsequent investigations of the incident. The incident is described in paragraph 103 of the FAC.

REQUEST FOR PRODUCTION NO. 70:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Ronald Reeves in February 2011, including any subsequent investigations of the incident. The incident is described in paragraph 104 of the FAC.

REQUEST FOR PRODUCTION NO. 71:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Robert Caballero in January 2011, including any subsequent investigations of the incident. The incident is described in paragraph 105 of the FAC.

REQUEST FOR PRODUCTION NO. 72:

All documents, including but not limited to pictures, videos and log entries, concerning a use of force incident that occurred at the Jail in January 2011 involving several deputies, including any subsequent investigations of the incident. The incident is described in paragraph 106 of the FAC.

REQUEST FOR PRODUCTION NO. 73:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Melvyn Foster on or about December 29, 2010, including any subsequent investigations of the incident. The incident is described in paragraph 107 of the FAC.

REQUEST FOR PRODUCTION NO. 74:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Michael Campbell in December 2010, including any subsequent investigations of the incident. The incident is described in paragraph 108 of the FAC.

REQUEST FOR PRODUCTION NO. 75:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Erik Camacho on or about November 26, 2010, including any subsequent investigations of the incident. The incident is described in paragraph 109 of the FAC.

REQUEST FOR PRODUCTION NO. 76:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Jonathan Dunlap on or about November 18, 2010, including any disciplinary action subsequently taken against Mr. Dunlap and any subsequent investigations of the incident. The incident is described in paragraph 110 of the FAC.

REQUEST FOR PRODUCTION NO. 77:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Darrell Rauls in November 2010, including any subsequent investigations of the incident. The incident is described in paragraph 111 of the FAC.

REQUEST FOR PRODUCTION NO. 78:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Christopher Atkins on or about December 29, 2010, including charges subsequently brought against Mr. Atkins and any subsequent investigations of the incident. The incident is described in paragraph 112 of the FAC.

REQUEST FOR PRODUCTION NO. 79:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Jose Rivera in November 2010, including any subsequent investigations of the incident. The incident is described in paragraph 113 of the FAC.

REQUEST FOR PRODUCTION NO. 80:

All documents, including but not limited to pictures, videos and log entries, concerning a use of force incident that occurred at the Jail in November 2010 involving Deputy Roberts and others, including any subsequent investigations of the incident. The incident is described in paragraph 114 of the FAC.

REQUEST FOR PRODUCTION NO. 81:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Keith Nichols in August 2010, including any subsequent investigations of the incident. The incident is described in paragraph 115 of the FAC.

REQUEST FOR PRODUCTION NO. 82:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Cedric Smith in 2004 and July 2010, including any subsequent investigations of the incident. The incidents are described in paragraph 116 of the FAC.

REQUEST FOR PRODUCTION NO. 83:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Jon Bobier in April 2010, including any subsequent investigations of the incident. The incident is described in paragraph 117 of the FAC.

REQUEST FOR PRODUCTION NO. 84:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Heriberto Rodriguez in August 2011, including

any subsequent investigations of the incident. The incident is described in paragraph 118 of the FAC.

REQUEST FOR PRODUCTION NO. 85:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against an African-American inmate in July 2011on the third floor in Men's Central Jail involving several deputies, including any subsequent investigations of the incident. The incident is described in paragraph 119 of the FAC.

REQUEST FOR PRODUCTION NO. 86:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Michael Jefferson in June 2011, including any subsequent investigations of the incident. The incident is described in paragraph 120 of the FAC.

REQUEST FOR PRODUCTION NO. 87:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Kenneth Griffin in October 2009, including any subsequent investigations of the incident. The incident is described in paragraph 121 of the FAC.

REQUEST FOR PRODUCTION NO. 88:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Evans Tutt in July 2009, including any subsequent investigations of the incident. The incident is described in paragraph 122 of the FAC.

REQUEST FOR PRODUCTION NO. 89:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Warren Collins in June 2010, including any subsequent investigations of the incident. The incident is described in paragraph 122 of the FAC.

REQUEST FOR PRODUCTION NO. 90:

All medical and mental health records concerning Warren Collins, including any requests by Mr. Collins to see health professionals, as described in paragraph 123 of the FAC.

REQUEST FOR PRODUCTION NO. 91:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Jonny Johnson in October 2009, including any subsequent investigations of the incident. The incident is described in paragraph 124 of the FAC.

