PETER J. ELIASBERG (SB# 189110)
peliasberg@aclu-sc.org
MARISOL ORIHUELA (SB# 261375)
morihuela@aclu-sc.org
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
1313 W. 8th Street
Los Angeles, CA 90017
Phone: (213) 977-9500
Fax: (213) 977-5299

DONNA M. MELBY (SB# 86417)
donnamelby@paulhastings.com
JOHN S. DURRANT ((SB# 217345)
johnDurrant@paulhastings.com
JADE H. LEUNG (SB# 279651)
jadeleung@paulhastings.com
ELIZABETH C. MUELLER (SB# 278283)
bethmueller@paulhastings.com
PAUL HASTING LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071-2228
Phone: (213) 683-6000
Fax: (213) 627-0705

MARGARET WINTER (*pro hac vice*)
mwinter@npp-aclu.org
ERIC BALABAN (*pro hac vice application forthcoming*)
ebalaban@npp-aclu.org
DAVID M. SHAPIRO (*pro hac vice*)
dshapiro@npp-aclu.org
NATIONAL PRISON PROJECT OF
THE AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
915 15th St., NW
Washington, D.C. 20005
Phone: (202) 393-4930
Fax: (202) 393-4931

Attorneys for Plaintiffs
ALEX ROSAS and JONATHAN GOODWIN,
on behalf of themselves and of those similarly
situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ROSAS and JONATHAN GOODWIN on behalf of themselves and of those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LEROY BACA, Sheriff of Los Angeles County Jails,<br><br>Defendant. | CASE NO. CV 12-00428 DDP (SHx)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND FIRST SET OF REQUESTS FOR PRODUCTION** |

## I.    PLAINTIFFS OPPOSE DEFENDANT'S *EX PARTE* APPLICATION

Defendant's *ex parte* application is premised on an untenable scenario:  that settlement in this case can be reached absent review, by the parties and their experts, of documents responsive to Plaintiffs' discovery requests.  As Plaintiffs have indicated to Defendant multiple times, no meaningful settlement discussion can proceed in this matter without some limited but significant discovery at the front end so as to inform the shaping of a tailored and effective remedy.  Thus, the fact that a settlement conference is scheduled in this case weighs in *favor* of producing discovery at this time.

Plaintiffs offered to conduct such discovery collaboratively on an informal basis if Defendant would agree to participate in good faith toward a mutual resolution of the issues presented in the Complaint.  Defendant categorically declined Plaintiffs' offer.  As a result, Plaintiffs properly served discovery pursuant to their rights under the Federal Rules of Civil Procedure.  Now, Defendant seeks to delay Plaintiffs' right to review documents and information based solely on the fact that a settlement conference has been scheduled at the request of Defendant.  Beyond our clear entitlement to this information, Defendant's stance is illogical if he sincerely believes this case is amenable to settlement, as Plaintiffs cannot thoughtfully consider any solution advocated by Defendant without access to essential facts in the possession of the Sheriff's Department.  As such, Defendant's application should be denied.

## II.    DISCOVERY IS NECESSARY BEFORE THE SETTLEMENT CONFERENCE

### A.    Pre-Settlement Conference Discovery Is Critical To Foster A Productive And Meaningful Settlement Conference That Efficiently Utilizes The Court's And The Parties' Time.

As Plaintiffs have consistently indicated to Defendant, access to documents in Defendant's possession is necessary so that the settlement conference scheduled before this Court on August 31, 2012 is a productive use of the Court's and the

parties' time and resources. Therefore, there is no good cause for the *ex parte* application, and Defendant's request to delay discovery should be denied. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 495 (C.D. Cal. 1995).

Plaintiffs have twice communicated this position to Defendant. First, on April 24, 2012, Plaintiffs sent to Defendant Baca the terms upon which Plaintiffs were prepared to engage in serious settlement discussions. (Declaration of Marisol Orihuela at ¶ 2, Exhibit 1.) In this communication, Plaintiffs articulated their position that any meaningful settlement discussions would require the "parties' experts and counsel [to have] unimpeded access to facilities and documents." *Id.* Defendant rejected this demand, responding to Plaintiffs' offer nearly two months later with no concrete terms for a settlement discussion.[1] (Declaration of Marisol Orihuela at ¶ 3, Exhibit 2.) Defendant then unilaterally requested a settlement conference with this Court.[2]

Plaintiffs next reiterated their position that access to information in Defendant's possession is essential to any meaningful settlement discussion in their August 14, 2012 letter, in which Plaintiffs declined to agree to a discovery extension until after the settlement conference. (Declaration of Marisol Orihuela at

---

[1] Rather, the letter baldly claims, without any supporting documentation or evidence whatsoever, that "excessive force appears not to have occurred in the vast majority of cases" and that "significant force" had been "reduced" "over the past eight months." (Declaration of Marisol Orihuela at ¶3, Exhibit 2.) Plaintiffs could not agree to a settlement agreement based on Defendant's unsupported assertions without access to documents that allegedly form the basis of Defendant's claims.

