PETER J. ELIASBERG (SB# 189110)
peliasberg@aclu-sc.org
MARISOL ORIHUELA (SB# 261375)
morihuela@aclu-sc.org
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
1313 W. 8th Street
Los Angeles, CA 90017
Phone: (213) 977-9500
Fax: (213) 977-5299

DONNA M. MELBY (SB# 86417)
donnamelby@paulhastings.com
JOHN S. DURRANT ((SB# 217345)
johnDurrant@paulhastings.com
JADE H. LEUNG (SB# 279651)
jadeleung@paulhastings.com
ELIZABETH C. MUELLER (SB# 278283)
bethmueller@paulhastings.com
PAUL HASTING LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071-2228
Phone: (213) 683-6000
Fax: (213) 627-0705

MARGARET WINTER (*pro hac vice*)
mwinter@npp-aclu.org
ERIC BALABAN (*pro hac vice application forthcoming*)
ebalaban@npp-aclu.org
DAVID M. SHAPIRO (*pro hac vice*)
dshapiro@npp-aclu.org
NATIONAL PRISON PROJECT OF
THE AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
915 15th St., NW
Washington, D.C. 20005
Phone: (202) 393-4930
Fax: (202) 393-4931

Attorneys for Plaintiffs
ALEX ROSAS and JONATHAN GOODWIN,
on behalf of themselves and of those similarly
situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ROSAS and JONATHAN GOODWIN on behalf of themselves and of those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LEROY BACA, Sheriff of Los Angeles County Jails,<br><br>Defendant. | CASE NO. CV 12-00428 DDP (SHx)<br><br>**DECLARATION OF STEVE MARTIN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND FIRST SET OF REQUESTS FOR PRODUCTION** |

CASE NO. CV 12-00428 DDP (SHx)

**Declaration of Steve Martin**

I, Steve Martin, hereby declare:

1.     I make this declaration based on my own personal knowledge and if called to testify I could and would do so competently as follows:

2.     My general qualifications as an expert in the field of corrections are set forth in my curriculum vitae, attached hereto as Exhibit A.  I began my career as a correctional officer in 1972 at a maximum security prison (Ellis Unit) operated by the Texas Department of Corrections (TDC).  I also worked as a correctional officer at the single TDC prison for female felony offenders (Goree Unit).  I subsequently served as a casework intern with the Federal Bureau of Prisons at the Federal Correctional Institution in Fort Worth, Texas.  While employed as a federal probation and parole officer in McAllen, Texas (1975-1977), I served on a jail planning commission for Hidalgo County, Texas.  During my employment in the Tulsa County District Attorney's Office (1980), I was assigned to the Civil Division to assist the county attorneys defending the Tulsa County Sheriff on matters related to the operation of the county jail, including a class action jail conditions lawsuit.

3.     In 1981, I rejoined the TDC in the Legal Counsel's Office and ultimately served as General Counsel and chief of staff operations for the Director. In my service with the TDC, I was involved in the development of policies and procedures in the areas of classification, administrative and punitive segregation, inmate disciplinary procedures, the use of force, and policies regarding special needs prisoners and other operational issues.  Much of this work related to compliance with court orders in *Ruiz v. Estelle*, a system-wide conditions lawsuit brought by the prisoners and the U.S. Department of Justice.  In my capacity as General Counsel, I was directly responsible for formulating and coordinating TDC's response to all compliance monitoring reports filed with the court by the Special Master.  During the course of this work, I routinely conducted site

1

inspections and conferred with facility and central office managers regarding implementation of the remedial plans.

4.     As an independent corrections consultant (1987 to present), I have been retained on many occasions as a corrections expert by the U.S. Department of Justice, Civil Rights Division, related to a wide variety of correctional management issues; by both defendants' and plaintiffs' counsel in numerous cases; by federal courts; and by a variety of state and local governmental entities. I have made well over 500 site inspections at jails and prisons in more than 35 states, Puerto Rico, Guam, Saipan, Jamaica, and Northern Ireland. I have served as a court monitor for litigation related to crowding in the Mississippi Department of Corrections, and as a court-appointed expert involving conditions of confinement in the Broward County, Florida jail system. I recently completed service on the Travis County, Texas Citizen Bond Advisory Committee and chaired the Sub-Committee on Jails in which we made recommendations adopted by the Travis County Board of Supervisors on the expansion of jail beds for the county jail system. I have served as a federal court monitor in cases involving two other state prison systems (Arizona and Montana) and two large metropolitan jail systems in New York (New York City and Long Island). I am also presently involved in jail litigation in Illinois, New York, Georgia, Washington, Oklahoma, Michigan and California. Over the course of my career, I have been involved in jail conditions cases in well over half of the twenty largest jails in the United States.

5.     I have been qualified as an expert in the field of corrections and have testified as such on more than fifty occasions, mostly in federal courts. I am co-author of *Texas Prisons: The Walls Came Tumbling Down* (Texas Monthly Press, 1987); and contributed to *Courts, Corrections, and the Constitution* (Oxford University Press, 1990) and *Building Violence: How America's Rush to Incarcerate Creates More Violence* (Sage Publications, 2000). I have published numerous articles related to correctional issues in law reviews and professional

journals. I have also served on the adjunct or visiting faculties of six universities, including the University of Texas School of Law.

6. A listing of publications I have authored and co-authored may be found on pages 11 to 12 of my curriculum vitae, attached hereto as Exhibit A.

7. I have reviewed numerous documents in this case, including the Complaint and Plaintiffs' discovery requests.

8. Based on my corrections experience, I am of the opinion that proper evaluation of a policy related to the use of force in a correctional institution requires significant review of documents. Specifically, an assessment of how a particular use of force policy will affect the correctional institution requires review of policy documents as well as documents detailing incidents in which the policy is being carried out.

9. It is also my opinion that the nature of a problem, and therefore the steps necessary to correct it, in a correctional institution requires review of various types of documents, including procedures and documentation of how those procedures are being implemented.

10. It is also my opinion that, similarly, policies regarding investigations of use of force incidents must be adopted only after review of particular investigations of use of force incidents. Without review of particular incidents, it is impossible to determine whether adoption of a particular policy will adequately suffice to reach the purpose of the policy.

11. In my opinion, having appropriate policies on the use of force, and the review of force incidents, is essential in a correctional setting, both for deputies who carry out the policies and for supervisors managing and reviewing those deputies. In addition, appropriate policies are necessary in order to properly train personnel.

12. In sum, it is my opinion that institutional correctional reform cannot be effectuated without review of applicable policies, training materials and

3

materials detailing how the policies and training programs are being carried out. These materials include documents related to particular use of force incidents, including incident reports, and investigations of those incidents, as well as systemic reviews of use of force and use of force investigations. These are the documents Plaintiffs have requested in their pending discovery requests.

I declare under penalty of perjury of the laws of the State of California and the United States that the foregoing is true and correct. Executed this 16th day of August, 2012 in Tulsa, Oklahoma.

_Steve Martin_
with permission MO
Steve Martin