# EXHIBIT 3

LIBERTY | JUSTICE | EQUALITY

August 14, 2012

<u>Via E-Mail</u>
Ms. Alexandra B. Zuiderweg
Lawrence Beach Allen & Choi, LLP
100 West Broadway, Suite 1200
Glendale, CA 91210

Dear Ms. Zuiderweg:

I am responding to your August 13, 2012 letter in which you requested a second extension to respond to Plaintiffs' first sets of propounded discovery. As I explain below, Plaintiffs cannot agree to another extension for production in discovery.

As an initial matter, we do not view the Court's order scheduling an early settlement conference as indication that the Parties cannot proceed with discovery or should not be collaborating in the exchange of information. Furthermore, Plaintiffs are unable to engage in meaningful settlement discussions without access to information in the LASD's possession. Thus, we need access to information- whether through an informal agreement to exchange information or through formal discovery - for two reasons.

First, access to information sought in Plaintiffs' propounded discovery is necessary for the Parties to reach agreement on whether a particular policy is adequate and would be effective in addressing the pattern of violence in the Los Angeles County Jails. For example, without access to documents sought in Plaintiffs' First Requests for Production the Parties could not assess whether any particular policy adopted by the Sheriff's Department or even proposed by Plaintiffs constitutes an adequate use of force policy, provides adequate training to deputies, or provides for adequate investigations of use of force. Plaintiffs', and Defendant's, experts must also be able to provide opinions based on information particular to the Los Angeles County Jails. Without an exchange of information, this is impossible. As you will recall, Plaintiffs included a request for a "stipulated order . . . to provide the parties' experts and counsel with unimpeded access to facilities and documents" in their settlement demand of April 2012. We think it would actually hurt the upcoming scheduled settlement conference to meet without having access to documents in possession of the LASD.

Second, based on Sheriff Baca's recent letter to the Citizen's Commission on Jail Violence, Plaintiffs expect that he will likely refute all the allegations in the First Amended

Chair Stephen Rohde  President Shari Leinwand
Chairs Emeriti Danny Goldberg  Allan K. Jonas  Burt Lancaster*  Irving Lichtenstein, MD*  Jarl Mohn  Laurie Ostrow*  Stanley K. Sheinbaum

Executive Director Hector O. Villagra  Chief Counsel Mark D. Rosenbaum  Deputy Executive Director James Gilliam
Communications Director Jason Howe  Development Director Sandy Graham-Jones  Director of Strategic Partnerships Vicki Fox
Legal Director & Manheim Family Attorney for First Amendment Rights Peter J. Eliasberg  Deputy Legal Director Ahilan T. Arulanantham
Director of Policy Advocacy Clarissa Woo  Director of Community Engagement Elvia Meza  Executive Director Emeritus Ramona Ripston          *deceased

Complaint during the scheduled settlement meeting with the Court. In Sheriff Baca's letter dated July 27 2012, he stated that all but two of the incidents described in the Rosas complaint are "false." If Sheriff Baca simply intends to reassert this characterization of Plaintiffs' complaint and expects Plaintiffs to dismiss the complaint or accept a settlement proposal that is premised on this assertion without Plaintiffs having access to the information necessary to evaluate his contention and the manner he reached it, it is unlikely that we can any fruitful settlement discussions at the settlement meeting Judge Pregerson has scheduled. As class counsel, we could not ethically accept a settlement proposal that is premised on Defendant's contention that the ACLU's allegations, which are based evidence detailing pervasive acts of brutal violence at the jails by deputies and grossly negligent supervision of abusive deputies, are largely false.

Given that Defendant requested the settlement conference, we hope Sheriff Baca considers the settlement process seriously. It is worth noting that in response to our April 2012 settlement demand, Sheriff Baca ignored our demand for access to facilities and documents. In light of the above, we hope he reconsiders this position and pursues an effective settlement negotiation which would include providing access to information pertaining to Plaintiffs' claims.

For these reasons, we cannot agree to another extension for Defendants to respond to Plaintiffs' outstanding discovery, and we hope you reconsider the need to file an ex parte. We strongly believe an exchange of information would be not just fruitful but critical for there to be any meaningful settlement negotiations, and would be amenable to discussing an agreement to exchange information in an informal fashion in lieu of requiring formal discovery responses (for the purpose of settlement negotiations only).

Sincerely,

Peter Eliasberg
Legal Director



LIBERTY | JUSTICE | EQUALITY