PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JUSTIN W. CLARK, State Bar No. 235477
jclark@lbaclaw.com
ALEXANDRA B. ZUIDERWEG, State Bar No. 270177
azuiderweg@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California  91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendant
Sheriff Leroy D. Baca

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ROSAS and JONATHAN GOODWIN, on their own behalf and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LEROY BACA, Sheriff of Los Angeles County Jails,<br><br>Defendant. | Case No. CV 12-00428 DDP (SHx)<br><br>Honorable Dean D. Pregerson<br><br>**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION TO DISTRICT COURT FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST SET OF REQUESTS FOR PRODUCTION UNTIL AFTER SETTLEMENT CONFERENCE** |

1

ROSAS\Reply to Ex Parte

Defendant Sheriff Leroy D. Baca (hereinafter "Defendant") hereby submits the following in Reply to Plaintiff's Opposition to Defendant's Ex Parte Application To District Court For Extension Of Time To Respond To Plaintiffs' First Set Of Interrogatories And First Set Of Requests For Production until ten court days after the settlement conference set by the Court.

Dated:  August 17, 2012                      LAWRENCE BEACH ALLEN & CHOI, PC


By _____/s/  Alexandra B. Zuiderweg_____
          Alexandra B. Zuiderweg
          Attorneys for Defendant
          Sheriff Leroy D. Baca

2

## MEMORANDUM OF POINTS AND AUTHORITIES

I.  **Based On Their Decades Of Substantial Involvement In The Los Angeles County Jail System, Both The ACLU and Plaintiff's Expert, Steve Martin, Are Fully Aware Of The Manner In Which LASD's Use Of Force Policies And Procedures Are Implemented.**

Despite over 30 years of heavy involvement in the Los Angeles County Jail system ("LACJ"), including active participation in on-going criminal investigations involving the LACJ and extensive involvement in the Los Angeles Citizens' Commission on Jail Violence, the ACLU, Plaintiff's counsel in this matter, still claims that Plaintiffs need to review thousands of pages of largely confidential and privileged documents pertaining to alleged uses of force involving specific inmates to determine how the Los Angeles County Sheriff's Department's ("LASD") use of force policies are implemented.

In their opposition to Defendant's *ex parte* application, Plaintiffs incredibly claim that to discuss settlement, they need access to the documents and information requested in Plaintiffs' First Set Requests For Production and Plaintiffs' First Set of Interrogatories to determine how LASD policies are implemented. As discussed in Defendant's *ex parte* application, the ACLU has been monitoring the LACJ for nearly three decades. They have witnessed uses of force and, accordingly, have firsthand knowledge of how the policies and procedures pertaining to how the use of force policies are implemented. Moreover, the ACLU has had unfettered access to line staff and executives in LACJ. In fact, no one has been more involved in the LACJ than the ACLU. Additionally, Plaintiffs have over 100 declarations from inmates detailing purported uses of force. As such, for the ACLU to now claim ignorance as to the operation of LACJ and the implementation of use of force policies is disingenuous.

3

ROSAS\Reply to Ex Parte

Similarly, Plaintiff's expert, Steve Martin, has involved himself in the LACJ for over ten years.  He has served as an expert in numerous class actions involving the LACJ and, therefore, has had ample time to familiarize himself with the implementation of LASD's use of force policies.  If he is truly an expert in the field of corrections, he should already fully understand how LASD's use of force policies are implemented based on his substantial involvement in the LACJ.

Finally, even if Plaintiffs were to obtain tens of thousands of pages of the documents requested in advance of the settlement conference, Plaintiff's counsel would be unable to conduct any sort of meaningful review of these documents in two weeks.  Simply put, in light of the active involvement of both the ACLU and Mr. Martin in the LACJ, it is simply not possible that Plaintiffs would obtain any additional useful information from voluminous and burdensome discovery in advance of the settlement conference, even if Plaintiffs received all the documents they are currently seeking.  In the meantime, such a marginal benefit (if any at all) to the facilitation of settlement discussions, would come at the cost of thousands in taxpayer dollars.  Indeed, by the logic advanced in Plaintiffs' opposition, the parties would be forced to incur substantial costs and fees over the course of the next year, before any settlement discussions could occur.  Such a delay would pose a substantial burden on very limited public resources and make the quick and efficient resolution of this case impossible.

II.    **Plaintiffs' Counsel's Blatant Failure To Extend Simple Professional Courtesies To Defendant Regarding Plaintiffs' 165 Discovery Requests Has No Reasonable Relationship To Defendant's Position That Discovery Should Be Stayed As It Relates To On-Going State And Criminal Investigations.**

Plaintiffs now seek to backtrack from their outright refusal to grant Defendant a reasonable extension to respond to the burdensome and voluminous discovery at issue in the instant *ex parte*, claiming that Defendant refused to state

4

that it would not seek a stay of all discovery in exchange for the requested the 30-day extension.  However, Plaintiffs conveniently omit the fact that the stay contemplated by Defendant would only apply to discovery regarding use-of-force incidents and other documents that are the subject of on-going state and criminal investigations.

Defendant has consistently maintained its position that discovery should be conducted in three phases, with the third phase aimed at discovery of these specific incidents.  Permitting civil discovery into these cases while an investigation is on-going could jeopardize the subject of the prosecutions and would be tremendously wasteful.   Rather, to quickly and efficiently share information in an effort to facilitate settlement discussions without jeopardizing criminal investigations, Defendant simply proposed that discovery regarding LASD policies and procedures and inmate information be conducted prior to discovery regarding the force incidents.[1]   Accordingly, Plaintiffs' contention that Defendant has attempted to impede all discovery in the instant case is wholly without merit.  Plaintiffs cannot attempt to shift the blame for their counsel's failure to extend common courtesies in litigation simply because Defendant seeks to protect the integrity of on-going criminal investigations.

///

///

///

---

[1]  As set forth in Defendant's *ex parte* application, Defendant will agree to informally make available relevant policies, procedures, and training materials for the settlement conference.

5

ROSAS\Reply to Ex Parte

## III.   Conclusion.

Based on the foregoing, Defendant respectfully requests that the Court grant this Application and extend the time for Defendant to respond to Plaintiffs' discovery until ten court days after the settlement conference before the District Court.  Because Defendant's responses to the subject discovery are due Monday, August 20, 2012, Defendant further respectfully requests that the Court grant this Application on August 17, 2012.

Dated:  August 17, 2012                LAWRENCE BEACH ALLEN & CHOI, PC


                                       By    /s/  Alexandra B. Zuiderweg
                                             Alexandra B. Zuiderweg
                                             Attorneys for Defendant
                                             Sheriff Leroy D. Baca

6

ROSAS\Reply to Ex Parte