PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JUSTIN W. CLARK, State Bar No. 235477
jclark@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendant
Sheriff Leroy D. Baca

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ALEX ROSAS and JONATHAN GOODWIN, on their own behalf and on behalf of those similarly situated,

Plaintiffs,

vs.

LEROY BACA, Sheriff of Los Angeles County Jails,

Defendant.

Case No. CV 12-00428 DDP (SHx)

**PROTECTIVE ORDER**

///

///

///

WHEREAS, the parties mutually agree it is in their interests to engage in settlement discussions in this case;

WHEREAS Plaintiffs contend that effective settlement discussions require the production of information that one or both of the parties may contend is confidential, privileged, private, secret, or proprietary;

WHEREAS The Parties having stipulated and good cause appearing:

IT IS HEREBY ORDERED that:

## I. INTRODUCTION AND STATEMENT OF GOOD CAUSE.

### A. Plaintiffs.

The Plaintiffs in this class action are Alex Rosas and Jonathan Goodwin on behalf of themselves and unnamed class members, defined as "all present and future inmates confined in the Jail Complex in downtown Los Angeles, " pursuant to Federal Rule of Civil Procedure 23(b)(2)(collectively, "Plaintiffs").

### B. Defendant.

The Defendant in this action is Sheriff Leroy D. Baca, in his official capacity.

### C. Statement of Good Cause.

Plaintiffs and Defendant (collectively, the "Parties") have agreed to participate in settlement discussions that will involve the production of information that one or both parties contend is confidential because it is privileged, sensitive, proprietary, or private. In order to facilitate the subject document production, each Party may designate any documents produced to the other Party in the course of settlement discussions as "Confidential Information." If the settlement discussions do not result in a complete settlement of this action, this Order shall not be construed as a waiver of any objection or arguments associated with formal discovery or disclosure in this matter except that this Order shall extend beyond the termination of settlement discussions as set forth below.

## II. DEFINITIONS.

**A. Party.**

Any "Party" to this action, including all of its officers, directors, employees, consultants, retained experts, and legal counsel (and their support staff).

**B. Confidential Information.**

"Confidential Information" shall mean information (regardless of how generated, stored, or maintained) which the Parties produce during the course of settlement discussions and designate as subject to this Order.

**C. Documents.**

The term "Documents" means all written, recorded, graphic, or electronically stored matter whatsoever produced in connection with settlement discussions.

**D. Designating Party.**

Any Party who designates material as Confidential Information.

**E. Receiving Party.**

Any Party who receives Confidential Information.

**F. Expert.**

A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

**G. Counsel.**

For purposes of this Order, "counsel" or "attorney" means counsel of record for the Parties of this action and all their employees, agents, volunteers, interns, and experts.

///

///

///

**H. Privilege.**

For purposes of this Order, “privilege” shall mean the attorney-client privilege, the attorney-work product doctrine, the official information privilege, or any other privilege or doctrine that may apply to Confidential Information.

**III. SCOPE.**

The protections conferred by this Stipulated Protective Order cover not only Confidential Information (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof. It also covers testimony, conversations, or presentations by Parties or counsel to or in court or in other settings in the course of settlement discussions or this litigation with respect to documents that are protected by this Order.

**IV. DURATION.**

**A. Termination Of Settlement Discussions.**

Settlement discussions may be terminated at any time by formal confirmation by this Court that the settlement discussions have ended. Confirmation shall require entry of a minute order indicating that current settlement discussions have ended. Either Party may request confirmation from this Court that settlement discussions have ended at any time.

**B. Effect Of Termination.**

The Parties shall have 30 calendar days after confirmation that settlement discussions have ended to serve objections to the designation of any specific document (or portion thereof) as Confidential Information. 60 days after the submission of any objection to the designation of any specific document (or portion thereof) as Confidential Information, the Designating Party may move, on a properly noticed motion before the District Judge, for a further protective order to govern the continued use of any document designated as Confidential Information. The protections provided by this Order shall remain in place until the Court rules on any such timely filed motion for a further protective order,

except that the Parties may file under seal documents designated as Confidential Information in support of, or in opposition to, a motion for further protective order. All documents designated as Confidential Information to which the Receiving Party does not timely object shall remain protected by this Order until they are returned to counsel for the Designating Party at the conclusion of this matter.

