UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ROSAS and JONATHAN GOODWIN on behalf of themselves and of those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Jim McDonnell, Sheriff of Los Angeles County, in his official capacity,<br><br>Defendant. | CASE NO. CV 12-00428 DDP<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING PARTIES' PROPOSED SETTLEMENT**<br><br>Honorable Dean D. Pregerson<br>Ctrm: 3 |

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure ("Rule 23"), the Parties jointly move the Court to grant preliminary approval to the proposed settlement agreement ("the Settlement"), attached as Exhibits A and B to this Order, and to approve the Parties' proposed Notice to members of the Plaintiff Class ("Class Members"), attached as Exhibit C to this Order. Based on the entire record before the Court, the Court finds:

The Settlement is the result of extensive arms-length negotiations between the Parties. After reviewing the terms of the Settlement in light of the record and of controlling legal authority, the Court finds the Settlement is sufficiently reasonable, adequate, fair, and consistent with relevant federal law to warrant preliminary

-1-

approval and provision of notice to Class Members of a hearing for final approval of the Settlement ("the Fairness Hearing").

The Court also finds that the form of Notice (Exhibit C) constitutes due and sufficient notice of the Settlement to all persons entitled to receive notice required by due process and Rule 23.  The Court further finds that the method of delivery of notice proposed by the Parties, namely, posting copies of the Notice in certain areas in the jails where inmates can read them, providing copies of the Notice upon request to certain inmates in disciplinary segregation, and posting copies of the Notice on the Parties' respective websites by February 6, 2015, at least 39 days before the deadline for filing objections as provided by Rule 23(e)(2) to be the most effective and practicable manner of notice under the circumstances.

IT IS THEREFORE ORDERED THAT:

1.      The Settlement attached hereto as Exhibits A and B is PRELIMINARILY APPROVED.  Final approval of the Settlement is subject to a hearing and to review by the Court of any objections submitted by Class Members to the terms of the Settlement.

2.      The Notice attached hereto as Exhibit C is APPROVED.

3.      On or before January 13, 2015, Defendants will provide notice of the Settlement to the appropriate federal and state officials, as required by the Class Action Fairness Act codified at 28 U.S.C. § 1715.

4.      On or before February 6, 2015, the Parties will take the following steps to effect notice of the Settlement:

a. Defendant will post copies of the Notice in both English and Spanish in the common area of all housing units in Men's Central Jail ("MCJ") and Twin Towers Correctional Facility ("TTCF") and in places in the Inmate Reception Center ("IRC") where inmates

who are being processed into the jails can read them;

b. Defendant will post copies of the Notice in both English and Spanish in places where K-10 inmates and inmates in disciplinary segregation in MCJ and TTCF can read them.  Defendant will provide copies of the Notice upon request to K-10 inmates and inmates who have been in disciplinary segregation in MCJ and TTCF for more than 10 days during the notice period; and

c. The Parties will post copies of the Notice in both English and Spanish on their respective websites.

5.    Any Class Member may object to the Settlement by filing an objection by March 17, 2015.  To be considered by the Court, any written objections to final approval of the Settlement must provide the objector's name, address (if available), telephone number (if available), signature, a reference to the Settlement or the case (*Rosas v. McDonnell*), and must state the basis for the objection.  The objection must be filed in writing, along with any other papers the objector wishes the Court to consider, by mailing them by March 17, 2015 to Rosas Plaintiff's Class Counsel, c/o ACLU of Southern California, 1313 West 8th Street, Los Angeles, California 90017.  No Class Member will be entitled to be heard at the Fairness Hearing (whether individually or through separate counsel) unless written notice of the Class Member's intention to appear at the Fairness Hearing is served on counsel for the Parties by March 17, 2015.

6.    The Court will hold a Fairness Hearing at 10:00 a.m. on April 13, 2015, or as soon thereafter as the matter may be heard in Courtroom 3 of the above-entitled Court, located at 312 North Spring Street, Los Angeles, California 90012 at which time the Court will hear oral argument and testimony relating to whether the Settlement is fair, reasonable, and adequate.  The Court, in its discretion, will determine which Class Members, if any, who have requested to appear will be

-3-

entitled to appear and be heard at the Fairness Hearing. Should an objector choose to be represented by counsel at the Fairness Hearing, he or she may do so at his or her own expense. In order to be heard at the Fairness Hearing, any attorney representing an objector must file a Notice of Appearance with the Court and serve counsel for all parties at least ten calendar days before the Fairness Hearing. Class Members who fail to file and serve timely objections in the manner prescribed herein will be deemed to have waived any objections and will be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement or the Court's approval thereof.

7. If objections are filed, the Parties' counsel may engage in discovery concerning the objections prior to the Fairness Hearing.

8. The Parties' counsel shall serve on each other and file with the Court, at least three calendar days prior to the Fairness Hearing, any further documents in support of this Order, including responses to any papers filed by Class Members.

IT IS SO ORDERED, this _____ day of January, 2015.

_____
UNITED STATES DISTRICT JUDGE
DEAN D. PREGERSON

-4-