PETER J. ELIASBERG (SB# 189110)
peliasberg@aclu-sc.org
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
1313 W. 8th Street
Los Angeles, CA 90017
Phone: (213) 977-9500
Fax: (213) 977-5299

JOHN S. DURRANT (SB# 217345)
johndurrant@paulhastings.com
ELIZABETH C. MUELLER (SB# 278283)
bethmueller@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071-2228
Phone: (213) 683-6000
Fax: (213) 627-0705

MARGARET WINTER (*pro hac vice*)
mwinter@npp-aclu.org
ERIC BALABAN (*pro hac vice*)
ebalaban@npp-aclu.org
NATIONAL PRISON PROJECT OF
THE AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
915 15th St., NW
Washington, D.C. 20005
Phone: (202) 393-4930
Fax: (202) 393-4931

Attorneys for Plaintiffs
ALEX ROSAS and JONATHAN
GOODWIN, on behalf of themselves
and of those similarly situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ROSAS and JONATHAN GOODWIN on behalf of themselves and of those similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> JIM MCDONNELL, Sheriff of Los Angeles County, in his official capacity, <br><br> Defendant. | CASE NO. CV 12-00428 DDP <br><br> **PLAINTIFFS' OBJECTIONS TO EVIDENCE** <br><br> **[PLAINTIFFS' OPPOSITION TO ALADS'S MOTION TO INTERVENE, DECLARATION OF JOHN DURRANT, AND DECLARATION OF ESTHER LIM AND FILED AND SERVED CONCURRENTLY HEREWITH]** <br><br> Date:     March 9, 2015 <br> Time:     10:00 a.m. <br><br> Honorable Dean D. Pregerson <br> Ctrm: 3 |

## I.    PREFATORY STATEMENT

As set forth below, Plaintiffs submit the following evidentiary objections to the Declaration of Richard A. Shinee and the Declaration of Don Jeffrey Steck, submitted by the Association for Los Angeles Deputy Sheriffs ("ALADS") in support of its Motion to Intervene.  Mr. Shinee's and Mr. Steck's Declarations contain numerous self-serving statements unsupported by admissible facts.  This so-called evidence should not be considered by the Court C.D. Cal. Civ. L.R. 7-7 ("Declarations shall contain only factual, evidentiary matter and shall conform as far as possible to the requirements of F. R. Civ. P. 56(c)(4)."); Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.").  *See also United States v. Dibble*, 429 F.2d 598, 601-02 (9th Cir. 1970) (improper declarations are subject to a timely objection and may be stricken).

## II.    OBJECTIONS TO THE DECLARATION OF RICHARD A. SHINEE

Plaintiffs specifically object to the following portions of the Declaration of Richard A. Shinee ("Shinee Declaration").  ALADS's "evidence" contains numerous inadmissible statements that this Court should exclude and/or strike on the grounds set forth below:

| SHINEE DECLARATION | OBJECTIONS | RULING |
|---|---|---|
| ¶ 7: "The well established, and legally required, manner in which negotiations for issues outside of the MOU, are initiated is by virtue of a | Inadmissible legal conclusion (Fed. R. Evid. 602), Lacks foundation (Fed. R. Evid. 602), Irrelevant and immaterial (Fed. R. Evid. 401). | **Sustained:** ☐ <br> **Overruled:** ☐ |

-1-

| SHINEE DECLARATION | OBJECTIONS | RULING |
|---|---|---|
| written correspondence from the Sheriff's Department, almost always from the Department's Employee Relations unit, notifying ALADS of the proposed change to policy, procedure, rules or regulations which affect wages, hours, or other terms and conditions of employment." | | |
| ¶ 8: "If ALADS wishes to negotiate the proposed change, ALADS will send a letter to Employee Relations asking to schedule negotiations. If not, ALADS will simply advise Employee Relations that it has no objection to the proposed change. If negotiations take place, a written Side Letter Agreement or | Lacks foundation (Fed. R. Evid. 602), Irrelevant and immaterial (Fed. R. Evid. 401). | **Sustained:** ☐ <br> **Overruled:** ☐ |

| SHINEE DECLARATION | OBJECTIONS | RULING |
|---|---|---|
| Operational Agreement is executed by the parties, stating the terms of the parties' agreement." | | |
| ¶ 10: "I am not aware of any written notice being provided to ALADS by the Sheriff's Department, concerning the Department's intent to modify or change wages, hours, or other terms and conditions of employment due to the settlement of this lawsuit, at any time between January, 2012 and the present." | Lacks foundation (Fed. R. Evid. 602). | **Sustained:** ☐ <br> **Overruled:** ☐ |
| ¶ 12: "I first became aware of this lawsuit because numerous ALADS members were contacting my office for representation in administrative investigations being conducted by the Sheriff's | Inadmissible hearsay (Fed. R. Evid. 801), Lacks foundation (Fed. R. Evid. 602), Speculation (Fed. R. Evid. 602), Irrelevant and immaterial (Fed. R. Evid. 401). | **Sustained:** ☐ <br> **Overruled:** ☐ |

