PETER J. ELIASBERG (SB# 189110)
peliasberg@aclu-sc.org
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
1313 W. 8th Street
Los Angeles, CA 90017
Phone: (213) 977-9500
Fax: (213) 977-5299

JOHN S. DURRANT (SB# 217345)
johndurrant@paulhastings.com
ELIZABETH C. MUELLER (SB# 278283)
bethmueller@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071-2228
Phone: (213) 683-6000
Fax: (213) 627-0705

MARGARET WINTER (*pro hac vice*)
mwinter@npp-aclu.org
ERIC BALABAN (*pro hac vice*)
ebalaban@npp-aclu.org
NATIONAL PRISON PROJECT OF
THE AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
915 15th St., NW
Washington, D.C. 20005
Phone: (202) 393-4930
Fax: (202) 393-4931

Attorneys for Plaintiffs
ALEX ROSAS and JONATHAN
GOODWIN, on behalf of themselves
and of those similarly situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ROSAS and JONATHAN GOODWIN on behalf of themselves and of those similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> JIM MCDONNELL, Sheriff of Los Angeles County, in his official capacity, <br><br> Defendant. | CASE NO. CV 12-00428 DDP <br><br> **DECLARATION OF JOHN S. DURRANT IN SUPPORT OF PLAINTIFFS' OPPOSITION TO ALADS'S MOTION TO INTERVENE** <br><br> **[PLAINTIFFS' OPPOSITION TO ALADS'S MOTION TO INTERVENE, DECLARATION OF ESTHER LIM, AND OBJECTIONS TO EVIDENCE FILED AND SERVED CONCURRENTLY HEREWITH]** <br><br> Date:　　March 9, 2015 <br> Time:　　10:00 a.m. <br><br> Honorable Dean D. Pregerson <br> Ctrm: 3 |

## DECLARATION OF JOHN S. DURRANT

1.      I am an attorney at law admitted to practice before the courts of the State of California and before this Court.  I am a partner with the law firm of Paul Hastings LLP ("Paul Hastings"), and am counsel of record for Plaintiffs in this litigation.  I make this declaration in support of Plaintiffs' Opposition to ALADS's Motion to Intervene.  If called as a witness, I would and could competently testify to the facts stated herein, all of which are within my personal knowledge, except as otherwise noted.

2.      On September 28, 2012, the Citizens' Commission on Jail Violence issued a report to the Los Angeles County Board of Supervisors ("Board of Supervisors") concerning allegations of excessive use of force in the Los Angeles County jails.  Attached hereto as Exhibit "A" is a true and correct copy of the document entitled "Report of the Citizens' Commission on Jail Violence" dated September 28, 2012, which was obtained by my office from the County of Los Angeles's ("County") publically available website located at http://ccjv.lacounty.gov/wp-content/uploads/2012/09/CCJV-Report.pdf.

3.      On January 18, 2012, Plaintiffs Alex Rosas and Jonathan Goodwin filed the Complaint on behalf of a putative class of all current and future members of Men's Central Jail, Twin Towers Correctional Facility, and the Inmate Reception Center (collectively, "Jails").  The Complaint chronicled dozens of incidents of savage beatings of inmates in the Jails and threats of violence by Los Angeles Sheriff's Department ("LASD") deputies, and alleged violations of inmates' Eighth Amendment and Fourteenth Amendment rights.  Plaintiffs' initiation of the instant lawsuit received a considerable amount of press.

(A)     Attached hereto as Exhibit "B" is a true and correct copy of the *Los Angeles Times* article entitled "LASD brass failed to root out deputy abuse, ACLU suit alleges" dated January 18, 2012, which was obtained by my office from

the *Los Angeles Times's* publically available website located at http://latimesblogs.latimes.com/lanow/2012/01/lasd-brass-failed-to-root-out-deputy-abuse-aclu-suit-alleges.html.

(B)     Attached hereto as Exhibit "C" is a true and correct copy of the *LA Weekly* article entitled "ACLU Sues Sheriff Lee Baca & Undersheriff Paul Tanaka Over Long-Standing Violence Against Inmates" dated January 18, 2012, which was obtained by my office from the *LA Weekly's* publically available website located at http://www.laweekly.com/news/aclu-sues-sheriff-lee-baca-and-undersheriff-paul-tanaka-over-long-standing-deputy-violence-against-inmates-2390808.

(C)     Attached hereto as Exhibit "D" is a true and correct copy of the *Los Angeles Daily News* article entitled "ACLU files class action lawsuit against L.A. County Sherriff Lee Baca, top brass" dated January 18, 2012, which was obtained by my office from the *Los Angeles Daily News's* publically available website located at http://www.dailynews.com/general-news/20120118/aclu-files-class-action-lawsuit-against-la-county-sheriff-lee-baca-top-brass.

