PETER J. ELIASBERG (SB# 189110)
peliasberg@aclu-sc.org
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
1313 W. 8th Street
Los Angeles, CA 90017
Phone:  (213) 977-9500
Fax:     (213) 977-5299

JOHN S. DURRANT (SB# 217345)
johndurrant@paulhastings.com
ELIZABETH C. MUELLER (SB# 278283)
bethmueller@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071-2228
Phone:  (213) 683-6000
Fax:     (213) 627-0705

MARGARET WINTER (*pro hac vice*)
mwinter@npp-aclu.org
ERIC BALABAN (*pro hac vice*)
ebalaban@npp-aclu.org
NATIONAL PRISON PROJECT OF
THE AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
915 15th St., NW
Washington, D.C. 20005
Phone: (202) 393-4930
Fax:     (202) 393-4931

Attorneys for Plaintiffs
ALEX ROSAS and JONATHAN
GOODWIN, on behalf of themselves
and of those similarly situated

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ROSAS and JONATHAN GOODWIN on behalf of themselves and of those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JIM MCDONNELL, Sheriff of Los Angeles County, in his official capacity,<br><br>Defendant. | CASE NO. CV 12-00428 DDP<br><br>**PLAINTIFFS' EVIDENTIARY OBJECTIONS TO ALADS'S REPLY DECLARATION OF RICHARD A. SHINEE**<br><br>Date:       March 9, 2015<br>Time:       10:00 a.m.<br><br>Honorable Dean D. Pregerson<br>Ctrm:  3 |

## I.    **PREFATORY STATEMENT**

As set forth below, Plaintiffs submit the following evidentiary objections to the Declaration of Richard A. Shinee, submitted by the Association for Los Angeles Deputy Sheriffs ("ALADS") in support of its Replies to Plaintiffs' and Defendant's Oppositions to ALADS's Motion to Intervene ("Shinee Reply Declaration"). The Shinee Reply Declaration contains numerous self-serving statements unsupported by admissible facts. These statements should not be considered by the Court. *See* C.D. Cal. Civ. R. 7-7 ("Declarations shall contain only factual, evidentiary matter and shall conform as far as possible to the requirements of F. R. Civ. P. 56(c)(4)."); Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."); *see also United States v. Dibble*, 429 F.2d 598, 601-02 (9th Cir. 1970) (improper declarations are subject to a timely objection and may be stricken).

## II.    **OBJECTIONS TO THE SHINEE REPLY DECLARATION**

Plaintiffs specifically object to the following portions of the Shinee Reply Declaration. ALADS's "evidence" contains numerous inadmissible statements that this Court should exclude and/or strike on the grounds set forth below:

| SHINEE REPLY DECLARATION | OBJECTIONS | RULING |
|---|---|---|
| ¶ 23: ". . . I also asked, at the January 29, 2015 meeting, if any of the Department representatives present had the authority to agree to any changes to the | Inadmissible conclusion (Fed. R. Evid. 602); Lacks foundation (Fed. R. Evid. 602); Irrelevant and immaterial (Fed. R. Evid. 401); Best Evidence Rule (Fed. R. Evid. 1002). | **Sustained:** ☐<br>**Overruled:** ☐ |

| SHINEE REPLY DECLARATION | OBJECTIONS | RULING |
|---|---|---|
| proposed policy and rule modifications required by the Implementation Plan which were being discussed at the meeting. Mr. Brouwer stated that any changes had to be agreed to by both the Panel of three experts as well as the Plaintiffs in this litigation." | | |
| ¶ 24: "My response to this statement by Mr. Brower was that ALADS is therefore entitled to negotiate these proposed rule changes directly with Plaintiffs and the panel. Mr. Brouwer replied that the only way those negotiations would happen is if this intervention Motion is granted. . . ." | Lacks foundation (Fed. R. Evid. 602); Irrelevant and immaterial (Fed. R. Evid. 401). | Sustained:  ☐<br>Overruled:  ☐ |

PLS.' EVIDENTIARY OBJECTIONS
TO SHINEE REPLY DECL.

| | | |
|---|---|---|
| ¶ 26: "In addition, during the first meeting on January 27, 2015 Commander Dyer volunteered to the ALADS bargaining team that neither he nor anyone from the Sheriff's Department had any involvement at all in the preparation or creation of the Implementation Plan. Commander Dyer stated that he was handed the Implementation Plan as a completed document, or as he characterized it, '*a done deal*,' to which the Department had no initial input, and was told '*this is what is going to the Court*.'" | Speculation (Fed. R. Evid. 602); Lacks foundation (Fed. R. Evid. 602); Irrelevant and immaterial (Fed. R. Evid. 401). | **Sustained:** ☐  **Overruled:** ☐ |
| ¶ 28: "At the second meeting, on January 30, 2015, Commander Dyer was asked directly if he | Lacks foundation (Fed. R. Evid. 602); Irrelevant and immaterial (Fed. R. Evid. 401). | **Sustained:** ☐  **Overruled:** ☐ |

-3-

| | | |
|---|---|---|
| was involved in the preparation of the content of the Implementation Plan. Contrary to his representations to this Court in his Declaration, Commander Dyer stated to ALADS that no one from the Department had any input into the Implementation Plan, that it was prepared by County Counsel representing the County not the Sheriff's Department, Plaintiffs' counsel and the Panel, and that he first saw the plan as a completed 'done deal' at an unknown time in approximately late Fall of 2014." | | |
| ¶ 53: "While I did read some, but not all of the ACLU's media releases concerning its filing of the present lawsuit, neither I | Inadmissible conclusion (Fed. R. Evid. 602); *Heighley v. J.C. Penney Life Ins. Co.*, 257 F. Supp. 2d 1241, 1261 (C.D. Cal. | **Sustained:**  ☐ <br> **Overruled:**  ☐ |

