14-0406\PMSNSA150309.ejg
GREEN & SHINEE, P.C.
ELIZABETH J. GIBBONS
Bar No. 147033
Attorneys at Law
16055 Ventura Boulevard
Suite 1000
Encino, California 91436
(818) 986-2440

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ROSAS, et al.,<br><br>    Plaintiffs<br>v.<br><br>JIM MCDONNELL, Sheriff of Los Angeles County, in his official capacity,<br><br>    Defendant<br><br>ASSOCIATION FOR LOS ANGELES DEPUTY SHERIFFS, On Behalf of Its Members,<br><br>    Proposed Intervener | Civ. No. 2:12 CV 00428-DDP-SH<br><br>**INTERVENER'S REQUEST TO STRIKE PLAINTIFFS' IMPROPER NOTICE OF SUPPLEMENTAL AUTHORITIES**<br><br>DATE:      March 16, 2015<br>TIME:      10:00 A.M.<br>PLACE:    Ctrm 3<br>               Hon. Dean D. Pregerson |

Proposed Interveners, the Association for Los Angeles Deputy Sheriffs, respectfully requests that the Court strike, and not consider, the unauthorized sur-reply brief, which was filed by Plaintiffs on March 6, 2015, under the title Notice of Supplemental Authorities.

In *Nichols v. Harris*, 17 F.Supp3d. 989, 996, n.3 (C.D.CA. 2014) the Court explained that the filing of a Notice of Supplemental Authorities was appropriate to inform the Court of a *new* judicial opinion, but it was improper to add additional argument concerning the relevancy, or lack thereof, of the new decision. See also, *Samp v. J.P. Morgan Chase Bank, NA*, 2013 U.S.Dist.LEXIS 67958, *7-8, fn. 3 (accepting a party's Notice of Supplemental Authorities but rejecting the additional

1

arguments accompanying those authorities as improper sur-rebuttal); March 4, 2015 Memorandum from Hon. Cynthia Beshant, directing that Notices of Supplemental Authority shall not be filed without prior leave of court.

Local Rule 7-9, Opposing Papers, provides:

*Each opposing party shall, not later than ten(10) days after service of the motion in the instance of a new trial motion **and not later than twenty-one (21) days before the date designated for the hearing of the motion in all other instances**, serve upon all other parties and file with the Clerk either (a) the evidence upon which the opposing party will rely in opposition to the motion and a brief but complete memorandum which shall contain **a statement of all the reasons in opposition thereto** and the points and authorities upon which the opposing party will rely, or (b) a written statement that that party will not oppose the motion.*

Nothing in either the F.R.Civ.P or this Court's Local Rules, allows for the unilateral filing of a sur-rebuttal brief, or a Notice of Supplemental Authorities containing additional argument and evidence, by any party.

Here, Plaintiffs offered as "Supplemental Authority" a decision issued in October, 2014, some 4 months prior to the deadline for filing Plaintiffs' opposition papers. A Notice of Supplemental Authorities is not designed to allow a party to submit authorities which it forgot, or overlooked, but only new authority, issued following the filing dates of the authorized briefs.

Significantly, the parties stipulated, and this Court ordered, a briefing schedule based upon the Defendants' request for additional time to prepare their opposition. (See, Doc. 115, 116.) That briefing order required the briefing on this Motion to be completed on February 24, 2015. (Derc. 115, p.2.) There was no provision made for the filing of a sur-rebuttal, or the submission of any additional argument or evidence by any party after that date.

Plaintiffs here not only added additional arguments, which are not generally proper in a Notice of Supplemental Authorities in a trial court proceeding, but have also included additional evidence for the Court to consider. The addition of evidence not previously provided to the opposing party is not, under any circumstances, proper in a Notice of Additional Authorities. The Federal Rules of Civil Procedure do not confer upon a litigant the unilateral, absolute right to reopen a briefing schedule and completed motion record, at its leisure, to inject previously available materials that the litigant decides on further reflection it wants to include.

Plaintiffs here offer no legitimate explanation for their failure to cite and discuss, in their opposition brief, when ALADS would have had a meaningful opportunity to reply to those arguments, the October 31, 2014 decision in *Floyd v. City of New York*. The *Floyd* case involved litigation, and the City of New York's decision to stop litigating, over the NYPD's "stop and frisk" policy. This policy, and the newly elected New York City Mayor's decision to stop defending the policy, *after litigation and a judicial determination that the City's policy was unconstitutional*, a circumstance not present in this case, received far more publicity than did the decision of the parties in this case to settle this litigation with a negotiated plan for sweeping reform of Sheriff's Department policies related to mandatory subjects of collective bargaining. Plaintiffs themselves rely on the wide spread media attention focused on the *Floyd* litigation to oppose ALADS' present Motion, yet never explain why they were unaware of the *Floyd* litigation, or this published decision in this highly publicized case, until almost three weeks after all their reasons for opposing this Motion were required to be filed.

ALADS respectfully submits that Plaintiffs' Notice of Supplemental Authorities is improper, should be stricken, and not considered by this Court in determining the merits of this Motion. In the event that this Court chooses to consider the additional argument and evidence presented by Plaintiffs in the Notice of Supplemental Authorities, ALADS would respectfully request additional time to

3

properly and fully respond to the new evidence and arguments offered by Plaintiffs prior to the hearing on this Motion.

Dated: March 9, 2015                    Respectfully submitted,

                                        GREEN & SHINEE, A P.C.


                           By:          _____//SS//_____
                                        ELIZABETH J. GIBBONS
                                        Attorneys for Plaintiffs

<u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA            )
                                              ) ss.
COUNTY OF LOS ANGELES )

I am a citizen of the United States and a resident of the County aforesaid; I am over the age of eighteen years and not a party to the within action; my business address is 16055 Ventura Boulevard, Suite 1000, Encino, California, 91436.

On the date written below, I served the within

**INTERVENER'S REQUEST TO STRIKE PLAINTIFFS' IMPROPER NOTICE OF SUPPLEMENTAL AUTHORITIES**

**re: <u>Rosas v. Baca et al.,</u>**
**Case No. CV 00428-DDP-SH**

on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Encino, California, addressed as follows:

**SEE SERVICE LIST**

**XX**    (**FEDERAL**) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 10, 2015, at Encino, California.

_____
            _//S//_
            Karen Asseraf

5

<u>PROOF OF SERVICE MAILING LIST</u>

Donna D. Melby, Esq.
Paul Hastings L.L.P.
515 South Flower Street, 25th Floor
Los Angeles, CA 90071-2228

Eric G. Balaban ACLU National Prison Project
915 Fifteenth Street NW, 7th Floor
Washington, D.C. 20005

Peter J. Eliasberg
ACLU Foundation of Southern California
1313 West Eight Street, Suite 200
Los Angeles, CA 90017

Paul Beach
Lawrence, Beach, Allen & Choi, LLP
100 West Broadway, Suite 1200
Glendale, CA 91210