PETER J. ELIASBERG (SB# 189110)
peliasberg@aclu-sc.org
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
1313 W. 8th Street
Los Angeles, CA 90017
Phone: (213) 977-9500
Fax: (213) 977-5299

JOHN S. DURRANT (SB# 217345)
johndurrant@paulhastings.com
ELIZABETH C. MUELLER (SB# 278283)
bethmueller@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071-2228
Phone: (213) 683-6000
Fax: (213) 627-0705

MARGARET WINTER (*pro hac vice*)
mwinter@npp-aclu.org
ERIC BALABAN (*pro hac vice*)
ebalaban@npp-aclu.org
NATIONAL PRISON PROJECT OF
THE AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
915 15th St., NW
Washington, D.C. 20005
Phone: (202) 393-4930
Fax: (202) 393-4931

Attorneys for Plaintiffs
ALEX ROSAS and JONATHAN
GOODWIN, on behalf of themselves
and of those similarly situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ROSAS and JONATHAN GOODWIN on behalf of themselves and of those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JIM MCDONNELL, Sheriff of Los Angeles County, in his official capacity,<br><br>Defendant. | CASE NO. CV 12-00428 DDP<br><br>**DECLARATION OF JOHN S. DURRANT IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT**<br><br>[NOTICE OF MOTION AND MOTION, MEMORANDUM OF LAW, DECLARATIONS OF PETER ELIASBERG, ESTHER LIM, MARGARET WINTER, ELDON VAIL, AND CHRISTIAN LEBANO FILED AND SERVED CONCURRENTLY HEREWITH]<br><br>Date:  April 20, 2015<br>Time:  10:00 a.m.<br><br>Honorable Dean D. Pregerson<br>Ctrm: 3 |

# DECLARATION OF JOHN S. DURRANT

1. I am an attorney at law admitted to practice before the courts of the State of California and before this Court. I am a partner with the law firm of Paul Hastings LLP ("Paul Hastings"), and am counsel of record for Plaintiffs Alex Rosas and Jonathan Goodwin and the Plaintiff Class (collectively, "Plaintiffs") in this litigation. I make this declaration in support of Plaintiffs' Motion for Final Approval of Settlement. If called as a witness, I would and could competently testify to the facts stated herein, all of which are within my personal knowledge, except as otherwise noted.

2. I have worked at Paul Hastings since 2001. In 2013, I became a partner in our Los Angeles office. As a partner, I am familiar with our firm's billing rates and practices.

3. I have reviewed the billing records and cost disbursements related to the work performed by Paul Hastings in this litigation.

4. From the inception of this action, this has been a complex and hard-fought action by both Plaintiffs and Defendant (collectively, the "Parties"). Between July 11, 2012 and February 14, 2014, the Parties engaged in voluminous discovery and briefing on discovery issues. Plaintiffs initially propounded 145 requests for production and 20 interrogatories on Defendant. In February 2013, Plaintiffs agreed to narrow the scope of their requests to help facilitate a cost-efficient and timely settlement of the action. Defendant ultimately produced nearly 100,000 pages of documents and video recordings to Plaintiffs. Attached hereto as Exhibit "A" is a true and correct copy of correspondence dated February 14, 2014 from Tammy Kim regarding Defendant's twentieth production of documents. Plaintiffs' counsel reviewed a significant percentage of the records produced by Defendant in discovery. Indeed, based on Plaintiffs' review of certain incident reports and video recordings, Plaintiffs' counsel successfully advocated for

1  Defendant to make significant revisions to the Los Angeles Sheriff's Department's
2  use of force and extraction policies.
3     5.     The Parties engaged in extensive negotiations to reach a settlement
4  agreement in this matter. Settlement discussions began in June 2012 and continued
5  for more than two years, until a preliminary agreement was reached in September
6  2014. During this time, the Parties engaged in voluminous correspondence and
7  numerous face-to-face negotiations with the extensive involvement of this Court.
8  These negotiations were non-collusive and were conducted at arm's length and in
9  good faith. Throughout the course of the negotiations, the Parties each made many
10 compromises in order to reach an agreement that was acceptable both sides.
11    6.     Upon information and belief, Defendant provided the required
12 notice to the government pursuant to the Class Action Fairness Act ("CAFA") on
13 January 16, 2015. Attached hereto as Exhibits "B" and "C" are true and correct
14 copies of correspondence dated January 16, 2015 from Justin W. Clark to the
15 Attorney General of the United States and the Office of the Attorney General of
16 California providing notice of the proposed settlement pursuant to CAFA.

