JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ROSAS and JONATHAN GOODWIN on behalf of themselves and of those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Jim McDonnell, Sheriff of Los Angeles County, in his official capacity,<br><br>Defendant. | CASE NO. CV 12-00428 DDP<br><br>**ORDER APPROVING CLASS SETTLEMENT, RETAINING JURISDICTION TO ENFORCE TERMS OF SETTLEMENT AGREEMENT, DISMISSING ACTION**<br><br>**(DOCKET NUMBER 130)**<br><br>Honorable Dean D. Pregerson<br>Ctrm: 3 |

This matter came before the Court on Plaintiffs' unopposed Motion for Final Approval of the Settlement Agreement, which was entered into between Plaintiff Alex Rosas on behalf of himself and the Plaintiff Class and Defendant (collectively, the "Parties").

The Court certified a class defined as "all present and future inmates confined in the Jail Complex in downtown Los Angeles" (the "Plaintiff Class") under Rule 23(b)(2) of the Federal Rules of Civil Procedure by order dated June 7, 2012. This Court entered an order preliminarily approving the proposed settlement (the "Settlement Agreement") on January 23, 2015 in which it approved the form and provision of notice of the Settlement Agreement to the Plaintiff Class, established the procedure and deadlines for members of the Plaintiff Class to object to the Settlement Agreement, and set forth other deadlines relating to the hearing for final approval of the Settlement Agreement (the "Fairness Hearing").

Having received and considered the one written objection submitted by a member of the Plaintiff Class related to the Settlement Agreement, having held a Fairness Hearing on April 20, 2015, having reviewed the filings, documents, orders and/or admissible evidence which are currently filed of record with the Court, and having considered the arguments of counsel for the Parties, the Court hereby ORDERS as follows:

1. **NOTICE PURSUANT TO RULE 23(e)(1)**. Reasonable notice of the Settlement Agreement was provided to members of the Plaintiff Class in the manner directed by the Court by separate Order dated January 23, 2015. Members of the Plaintiff Class were then afforded an opportunity to submit comments and objections to the Court concerning the Settlement Agreement. The Court held a Fairness Hearing pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure on April 20, 2015, at which it heard arguments by counsel for the Parties and a statement in support of the Settlement Agreement by a former inmate at Men's

-1-

Central Jail.

2. **RULE 23(e)(2) FINDINGS**. The Court makes the following findings pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure:

    a) The Parties engaged in substantial motion practice before initiating settlement negotiations.

    b) The Settlement Agreement is the product of a lengthy, hard-fought and non-collusive negotiation process that began more than two years ago between counsel for the Plaintiff Class ("Class Counsel") and for the Defendant.

    c) Class Counsel reviewed more than 100,000 pages of documents produced by Defendant and conferred repeatedly with their experts about those documents before settlement was reached.

    d) Any trial of this matter would have been lengthy, expensive, and involved testimony from numerous fact witnesses and experts.

    e) The Settlement Agreement sets forth a comprehensive approach to addressing the allegations of a pattern of excessive force set forth in Plaintiffs' First Amended Complaint.

Accordingly, the Court finds that the Settlement Agreement is fair, reasonable, and adequate.

3. **COURT'S ADOPTION OF THE TERMS OF THE SETTLEMENT AGREEMENT**. The Court hereby adopts and incorporates by reference the terms of the Settlement Agreement entered into between the Parties, including the Implementation Plan developed by Richard Drooyan, Jeffrey Schwartz, and Robert Houston ("the Expert Panel") attached thereto. A copy of the Settlement Agreement, with the Implementation Plan, is attached hereto as Exhibit A.

4. **APPOINTMENT OF AN EXPERT PANEL TO DEVELOP AND**

**EVALUATE COMPLIANCE WITH THE IMPLEMENTATION PLAN**. Pursuant to the Settlement Agreement, the Court previously appointed the Expert Panel, pursuant to Rule 706 of the Federal Rules of Evidence, to develop an Implementation Plan designed to ensure that members of the Plaintiff Class are not subjected to excessive force in Men's Central Jail, Twin Towers Correctional Facility, and the Inmate Reception Center (collectively, "the Jail Complex in downtown Los Angeles"). The Court hereby appoints the Expert Panel to monitor and advise the Court on Defendant's compliance with the Implementation Plan.

