# EXHIBIT D





July 1, 2016                                                                06325.00822

Karen Joynt, Senior Deputy County Counsel
648 Kenneth Hahn Hall of Administration
500 West Temple Street, 6th Floor
Los Angeles, CA 90012-2713

Re:     *Rosas v. Baca*, Case No. CV 12-00428 DDP (SHx) (C.D. Cal.)

Dear Karen:

Pursuant to Section VI of the Settlement Agreement in the above-referenced case, Plaintiffs
hereby request that Defendants provide to Class Counsel the following documents no later than
August 1, 2016. Please note that under Section VI of the Settlement Agreement, Class Counsel
is only required to provide 10 days' notice before any document request, however, because of the
scope of this request, we are providing the Defendants with 30 days to produce the requested
information.

For your ease of reference, we have included the relevant sections of the Implementation Plan to
which requests relate.

A.      Documents Relating to Leadership, Administration and Management

- Any policies that have been revised to conform to the requirements set forth in the
  Implementation Plan.

- Any documents provided to the Panel.

- Job description of the Assistant Sheriff. *See* Implementation Plan (DE 133-2) § 1.1.

- Any shift reports or other documentation indicating when the Assistant Sheriff is present
  at the facilities, and any activity conducted while at the facilities, including the Assistant
  Sheriff's review of reports or logs, or meetings held with supervisors. *See id.* § 1.1.

- Any documentation indicating the Assistant Sheriff's involvement in any investigations
  or hearings of staff or prisoners. *See id.* § 1.1.

- Any documentation indicating that the Assistant Sheriff has been trained on all effective
  policies and procedures. *See id.* § 1.1.

Karen Joynt
Senior Deputy County Counsel
July 1, 2016
Page 2

- Any policies regarding the responsibilities of the Sheriff over custody and operations at the Jail. *See id.* § 1.2.

- Any reports submitted to the Sheriff on use of force incidents, investigations, and training at the jail facilities, and any responses by the Sheriff regarding these reports. *See id.* §1.2.

- Any other documentation indicating the Sheriff's personal involvement in the management of the jail facilities (logs or reports reviewed by the Sheriff, reports produced by the Sheriff, etc.). *See id.* § 1.2.

- Any logs and/or other documentation (including electronic records) indicating the date and time period during which senior managers toured the jail facilities from January 1-8, March 1-8, May 1-8 2016. *See id.* §§ 10.1-10.2.

- All logs recording checks conducted by officers and supervisors from January 1-8, March 1-8, and May 1-8 2016. *See id.* § 9.1.

- The most recent report to the Board of Supervisors on use of force at the Jail, and any source documentation referenced in the report. *See id.* § 1.4

- Any transcripts of proceedings with the Board of Supervisors where use of force or compliance with the Implementation Plan is discussed by Department staff. *See id.* § 1.4.

- Custody Force Manual for Custody Operations. *See id.* § 2.1.

- Copies of centralized log that tracks all force incidents, inmate grievances, allegations of misconduct, performance reviews, and policy violations by Department members at the Jail.

B.    Document Requests Related to Prisoner-on-Prisoner Violence

- All incident reports documenting prisoner-on-prisoner violence from January 1, 2016 - present, and Department members' efforts to intervene as soon as possible. *See id.* § 9.3.

- All relevant unit logs documenting prisoner-on-prisoner violence from January 1, 2016- present. *See id.* § 9.3.

- All relevant internal investigations regarding prisoner-on-prisoner violence from January 1, 2016 to present. *See id.* § 9.3.

Karen Joynt
Senior Deputy County Counsel
July 1, 2016
Page 3

- All relevant grievances alleging prisoner-on-prisoner violence from January 1, 2016 to present. *See id.* § 9.3.

C.  Document Requests Related to Use of Force Packages

- Report of database entries tracking all force incidents, cell extractions, and incidents involving prisoners on the mental health caseload occurring within the past six months (from January 1, 2016 to present). These reports should include date stamps of when the database was updated, the date the recorded activity took place (*e.g.*, date of investigation, date of review, date of evaluation). This report shall include details on the Category of each force incident, and who has reviewed or plans to review the force incident. *See id.* § 5.1.

