# EXHIBIT G





**Via Electronic Mail and First Class Mail**

March 8, 2017                                                                06325.00822

Karen Joynt
Senior Deputy County Counsel
Los Angeles County Counsel
500 West Temple St., Sixth Floor
Los Angeles, CA 90012

Re:    *Rosas v. Baca*, Case No. CV 12-00428 DDP (SHx) (C.D. Cal.)

Dear Karen:

By correspondence dated December 20, 2016, the Plaintiffs amended its request for documentation from the Los Angeles County Sheriff's Department ("LASD") and proposed a "meet and confer" conference to discuss the LASD's refusal to provide any documentation beyond certain published policies of the LASD.

The LASD has not responded to the correspondence of December 20, 2016.

In relevant part, Section VI of the Settlement Agreement provides:

> On reasonable notice, Class Counsel will have reasonable access to the Jail Complex in downtown Los Angeles, <u>including without limitation staff, inmates, and documents, for inspection to evaluate compliance with the Action Plan</u>. Class Counsel shall provide Defendant's counsel with 10 days' notice before any document request and 4 days' notice before any on-site inspection. Defendant's counsel shall have the right to be present for any jail inspection and/or discussion with Sheriff's Department personnel. Defendant reserves the right to object, whether on privilege grounds or otherwise, to any document request made by Class Counsel. <u>The Parties agree to negotiate in good faith to resolve any disputes concerning objections to document requests from Class Counsel and if the dispute cannot be resolved, to submit the issue to the Court for resolution.</u>

Emphasis added.

At the very least the parties should be able to negotiate in good faith the following issues:

1.    whether the Defendants will produce documents for Plaintiffs to review documents in order to monitor compliance with the Settlement Agreement; and

Karen Joynt
Senior Deputy County Counsel
March 8, 2017
Page 2

2.      whether the parties are willing to enter into a protective order in order to protect sensitive personnel information; and

3.      whether Defendants will produce the information requested by the Plaintiffs in the December 20, 2016 correspondence .

We propose a "meet and confer" conference with your office within the next 21 days.

Over the past several months, we have been encouraged by the LASD's willingness to meet with Plaintiffs' counsel to discuss efforts to comply with the Settlement Agreement; however, the Plaintiffs still are entitled to monitor compliance with the Settlement Agreement via document review.

If the LASD is not willing to meet to discuss the above listed issues in good faith, Plaintiffs' counsel is ready willing and able to submit these issues for the Court for adjudication.

Please let us know at your earliest convenience when the Department is available to meet and confer on these topics.  We look forward to your continued cooperation.

Sincerely,

Peter Eliasberg, ACLU-SC
Esther Lim, ACLU-SC
Eric Balaban, ACLU-NPP
Stephen Turanchik, Paul Hastings LLP