PETER J. ELIASBERG
(SB# 189110)
peliasberg@aclu-sc.org
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
1313 W. 8th Street
Los Angeles, CA 90017
Phone:  (213) 977-9500
Fax:  (213) 977-5299

SAM S. PUATHASNANON                    `
(SB# 198430)
sampuathasnanon@paulhastings.com
KYLE M. JONES (SB# 307814)
kylejones@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071-2228
Phone:  (213) 683-6000
Fax:  (213) 627-0705

Attorneys for Plaintiffs
ALEX ROSAS and JONATHAN
GOODWIN, on behalf of themselves
and of those similarly situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ROSAS and JONATHAN GOODWIN on behalf of themselves and of those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JIM MCDONNELL, Sheriff of Los Angeles County, in his official capacity,<br><br>Defendant. | CASE NO. CV 12-00428 DDP (MRW)<br><br>**APPENDIX A TO MOTION TO ENFORCE SETTLEMENT AGREEMENT**<br><br>Date:       October 16, 2017<br>Time:       10:00 A.M.<br><br>Honorable Dean D. Pregerson<br>Ctrm:  9c |

**Request No. 1**

Any policies that have been revised to conform to the requirements set forth in the Implementation Plan.

**Response to Request No. 1**

This request has been completed.  While not required by the Agreement, in the spirit of cooperation, in a correspondence dated April 10, 2016, we provided the following as policies:

- CDM 7-01/000.00 Preamble To Force Manual – Custody Division Manual;
- CDM 7-01/010.00 Force Prevention Principles;
- CDM 7-01/010.05 Reporting Prevented Uses Of Force;
- MPP 3-10/010.00 Use Of Force Defined;
- CDM 7-01/020.00 Authorized Use Of Force;
- MPP 3-10/030.00 Unreasonable Force;
- CDM 7-01/030.00 Prohibited Force;
- CDM 7-01/040.00 Planned Use Of Force;
- CDM 7-01/050.00 Inmate Extractions;
- CDM 7-01/050.05 Inmate Extraction Procedures;
- CDM 7-01/050.10 Inmate Extraction Teams;
- CDM 7-01/050.15 Use Of Special Weapons During Inmate Extractions;
- CDM 7-02/000.00 Planned Use Of Force For Inmates With Special Needs;
- CDM 7-02/010.00 Pregnant Inmates;
- CDM 7-02/020.00 Handling Insubordinate, Recalcitrant, Hostile, Or Aggressive Inmates;
- CDM 7-02/030.00 Jail Mental Health Evaluation Team (JMET);
- CDM 7-03/010.00 Waist Chain Procedures;
- MPP 3-01/110.21 Hobbling Defined;
- MPP 3-01/110.22 Total Appendage Restraint Procedure (TARP);
- CDM 7-03/020.00 Use Of Force Against Restrained Inmates;

LEGAL_US_W # 91089090.3

- CDM 7-03/030.00 Medically Ordered Restraint Devices;
- CDM 7-03/040.00 Safety Chair;
- CDM 7-04/000.00 Escorting Procedures For Combative Or Uncooperative Inmates;
- MPP 3-10/105.00 Medical Treatment And Transporting Suspects;
- CDM 7-05/000.00 Chemical Agents;
- COM 7-05/010.00 Aerosol Chemical Agents;
- CDM 7-06/000.00 Use Of Force Reporting Procedures;
- MPP 3-10/115.00 Video Review And Admonishment;
- COM 7-06/010.00 Video Recording Procedures;
- COM 7-06/020.00 Use Of Force Package;
- COM 7-06/030.00 Inmate Assault And Force Reporting In F.A.S.T. And P.D.E.;
- CDM 7-07/000.00 Use Of Force Review Procedures;
- CDM 7-07/010.00 Custody Force Response Team;
- CDM 7-07/020.00 Custody Force Review Committee;
- MPP 3-10/120.00 IAB Force/Shooting Response Teams;
- MPP 3-10/130.00 Activation Of The IAB Force/Shooting Response Teams;
- COM 7-07/030.00 Compliance Lieutenant;
- CDM 7-08/000.00 Deployment Of Special Weapons;
- CDM 7-08/010.00 Authorized Special Weapons;
- COM 7-08/020.00 Pepperball Launcher;
- COM 7-08/030.00 Electronic Immobilization Devise (TASER) Procedures;
- COM 7-08/040.00 Specialty Impact Munitions;
- COM 7-08/050.00 Stinger Grenades;
- COM 7-08/060.00 Baton Launching Weapon Systems;
- COM 7-08/070.00 Rubber Ball Blast Grenade;
- MPP 3-10/300.00 Deputy-Involved Shootings-General Provisions;

APPENDIX A TO MOTION TO ENFORCE
SETTLEMENT AGREEMENT

LEGAL_US_W # 91089090.3

- MPP 3-10/310.00 Preliminary Responsibilities;
- MPP 3-10/400.00 Deputy-Involved Shootings-Person Hit;
- MPP 3-10/410.00 Deputy Responsibilities;
- MPP 3-10/420.00 Supervisor's Responsibilities;
- MPP 3-10/430.00 Unit Responsibility-Deputy Shot;
- MPP 3-10/440.00 Homicide Bureau's Responsibilities;
- MPP 3-10/450.00 Professional Standards Division (PSD) Responsibility;
- MPP 3-10/460.00 Critical Incident Response-Department Psychologist;
- MPP 3-10/470.00 Communications And Rumor Control;
- MPP 3-10/500.00 Deputy Involved Shootings-No One Hit;
- MPP 3-10/200.00 Use Of Firearms And Deadly Force;
- MPP 3-10/150.00 Tactical Incidents;
- MPP 3-10/600.00 Statistical Compilation-Shots Fired By Or At Deputies-No Person Wounded Or Killed.

In that same correspondence, while not required by the Agreement, in the spirit of cooperation, we also made available to you the grievance policies, approved by the Monitors, for your review and comment.

On July 28, 2016, we provided you a copy of all published policies you requested in your July 2, 2016 correspondence, as well as, Custody Operations Directive 15-007 Filing Assault on Staff Criminal Reports.  We also included additional copies of polices already provided to you in response to your prior requests, including Volume 7 of the Custody Division Manual.

