# EXHIBIT A

Case 2:12-cv-00428-MWF-E     Document 179-3     Filed 02/16/18     Page 1 of 16   Page ID
#:4031

Jeremy D. Matz - State Bar No. 199401
    jmatz@birdmarella.com
Kimberley M. Miller - State Bar No. 260280
    kmiller@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Mary C. Wickham – State Bar No. 145664
    mwickham@counsel.lacounty.gov
Rodrigo A. Castro-Silva – State Bar No. 185251
    rcastro-silva@counsel.lacounty.gov
Amie S. Park – State Bar No. 273346
    apark@counsel.lacounty.gov
OFFICE OF THE COUNTY COUNSEL
Kenneth Hahn Hall of Administration
500 West Temple Street, #648
Los Angeles, California 90012-2713
Telephone: (213) 974-1804 ·
Facsimile: (213) 626-7446

Attorneys for Defendant
Los Angeles County
Sheriff Jim McDonnell

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEX ROSAS and JONATHAN GOODWIN on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs,<br><br>   vs.<br><br>JIM MCDONNELL, Sheriff of Los Angeles County, in his official capacity,<br><br>   Defendant. | CASE NO. CV 12-00428 DDP (MRW)<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING CLASS COUNSEL'S ACCESS TO DOCUMENTS**<br><br>Crtrm.:  9c<br><br>Assigned to Hon. Dean D. Pregerson |

WHEREAS, the Parties executed a Settlement Agreement and Release of Claims (the "Settlement Agreement"), which was filed with the Court on January 6, 2015 (Dkt. No. 110);

3465391.1

WHEREAS, pursuant to Section II of the Settlement Agreement, the Court appointed a three-member Panel of Monitors (the "Panel") to monitor and advise the Court on Defendant's compliance with a corrective action plan (the "Implementation Plan", also sometimes known as the "Action Plan") designed to ensure that the Plaintiff Class are not subjected to excessive force in the Jail Complex in downtown Los Angeles;

WHEREAS, "Class Counsel" are defined in the Settlement Agreement as the American Civil Liberties Union, the ACLU Foundation of Southern California, and Paul Hastings, LLP;

WHEREAS, Section VI of the Settlement Agreement provides in part that:

> On reasonable notice, Class Counsel will have reasonable access to the Jail Complex in downtown Los Angeles, including without limitation staff, inmates, and documents, for inspection to evaluate compliance with the Action Plan.  Class Counsel shall provide Defendant's counsel with 10 days' notice before any document request and 4 days' notice before any on-site inspection.  Defendant's counsel shall have the right to be present for any jail inspection and/or discussion with Sheriff's Department personnel. Defendant reserves the right to object, whether on privilege grounds or otherwise, to any document request made by Class Counsel.

WHEREAS, the parties agreed to negotiate in good faith to resolve any disputes concerning objections to document requests from Class Counsel, pursuant to Section VI of the Settlement Agreement, and if the dispute could not be resolved, to submit the issue to the Court for resolution;

WHEREAS, pursuant to the Settlement Agreement, any information or documents obtained by Class Counsel under Section VI of the Settlement Agreement may be used solely for purposes of this action and may not be used in any other action for any purpose;

WHEREAS, by letter dated July 1, 2016, Class Counsel made a total of 103 document requests pursuant to Section VI of the Settlement Agreement;

STIPULATED PROTECTIVE ORDER RE: CLASS COUNSEL'S ACCESS TO DOCUMENTS

WHEREAS, by letter dated December 20, 2016, Class Counsel revised and reduced their document requests pursuant to Section VI of the Settlement Agreement;

WHEREAS, Defendant objected and continues to object to Class Counsel's original and revised document requests on several grounds, including but not limited to the following grounds: (1) Class Counsel's requests were overbroad, unduly burdensome, and beyond the scope of the Settlement Agreement; (2) the volume, scope, and nature of Class Counsel's requests were inconsistent with the intent and language of the Settlement Agreement; (3) the records sought by Class Counsel exceeded the scope of records requested by and produced to the Panel to assess Defendant's compliance with the Implementation Plan; (4) the records sought by Class Counsel contain Los Angeles County Sheriff's Department personnel and inmate information protected by statute and by privilege; and (5) attempting to comply with Class Counsel's requests would place an enormous strain on the County and the Sheriff's Department that would require diverting valuable and limited resources away from Defendant's compliance efforts.  Defendant's position was and remains that this would undermine the most important objective of the Settlement Agreement, which is Defendant's compliance with the Implementation Plan.

