# EXHIBIT B

Jeremy D. Matz – State Bar No. 199401
   jmatz@birdmarella.com
Kimberley M. Miller – State Bar No. 260280
   kmiller@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Mary C. Wickham – State Bar No. 145664
   mwickham@counsel.lacounty.gov
Rodrigo A. Castro-Silva – State Bar No. 185251
   rcastro-silva@counsel.lacounty.gov
Amie S. Park – State Bar No. 273346
   apark@counsel.lacounty.gov
OFFICE OF THE COUNTY COUNSEL
Kenneth Hahn Hall of Administration
500 West Temple Street, #648
Los Angeles, California 90012-2713
Telephone: (213) 974-1804 ·
Facsimile: (213) 626-7446

Attorneys for Defendant
Los Angeles County
Sheriff Jim McDonnell

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEX ROSAS and JONATHAN GOODWIN on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>     vs.<br><br>JIM MCDONNELL, Sheriff of Los Angeles County, in his official capacity,<br><br>       Defendant. | CASE NO. CV 12-00428 DDP (MRW)<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING CLASS COUNSEL'S OFF-SITE ACCESS TO DOCUMENTS**<br><br>Courtroom.:   9c<br><br>Assigned to Hon. Dean D. Pregerson |

WHEREAS, the Parties executed a Settlement Agreement and Release of Claims (the "Settlement Agreement"), which was filed with the Court on January 6,

2015 (Dkt. No. 110) and approved by the Court on April 21, 2015 (Dkt. No. 135) after a fairness hearing;

WHEREAS, "Class Counsel" are defined in the Settlement Agreement as the American Civil Liberties Union, the ACLU Foundation of Southern California, and Paul Hastings, LLP;

WHEREAS, pursuant to Section II of the Settlement Agreement, the Court appointed a three-member Panel of Monitors (the "Panel") to develop a corrective action plan (the "Implementation Plan", also sometimes known as the "Action Plan") "designed to ensure that the Plaintiff Class are not subjected to excessive force in the Jail Complex in downtown Los Angeles" and authorized the Panel to "monitor and advise the Court on Defendant's compliance with a corrective action plan";

WHEREAS, pursuant to Section VI of the Settlement Agreement, the Court also provided Class Counsel with the right to evaluate Defendant's compliance with the Implementation Plan, stating in full that:

> On reasonable notice, Class Counsel will have reasonable access to the Jail Complex in downtown Los Angeles, including without limitation staff, inmates, and documents, for inspection to evaluate compliance with the Action Plan.  Class Counsel shall provide Defendant's counsel with 10 days' notice before any document request and 4 days' notice before any on-site inspection.  Defendant's counsel shall have the right to be present for any jail inspection and/or discussion with Sheriff's Department personnel.  Defendant reserves the right to object, whether on privilege grounds or otherwise, to any document request made by Class Counsel.  The Parties agree to negotiate in good faith to resolve any disputes concerning objections to document requests from Class counsel and if the dispute cannot be resolved, to submit the issue to the Court for resolution.  Any information or documents obtained by Class Counsel under this section may be used solely for purposes of this action and may not be used in any other action for any purpose.  Nothing in this section shall restrict monitoring activities by the ACLU (such as readily available access to Title 15 logs) in *Rutherford v. Scott*, Case No. CV-75-04111-DDP.

WHEREAS, by letter dated July 1, 2016, Class Counsel made a total of 103

document requests pursuant to Section VI of the Settlement Agreement;

WHEREAS, by letter dated December 20, 2016, Class Counsel revised their document requests pursuant to Section VI of the Settlement Agreement to accommodate Defendant's concerns, including reducing the amount of documents requested by more than half;

WHEREAS, Defendant objected and continues to object to certain of Class Counsel's original and revised document requests on several grounds, including but not limited to the following grounds: (1) Class Counsel's requests were overbroad, unduly burdensome, and beyond the scope of the Settlement Agreement; (2) the volume, scope, and nature of Class Counsel's requests were inconsistent with the intent and language of the Settlement Agreement; (3) the records sought by Class Counsel exceeded the scope of records requested by and produced to the Panel to assess Defendant's compliance with the Implementation Plan; and (4) the records sought by Class Counsel contain Los Angeles County Sheriff's Department personnel and inmate information protected by statute and by privilege. Defendant's position was and remains that producing documents requested by Class Counsel pursuant to Section VI of the Settlement Agreement would undermine its most important objective, which is Defendant's compliance with the Implementation Plan.

