Jeremy D. Matz - State Bar No. 199401
  jmatz@birdmarella.com
Kimberley M. Miller - State Bar No. 260280
  kmiller@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Mary C. Wickham – State Bar No. 145664
  mwickham@counsel.lacounty.gov
Rodrigo A. Castro-Silva – State Bar No. 185251
  rcastro-silva@counsel.lacounty.gov
Amie S. Park – State Bar No. 273346
  apark@counsel.lacounty.gov
OFFICE OF THE COUNTY COUNSEL
Kenneth Hahn Hall of Administration
500 West Temple Street, #648
Los Angeles, California 90012-2713
Telephone: (213) 974-1804 ·
Facsimile: (213) 626-7446

Attorneys for Defendant
Los Angeles County
Sheriff Jim McDonnell

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEX ROSAS and JONATHAN GOODWIN on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JIM MCDONNELL, Sheriff of Los Angeles County, in his official capacity,<br><br>Defendant. | CASE NO. CV 12-00428 DDP (MRW)<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CLASS COUNSEL'S ACCESS TO DOCUMENTS**<br><br>Courtroom 9C<br><br>Assigned to Hon. Dean D. Pregerson |

WHEREAS, the Parties executed a Settlement Agreement and Release of Claims (the "Settlement Agreement"), which was filed with the Court on January 6, 2015 (Dkt. No. 110) and approved by the Court on April 21, 2015 (Dkt. No. 135) after a fairness hearing;

WHEREAS, "Class Counsel" represent the Plaintiff Class and are defined in the Settlement Agreement as the American Civil Liberties Union, the ACLU Foundation of Southern California, and Paul Hastings, LLP;

WHEREAS, pursuant to Section II of the Settlement Agreement, the Court appointed a three-member Panel of Monitors (the "Panel") to develop a corrective action plan (the "Implementation Plan", also sometimes known as the "Action Plan") "designed to ensure that the Plaintiff Class are not subjected to excessive force in the Jail Complex in downtown Los Angeles" and authorized the Panel "to monitor and advise the Court on Defendant's compliance with the Action Plan";

WHEREAS, Section VI of the Settlement Agreement provides in full that:

> On reasonable notice, Class Counsel will have reasonable access to the Jail Complex in downtown Los Angeles, including without limitation staff, inmates, and documents, for inspection to evaluate compliance with the Action Plan. Class Counsel shall provide Defendant's counsel with 10 days' notice before any document request and 4 days' notice before any on-site inspection. Defendant's counsel shall have the right to be present for any jail inspection and/or discussion with Sheriff's Department personnel. Defendant reserves the right to object, whether on privilege grounds or otherwise, to any document request made by Class Counsel. The Parties agree to negotiate in good faith to resolve any disputes concerning objections to document requests from Class Counsel and if the dispute cannot be resolved, to submit the issue to the Court for resolution. Any information or documents obtained by Class Counsel under this section may be used solely for purposes of this action and may not be used in any other action for any purpose. Nothing in this section shall restrict monitoring activities by the ACLU (such as readily available access to Title 15 logs) in *Rutherford v. Scott*, Case No. CV 75-04111-DDP.

WHEREAS, in 2016, Class Counsel made various document requests pursuant to Section VI of the Settlement Agreement;

WHEREAS, Defendant objected and continues to object to Class Counsel's document requests on various grounds;

WHEREAS, the parties met and conferred regarding Class Counsel's document requests for more than a year to determine which, if any, documents

requested by Class Counsel would be produced by Defendant pursuant to Section VI of the Settlement Agreement;

WHEREAS, Defendant provided written policies in response to several of Class Counsel's requests for documents;

WHEREAS, on September 18, 2017, Class Counsel filed a Notice of Motion and Motion To Enforce Settlement Agreement ("Motion to Enforce") (Dkt. No. 152), seeking a Court order requiring Defendant to produce the documents requested by Class Counsel;

WHEREAS, on February 16, 2018, Defendant filed an Opposition to the Motion to Enforce (Dkt. No. 179);

WHEREAS, on February 23, 2018, Class Counsel filed a Reply in Support of the Motion to Enforce (Dkt. No. 180);

WHEREAS, in an effort to avoid additional time and expense, the parties have engaged in a further, lengthy meet and confer process to resolve this dispute without more litigation;

