OFFICE OF COUNTY COUNSEL
Dawyn Harrison (173855)
Interim County Counsel
  *dharrison@counsel.lacounty.gov*
Dylan Ford (228699)
Deputy County Counsel
  *dford@counsel.lacounty.gov*
500 West Temple St., Floor 6
Los Angeles, California 90012
Telephone:  (213) 974-1807/(213) 974-1811
Facsimile:   (213) 687-8822

KENDALL BRILL & KELLY LLP
ROBERT E. DUGDALE (167258)
  *rdugdale@kbkfirm.com*
DANIEL BARLAVA (334910)
  *dbarlava@kbkfirm.com*
10100 Santa Monica Boulevard, Suite 1725
Los Angeles, CA  90067
Telephone:  (310) 272-7904/7919
Facsimile:   (310) 556-2705

Counsel for Defendant
Alexander Villanueva, Sheriff of Los
Angeles County, in His Official Capacity

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALEX ROSAS, et al.,<br><br>           Plaintiffs,<br><br>      v.<br><br>ALEX VILLANUEVA, Sheriff of Los Angeles County, in his official capacity,<br><br>           Defendant. | Case No. CV 12-00428-DDP (MRW)<br><br>**JOINT STATUS REPORT**<br><br>Hon. Dean D. Pregerson<br>United States District Judge |

603361822

# JOINT STATUS REPORT

Pursuant to a stipulation entered into between the Parties, on May 30, 2022, this Court ordered the Parties to work in conjunction with the Court-appointed Monitoring Panel (the "Panel") to develop a written plan for the Los Angeles County Sheriff's Department (the "LASD") to achieve compliance with key facets of this case addressed in the Panel's Tenth Report (Dkt. No. 205).  The Parties agreed this written plan would focus primarily on four subjects:  (1) eliminating head strikes; (2) proper use of the WRAP; (3) appropriate utilization of force avoidance and de-escalation techniques; and (4) accountability.  Each Party agreed to draft a separate proposed compliance plan addressing each of these subjects that would be submitted for the Panel's review and comment, and then to meet and confer in an attempt to see if elements from each Party's proposed compliance plan could be used to formulate a joint compliance plan.

To this end, on June 10, 2022, each Party submitted a framework for each Party's proposed compliance plan; and, on June 13, 2022, the Parties and the Panel met to discuss, among other things, each Party's proposed framework for a compliance plan.

On June 17, 2022, Jeff Schwartz, one of the Panel's members, resigned as a member of the Panel for health reasons.  He was subsequently replaced with a new court-appointed monitor, Nicholas Mitchell.  In order to provide Mr. Mitchell with an opportunity to get up to speed on the matter and meaningfully participate in the process of creating the compliance plan contemplated by the Parties, the Parties agreed to a new schedule to craft a potential joint compliance plan, which was memorialized in an order from this Court entered on October 13, 2022.  (Dkt. No. 227).

Pursuant to this schedule, on October 7, 2022, the Panel provided written comments on the Parties' frameworks for their compliance plans.  Then, on October 31, 2022, Plaintiffs' counsel submitted to the Panel and Defendant's counsel a more comprehensive version of Plaintiffs' compliance plan that included consideration of the prior feedback concerning the plan provided by the Panel and Defendant's counsel.  On November 4, 2022, Defendant's counsel followed suit by submitting a more

comprehensive version of Defendant's compliance plan that included consideration of the feedback previously provided by the Panel and Plaintiff's counsel.

On November 9, 2022, after these versions of each Party's compliance plan were exchanged, the Parties and the Panel meet in person and conferred about each Party's respective plan and the Panel's comments as to each Party's plan.  Following this meeting, on November 19, 2022, Defendant's counsel provided a list of several elements from the Parties' respective compliance plans Defendant believes could be agreed upon as part of a potential joint compliance plan reached by both Parties.  Plaintiffs' counsel agree with Defendant's counsel that the corrective actions these elements represent would be helpful steps for the LASD to take to move further toward compliance with some of the remaining key provisions in this case.  However, Plaintiffs' counsel believe that these corrective actions, standing alone, do not set forth a sufficient enough plan to ensure the LASD will come into compliance with these provisions.

Beyond this tentative agreement to include the elements identified by Defendants' counsel on November 19, 2022 in a joint compliance plan, the Parties have agreed to continue to work with each other and the Panel to see if they can find additional common ground in formulating a joint compliance plan.  However, in order for the Parties to reach a final agreement on the provisions of a potential joint compliance plan they have tentatively agreed to; to address other issues, including potential changes to LASD policies; and to possibly reach additional agreements regarding other provisions that could be included in a potential joint compliance plan, Defendants will require the input of the newly-elected Sheriff and his new command staff, most particularly, the new Assistant Sheriff whom the incoming Sheriff will appoint to oversee the LASD's custody operations.

Sheriff-elect Robert Luna is scheduled to be sworn into office on December 5, 2022, and Defendant's counsel anticipate it may take several weeks to familiarize the new Sheriff and the new Assistant Sheriff over LASD's custody operations with the issues posed in the Parties' respective compliance plans and to obtain direction from the

Sheriff and his command staff on issues, such as significant changes to the operation of the jails, that could form the basis for additional areas where Plaintiffs and Defendant may find common ground that can potentially be incorporated into a joint compliance plan. Accordingly, the Parties intend to meet and confer with each other and the Panel once again in mid-January 2023 to see if they can make further progress in crafting a joint compliance plan, with the goal of reaching all possible points of agreement on a new compliance plan and bringing to the Court any outstanding issues if the parties are unable to reach complete agreement on February 13, 2023, which is a date both Parties are seeking to hold a further status conference in this case.[1]

DATED:  November 30, 2022            KENDALL BRILL & KELLY LLP

/s/ Robert E. Dugdale
ROBERT E. DUGDALE

*Attorneys for Defendant Alex Villanueva, in His Official Capacity as Los Angeles County Sheriff*

DATED:  November 30, 2022            ACLU FOUNDATION OF SOUTHERN CALIFORNIA

/s/ Peter J. Eliasberg
PETER J. ELIASBERG

*Attorneys for Plaintiffs Alex Rosas and Jonathan Goodwin, on behalf of themselves and of those similarly situated*

---

[1] Because of the delays inherent in the transition to a new Sheriff, the parties are also filing today a stipulation to continue until February 13, 2023 the status conference scheduled for December 5, 2022.

**ATTESTATIONS REGARDING SIGNATORIES**

I, Robert E. Dugdale, hereby attest that Counsel for Plaintiffs concur in this filing's content and have authorized this filing.

Executed on November 30, 2022, in Los Angeles, California.

By:  /s/ Robert E. Dugdale
     Robert E. Dugdale
     KENDALL BRILL & KELLY