OFFICE OF COUNTY COUNSEL
Dawyn Harrison (173855)
County Counsel
 *dharrison@counsel.lacounty.gov*
Dylan Ford (228699)
Deputy County Counsel
 *dford@counsel.lacounty.gov*
Robert C. Bailey (249813)
Deputy County Counsel
 *rbailey@counsel.lacounty.gov*
500 West Temple St., Floor 6
Los Angeles, California 90012
Telephone:  (213) 974-1807/(213) 974-1811
Facsimile:   (213) 687-8822

KENDALL BRILL & KELLY LLP
Robert E. Dugdale (167258)
 *rdugdale@kbkfirm.com*
Daniel Barlava (334910)
 *dbarlava@kbkfirm.com*
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone: (310) 272-7904
Facsimile:  (310) 556-2705

Attorneys for Defendant
Robert Luna, Sheriff of Los
Angeles County in his Official Capacity

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEX ROSAS and JONATHAN GOODWIN on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT LUNA, Sheriff of Los Angeles County, in his official capacity,<br><br>Defendants. | Case No. 12-cv-00428-DDP (MRW)<br><br>**DECLARATION OF DYLAN FORD IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY IMPLEMENTATION PLAN**<br><br>Hon.          Dean D. Pregerson<br>Time:         10:00 a.m.<br>Date:         June 26, 2023<br>Courtroom:  9C |

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

HOA.104317847.1

DECLARATION OF DYLAN FORD

## **DECLARATION OF DYLAN FORD**

I, Dylan Ford, declare as follows:

1.      I have personal knowledge of the facts set forth in this Declaration, and, if called as a witness, I could and would testify competently to such facts under oath.

2.      On April 25, 2022, the Los Angeles County Sheriff's Department ("LASD" or the "Department") published a Custody Operations Directive governing the use of the WRAP Restraint (the "WRAP") device. This directive set guidelines for Department personnel regarding use of the WRAP. A corresponding WRAP policy ultimately will be formally published in the LASD's Custody Division Manual ("CDM"). This policy, which is the subject of analysis, critique, and commentary by several stakeholders, is currently in its 33rd version. Until formal publication of the policy, the Department's WRAP directive is tantamount to policy, and violations of the directive equate to violations of policy.

3.      On March 1, 2023, the three-member monitoring panel in the instant case (the "Panel"), newly re-constituted after departures and additions of panelists, provided its comments on the Department's WRAP directive. These comments comprised a total of ten recommendations, with one of the recommendations subdivided into five separate suggested additions to the policy.

4.      On June 1, 2023, the Department provided Plaintiffs in this matter a revised version of its draft WRAP policy for the CDM. Formal publication of this revised policy awaits further comment from the Panel and other stakeholders, as well as the outcome of the court hearing set for June 26, 2023.

5.      The version of the WRAP policy provided to Plaintiffs on June 1, 2023, incorporated a significant majority of the Panel's suggested changes to the Department's WRAP directive:

- Many of the Panel's suggested changes were adopted either verbatim,

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

HOA.104317847.1

2

with the caveat "absent exigent circumstances," or with other minor differentiations.

- One of the Panel's suggested set of revisions—to a paragraph that dictated particular time limits for a person's placement in the WRAP—was obviated in some part by the Department's agreement to even stricter time limits than the Panel requested, including a new rule that no person could remain in the WRAP restraint for longer than two hours. (The previous absolute limit had been four hours.)

6. Plaintiffs provided the Department refined and specific comments to the WRAP directive on March 7, 2023. While the Department has not adopted several of the Plaintiffs' suggested changes, one significant recommendation was accepted and included in the revised draft of the WRAP policy. This was the reduction of the maximum time that a person could be placed in the WRAP to two, rather than four hours. Furthermore, the revised policy dictates that a sergeant shall attempt to have a person in the WRAP removed from the device before one hour elapses. The April 2022 directive had required this attempt at two hours. Plaintiffs on March 7, 2023, had suggested modifying the language of the directive to read as follows: "The sergeant shall have the inmate removed from the WRAP Restraint before one (1) hour absent exceptional circumstances."

7. The current revised version of the WRAP policy, provided to the Plaintiffs on June 1, 2023, includes every term described in the Proposed Joint Compliance Plan Framework filed May 31, 2023, except that the draft policy assigns certain duties to a sergeant rather than a watch commander, and some of the elements of the agreement are reflected in the Department's WRAP Restraint Safety Check Log rather than the draft WRAP policy. *See* Dkt. 251-10, pp. 4-5.

8. On May 12, 2023, the Department provided Plaintiffs' counsel a list of 57 provisions (or sub-provisions) in the Settlement Agreement's Implementation

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

HOA.104317847.1                                    3
                    DECLARATION OF DYLAN FORD

Plan that the Panel had deemed to be in compliance for a significant period of time. The Department currently provides regular self-assessments for 33 of those 57 provisions (or sub-provisions). For the assessed provisions, the shortest period of consecutive compliance was 33 months (Provisions 5.1, 6.17, 13.1, and 13.2). The other provisions among the 33 had consecutive compliance periods of 36 months or longer, with some having consecutive compliance periods of 66 months.

9. On May 31, 2023, counsel for plaintiffs tentatively agreed that five of these 33 provisions in longstanding compliance could be shifted to non-reporting status. This agreement was predicated on the conditions that provisions must return to reporting status if circumstances changed, and that all Department resources saved by streamlined reporting must be dedicated exclusively to attaining compliance and providing assessments for the provisions that continue to be reported.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 12th day of June, 2023, at Altadena, California.

_____
Dylan Ford

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

HOA.104317847.1

4

DECLARATION OF DYLAN FORD