KATIE TOWNSEND (SBN 254321)
ktownsend@rcfp.org
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th Street NW, Suite 1020
Washington, D.C. 20005
Telephone:  202.795.9300
Facsimile:  202.795.9310

JEFF GLASSER (SBN 252596)
jeff.glasser@latimes.com
LOS ANGELES TIMES COMMUNICATIONS LLC
2300 E. Imperial Highway
El Segundo, CA 90245
Telephone: 213-237-7077

*Counsel for Non-Party Intervenor*
LOS ANGELES TIMES COMMUNICATIONS LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALEX ROSAS *and* JONATHAN GOODWIN, *on behalf of themselves and those similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT LUNA, *in his official capacity as Sheriff of Los Angeles County*,<br><br>Defendant. | Case No. 12-cv-00428 DDP (MRW)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NON-PARTY LOS ANGELES TIMES COMMUNICATIONS LLC TO INTERVENE AND UNSEAL**<br><br>Date:  September 11, 2023<br><br>Time:  10:00AM<br><br>Judge:  Hon. Dean D. Pregerson |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ii

INTRODUCTION............................................................................................................ 1

FACTUAL BACKGROUND .......................................................................................... 3

ARGUMENT ................................................................................................................... 5

    I.   The motion to intervene should be granted........................................................... 5

    II.  The Use-of-Force Materials should be unsealed. ................................................ 6

        A.   The common law presumption of access attaches to the Use-of-Force Materials, which were filed with the Court in connection with a motion "more than tangentially related to the merits" of the case................ 7

        B.   The common law presumption of access to the Use-of-Force Materials cannot be overcome by mere reliance on the parties' stipulated protective order. ........................................................................... 8

        C.   Even under a good-cause standard, the parties cannot show that sealing is justified in light of the powerful public interest in access. ......... 11

CONCLUSION ............................................................................................................. 15

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NON-PARTY LOS ANGELES TIMES COMMUNICATIONS LLC TO INTERVENE AND UNSEAL**

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Allstar Mktg. Grp., LLC v. Your Store Online, LLC*,
  No. CV-09-02094, 2010 WL 11523739 (C.D. Cal. July 14, 2010) ...................... 7, 8

*Beckman Indus., Inc. v. Int'l Ins. Co.*,
  966 F.2d 470 (9th Cir. 1992) ............................................................. 5

*Binh Hoa Le v. Exeter Fin. Corp.*,
  990 F.3d 410 (5th Cir. 2021) ............................................................ 10

*BP Expl. & Prod., Inc. v. Claimant ID 100246928*,
  920 F.3d 209 (5th Cir. 2019) ............................................................. 6

*Bradley ex rel. AJW v. Ackal*,
  954 F.3d 216 (5th Cir. 2020) ........................................................... 10

*Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*,
  178 F.3d 943 (7th Cir. 1999) ............................................................. 9

*City of Los Angeles v. Superior Court*,
  41 Cal. App. 4th 1083 (1996) ........................................................... 14

*Ctr. for Auto Safety v. Chrysler Grp., LLC*,
  809 F.3d 1092 (9th Cir. 2016) ...................................................*passim*

*Doe v. Marsalis*,
  202 F.R.D. 233 (N.D. Ill. 2001) ........................................................ 14

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
  331 F.3d 1122 (9th Cir. 2003) ......................................................... 7, 9

*Ford v. City of Huntsville*,
  242 F.3d 235 (5th Cir. 2001) ............................................................. 6

*Globe Newspaper Co. v. Superior Court*,
  457 U.S. 596 (1982) ...................................................................... 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Gomes v. Fried*,
    136 Cal. App. 3d 924 (1982) ................................................................. 14

*H.B. Fuller Co. v. Doe*,
    151 Cal. App. 4th 879 (2007) ................................................................. 9

*Harper v. Nev. Prop. 1, LLC*,
    552 F. Supp. 3d 1033 (D. Nev. 2021) ................................................. 2, 7

*In re NBC, Inc.*,
    635 F.2d 945 (2d Cir. 1980) ................................................................. 10

*In re L.A. Times Commc'ns LLC*,
    28 F.4th 292 (D.C. Cir. 2022) .............................................................. 10

*In re Providian Credit Card Cases*,
    96 Cal. App. 4th 292 (2002) .................................................................. 9

