SUSAN E. SEAGER (SBN 204824)
sseager1.clinic@law.uci.edu
JACK LERNER (SBN 220661)
jlerner@law.uci.edu
UNIVERSITY OF CALIFORNIA, IRVINE SCHOOL OF LAW
INTELLECTUAL PROPERTY, ARTS & TECHNOLOGY CLINIC
PRESS FREEDOM PROJECT
P.O. Box 5479
Irvine, CA 92616-5479
Telephone: (949) 824-5447
Facsimile: (949) 824-2747

Attorneys for Non-Party Media Organization
WITNESSLA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ALEX ROSAS and JONATHAN GOODWIN on behalf of themselves and of those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ROBERT LUNA, Sheriff of Los Angeles County, in his official capacity,<br><br>Defendants. | Case No.: CV 12-00428 DDP (MRW)<br><br>**NOTICE AND MOTION OF NON-PARTY MEDIA ORGANIZATION WITNESSLA TO INTERVENE AND UNSEAL COURT RECORDS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Assigned to Hon. Dean D. Pregerson<br><br>Hearing Date:  Sept. 11, 2023<br>Time:           10 a.m. |

NOTICE AND MOT. OF NON-PARTY MEDIA ORG.
WITNESSLA TO UNSEAL COURT RECORDS

# Table of Contents

NOTICE AND MOTION OF NON-PARTY MEDIA ORGANIZATION WITNESSLA TO INTERVENE AND UNSEAL COURT RECORDS ..................................................... 3

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 5

I.  INTRODUCTION ......................................................................................... 5

II.  FACTUAL AND PROCEDURAL BACKGROUND ..................................... 5

   A.  WitnessLA ........................................................................................... 5

   B.  The Civil Rights Lawsuit and Settlement Agreement ......................... 6

   C.  Plaintiffs File Six Jail Surveillance Videotapes of Deputy Inflicting Head Strikes on Inmates Under Seal ........................................................................ 6

III.  ARGUMENT ................................................................................................ 8

   A.  Non-Party WitnessLA's Has Standing to Intervene ........................... 8

   B.  The Common Law Requires the Unsealing of These Court Records ............... 8

      1.  The Common Law Creates a "Strong Presumption" of Public Access to These Court Records ................................................................. 8

      2.  The Sheriff Must Establish "Compelling Reasons" to Justify Sealing These Important Court Records ................................................................. 9

      3.  The Sheriff Cannot Meet His Substantial Burden to Keep These Court Records Sealed from Public View ........................................................ 10

   C.  The First Amendment Requires the Unsealing of These Court Records ......... 12

      1.  The First Amendment Creates a Presumptive Right of Access to These Court Records .......................................................................................... 12

IV.  CONCLUSION .......................................................................................... 14

**Table of Authorities**

*California ex rel. Lockyer v. Safeway, Inc.1098*
  355 F. Supp. 2d 1111 (C.D. Cal. 2005) ........................................................ 9

*Center for Auto Safety v. Chrysler Group, LLC,*
  809 F.3d 1092 (9th Cir. 2016) ......................................................... 10, 11

Federal Rule of Civil Procedure 24 ................................................... 4, 6

First Amendment to the U.S. Constitution ................................................ 6

*Foltz,*
  331 F.3d ....................................................................................... 11

*Globe Newspaper Co. v. Superior Court,*
  457 U.S. 596 (1982) ......................................................................... 9

*Greer v. Cnty of San Diego, No. 19CV378-JO-DEB,*
  2023 WL 4479234 (S.D. Cal. July 10, 2023) .......................................... 9

*Hagestad v. Tragessser,*
  49 F.3d 1430 (9th Cir. 1995) ...................................................... 11, 12

*In re Copley Press, Inc.,*
  518 F.3d 1022 (9th Cir. 2008) ........................................................ 14

*Kamakana v. City and County of Honolulu,*
  447 F.3d 1172 (9th Cir. 2006) ...................................................... 4, 12