REQUEST FOR PRODUCTION NO. 92:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Eefrom Jones in September 2009, including any subsequent investigations of the incident. The incidents are described in paragraph 125 of the FAC.

REQUEST FOR PRODUCTION NO. 93:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Derek Griscavage in December 2010, including any disciplinary action subsequently taken against Mr. Griscavage and any subsequent investigations of the incident. The incident is described in paragraph 126 of the FAC.

REQUEST FOR PRODUCTION NO. 94:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Devon Mannings in February 2010, including any disciplinary action subsequently taken against Mr. Mannings, any subsequent interview of Mr. Mannings recorded on video, and any subsequent investigations of the incident. The incident is described in paragraph 127 of the FAC.

CASE NO. CV 12-00428 DDP (SHx)          -26-          PLAINTIFFS' REQUEST FOR PRODUCTION TO DEFENDANT LEROY BACA, SET ONE

REQUEST FOR PRODUCTION NO. 95:

All documents, including but not limited to pictures, videos and log entries, concerning an assault on an inmate by four other inmates in March 2011, including any subsequent investigations of the incident. The incident is described in paragraph 129 of the FAC.

REQUEST FOR PRODUCTION NO. 96:

All documents, including but not limited to pictures, videos and log entries, concerning the assault of Donald Shorts in June 2010 by two other inmates housed in a different module, including any disciplinary action subsequently taken – or charges brought – against Mr. Shorts, including any subsequent investigations of the incident. The incident is described in paragraph 130 of the FAC.

REQUEST FOR PRODUCTION NO. 97:

All documents, including but not limited to pictures, videos and log entries, concerning the assault of Marcos Hernandez by other inmates, including any subsequent investigations of the incident and documents concerning Mr. Hernandez's placement in protective custody and move to the general population. The incidents are described in paragraph 133 of the FAC.

REQUEST FOR PRODUCTION NO. 98:

All documents, including but not limited to pictures, videos and log entries, concerning the assault of Michael Topete by other inmates, including any subsequent investigations of the incident. The incident is described in paragraph 134 of the FAC.

REQUEST FOR PRODUCTION NO. 99:

All documents, including but not limited to pictures, videos and log entries, concerning Michael Topete's placement in protective custody and subsequent move to the general population.

CASE NO. CV 12-00428 DDP (SHx)   -27-   PLAINTIFFS' REQUEST FOR PRODUCTION TO DEFENDANT LEROY BACA, SET ONE

REQUEST FOR PRODUCTION NO. 100:

All documents, including but not limited to pictures, videos and log entries, concerning the assault of Rodolpho Mendoza by other inmates, including any subsequent investigations of the incident. The incident is described in paragraph 135 of the FAC.

REQUEST FOR PRODUCTION NO. 101:

All documents, including but not limited to pictures, videos and log entries, concerning Rodolpho Mendoza's placement in protective custody and move to the general population, as described in paragraph 135 of the FAC.

REQUEST FOR PRODUCTION NO. 102:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force in February 2009 on the 3000 floor in Men's Central Jail involving Deputies Ramirez, Aguilar and others, including any subsequent investigations of the incident. The incident is described in paragraphs 138 through 142 of the FAC.

REQUEST FOR PRODUCTION NO. 103:

All documents, including but not limited to pictures, videos and log entries, concerning Jails Chaplain Paulino Juarez's report of the use of force incident described in paragraphs 138 through 142 of the FAC, including Chaplain Juarez's June 2011 meeting with personnel from the Office of Independent Review and July 2011 meeting with Defendant, and any subsequent investigations of the incident. The incident is described in paragraphs 138 through 142 of the FAC.

REQUEST FOR PRODUCTION NO. 104:

All documents, including but not limited to pictures, videos and log entries, concerning a use of force incident that occurred on the third floor of Men's Central Jail in February 2011 involving several deputies, including any subsequent investigations of the incident. The incident is described in paragraph 143 of the FAC.

CASE NO. CV 12-00428 DDP (SHx)    -28-    PLAINTIFFS' REQUEST FOR PRODUCTION TO DEFENDANT LEROY BACA, SET ONE

REQUEST FOR PRODUCTION NO. 105:

All documents, including but not limited to pictures, videos and log entries, concerning a use of force incident in the Staging Area in Twin Towers on or about January 24, 2011 involving Deputies Ochoa and Hirsch, including any subsequent investigations of the incident. The incident is described in paragraph 144 of the FAC.