[2] Defendant simply mischaracterizes the history of settlement efforts in this case by stating that Defendant has for "months" been "encouraging" Plaintiffs to participate in a settlement conference. Defendant's first communication to Plaintiffs regarding any settlement conference was Plaintiffs' receipt of Defendant's unilateral Request for Settlement Conference on July 3, 2012. (*See* Dkt. 61, 62.) Prior to this date, Defendant had never asked Plaintiffs to participate in a settlement conference. In contrast, on April 24, 2012, Plaintiffs communicated to Defendant specific terms upon which they were prepared to engage in settlement negotiations. (Declaration of Marisol Orihuela at ¶2, Exhibit 1.) Almost two months later, Defendant responded by rejecting Plaintiffs' requests. Declaration of Marisol Orihuela at ¶__, Exhibit 2 Defendant's letter does not contain any request for a conference, nor does it contain any concrete terms for initiating meaningful settlement discussions. *Id.*

¶ 4, Exhibit 3.)  As Plaintiffs outlined at that time, participating in a settlement conference to discuss changes and modifications to Defendant's policies and practices, without access to documents and information regarding those practices, would be quite simply a waste of time.  For example, the parties' experts cannot form opinions and recommendations on policies and procedures for the Los Angeles County Jails without information on the current policies and procedures that are specific and particular to the Los Angeles County Jails.  *Id.*  As detailed in the accompanying declaration of Mr. Steve Martin, who is Plaintiffs' expert and a correctional consultant with over 30 years of experience evaluating use of force policies and practices in prison and jail institutions, the adequacy of a particular policy cannot be measured in a vacuum, and policies must take into account facts specific to the institution at issue.   (Declaration of Dr. Steve Martin at ¶¶ 8-11.)[3]

**B.      Exchanging "Some" Documents During The Settlement Conference Will Not Be Sufficient to Enable A Meaningful Settlement Discussion.**

Defendant claims that he will make available "relevant policies, procedures, and training materials" at the settlement conference, and argues that this negates any prejudice to Plaintiffs from a delay in discovery.  Leaving aside that Defendant's *ex parte* application is the first time that Defendant has offered to exchange any documents during the settlement conference, even if Defendant is willing to do so, this offer is insufficient to warrant a delaying all outstanding discovery for two reasons.

First, any meaningful settlement discussion will require not only the exchange of Defendant's written policies, procedures, and training materials, but also a review of Defendant's investigations into use of force complaints, an analysis

---

[3] During the 24 hours that Plaintiffs had to respond to Defendant's *ex parte* application, Mr. Martin reviewed and approved the attached declaration.  However, he is unable to provide a signed copy of the declaration because he has been in and out of a hospital, awaiting the birth of his grandchild.  He has provided verbal authorization for Plaintiffs' counsel to sign on his behalf and will provide a signed copy of the declaration as soon as he is able to access a printer.

of whether the written policies and procedures are implemented, and an assessment of what changes or modifications are needed. For example, in order to determine what kind of training regarding use of force is necessary at the Los Angeles County Jails, the parties (and their experts) must review sufficient evidence on use of force incidents to assess the root cause of the problem, what changes are necessary to address those root causes, and what the training must entail. All of these inquiries are impossible without access to more than just the written policies, procedures, and training materials. Plaintiffs' outstanding discovery, which entails a First Set of Interrogatories and a First Set of Requests for Production, is narrowly aimed at discovering this kind of information, which would enable the parties to engage in a meaningful discussion on the terms for settlement.

Second, Defendant's vague assertion that he will make available a set of documents, without specifying which documents he will provide or when he will make them available, rings hollow in light of Plaintiffs' previous requests for documents. Plaintiffs first requested access to documents for purposes of conducting settlement discussions in April, four months ago. Defendant rejected Plaintiffs' proposal. When Plaintiffs again suggested on August 14, 2012 that an exchange of information was necessary to conduct meaningful settlement discussions, Defendant simply did not respond to Plaintiffs' request. Indeed, Plaintiffs offered to negotiate an agreement to informally exchange information in lieu of responding to formal discovery (which would have made his *ex parte* application unnecessary), but Defendant rejected that offer as well. Therefore Plaintiffs are skeptical that the documents Defendant now states he is willing to produce will be sufficient to enable a fruitful settlement discussion.