**C. Information Produced After Settlement Negotiations That a Party Designates as Confidential**

Even though settlement discussions may terminate, documents produced by either Party after settlement negotiations terminate, which are designated as Confidential Information, will be protected by this Order and remain confidential if no challenge is made to the confidential designation within 30 days of production. Any challenges regarding the designation of documents as Confidential Information shall be resolved as set forth herein in Section IV. B.

**V. USE AND DISSEMINATION OF THE CONFIDENTIAL INFORMATION.**

This Protective Order shall apply to all Confidential Information produced by the Parties in the course of settlement discussions and as dictated by this Court following any motion for a further protective order as set forth in Section IV-B. The Confidential Information shall be subject to this Protective Order as follows:

**A. Storage of Confidential Information.**

Immediately upon production by the Designating Party, attorneys for the Receiving Party shall personally secure and maintain the Confidential Information in their possession. The Confidential Information shall not be left in an open or unsecured location where unauthorized persons (such as unauthorized employees of counsel, cleaning personnel, etc.) might have access to them.

///

**B. Confidential Information Legend.**

All material containing Confidential Information shall be stamped "CONFIDENTIAL INFORMATION".

**C. Limitation of Use of Confidential Information.**

Confidential Information produced pursuant to this Order, regardless of the format or manner produced, shall be used only for the express purpose of settlement or litigation of this case, and for no other purpose. Attorneys for the Receiving Party shall not cause or permit disclosure of the contents of the Confidential Information, in any manner, including orally, beyond the disclosure permitted under the terms and conditions of this Order. Any such disclosure shall be construed as a violation of this Order.

**D. Inadvertent Disclosure.**

If the Designating Party inadvertently produces any Confidential Information without designating it as such, it may be remedied by: (1) promptly notifying the other parties of the error; and (2) providing a substitute copy of the Confidential Information with a proper legend. In that event, the parties receiving the inadvertently produced undesignated Confidential Information will: (1) return the previously produced Confidential Information and destroy all copies thereof; and (2) if the Party had already disseminated the Confidential Information to any person, the Party will notify all such persons in writing of the need to promptly return such Confidential Information and not to further disseminate it.

**E. Additional Limitations on the Use of Confidential Information.**

So long as the confidentiality obligations imposed by this Order remain in place (or as required by subsequent order of this Court):

- the Confidential Information may be used solely for the settlement or litigation of this action and may not be used for any other purpose of any kind, including for the litigation any other action (related or

otherwise), except to the extent authorized by subsequent order of this Court;

- No Confidential Information or copies thereof, nor any transcript, quotation, paraphrase, summary, or other description containing Confidential Information, shall be reproduced, disseminated, or disclosed to any person or used for any purpose except in accordance with this Stipulation and Order or by further Order of the Court. (For example, the Receiving Party may not use any Confidential Information for any other purpose, including use as background material, or for inclusion in books, magazines, newspapers, press releases, interviews, reports, or other publications.)
- the Receiving Party is prohibited from placing any Confidential Information on the internet, may not file Confidential Information with the Court (except as permitted in Section IV-B), and may not use or make Confidential Information available for use in any other litigation (related or otherwise) except by express written permission of the Designating Party.

**F. Other Persons Authorized to Review Confidential Information.**

The Parties' attorneys of record may be permitted to see originals and obtain copies of the Confidential Information covered by this Order. Also, Defendant, including officers, directors, employees, and experts thereof may be permitted to review the Confidential Information. Additionally, paralegals, secretaries, expert witnesses, and other individuals and entities that may be employed or retained by the Receiving Party to assist in attempts to settle this action may be permitted to see originals and obtain copies of the Confidential Information covered by this Order, provided such experts and employees have first executed the written statement set forth in Section V- G below, and comply with the provisions of that section.