-3-

| SHINEE DECLARATION | OBJECTIONS | RULING |
|---|---|---|
| Internal Affairs Bureau ('IAB') and Internal Criminal Investigations Bureau ('ICIB') based on the allegations stated in the lawsuit." | | |
| ¶ 13: "I was aware in 2012 that ALADS was not named as a party to in this lawsuit and was never served with a copy of the complaint in this case. Likewise, neither I nor my office was contacted by any deputy sheriff who advised us that they were named as a Defendant in this lawsuit or that they had been served with a copy of the Complaint in this lawsuit." | Lacks foundation (Fed. R. Evid. 602), Irrelevant and immaterial (Fed. R. Evid. 401), Vague and ambiguous as to time. | **Sustained:** ☐<br>**Overruled:** ☐ |
| ¶ 14: "Beginning in 2012, and continuing through the present day, my office has represented numerous deputy sheriffs in | Inadmissible conclusion (Fed. R. Evid. 602), Lacks foundation (Fed. R. Evid. 602), Speculation (Fed. R. Evid. 602), Lacks | **Sustained:** ☐<br>**Overruled:** ☐ |

-4-

| SHINEE DECLARATION | OBJECTIONS | RULING |
|---|---|---|
| connection with IAB or ICIB investigations arising out of the allegations of excessive force made by the ACLU in the complaint in this and the *Rutheford* [sic] cases." | personal knowledge (Fed. R. Evid. 602), Irrelevant and immaterial (Fed. R. Evid. 401), Vague and ambiguous as to time. | |
| ¶ 15: "I was advised by Lt. Steve Leavins, in 2012, that the Sheriff's Department had created a special task force, called the Special Jail Investigations Task Force ('SJITF') in response to the numerous allegations of excessive force by deputies against jail inmates which were filed by the ACLU in connection with this and the *Rutherord* [sic] lawsuits. Lt. Leavins was appointed the head of that task force upon its | Lacks foundation (Fed. R. Evid. 602), Speculation (Fed. R. Evid. 602; Irrelevant and immaterial (Fed. R. Evid. 401), Vague and ambiguous as to time. | **Sustained:** ☐<br>**Overruled:** ☐ |

-5-

| SHINEE DECLARATION | OBJECTIONS | RULING |
|---|---|---|
| creation." | | |
| ¶ 16 "In conversations with some of the IAB and ICIB investigators conducting these SJITF investigations, as well as supervisors assigned to the SJITF, I was advised that the Department initiated separate investigations into each allegation of excessive or unnecessary force which was made in either of the two lawsuits filed by the ACLU." | Inadmissible hearsay (Fed. R. Evid. 801), Lacks foundation (Fed. R. Evid. 602), Lacks personal knowledge (Fed. R. Evid. 602), Irrelevant and immaterial (Fed. R. Evid. 401), Vague and ambiguous as to time. | Sustained: ☐<br>Overruled: ☐ |
| ¶ 17: "The SJITF investigators and supervisors with whom I spoke were very focused on attempting to determine if there was any truth to any of the allegations stated in either of the ACLU lawsuits." | Inadmissible hearsay (Fed. R. Evid. 801), Inadmissible conclusion (Fed. R. Evid. 602), Lacks foundation (Fed. R. Evid. 602), Speculation (Fed. R. Evid. 602; Lacks personal knowledge (Fed. R. Evid. 602), Irrelevant and immaterial (Fed. R. Evid. | Sustained: ☐<br>Overruled: ☐ |