(D)     Attached hereto as Exhibit "E" is a true and correct copy of the *Los Angeles Times* article entitled "ACLU sues L.A. County Sheriff's Department" dated January 19, 2012, which was obtained by my office from the Los Angeles Times's publically available website located at http://articles.latimes.com/2012/jan/19/local/la-me-jails-aclu-20120119.

(E)     Attached hereto as Exhibit "F" is a true and correct copy of the 89.3 KPCC Southern California Public Radio ("KPCC") article entitled "The ACLU files suit against the L.A. County Sherriff's Department" dated January 19, 2012, which was obtained by my office from the KPCC's publically available website located at http://www.scpr.org/programs/patt-morrison/2012/01/19/22187/the-aclu-charges-the-la-country-sheriffs-departmen/. Upon information and belief, KPCC broadcasted a 14-minute news story regarding the *Rosas* lawsuit on

DURRANT DECL. ISO PLS.' OPP'N TO
ALADS'S MOT. TO INTERVENE

January 19, 2012, which featured interviews with Peter Eliasberg of the ACLU and Steve Whitmore, spokesperson for the LASD. An audio recording of the interview is available at the above website.

(F)    Attached hereto as Exhibit "G" is a true and correct copy of the NBC Los Angeles article entitled "ACLU Files Lawsuit Against Sheriff Baca Over Inmate Abuse" dated January 19, 2012, which was obtained my office from the NBC Los Angeles's publically available website located at http://www.nbclosangeles.com/news/local/ACLU-Lawsuit-Sheriff-Lee-Baca-Inmate-Abuse-Brutality--137624143.html.

(G)    Attached hereto as Exhibit "H" is a true and correct copy of the *National Law Journal* article entitled "ACLU alleges 'pattern and practice of deputy-on-inmate violence' in L.A. jails" dated February 1, 2012, which was obtained my office from the *National Law Journal's* publically available website on February 2, 2012.

4.    Starting in the spring of 2012, Plaintiffs and Defendants began to communicate regarding the possibility of settling the *Rosas* litigation. On April 24, 2012, counsel for Plaintiffs sent Defendant a detailed framework for settlement. Subsequently, on June 29, 2012, Defendant filed a request to schedule a settlement conference before a judicial officer. Following briefing, the Court scheduled and ultimately held a settlement conference with counsel for Plaintiffs and Defendant (collectively, "the Parties") on October 12, 2012.

5.    Between July 11, 2012 and February 14, 2014, the Parties engaged in discovery and briefing on discovery issues to aid in the settlement of this action. For instance, on July 11, 2012, Plaintiffs propounded 145 requests for production and 20 interrogatories on Defendant. Subsequently, in February 2013, the Parties agreed to narrow the scope of the requests to help facilitate a cost-efficient and timely settlement of the action. Defendant ultimately produced nearly 100,000 pages of documents and video recordings to Plaintiffs. Attached hereto as Exhibit

-3-    DURRANT DECL. ISO PLS.' OPP'N TO
ALADS'S MOT. TO INTERVENE

"I" is a true and correct copy of the February 14, 2014, letter from Defendant's counsel to Plaintiff's counsel regarding: "Rosas, et al. v. Baca, U.S.D.C. Case No. CV 12-00428 DDP (SHx)."

6.      Members of the LASD were actively involved in the negotiations of the Settlement Agreement, Action Plan, and other related issues, such as revisions of the extraction policies used in the Jails.  Indeed, members of the LASD attended settlement conferences with Plaintiffs' counsel, Defendant's counsel, and County's counsel that were presided over by the Honorable Dean D. Pregerson.

(A)     Attached hereto as Exhibit "J" is a true and correct copy of the October 13, 2014 correspondence from Richard Drooyan of the Expert Panel to Assistant Sheriff Terri McDonald of the LASD, *et al.*, regarding the Final Implementation Plan.

(B)     Attached hereto as Exhibit "K" is a true and correct copy of the October 1, 2014 e-mail from Ms. McDonald to Mr. Drooyan, *et al.*, regarding "Court Monitor Recommendations (Sept 30) (red-lined)."

(C)     Attached hereto as Exhibit "L" is a true and correct copy of the June 5, 2014 e-mail from Mr. Eliasberg to Ms. McDonald and Chief Eric Parra of the LASD, *et al.*, regarding "Rosas v. Scott – Settlement document per court order," with the attachment "Rosas Settlement Agreement Ps Revision."