PLS.' EVIDENTIARY OBJECTIONS
TO SHINEE REPLY DECL.

| | | |
|---|---|---|
| nor ALADS was ever notified by the Department, in writing, as required by Government Code section 3504.5, that it was entering into settlement negotiations concerning this lawsuit and that the negotiations were aimed at changing the existing force and disciplinary policies of the Department." | 2003) (declarant's "conclusory legal opinions" inadmissible); Inadmissible lay opinion (Fed. R. Evid. 701); Lacks foundation (Fed. R. Evid. 602); Lacks personal knowledge (Fed. R. Evid. 602); Irrelevant and immaterial (Fed. R. Evid. 401). | |
| ¶ 54: "Contrary to the representations and arguments asserted by Plaintiffs in their opposition papers, however, neither I nor ALADS was on notice, either actual or constructive, of the relief sought in the complaint, or of the parties' involvement in any discovery procedures, or | Inadmissible conclusion (Fed. R. Evid. 602); *S.W. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001) (court need not credit conclusory allegations in motion to intervene and supporting declarations); *Floyd v. City of New York*, 302 F.R.D. 69, 97 (S.D.N.Y. 2014) ("[C]ourts [are not | **Sustained:** ☐  **Overruled:** ☐ |

-5-

| | | |
|---|---|---|
| the parties involvement in any settlement negotiations, until after I read the December 19, 2014 editorial in the Times concerning the agreed upon settlement of the lawsuit." | permitted] to turn a blind eye where the allegations [on a motion to intervene] are contradicted or unsupported by 'credible' proof . . ." (citation omitted)), *aff'd in part, appeal dismissed in part*, 770 F.3d 1051 (2d Cir. 2014); Inadmissible lay opinion (Fed. R. Evid. 701); Lacks foundation (Fed. R. Evid. 602); Lacks personal knowledge (Fed. R. Evid. 602); Irrelevant and immaterial (Fed. R. Evid. 401). | |
| ¶ 55: "Further, prior to my review of the Times editorial, I was not aware that this lawsuit would negatively impact ALADS or its rights. I understood this lawsuit to be concerned with specific alleged acts of excessive | Inadmissible conclusion (Fed. R. Evid. 602); Inadmissible lay opinion (Fed. R. Evid. 701); Lacks foundation (Fed. R. Evid. 602); Irrelevant and immaterial (Fed. R. Evid. 401). | **Sustained:**   ☐<br>**Overruled:**   ☐ |

PLS.' EVIDENTIARY OBJECTIONS
TO SHINEE REPLY DECL.

| | | |
|---|---|---|
| force against inmates. These types of lawsuit are filed regularly against the Sheriff's Department, the County, and often the allegedly involved Deputy." | | |
| ¶ 56:  "The County, not ALADS, is statutorily required to provide a defense for the named deputy and to indemnify the deputy for any non-punitive damages awarded by a jury. ALADS simply does not have the time or the resources to monitor the court dockets of every lawsuit filed against the sheriff's department alleging use of excessive force." | Inadmissible conclusion (Fed. R. Evid. 602); Lacks foundation (Fed. R. Evid. 602); Irrelevant and immaterial (Fed. R. Evid. 401). | **Sustained:**     ☐<br>**Overruled:**     ☐ |
| ¶ 57:  "Every conversation I had with a Sheriff's Department manager | Inadmissible conclusion (Fed. R. Evid. 602); Lacks personal knowledge | **Sustained:**     ☐<br>**Overruled:**     ☐ |

| | | |
|---|---|---|
| concerning the present lawsuit between 2012 and 2014 was that the lawsuit was being defended on the merits due to the lack of merit to the substantive allegations." | (Fed. R. Evid. 602); Lacks foundation (Fed. R. Evid. 602); Irrelevant and immaterial (Fed. R. Evid. 401). | |
| ¶ 58: "Many Department managers and executives expressed to me, during this same time frame, a concern that the United States Department of Justice intended to seek a Consent Decree against the Department concerning the use of force in the County jails, and that such consent decree, like the numerous consent decrees which the Federal Government has obtained in major metropolitan areas throughout the County, would significantly | Speculation (Fed. R. Evid. 602); Lacks personal knowledge (Fed. R. Evid. 602); Lacks foundation (Fed. R. Evid. 602); Irrelevant and immaterial (Fed. R. Evid. 401). | **Sustained:** ☐ <br> **Overruled:** ☐ |

PLS.' EVIDENTIARY OBJECTIONS
TO SHINEE REPLY DECL.

| change the Department's use of force policy." | | |
| --- | --- | --- |

Dated:  March 4, 2015

Respectfully Submitted,

ACLU FOUNDATION OF
SOUTHERN CALIFORNIA

By:_____ /s/ PETER ELIASBERG_____
                    PETER ELIASBERG


NATIONAL PRISON PROJECT OF THE
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION

By:_____ /s/ MARGARET WINTER_____
                    MARGARET WINTER


PAUL HASTINGS LLP

By:_____ /s/ JOHN DURRANT_____
                    JOHN DURRANT

Attorneys for Plaintiffs
ALEX ROSAS and JONATHAN GOODWIN on
behalf of themselves and of those similarly
situated

PLS.' EVIDENTIARY OBJECTIONS
TO SHINEE REPLY DECL.

# CERTIFICATE OF SERVICE

I, John S. Durrant, hereby certify that, on March 3, 2015, the foregoing was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the NEF, and paper copies will be sent to those indicated as non-registered participants.

/s/   John S. Durrant
John S. Durrant