**Fees and Costs Incurred From January 1, 2012 to July 1, 2014**

19    7.     From January 1, 2012 to July 1, 2014, our attorneys, paralegals, and
20 staff worked more than 1985.2 hours on this matter. Under our firm's standard
21 billing rates, Paul Hastings would have billed $1,155,660.00 for the 1985.2 hours of
22 work it performed during this time period.
23    8.     Under the Prison Litigation Reform Act ("PLRA"), the hourly rate
24 used to calculate attorneys' fees in lawsuits brought by prisoners is limited to 150%
25 of the rate established for payment of court-appointed counsel. The current hourly
26 rate set for court-appointed counsel is $141 per hour; therefore, the hourly rate
27 applicable to calculating Plaintiffs' attorneys' fees in this litigation is $211.50 per
28 hour. Further, the hourly rate applicable to calculating fees for paralegals, support

staff, and legal interns is $200.00 per hour. Under these measures, the value of Paul Hastings's work in this matter from January 1, 2012 to July 1, 2014 totals $418,987.75.

9. The costs incurred by Paul Hastings in this matter total $40,679.91 from January 1, 2012 to July 1, 2014. The costs incurred by Paul Hastings include, but are not limited to, filing fees; costs relating to process servers, couriers, and postage; photocopying fees; costs incurred from use of electronic databases for legal research; fees relating to administration of an electronic document repository for discovery; parking fees for court appearances, settlement conferences, and other meetings with Defendant; and fees relating to conference calls.

**Fees and Costs Incurred From January 1, 2012 to March 18, 2015**

10. From January 1, 2012 to March 18, 2015, our attorneys and paralegals have worked more than 2,438.6 hours on this matter. The 2,438.6 hours performed by Paul Hastings in this matter comprises the following:

(A) 177.40 hours were spent on work relating to the Complaint and First Amended Complaint, including, but not limited to, pre-filing investigation and research; preparation of each pleading; preparation of the Notice of Interested Parties, the Notice of Related Cases, and other ancillary papers; and attention to the filing and service of the Complaint and First Amended Complaint.

(B) 206.60 hours were spent on work relating to class certification, including, but not limited to, preparation of the Motion for Class Certification, declarations, and other ancillary papers; preparation of responses to evidentiary objections filed by Defendant; and preparation for the hearing on class certification.

(C) 247.20 hours were spent reviewing and responding to Defendant's pleading challenges, motion to disqualify the ACLU as counsel, and Answer, including preparation of oppositions to Defendant's Motions to Dismiss and Request to Strike; preparation of the Opposition to the Motion to Disqualify the

-3- DURRANT DECL. ISO PLS.' MOTION FOR FINAL APPROVAL OF SETTLEMENT

ACLU as Counsel; preparation for the hearings on the aforementioned motions; and reviewing Defendant's Answer to the First Amended Complaint.

(D)  795.05 hours were spent on work relating to discovery, including, but not limited to, preparation of the Rule 26(f) initial status report; preparation of the protective order and negotiations relating thereto; preparation of discovery requests; review and analysis of extensive discovery produced by Defendant; correspondence with expert witnesses; preparation of expert declarations; and correspondence with Defendant regarding discovery issues.

(E)  584.75 hours were spent on work relating to settlement negotiations, including, but not limited to, participation in settlement negotiations with Defendant, County counsel, and the Court; preparation of settlement conference statements and related correspondence to the Court; preparation of a motion to compel discovery; revision of the use-of-force and extraction policies used by the Los Angeles Sheriff's Department and negotiations with Defendant relating thereto; preparation of the settlement agreement and implementation plan; and correspondence with County counsel and the Court relating to obtaining the Board of Supervisors' approval of the settlement agreement and implementation plan.

(F)  268.55 hours were spent opposing the motion to intervene filed by the Association for Los Angeles County Deputy Sheriffs ("ALADS"), including, but not limited to, preparation of meet and confer correspondence to ALADS's counsel and participation in conferences relating thereto; preparation of the Opposition to Motion to Intervene, declarations, and other ancillary papers; preparation of the Notice of Supplemental Authority; and preparation for the hearing on the Motion to Intervene.

(G)  59.55 hours were spent on work relating to obtaining approval of the settlement agreement, including, but not limited to, preparation of the Joint Motion for Preliminary Approval of Settlement, proposed Class Notice, and other

ancillary papers; attention to the posting of the Class Notice at the Los Angeles County jails; preparation of the Joint Motion for Final Approval of Settlement; correspondence with Defendant's counsel and County counsel relating thereto; and preparation for the hearing on the Motion for Final Approval of Settlement.

        (H)    99.50 hours were spent on miscellaneous case-management tasks, including, but not limited to, management of the case calendar; preparation of pro hac vice motions; preparation of motions to withdraw counsel; and attention to staffing issues.

    11.    Under our firm's standard billing rates, Paul Hastings would have billed $1,465,888.50 for the 2,438.6 hours of work it has performed in this matter.

    12.    Under the hourly rates applicable to calculating Plaintiffs' fees in this litigation pursuant to the PLRA, the value of Paul Hastings's work in this matter from January 1, 2012 to March 18, 2015 totals $514,757.65.