5. **DEFENDANT'S COMPLIANCE WITH THE IMPLEMENTATION PLAN AND OTHER RECOMMENDATIONS OF THE EXPERT PANEL**. Defendant must comply with and implement the Implementation Plan, as modified by the Court, as soon as reasonably practicable.

6. **CLASS COUNSEL'S FEES AND EXPENSES**. The $950,000 Defendant agreed to pay to resolve Class Counsel's attorneys' fees and costs is well below Class Counsel's lodestar and is reasonable in light of the time spent on the matter, the complexity of the matter, and the skill and expertise Class Counsel demonstrated in representing the Plaintiff Class.

    a. Defendant shall tender to Class Counsel a warrant in the amount of $950,000 made payable to "ACLU Foundation of Southern California" within 45 days, which shall constitute payment for any and all attorneys' fees and expenses incurred, charged and/or otherwise generated by Class Counsel from the inception of the litigation through the date of entry of this Order.[1] Class Counsel shall provide to Defendant any and all paperwork and information including,

---

[1] In evaluating the reasonableness of the amount agreed to by the Parties, the Court has reviewed the declarations of John Durrant, Peter Eliasberg, Christian Lebano, Esther Lim, and Margaret Winter filed in support of Plaintiffs' Motion for Final Approval of Settlement explaining Class Counsel's fees, costs, and billing methodology, and has considered a number of factors including (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the results obtained, (5) the experience, reputation, and ability of the attorneys, and (6) the 'undesirability' of the case.

without limitation, a duly executed W-9 IRS form, prior to receiving said payment.

          b.    Defendant will pay reasonable attorneys' fees and costs to Class Counsel for ongoing work to ensure compliance with the Settlement Agreement. The amount of fees and costs due to Class Counsel under this paragraph will be determined on a semi-annual basis for the duration of the Court's jurisdiction over the Settlement Agreement. The Parties will try to reach agreement on these semi-annual fee awards and submit a stipulation for the Court's approval. If the Parties are unable to reach agreement on a semi-annual fee award, Class Counsel will submit a motion for reasonable attorneys' fees, and the Court will determine the appropriate amount of fees. Under no circumstances shall Class Counsel be entitled to payment of more than $30,000 per year in attorneys' fees and costs to ensure compliance with the Settlement Agreement, exclusive of any fees and costs reasonably incurred to oppose any motion to modify or terminate the Settlement Agreement by Defendant pursuant to Paragraph XII(2) of the Settlement Agreement.

    7.    **DISMISSAL OF THE CIVIL ACTION**. Upon the entry of this Order, the Clerk for the United States District Court for the Central District of California is hereby directed to administratively close this case and enter a dismissal of the Civil Action with prejudice.

    8.    **COURT'S RETENTION OF JURISDICTION TO ENFORCE THE ORDER**. Notwithstanding the provision in Paragraph 7 above, the Court shall retain jurisdiction for purposes of enforcing the provisions of the Settlement Agreement or modifying it in accordance with Section XIV(6) of that agreement.

    9.    **NO APPEAL**. All Parties have waived all rights to seek any appeal from and/or appellate review of this Order.

    10.    **FINDINGS PURSUANT TO 18 U.S.C. § 3626(a)(1)(A)**. The Court specifically finds that, although this matter was not actually litigated or resolved on

the merits, the relief in this Order is narrowly drawn, extends no further than necessary to correct the alleged violations of the Federal rights, and is the least intrusive means necessary to correct the alleged violations of the Federal rights.

Nothing contained in this Order or the Settlement Agreement shall be construed as an admission of any kind by the County of Los Angeles, any Defendant and/or any agent, employee, officer and/or representative of the Los Angeles County Sheriff's Department. This Order shall not be admissible in any court, except to enforce the Settlement Agreement.

The Clerk of the Court is DIRECTED to enter this document on the civil docket as a Final Judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

This case is closed.

**IT IS SO ORDERED**.

Dated: April 21, 2015        By: _____
                                  UNITED STATES DISTRICT JUDGE
                                  HON. DEAN D. PREGERSON

Submitted by:
Peter Eliasberg
Attorney for Plaintiff Class