- Complete force packages for each force incident occurring January 1, 2016 to present (defined to include all uses of physical force, chemical agents, weapons, restraints, tasers, and other electronic stun gun devices; cell extractions; incidents involving prisoners on the mental health caseload; incidents prompted by a medical or mental health provider's order; and incidents which a Department member asserts that s/he was assaulted by an inmate).[1]

Please note that Plaintiffs have defined these force packages to include, *inter alia*, the following documents and information that are required under the Settlement Agreement and Implementation Plan (as well as the use of force investigation packages which are further detailed below):[2]

- o  All written reports (and supplemental reports) completed by Department members or supervisors who are involved in, witness, or approved planned and unplanned force incidents. *See id.* §§ 15.1-15.5, 20.3.

- o  Any forms or other documentation indicating that a shift supervisor approved a planned use of force. *See id.* § 20.3.

- Any documentation describing de-escalation efforts, or other actions undertaken by Department members and mental health staff to prevent use of force, including planned use of force incidents that were precipitated by a medical or mental health provider's order and whether the prescribing provider was notified. *See id.* §§ 2.2, 2.8-2.9, 4.5.

---

[1] *See, e.g., id.* §§ 2.2-2.6, 2.11-2.12, 8.1.
[2] The Force Package contents have been also explicated in Policy 7-07/000.00 Use of Force Review.

Karen Joynt
Senior Deputy County Counsel
July 1, 2016
Page 4

- o  Any documentation justifying use of force that is prohibited in 2.5-2.6.

- o  Any documented review of force reports by Watch Commanders/Supervising Lieutenants and Unit Commanders to ensure that the reports contain the requisite level of detail and were independently completed. *See id.* §§ 15.6-15.7.

- o  Videos of force incidents (planned or unplanned), and any supplemental reports submitted by Department members after viewing a video of a force incident. *See id.* §§ 15.5,[3] 20.3.

- o  Any videos, recordings, or other documentation memorializing interviews with inmate witnesses or mental health professionals. *See id.* §§ 4.2, 12.2-12.3.

- o  Documentation of evaluations of force incidents by Unit Commanders, Custody Force Review Committee, and the Executive Force Review Committee. *See id.* § 5.2.

- o  Any documentation produced by the incident investigator that further explains tactical decisions that resulted in use of force or discrepancies among witnesses and/or evidence. *See id.* § 5.3.

- o  Any documentation ordering the use of medication and the justification for that order *See id.* § 17.10.[4] Plaintiffs have requested that the Department maintain log documenting the administration of involuntary medications (noting the name and booking number of the prisoner, the date of administration, the housing location of the prisoner at the time of administration, and the reason the medication was administered).

- o  Documentation indicating that a medical staff person and a supervisor were on scene for planned force incidents, or that a supervisor was called to the scene as soon as possible for unplanned force incidents (*e.g.*, logbook entries). *See id.* §§ 2.7, 4.1, 20.3.

- o  Any documentation indicating that medical and mental health records were consulted prior to uses of force, restraints, or chemical agents on an inmate. *See id.* § 2.13.[5]

- o  Any documentation indicating that a medical professional examined a prisoner while restraints were being used, including when a prisoner is placed in a Safety Chair. *See id.* § 17.3.[6]

---

[3] Policy 3-10/115.00 Video Review and Admonishment.
[4] Policy 7-03/030.00 Medically Ordered Restraint Devices.
[5] Policy 7-01/040.00 Planned Use of Force; 7-08/030.00 TASER-Electronic Immobilization Device.

Karen Joynt
Senior Deputy County Counsel
July 1, 2016
Page 5

- o   Any documentation of wellness checks conducted while a prisoner is in restraints, and of constant observation of a prisoner who is subjected to multi-point restraints or who is otherwise restrained in a supine position. *See id.* §§ 17.4,[7] 17.6.[8]

- o   Any medical assessments completed after a use of force incident. *See id.* § 16.1.[9]

- o   Any documentation demonstrating that the staff member who escorts a prisoner to medical, holding, or segregation after a use of force incident is not the same staff member involved in the confrontation or use of force. *See id.* § 9.2.[10]

- o   Any reports by medical staff to the Department describing injuries sustained by the inmate during a force incident, or prisoner allegations to medical staff that force was used on them. *See id.* § 16.3.