In addition, on March 15, 2017, pursuant to your December 20, 2016 request we provided you with revised policies, as follows:

- CDM 2-01/030.00 Captains;
- CDM 7-07/000.00 Use Of Force Review Procedures;
- CDM 7-01/010.00 Force Prevention Principles;
- CDM 7-03/000.00 General Principles Of Security Restraints And

APPENDIX A TO MOTION TO ENFORCE SETTLEMENT AGREEMENT

Handcuffing Inmates;

- CDM 4-10/005.00 Disposition Of Use Of Force Review And Staff Discipline;
- CDM 7-08/030.00 Electronic Immobilization Device (TASER) Procedures;
- and CDM 7-03/030.00 Medically Ordered Restraint Devices.

Further, on March 29, 2017, we provided you with proposed grievance policies for your review and comment.  Specifically, we provided you with:

- CDM 5-12/005.05 Anti-Retaliation Policy;
- CDM 8-02/005.00 Informal Requests;
- CDM 8-03/005.00 Inmate Grievances;
- CDM 8-03/020.00 Healthcare Grievances;
- CDM 8-03/040.00 Grievances Against Staff;
- CDM 8-03/050.00 Grievances Of Retaliation;
- CDM 8-04/010.00 Dispositions, Interim Status Responses, And Inmate Notifications; CDM 8-04/030.05 Appeals Of Grievances – Not Against Staff;
- CDM 8-04/050.00 Duplicative Or Excessive Filings Of Grievances And Appeals, And Restriction Of Filing Privileges;
- Correctional Health Services Policy and Procedure ("CHSPP") M12.03 Grievances – Health Care And Against Staff.

**Request No. 2**

Any documentation indicating the Assistant Sheriff's involvement in any investigations or hearings of staff or prisoners.  *See id.* § 1.1.

**Response to Request No. 2**

Objection.  This request is premature as the Monitors have yet to find the Department substantially compliant with Paragraph 1.1 of the Agreement.

In addition, this request is overbroad in time and scope and irrelevant to the Agreement as this request is outside the scope of Paragraph 1.1.  This request is also vague and ambiguous as to the phrase "Assistant Sheriff's involvement in any

-4-

1   investigations or hearings of staff or prisoners."

2   Specifically, Paragraph 1.1 states "Custody Operations should continue to be

3   headed by an Assistant Sheriff with no areas of responsibility other than Custody

4   Operations."  Plainly Paragraph 1.1 does not require the Assistant Sheriff's

5   involvement in any investigations or hearings of staff or prisoners, nor does it

6   obligate the Department to produce any documents regarding investigations or

7   hearings.  As such, Plaintiffs' request is improper as it is unequivocally outside the

8   scope of this Paragraph and the corresponding Compliance Measures.

9   **Request No. 3**

10   Any documentation indicating that the Assistant Sheriff has been trained on

11   all effective policies and procedures.  *See id.* § 1.1.

12   **Response to Request No. 3**

13   Objection.  This request is premature as the Monitors have yet to find the

14   Department substantially compliant with Paragraph 1.1 of the Agreement.

15   In addition, this request is overbroad and irrelevant as this request is outside

16   the scope of Paragraph 1.1.  Specifically, Paragraph 1.1 states "Custody Operations

17   should continue to be headed by an Assistant Sheriff with no areas of responsibility

18   other than Custody Operations."  The Compliance Measure does not obligate the

19   Assistant Sheriff to participate in any particular training.  As such, Plaintiffs'

20   request is improper as it is unequivocally outside the scope of this Paragraph and

21   the corresponding Compliance Measures.

22   This request is also vague and ambiguous as to the phrase "effective policies

23   and procedures," and does not identify the requested items with reasonable

24   particularity pursuant to *Code of Civil Procedure* § 2031.030(c)(1).  This request is

25   unduly burdensome and oppressive in that it seeks information that is not

26   sufficiently identified and makes a response impossible without speculation as to

27   the scope and nature of the information sought.  *See West Pico Furniture Company*

28   *v. Sup. Ct.*, 56 Cal.2d 407, 418 (1961); *Calcor Space Facility, Inc. v. Sup. Ct.*, 53

-5-

Cal.App.4th 216, 224-225 (1997).

Without waiving the foregoing objections, to the extent your definition of "policies and procedures" means those modified to support the Agreement, it is the Department's practice to have the Assistant Sheriff review and sign all policies when they are enacted or modified.

**Request No. 4**

Any reports submitted to the Sheriff on use of force incidents, investigations, and training at the facilities, and any responses by the Sheriff regarding these reports. *See id.* § 1.2.

**Response to Request No. 4**

Objection. This request is premature as the Monitors have yet to find the Department substantially compliant with Paragraph 1.2 of the Agreement.

In addition, this request is overbroad and irrelevant as this request is vague and ambiguous and outside the scope of Paragraph 1.2. Plaintiffs request is vague and ambiguous as to the phrase "any responses" and as such, the Department cannot properly respond without further clarification from Plaintiffs' counsel. This request is also overbroad it seeks documents violative of the attorney-client and attorney work-product privileges. *Nacht & Lewis Architects Inc. v. Superior Court of Sacramento* (1996) 47 Cal. App. 4th 214, 217.

Paragraph 1.2 requires the Sheriff to personally engage in the monitoring of the Department's jail facilities. The Compliance Measures for this Paragraph requires the Sheriff to meet with the Monitors to discuss the Implementation Plan and his personal involvement, and further requires the Department to provide a semi-annual report setting forth the Sheriff's personal involvement. The Compliance Measures do not obligate the Department to disclose any reports submitted to the Sheriff or the Sheriff's response to any reports. As such, Plaintiffs' request goes beyond the scope of the Paragraph and Compliance Measures.

1    This request also seeks training documents which are protected from

2    disclosure under the official information privilege, as the disclosure of the

3    requested material could pose a serious risk to the personal safety of Department

4    members and/or inmates.

5    **Request No. 5**

6    Any other documentation indicating the Sheriff's personal involvement in the

7    management of the facilities (logs or reports reviewed by the Sheriff, reports

8    produced by the Sheriff, etc.).  *See id.* § 1.2.