WHEREAS, the parties met and conferred regarding Class Counsel's document requests for more than a year to determine which, if any, documents requested by Class Counsel would be produced by Defendant pursuant to Section VI of the Settlement Agreement;

WHEREAS, on September 18, 2017, Class Counsel filed a Notice of Motion and Motion To Enforce Settlement Agreement (Dkt. No. 152), seeking a Court order requiring Defendant to produce the documents requested by Class Counsel;

WHEREAS, in an effort to avoid the time and expense of litigation, the parties have engaged in a further, lengthy meet and confer process to resolve this

dispute without more litigation;

WHEREAS, subject to the terms, conditions, limitations, and restrictions set forth below, Defendant has agreed to give Class Counsel access to certain documents and materials, without conceding that Class Counsel are entitled to those documents or materials under the Settlement Agreement or otherwise; and

WHEREAS, the Parties having stipulated and good cause appearing:

IT IS HEREBY ORDERED THAT:

## I.    INTRODUCTION AND STATEMENT OF GOOD CAUSE

### A.    Plaintiffs

Plaintiffs are Alex Rosas and Jonathan Goodwin on behalf of themselves and unnamed class members, defined as "all present and future inmates confined in the Jail Complex in downtown Los Angeles," pursuant to Federal Rule of Civil Procedure 23(b)(2) (collectively, the "Plaintiffs").

### B.    Defendant

The defendant in this action is Los Angeles County Sheriff Jim McDonnell, in his official capacity ("Defendant").

### C.    Statement of Good Cause

Good cause exists for entry of this Order.  Defendant is required to produce confidential and privileged information to the Panel pursuant to the Settlement Agreement.  Such information contains information that is protected by privileges including, but not limited to, the investigatory files privilege, the official information privilege, and privacy rights including, but not limited to, rights under the Health Insurance Portability and Accountability Act ("HIPAA").  Limiting the disclosure of these documents to the context of this litigation, as provided herein, will protect the privileges and privacy rights of the Defendant and its employees, and of the Plaintiff Class, and will further the public interest.

In an effort to resolve their dispute concerning which, if any, documents Defendant must produce pursuant to Section VI of the Settlement Agreement,

Defendant has proposed, and Plaintiffs have agreed, that subject to the terms, conditions, limitations, and restrictions set forth below, Defendant shall grant Class Counsel access to certain documents and materials, without conceding that Class Counsel are entitled to those documents or materials under the Settlement Agreement or otherwise.  Class Counsel's access to such documents and materials, subject to the specified terms, conditions, limitations, and restrictions, will reduce or avoid further litigation over discovery issues, and will further the public interest.

## II.   DEFINITIONS

### A.   Party

"Party" means any party to this action, including all of its officers, directors, employees, consultants, retained experts, and legal counsel (and their support staff).

### B.   Confidential Information

"Confidential Information" means all information (regardless of how generated, stored, maintained, or produced) that is produced or made available to Class Counsel by Defendant pursuant to this Protective Order.  Defendant need not stamp any information "CONFIDENTIAL," or otherwise use any particular legend of designation, prior to producing or making available any such information to Class Counsel.  All information produced or made available to Class Counsel by Defendant pursuant to this Protective Order shall receive all protections provided by this Protective Order, and shall be subject to all terms, conditions, limitations, and restrictions set forth in this Protective Order.

### C.   Class Counsel

"Class Counsel" shall be as defined in the Settlement Agreement: the American Civil Liberties Union, the ACLU Foundation of Southern California, and Paul Hastings, LLP.

### D.   Privilege

For purposes of this Order, "privilege" shall mean the attorney-client privilege, the attorney-work product doctrine, the official information privilege, and

any other privilege or doctrine that may apply to Confidential Information.

## III.    SCOPE

The terms, conditions, limitations, and restrictions imposed by this Protective Order cover not only Confidential Information but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, notes, audio files, or compilations thereof.  The terms, conditions, limitations, and restrictions imposed by this Protective Order also cover testimony, conversations, or presentations by Parties or their counsel that might reveal Confidential Information.  However, the terms, conditions, limitations, and restrictions imposed by this Protective Order do not cover any information known to Class Counsel prior to entry of this Protective Order or obtained by Class Counsel after entry of this Protective Order from a source who obtained the information lawfully and under no obligation of confidentiality to the Defendant.

## IV.    DURATION

The duties and obligations imposed by this Protective Order shall remain in effect for all time unless and until Defendant agrees otherwise in writing or the Court otherwise orders.