WHEREAS, the Parties met and conferred about Class Counsel's document requests for more than a year to determine which, if any, documents requested by Class Counsel would be produced by Defendant pursuant to Section VI of the Settlement Agreement;

WHEREAS, Defendant provided written policies in response to several of Class Counsel's requests for documents,

WHEREAS, on September 18, 2017, Class Counsel filed a Notice of Motion and Motion To Enforce Settlement Agreement ("Motion to Enforce") (Dkt. No. 152), seeking a Court order requiring Defendant to produce the documents requested

by Class Counsel;

WHEREAS, in an effort to avoid the time and expense of litigation, the Parties have engaged in a further, lengthy meet and confer process to resolve this dispute without more litigation;

WHEREAS, subject to the terms, conditions, limitations, and restrictions set forth below, Defendant has agreed to give Class Counsel off-site access to certain documents and materials, without conceding that Class Counsel are entitled to off-site access of those documents or materials under the Settlement Agreement or otherwise;

WHEREAS, Plaintiffs have agreed to accept these documents under the terms set forth herein, while retaining their right to seek additional documents under the terms of the Settlement Agreement;

WHEREAS, the Parties agree that this Order is limited to resolving the pending requests addressed by Plaintiffs' Motion to Enforce (Dkt. No. 152), only applies to documents produced in response to the pending requests, which includes the documents that have already been and will in the future be provided to the Panel by Defendant, and has no effect on the Parties' rights and obligations under the Settlement Agreement, including, but not limited to, their rights and obligations under Section VI of the Settlement Agreement; and

WHEREAS, the Parties having stipulated and good cause appearing:

IT IS HEREBY ORDERED THAT:

**I.    INTRODUCTION AND STATEMENT OF GOOD CAUSE**

**A.    Plaintiffs**

Plaintiffs are Alex Rosas and Jonathan Goodwin on behalf of themselves and unnamed class members, defined as "all present and future inmates confined in the Jail Complex in downtown Los Angeles," pursuant to Federal Rule of Civil Procedure 23(b)(2) (collectively, the "Plaintiffs").

**B.    Defendant**

The defendant in this action is Los Angeles County Sheriff Jim McDonnell, in his official capacity ("Defendant").

**C.    Statement of Good Cause**

Good cause exists for entry of this Order.  Defendant is required to produce confidential and privileged information to the Panel pursuant to the Settlement Agreement.  Information produced to the Panel may be protected by privileges including, but not limited to, the investigatory files privilege, the official information privilege, and privacy rights including, but not limited to, rights under the Health Insurance Portability and Accountability Act ("HIPAA"), although Class Counsel does not concede the applicability of any such privilege to any information produced to the Panel.  Limiting the disclosure of these documents to the context of this litigation, as provided herein, and as required by Section VI of the Settlement Agreement, will protect the privileges and privacy rights of the Defendant and the Los Angeles Sheriff's Department's employees, and of the Plaintiff Class, although Class Counsel does not concede the applicability of any such privilege or right to any information produced to the Panel.

In an effort to resolve their dispute concerning which documents Defendant shall produce pursuant to Plaintiffs' pending requests, Defendant has proposed, and Plaintiffs have agreed, that subject to the terms, conditions, limitations, and restrictions set forth below, Defendant shall grant Class Counsel off-site access to certain documents and materials, without conceding that Class Counsel are entitled to off-site access to those documents or materials under the Settlement Agreement or otherwise.  Likewise, Class Counsel does not concede that its off-site access pursuant to the Section VI of the Settlement Agreement is limited to the terms, conditions, limitations, and restrictions set forth below.