WHEREAS, subject to the terms, conditions, limitations, and restrictions set forth below, Defendant has agreed to give Class Counsel access to certain documents, materials, and information, without conceding that Class Counsel are entitled to those documents, materials, or information under the Settlement Agreement or otherwise;

WHEREAS, Plaintiffs have agreed to accept these documents, materials, and information under the terms set forth herein, while reserving their right under the terms of the Settlement Agreement to seek additional documents, materials, and information (including video footage) beyond the documents, materials, and information to be produced or made available to Class Counsel pursuant to this Protective Order;

WHEREAS, Defendant reserves his right under the terms of the Settlement Agreement to object to any requests or demands by Class Counsel or by Plaintiffs

for any additional documents, materials, and information (including video footage) beyond those to be produced or made available to Class Counsel pursuant to this Protective Order;

WHEREAS, the Parties having stipulated and good cause appearing:

IT IS HEREBY ORDERED THAT:

## I. INTRODUCTION AND STATEMENT OF GOOD CAUSE

### A. Plaintiffs

Plaintiffs are Alex Rosas and Jonathan Goodwin on behalf of themselves and unnamed class members, defined as "all present and future inmates confined in the Jail Complex in downtown Los Angeles," pursuant to Federal Rule of Civil Procedure 23(b)(2) (collectively, the "Plaintiffs").

### B. Defendant

The defendant in this action is Los Angeles County Sheriff Jim McDonnell, in his official capacity ("Defendant").

### C. Statement of Good Cause

Good cause exists for entry of this Protective Order. Defendant has produced and continues to produce confidential and privileged information to the Panel pursuant to the Settlement Agreement. Defendant's position is that portions of this information are protected by privileges including, but not limited to, the investigatory files privilege, the official information privilege, and privacy rights including, but not limited to, rights under the Health Insurance Portability and Accountability Act ("HIPAA"). Class Counsel do not concede the applicability of any such privilege to any information produced to the Panel. Limiting the disclosure of these documents to the context of this litigation, as provided herein, and as required by Section VI of the Settlement Agreement, will protect the privileges and privacy rights of the Defendant and of Los Angeles County Sheriff's Department ("LASD") employees, and of the Plaintiff Class, although Class Counsel do not concede the applicability of any such privilege or privacy right to

any information produced to the Panel.

In an effort to resolve their dispute concerning which documents Defendant shall make available pursuant to Section VI of the Settlement Agreement and Plaintiffs' pending requests, Defendant has proposed, and Plaintiffs have agreed, that subject to the terms, conditions, limitations, and restrictions set forth below, Defendant shall grant Class Counsel access to certain documents and materials, without conceding that Class Counsel are entitled to those documents or materials under the Settlement Agreement or otherwise. Class Counsel do not concede that their access pursuant to Section VI of the Settlement Agreement is limited to the terms, conditions, limitations, and restrictions set forth below. Both parties agree to abide and to be bound by the terms of this Protective Order.

## II. DEFINITIONS

### A. Party

"Party" means any party to this action, including all of its officers, directors, employees, consultants, retained experts, and legal counsel (and their support staff).

### B. Confidential Information

"Confidential Information" means all information (regardless of how generated, stored, maintained, produced, or made available) that is produced or made available to Class Counsel by Defendant pursuant to and following the Court's entry of this Protective Order. Defendant need not stamp any information "CONFIDENTIAL," or otherwise use any particular legend or designation, prior to producing or making available any such information to Class Counsel. All information produced or made available to Class Counsel by Defendant pursuant to and following the Court's entry of this Protective Order shall receive all protections provided by this Protective Order, and shall be subject to all terms, conditions, limitations, and restrictions set forth in this Protective Order. Class Counsel do not concede the applicability of any privilege or privacy right to the Confidential Information produced pursuant to this Protective Order.

### C. Class Counsel

"Class Counsel" means the American Civil Liberties Union, the ACLU Foundation of Southern California, Paul Hastings LLP, and their non-attorney employees, non-attorney consultants, retained experts, and legal counsel (and their support staff) who are in compliance with Section V(D) of this Protective Order.

### D. Privilege

For purposes of this Protective Order, "privilege" shall mean the attorney-client privilege, the attorney-work product doctrine, the official information privilege, and any other privilege or doctrine that may apply to Confidential Information.