*In re Roman Cath. Archbishop of Portland*,
    661 F.3d 417 (9th Cir. 2011) ................................................................ 13

*Kamakana v. City & Cnty. of Honolulu*,
    447 F.3d 1172 (9th Cir. 2006) .......................................................*passim*

*King v. Conde*,
    121 F.R.D. 180 (E.D.N.Y. 1988) ......................................................... 14

*Melendres v. Arpaio*,
    695 F.3d 990 (9th Cir. 2012) ................................................................. 8

*Mendez v. City of Gardena*,
    222 F. Supp. 3d 782 (C.D. Cal. 2015) ................................................. 11

*Mills v. Alabama*,
    384 U.S. 214 (1966) .............................................................................. 13

*Nixon v. Warner Commc'ns, Inc.*,
    435 U.S. 589 (1978) .......................................................................... 1, 12

*Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*,
    307 F.3d 1206 (9th Cir. 2002) .............................................................. 12

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NON-PARTY LOS ANGELES TIMES COMMUNICATIONS LLC TO INTERVENE AND UNSEAL**

*Richmond Newspapers, Inc. v. Virginia*,
  448 U.S. 555 (1980) ................................................................................ 15

*San Jose Mercury News, Inc. v. U.S. District Court*,
  187 F.3d 1096 (9th Cir. 1999) ...................................................... 5, 6, 9, 12

*Seelig v. Infinity Broad. Corp.*,
  97 Cal. App. 4th 798 (2002) ...................................................................... 3

*United States v. Beckham*,
  789 F.2d 401 (6th Cir. 1986) .................................................................... 10

*United States v. Criden*,
  648 F.2d 814 (3d Cir. 1981) ..................................................................... 10

*Valley Broad. Co. v. U.S. District Court*,
  798 F.2d 1289 (9th Cir. 1986) .................................................................. 10

*Welsh v. City & Cnty. of San Francisco*,
  887 F. Supp. 1293 (N.D. Cal. 1995) .......................................................... 14

**Other Authorities**

Cindy Chang & Joel Rubin, *After Years of Scandal, L.A. Jails Get Federal
  Oversight, Sweeping Reforms*, L.A. Times (Aug. 5, 2015),
  https://perma.cc/9XWP-MDRR ................................................................. 15

Eric Lichtblau, *U.S. Justice Dept. Investigates Alleged Mistreatment of
  Mentally Ill in County Jails*, L.A. Times (June 14, 1996),
  https://perma.cc/AYY6-CL2F .................................................................... 15

*Full Coverage: L.A. County Jail System Under Scrutiny*,
  L.A. Times (July 21, 2012),
  https://perma.cc/DN37-A9VQ ..................................................................... 3

Jaclyn Cosgrove, *After More than Six Years of Federal Oversight, Dangerous
  Problems Persist in L.A. County Jails*, L.A. Times (Jan. 15, 2022),
  https://perma.cc/4GUU-NZ7P ................................................................. 2, 3

Keri Blakinger, *Fights, Beatings and a Birth: Videos Smuggled out of L.A. Jails
  Reveal Violence, Neglect*, L.A. Times (June 24, 2023),
  https://perma.cc/5ULL-73ZD .................................................................. 2, 5

iv

Keri Blakinger, *Senators Fault Department of Justice for 'Appalling' Conditions in Los Angeles Jails*, L.A. Times (Feb. 13, 2023), https://perma.cc/2A2K-84ER ...................................................................... 15

Keri Blakinger, *Video Shows Deputy Slamming Handcuffed Inmate Into Concrete Wall at Men's Central Jail*, L.A. Times (June 3, 2023), https://perma.cc/RE6X-EUMN ................................................................... 5

Order Granting Media Intervenors' Motion to Intervene and Unseal, *Greer v. Cnty. of San Diego*, No. 19-cv-378 (S.D. Cal. July 10, 2023), slip op., https://perma.cc/5DQQ-JFH2 ..................................................................... 11

Robert Faturechi & Jack Leonard, *U.S. Widens Inquiry into Abuse at L.A. County Jails*, L.A. Times (Oct. 15, 2011), https://perma.cc/XT7C-Z4B4 ...................................................................... 15

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NON-PARTY LOS ANGELES TIMES COMMUNICATIONS LLC TO INTERVENE AND UNSEAL**