*Kamakana,*
  447 F. 3d ...................................................................................... 11

*Mendez v. City of Gardena,*
  222 F. Supp. 3d 782 (C.D. Cal. 2015) ................................................. 9

*Nixon v. Warner Commc'ns, Inc.,*
  435 U.S. 589 & n. 7 (1978) ......................................................... 10, 11

*Oregonian Pub. Co. v. Dist. Court,*
  920 F.2d 1462 (9th Cir. 1990) ........................................................ 15

*Planet II,*
  947 F.3d ...................................................................................... 14

Rule 7-3 ............................................................................................ 5

Rule 24 ............................................................................................. 9

*San Jose Mercury News, Inc., v. District Court,*

NOTICE AND MOT. OF NON-PARTY MEDIA ORGANIZ.
WITNESSLA TO UNSEAL COURT RECORDS

-1-

187 F.3d 109 (9th Cir. 1999) .................................................................................... 9

*the Motion Records. Courthouse News Serv. v. Planet*
    Motion Records. Courthouse News Serv. v. Planet, 750 F.3d 776 (9th Cir. 2014)
    ................................................................................................................ 5, 13-14

**NOTICE AND MOTION OF NON-PARTY MEDIA ORGANIZATION WITNESSLA TO INTERVENE AND UNSEAL COURT RECORDS TO ALL PARTIES AND THEIR COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that on September 11, 2023 at 10:00 a.m. or as soon thereafter as the matter may be heard, non-party media organization WitnessLA will and hereby moves to intervene in the above-captioned action for the limited purpose of seeking an order to unseal court records filed by Plaintiffs Alex Rosas and Jonathan Goodwin related to their Motion to Modify Court-Approved Implementation Plan, including the sealed unredacted version of their Memorandum of Points and Authorities and Reply, 12 sealed unredacted declarations; and six sealed exhibits containing jail surveillance videos of Los Angeles County Sheriff's Department deputies using "'head shots" – closed-fist punches to the heads of inmates (collectively, "Motion Records"). The hearing on this matter will take place before the Honorable Dean D. Pregerson, in Courtroom 9C of the United States District Court, Central District of California, Western Division, located at 350 West 1st Street, Los Angeles, CA 90012.

This motion is made on the grounds that:

1.      WitnessLA, as a member of the public and non-party media organization, has standing to intervene in this matter for the limited purpose of asserting its common law right and First Amendment right of access judicial records filed in this Court and Federal Rule of Civil Procedure 24(b).

2.      The common law right of public and press access to judicial records applies to the sealed versions of the Motion Records and creates a "strong presumption" that they should be unsealed. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). The parties' stipulated protective order is not binding on this Court and the "good cause" standard does not apply to WitnessLA's motion to unseal. Defendant Sheriff Robert Luna, whose counsel said they would oppose this Motion, has the burden of establishing "compelling reasons" that the Motion Records remain under seal. *Id*. Defendant cannot meet this high burden where the Motion Records contain

evidence that deputies punch inmates in the head with closed fists, causing severe head injuries, allegedly violating the settlement agreement reached by the parties in 2015.

3.    The First Amendment right of access applies to the sealed versions of the Motion Records. *Courthouse News Serv. v. Planet*, 750 F.3d 776, 785 (9th Cir. 2014) ("*Planet I*"). The parties' stipulated protective order is not binding on this Court and the "good cause" standard does not apply to WitnessLA's motion to unseal. Defendant has the burden of establishing "compelling reasons" that the Motion Records remain under seal. *Id*. Defendant cannot meet this high burden where the Motion Records contain evidence that deputies have punched inmates in the head with closed fists, causing severe head injuries, allegedly violating the settlement agreement reached by the parties in 2015.

This Notice and Motion are based on the Memorandum of Points and Authorities and all pleadings and other documents on file with this Court, as well as any other evidence or argument that may be presented before or at the time of the hearing on the Motion.