REQUEST FOR PRODUCTION NO. 106:

All documents, including but not limited to pictures, videos and log entries, concerning a use of force incident that occurred in the Jail in July 2009 involving several deputies and reported by Scott Budnick to Sergeant Renfro, including any subsequent investigations of the incident. The incident is described in paragraphs145 through 152 of the FAC.

REQUEST FOR PRODUCTION NO. 107:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Philip Westby in July 2009, including any subsequent investigations of the incident. The incident is described in paragraph 153 of the FAC.

REQUEST FOR PRODUCTION NO. 108:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Drequinn Johnson in October 2008, including any subsequent investigations of the incident. The incident is described in paragraph 154 of the FAC.

REQUEST FOR PRODUCTION NO. 109:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Peter Johnson in February 2008, including any subsequent investigations of the incident. The incident is described in paragraph 155 of the FAC.

REQUEST FOR PRODUCTION NO. 110:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Robert Powell on or about December 30, 2007, including any subsequent investigations of the incident. The incident is described in paragraph 156 of the FAC.

REQUEST FOR PRODUCTION NO. 111:

All documents, including but not limited to pictures, videos and log entries, concerning the assault and rape of Frank Mendoza in June 2006, including any subsequent investigations of the incident. The incident is described in paragraph 157 of the FAC.

REQUEST FOR PRODUCTION NO. 112:

All documents, including but not limited to pictures, videos and log entries, concerning a use of force incident that occurred in the Jail on or about October 10, 2003 involving several deputies, including any subsequent investigations of the incident. The incident is described in paragraph 158 of the FAC.

REQUEST FOR PRODUCTION NO. 113:

All documents concerning Jason Fisher's health and medical needs, including any log entries of his medical appointments.

REQUEST FOR PRODUCTION NO. 114:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Shawn Meyers in January 2011, including any subsequent investigations of the incident. The incident is described in paragraph 161 of the FAC.

REQUEST FOR PRODUCTION NO. 115:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Jason Green in November and December 2010, including any subsequent investigations of the incident. The incident is described in paragraph 163 of the FAC.

CASE NO. CV 12-00428 DDP (SHx)          -30-          PLAINTIFFS' REQUEST FOR PRODUCTION TO DEFENDANT LEROY BACA, SET ONE

REQUEST FOR PRODUCTION NO. 116:

All documents, including but not limited to pictures, videos and log entries, concerning disciplinary action taken against Robert Dragusica in 2010, including any charges brought against Mr. Dragusica for alleged possession of contraband and any subsequent investigations of the incident, as described in paragraph 164 of the FAC.

REQUEST FOR PRODUCTION NO. 117:

All documents, including but not limited to pictures, videos and log entries, concerning the assault of Emmanuel Benson by another inmate in May 2009 in Men's Central Jail, including any subsequent investigations of the incident. The incident is described in paragraph 165 of the FAC.

REQUEST FOR PRODUCTION NO. 118:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Daysuan Rushing in March 2009, including any subsequent investigations of the incident. The incident is described in paragraph 166 of the FAC.

REQUEST FOR PRODUCTION NO. 119:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Eduardo Villareal, including any subsequent investigations of the incident and prescriptions for pain medication. The incident is described in paragraph 167 of the FAC.

REQUEST FOR PRODUCTION NO. 120:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against James Parker in January 2011, including any subsequent investigations of the incident. The incident is described in paragraph 182 of the FAC.

CASE NO. CV 12-00428 DDP (SHx)    -31-    PLAINTIFFS' REQUEST FOR PRODUCTION TO DEFENDANT LEROY BACA, SET ONE

REQUEST FOR PRODUCTION NO. 121:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Arturo Fernandez on or about July 22, 2011, including any subsequent investigations of the incident.  The incident is described in paragraphs 219 and 227 of the FAC.

REQUEST FOR PRODUCTION NO. 122:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Alex Rosas on or about August 9, 2011, including any weapons allegedly found in Mr. Rosas' cell, any disciplinary action subsequently taken against Mr. Rosas, and any subsequent investigations of the incident.  The incident is described in paragraphs 222 through 225 of the FAC.

REQUEST FOR PRODUCTION NO. 123:

All documents concerning the inmate complaint form filled out by Alex Rosas on or about August 24, 2011 regarding the use of force incident discussed in Request 122, including any subsequent actions taken by the staff in response to the complaint form filled out by Mr. Rosas.