Finally, we emphasize that, both in the letter rejecting Plaintiffs' April 2012 demands for settlement negotiations and in a recent letter sent to the Citizen's Commission on Jail Violence, Defendant has steadfastly asserted that his Department has determined that the allegations in Plaintiffs' Complaint to be

unfounded.  (Declaration of Marisol Orihuela at ¶ 3, Exhibit 2; Declaration of Marisol Orihuela at ¶ 5, Exhibit 4.)  Plaintiffs do not have access to any of the documentation purportedly supporting Defendant's assertion.  If use of force is not a problem at the Los Angeles County Jails, then no remedy is called for, and the status quo will suffice.  But Plaintiffs cannot consider settlement offers based on these assertions absent a meaningful opportunity to review the evidence on which Defendant relies.

**III.   THE COURT SHOULD DENY THE *EX PARTE* APPLICATION AS AN IMPROPER ATTEMPT TO BYPASS NEGOTIATING WITH PLAINTIFFS' COUNSEL REGARDING A REASONABLE TIMEFRAME TO CONDUCT DISCOVERY**

Notwithstanding Defendant's assertion otherwise, Plaintiffs have actively engaged in discussions with defense counsel to negotiate a reasonable timeframe in which to conduct discovery.

Prior to any requests by Defendant for a discovery extension, Defendant stated to Plaintiffs' counsel that he believed *all discovery should be stayed* due to ongoing criminal investigations of Los Angeles Sheriff's Department employees.  Plaintiffs vehemently disagree with this position, for which Defendant has provided no authority.  Defendant subsequently made his first request for an extension to respond to Plaintiffs' discovery on July 24, 2012.  Plaintiffs did not deny Defendant's request, but inquired as to whether Defendant would be seeking a stay, as he had indicated he would do, for no extension would be necessary if all discovery was stayed.[4]  (Declaration of Marisol Orihuela at ¶ 6, Exhibit 5.)

Similarly, after agreeing to an extension in order to accommodate defense counsel's vacation, Plaintiffs did not categorically oppose a longer extension.  Rather, Plaintiffs expressed their concern about unnecessary delay to Defendant,

_____

[4] Plaintiffs' concern in providing a 30-day extension at that time was that Defendant would not respond to the discovery after the 30-day extension, but rather would seek a stay of discovery – only further delaying the progress of this case.

CASE NO. CV 12-00428 DDP (SHx)          - 5 -          PLAINTIFFS' OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION

and therefore conditioned any subsequent extension on Defendant's agreement that he would not "follow up the request for an extension with a motion to stay discovery."[5] (Declaration of Marisol Orihuela at ¶ 7, Exhibit 6.)  Tellingly, Defendant would not agree to refrain from pursuing a stay of discovery after requesting an extension.  To date, Defendant has not agreed to refrain from pursuing a stay of all discovery in order to obtain a reasonable extension.

Finally, in response to Defendant's August 13, 2012 letter seeking another extension, Plaintiffs' counsel offered to reach an agreement to informally exchange information in lieu of requiring formal discovery responses.  (Declaration of Marisol Orihuela at ¶ 4, Exhibit 3.)  Defendant did not respond to Plaintiffs' offer or otherwise communicate to Plaintiffs' counsel a desire to reach an agreement to informally exchange information in lieu of providing formal responses (which would have rendered this *ex parte* application unnecessary).  Defendant's assertion that Plaintiffs "have steadfastly refused" to provide any extension to Defendant's request is simply not supported by the facts.

No good cause exists to delay Defendant's response to the outstanding discovery to which Plaintiffs are entitled.  As Defendant concedes, at least *some* documents are relevant (in Plaintiffs' view, critical) to a meaningful settlement conference, and therefore a categorical delay in responding to all discovery is unwarranted.  Plaintiffs have been and remain amenable to reaching an agreement on an informal exchange of information and establishing a timeline for production of documents and responses to interrogatories.  Defendant should not be rewarded for bypassing Plaintiffs' offer and seeking delay of *all* discovery by claiming that

---

[5] Plaintiffs disagree that a one week extension is "equivalent of no extension at all" due to Mr. Clark and Mr. Beach's absence from the office.  As Defendant's filing evidences, other attorneys in the office are capable of carrying on litigation in this matter.  Furthermore, if it were true that the one week extension is equivalent to no extension at all, then presumably defense counsel already drafted responses to Plaintiffs' discovery prior to Mr. Clark and Mr. Beach's vacation, and there is no additional burden on Defendant at this point in producing discovery.

his request would serve efficiency.

## IV.   CONCLUSION

Because responses to Plaintiffs' outstanding discovery are necessary for any meaningful settlement discussion, and because Defendant has failed to show any good cause warranting a delay in *all* outstanding discovery, Defendant's *ex parte* application should be denied.

DATED:  August 16, 2012

PETER J. ELIASBERG
MARISOL ORIHUELA
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA

By:_____ /s/ Marisol Orihuela_____
            MARISOL ORIHUELA

Attorneys for Plaintiffs
ALEX ROSAS and JONATHAN GOODWIN on behalf of themselves and of those similarly situated

LEGAL_US_W # 72455503.5