**G. Applicability of Order to Other Persons.**

Prior to the disclosure of any Confidential Information to any person described above, attorneys for the Receiving Party who seek to use or disclose such Confidential Information shall first provide any such person with a copy of this Order, and shall cause him or her to execute, on a second copy, which counsel shall thereafter promptly serve on the Designating Party the following acknowledgment:

> "I, _______________________________, acknowledge that I have reviewed and am familiar with the terms of the Stipulated Protective Order Regarding Documents Exchanged During Settlement Discussions entered in this action and hereby agree to comply with and be bound by the terms and conditions of the said Order with respect to the handling, use and disclosure of any Confidential Information.
>
> Dated: ___________ /s/_______________________________"

This written requirement applies to, but is not limited to, expert witnesses and other individuals and entities that may be employed or retained by the Receiving Party's counsel to assist in attempts to settle this action. The Receiving Party shall be responsible for maintaining the signed original of each such written statement until the conclusion of these proceedings, including any appeal. In addition, the Receiving Party shall maintain a log of all persons who viewed Confidential Information and shall provide a copy of said log upon the written request of the Designating Party.

**H. Plaintiffs'/ Inmate / Prisoner Possession of Materials.**

Neither Plaintiffs nor any current or former inmate of the Los Angeles County jails may have access to or possession of any Confidential Information, or material derived therefrom. This limitation does not prevent showing an individual his or her own medical records. If settlement negotiations terminate

as set forth in Section IV.A, the Parties agree to meet and confer regarding possible changes to this provision with respect to documents specific to individual prisoners and Plaintiffs.

**I. No Waiver of Objections.**

Nothing in this Stipulation and Order constitutes any decision by the Court concerning discovery disputes or the admission into evidence of any specific document or testimony or liability for payment of any costs of production or reproduction of documents. This Order also does not constitute a waiver by any Party of any right to object to discovery or admission into evidence of any document, record, testimony or other information that is subject to this Order. Nor does Defendant waive any privileges that may or may not apply, including, but not limited to, the investigatory files or official information privileges, *see, e.g.*, *Weiner v. FBI*, 943 F. 2d 972, 985 (9th Cir. 1991), or *Miller v. Pancucci*, 141 F.R.D. 292 (C.D. Cal. 1992), by entering into this Order. In addition, the inadvertent production or disclosure of Confidential Information shall be without prejudice to any claim of privilege, and the Designating Party shall not be held to have waived any rights by such inadvertent production.

**J. Subpoena for Confidential Information.**

In the event that the Receiving Party receives a subpoena, discovery request, or other legal process seeking production of Confidential Information, the Receiving Party must give prompt written notice to the Designating Party. The Receiving Party shall inform the person or entity seeking the information of the existence of this Stipulation and Order and shall not produce the Confidential Information absent a court order requiring such production.

**K. Modification.**

For good cause, any Party may seek a modification of this Order, first by attempting to obtain the consent of the other parties to such modification, and then, absent consent, by application to this Court.

**L. Return of Confidential Information.**

No more than thirty (30) calendar days after the resolution of this action, the Receiving Party and every other person and/or entity who received originals or copies of the Confidential Information shall return all originals and copies of the Confidential Information, and material derived therefrom, including, but not limited to, all log(s) of persons authorized to review the protected documents and the written statement(s) acknowledging the terms and provisions of this Order pursuant to Paragraph V – G of this Order, to the Designating Party care of:

Paul B. Beach, Esq.
Lawrence Beach Allen & Choi, PC
100 West Broadway, Suite 1200
Glendale, California 91210-1219

John S. Durrant, Esq.
Paul Hastings LLP
515 South Flower St., 25th Floor
Los Angeles, California 90071

**M. Survivability of Order.**

This Stipulation and Order shall survive the conclusion of this action, and the Court retains jurisdiction to enforce it.

IT IS SO ORDERED.

Dated: February 22, 2013

Honorable Dean D. Pregerson
United States District Judge