| SHINEE DECLARATION | OBJECTIONS | RULING |
|---|---|---|
| | 401), Vague and ambiguous as to time. | |
| ¶ 18: "A number of the SJITF investigators with whom I spoke concerning these investigations advised me that the vast majority of the allegations were false, exaggerated, or entirely made up. I was advised by more than one investigator that, in their interviews with the inmates named in the ACLU lawsuits as victims of the alleged excessive and unnecessary force, many of these inmates stated that the allegations were not true and that they simply signed declarations because the ACLU asked them to." | Inadmissible hearsay (Fed. R. Evid. 801), Inadmissible conclusion (Fed. R. Evid. 602), Lacks foundation (Fed. R. Evid. 602), Lacks personal knowledge (Fed. R. Evid. 602), Irrelevant and immaterial (Fed. R. Evid. 401), Probative value outweighed by prejudice, confusion and waste of time (Fed. R. Evid. 403), Vague and ambiguous as to time. | **Sustained:** ☐ <br> **Overruled:** ☐ |
| ¶ 19: "Based upon the information I was learning from the Department's | Inadmissible conclusion (Fed. R. Evid. 602), Speculation (Fed. R. Evid. | **Sustained:** ☐ <br> **Overruled:** ☐ |

| SHINEE DECLARATION | OBJECTIONS | RULING |
|---|---|---|
| investigators, it was my understanding that the County and Sheriff's Department were actively defending the lawsuit in this case on the merits, by taking the position that the acts of violence stated in the complaint were not true and therefore there was no evidence of the pattern and practice of excessive force alleged in the 2 ACLU complaints." | 602, Lacks foundation (Fed. R. Evid. 602), Improper opinion testimony (Fed. R. Evid. 701), Lacks personal knowledge (Fed. R. Evid. 602), Irrelevant and immaterial (Fed. R. Evid. 401), Probative value outweighed by prejudice, confusion and waste of time (Fed. R. Evid. 403) | |
| ¶ 20: "My understanding that the Department was actively defending the claims of misconduct alleged against deputy sheriffs in this as well as the *Rutherford* lawsuit was bolstered by the lack of any notice from the Department that they intended to change any policies related to use of | Inadmissible conclusion (Fed. R. Evid. 602), Speculation (Fed. R. Evid. 602, Lacks foundation (Fed. R. Evid. 602), Lacks personal knowledge (Fed. R. Evid. 602), Irrelevant and immaterial (Fed. R. Evid. 401). | **Sustained:** ☐<br>**Overruled:** ☐ |

-8-

| SHINEE DECLARATION | OBJECTIONS | RULING |
|---|---|---|
| force in the County jails because of this litigation." | | |
| ¶ 21: "It was not until I read an editorial which was published in the Los Angeles Times on December 16, 2014 that I, or anyone at ALADS, realized that the Department and County were not defending and litigating the merits of this lawsuit but had instead decided, at some unknown time, to agree to, apparently, all the demands made by the ACLU in this suit." | Lacks foundation (Fed. R. Evid. 602), Lacks personal knowledge (Fed. R. Evid. 602), Speculation (Fed. R. Evid. 602. | **Sustained:** ☐<br>**Overruled:** ☐ |
| ¶ 22: "A copy of the LA Times December 16, 2014 editorial is attached hereto and marked as Exhibit D. This article was the first notice I or anyone at ALADS had that the Department had agreed to | Inadmissible hearsay (Fed. R. Evid. 801), Inadmissible conclusion (Fed. R. Evid. 602), Lacks foundation (Fed. R. Evid. 602), Irrelevant and immaterial (Fed. R. Evid. 401). | **Sustained:** ☐<br>**Overruled:** ☐ |

| SHINEE DECLARATION | OBJECTIONS | RULING |
|---|---|---|
| significant changes in, at least, the use of force, discipline, reporting and tracking policies for deputies assigned to the nine custody facilities run by the Department." | | |
| ¶ 24: "Based upon the information in the Times editorial, which indicated that significant changes to force and other policies in the County jails had already been agreed to by the Department, I first wrote to newly elected Sheriff McDonnell and requested that he ensure that the Department not agree to any changes in any policies affecting wages, hours, or terms and conditions of deputy sheriffs's [sic] employment without first negotiating with ALADS. | Lacks foundation (Fed. R. Evid. 602), Best evidence rule (Fed. R. Evid. 1002), Lacks personal knowledge (Fed. R. Evid. 602), Irrelevant and immaterial (Fed. R. Evid. 401). | **Sustained:** ☐ <br> **Overruled:** ☐ |