(D)     Attached hereto as Exhibit "M" is a true and correct copy of the March 21, 2014 e-mail from Mr. Eliasberg to Christy Guyovich, Scott Walker, Steven Smith, Victor Trujillo, Clay Porlier, Anthony Peck, Joseph Dempsey, and Victor Allende of the LASD, *et al.*, regarding "Proposed revisions to extraction policies," with the attachment "Inmate Extraction Policy ACLU response to LASD response 03212014."

(E)     Attached hereto as Exhibit "N" is a true and correct copy of the January 9, 2014 email from Mr. Eliasberg to Ms. Guyovich, Paul Pietrantoni, Mr. Walker, Dana Ellison, Mr. Parra, Ms. McDonald, Mr. Smith, and Cherry

-4-                    DURRANT DECL. ISO PLS.' OPP'N TO
                       ALADS'S MOT. TO INTERVENE

Monteagudo of the LASD, *et al.*, regarding "Proposed revisions to extraction policies."

7.     The Parties executed the Settlement Agreement in late September 2014, followed by the Expert Panel's finalization of the Action Plan in October 2014. Attached hereto as Exhibits "O" and "P" respectively are true and correct copies of the Settlement and Action Plan. The Settlement required the parties to move for preliminary approval by January 6, 2015. The Action Plan requires the LASD to make certain changes, and in some cases provides guidelines, but it does not dictate the precise details of such changes. For example, Section 10.1 of the Action Plan provides that senior managers from the rank of Unit Commanders and above "should be required to periodically tour the jail facilities, including nights and weekends." The Action Plan also provides for a minimal of eight hours of initial training and two hours of ongoing training to explain the policy changes created by the Action Plan.

8.     Upon information and belief, following the finalization of the Settlement Agreement and Action Plan, Defendant submitted the documents to the Board of Supervisors for approval. The fact that the Board of Supervisors was discussing the instant litigation was listed on the Board of Supervisors' agendas, which are publicly available on the County's website, on at least three occasions.

(A)     Attached hereto as Exhibit "Q" is a true and correct copy of the "Statement of Proceedings for the Regular Meeting of the Board of Supervisors of the County of Los Angeles" dated November 12, 2014, which was obtained by my office from the County's publically available website located at http://file.lacounty.gov/bos/sop/cms1_221597.pdf.

(B)     Attached hereto as Exhibit "R" is a true and correct copy of the "Statement of Proceedings for the Regular Meeting of the Board of Supervisors of the County of Los Angeles" dated December 9, 2014, which was obtained by my

-5-                    DURRANT DECL. ISO PLS.' OPP'N TO
                      ALADS'S MOT. TO INTERVENE

office from the County's publically available website located at http://file.lacounty.gov/bos/sop/cms1_222143.pdf.

(C)    Attached hereto as Exhibit "S" is a true and correct copy of the "Statement of Proceedings for the Regular Meeting of the Board of Supervisors of the County of Los Angeles" dated December 16, 2014, which was obtained by my office from the County's publically available website located at http://file.lacounty.gov/bos/sop/cms1_222322.pdf.

9.    On December 16, 2014, counsel for ALADS sent correspondence to the Parties' counsel by e-mail regarding its intention to intervene in this lawsuit. Plaintiffs' counsel replied by e-mail on December 24, 2014. Attached hereto as Exhibit "T" is a true and correct copy of the December 24, 2014 email from Elizabeth Mueller, counsel for Plaintiffs, to Elizabeth Gibbons, counsel for ALADS, regarding "Rosas v. Scott, Case No. CV 12-00428 DDP," with attached letter.

10.    Counsel for the Parties met and conferred with ALADS's counsel by telephone on December 30, 2014 and January 5, 2015. During the December 30, 2014 conference call, Richard Shinee, counsel for ALADS, indicated that he had not reviewed the Settlement Agreement even though it was publicly available on the websites of the ACLU and LASD. Counsel for Plaintiffs' subsequently sent counsel for ALADS an e-mail with a hyperlink to view a copy of the Settlement Agreement on the ACLU's website. Attached hereto as Exhibit "U" is a true and correct copy of the December 30, 2014 e-mail from Mr. Eliasberg to Ms. Gibbons regarding "Rosas v. Baca."

11.    Following the January 5, 2015 meet and confer, the earliest date that ALADS could have filed its Motion to Intervene was January 15, 2015 under Local Rule 7-3.

DURRANT DECL. ISO PLS.' OPP'N TO
ALADS'S MOT. TO INTERVENE

12.    Upon information and belief, Defendant provided the required notice to the government pursuant to the Class Action Fairness Act on January 15, 2015.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed this 17th day of February, 2015, at Los Angeles, California.

By: _____

John S. Durrant

LEGAL_US_W # 811099916.2

-7-    DURRANT DECL. ISO PLS.' OPP'N TO ALADS'S MOT. TO INTERVENE