    13.    The costs incurred by Paul Hastings in this matter total $42,677.21 from January 1, 2012 to March 6, 2015.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed this 23rd day of March, 2015, at Los Angeles, California.

By: _____
            John S. Durrant

# EXHIBIT A

# LAWRENCE BEACH ALLEN & CHOI · PC

ATTORNEYS AT LAW

www.lawrencebeach.com

100 West Broadway, Suite 1200
Glendale, California 91210
T 818-545-1925
F 818-545-1937

Orange County
2677 N. Main Street, Suite 370
Santa Ana, California 92705
T 714-479-0180
F 714-479-0181

February 14, 2014

**VIA MESSENGER**

Deborah Kang
Paul Hastings LLP
515 S. Flower St., 25th Floor
Los Angeles, CA 90071

Re: Rosas, et al. v. Baca
U.S.D.C. Case No. CV 12-00428 DDP (SHx)

Dear Ms. Kang:

Enclosed please find Defendant's twentieth, and final, production of documents (Bates Nos. 82303 through 98383) associated with the Parties' settlement negotiations in the above-referenced matter. Please be advised that the enclosed documents have been designated as Confidential Information pursuant to the Protective Order. (*See*, Docket No. 84.) Please also be advised that duplicates of Bates Nos. 18519 through 18564, which were previously produced to Plaintiffs, are also included on the enclosed hard drive.

Very truly yours,

LAWRENCE BEACH ALLEN & CHOI, PC

Tammy Kim

TXK/jpv
Enclosures

RECEIVED
FEB 14 2014
PAUL HASTINGS

# EXHIBIT B

# LAWRENCE BEACH ALLEN & CHOI · PC

ATTORNEYS AT LAW

www.lawrencebeach.com

100 West Broadway, Suite 1200
Glendale, California 91210
T 818-545-1925
F 818-545-1937

Orange County
2677 N. Main Street, Suite 370
Santa Ana, California 92705
T 714-479-0180
F 714-479-0181

January 16, 2015

Eric H. Holder, Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Re: *Rosas, et al. v. Baca, et al.*
U.S.D.C. Case No. CV 12-00428 DDP (SHx)

Dear Mr. Holder:

The purpose of this letter is to notify your office, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), of a class action settlement in *Alex Rosas, et al. v. Leroy Baca, et al.*, U.S.D.C. Case No. CV 12-00428 DDP (SHx). The class in the case, which was certified under Federal Rules of Civil Procedure Rule 23(b)(2), consists of "all inmates, now and in the future, in the custody of Los Angeles County Sheriff's Department in the Jail Complex in downtown Los Angeles." Class members do not have the right to "opt out" of this settlement. As required by CAFA, enclosed please find a copy of the Complaint, the First Amended Complaint, a copy of the Class Notice, and a copy of the Settlement Agreement.

Please be advised that the Parties have requested that the Court set a hearing regarding final approval of the settlement for April 13, 2015, at 10:00 a.m. in Courtroom 3 of the United States District Court located at 312 N. Spring Street, Los Angeles, CA 90012.

LAWRENCE BEACH ALLEN & CHOI, PC

Justin W. Clark

# EXHIBIT C

# LAWRENCE BEACH ALLEN & CHOI · PC
## ATTORNEYS AT LAW

www.lawrencebeach.com

100 West Broadway, Suite 1200
Glendale, California 91210
T 818-545-1925
F 818-545-1937

Orange County
2677 N. Main Street, Suite 370
Santa Ana, California 92705
T 714-479-0180
F 714-479-0181

January 16, 2015

CAFA Coordinator
Office of the Attorney General
Consumer Law Section
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102

Re:   *Rosas, et al. v. Baca, et al.*
      U.S.D.C. Case No. CV 12-00428 DDP (SHx)

To whom it may concern:

The purpose of this letter is to notify your office, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), of a class action settlement in *Alex Rosas, et al. v. Leroy Baca, et al.*, U.S.D.C. Case No. CV 12-00428 DDP (SHx). The class in the case, which was certified under Federal Rules of Civil Procedure Rule 23(b)(2), consists of "all inmates, now and in the future, in the custody of Los Angeles County Sheriff's Department in the Jail Complex in downtown Los Angeles." Class members do not have the right to "opt out" of this settlement. As required by CAFA, enclosed please find a copy of the Complaint, the First Amended Complaint, a copy of the Class Notice, and a copy of the Settlement Agreement.

Please be advised that the Parties have requested that the Court set a hearing regarding final approval of the settlement for April 13, 2015, at 10:00 a.m. in Courtroom 3 of the United States District Court located at 312 N. Spring Street, Los Angeles, CA 90012.

LAWRENCE BEACH ALLEN & CHOI, PC

Justin W. Clark