- o   Medical and mental health records of any inmate who was subjected to use of force, chemical agents, tasers, and restraints.

- o   Photographs of any injuries to prisoners or Department members, including when Department members allege that they were assaulted by an inmate. *See id.* §§ 16.2, 16.3.

   - o   All documentation indicating that chemical agents were used on a prisoner. This should include the time the chemical agent was applied, whether additional chemical agents were applied after the initial application (and, if so, at what time), the prisoner's reaction to the chemical agents, and whether any injuries were sustained. *See id.* §§ 4.3-4.4.

   - o   Any documentation regarding the approval and use of restraints on a prisoner. This should include when and how the restraints are applied; the kind of restraints used; any breaks in the duration of their use; when their use was terminated; and, for multi-point restraints, the order of their use by a medical or mental health professional (or if unavailable, order by a shift supervisor), and their documented approvals of their continued use at least every hour. *See id.* §§ 17.1, 17.5-17.9.

---

[6] Policy 7-03/040.00 Safety Chair.
[7] Policy 7-03/000.00 Security Restraints and Handcuffing Inmates; Policy 7-03/030.00 Medically Ordered Restraint Devices; 7-03/040.00 Safety Chair.
[8] Policy 7-03/030.00 Medically Ordered Restraint Devices.
[9] Policy 7-07/000.00 Use of Force Review Procedures.
[10] Policy 7-01/010.00 Force Prevention Principles; Policy 7-02/020.00 Handling Insubordinate, Recalcitrant, Hostile, or Aggressive Inmates.

Karen Joynt
Senior Deputy County Counsel
July 1, 2016
Page 6

- Monthly inventory reports of instruments of force and weapons. *See id.* § 2.10.[11]

- List of weapons that are authorized by the Department and a list of weapons that are prohibited. *See id.* § 2.10.

- Monthly reports on all staff who have been trained to use instruments of force or weapons, proof of training (sign-in sheets), and daily in-service sheets. *See id.* § 2.10.

C.    Document Requests Related to Use of Force Investigation Packages

- Use of force investigation packages from January 2016 to present. *See id.* §§ 12.4-12.5. These packages shall include investigation or hearing reports following force incidents, any disciplinary/corrective action taken, and related disciplinary and personnel records. This shall also include reports from any investigation, disciplinary hearing, and/or other measure conducted against managers for failing to address use of force problems (*id.* § 1.3).

- Any documentation of the Custody Force Rollout Team's reviews of the Unit Commanders' evaluations of force incidents. *See id.* § 11.1.

- Any documentation indicating the date on which the Department initiates their independent investigations of force incidents which are also reviewed by the Custody Force Rollout Team. *See id.* § 11.1.

- Any updated policies that incorporate §§ 13.1 and 13.2 relating to disposition of use of force reviews and staff discipline.

- All referrals to internal or external agencies and related documentation of those investigations and any discipline/corrective action taken.

   o   All cases of alleged officer misconduct that were investigated by the Internal Criminal Investigations Bureau. *See id.* § 14.2.

   o   Any referrals to the District Attorney's office of incidents of officer misconduct. *See id.* § 14.2.

---

[11] Policy 7-08/000.00 Deployment of Special Weapons.

Karen Joynt
Senior Deputy County Counsel
July 1, 2016
Page 7

- o All referrals of an inmate for criminal prosecution for assaulting a staff member arising from an incident involving the use of force. *See* Implementation Plan § 14.1.

- o Any documented reviews by a Unit Commander prior to a referral of an inmate for criminal prosecution for assaulting a staff member. *See id.* § 14.1.

- Copy of the directive that implements 14.1 relating to criminal referrals. *See id.* § 14.1; *see also* Panel's First Report (DE 141) at 14 (stating that the Panel reviewed and approved a directive to implement § 14.1).

- All documented findings of dishonesty, excessive force, and PREA violations by Department members in Custody Operations. *See id.* § 13.2.