9    **Response to Request No. 5**

10   Objection.  This request is premature as the Monitors have yet to find the

11   Department substantially compliant with Paragraph 1.2 of the Agreement.

12   In addition, this request is overbroad and irrelevant as this request is outside

13   the scope of Paragraph 1.2.  Specifically, Paragraph 1.2 requires the Sheriff to

14   personally engage in the monitoring of the Department's jail facilities.  The

15   Compliance Measures for this Paragraph requires the Sheriff to meet with the

16   Monitors to discuss the Implementation Plan and his personal involvement, and

17   further requires the Department to provide a semi-annual report setting forth the

18   Sheriff's personal involvement.  The Compliance Measures do not obligate the

19   Department to disclose any "documentation indicating the Sheriff's personal

20   involvement in the management of the facilities, and does not require the disclosure

21   of logs or reports reviewed or produced by the Sheriff.  As such, Plaintiffs' request

22   goes beyond the scope of the Paragraph and Compliance Measures and is

23   burdensome.

24   This request is also overbroad as it seeks documents violative of the attorney-

25   client and attorney work-product privileges.  *Nacht & Lewis Architects Inc. v.*

26   *Superior Court of Sacramento* (1996) 47 Cal. App. 4th 214, 217

27   **Request No. 6**

28   Any logs and/or other documentation (including electronic records)

-7-

1  indicating the date and time period during which senior managers toured the jail

2  facilities from January 1-8, and March 1-8.  *See id.* §§ 10.1-10.2.

3  **Response to Request No. 6**

4      Objection.  This request is premature as the Monitors have yet to find the

5  Department substantially compliant with Paragraphs 10.1 and 10.2 of the

6  Agreement.

7      While your request for "logs and/or other documentation" is vague and

8  overbroad, we believe the documents you seek are equivalent to the documents

9  required by the Compliance Measures, as the Compliance Measures require the

10  Department to provide records of the visits made by Department managers.  As

11  mentioned above, the Department is agreeable to making the documents produced

12  to the Monitors available to Plaintiffs' counsel for inspection to evaluate

13  compliance, pursuant to a protective order, following the Monitors finding that the

14  Department is substantially compliant with Paragraphs 10.1 and 10.2.

15      We appreciate your effort to refine your request to a reasonably quantity by

16  selecting two weeks of data.  However, the Compliance Measures for

17  Paragraph 10.2 require the Department to provide the Monitors with daily in-

18  service documents for two random weeks[1], selected by them.  Thus, Plaintiffs'

19  selection of specific weeks are burdensome as it is duplicative of the Compliance

20  Measures the Monitors have set.

21      If after your inspection of the records required by the Monitors, you wish to

22  inspect data from additional time periods, we are agreeable lo further meeting and

23  conferring.

24  **Request No. 7**

25      All logs recording checks conducted by officers and supervisors from

26  January 1-8 and March 1-8, 2017.  *See id.* § 9.1.

27  _____

28  [1] Randomly selected time periods are selected by the Monitors and given to the Department after the relevant quarter is completed. The Department, where appropriate, also uses standard randomization tools, which are provided to the Monitors.

-8-                    APPENDIX A TO MOTION TO ENFORCE
                      SETTLEMENT AGREEMENT

**Response to Request No. 7**

Pursuant to the Monitors' Second Report, Paragraph 9.1 is moot because it is covered by the settlement agreement in the DOJ case and is being monitored under that agreement.

**Request No. 8**

Copies of centralized log that tracks all force incidents, inmate grievances, allegations of misconduct, performance reviews, and policy violations by Department members.

**Response to Request No. 8**

Objection. This request is premature as the Monitors have yet to determine whether the Department is compliant with any Paragraphs of the Agreement.

As phrased, this request is vague and ambiguous, and requests documents beyond the scope of the Agreement and is irrelevant. This request is vague and ambiguous as to the phrase "centralized log" and Plaintiffs' request does not identify any Paragraphs of the Agreement that require a "centralized log."

Without waiving the foregoing objections, we interpret this request to be related to Paragraph 19.1, which states the "Department should develop a formal Early Warning System to identify potentially problematic Department members based upon objective criteria such as number of force incidents, inmate grievances, allegations of misconduct, performance reviews, and policy violations."

As reported to Plaintiffs in previous meetings, the Department is modifying its systems related to Paragraph 19.1. At this time, the tool for Paragraph 19.1 is being improved.

**Request No. 9**

All incident reports documenting prisoner-on-prisoner violence from January 1, 2017 – March 31, 2017, and Department members' efforts to intervene as soon as possible. *See id.* § 9.3.

APPENDIX A TO MOTION TO ENFORCE
SETTLEMENT AGREEMENT

LEGAL_US_W # 91089090.3

1    **Response to Request No. 9**

2          Objection.  This request is premature as the Monitors have yet to find the

3    Department substantially compliant with Paragraph 9.3 of the Agreement.

4          This request is overbroad and burdensome as it seeks ALL incident reports

5    documenting prisoner-on-prisoner violence from January 1, 2017 through

6    March 31, 2017.  As an example, there were 583 reported incidents of inmate-on-

7    inmate violence at Men's Central Jail, Twin Towers Correctional Facility, and the

8    Inmate Reception Center in the Fourth Quarter, 2016.  More appropriately, the

9    Compliance Measure for Paragraph 9.3 requires the Department to randomly select

10   25 force packages or incident reports involving inmate-on-inmate violence and

11   assess whether Department members took appropriate steps to intervene.

12         The Compliance Measures set forth by the Monitors are a statistically valid

13   sample of all incidents of prisoner-on-prisoner violence, without creating the

14   burden of collecting ALL the incident reports.  As such, the Department is

15   agreeable to making the documents produced to the Monitors available to Plaintiffs'

16   counsel for inspection to evaluate compliance, pursuant to a protective order,

17   following the Monitors finding that the Department is substantially compliant with

18   Paragraph 9.3.

19   **Request No. 10**

20         All relevant unit logs documenting prisoner-on-prisoner violence from

21   January 1, 2017— March 31, 2017.  *See id.* § 9.3.

22   **Response to Request No. 10**

23         Objection.  This request is premature as the Monitors have yet to find the

24   Department substantially compliant with Paragraph 9.3 of the Agreement.

25         The phrase "unit logs" is vague, ambiguous, and uncertain and the

26   Department cannot fully respond without further clarification from Plaintiffs'

27   counsel as to the definition of "unit logs."  In addition, there is no requirement for

28   the Department to create or maintain "unit logs."