## V.    PRODUCTION, REVIEW, AND USE OF CONFIDENTIAL INFORMATION

### A.    Documents And Materials To Be Produced Or Made Available To Class Counsel By Defendant

#### 1.    Force Synopsis

On _____, 2018, the Panel adopted a Revised Monitoring Plan And Compliance Measures (the "Revised Compliance Measures").  The Revised Compliance Measures replaced the Monitoring Plan And Compliance Measures (the "Original Compliance Measures"), which were adopted in November 2016.  Pursuant to the Revised Compliance Measures applicable to Sections 2.2 through 2.13, 4.1 through 4.5, 9.2, 9.3 and 17.5 of the Implementation Plan, Defendant must

(within 10 days of the end of each quarter beginning with the quarter ending on December 31, 2018) provide the Panel with a cumulative Force Synopsis for each force incident in the Downtown Jail Complex beginning January 1, 2017, through the end of the most recent quarter.

Pursuant to this Protective Order, Defendant shall make each Force Synopsis available to Class Counsel for in-person review at the offices of Panel member Richard E. Drooyan, concurrently with the provision of such Force Synopsis to the Panel. Defendant shall not be obligated to produce copies of any Force Synopsis to Class Counsel or to Plaintiffs in any format. During their in-person review of any Force Synopsis at Mr. Drooyan's offices, Class Counsel may take notes of the contents of such Force Synopsis, but shall not copy, download, photograph, email, take screenshots of, or otherwise reproduce any Force Synopsis in any manner whatsoever. Each Force Synopsis shall be made available to Class Counsel for this in-person review for a period of sixty days commencing from the date the Force Synopsis is provided to the Panel. Class Counsel's review of Force Synopses shall be subject to the terms, conditions, limitations, and restrictions contained in this Protective Order.

### 2.    Force Packages

Pursuant to the Revised Compliance Measures applicable to Sections 2.2 through 2.13, 4.1 through 4.5, 9.2, 9.3 and 17.5 of the Implementation Plan, the Panel will select (on a quarterly basis) a minimum of 25 completed force incidents from the Force Synopsis to review for purposes of assessing Defendant's compliance with the Force Provisions of the Implementation Plan, and Defendant shall provide the Panel with documents ("Force Packages") relating to those force incidents.

Pursuant to this Protective Order, Defendant shall produce to Class Counsel the same Force Packages that Defendant produces to the Panel. Defendant shall produce these Force Packages to Class Counsel via a read-only, internet cloud-based

database system of Defendant's choosing (the "database system"), subject to the terms, conditions, limitations, and restrictions contained in this Protective Order . Class Counsel may access this database system from their own offices and may take notes of the contents of the Force Packages.  However, Class Counsel shall not copy, download, photograph, email, take screenshots of, or otherwise reproduce any contents of any Force Packages in any manner whatsoever.  Each Force Package shall be produced to Class Counsel via the database system for a period of sixty days commencing from the date such Force Package is uploaded to the database system.  All productions of Force Packages to Class Counsel shall be subject to the terms, conditions, limitations, and restrictions contained in this Protective Order.

### 3.    Additional Documents Produced To The Panel

As required by the Original Compliance Measures and the Revised Compliance Measures, Defendant has produced and will continue to produce other documents to the Panel (in addition to the Force Synopsis and Force Packages) for the purpose of the Panel's assessment and determination of Defendant's compliance with the Implementation Plan.  Defendant has produced and will continue to produce these additional documents (the "Panel Documents") to the Panel through an on-line database system.

Pursuant to this Protective Order, Defendant shall produce to Class Counsel a copy of the Panel Documents produced to the Panel between November 2016 and December 2017 as required by the Original Compliance Measures for the purpose of the Panel's assessment and determination of Defendant's compliance with the Implementation Plan.  Defendant shall also produce to Class Counsel a copy of the Panel Documents that Defendant produces to the Panel beginning in January 2018 as required by the Revised Compliance Measures for the purpose of the Panel's assessment and determination of Defendant's compliance with the Implementation Plan.  Defendant shall produce the Panel Documents to Class Counsel via the same database system through which Defendant produces the Force Packages to Class

Counsel.  Class Counsel may access this database system from their own offices and may take notes of the contents of the Panel Documents.  However, Class Counsel shall not copy, download, photograph, email, take screenshots of, or otherwise reproduce any contents of any Panel Documents in any manner whatsoever.  All Panel Documents shall be produced to Class Counsel via the database system for a period of sixty days commencing from the dates such Panel Documents are uploaded to the database system.  All productions of Panel Documents to Class Counsel shall be subject to the terms, conditions, limitations, and restrictions contained in this Protective Order.