3465391.1

5

Case No. CV 12-00428 DDP (MRW)

STIPULATED PROTECTIVE ORDER RE: CLASS COUNSEL'S OFF-SITE ACCESS TO DOCUMENTS

## II.    DEFINITIONS

### A.    Party

"Party" means any party to this action, including all of its officers, directors, employees, consultants, retained experts, and legal counsel (and their support staff).

### B.    Confidential Information

"Confidential Information" means all information (regardless of how generated, stored, maintained, or produced) that is produced or made available to Class Counsel by Defendant pursuant to and following the Court's approval of this Protective Order and that Defendant designates by stamp or other mark with the word "CONFIDENTIAL" based on its good faith belief that such information is privileged from disclosure under applicable rule or law.  All documents designated as "CONFIDENTIAL" that are produced in response to the pending requests addressed in the Motion to Enforce (Dkt. No. 152), which includes the documents that have already been and will in the future be provided to the Panel by Defendant, and made available to Class Counsel by Defendant pursuant to and following the Court's approval of this Protective Order shall receive all protections provided by this Protective Order, and shall be subject to all terms, conditions, limitations, and restrictions set forth in this Protective Order.

### C.    Class Counsel

"Class Counsel" shall be as defined in the Settlement Agreement: the American Civil Liberties Union, the ACLU Foundation of Southern California, and Paul Hastings, LLP.

### D.    Off-Site

For purposes of this order, "off-site" shall mean a mode of access that allows any member of Class Counsel to view documents and/or other information produced by Defendant pursuant to and after the Court's approval of this Protective order at any location and using any computer that such member of Class Counsel sees fit, provided that all other of Class Counsel satisfies all other obligations concerning

STIPULATED PROTECTIVE ORDER RE: CLASS COUNSEL'S OFF-SITE ACCESS TO DOCUMENTS

Confidential Information pursuant to this agreement.

**E.    Privilege**

For purposes of this Order, "privilege" shall mean the attorney-client privilege, the attorney-work product doctrine, the official information privilege, and any other privilege or doctrine that may apply to Confidential Information.

**III.    SCOPE**

The terms, conditions, limitations, and restrictions imposed by this Protective Order cover not only Confidential Information but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, notes, audio files, or compilations thereof.  The terms, conditions, limitations, and restrictions imposed by this Protective Order also cover testimony, conversations, or presentations by Parties or their counsel that might reveal Confidential Information to persons other than Defendant or Class Counsel.  However, the terms, conditions, limitations, and restrictions imposed by this Protective Order do not cover any information known to Class Counsel prior to entry of this Protective Order or obtained by Class Counsel after entry of this Protective Order from a source who obtained the information lawfully and under no obligation of confidentiality to the Defendant.  This Protective Order does not supersede or modify the Settlement Agreement in any way, shape, or form.  To the extent that there is any disagreement between the Protective Order and the Settlement Agreement, the Settlement Agreement shall control.

**IV.    DURATION**

The duties and obligations imposed by this Protective Order shall remain in effect for all time unless and until Defendant agrees otherwise in writing or the Court otherwise orders.

## V.  PRODUCTION, REVIEW, AND USE OF CONFIDENTIAL INFORMATION

### A.  Documents And Materials To Be Produced Or Made Available To Class Counsel By Defendant

#### 1.  Documents Produced To The Panel

Defendant has produced and will continue to produce documents, which include video footage, to the Panel (the "Panel Documents").  Defendant has produced and will continue to produce the "Panel Documents" to the Panel through an on-line database system.