## III. SCOPE

The terms, conditions, limitations, and restrictions imposed by this Protective Order cover not only Confidential Information but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, notes, audio files, or compilations thereof. The terms, conditions, limitations, and restrictions imposed by this Protective Order also cover testimony, conversations, or presentations by Parties or their counsel that might reveal Confidential Information to persons other than Defendant or Class Counsel. However, the terms, conditions, limitations, and restrictions imposed by this Protective Order do not cover any information known to Class Counsel prior to entry of this Protective Order or obtained by Class Counsel after entry of this Protective Order from a source who obtained the information lawfully and under no obligation of confidentiality to the Defendant. Both Class Counsel and Defendant reserve their rights to contend that this Protective Order does or does not supersede or modify the Settlement Agreement, and neither Class Counsel nor Defendant shall be deemed to have taken any position, or made any agreement or concession, or assented in any way, on that issue merely by virtue of stipulating to the entry of this Protective Order. All Parties agree and stipulate that this Protective Order has no effect on existing rights and obligations of the Parties

except as expressly set forth herein.

## IV. DURATION

The duties and obligations imposed by this Protective Order shall remain in effect for all time unless and until Defendant agrees otherwise in writing or the Court otherwise orders.

## V. PRODUCTION, REVIEW, AND USE OF CONFIDENTIAL INFORMATION

### A. Documents And Materials To Be Produced Or Made Available To Class Counsel By Defendant

#### 1. Force Synopses

Defendant has been providing the Panel with a cumulative Force Synopsis for each force incident in the Downtown Jail Complex beginning January 1, 2017. The Force Synopses that have been and will be produced to the Panel include information relating to (a) force incidents as to which Defendant's investigation is still in progress, and also (b) force incidents as to which Defendant's investigation is completed.

Pursuant to this Protective Order, Defendant shall produce to Class Counsel the same Force Synopses that have been or will be produced to the Panel, with the exception set forth below, via an on-line, cloud-based database system of Defendant's choosing ("the database system"). The Force Synopses produced to Class Counsel via the database system will include information relating only to force incidents as to which Defendant's investigation is completed. Class Counsel may access the database system from their own offices and residences, but not from other locations. If Class Counsel wish to review the same Force Synopses that have been or will be produced to the Panel, including information relating to force incidents as to which Defendant's investigation is still in progress, Class Counsel may do so in person at the offices of Panel member Richard E. Drooyan. Class Counsel may discuss the contents of the Force Synopses with any other member of

Class Counsel who is authorized to review Confidential Information, and may do so in any format, including, but not limited to, email, text message, telephone conversation, VOIP, written correspondence, and verbal communication.  Class Counsel may copy, download, photograph, email, publish, take screenshots of, or otherwise reproduce or memorialize any contents of any Force Synopses, but only for the following three purposes: (1) to communicate with other members of Class Counsel who are authorized to review Confidential Information, (2) to communicate with the Panel, or (3) to file relevant documents with the Court in this litigation pursuant to the filing procedures set forth in Section V(F) of this Protective Order. During any in-person review of any Force Synopsis at Mr. Drooyan's office, Class Counsel may take notes of any such Force Synopsis, but shall not download, photograph, or take screenshots of any such Force Synopsis.  Each Force Synopsis shall be produced to Class Counsel via the database system for a period of 120 days commencing from the date that such Force Synopsis is uploaded to the database system.  All productions of Force Synopses to Class Counsel shall be subject to the terms, conditions, limitations, and restrictions contained in this Protective Order.

### 2. Force Packages

Defendant has also been providing the Panel with documents ("Force Packages") relating to force incidents selected by the Panel for review.