# INTRODUCTION

Non-party Los Angeles Times Communications LLC (the "*Los Angeles Times*") seeks to intervene in the above-captioned action for the limited purpose of obtaining an order unsealing the use-of-force packets and videos filed with the Court as exhibits in support of Plaintiffs' Motion to Modify Implementation Plan, as well as the redacted portions of Plaintiffs' Memorandum of Points and Authorities ("Memorandum") and supporting declarations that reference those exhibits (together, the "Use-of-Force Materials").  Those judicial records, which document allegedly unlawful conditions and official misconduct in Los Angeles County jails, go to the heart of "the interest of citizens in 'keep[ing] a watchful eye on the workings of public agencies,'" as well as the role of members of the press like the *Los Angeles Times* in "publish[ing] information concerning the operation of government." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (first alteration in original)).  The parties have not justified—and cannot justify—keeping those judicial records under seal.

There is a "strong presumption of access" to judicial records under the common law.  *Id.* at 1178–79 (citation omitted).  That presumption extends to any motion—and any attachments to a motion—that is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092,

---

1

1101 (9th Cir. 2016).  The Use-of-Force Materials, which were filed with the Court to obtain effective relief for alleged violations of Plaintiffs' constitutional rights, fall squarely within the scope of the common law right of access.  *See Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040 & n.6 (D. Nev. 2021) (collecting cases finding a strong presumption of access to motions to enforce a settlement agreement).

The only justification in the record for sealing the Use-of-Force Materials is the existence of a stipulated protective order, *see* ECF No. 193, which Ninth Circuit law makes clear is inadequate to rebut the common law presumption, *see Kamakana*, 447 F.3d at 1180.  But even under the good-cause standard applicable to the entry of a protective order, *see id.*, secrecy would be unjustified here.  The extraordinary public interest in the bleak conditions at Los Angeles County jails that are subject to federal oversight—and recurring questions about the safety of those working and detained there—overwhelmingly favors access, to enable the public to evaluate the performance of the officials responsible.  *See, e.g.*, Keri Blakinger, *Fights, Beatings and a Birth: Videos Smuggled out of L.A. Jails Reveal Violence, Neglect*, L.A. Times (June 24, 2023), https://perma.cc/5ULL-73ZD; Jaclyn Cosgrove, *After More than Six Years of Federal Oversight, Dangerous Problems Persist in L.A. County Jails*, L.A. Times (Jan. 15, 2022), https://perma.cc/4GUU-NZ7P.[1]  For the reasons set forth

---

[1]  Here and throughout this motion, this Court may "take judicial notice of news articles" in evaluating the "significant interest to the public" of the policy issues at stake here.  *Seelig v. Infinity Broad. Corp.*, 97 Cal. App. 4th 798, 807 & n.5 (2002).

herein, the *Los Angeles Times* respectfully urges this Court to enter an order granting its motion to intervene and ordering that the Use-of-Force Materials be unsealed.

## FACTUAL BACKGROUND

The *Los Angeles Times* is one of the largest daily newspapers in the United States, informing audiences throughout California and across the nation.  In that role, *Times* reporters regularly cover noteworthy judicial proceedings in the Central District of California, and the *Times* has extensively covered allegations of abuse and mismanagement in the Los Angeles County jail system.  *See Full Coverage: L.A. County Jail System Under Scrutiny*, L.A. Times (July 21, 2012), https://perma.cc/DN37-A9VQ (collecting more than 150 stories on the topic).

In January 2012, Plaintiffs initiated the above-captioned class action, alleging a "pattern of brutality" in L.A. County jails in violation of their Eighth and Fourteenth Amendment rights.  Complaint for Injunctive Relief at 74 (ECF No. 1).  After several years of litigation, the parties entered into a Court-approved settlement agreement that provided for, among other relief, a binding implementation plan to be developed by an expert panel "to ensure that members of the Plaintiff Class are not subjected to excessive force."  Order Approving Class Settlement at 3 (ECF No. 135).  Under the terms of the settlement agreement, the expert panel is also required to "monitor and advise the Court on Defendant's compliance with the Implementation Plan."  *Id.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