WitnessLA's counsel conferred with counsel for Plaintiffs and Defendant on June 28, 2023 pursuant to Local Rule 7-3. Plaintiffs' counsel do not oppose this motion and Defendant opposes this motion.

Dated:  Aug. 14, 2023                        Respectfully Submitted,


                                             By: */s/ Susan E. Seager*
                                             Susan E. Seager
                                             Jack I Lerner


                                             UNIVERSITY OF CALIFORNIA, IRVINE
                                             SCHOOL OF LAW
                                             Intellectual Property, Arts & Tech Clinic
                                             Press Freedom Project


                                             Attorneys for Non-party Media Organization
                                             WITNESSLA

NOTICE AND MOT. OF NON-PARTY MEDIA ORGANIZ.          -4-
WITNESSLA TO UNSEAL COURT RECORDS

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Non-party media organization WitnessLA seeks to intervene in this important civil rights case against Defendant Los Angeles County Sheriff Robert Luna for the limited purpose of seeking a court order unsealing court records filed by Plaintiffs Alex Rosas and Jonathan Goodwin. WitnessLA seeks an order to (1) unseal six exhibits filed by Plaintiffs containing Los Angeles County Jail surveillance videotapes of deputies delivering closed-fist punches to the heads of inmates known as "head strikes" and (2) unsealing the redacted versions of Plaintiffs' 12 declarations, memorandum of points and authorities, and reply brief. Plaintiffs filed these court records as part of their Motion to Modify Court-Approved Implementation Plan to modify the parties' 2015 settlement agreement, alleging that the Sheriff's Department has utterly failed to stop illegal deputy brutality against inmates (collectively, "Motion Records").

WitnessLA files this motion pursuant to the presumptive right of access to civil court records under the common law, First Amendment to the U.S. Constitution, and Federal Rule of Civil Procedure 24(b). There is a strong presumption of public access to these court records illustrating deputy mistreatment of inmates and Defendant cannot meet the high burden of demonstrating any "compelling reasons" to keep the records under seal.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. WitnessLA

WitnessLA is a nonprofit, independent, online news site available at https://witnessla.com. Since its founding in April 2007, WitnessLA has become known as a nonpartisan source of criminal justice news in the public interest, with a focus on the ways that local youth justice systems, adult justice systems, child welfare systems, and Southern California law enforcement agencies affect the health and well-being of communities and their residents in Los Angeles and beyond—and what kind of changes are needed for the benefit of all. WitnessLA's founder and editor, Celeste Fremon, is an

award-winning journalist and the author of the 2008 book, "G-Dog and the Homeboys: Father Greg Boyle and the Gangs of East Los Angeles."

### B.    The Civil Rights Lawsuit and Settlement Agreement

On January 1, 2012, Plaintiffs Alex Rosas and Jonathan Goodwin filed a class action civil rights lawsuit against the then-Los Angeles County Sheriff Leroy Baca, alleging that Baca and Los Angeles Sheriff's Department deputies engaged in a "pattern of excessive force and physical abuse" against plaintiffs and other inmates in Men's Central Jail, Twin Towers Correctional Facility, and the Inmate Reception Center. Dkt. 1. The lawsuit was later captioned *Rosas v. Luna* to reflect the election of Los Angeles County Sheriff Robert Luna.

On April 21, 2015, the Court signed an order approving the parties' class action settlement agreement, or consent decree, and retaining jurisdiction to enforce the settlement agreement. Dkt. 133-1; Dkt. 135. On May 11, 2018, the Court entered a Stipulated Protective Order requiring records exchanged by the parties to be kept "confidential." Dkt. 193.

### C.    Plaintiffs File Six Jail Surveillance Videotapes of Deputy Inflicting Head Strikes on Inmates Under Seal

On May 31, 2023, Plaintiffs filed a Motion to Modify the Court-Approved Implementation Plan with six declarations and four videotape exhibits, alleging that the Sheriff "has failed … to address … the overuse of dangerous and unnecessary head strikes" to inmates, "has *never* been compliant with the head strike and force provisions" of the settlement agreement, and sought a court order to modify the consent decree to stop deputy brutality against inmates. Plaintiff's Memorandum of Points and Authorities, p. 1. (emphasis in original.)