REQUEST FOR PRODUCTION NO. 124:

All documents, including but not limited to pictures, videos and log entries, concerning the use of force against Jonathan Goodwin on or about August 10, 2011, including any disciplinary action subsequently taken against Mr. Goodwin, any subsequent interview of Mr. Goodwin on camera, and any subsequent investigations of the incident.  The incident is described in paragraphs 228 through 232 of the FAC.

REQUEST FOR PRODUCTION NO. 125:

All documents concerning the inmate complaint form filled out by Jonathan Goodwin on or about August 24, 2011 regarding the use of force incident discussed in Request 124, including any subsequent actions taken by the staff in response to the complaint form filled out by Mr. Goodwin.

REQUEST FOR PRODUCTION NO. 126:

All logs showing inmates who visited the Jail Infirmary since January 1, 2009, including date and time of visit, and reason for visit.

REQUEST FOR PRODUCTION NO. 127:

All logs of inmates who received non-scheduled or emergency medical treatment at the Jail since January 1, 2009.

REQUEST FOR PRODUCTION NO. 128:

All documents, including any pictures, videos or log entries, concerning inmates sent to a hospital by Jail staff persons since January 1, 2009, including the date and time when the inmate was sent to the hospital and the reason for sending the inmate to the hospital.

REQUEST FOR PRODUCTION NO. 129:

All medical records of inmates involved in the incidents described in each and every Request for Production herein, including but not limited to mental health records, if any.

REQUEST FOR PRODUCTION NO. 130:

All documents, including any pictures, videos or log entries, concerning the Office of Independent Review's communications to Defendant and/or any other senior staff persons regarding use of force incidents since January 1, 2009.

REQUEST FOR PRODUCTION NO. 131:

All documents, including any pictures, videos or log entries, provided to Defendant, Paul Tanaka, Cecil Rhambo, Dennis Burns or other senior staff persons regarding use of force against inmates or allegations of unreported and/or excessive uses of force against inmates.

REQUEST FOR PRODUCTION NO. 132:

All documents, including any pictures, videos or log entries, concerning communications from Robert Olmstead to Defendant, Paul Tanaka, Cecil Rhambo,

CASE NO. CV 12-00428 DDP (SHx)          -33-          PLAINTIFFS' REQUEST FOR PRODUCTION TO DEFENDANT LEROY BACA, SET ONE

59

Dennis Burns or other senior staff persons regarding use of force against inmates or allegations of unreported and/or excessive uses of force against inmates.

REQUEST FOR PRODUCTION NO. 133:

All documents created since January 1, 2009 concerning security cameras in the Jail, including any plans or efforts to install additional security cameras in the Jail and reasons for any delay in those plans.

REQUEST FOR PRODUCTION NO. 134:

All documents, including any pictures, videos or log entries, concerning affiliations, gangs, or other types of groupings of deputies at the Jail, including documents relating to the "3000 Boys," named for the third floor of Men's Central Jail where its members work, and the "2000 Boys," named for the second floor of Men's Central Jail where its members work.

REQUEST FOR PRODUCTION NO. 135:

Internal reviews, reports, and assessments concerning whether staff persons failed to protect inmates from violence by other inmates.

REQUEST FOR PRODUCTION NO. 136:

All documents relating to the following deputies and custody assistants, by last names, allegedly involved in force incidents against inmates: deputies Alatorre, Ewell, Chavez, Wiener, Guerrero, Diaz, Rodriguez, Owens, Moorman, Ibarra, Luviano, Ortiz, Lyon, Sims, Miller, Escobado, Reza, Milpad, Carefoot, Sanchez, Gonzalez, Van Du, Luviano, Rico, Jimenez, Smith, Hernandez, Walker, Gomel, Vasquez, Pontonantos, Gomez, Stevenson, Ochoa, Roberts, Bryant, Holland, Valdez, Quintana, Delgado, Aviles, Rivera, Thompson, Ortega, Snyder, Navarro, Jackson, Campos, Hirsch, O'Hardy, Cinderelli, Sandoval, Grant, Reynoso, Saldivar, Carbajal, Ibarra, and Zuniga, Zunggeemoge, Ayala, Reed, and Womack, and custody assistants Bernadino, Perez, Martinez, and Gonzalez, concerning any of the following:

    A.    Employment history;

B.    Training on use of force documentation;

C.    Training on inmates with mental health issues;

D.    Investigations into the use of force and/or retaliation against inmates;

E.    Disciplinary actions, including referral for possible prosecution and/or prosecution;

F.    Grievances lodged by inmates; and

G.    Work re-assignment history and reason(s) for re-assignment.

REQUEST FOR PRODUCTION NO. 137:

The current staff organizational chart for the Jail.