-10-

| SHINEE DECLARATION | OBJECTIONS | RULING |
|---|---|---|
| A copy of my December 19, 2014 letter to Sheriff McDonnell is attached hereto and marked as Exhibit E." | | |
| ¶ 27: "In response to my letter to Sheriff McDonnell, a meeting between ALADS and the Sheriff's Department took place on January 27, 2015. During that meeting, Commander Dan Dyer, who advised all the participants at the meeting[] that he was the Department's pointman for this litigation, stated that the Sheriff's Department was never notified of any proposed changes to policy, procedure, rules or regulations until the Implementation Plan was | Inadmissible hearsay (Fed. R. Evid. 801), Inadmissible conclusion (Fed. R. Evid. 602), Lacks foundation (Fed. R. Evid. 602), Irrelevant and immaterial (Fed. R. Evid. 401). | **Sustained:** ☐<br>**Overruled:** ☐ |

-11-

| SHINEE DECLARATION | OBJECTIONS | RULING |
|---|---|---|
| presented to him as a completed document." | | |
| ¶ 28: "It was my understanding of Commander's Dyer's statements, together with statements of other Department representatives in the meeting, that county counsel negotiated all the terms of the settlement agreement and implementation plan without including anyone from the Sheriff's Department in those discussions." | Inadmissible hearsay (Fed. R. Evid. 801), Inadmissible conclusion (Fed. R. Evid. 602), Lacks foundation (Fed. R. Evid. 602), Irrelevant and immaterial (Fed. R. Evid. 401); Speculation (Fed. R. Evid. 602; *Gray v. Shell Oil Co.*, 469 F.2d 742, 750 (9th Cir. 1972) ("Opinion testimony . . . without a factual basis in the record, is inadmissible.")). | **Sustained:**    ☐<br>**Overruled:**   ☐ |
| ¶ 29: "At no time during the meeting on January 27, 2015 did any representative for the Sheriffs Department state or produce any evidence that the Department had | Lacks foundation (Fed. R. Evid. 602), Irrelevant and immaterial (Fed. R. Evid. 401). | **Sustained:**    ☐<br>**Overruled:**   ☐ |

-12-

| SHINEE DECLARATION | OBJECTIONS | RULING |
|---|---|---|
| provided ALADS with written notice of any proposed changes to policy, procedures, rules, regulations, wages, hours or other terms and conditions of employment which were being proposed in connection with the settlement of this litigation." | | |
| ¶ 30: "During the discussion on January 27, 2015, representatives of the Sheriff's Department and the County Council's office advised the ALADS representatives present, including myself, that discussions which are currently ongoing between the appointed panel monitors, the ACLU, and the Department are intended | Lacks foundation (Fed. R. Evid. 602), Lacks personal knowledge (Fed. R. Evid. 602), Irrelevant and immaterial (Fed. R. Evid. 401). | **Sustained:** ☐ <br> **Overruled:** ☐ |

-13-

| SHINEE DECLARATION | OBJECTIONS | RULING |
|---|---|---|
| to create the changes to staffing, discipline, policy and training sought in the complaint and specified in the Settlement Agreement and Implementation Plan." | | |
| ¶ 31: "During these discussions, I, on behalf of ALADS, stated that ALADS is entitled to participate in these negotiations to protect the rights of ALADS members in connection with their terms and conditions of employment. County Counsel Rick Brouwer stated that the only way ALADS would be allowed by County Counsel to participate in those discussions was if the present intervention | Lacks foundation (Fed. R. Evid. 602), Inadmissible conclusion (Fed. R. Evid. 602), Irrelevant and immaterial (Fed. R. Evid. 401). | **Sustained:** ☐ <br> **Overruled:** ☐ |

-14-

| SHINEE DECLARATION | OBJECTIONS | RULING |
|---|---|---|
| motion is granted by this Court." | | |
| ¶ 32: "I am aware from my review of the Implementation Plan that the parties have agreed to create a use of force policy which requires a *'firm policy of zero tolerance for acts of dishonesty or failure to report uses of force.'* (Docket No. 110, Ex. B, p. 10, ¶ 13.1.) Such a revision to the present force policy will eliminate the currently existing progressive-step method of discipline required by the existing discipline policy." | Inadmissible conclusion (Fed. R. Evid. 602), Inadmissible lay opinion (Fed. R. Evid. 701), Lacks foundation (Fed. R. Evid. 602), Best evidence rule (Fed. R. Evid. 1002), Lacks personal knowledge (Fed. R. Evid. 602). | **Sustained:** ☐ **Overruled:** ☐ |
| ¶ 33: "This planned revision to the disciplinary policy likewise eliminates the purpose, intent, and integrity of the negotiated | Inadmissible conclusion (Fed. R. Evid. 602), Inadmissible lay opinion (Fed. R. Evid. 701), Lacks foundation (Fed. R. Evid. | **Sustained:** ☐ **Overruled:** ☐ |