- Any documentation indicating that a Department member was terminated or sanctioned for dishonesty, use of excessive force, or violating PREA. *See id.* § 13.2.

- Any documentation which shows that a Department member was found to have been dishonest, used excessive force, or violated PREA, yet was not terminated. *See id.* § 13.1.

  - o Any documentation explaining why this Department member was not terminated.

  - o Any documentation relating to discipline imposed short of termination.

  - o Any documentation from performance reviews after a member was found to have been dishonest, used excessive force, or violated PREA.

  - o Any reports to the Office of Inspector General regarding Department members receiving an adverse finding yet not terminated. *See id.* § 13.2.

- All documentation on rotations of Department members. *See id.* § 18.1.[12]

- Most recent audit of each unit's compliance with rotation policies. *See id.* § 18.2.

- List of objective criteria used in the Early Warning System. *See id.* § 19.1.

- Monthly reports generated by the Department's Early Warning System from January 2016 to present, and any written reports by the Compliance Lieutenant notifying the

---

[12] Policy 3-01/020.05.

Karen Joynt
Senior Deputy County Counsel
July 1, 2016
Page 8

Department member's Unit Commander and the Assistant Sheriff of any potential problems. *See id.* § 19.2.

- Any documentation on the non-disciplinary performance mentoring program, including staff members who have been placed in this program and their progress, as well as staff members who have not been placed in this program and documented reasons for this decision. *See id.* § 19.3.

- Policies incorporating 21.1 which prohibits the transfer or assignment of a staff member to Custody as a formal or informal sanction. *See id.* § 21.1.

- List of any transferred or assigned staff members to the Custody division within the past six months. *See id.* § 21.1.

- All documentation on transferred or newly assigned staff member(s), including but not limited to:

  o the cause for their transfer or assignment,

  o any investigations lodged against this staff member,

  o any grievances filed against the staff member, and

  o the anticipated duration of their transfer or assigmnent.

D.    Document Requests Related to Training

- Current staff list (including sergeants) for each facility and their date of hire/promotion to that rank, documentation (dated sign-in sheets) for all required trainings, and the results by staff or officer for all tests administered to assess competency. If any officer or sergeant is required to be re-tested due to failing the initial training (below 80% score), this documentation should be provided as well.

- Current draft of use of force curriculum and training materials (all lesson plans, presentations, and other materials) and use of force refresher curriculum and training materials. *See id.* § 3.1.

- Current draft of ethics, professionalism, and treating inmates with respect curricula and training materials (all lesson plans, presentations, and other materials) and current draft of ethics refresher curriculum and training materials. *See id.* § 3.2.

Karen Joynt
Senior Deputy County Counsel
July 1, 2016
Page 9

- Current drafts of curricula and training materials for pre-service Custody training (six-week Jail Operations and Jail Operations Continuum course). *See id.* § 3.3.

- Custody-based, use of force scenarios that are used as part of the training. *See id.* § 3.4.

- Training schedule of all trainings (use of force, ethics, etc.).

- Current draft policy incorporating § 3.5 regarding Unit Commanders determination of additional training, counseling or mentoring. *See id.* § 3.5.

- All personnel complaints against Department members that has resulted in a finding that it "Appears Employee Conduct Could Have Been Better." *See id.* § 3.5.

- Any evidence that disciplinary actions were undertaken after a finding that it "Appears Employee Conduct Could Have Been Better." *See id.* § 3.5.

- Any documentation of reviews conducted of Department members during the probationary period and post-probationary period. *See id.* § 3.6.

- Current draft of curriculum, training materials, and testing materials for Crisis Intervention and Conflict Resolution course and refresher course. *See id.* § 4.6.

- Current draft of curriculum, training materials, and testing materials on identifying and working with mentally ill inmates course and refresher course. *See id.* §§ 4.7-4.8.

- Current draft of curriculum, training materials, and testing materials on De-escalation & Verbal Resolution. *See* DE 141 at 10 ("The Department provided the Panel with training materials for DeVRT on December 28, 2015.").