APPENDIX A TO MOTION TO ENFORCE
SETTLEMENT AGREEMENT

1       Moreover, this request seeks ALL "relevant unit logs" documenting prisoner-

2   on-prisoner violence from January 1, 2017 through March 31, 2017.  As an

3   example, there were 583 reported incidents of inmate-on-inmate violence at Men's

4   Central Jail, Twin Towers Correctional Facility, and the Inmate Reception Center in

5   the Fourth Quarter, 2016.  More appropriately, the Compliance Measure for

6   Paragraph 9.3 requires the Department to randomly select 25 force packages or

7   incident reports involving inmate-on-inmate violence and assess whether

8   Department members took appropriate steps to intervene.

9   **Request No. 11**

10      All relevant internal investigations regarding prisoner-on-prisoner violence

11  from January 1, 2017 – March 31, 2017.  *See id.* § 9.3.

12  **Response to Request No. 11**

13      Objection.  This request is premature as the Monitors have yet to find the

14  Department substantially compliant with Paragraph 9.3 of the Agreement.

15      In addition, this request is overbroad, irrelevant, and burdensome as this

16  request is outside the scope of Paragraph 9.3.  The phrase "internal investigations"

17  is vague, ambiguous, and uncertain and the Department cannot fully respond

18  without further clarification from Plaintiffs' counsel as to the definition of "internal

19  investigations."

20      Moreover, this request seeks ALL "relevant internal investigations"

21  documenting prisoner-on-prisoner violence from January 1, 2017 through

22  March 31, 2017.  As an example, there were 583 reported incidents of inmate-on-

23  inmate violence at Men's Central Jail, Twin Towers Correctional Facility, and the

24  Inmate Reception Center in the Fourth Quarter, 2016.  More appropriately, the

25  Compliance Measure for Paragraph 9.3 requires the Department to randomly select

26  25 force packages or incident reports involving inmate-on-inmate violence and

27  assess whether Department members took appropriate steps to intervene.

28

-11-

APPENDIX A TO MOTION TO ENFORCE
SETTLEMENT AGREEMENT

**Request No. 12**

All relevant grievances alleging prisoner-on-prisoner violence from January 1, 2017 to March 31, 2017. *See id.* § 9.3.

**Response to Request No. 12**

Objection. This request is premature as the Monitors have yet to find the Department substantially compliant with Paragraph 9.3 of the Agreement.

In addition, this request is overbroad, irrelevant, and burdensome as this request is outside the scope of Paragraph 9.3. Specifically, this request seeks ALL relevant grievances alleging prisoner-on-prisoner violence from January 1, 2017 through March 31, 2017. As an example, there were 583 reported incidents of inmate-on-inmate violence at Men's Central Jail, Twin Towers Correctional Facility, and the Inmate Reception Center in the Fourth Quarter, 2016. More appropriately, the Compliance Measure for Paragraph 9.3 requires the Department to randomly select 25 force packages or incident reports involving inmate-on-inmate violence and assess whether Department members took appropriate steps to intervene.

Without waiving the foregoing objections, the Department would be willing to meet further about the addition of one compliance measure seeking the inclusion of a sample of grievances related to inmate-on-inmate violence.

**Request No. 13**

A log of all force packages for each force incident occurring January 1, 2017 to March 31, 2017 (defined to include all uses of physical force, chemical agents, weapons, restraints, tasers, and other electronic stun gun devices; cell extractions; incidents involving prisoners on the mental health caseload; incidents prompted by a medical or mental health provider's order; and incidents which a Department member asserts that s/he was assaulted by an inmate).[2] From this log, Plaintiffs will choose a sufficient number of force packages to review. The chosen force

---

[2] *See, e.g., id.* §§ 2.2-2.6, 2.11-2.12, 8.1.

APPENDIX A TO MOTION TO ENFORCE
SETTLEMENT AGREEMENT

1  packages must then be produced to Plaintiffs.

2  **Response to Request No. 13**

3  Objection.  This request is premature as the Monitors have yet to find the

4  Department substantially compliant with any Paragraphs of the Agreement related

5  to force packages.

6  As phrased, this request is vague, ambiguous, compound, and requests

7  documents beyond the scope of the Agreement and is therefore irrelevant and

8  burdensome.  Plaintiffs' request does not identify any Paragraphs of the Agreement

9  that requires the Department to create a log with the specificity requested by

10  Plaintiffs.  Moreover, the Department is unaware of any Paragraph that requires the

11  Department to create the requested log, and such request is burdensome as it goes

12  beyond the Compliance Measures set forth by the Monitors.  The Department also

13  objects to Plaintiffs' definitions of force packages as Plaintiffs' definitions are

14  vague and ambiguous and beyond the scope of the Agreement.  In addition, this

15  request seeks documents outside the scope of the Agreement, and is therefore

16  burdensome and irrelevant.

17  Plaintiffs' request states that "Plaintiffs will choose a sufficient number of

18  force packages to review."  While the Agreement allows for the Monitors to select

19  and review specific force packages, the Agreement does not grant Plaintiffs the

20  same authority.  As such, Plaintiffs' request is improper and burdensome as it is

21  unequivocally outside the scope of this Paragraph and the corresponding

22  Compliance Measures.

23  **Request No. 14**

24  Of the use of force packages chosen for review in Section B, their

25  corresponding use of force investigation packages.  *See id.* §§ 12.4-12.5.  These

26  packages shall include investigation or hearing reports following force incidents,

27  any disciplinary/corrective action taken, and related disciplinary and personnel

28  records.  This shall also include reports from any investigation, disciplinary

-13-

APPENDIX A TO MOTION TO ENFORCE
SETTLEMENT AGREEMENT

hearing, and/or other measure conducted against managers for failing to address use of force problems (*id.* § 1.3).