### 4.    Video

Class Counsel may request to view video footage associated with any of the 25 Force Packages per quarter pursuant to the notice period provided in Section VI of the Settlement Agreement (*i.e*., ten days).  Defendant shall permit Class Counsel to view all video footage requested by Class Counsel in unredacted format at a Sheriff's Department facility operated by Defendant, on a secure computer terminal provided by Defendant.  Class Counsel's review of this video footage shall be monitored by LASD, and Class Counsel shall not download, duplicate, film, or otherwise capture, disseminate, or reproduce the video footage.

If Class Counsel wishes to view any such video footage at a location other than a Sheriff's Department facility, Class Counsel must identify and notify Defendant of which video(s) in advance.  Class Counsel shall be responsible for paying for redactions of the requested video footage by a third-party forensic video specialist of Defendant's choosing.  Currently, Defendant anticipates using Imaging Forensics to perform any video redactions at a rate of $75 per minute of video footage.  Only after the video footage is redacted to Defendant's satisfaction shall such footage be uploaded to the same database system through which Defendant produces the Force Packages and Panel Documents to Class Counsel.  Any such redacted and uploaded videos shall be available for viewing by Class Counsel for a

period of sixty days commencing from the dates such videos are uploaded to the database system.

**B.    Redactions Of Confidential Information**

Before producing or making available any Confidential Information to Class Counsel, Defendant reserves the right to redact names, faces, badge numbers, identification numbers, and any other personal identifying information of individual Sheriff's Department or County employees, agents, officers, and deputies, including but not limited to for purposes of complying with all applicable laws, regulations, privacy practices and requirements, and labor and employment agreements.

**C.    Medical And Other Information Pertaining To Plaintiff Class Members**

With the exception of documents or information withheld or redacted on the basis of the attorney-client and attorney-work product privileges, the Public Safety Officers Procedural Bill of Rights Act (Government Code § 3300, et seq.), Penal Code § 832.7, and Evidence Code §§ 1043 and 1045 – and notwithstanding the confidentiality restrictions of HIPAA, the California Confidentiality of Medical Information Act (Civil Code § 56, *et seq.*), and California Welfare and Institutions Code § 5328 (related to confidentiality of mental health records) – Class Counsel's access to Confidential Information pursuant to this Protective Order shall include medical and mental health information and data pertaining to Sheriff's Department inmates who are members of the Plaintiff Class.  This information and data will include "protected health information" as that term is defined in HIPAA.  Defendant is hereby expressly authorized and permitted to disclose to Class Counsel any and all protected health information of or pertaining to members of the Plaintiff Class, pursuant to Title 45, Code of Federal Regulations, § 164.512(e)(1).

**D.    Persons Authorized To Review Confidential Information**

Attorneys who are members of Class Counsel may review Confidential Information.  Additionally, Class Counsel's non-attorney employees with a

legitimate need and reason to review Confidential Information for purposes of evaluating Defendant's compliance with the Implementation Plan may also review Confidential Information, provided such non-attorney employees first execute the following written statement:

"I, _____, acknowledge that I have reviewed and am familiar with the terms of the Stipulated Protective Order Regarding Class Counsel's Access To Documents entered in CV 12-428-DDP(MRWx), and I hereby agree to comply with and be bound by the terms and conditions of said Stipulated Protective Order with respect to the handling, use, and disclosure of any Confidential Information.

Dated: _____ /s/_____"

Class Counsel shall be responsible for maintaining the signed original of each such written statement until the conclusion of these proceedings, including any appeal. Class Counsel shall provide Defendant with copies of such written statements upon the written request of Defendant. In addition, Class Counsel shall maintain a log of all persons who viewed Confidential Information and shall provide Defendant with a copy of said log upon the written request of Defendant.

Other than Class Counsel attorneys and any non-attorney employees who execute the foregoing written statement, no one else shall review, be given access to, or otherwise be exposed to any Confidential Information or any transcript, quotation, paraphrase, summary, notes, or other description containing or referring to Confidential Information.

Defendant may limit access to Confidential Information through the database system to a maximum of five individuals at any given time, provided that each of these individuals agrees to comply with the provisions of this Protective Order.

**E.    Limitations On Use Of Confidential Information**

Confidential Information shall not be used for any purpose or in any manner inconsistent with the Settlement Agreement, including but not limited to in litigation

of any other action (related or otherwise), as background material, or for inclusion in books, magazines, newspapers, press releases, interviews, reports, or other publications. Class Counsel shall not cause or permit disclosure of the contents of any Confidential Information, in any manner or to any extent (including orally) not expressly permitted by this Protective Order. Class Counsel shall not place any Confidential Information on the internet and shall not file Confidential Information with the Court. Any use or disclosure of Confidential Information prohibited by this paragraph shall constitute a violation of this Protective Order.