Pursuant to this Protective Order, Defendant shall produce to Class Counsel, within 30 days of entry of this Order, a copy of all Panel Documents produced to the Panel beginning November 2016 through December 2017.  Defendant shall also produce to Class Counsel a copy of all Panel Documents that Defendant produces to the Panel beginning in January 2018 and ending with the last Panel Documents that Defendant ever produces to the Panel.  Defendant shall produce the Panel Documents to Class Counsel via an on-line database system.  Class Counsel may access this database system from their own offices and may take notes of the contents of the Panel Documents and may discuss in any format, including, but not limited to, email, text message, telephone conversation, VOIP, written correspondence, and verbal communication, the contents of the Panel Documents with any other member of Class Counsel who is authorized to review Confidential Information.  Class Counsel shall not copy, download, photograph, take screenshots of, or otherwise reproduce the Panel Documents, including Confidential Information contained therein, except to communicate with other members of Class Counsel who are authorized to review Confidential Information, to communicate with the Panel, or to file relevant documents with the Court in this litigation pursuant to the procedures described elsewhere in this Protective Order.  All productions of Panel Documents to Class Counsel shall be subject to the terms, conditions, limitations,

and restrictions contained in this Protective Order.

## 2. Video

As described above, Defendant shall provide Class Counsel with any video footage that has been or will be provided to the Panel. Defendant shall not alter the content or formatting of the video that it provided or will provide to the Panel including, but not limited to, the redactions or length of the video, prior to providing it to Class Counsel.

In addition, Class Counsel may request video footage that has not been, is not going to be, or will not be included as part of the Panel Documents pursuant to the notice period provided in Section VI of the Settlement Agreement (i.e., 10 days). Defendant shall permit Class Counsel to view all video footage requested by Class Counsel in unredacted format at a Sheriff's Department facility operated by Defendant, on a secure computer terminal provided by Defendant. Class Counsel's review of this video footage shall be monitored by LASD, and Class Counsel shall not download, duplicate, film, or otherwise capture, or reproduce the video footage, except to communicate with other members of Class Counsel who are authorized to review Confidential Information, to communicate with the Panel, or to file relevant information with the Court in this litigation pursuant to the procedures described elsewhere in this Protective Order.

If Class Counsel wishes to view requested video footage that has not been or will not be included as part of the Panel Documents at a location other than a Sheriff's Department facility, Class Counsel must identify and notify Defendant of the video(s) it requests pursuant to the notice period provided in Section VI of the Settlement Agreement (i.e., 10 days). If Defendant believes that redactions must be placed on any video footage requested by Class Counsel, Defendant shall identify those sections, explain the privilege that Defendant believes allows them to redact that section, and preserve the redacted portions so Class Counsel can assert their rights to view the redacted portions pursuant to Section VI of the Settlement

Agreement.  Defendant shall be responsible for paying for redactions of the requested video footage by a third-party forensic video specialist of Defendant's choosing.  Defendant and Class Counsel shall negotiate in good faith to reduce the burden and expense involved in redacting video footage.  Defendant shall produce the video footage requested by Class Counsel via the same an on-line database system that Defendant uses to produce the Panel Documents.

### 3.    Any Other Documents

In addition to the categories of documents referenced in Sections V.A.1 and V.A.2, above, Class Counsel may request additional documents from Defendant to assist Class Counsel in evaluating Defendant's compliance with the Implementation Plan pursuant to Section VI of the Settlement Agreement.

### B.    Medical And Other Information Pertaining To Plaintiff Class Members

With the exception of documents or information withheld or redacted on the basis of the attorney-client and attorney-work product privileges—and notwithstanding the confidentiality restrictions of HIPAA, the California Confidentiality of Medical Information Act (Civil Code § 56, *et seq*.), and California Welfare and Institutions Code § 5328 (related to confidentiality of mental health records)—Class Counsel's access to Confidential Information pursuant to this Protective Order shall include medical and mental health information and data pertaining to Sheriff's Department inmates who are members of the Plaintiff Class, provided that Class Counsel does not concede that any Confidential Information withheld, redacted, or produced by Defendant subject to any privilege, restriction, or statute listed in this paragraph is subject to the privilege, restriction, or statute that Defendant has so designated, or that the above-listed statutes constitute privileges that would provide for withholding documents or portions of documents in federal litigation.  This information and data will include "protected health information" as that term is defined in HIPAA.  Defendant is hereby expressly authorized and

permitted to disclose to Class Counsel any and all protected health information of or pertaining to members of the Plaintiff Class, pursuant to Title 45, Code of Federal Regulations, § 164.512(e)(1).