Pursuant to this Protective Order, Defendant shall produce to Class Counsel the same Force Packages that have been or will be produced to the Panel. Defendant shall produce these Force Packages to Class Counsel via the database system.  Video footage contained within those Force Packages shall be produced pursuant to the provisions, procedures, and limitations set forth in Section V(A)(4) of this Protective Order.  Class Counsel may access the database system from their own offices and residences, but not from other locations.  Class Counsel may discuss the contents of the Force Packages with any other member of Class Counsel who is authorized to review Confidential Information, and may do so in any format,

including, but not limited to, email, text message, telephone conversation, VOIP, written correspondence, and verbal communication. Class Counsel may copy, download, photograph, email, publish, take screenshots of, or otherwise reproduce or memorialize any contents of any Force Packages, but only for the following three purposes: (1) to communicate with other members of Class Counsel who are authorized to review Confidential Information, (2) to communicate with the Panel, or (3) to file relevant documents with the Court in this litigation pursuant to the filing procedures set forth in Section V(F) of this Protective Order. Each Force Package shall be produced to Class Counsel via the database system for a period of 120 days commencing from the date that such Force Package is uploaded to the database system. All productions of Force Packages to Class Counsel shall be subject to the terms, conditions, limitations, and restrictions contained in this Protective Order.

### 3. Additional Documents Produced To The Panel

As requested by the Panel, Defendant has produced and will continue to produce other documents to the Panel (in addition to the Force Synopses and Force Packages) for the purpose of the Panel's assessment and determination of Defendant's compliance with the Implementation Plan ("Panel Documents"). Pursuant to this Protective Order, Defendant shall produce to Class Counsel the same Panel Documents that have been or will be produced to the Panel beginning in November 2016 and ending with the last Panel Documents that Defendant ever produces to the Panel. Defendant shall produce the Panel Documents to Class Counsel via the database system. Class Counsel may access the database system from their own offices and residences, but not from other locations. Class Counsel may discuss the contents of the Panel Documents with any other member of Class Counsel who is authorized to review Confidential Information, and may do so in any format, including, but not limited to, email, text message, telephone conversation, VOIP, written correspondence, and verbal communication. Class Counsel may

copy, download, photograph, email, publish, take screenshots of, or otherwise reproduce or memorialize any contents of any Panel Documents, but only for the following three purposes: (1) to communicate with other members of Class Counsel who are authorized to review Confidential Information, (2) to communicate with the Panel, or (3) to file relevant documents with the Court in this litigation pursuant to the filing procedures set forth in Section V(F) of this Protective Order. Each Panel Document shall be produced to Class Counsel via the database system for a period of 120 days commencing from the date that such Panel Document is uploaded to the database system. All productions of Panel Documents to Class Counsel shall be subject to the terms, conditions, limitations, and restrictions contained in this Protective Order.

### 4. Video

Pursuant to this Protective Order, Defendant shall produce to Class Counsel video footage associated with the Force Packages and Panel Documents that have been or will be produced to the Panel as described in Sections V(A)(2) and V(A)(3) of this Protective Order. Defendant shall produce such video footage to Class Counsel via the database system. With regard to incidents as to which video is produced via the database system, Class Counsel and Defendant understand and agree that Defendant may (1) produce or make available to Class Counsel via the database system only one camera angle recording of each such incident, and (2) redact that camera angle recording as provided in Section V(B) of this Protective Order.

Class Counsel may access the database system from their own offices and residences, but not from other locations. Class Counsel may discuss the video footage with any other member of Class Counsel who is authorized to review Confidential Information, and may do so in any format, including, but not limited to, email, text message, telephone conversation, VOIP, written correspondence, and verbal communication. Class Counsel may copy, download, photograph, email,

publish, take screenshots of, or otherwise reproduce or memorialize any video footage, but only for the following three purposes: (1) to communicate with other members of Class Counsel who are authorized to review Confidential Information, (2) to communicate with the Panel, or (3) to file relevant documents with the Court in this litigation pursuant to the filing procedures set forth in Section V(F) of this Protective Order. All video footage described in this Section V(A)(4) shall be produced to Class Counsel via the database system for a period of 120 days commencing from the date that such video footage is uploaded to the database system. All productions of video footage to Class Counsel shall be subject to the terms, conditions, limitations, and restrictions contained in this Protective Order.