On May 31, 2023, Plaintiffs filed a motion to modify the implementation plan that was approved by the Court.  *See* Notice of Motion and Motion to Modify Court-Approved Implementation Plan at 1 (ECF No. 252).  Citing reports filed by the expert panel, Plaintiffs argued that "for years LASD has failed, among other things, to address (1) the overuse of dangerous and unnecessary head strikes; (2) the excessive and unnecessary uses of force due to consistent non-compliance with force prevention policies; (3) dishonest reporting by line personnel about uses of force; and (4) the overuse of the dangerous WRAP restraint device."  Plaintiffs' Memorandum of Points and Authorities at 1 (ECF No. 253).  To substantiate those allegations, Plaintiffs and their declarants relied on "Use of Force Reports and Videos" that document possibly excessive force.  Redacted Declaration of Erin David Bigler at 2 (ECF No. 253-2).

Those exhibits were submitted to the Court entirely under seal, and any descriptions of their contents are redacted wherever they appear in Plaintiffs' Memorandum and supporting declarations.  As a result, the public has lacked any meaningful opportunity to evaluate Plaintiffs' argument that "the need to protect people incarcerated in the County jails from dangerous and unnecessary force[] requires modifications [of the implementation plan] to finally bring the [Los Angeles County Sheriff's] Department into compliance."  Plaintiffs' Memorandum of Points and Authorities at 2.  That avenue for public oversight has been barred even as

4

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NON-PARTY LOS ANGELES TIMES COMMUNICATIONS LLC TO INTERVENE AND UNSEAL**

similar evidence of force used in the jails has stoked an urgent public debate on the

need for reform.  *See* Keri Blakinger, *Video Shows Deputy Slamming Handcuffed*

*Inmate Into Concrete Wall at Men's Central Jail*, L.A. Times (June 3, 2023),

https://perma.cc/RE6X-EUMN; Blakinger, *Fights, Beatings and a Birth*, *supra*.

    As a result, on August 7, 2023, the *Los Angeles Times* moved to intervene for

the limited purpose of seeking an order unsealing the Use-of-Force Materials.

<strong>ARGUMENT</strong>

**I.    The motion to intervene should be granted.**

    The Ninth Circuit has made clear that "[n]onparties seeking access to a judicial

record in a civil case may do so by seeking permissive intervention under Rule

24(b)[.]"  *San Jose Mercury News, Inc. v. U.S. District Court*, 187 F.3d 1096, 1100

(9th Cir. 1999); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th

Cir. 1992) (intervention granted to seek modification of protective order).  The

question of public access provides the "common question of law or fact" that Rule

24(b)(1) requires, *see San Jose Mercury News*, 187 F.3d at 1100, and this motion—

filed just two months after the documents were filed with the Court—is plainly

timely, *see id.* at 1101 ("[D]elays measured in years have been tolerated where an

intervenor is pressing the public's right of access to judicial records.").  Accordingly,

the *Los Angeles Times*' motion to intervene should be granted under Rule 24(b)(1).

The *Los Angeles Times* is also entitled to intervene as of right.  "[A] news agency has a legal interest in challenging a confidentiality order" that satisfies Rule 24(a)'s need for "an interest relating to the property or transaction that is the subject of the underlying action."  *Ford v. City of Huntsville*, 242 F.3d 235, 240 (5th Cir. 2001).  That interest in transparency is not "adequately protected by the parties."  *San Jose Mercury News*, 187 F.3d at 1101; *see also BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 211 (5th Cir. 2019) ("Most litigants have no incentive to protect the public's right of access.").  And, as explained above, intervention is timely.

Through either lens, because "representatives of the press and general public must be given an opportunity to be heard on the question of their exclusion" when access to records is at stake, *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 609 n.25 (1982) (citation and internal quotation marks omitted), the motion of the *Los Angeles Times* to intervene should be granted.

## II.     The Use-of-Force Materials should be unsealed.

The parties have not justified (and cannot justify) keeping the Use-of-Force Materials secret.  When those judicial records were attached to and referenced in Plaintiffs' motion, the strong presumption of public access attached to them—a presumption that the parties cannot rebut merely by pointing to the stipulated protective order.  *See Harper*, 552 F. Supp. 3d at 1040 & n.6.  Indeed, even if the

Court were to apply a good-cause standard instead of the one required under the common law, the public's powerful interest in understanding the allegations of official misconduct presented by Plaintiffs would swamp any interest in secrecy here.