Plaintiffs filed two versions of its Memorandum of Points and Authorities and Declarations: the redacted versions were filed in the public docket and unredacted versions were filed under seal, ostensibly in adherence to the Protective Order. The redacted versions of Plaintiff's court filings available on the public docket include:

Plaintiff's Memorandum of Points and Authorities in Support of Motion to Modify Implementation Plan (Dkt. 253); Declaration of Stephen Sinclair (Dkt. 253-1); Declaration of Erin David Bigler, Ph.D. (Dkt. 253-2); Declaration of Raymond Dunn, M.D. (Dkt. 253-3); Declaration of Peter Eliasberg (Dkt. 253-4); Declaration of Shamsher Samra, M.D. (Dkt. 253-5); Declaration of Matthew Thomas, M.D. (Dkt. 253-6). Plaintiff's sealed versions of his court filings include: sealed unredacted Memorandum of Points and Authorities in Support of Motion to Modify Implemental Plan (Dkt. 255) and sealed unredacted declarations by use of force experts: sealed unredacted Declaration of Stephen Sinclair (Dkt. 255-1); sealed unredacted Declaration of Erin David Bigler, Ph.D. (Dkt. 255-2); sealed unredacted Declaration of Raymond Dunn, M.D. (Dkt. 255-3); sealed unredacted Declaration of Peter Eliasberg (Dkt. 255-4); sealed unredacted Declaration of Shamsher Samra, M.D. (Dkt. 255-5); sealed unredacted Declaration of Matthew Thomas, M.D. (Dkt. 255-6). Plaintiff also lodged four exhibits entirely under seal – Exhibits A-D to the Declaration of Peter Eliasberg – which are jail surveillance videos showing deputies using head strikes and other force against inmates. Dkt. 256.

On June 12, 2023, Plaintiffs filed a Reply brief, six declarations, and two videotape exhibits. Once again, Plaintiffs filed public versions with redactions and unredacted versions under seal. The sealed versions include: Plaintiff's unredacted Reply Brief filed in Opposition to Defendant's Opening Brief Addressing Defendant's Proposed Compliance Plan (Dkt. 262); Declaration of Matthew Thomas – Unredacted (Dkt. 262-1); Declaration of Stephen Sinclair – Unredacted (Dkt. 262-2);  Declaration of Melissa Camacho – Unredacted (Dkt. 262-3); and Declaration of Marisol Dominguez-Ruiz (Dkt. 262-4). Plaintiffs also filed two exhibits entirely under seal: Lodged Exhibit 3 to Thomas Declaration (video of use of force by deputies); Lodged Exhibit A to Sinclair Declaration (video of use of force by deputies). Dkt. 260-261.

///

///

## III.  ARGUMENT

### A.  Non-Party WitnessLA's Has Standing to Intervene

The Supreme Court has held that "representatives of the press and general public must be given an opportunity to be heard on the question of their exclusion" from court hearings and records. *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 609 n.25 (1982) (internal quotation marks and citation omitted). WitnessLA's standing to intervene under the First Amendment is not subject to any balancing or test.

An independent ground for non-party intervention has been recognized by the Ninth Circuit: "[n]onparties seeking access to a judicial record in a civil case may do so by seeking permissive intervention under Rule 24(b)[.]" *San Jose Mercury News, Inc., v. District Court*, 187 F.3d 109, 1100 (9th Cir. 1999). "In this circuit, there are three necessary prerequisites for allowing permissive intervention pursuant to Rule 24(b)(2): "[A] court may grant permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." Following *San Jose Mercury News*, district courts routinely grant non-party media organizations permission to intervene for the limited purpose of seeking an order to unseal court records or challenge protective orders. *E.g.*, *Mendez v. City of Gardena*, 222 F. Supp. 3d 782, 790 (C.D. Cal. 2015); *California ex rel. Lockyer v. Safeway, Inc.*1098 355 F. Supp. 2d 1111, 1112 n. 1 (C.D. Cal. 2005); *Greer v. Cnty of San Diego*, No. 19CV378-JO-DEB, 2023 WL 4479234, at 15 (S.D. Cal. July 10, 2023). As in these cases, all three prerequisites outlined in *San Jose Mercury News* are met and the Court should grant WitnessLA's motion to intervene.