REQUEST FOR PRODUCTION NO. 138:

The current staff organizational chart for the LASD custody operations.

REQUEST FOR PRODUCTION NO. 139:

All documents by Dr. Jeffrey A. Schwartz (identified on page 15 of the Sheriff's Department Six Month Status Update of Jail Reforms, attached hereto as Exhibit _) concerning the LASD policies and practices on use of force, use of force investigations, and staff training and discipline; including but not limited to any evaluations, assessments, or critiques of those policies and practices, recommendations on how to improve those policies and practices, and proposed revisions to those force policies and practices.

REQUEST FOR PRODUCTION NO. 140:

All documents by LASD personnel sent to Dr. Jeffrey A. Schwartz (identified on page 15 of the Sheriff's Department Six Month Status Update of Jail Reforms, attached hereto as Exhibit _) concerning the LASD policies and practices on use of force, use of force investigations, and staff training and discipline; including but not limited to documents relating to any evaluations, assessment or critiques of those policies, recommendations on how to improve those policies, and proposed revisions to those force policies by Dr. Schwartz.

REQUEST FOR PRODUCTION NO. 141:

All documents from Stephen Smith to Robert Olmsted concerning use of force sent in September, October, or November 2009.

REQUEST FOR PRODUCTION NO. 142:

All documents from Mark McCorkle to Stephen Johnson from 2009 concerning use of force in Men's Central Jail.

REQUEST FOR PRODUCTION NO. 143:

All documents from Greg Johnson to Stephen Johnson from 2010 concerning use of force in Men's Central Jail.

REQUEST FOR PRODUCTION NO. 144:

All documents related to staff training on use of force, supervision of inmates, documentation of use of force incidents, prisoner discipline, retaliation against inmates, mentally ill inmates, escorting inmates, reporting staff misconduct, gang activity, and security practices.

REQUEST FOR PRODUCTION NO. 145:

The current housing scheme for the Jail.


DATED:  July 11, 2012            DONNA M. MELBY
                                 JOHN S. DURRANT
                                 JADE H. LEUNG
                                 ELIZABETH C. MUELLER
                                 PAUL HASTINGS LLP

                                 By: _____
                                              JADE H. LEUNG

                                 Attorneys for Plaintiffs
                                 ALEX ROSAS and JONATHAN GOODWIN on
                                 behalf of themselves and of those similarly
                                 situated


CASE NO. CV 12-00428 DDP (SHx)          -36-        PLAINTIFFS' REQUEST FOR PRODUCTION TO
                                                    DEFENDANT LEROY BACA, SET ONE

## PROOF OF SERVICE

STATE OF CALIFORNIA     )
             ) ss:
CITY OF LOS ANGELES AND COUNTY OF )
LOS ANGELES         )

   I am employed in the City of Los Angeles and County of Los Angeles, State of California. I am over the age of 18, and not a party to the within action. My business address is 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, California 90071.

   On July 11, 2012, I served the foregoing document(s) described as:

**PLAINTIFFS' REQUEST FOR PRODUCTION TO DEFENDANT LEROY BACA, SET ONE**

on the interested parties by placing thereof in a sealed envelope(s) addressed as follows:

Paul B. Beach
Justin W. Clark
Lawrence Beach Allen & Choi, PC
100 West Broadway, Suite 1200
Glendale, California 91210-1219

☐   **VIA OVERNIGHT MAIL:**

  VIA _____:By delivering such document(s) to an overnight mail service or an authorized courier in a sealed envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

☒   **VIA U.S. MAIL:**

  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice such sealed envelope(s) would be deposited with the U.S. postal service on July 11, 2012 with postage thereon fully prepaid, at Los Angeles, California.

☐   **VIA FACSIMILE:**

  The facsimile transmission report indicated that the transmission was complete and without error.

   I declare under penalty of perjury under the laws of the United States that the above is true and correct.

  Executed on July 11, 2012, at Los Angeles, California.

           _____
           Kareen Romano

                   PROOF OF SERVICE