-15-

| SHINEE DECLARATION | OBJECTIONS | RULING |
|---|---|---|
| grievance procedure set forth in ALADs'[*sic*] present MOU. The grievance procedure is designed to allow a disciplined employee a meaningful opportunity to meet with the disciplinary decision maker, prior to the implementation of discipline, for the purpose of obtaining a modification or elimination of the proposed penalty. Under the proposed policy revision, no Department manager or supervisor will have any authority or discretion to revise proposed discipline in any disciplinary case which can be interpreted to fall within these enumerated categories." | 602), Best evidence rule (Fed. R. Evid. 1002), Lacks personal knowledge (Fed. R. Evid. 602). | |
| ¶ 34: "The | Best evidence rule | **Sustained:** ☐ |

-16-

| SHINEE DECLARATION | OBJECTIONS | RULING |
|---|---|---|
| Implementation Agreement also proposes a new use of force policy which will prohibit deputy sheriffs from using force, including pepper spray or a taser, '*unless there are no other more reasonable means to control the inmate.*' (Dkt No. 110, Ex. B, p. 2, ¶ 2.5)" | (Fed. R. Evid. 1002), | Overruled: ☐ |
| ¶ 35: "The proposed revision to the present force policy will likewise, pursuant to the [T]erms of the Implementation plan, prevent deputies from using kicks as self-defense techniques unless '*there are no other more reasonable means to avoid serious physical injury.*' (Id. at ¶ 2.6.)" | Best evidence rule (Fed. R. Evid. 1002), | Sustained: ☐ Overruled: ☐ |
| ¶ 36: "Each of these modifications will eliminate the standard of | Inadmissible conclusion (Fed. R. Evid. 602), Inadmissible lay opinion | Sustained: ☐ Overruled: ☐ |

-17-

| SHINEE DECLARATION | OBJECTIONS | RULING |
|---|---|---|
| objective reasonableness, as defined by the Supreme Court in Graham v. Connor, which is presently used to determine whether a deputy's use of force is within policy. The objective standard will be replaced with an undefined, subjective standard with which it will be impossible for deputies to comply." | (Fed. R. Evid. 701), Lacks foundation (Fed. R. Evid. 602), Best evidence rule (Fed. R. Evid. 1002), Lacks personal knowledge (Fed. R. Evid. 602), Irrelevant and immaterial (Fed. R. Evid. 401). | |
| ¶ 37: "According to the terms of the Implementation Plan, Defendants plan to explain these significant policy changes to deputy sheriffs in only one initial 8 hour training class and 2 hours of annual on-going training." | Best evidence rule (Fed. R. Evid. 1002), Lacks personal knowledge (Fed. R. Evid. 602), Irrelevant and immaterial (Fed. R. Evid. 401). | Sustained: ☐ Overruled: ☐ |
| ¶ 38: "The result of these significant policy changes | Inadmissible conclusion (Fed. R. Evid. 602), | Sustained: ☐ Overruled: ☐ |

| SHINEE DECLARATION | OBJECTIONS | RULING |
|---|---|---|
| with such minimal training will absolutely result in a significant increase in discipline but no significant change in the "culture," which the parties claim is their goal in this litigation, because the subjective standards will provide deputy personnel with no guidance as to what is and is not acceptable force." | Inadmissible lay opinion (Fed. R. Evid. 701), Lacks foundation (Fed. R. Evid. 602), Lacks personal knowledge (Fed. R. Evid. 602), Irrelevant and immaterial (Fed. R. Evid. 401). | |

## III.   OBJECTIONS TO THE DECLARATION OF DON JEFFREY STECK

Plaintiffs specifically object to the following portions of the Declaration of Don Jeffrey Steck ("Steck Declaration"). ALADS's "evidence" contains numerous inadmissible statements that this Court should exclude and/or strike on the grounds set forth below:

| STECK DECLARATION | OBJECTIONS | RULING |
|---|---|---|
| ¶ 8: "Article 19, Section 1 of the negotiated MOU defines ALADS' rights under the MOU to | Best evidence rule (Fed. R. Evid. 1002), Irrelevant and immaterial (Fed. R. Evid. 401). | Sustained: ☐<br>Overruled: ☐ |