- Any documentation that indicates that the aforementioned trainings were conducted (including, but not limited, dated sign-in sheets, pre and post-tests of officers and deputies). *See* Implementation Plan §§ 4.6-4.10.

- Curricula and training materials for Sergeants on conducting use of force investigations, including the course outline entitled "Supervisor Orientation on use of Force Investigations and Documentation," the related PowerPoint training materials, and another other materials that were provided to the Panel in relation to these provisions. *See id.* § 12.1.

Karen Joynt
Senior Deputy County Counsel
July 1, 2016
Page 10

- Documentation (dated sign-in sheets) and pre- and post-tests for each sergeant on conducting use of force investigations, reviewing use of force reports, and the Department's new protocols for conducting such investigations. *See id.* § 12.1.

E.    Document Requests Related to Inmate Grievance System

- Any documentation supporting the decision to eliminate the need for a centralized unit with sworn personnel, custody assistants, and civilian personnel that is in charge of collecting and reviewing inmate grievances. *See id.* § 6.16; DE 141 at 9-10.

- All inmate grievances filed January 2016 to present, including grievances filed against staff. *See, e.g.*, Implementation Plan §§ 6.3-6.6.

- All receipts of inmate grievances provided to the filer from January 2016 to present.

- All documentation pertaining to the Department's adjudication of inmate grievances, and notification of the filer of the grievance status/disposition. This shall include responses to inmate grievances (including any denials or actions undertaken in response to grievances), investigations and hearing conducted in response to inmate grievances, and any evaluations/reviews of investigations conducted.

- Any documented reasons why an inmate did not receive a response to his/her grievance within 15 days. *See id.* § 6.19.

- All appeals filed January 2016 to present, any documentation indicating whether the appeal was accepted or rejected, and (for any rejected appeals) documented proof that the inmate was not housed in punitive segregation when s/he received the denial. *See id.* § 6.20.

- Copy of the grievance database maintained by the Inmate Grievance Coordinator, which is designed to track the Department's handling of grievances. The database shall indicate the nature and status of the grievance and the personnel responsible for the grievance. *See id.* §§ 6.12-6.13.

- Copy of relevant pages of living unit log indicating when grievances are collected, and copy of grievance collection log maintained by the Inmate Grievance Coordinator, which documents the reason for each grievance and whether the grievance was submitted as an emergency grievance. *See id.* § 6.10.

Karen Joynt
Senior Deputy County Counsel
July 1, 2016
Page 11


- Inmate Grievance Coordinator's monthly reports from January 2016 to present that detail the statuses of inmate grievances, the timeliness of the Department's investigations of the grievances, responses to grievances and grievance appeals, and notifications to inmates of the results of the investigations and grievance appeals. *See id.* § 6.14.

- Any documented reviews by the Inmate Grievance Coordinator of emergency grievances. *See id.* § 6.9.

- Any reports produced by the Inmate Grievance Coordinator that identifies problematic trends. *See id.* § 6.15-6.16.

- Any corrective action taken against any Department member who is found to have engaged in the conduct prohibited in § 6.11.

- Draft or final policies implementing §§ 7.1 and 7.2 (which requires voluntary conflict resolution processes and notification of inmate grievance investigations), and the policy referenced in § 7.1 of the Implementation Plan (Conflict Resolution policy, 5-12/000.00). *See id.* §§ 7.1-7.2.

- All documentation pertaining to Conflict Resolution Meetings (requests and documentation from the meeting). *See id.* § 7.1.

- All documentation indicating that there are avenues for constructive prisoner-staff communication. *See id.* § 7.3.

- Policy that combines the "Complaints of Retaliation" provisions in 5-12/000.00 and 5-12/010.00 into a single, consistent policy. *See id.* § 8.2.

- Documentation of Unit Commanders' evaluations of investigations of complaints of retaliation, and of review of same by the Custody Force Review Committee. *See id.* § 8.3.


Sincerely,


Peter Eliasberg, ACLU-SC
Esther Lim, ACLU-SC
Eric Balaban, ACLU-NPP
Stephen Turanchik, PAUL HASTINGS LLP
Story Cunningham, PAUL HASTINGS LLP