**Response to Request No. 14**

Objection.  This request is premature as the Monitors have yet to find the Department substantially compliant with Paragraph 1.3 of the Agreement.

As phrased, this request is vague, ambiguous as to "Section B" and the Department cannot fully respond without further clarification from Plaintiffs' counsel.  This request is also compound as it seeks not only use of force packages, but also disciplinary/correction actions taken, as well as disciplinary and personnel records, and "other measure [sic] conducted against managers for failing to address use of force problems."  In addition, this request seeks documents outside the scope of the Agreement, including Paragraph 1.3, and is therefore burdensome and irrelevant.

Moreover, this request improperly goes beyond Plaintiffs' counsels' role approved by the Agreement as Plaintiffs' counsel attempts to mandate the contents of a use of force packet.  As such, Plaintiffs' request is improper and burdensome as it is unequivocally outside the scope of this Paragraph and the corresponding Compliance Measures.

**Request No. 15**

Any documentation of the Custody Force Rollout Team's reviews of the Unit Commanders' evaluations of force incidents.  *See id.* § 11.1.

**Response to Request No. 15**

Objection.  This request is premature as the Monitors have yet to find the Department substantially compliant with Paragraph 11.1 of the Agreement.

In addition, this request is overbroad and irrelevant to the Agreement as this request is outside the scope of Paragraph 11.1.  Specifically, Paragraph 11.1 provides that the Custody Force Rollout Team's ("CFRT") involvement does not delay the Department's investigation of force incidents.  The purpose of the

APPENDIX A TO MOTION TO ENFORCE SETTLEMENT AGREEMENT

1    Paragraph is to ensure the timeliness of force investigations and the Compliance

2    Measures set forth by the Monitors serve this purpose.  Therefore, this request is

3    burdensome and irrelevant as it fails to meet the purpose of the Paragraph and the

4    documents requested go beyond the scope of the Agreement.

5    **Request No. 16**

6        All referrals to internal or external agencies and related documentation of

7    those investigations and any discipline/corrective action taken.

8        i.    All cases of alleged officer misconduct that were investigated by the

9              Internal Criminal Investigations Bureau.  *See id.* § 14.2.

10       ii.   Any referrals to the District Attorney's office of incidents of officer

11             misconduct.  *See id.* § 14.2.

12       iii.  All referrals of an inmate for criminal prosecution for assaulting a staff

13             member arising from an incident involving the use of force.  *See*

14             Implementation Plan § 14.1.

15   **Response to Request No. 16**

16       Objection.  This request is premature as the Monitors have yet to find the

17   Department substantially compliant with Paragraphs 14.1 and 14.2 of the

18   Agreement.

19       In addition, this request is vague and ambiguous as to the phrase "[a]ll

20   referrals to internal or external agencies," as well as "investigations."

21       With respect to section (i) above, Paragraph 14.2 requires the Department to

22   forward to the District Attorney's Office, incidents of officer misconduct that may

23   amount to criminal violations.  The purpose of Paragraph 14.2 is to ensure that

24   officer conduct which rises to the level of criminal misconduct is timely referred to

25   the District Attorney's Office and the Compliance Measures set forth by the

26   Monitors serve this purpose.

27       The requests for documents related to any discipline/corrective action taken

28   is beyond the scope of the Paragraphs and are therefore overbroad, irrelevant, and

-15-

1  burdensome as this request is outside the scope of Paragraphs 14.1 and 14.2.  As

2  such, Plaintiffs' request is improper as it is unequivocally outside the scope of this

3  Paragraph and the corresponding Compliance Measures.

4       Your request in section (ii) is equivalent to the documents required in the

5  Compliance Measures for Paragraph 14.2.  Similarly, your request in section (iii) is

6  equivalent to the Compliance Measures for Paragraph 14.1.  As such, the

7  Department is agreeable to making the documents produced to the Monitors

8  available to Plaintiffs' counsel for inspection to evaluate compliance, pursuant to a

9  protective order, following the Monitors finding that the Department is

10  substantially compliant with Paragraphs 14.1 and 14.2.

11  **Request No. 17**

12       Copy of the directive that implements 14.1 relating to criminal referrals.  *See*

13  *id.* § 14.1; *see also* Panel's First Report (DE 141) at 14 (stating that the Panel

14  reviewed and approved a directive to implement § 14.1).

15  **Response to Request No. 17**

16       This request is completed.  The documents are attached.

17  **Request No. 18**

18       All documented findings of dishonesty, excessive force, and PREA

19  violations by Department members in Custody Operations.  *See id.* § 13.2.

20  **Response to Request No. 18**

21       Objection.  This request is premature as the Monitors have yet to find the

22  Department substantially compliant with Paragraph 13.2 of the Agreement.

23       This request is equivalent to the documents required by the Compliance

24  Measures set forth by the Monitors.  As such, the Department is agreeable to

25  making the documents produced to the Monitors available to Plaintiffs' counsel for

26  inspection to evaluate compliance, with limited redactions, pursuant to a protective

27  order, following the Monitors finding that the Department is substantially

28  compliant with Paragraph 13.2.

APPENDIX A TO MOTION TO ENFORCE
SETTLEMENT AGREEMENT

**Request No. 19**

Any documentation indicating that a Department member was terminated or sanctioned for dishonesty, use of excessive force, or violating PREA.  *See id.* § 13.2.

**Response to Request No. 19**

Objection.  This request is premature as the Monitors have yet to find the Department substantially compliant with Paragraph 13.2 of the Agreement.

This request is burdensome as it is duplicative of Plaintiffs' Request Nos. 18 and 20.  To the extent Plaintiffs' request is not duplicative of Paragraph 13.2, this request is overbroad and outside the scope of Paragraph 13.2 which mandates that the Department report to the Office of the Inspector General ("OIG") all findings of dishonesty, excessive force, or PREA violations, and punishments, and if necessary, reasons why a member was not terminated.