In the event of any unauthorized disclosure of Confidential Information by Class Counsel (whether inadvertent or otherwise), Class Counsel must immediately notify Defendant and the Court in writing of the unauthorized disclosure.

**F.      No Possession By Plaintiff Class Members Of Confidential Information**

Neither Plaintiffs nor any other current or former inmate of the Los Angeles County jails may have access to or possession of, or be exposed to, any Confidential Information, or any material derived therefrom.

**G.      Disputes Over Discoverability Of Information**

Notwithstanding the entry of this Protective Order, there may be some information otherwise within the scope of Section V(A) of this Protective Order that Defendant believes cannot be disclosed to Class Counsel consistent with Defendant's legitimate operational and security concerns relating to the operation of the Los Angeles County jails. In the event that Defendant withholds any such information from Class Counsel on this basis, Defendant shall promptly notify Class Counsel of such determination (via a privilege log or similar report). To the extent that Class Counsel objects to Defendant's withholding of any such information, Class Counsel and Defendant shall meet and confer regarding the issue. If Class Counsel's concerns are not resolved via such meet-and-confer process, Class Counsel and Defendant shall discuss the issue further with the Panel. If, after

consultation with the Panel, Class Counsel still objects to Defendant's withholding determination, Defendant shall produce the withheld information to the Court *ex parte* and *in camera*, together with an explanation of the reasons for its withholding determination.  The Court shall then decide whether Defendant must produce the withheld information to Class Counsel.

### H.    No Waiver Of Objections

Nothing in this Protective Order constitutes any ruling or finding by the Court concerning any discovery dispute or the scope or interpretation of the Settlement Agreement.  Nothing in this Protective Order or in the Parties' stipulations constitutes a waiver by any Party of any right to object to discovery requests.  Nothing in this Protective Order or in the Parties' stipulations constitutes any admission or position by any Party regarding the scope, meaning, proper interpretation, or applicability of any provision(s) of the Settlement Agreement.  By entering into these stipulations, Defendant does not waive any privileges that may or may not apply, including, but not limited to, the attorney-client privilege, attorney work product doctrine, or the investigatory files or official information privileges, *see e.g.*, *Weiner v. FBI*, 943 F. 2d 972, 985 (9th Cir. 1991), or *Miller v. Pancucci*, 141 F.R.D. 292 (C.D. Cal. 1992).  In addition, the inadvertent production or disclosure of Confidential Information that may be privileged shall be without prejudice to any claim of privilege, and Defendant shall not be held to have waived any rights or privileges by such inadvertent production.

### I.    Subpoena For Confidential Information

In the event that Class Counsel receives a subpoena, discovery request, or other legal process seeking production of Confidential Information, Class Counsel shall give prompt written notice to Defendant.  Class Counsel shall inform the person or entity seeking the information of the existence of this Protective Order and shall not produce any Confidential Information, or any derivative of Confidential Information, absent a court order requiring such production.

**J.      Modification**

For good cause, any Party may seek a modification of this Protective Order, first by attempting to obtain the consent of the other Parties to such modification, and then, absent consent, by application to the Court.  However, no modification based on consent of the other Parties shall be valid or effective unless in writing signed by all Parties.

**K.      Survivability Of This Order**

This Order shall survive the conclusion of this action, and the Court retains jurisdiction to enforce it.

**VI.      WITHDRAWAL BY PLAINTIFFS OF MOTION TO ENFORCE SETTLEMENT AGREEMENT**

Upon entry of this Protective Order by the Court, Plaintiffs shall withdraw their Notice of Motion and Motion to Enforce Settlement Agreement (Dkt. No. 152).  Defendant shall not be required to file any opposition thereto.

IT IS SO ORDERED.

DATED:  February 16, 2018

_____
Hon. Dean D. Pregerson
Senior United States District Judge

Submitted by:

Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.
Jeremy D. Matz
Kimberley M. Miller

By _____
Jeremy D. Matz
Attorneys for Defendant
Los Angeles County Sheriff Jim McDonnell

ACLU Foundation of Southern California


_____
                Peter Eliasberg
             Attorneys for Plaintiffs

STIPULATED PROTECTIVE ORDER RE: CLASS COUNSEL'S ACCESS TO DOCUMENTS