### C. Persons Authorized To Review Confidential Information

Attorneys who are members of Class Counsel may review Confidential Information. Additionally, Class Counsel's non-attorney employees with a legitimate need and reason to review Confidential Information for purposes of evaluating Defendant's compliance with the Implementation Plan and non-employee experts retained by Class Counsel to assist Class Counsel with its evaluation Defendant's compliance with the Implementation Plan may also review Confidential Information, provided such non-attorney employees first execute the following written statement:

> "I, _____, acknowledge that I have reviewed and am familiar with the terms of the Stipulated Protective Order Regarding Class Counsel's Off-Site Access To Documents ("Stipulated Protective Order") entered in CV 12-428-DDP(MRWx), and I hereby agree to comply with and be bound by the terms and conditions of said Stipulated Protective Order with respect to the handling, use, and disclosure of any Confidential Information.
>
> Dated: _____ /s/_____"

Class Counsel shall be responsible for maintaining the signed original of each such written statement until the conclusion of these proceedings, including any appeal. Class Counsel shall provide Defendant with copies of such written statements upon the written request of Defendant. In addition, Class Counsel shall maintain a log of all persons who viewed Confidential Information and shall provide Defendant with a copy of said log upon the written request of Defendant.

Other than Class Counsel attorneys, and any non-attorney employees and non-employee experts who execute the foregoing written statement, no one else

shall review, be given access to, or otherwise be purposefully exposed to any Confidential Information or any transcript, quotation, paraphrase, summary, notes, or other description containing or referring to Confidential Information, except as is necessary to file relevant information with the Court in this litigation pursuant to the procedures described elsewhere in this Protective Order.

### D. Limitations on Use of Confidential Information/Dispute Resolution

Confidential Information shall not be used for any purpose or in any manner inconsistent with the Settlement Agreement, which provides that "[a]ny information or documents obtained by Class Counsel under [Section VI] may be used solely for purposes of this action and may not be used in any other action for any purpose." Class Counsel's receipt and use of Confidential Information from Defendant shall not be subject to any restrictions, limitations, or any other obligations, other than those specified in this Protective Order or in Section VI of the Settlement Agreement.

The shall be no restriction or limitation on Class Counsel's ability to use information that is not designated as "CONFIDENTIAL" under this Protective Order in filings made in this litigation. For Confidential Information, the Parties shall meet and confer to negotiate a solution on how to use such information in filings that Class Counsel may make in this litigation, or to share Confidential Information with class members. If Class Counsel and Defendant are unable to resolve this issue through meet-and-confer discussions, the Parties shall submit simultaneous briefing focused on the sole issue of whether the designated information should be barred from public filing via applicable law and statute, and/or whether the Confidential Information is privileged from disclosure to current and former inmates under applicable law and statute.

In the event of any unauthorized disclosure of Confidential Information by Class Counsel (whether inadvertent or otherwise), Class Counsel must immediately notify Defendant and the Court in writing of the unauthorized disclosure.

3465391.1

12

Case No. CV 12-00428 DDP (MRW)

STIPULATED PROTECTIVE ORDER RE: CLASS COUNSEL'S OFF-SITE ACCESS TO DOCUMENTS

**E.      No Possession By Plaintiff Class Members Of Confidential Information**

Class Counsel shall not provide Plaintiffs or any other current or former inmate of the Los Angeles County jails with access to or possession of, or be exposure to, any Confidential Information, or any material derived therefrom . Class Counsel may seek to share Confidential information with current or former inmates via the Dispute Resolution provision, above.  Nothing in this paragraph shall prevent Class Counsel from showing an individual his or her own medical records.