Class Counsel may request to view video footage described in this Section V(A)(4) (*i.e.*, the video footage associated with the Force Packages and Panel Documents that have been or will be produced to the Panel as described in Sections V(A)(2) and V(A)(3) of this Protective Order) pursuant to the notice period provided in Section VI of the Settlement Agreement (*i.e.*, ten days). This includes requests for unredacted video footage and additional camera angle recordings of the same incidents as to which a single camera angle recording was produced via the database system. If, upon receiving notice and a request from Class Counsel to view video footage, Defendant determines that additional time is needed to locate and prepare the requested footage for viewing, Defendant may have up to twenty additional days to do so, for a total of thirty days from Class Counsel's initial notice and request. Defendant must promptly notify Class Counsel if Defendant will not be able to make the requested footage available for viewing within ten days of Class Counsel's initial notice and request. Defendant shall permit Class Counsel to view all video footage requested by Class Counsel and within the scope of this Section V(A)(4) (*i.e.*, the video footage associated with the Force Packages and Panel Documents that have been or will be produced to the Panel as described in Sections V(A)(2) and V(A)(3) of this Protective Order) in unredacted format at the Twin

Towers Correctional Facility, on a secure computer terminal provided by Defendant. Class Counsel's review of this video footage shall be monitored by LASD, and Class Counsel shall not download, duplicate, film, or otherwise capture, disseminate, or reproduce video footage viewed pursuant to this paragraph.

### B. Redactions Of Confidential Information

Before producing or making available to Class Counsel any Confidential Information via the database system (including but not limited to documents and video), Defendant reserves the right to redact names, faces, badge numbers, identification numbers, and/or any other personal identifying information of individual LASD or County employees, agents, officers, and deputies for purposes of complying with all applicable laws, regulations, privacy requirements, and labor and employment agreements. Class Counsel do not concede that redacting any names, faces, badge numbers, identification numbers, and/or any other personal identifying information of individual LASD or County employees, agents, officers, and deputies is necessary for Defendant to comply with applicable laws, regulations, privacy requirements, or labor and employment agreements, or that any redactions of Confidential Information made pursuant to this section are in accordance with applicable federal law. At all times up to termination of the Settlement Agreement, Defendant shall maintain and preserve an unredacted version of all Confidential Information, including specifically any documents or information produced to Class Counsel pursuant to this Protective Order with any redactions of any kind.

If, after receiving and reviewing any Confidential Information that in whole or in part has been redacted, Class Counsel wish to receive the same Confidential Information in unredacted form as part of their evaluation of Defendant's compliance with the Implementation Plan, Class Counsel shall specify for Defendant the particular Confidential Information (*e.g.*, particular documents and/or video) that Class Counsel wish to receive in unredacted form and how the unredacted information will assist Class Counsel in evaluating Defendant's

compliance with the Implementation Plan.  Defendant may specify any and all reasons and bases why Defendant believes that the Confidential Information at issue should continue to be produced or made available to Class Counsel only in redacted form.  Class Counsel and Defendant shall meet and confer in good faith to attempt to resolve any request for unredacted Confidential Information.  If Class Counsel and Defendant cannot resolve a request for unredacted Confidential Information, Class Counsel may submit the issue to the Court to determine whether or not Defendant must provide Class Counsel with the requested unredacted Confidential Information pursuant to applicable federal law.  Any such submission to the Court must be made in accordance with the filing procedures set forth in Section V(F) of this Protective Order.

**C.     Medical And Other Information Pertaining To Plaintiff Class Members**

Notwithstanding the confidentiality restrictions of HIPAA, the California Confidentiality of Medical Information Act (Civil Code § 56, *et seq*.), and California Welfare and Institutions Code § 5328 (related to confidentiality of mental health records), Class Counsel's access to Confidential Information pursuant to this Protective Order shall include medical and mental health information and data pertaining to LASD inmates who are members of the Plaintiff Class.  This information and data will include "protected health information" as that term is defined in HIPAA.  Defendant is hereby expressly authorized and permitted to disclose to Class Counsel any and all protected health information of or pertaining to members of the Plaintiff Class, pursuant to Title 45, Code of Federal Regulations, § 164.512(e)(1).  Class Counsel do not concede that the privileges, restrictions, or statutes listed in this paragraph are applicable to any Confidential Information withheld, redacted, or produced by Defendant pursuant to the Protective Order or would provide for withholding documents or portions of documents in federal litigation.