    **A.**    **The common law presumption of access attaches to the Use-of-Force Materials, which were filed with the Court in connection with a motion "more than tangentially related to the merits" of the case.**

In the Ninth Circuit, the common law guarantees "a strong presumption in favor of access to court records," *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003), a presumption that attaches to—among other judicial records—any motion that is "dispositive" in the sense that it seeks relief "more than tangentially related to the merits of a case," *Ctr. for Auto Safety*, 809 F.3d at 1101. That strong presumption in favor of public access also applies to attachments to such motions, even if the material "w[as] previously filed under seal or [is subject to a] protective order." *Kamakana*, 447 F.3d at 1179. Here, Plaintiffs' motion to modify the implementation plan to ensure effective relief is plainly "more than tangentially related to the merits" of the underlying action. *Ctr. for Auto Safety*, 809 F.3d at 1101.

District courts in this Circuit have routinely concluded as much where a party seeks relief under the terms of a settlement agreement. *See Harper*, 552 F. Supp. 3d at 1040 & n.6 (collecting cases); *see also Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, No. CV-09-02094, 2010 WL 11523739, at *1 (C.D. Cal. July 14, 2010). And for good reason. Such a motion "invoke[s] important Article III powers" by

asking the Court to bind the opposing party to a particular course of action.  *Ctr. for Auto Safety*, 809 F.3d at 1100 (citation and internal quotation marks omitted).  And as Plaintiffs' motion makes clear, their entitlement (or not) to that relief turns on its relevance to redressing the same alleged violations of "constitutional rights" at issue in their underlying action.  Plaintiffs' Memorandum of Points and Authorities at 20 (ECF No. 253) (quoting *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)).  A strong presumption of public access therefore attaches to the Use-of-Force Materials, which were filed with the Court so that it may adjudicate a controversy that squarely implicates the public's interest in monitoring public officials and institutions.

**B.**     **The common law presumption of access to the Use-of-Force Materials cannot be overcome by mere reliance on the parties' stipulated protective order.**

It appears from the public docket that no motion to seal was filed in connection with the filing of the Use-of-Force Materials; instead, the parties' stipulated protective order contemplates that such material will be filed under seal wherever it appears without leave of court.  *See* Stipulated Protective Order Regarding Class Counsel's Access to Documents at 15–16 (ECF No. 193).  But Ninth Circuit precedent makes clear that such a protective order cannot, without more, justify sealing records that are subject to the strong common law presumption of access.[2]

---

[2]     *See, e.g.*, *San Jose Mercury News*, 187 F.3d at 1102–03 (stipulated protective orders are "subject to challenge and modification"); *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999) (rejecting

And even if the parties were to attempt to meet their burden under the common law, they would fall well short given the vital public interests favoring transparency here.

"Those who seek to maintain the secrecy of documents attached"—as here— "to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1136). Crucially, a "'good cause' showing alone will not suffice to fulfill the 'compelling reasons' standard," even if it justified entry of a protective order governing unfiled material at some earlier point in the litigation. *Id.* Here, good cause is all that the parties have even purported to show. *See* Stipulated Protective Order, *supra*, at 4–5. And that showing is doubly insufficient because the protective order was obtained "without making a particularized showing of good cause with respect to any individual document," such that the parties "could not reasonably rely on the order to hold these records under seal forever." *Foltz*, 331 F.3d at 1138.

Nor does any other adequate basis for sealing the Use-of-Force Materials appear in the record before this Court. The common law standard is "stringent": The party seeking secrecy "bears the burden" of showing "compelling reasons" for

---

stipulated protective order as a basis for restricting access, noting that "[t]he parties to a lawsuit are not the only people who have a legitimate interest in the record compiled in a legal proceeding"); *H.B. Fuller Co. v. Doe*, 151 Cal. App. 4th 879, 891–92 (2007) (unsealing records that had been sealed pursuant to a stipulated protective order); *In re Providian Credit Card Cases*, 96 Cal. App. 4th 292, 309–10 (2002) (same).

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NON-PARTY LOS ANGELES TIMES COMMUNICATIONS LLC TO INTERVENE AND UNSEAL**

nondisclosure, and the court "must then conscientiously balance the competing

interests of the public and the party who seeks to keep certain judicial records secret."

*Ctr. for Auto Safety*, 809 F.3d at 1096–97 (citations omitted) (internal quotation

marks and alterations omitted).  After conducting that "document-by-document, line-

by-line balancing," *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir.