### B.  The Common Law Requires the Unsealing of These Court Records

#### 1.  The Common Law Creates a "Strong Presumption" of Public Access to These Court Records

The Supreme Court has recognized the public's "right to inspect and copy public records and documents, including judicial records and documents" in civil proceedings.

*Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 & n. 7 (1978). This right of access is "necessary to support" the public's interest in "keep[ing] a watchful eye on the workings of public agencies" and the news media's "intention to publish information concerning the operation of government." *Id.* at 598 (citations omitted). This "old tradition of ensuring public access" to court records "'antedates the Constitution … and is now beyond dispute.'" *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016) (quoting *Leucadia v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 161. (3d Cir. 1993). "Judicial records are public documents almost by definition" and "the public is entitled to access by default." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

"Following the Supreme Court's lead, … [the Ninth Circuit] 'start[s] with a strong presumption in favor of access to court records.'" *Center for Auto Safety*, 809 F.3d at 1096 (quoting *Foltz v. State Farm. Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is based on the need for federal courts, although independent – indeed, particularly because they are independent – to have a measure of accountability and for the public to have confidence in the administration of justice." *Id.* (internal quotation marks and citation omitted).

### 2. The Sheriff Must Establish "Compelling Reasons" to Justify Sealing These Important Court Records

District courts must apply one of two tests when considering a request to seal court records: the "compelling reasons" test or the "good cause" test. The Ninth Circuit "presumes" that "'*most* judicial records'" are subject to the "'compelling reasons' standard.'" *Id.* (quoting *Pintos v. Pacific Creditors Association*, 605 F.3d 665, 677-78 (9th Cir. 2010) (emphasis in original)).

The Ninth Circuit has held that the "compelling reasons" test applies to *all* court filings that are "more than tangentially related to the merits of a case." *Id.* at 1101. *Id.* The Ninth Circuit has "ma[d]e clear that public access to filed motions and their attachments does not merely depend on whether the motion is technically 'dispositive.'"

*Center for Auto Safety*, 809 F.3d at 1098. This means that "some" non-dispositive motions will be subject to the compelling reasons standard because they are more than "tangentially related to the merits of the case." *Id*. The fact that portions of the court filing – such as exhibits – have been deemed confidential by the parties pursuant to a protective order is not dispositive. The "'compelling reasons' standard continues to apply" to any court filing that is more than tangentially related to the merits of the case. *Foltz*, 331 F.3d at 1136; *see also Center for Auto Safety*, 809 F.3d at 1101. Only court filings that are merely tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Kamakana*, 447 F. 3d at 1097.

In applying the compelling reasons standard, the court must balance "the interests advanced by the parties in light of the public interest and duty of the courts" (*Nixon*, 435 U.S. at 602), the public interest in understanding the judicial process, and whether disclosure of the material could result in improper use of the material for scandalous or libelous purpose or infringement upon trade secrets." *Hagestad v. Tragessser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (internal quotation marks and citation omitted).  "The district court must base its decision on a compelling reason and *articulate the factual basis for its ruling*, without relying on hypothesis or conjecture." *Id*. (citation omitted) (emphasis added)