-19-

| STECK DECLARATION | OBJECTIONS | RULING |
|---|---|---|
| include:<br><br>*A. Represent its members before management representatives regarding wages, hours, and other terms and conditions of employment.*<br><br>*B. Receive timely written notice of any ordinance, rule, resolution, or regulation directly related to wages, hours, and other terms and conditions of employment."* | | |
| ¶ 13: "One of the approximately 10 Department management representatives present at the January 27, 2015 meeting was Rick Brouwer. I know Mr. Brouwer to be an attorney employed by the Office of the Los Angeles County Counsel who is assigned | Lacks foundation (Fed. R. Evid. 602), Irrelevant and immaterial (Fed. R. Evid. 401). | **Sustained:** ☐<br>**Overruled:** ☐ |

-20-

| STECK DECLARATION | OBJECTIONS | RULING |
|---|---|---|
| as counsel for the Sheriff's Department." | | |
| ¶ 14: "Also present as a management representative at the January 27, 2015 meeting was Commander Dan Dyer. I know Commander Dyer to be assigned to the Custody Division training bureau of the Sheriff's Department. At the meeting, Commander Dyer stated that he was the "point man" for the Sheriff's Department concerning this litigation." | Lacks foundation (Fed. R. Evid. 602), Irrelevant and immaterial (Fed. R. Evid. 401). | **Sustained:** ☐ **Overruled:** ☐ |
| ¶ 15: "Additionally, Lt. Daniel Lopez and Captain Greg Nelson, who I know to be assigned to the Sheriff's Department's Employee Relations Unit, were also present and participated in the January 27, 2015 meeting." | Lacks foundation (Fed. R. Evid. 602), Irrelevant and immaterial (Fed. R. Evid. 401). | **Sustained:** ☐ **Overruled:** ☐ |

-21-

| STECK DECLARATION | OBJECTIONS | RULING |
|---|---|---|
| ¶ 16: "Commander Dyer stated during the January 27, 2015 meeting that the Department could not have given ALADS the required written notice since he, as the Department's representative, was presented with the Implementation Plan as a completed document and no one from the Sheriff's Department was involved in the preparation or creation of that document." | Inadmissible conclusion (Fed. R. Evid. 602), Lacks foundation (Fed. R. Evid. 602), Irrelevant and immaterial (Fed. R. Evid. 401). | Sustained:  ☐<br>Overruled:  ☐ |
| ¶ 17: "Further, ALADS maintains, in the regular course of our business, an annual file of all incoming mail from the Sheriff's Department providing written notice of proposed changes to wages, hours, and other terms and | Inadmissible conclusion (Fed. R. Evid. 602), Lacks foundation (Fed. R. Evid. 602), Irrelevant and immaterial (Fed. R. Evid. 401). | Sustained:  ☐<br>Overruled:  ☐ |

| STECK DECLARATION | OBJECTIONS | RULING |
|---|---|---|
| conditions of employment received that year. I have reviewed the contents of each of the incoming mail files for 2012, 2013 and 2014, and there is no written notice from the Sheriff's Department that was received by ALADS, which provides notice of any intended changes to any Department policy, practice, procedure, rule or regulation as the result of the settlement agreement or otherwise related to this litigation." | | |
| ¶ 18: "During the January 27, 2015 meeting, Mr. Brower stated that the only way that ALADS would be allowed by the County to participate in the ongoing discussions concerning policy changes required by the | Inadmissible conclusion (Fed. R. Evid. 602), Inadmissible lay opinion (Fed. R. Evid. 701), Lacks foundation (Fed. R. Evid. 602), Best evidence rule (Fed. R. Evid. 1002), Lacks personal knowledge (Fed. R. Evid. 602), | **Sustained:** ☐ **Overruled:** ☐ |

-23-

| STECK DECLARATION | OBJECTIONS | RULING |
|---|---|---|
| Implementation Plan would be if this Intervention motion is granted." | Irrelevant and immaterial (Fed. R. Evid. 401). | |

Dated:  February 17, 2015

Respectfully Submitted,

ACLU FOUNDATION OF SOUTHERN CALIFORNIA

By:_____/s/ PETER ELIASBERG_____
                    PETER ELIASBERG


NATIONAL PRISON PROJECT OF THE AMERICAN CIVIL LIBERTIES UNION FOUNDATION

By:_____/s/ MARGARET WINTER_____
                    MARGARET WINTER


PAUL HASTINGS LLP

By:_____/s/ JOHN DURRANT_____
                    JOHN DURRANT

Attorneys for Plaintiffs
ALEX ROSAS and JONATHAN GOODWIN on behalf of themselves and of those similarly situated

-24-