**Request No. 20**

Any documentation which shows that a Department member was found to have been dishonest, used excessive force, or violated PREA, yet was not terminated.  *See id*. § 13.1.

    i.     Any documentation explaining why this Department member was not terminated.

    ii.    Any discipline imposed short of termination.

    iii.   Any reports to the Office of Inspector General regarding Department members receiving an adverse finding yet not terminated.  *See id.* § 13.2.

**Response to Request No. 20**

Objection.  This request is premature as the Monitors have yet to find the Department substantially compliant with Paragraph 13.1 of the Agreement.

This request is overbroad, and vague and ambiguous as to the terms "any documentation" and "any discipline."  With respect to sections (i) and (ii), it seems

APPENDIX A TO MOTION TO ENFORCE
SETTLEMENT AGREEMENT

Plaintiffs' request is equivalent to the documents required by the Compliance Measures, as the Compliance Measures require the Monitors to review all relevant completed internal investigation, and requires the Department, in their report to the OIG, to provide documentation of reasons why a Department member was not terminated.  As such, the Department is agreeable to making the documents produced to the Monitors available to Plaintiffs' counsel for inspection to evaluate compliance, with limited redactions, pursuant to a protective order, following the Monitors finding that the Department is substantially compliant with Paragraph 13.2.

With respect to section (iii), this request is nearly identical to the purpose of Plaintiffs' Request Nos. 18 and 19.  As such this request is duplicative and burdensome.  Please see the Department's responses to these requests above.

**Request No. 21**

Current of use of force curriculum and training materials (all lesson plans, presentations, and other materials) and use of force refresher curriculum and training materials.  *See id*. § 3.1.

**Response to Request No. 21**

Objection.  This request is premature as the Monitors have yet to find the Department substantially compliant with Paragraph 13.1 of the Agreement.

This request seeks training documents which are protected from disclosure under the official information privilege, as the disclosure of the requested material could pose a serious risk to the personal safety of Department members and/or inmates.

Without waiving the foregoing objections, the Department has offered to make the current curriculum and materials, already approved by the Monitors, available to you pursuant to a protective order.

**Request No. 22**

Current ethics, professionalism, and treating inmates with respect curricula

-18-

1   and training materials (all lesson plans, presentations, and other materials) and

2   current draft of ethics refresher curriculum and training materials.  *See id.* § 3.2.

3   **Response to Request No. 22**

4        Objection.  This request is premature as the Monitors have yet to find the

5   Department substantially compliant with Paragraph 3.2 of the Agreement.

6        This request seeks training documents which are protected from disclosure

7   under the official information privilege, as the disclosure of the requested material

8   could pose a serious risk to the personal safety of Department members and/or

9   inmates.

10       Without waiving the foregoing objections, the Department has offered to

11  make the current curriculum and materials, already approved by the Monitors,

12  available to you pursuant to a protective order.

13  **Request No. 23**

14       Current curricula and training materials for pre-service Custody training (six-

15  week Jail Operations and Jail Operations Continuum course).  *See id.* § 3.3.

16  **Response to Request No. 23**

17       Objection.  This request is premature as the Monitors have yet to find the

18  Department substantially compliant with Paragraph 3.3 of the Agreement.

19       This request seeks training documents which are protected from disclosure

20  under the official information privilege, as the disclosure of the requested material

21  could pose a serious risk to the personal safety of Department members and/or

22  inmates.

23       Plaintiffs' request is also overbroad and outside the scope of this Paragraph,

24  as the purpose of the Compliance Measures is to ensure Department members get

25  training before they begin to work in custody.

26  **Request No. 24**

27       Custody-based, use of force scenarios that are used as part of the training.

28  *See id.* § 3.4.

APPENDIX A TO MOTION TO ENFORCE
SETTLEMENT AGREEMENT

**Response to Request No. 24**

Objection.  This request is premature as the Monitors have yet to find the Department substantially compliant with Paragraph 3.4 of the Agreement.

This request seeks training documents which are protected from disclosure under the official information privilege, as the disclosure of the requested material could pose a serious risk to the personal safety of Department members and/or inmates.

Plaintiffs' request is also burdensome as it is duplicative, in part to Plaintiffs' Request No. 21 (Paragraph 3.1).  Without waiving the foregoing objections, the Department has offered to make the current curriculum and materials, already approved by the Monitors, available to you pursuant to a protective order.

**Request No. 25**

All personnel complaints against Department members that has resulted in a finding that it "Appears Employee Conduct Could Have Been Better." *See id.* § 3.5.

**Response to Request No. 25**

Objection.  This request is premature as the Monitors have yet to find the Department substantially compliant with Paragraph 3.5 of the Agreement.

This request is vague and ambiguous as to the term "complaints."  Without waiving the foregoing objections, we interpret "complaints" as consistent with the documents required by the Compliance Measures of Paragraph 3.5.  As such, this request is equivalent to the Compliance Measures, and the Department is agreeable to making the documents produced to the Monitors available to Plaintiffs' counsel for inspection to evaluate compliance, pursuant to a protective order, following the Monitors finding that the Department is substantially compliant with Paragraph 3.5.

**Request No. 26**

Any evidence that disciplinary actions were undertaken after a finding that it "Appears Employee Conduct Could Have Been Better." *See id.* § 3.5.

-20-

**Response to Request No. 26**

Objection.  This request is premature as the Monitors have yet to find the Department substantially compliant with Paragraph 3.5 of the Agreement.

The purpose of the Paragraph is to ensure that Department members are receiving additional training, counseling or mentoring, when a complaint against a Department member resulted in a finding that it "Appears Employee Conduct Could Have Been Better."  The Compliance Measures set forth by the Monitors serve this purpose.  Plaintiff's request for "evidence of disciplinary action," is burdensome and irrelevant as it fails to meet the purpose of the Paragraph and the documents requested unequivocally go beyond the scope of the Agreement.

**Request No. 27**

Any documentation of reviews conducted of Department members during the probationary period and post-probationary period.  *See id.* § 3.6.

**Response to Request No. 27**

Objection.  This request is premature as the Monitors have yet to find the Department substantially compliant with Paragraph 3.6 of the Agreement.