**F.      Disputes Over Whether Information Will be Produced**

Notwithstanding the entry of this Protective Order, there may be some information otherwise within the scope of Section V(A) of this Protective Order that Defendant believes cannot be disclosed to Class Counsel consistent with Defendant's legitimate operational and security concerns relating to the operation of the Los Angeles County jails.  In the event that Defendant withholds any such information from Class Counsel on this basis, Defendant shall promptly notify Class Counsel of such determination (via a privilege log or similar report).  To the extent that Class Counsel objects to Defendant's withholding of any such information, Class Counsel and Defendant shall promptly meet and confer regarding the issue.  If Class Counsel's concerns are not resolved via such meet-and-confer process, then they shall resolve their dispute under Section VI of the Settlement Agreement

**G.      No Waiver Of Objections**

Nothing in this Protective Order constitutes any ruling or finding by the Court concerning the scope or interpretation of the Settlement Agreement.  Nothing in this Protective Order or in the Parties' stipulations constitutes a waiver by any Party of any right to object to documents requested pursuant to Section VI of the Settlement Agreement.  Nothing in this Protective Order or in the Parties' stipulations constitutes any admission or position by any Party regarding the scope, meaning,

proper interpretation, or applicability of any provision(s) of the Settlement Agreement, or of any privilege, statute, restriction, or regulation referenced herein. By entering into these stipulations, Defendant does not waive any privileges that may or may not apply, including, but not limited to, the attorney-client privilege, attorney work product doctrine, or the investigatory files or official information privileges.  *See e.g.*, *Weiner v. FBI*, 943 F. 2d 972, 985 (9th Cir. 1991), or *Miller v. Pancucci*, 141 F.R.D. 292 (C.D. Cal. 1992).  By entering into these stipulations, Class Counsel does not concede that any privilege, restriction, or statutory or regulatory protection, including, but not limited to, the attorney-client privilege, attorney work product doctrine, or the investigatory files or official information privileges, applies to any Confidential Information that has been, is being, or will be produced by Defendant pursuant to and after entry of this Order.  In addition, the inadvertent production or disclosure of Confidential Information that may be privileged shall be without prejudice to any claim of privilege, and Defendant shall not be held to have waived any rights or privileges by such inadvertent production.

### H.    Subpoena For Confidential Information

In the event that Class Counsel receives a subpoena, discovery request, or other legal process seeking production of Confidential Information, Class Counsel shall give prompt written notice to Defendant.  Class Counsel shall inform the person or entity seeking the information of the existence of this Protective Order and shall not produce any Confidential Information, or any document or communication referencing or containing any portion of Confidential Information, absent a court order requiring such production.

### I.    Modification

For good cause, any Party may seek a modification of this Protective Order, first by attempting to obtain the consent of the other Parties to such modification, and then, absent consent, by application to the Court.  However, no modification based on consent of the other Parties shall be valid or effective unless in writing

signed by all Parties.

### J.    Survivability Of This Order

This Order shall survive the conclusion of this action, and the Court retains jurisdiction to enforce it.

## VI.    WITHDRAWAL BY PLAINTIFFS OF MOTION TO ENFORCE

Upon entry of this Protective Order by the Court, Plaintiffs shall withdraw their Notice of Motion and Motion to Enforce (Dkt. No. 152).  Defendant shall not be required to file any opposition thereto.

IT IS SO ORDERED.

DATED:  February 16, 2018February 9, 2018

_____

Hon. Dean D. Pregerson
Senior United States District Judge

Submitted by:

Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.
Jeremy D. Matz
Kimberley M. Miller

By _____
Jeremy D. Matz
Attorneys for Defendant
Los Angeles County Sheriff Jim McDonnell

ACLU Foundation of Southern California

_____
Peter Eliasberg
Attorneys for Plaintiffs