### D. Persons Authorized To Review Confidential Information

Attorneys who are members of Class Counsel may review Confidential Information. Additionally, Class Counsel's non-attorney employees or consultants with a legitimate need and reason to review Confidential Information for purposes of evaluating Defendant's compliance with the Implementation Plan, and experts retained by Class Counsel to assist Class Counsel with its evaluation of Defendant's compliance with the Implementation Plan, may also review Confidential Information, provided such non-attorney employees or consultants and retained experts first execute the following written statement:

> "I, _____, acknowledge that I have reviewed and am familiar with the terms of the Stipulated Protective Order Regarding Class Counsel's Access To Documents ("Stipulated Protective Order") entered in CV 12-428-DDP(MRWx), and I hereby agree to comply with and to be bound by the terms and conditions of said Stipulated Protective Order, to the same extent as the American Civil Liberties Union, the ACLU Foundation of Southern California, and Paul Hastings LLP, with respect to the handling, review, use, and disclosure of any Confidential Information.
> Dated: _____ /s/_____"

Class Counsel shall be responsible for maintaining the signed original of each such written statement until the termination of the Settlement Agreement. Class Counsel shall provide Defendant with copies of such written statements upon the written request of Defendant. In addition, Class Counsel shall maintain a log of all persons who viewed Confidential Information and shall provide Defendant with a copy of said log upon the written request of Defendant.

Other than Class Counsel attorneys, and any non-attorney employees and non-employee experts who execute the foregoing written statement, no one else may review, be given access to, or otherwise be purposefully exposed to any Confidential Information or any transcript, quotation, paraphrase, summary, notes, or other

description containing or referring to Confidential Information, other than the Court as set forth in Section V(F) and the Panel.

### E. Limitations On Use Of Confidential Information

Confidential Information shall not be used, handled, reviewed, or disclosed for any purpose or in any manner inconsistent with the Settlement Agreement or with this Protective Order. Any use, handling, review, or disclosure of Confidential Information prohibited by the Settlement Agreement or by this Protective Order shall constitute a violation of this Protective Order. Class Counsel's receipt and use of Confidential Information pursuant to this Protective Order shall not be subject to any restrictions, limitations, or any obligations other than those specified in this Protective Order or in Section VI of the Settlement Agreement.

In the event of any unauthorized use, handling, review, or disclosure of Confidential Information by Class Counsel or by Class Counsel's non-attorney employees or non-employee experts (whether inadvertent or otherwise), Class Counsel must immediately notify Defendant and the Court in writing of the unauthorized use, handling, review, or disclosure.

### F. Procedures For The Filing Of Any Confidential Information With The Court

All filings with the Court of any Confidential Information by any Party shall first be made under seal and (except as permitted under Section V(I) of this Protective Order) shall be served on all other Parties pursuant to Central District of California Local Rule 79-5.2.2. Both Parties agree to accept service via email for any filing made pursuant to this Section V(F).

By entering this Protective Order, the Court grants leave, pursuant to Central District of California Local Rule 79-5.2.2(c), to file under seal any filing made under this Section V(F). Accordingly, the Parties need not comply with Central District of California Local Rule 79-5.2.2(b). All filings made with the Court pursuant to this Section V(F) must state on the caption page, immediately under the

title of the document, "FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED []", with the date of entry of this Protective Order included within the brackets. Any filing made pursuant to this Section V(F) must comply with all other applicable Central District of California Local Rules.

Class Counsel reserve the right to move the Court to determine whether any Confidential Information may be publicly filed in this litigation pursuant to applicable federal law. Class Counsel shall meet and confer with Defendant pursuant to Central District of California Local Rule 7-3 prior to making any such motion. Defendant reserves the right to oppose any such motion. Class Counsel shall not publicly file any Confidential Information without the Court's or Defendant's prior written authorization.

In the event that Class Counsel files a motion under this Section V(F) with the Court that concerns Confidential Information that is not in Class Counsel's possession (such as unredacted video footage), Defendant agrees to provide this Confidential Information to the Court *in camera*.

### G. Return Or Destruction Of Confidential Information By Class Counsel

Upon termination of the Settlement Agreement by order of the Court, Class Counsel shall destroy, or shall return to Defendant, all copies (electronic, hard, or other) of all Confidential Information that was ever produced or made available to Class Counsel and which is in Class Counsel's possession. Upon such destruction or return of Confidential Information, Class Counsel shall also provide Defendant with the following certification in writing:

> "I, _____, am a member of Class Counsel as defined in CV 12-428-DDP(MRWx). On behalf of all Class Counsel, I hereby certify that all copies (electronic, hard, or other) of all Confidential Information that was ever produced or made available to Class Counsel and which is in Class Counsel's possession have been destroyed or returned to Defendant, in

accordance with Section V(G) of the Stipulated Protective Order Regarding Class Counsel's Access To Documents."