2021) (citations and internal quotation marks omitted), any order that ultimately seals

any portion of a record must "articulate the factual basis" for doing so "without

relying on hypothesis or conjecture," *Valley Broad. Co. v. U.S. District Court*, 798

F.2d 1289, 1295 (9th Cir. 1986).

        Here, the balance of interests plainly favors transparency.  It is nearly a truism

that the common law right of access is "especially strong" in cases that involve—as

this one does—allegations of potential wrongdoing by public officials.  *In re NBC,*

*Inc.*, 635 F.2d 945, 952 (2d Cir. 1980); *accord, e.g.*, *United States v. Criden*, 648 F.2d

814, 822 (3d Cir. 1981); *United States v. Beckham*, 789 F.2d 401, 413 (6th Cir.

1986); *Bradley ex rel. AJW v. Ackal*, 954 F.3d 216, 232 (5th Cir. 2020); *In re L.A.*

*Times Commc'ns LLC*, 28 F.4th 292, 298 (D.C. Cir. 2022).  And as another district

court in this Circuit recently found, "[i]nformation about the County's possible

mistreatment of its inmates is inherently a matter of significant public interest:

County residents not only support these operations with their taxpayer dollars but

may be subject to such treatment if detained."  Order Granting Media Intervenors'

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NON-PARTY**
**LOS ANGELES TIMES COMMUNICATIONS LLC TO INTERVENE AND UNSEAL**

Motion to Intervene and Unseal, *Greer v. Cnty. of San Diego*, No. 19-cv-378 (S.D.

Cal. July 10, 2023), slip op. at 10, https://perma.cc/5DQQ-JFH2.  The interest in

access is only sharpened by the context in which the Use-of-Force Materials come

before this Court—as evidence in support of a motion that asks the Court to exercise

"important Article III powers" to conform the conduct of a public agency to the law.

*Ctr. for Auto Safety*, 809 F.3d at 1100 (citation and internal quotation marks omitted).

Whatever countervailing interests the parties might attempt to assert, "[t]he

mere fact that the production of records may lead to a litigant's embarrassment,

incrimination, or exposure to further litigation will not, without more, compel the

court to seal its records."  *Kamakana*, 447 F.3d at 1179.  And the fact that the Use-of-

Force Materials may document official misconduct undercuts any claim to secrecy,

because Defendant "cannot assert a valid compelling interest in sealing the videos to

cover up any wrongdoing on their part or to shield themselves from embarrassment."

*Mendez v. City of Gardena*, 222 F. Supp. 3d 782, 792 (C.D. Cal. 2015) (ordering

disclosure of videos documenting fatal—and allegedly unlawful—use of force).

The balance of interests skews dramatically in favor of access, and the public's

common law right "to keep a watchful eye on the workings of public agencies"

requires that the Use-of-Force Materials be unsealed.  *Nixon*, 435 U.S. at 598.

**C.     Even under a good-cause standard, the parties cannot show that
sealing is justified in light of the powerful public interest in access.**

Even if a good-cause standard—rather than the compelling-reasons standard—applied to the Use-of-Force Materials, secrecy would be unjustified here in light of the urgent public interests favoring disclosure.  "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted," *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002), a showing that must be "particularized . . . with respect to any individual document" at issue, *San Jose Mercury News*, 187 F.3d at 1103.  Even where that threshold showing is made, the court must then go on to "balance[] the public and private interests" at stake. *Phillips*, 307 F.3d at 1211.

Here, the parties' stipulated protective order gestures at potential harms, but none are particularized with reference to any specific document or exhibit that has since been filed with the Court.  Moreover, the public interest in understanding allegations of official misconduct against officials responsible for conditions in County jails would dwarf any private interest the parties might attempt to show.

The Ninth Circuit has "directed courts doing this balancing" to weigh:

1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NON-PARTY LOS ANGELES TIMES COMMUNICATIONS LLC TO INTERVENE AND UNSEAL**

entity or official; and (7) whether the case involves issues important to the public.