### 3. The Sheriff Cannot Meet His Substantial Burden to Keep These Court Records Sealed from Public View

Plaintiffs' Motion to Modify Court-Approved Implementation Plan – including Plaintiffs' unredacted memorandum of points and authorities and reply brief, 12 unredacted declarations, and six sealed videotape exhibits of deputies punching inmates in the head – must be examined under the "compelling reasons" standard because they are "more than tangentially related to the merits" of Plaintiffs' class action civil rights lawsuit against the Sheriff for continued deputy brutality inflicted on jail inmates. Plaintiffs' complaint sought, among other requests, a court order requiring "Defendant to formulate a remedy, subject to the court's approval and modification" to end "the pattern

of excessive force and physical abuse" in jails under Defendant's supervision. Complaint at 75. Dkt. 1. To that end, this court approved an implementation plan with detailed instructions on how to remedy their past infractions. Plaintiffs May 31, 2023 Motion to Modify Court-Approved Implementation Plan, Memorandum of Points and Authorities, declarations, and exhibits seek a court order to modify implementation plan to compel Defendant to stop violating the civil rights of the e class of inmates. compliance with the established plan. Plaintiff's Memo of P's and A's, at 2, 18-23. Dkt. 253. Plaintiff alleges that Defendant is "not compliant with 23 of the plan's 100 provisions" and "has never been compliant with the head strike and force prevention provisions of the plan." *Id*. at 1. Plaintiffs' Motion seeks to address deficiencies that were covered by the original complaint, but never remedied. *Id*. By seeking a court order to deliver a portion of the relief requested in the underlying complaint, Plaintiffs' Motion is "more than tangentially related to the merits," and Defendant must meet the "compelling reasons" standard in order for the documents to remain sealed.

Defendant has stated that he will oppose the unsealing of the Motion Records to protect the privacy interests of the deputies and inmates. But the deputies have no valid privacy while performing their official duties in the county jails. "Simply invoking a blanket claim, such as privacy or law enforcement, will not, without more, suffice to exempt a document from the public's right of access." *Kamakana*, 447 F.3d at 1185. Even if Defendant could establish that the deputies' and inmates' privacy interests meet the compelling reasons standard, Defendant is still required to demonstrate that those reasons "outweigh the general history of access and the public policies favoring disclosure." *Id*. at 1179-80.

In *Kamakana*, the Ninth Circuit affirmed the unsealing of "most" of the 121 "pleadings and documents" that had been sealed pursuant to a stipulated protective order in a civil rights lawsuit against a police department, including 32 deposition transcripts attached to a dipositive motion. *Id*. at 1175, 1177 n. 1, 1180 n. 5. Similarly, in *Greer*, the district court granted the media organization's motion to unseal records related to a civil

NOTICE AND MOT. OF NON-PARTY MEDIA ORGANIZ.
WITNESSLA TO UNSEAL COURT RECORDS

-11-

rights lawsuit against the county for the mistreatment of a jail inmate, holding that "the public unquestionably holds an interest in the operations of the [San Diego] County and County jails which are both supported by tax dollars—especially when they have resulted in the numerous deaths and injuries of San Diego residents detained in custody. *Greer v. Cnty. of San Diego*, No. 19CV378-JO-DEB, WL 4479234, *1 (S.D. Cal. July 10, 2023) (citing *Kamakana*, 447 F.3d at 1178).

The same is true here. The public also has an interest in the safety of its citizens and the fair administration of justice in its jails. With Defendant's known history of excessive force and inmate mistreatment, the public interest is extremely high. The fact that Defendant has allegedly failed to comply with the original implementation plan to eliminate excessive force in the county jails only amplifies the public interest in disclosure. Because Defendant cannot offer "compelling reasons" that outweigh the public's interest in disclosure, this Court should unseal Plaintiffs' Motion to Modify Court-Approved Implementation Plan and related court records.