In addition, this request is overbroad, irrelevant, and burdensome as this request is outside the scope of Paragraph 6.3.  Specifically, this request seeks any documentation of reviews conducted by members without any limitations as to time or quantity.  However, the Compliance Measures for Paragraph 3.6 requires the Department to randomly select and review personnel records of 50 Deputy Sheriffs and 25 Custody Assistants who were in a probationary assignment in custody during the prior quarter to determine if the individual was reviewed within six months from the start of the assignment.

The Compliance Measures set forth by the Monitors are a statistically valid sample of the Department members who have received probationary review, without creating the burden of collecting all personnel records.  As such, the Department is agreeable to making the documents produced to the Monitors

-21-

APPENDIX A TO MOTION TO ENFORCE SETTLEMENT AGREEMENT

available to Plaintiffs' counsel for inspection to evaluate compliance, with limited
redactions, pursuant to a protective order, following the Monitors finding that the
Department is substantially compliant with Paragraph 3.6.

**Request No. 28**

Current curriculum, training materials, and testing materials for Crisis
Intervention and Conflict Resolution course and refresher course. *See id.* § 4.6.

**Response to Request No. 28**

Objection.  This request is premature as the Monitors have yet to find the
Department substantially compliant with Paragraph 4.6 of the Agreement.

This request seeks training documents which are protected from disclosure
under the official information privilege, as the disclosure of the requested material
could pose a serious risk to the personal safety of Department members and/or
inmates.

Without waiving the foregoing objections, the Department has offered to
make the current curriculum and materials, already approved by the Monitors,
available to you pursuant to a protective order.

**Request No. 29**

Current curriculum, training materials, and testing materials on identifying
and working with mentally ill inmates course and refresher course. *See id.* §§ 4.7-
4.8.

**Response to Request No. 29**

Objection.  This request is premature as the Monitors have yet to find the
Department substantially compliant with Paragraphs 4.7 and 4.8 of the Agreement.
This request is burdensome as it is duplicative of Plaintiffs' Request No. 28.

This request seeks training documents which are protected from disclosure
under the official information privilege, as the disclosure of the requested material
could pose a serious risk to the personal safety of Department members and/or
inmates.

-22-

1    Without waiving the foregoing objections, the Department has offered to

2    make the current curriculum and materials, already approved by the Monitors,

3    available to you pursuant to a protective order.

4    **Request No. 30**

5    Current curriculum, training materials, and testing materials on De-escalation

6    & Verbal Resolution.  *See* DE 141 at 10 ("The Department provided the Panel with

7    training materials for DeVRT on December 28, 2015.").

8    **Response to Request No. 30**

9    Objection.  This request is premature as the Monitors have yet to find the

10   Department substantially compliant with any Paragraphs of the Agreement related

11   to De-escalation and Verbal Resolution Training.  In addition, this request is vague

12   and ambiguous as Plaintiffs' counsel has not identified any Paragraphs of the

13   Agreement that correspond to this request.  This request is burdensome as it is

14   duplicative of Plaintiffs' Request No. 28.

15   This request also seeks training documents which are protected from

16   disclosure under the official information privilege, as the disclosure of the

17   requested material could pose a serious risk to the personal safety of Department

18   members and/or inmates.

19   **Request No. 31**

20   Any documentation that indicates that the aforementioned trainings were

21   conducted (including, but not limited, dated sign-in sheets, pre and post-tests of

22   officers and deputies).  *See* Implementation Plan §§ 4.6-4.10.

23   **Response to Request No. 31**

24   Objection.  This request is premature as the Monitors have yet to find the

25   Department substantially compliant with Paragraphs 4.6-4.9 of the Agreement.  In

26   addition, pursuant to the Monitors' Second Report, Paragraph 4.10 is moot because

27   it is covered by the settlement agreement in the DOJ case and is being monitored

28   under that agreement.

APPENDIX A TO MOTION TO ENFORCE
SETTLEMENT AGREEMENT

1    It seems the objective of Plaintiffs' request is to ensure that Department

2  members are receiving training as required by Paragraphs 4.6 through 4.9.  Your

3  request is equivalent to the documents required in the Compliance Measures, as the

4  Compliance Measures require the Monitors to assess whether a certain percentage

5  of Department members completed the training, which serve the purpose of these

6  Paragraphs.  As such, the Department is agreeable to making the documents

7  produced to the Monitors available to Plaintiffs' counsel for inspection to evaluate

8  compliance, pursuant to a protective order, following the Monitors finding that the

9  Department is substantially compliant with Paragraphs 4.6-4.9.

10  **Request No. 32**

11    Curricula and training materials for Sergeants on conducting use of force

12  investigations, including the course outline entitled "Supervisor Orientation on use

13  of Force Investigations and Documentation," the related PowerPoint training

14  materials, and another other materials that were provided to the Panel in relation to

15  these provisions.  *See id.* § 12.1.

16  **Response to Request No. 32**

17    Objection.  This request is premature as the Monitors have yet to find the

18  Department substantially compliant with Paragraph 12.1 of the Agreement.

19    This request also seeks training documents which are protected from

20  disclosure under the official information privilege, as the disclosure of the

21  requested material could pose a serious risk to the personal safety of Department

22  members and/or inmates.

23    Without waiving the foregoing objections, the Department has offered to

24  make the current curriculum and materials, already approved by the Monitors,

25  available to you pursuant to a protective order.

26  **Request No. 33**

27    Any documentation supporting the decision to eliminate the need for a

28  centralized unit with sworn personnel, custody assistants, and civilian personnel

APPENDIX A TO MOTION TO ENFORCE
SETTLEMENT AGREEMENT

that is in charge of collecting and reviewing inmate grievances. *See id.* § 6.16; DE 141 at 9-10.

**Response to Request No. 33**

Objection. This request is premature as the Monitors have yet to find the Department substantially compliant with Paragraph 6.16 of the Agreement.

In addition, this request is outside the scope of Paragraph 6.16. The Compliance Measure does not obligate the Department to provide Plaintiffs with the requested documents. As such, Plaintiffs' request is irrelevant to the Paragraph and Compliance Measure.