### H. No Possession By Plaintiff Class Members Of Confidential Information

Neither Plaintiffs nor any other current or former inmate of the Los Angeles County jails shall have access to or possession of, or be exposed to, any Confidential Information, or any material derived therefrom, except that nothing in this paragraph shall prevent Class Counsel from showing a Plaintiff class member his or her own medical records.

### I. Disputes Over Discoverability Of Information

Notwithstanding the entry of this Protective Order, there may be some information otherwise within the scope of Section V(A) of this Protective Order that Defendant believes cannot be disclosed to Class Counsel consistent with Defendant's legitimate operational and security concerns relating to the operation of the Los Angeles County jails. In the event that Defendant withholds any such information from Class Counsel on this basis, Defendant shall promptly notify Class Counsel of such determination (via a privilege log or similar report). To the extent that Class Counsel objects to Defendant's withholding of any such information, Class Counsel and Defendant shall promptly meet and confer regarding the issue. If Class Counsel's concerns are not resolved via such meet-and-confer process, then the Parties shall submit the issue to the Court for resolution. In the course of making any such submission to the Court, Defendant may file any information *in camera*, and need not serve such information on Class Counsel. The Court shall then decide whether Defendant must produce the withheld information to Class Counsel.

### J. No Waiver Of Objections

Nothing in this Protective Order constitutes any ruling or finding by the Court concerning the scope or interpretation of the Settlement Agreement. Nothing in this

Protective Order or in the Parties' stipulations constitutes a waiver by any Party of any right to make requests for documents pursuant to Section VI of the Settlement Agreement, or to object to any such requests. Nothing in this Protective Order or in the Parties' stipulations constitutes any admission or position by any Party regarding the scope, meaning, proper interpretation, or applicability of any provision(s) of the Settlement Agreement, or of any privilege, statute, or regulation referenced herein. By entering into these stipulations, Defendant does not waive any privileges that may or may not apply, including but not limited to the attorney-client privilege, attorney work product doctrine, or the investigatory files or official information privileges. *See, e.g.*, *Weiner v. FBI*, 943 F. 2d 972, 985 (9th Cir. 1991); *Miller v. Pancucci*, 141 F.R.D. 292 (C.D. Cal. 1992). By entering into these stipulations, Class Counsel do not concede that any privilege or statutory or regulatory protection, including but not limited to the attorney-client privilege, attorney work product doctrine, or the investigatory files or official information privileges, applies to any Confidential Information that has been, is being, or will be produced by Defendant pursuant to and after entry of this Protective Order. In addition, the inadvertent production or disclosure of Confidential Information that may be privileged shall be without prejudice to any claim of privilege, and Defendant shall not be held to have waived any rights or privileges by such inadvertent production.

**K.  Subpoena For Confidential Information**

In the event that Class Counsel receives a subpoena, discovery request, or other legal process seeking production of Confidential Information, Class Counsel shall give prompt written notice to Defendant. Class Counsel shall inform the person or entity seeking the information of the existence of this Protective Order and shall not produce any Confidential Information, or any document or communication referencing or containing any portion of Confidential Information, absent a Court order requiring such production.

1     **L.**     **Modification**

For good cause, any Party may seek a modification of this Protective Order, first by attempting to obtain the consent of the other Parties to such modification, and then, absent consent, by application to the Court. However, no modification based on consent of the other Parties shall be valid or effective unless in writing signed by all Parties.

    **M.**     **Survivability Of This Protective Order**

This Protective Order shall survive the conclusion of this action, and the Court retains jurisdiction to enforce it.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

3491358.1      19      Case No. CV 12-00428 DDP (MRW)
STIPULATED PROTECTIVE ORDER RE: CLASS COUNSEL'S ACCESS TO DOCUMENTS

## VI. WITHDRAWAL BY PLAINTIFFS OF MOTION TO ENFORCE SETTLEMENT AGREEMENT

Upon entry of this Protective Order by the Court, Plaintiffs shall withdraw their Motion to Enforce (Dkt. No. 152).

IT IS SO ORDERED.

DATED: May 11, 2018

_____
Hon. Dean D. Pregerson
Senior United States District Judge