*In re Roman Cath. Archbishop of Portland*, 661 F.3d 417, 424 & n.5 (9th Cir. 2011) (citation omitted).  The parties have so far made no particularized showing as to the interests they believe counsel in favor of secrecy, and the remaining factors favor access.  For one, the *Los Angeles Times* seeks the Use-of-Force Materials for a legitimate—and for that matter vital—purpose: to "publish information concerning the operation of government," *Kamakana*, 447 F.3d at 1178 (citation omitted), thereby "keeping officials elected by the people responsible to all the people whom they were selected to serve," *Mills v. Alabama*, 384 U.S. 214, 219 (1966).

There can likewise be no question that this case involves issues important to the public.  Law enforcement officers play a unique role—and exercise unique powers—in our society:  "It is indisputable that law enforcement is a primary function of local government and that the public has a . . . great[] interest in the qualifications and conduct of law enforcement officers, even at, and perhaps especially at, an 'on the street' level[.]"  *Gomes v. Fried*, 136 Cal. App. 3d 924, 933 (1982) (emphasis omitted) (citation omitted).  As a result, "[t]he public has a strong interest in assessing the truthfulness of allegations of official misconduct [by law enforcement personnel], and whether agencies that are responsible for investigating and adjudicating complaints of misconduct have acted properly and wisely."  *Welsh v. City & Cnty. of San Francisco*, 887 F. Supp. 1293, 1302 (N.D. Cal. 1995); *see also*

13

*City of Los Angeles v. Superior Court*, 41 Cal. App. 4th 1083, 1091 (1996) (same with respect to "claims of excessive force" by the Los Angeles Police Department); *Doe v. Marsalis*, 202 F.R.D. 233, 235 (N.D. Ill. 2001) (same with respect to "allegations of official sexual misconduct" by Chicago police).

Given that bedrock need that officials with the power to use lethal force against members of the public be accountable to the public, the parties face an exceptional burden in justifying withholding from public view information about violence that occurred while the Los Angeles Sheriff's Department and its deputies were in charge of the jails. *See, e.g.*, *King v. Conde*, 121 F.R.D. 180, 191 (E.D.N.Y. 1988) ("[E]ven disclosures having some effect on individual liberty or privacy because of their personal nature are permissible when disclosure serves important public concerns." (citation and internal quotation marks omitted)); *Marsalis*, 202 F.R.D. at 235–36. Although "[p]eople in an open society do not demand infallibility from their institutions, . . . it is difficult for them to accept what they are prohibited from observing." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 572 (1980). Those principles require openness here, where the sealed use-of-force reports and videos will shed light on decades-long controversies involving excessive force

14

1    allegations and extreme violence in the Los Angeles County jails.[3]  Even under a

2    good-cause analysis, this Court should order the Use-of-Force Materials unsealed.

3                                **CONCLUSION**

4

5            For the reasons set forth above, the *Los Angeles Times* respectfully requests

6    that the Court grant its motion to intervene and enter an order unsealing the Use-of-

7    Force Materials.

8

9    Dated: August 7, 2023.

10                                               s/ *Katie Townsend*

11                                               Katie Townsend
                                                 REPORTERS COMMITTEE FOR
12                                               FREEDOM OF THE PRESS

13                                               *Counsel for Non-Party Intervenor*
14                                               LOS ANGELES TIMES
                                                 COMMUNICATIONS LLC
15

16

17

18

19

20

21

22   _____

23   [3]        *See*, *e.g.*, Keri Blakinger, *Senators Fault Department of Justice for 'Appalling'*
     *Conditions in Los Angeles Jails*, L.A. Times (Feb. 13, 2023), https://perma.cc/2A2K-
24   84ER; Eric Lichtblau, *U.S. Justice Dept. Investigates Alleged Mistreatment of*
     *Mentally Ill in County Jails*, L.A. Times (June 14, 1996), https://perma.cc/AYY6-
25   CL2F; Cindy Chang & Joel Rubin, *After Years of Scandal, L.A. Jails Get Federal*
     *Oversight, Sweeping Reforms*, L.A. Times (Aug. 5, 2015), https://perma.cc/9XWP-
26   MDRR; Robert Faturechi & Jack Leonard, *U.S. Widens Inquiry into Abuse at L.A.*
27   *County Jails*, L.A. Times (Oct. 15, 2011), https://perma.cc/XT7C-Z4B4.

28
                                                15
     **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NON-PARTY**
     **LOS ANGELES TIMES COMMUNICATIONS LLC TO INTERVENE AND UNSEAL**