**C.    The First Amendment Requires the Unsealing of These Court Records**

    **1.  The First Amendment Creates a Presumptive Right of Access to These Court Records**

"The Supreme Court has repeatedly held that access to public proceedings and records is an indispensable predicate to free expression about the workings of government." *Courthouse News Serv. v. Planet*, 750 F.3d 776, 785 (9th Cir. 2014) ("*Planet I*") (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 576 (1980) (public and press have presumptive First Amendment right to attend criminal trials) and *Globe Newspaper Co.*, 457 U.S. 569, 604 (1982) (same for testimony of rape victim in criminal trial). While the Supreme Court has yet to rule whether this right extends to civil trials and records, the Ninth Circuit held that it does nearly a decade ago in *Courthouse News Serv. e v. Planet*, 750 F.3d at 787-87; *see also Courthouse News Serv. v. Planet*, 947 F.3d 581, 591 (9th Cir. 2020)  ("*Planet II*") (same). "Every circuit to consider the issue has concluded that the qualified First Amendment right of access

NOTICE AND MOT. OF NON-PARTY MEDIA ORGANIZ.    -12-
WITNESSLA TO UNSEAL COURT RECORDS

applies to civil as well as criminal proceedings." *Dhiab v. Trump*, 852 F.3d 1087, 1099 (D.C. Cir. 2017) (Rogers, J., concurring in part and concurring in judgment) (collecting cases).

When considering the First Amendment right of access to civil court records, the court must "consider (1) whether that proceeding or record 'ha[s] historically been open to the press and general public' and (2) 'whether public access plays a significant positive role in the functioning of the particular [governmental] process in question.'" *Planet II,* 947 F.3d at 590. However, "logic alone, even without experience, may be enough to establish the right." *In re Copley Press, Inc.,* 518 F.3d 1022 (9th Cir. 2008).

The Ninth Circuit's analysis in *Planet II* is instructive. In that case, the news service plaintiff filed suit to gain immediate access to newly filed civil complaints. 947 F.3d at 585. The Ninth Circuit held that "a qualified First Amendment right of access extend[ed] to timely access to newly filed civil complaints." *Id.* at 591. The court concluded the first prong satisfied because Ventura County had a "long-standing policy of providing timely access to court records." *Id*. The court went on to conclude the second prong satisfied because access to civil complaints "plays a particularly significant role" in the public's ability to scrutinize "the judicial process" and strengthens the judiciary's integrity. *Id.* at 593.

As in *Courthouse News Service*, there is a historical right of access to the Motion Records filed under seal in this case. The Plaintiff's unredacted Memorandum of Points and Authorities, Reply, the 12 sealed unredacted declarations from experts and attorneys, and the six sealed videotape exhibits of tapes of law enforcement officers engaging in use of force all have historically been open to the press and general public. By allowing the public to inspect the sealed declarations and videos, citizens gain a deeper understanding of deputies' actions inside the county jail. system by absorbing the context surrounding its opinions. Because there has been historical access to motions , declarations, and exhibits in civil rights cases, and because allowing access would both deepen the public's understanding of the justice system and help curb law enforcement

misconduct behind the walls of jails, the First Amendment provides a right of access to the requested records.

Because the First Amendment right of access applies to these records, they may remain redacted and sealed only if: "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *Oregonian Pub. Co. v. Dist. Court*, 920 F.2d 1462, 1466 (9th Cir. 1990). Because Defendant cannot meet this high standard, the Motion Records should be unsealed in their entirety.

## IV.   CONCLUSION

For the foregoing reasons, Non-party Media Organization WitnessLA respectfully requests that this Court grant this Motion to Unseal Court Records.

Dated: Aug. 14, 2023                     Respectfully Submitted,


By: */s/ Susan E. Seager*
Susan E. Seager
Jack I Lerner

UNIVERSITY OF CALIFORNIA, IRVINE SCHOOL OF LAW
Intellectual Property, Arts &    Tech Clinic
Press Freedom Project

Attorneys for Non-party Media Organization WITNESSLA

## CERTIFICATE OF SERVICE

I hereby certified that on August 14, 2023, I electronically transmitted the above document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to Counsel for Defendants and Plaintiff who are registered CM/ECF users.

DATED: August 14, 2023          */s/ Susan E. Seager*
                                       Susan E. Seager

                                       Attorney for Non-Party Media Organization WitnessLA