Moreover, the decision to eliminate the need for a centralized command to oversee the handling of inmate grievances, and to co-locate grievance personnel in TTCF, CRDF and Pitchess Detention Center, was reviewed and tentatively approved by the Monitors.

**Request No. 34**

A log of all inmate grievances filed January 1, 2017 to March 31, 2017, including grievances filed against staff. *See, e.g.*, Implementation Plan §§ 6.3-6.6.

- o After reviewing the log of inmate grievances, the plaintiffs may request additional information and documentation relating to the inmate grievance system including, but not limited to, the following:
  - All receipts of inmate grievances provided to the filer from January 1, 2017 to March 31, 2017.
  - All documentation pertaining to the Department's adjudication of inmate grievances, and notification of the filer of the grievance status/disposition. This shall include responses to inmate grievances (including any denials or actions undertaken in response to grievances), investigations and hearing conducted in response to inmate grievances, and any evaluations/reviews of investigations conducted.

APPENDIX A TO MOTION TO ENFORCE
SETTLEMENT AGREEMENT

- Any documented reasons why an inmate did not receive a response to his/her grievance within 15 days. *See id.* § 6.19.

- All appeals filed January 1, 2017 to March 31, 2017, any documentation indicating whether the appeal was accepted or rejected, and (for any rejected appeals) documented proof that the inmate was not housed in punitive segregation when s/he received the denial. *See id.* § 6.20.

- Copy of relevant pages of living unit log indicating when grievances are collected, and copy of grievance collection log maintained by the Inmate Grievance Coordinator, which documents the reason for each grievance and whether the grievance was submitted as an emergency grievance. *See id.* § 6.10.

- Any documented reviews by the Inmate Grievance Coordinator of emergency grievances. *See id.* § 6.9.

- Any corrective action taken against any Department member who is found to have engaged in the conduct prohibited in § 6.11.

- All documentation pertaining to Conflict Resolution Meetings (requests and documentation from the meeting). *See id.* § 7.1.

**Response to Request No. 34**

Objection. This request is premature as the Monitors have yet to find the Department substantially compliant with any Paragraphs of the Agreement related to inmate grievances.

As phrased, this request is vague, ambiguous, compound, and requests documents beyond the scope of the Agreement and is therefore irrelevant and burdensome. Plaintiffs' request does not identify any Paragraphs of the Agreement that require the Department to create a log as requested by Plaintiffs. Moreover, the

-26-

1   Department is unaware of any Paragraph that requires the Department to create the

2   requested log, and such request is burdensome as it goes beyond the Compliance

3   Measures set forth by the Monitors.

4        Plaintiffs' request states that "the plaintiffs may request additional

5   information and documentation relating to the inmate grievance system..."  While

6   the Agreement allows for the Monitors to select and review specific grievances, the

7   Agreement does not grant Plaintiffs the same authority.  As such, Plaintiffs' request

8   is burdensome and improper as it is unequivocally outside the scope of this

9   Paragraph and the corresponding Compliance Measures.

10        This request is also burdensome as Plaintiff requests ALL grievances and

11   ALL documents in response to the grievances.  As stated in our March 15, 2017

12   correspondence, complying with this request is extremely burdensome as the

13   number of grievances received by the facilities is voluminous.  For example, there

14   were 1,181 inmate grievances filed in the Fourth Quarter, 2016 at Men's Central

15   Jail, Twin Towers Correctional Facility, and the Inmate Reception Center.

16        The purpose of the Paragraphs related to grievances is to ensure that inmate

17   grievances are properly addressed, and the Compliance Measures set forth by the

18   Monitors serve this purpose.  Therefore, any requests by Plaintiffs for all grievances

19   and/or documents related thereto are burdensome and irrelevant as it fails to meet

20   the purpose of the Paragraphs and the documents requested go beyond the scope of

21   the Agreement.  The Compliance Measures set forth by the Monitors are a

22   statistically valid sample of all grievances, without creating the burden of collecting

23   ALL the incident reports.  As such, the Department is agreeable to making the

24   documents produced to the Monitors available to Plaintiffs' counsel for inspection

25   to evaluate compliance, with limited redactions, pursuant to a protective order,

26   following the Monitors finding that the Department is substantially compliant with

27   Paragraphs related to grievances.

28

-27-

APPENDIX A TO MOTION TO ENFORCE
SETTLEMENT AGREEMENT

1    **Request No. 35**

2    To the extent not covered by the above-listed requests, any other documents

3    provided to the Monitoring Team.

4    **Response to Request No. 35**

5    Objection.  This request is premature as the Monitors have yet to find the

6    Department substantially compliant with the Agreement.

7    Again, the Department is agreeable to making available to Plaintiffs' counsel

8    any documents produced to the Monitors, with limited redactions, pursuant to a

9    protective order, following the Monitors finding that the Department is compliant

10   with the Agreement.

11   Should you believe documents beyond what the Monitors require is

12   necessary, we are open to meet and confer with you to obviate the need for law and

13   motion.  However, as previously stated, we believe a discussion following the

14   Monitors next report will allow for a more productive discussion.

15

16

17

18

19

20

21

22

23

24

25

26   ///

27   ///

28   ///

-28-

APPENDIX A TO MOTION TO ENFORCE
SETTLEMENT AGREEMENT

1  DATED:  September  18 , 2017    Respectfully Submitted,

2

3                                  ACLU FOUNDATION OF
4                                  SOUTHERN CALIFORNIA

5                                  By:_____/s/ PETER ELIASBERG_____
6                                            PETER ELIASBERG

7                                  NATIONAL PRISON PROJECT OF THE
8                                  AMERICAN CIVIL LIBERTIES UNION
                                   FOUNDATION
9

10                                 By:_____/s/ ERIC BALABAN_____
11                                           ERIC BALABAN

12                                 PAUL HASTINGS LLP
13

14                                 By:_____/s/ KYLE M. JONES_____
15                                           KYLE M. JONES

16                                 Attorneys for Plaintiffs
17                                 ALEX ROSAS and JONATHAN GOODWIN on
                                   behalf of themselves and of those similarly
18                                 situated

19

20

21

22

23

24

25

26

27

28

APPENDIX A TO MOTION TO ENFORCE
SETTLEMENT AGREEMENT