OFFICE OF COUNTY COUNSEL
Dawyn Harrison (173855)
County Counsel
*dharrison@counsel.lacounty.gov*
Dylan Ford (228699)
Deputy County Counsel
*dford@counsel.lacounty.gov*
Robert C. Bailey (249813)
*rbailey@counsel.lacounty.gov*
500 West Temple St., Floor 6
Los Angeles, California 90012
Telephone: 213.974.1811
Facsimile: 213,687.8822

KENDALL BRILL & KELLY LLP
Robert E. Dugdale (167258)
*rdugdale@kbkfirm.com*
Daniel Barlava (334910)
*dbarlava@kbkfirm.com*
10100 Santa Monica Boulevard, Suite 1725
Los Angeles, CA 90067
Telephone: 310.556.2700
Facsimile: 310.556.2705

Attorneys for Defendant
Robert Luna, Sheriff of Los Angeles County
in his Official Capacity

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEX ROSAS and JONATHAN GOODWIN on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT LUNA, Sheriff of Los Angeles County, in his official capacity,<br><br>Defendant. | Case No. 12-cv-00428 DDP (MRW)<br><br>**DEFENDANT'S OMNIBUS OPPOSITION TO NON-PARTIES LOS ANGELES TIMES COMMUNICATIONS LLC AND WITNESS LA'S MOTIONS TO INTERVENE AND UNSEAL CONFIDENTIAL DOCUMENTS**<br><br>Judge: Dean D. Pregerson<br>Time: 10:00 a.m.<br>Date: September 11, 2023<br>Courtroom: 9C |

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

DEFENDANT'S OMNIBUS OPPOSITION TO NON-PARTIES' MOTIONS TO INTERVENE AND UNSEAL
CONFIDENTIAL DOCUMENTS

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ....................................................................................... 1

II.   STATEMENT OF FACTS ........................................................................ 3

III.  ARGUMENT ............................................................................................ 9

    A.   The Non-Parties' Intervention Is Not Permitted By Federal Rule
       24(b) ................................................................................................. 9

    B.   The Confidential Information Should Not Be Unsealed .................... 12

        1.    The Appropriate Standard Is "Good Cause" .............................. 12

           (a)    The common law right of access does not apply ............. 12

           (b)    The First Amendment right of access does not apply ...... 14

        2.    There is "Good Cause" to Keep the Documents Under
           Seal Pursuant to Federal Rule 26(c) ........................................... 16

        3.    There are "Compelling" Reasons to Keep the Documents
           Under Seal ................................................................................... 18

IV.   CONCLUSION ........................................................................................ 22

**Kendall Brill
& Kelly LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

DEFENDANT'S OMNIBUS OPPOSITION TO NON-PARTIES' MOTIONS TO INTERVENE AND UNSEAL
CONFIDENTIAL DOCUMENTS

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Arebalo v. Apple, Inc.*,
    2022 WL 580865 (N.D. Cal. Feb. 25, 2022) ....................................................... 14

*Brunson v. Lamber Firm PLC*,
    757 Fed. Appx. 563 (9th Cir. 2018) ............................................................ 12, 17

*Ctr for Auto Safety*,
    809 F.3d 1097 (9th Cir. 2016) ..................................................................... 19

*Dodocase VR, Inc. v. MerchSource, LLC*,
    2018 WL 5619799 (N.D. Cal. May 22, 2018) ................................................ 14

*United States v. El-Sayegh*,
    131 F.3d 158 (D.D.C. 1997) ........................................................................ 15

*Phillips ex rel. Estates of Byrd v. General Motors Corp.*,
    307 F.3d 1206 (9th Cir. 2002) ................................................................ 13, 16

*Facebook, Inc. v. ConnectU, Inc.*,
    2008 WL 11357787 (N.D. Cal. July 2, 2008) ............................................... 13

*Forbes Media LLC v. United States*,
    61 F.4th 1072 (9th Cir. 2023) ............................................... 13, 14, 15, 18

*Greer v. Cnty. of San Diego*,
    (S.D. Cal. July 10, 2023) ........................................................................ 20, 21

*Kamakana v. City and Cnty of Honolulu*,
    447 F.3d 1172 (9th Cir. 2006) ................................................................ 13, 14

*NetApp, Inc. v. Nimble Storage, Inc.*,
    2015 WL 5569420 (N.D. Cal. Sept. 22, 2015) ............................................... 14

*In re Roman Cath. Archbishop of Portland*,
    661 F.3d 417 (9th Cir. 2011) ...................................................................... 18

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

DEFENDANT'S OMNIBUS OPPOSITION TO NON-PARTIES' MOTIONS TO INTERVENE AND UNSEAL
CONFIDENTIAL DOCUMENTS

*San Jose Mercury News, Inc. v. United States Dist. Court – N. Dist. (San Jose)*,
    187 F.3d 1096 (9th Cir. 1999) ................................................................. 9

*Vega v. Honeywell Int'l, Inc.*,
    2021 WL 6106424 (S.D. Cal. Mar. 23, 2021) ..................................... 19

**Rules**

Fed. R. Civ. Proc. 24 ............................................................................... 9

Fed. R. Civ. Proc. 26 ............................................................................. 12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Kendall Brill
& Kelly LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

DEFENDANT'S OMNIBUS OPPOSITION TO NON-PARTIES' MOTIONS TO INTERVENE AND UNSEAL
CONFIDENTIAL DOCUMENTS

# I.   __INTRODUCTION__

Non-Parties Los Angeles Times Communications LLC and Witness LA have each filed Motions to Intervene and Unseal confidential information ("Non-Party Motions") lodged under seal in connection with Plaintiffs' Motion to Modify Implementation Plan and subsequent Reply, filed in May and June of this year, respectively.[1]  The confidential information at issue relates to documentation of uses of force at the three downtown Los Angeles County Jail facilities (the "Downtown LA Jails").  The Los Angeles County Sheriff's Department (the "Department") voluntarily produced this documentation to Plaintiffs in good faith with the expectation that such confidential information would remain shielded from public disclosure.  For more than five years, the Parties have shared this type of confidential information pursuant to a May 11, 2018 Protective Order governing the Department's production of protected documents to Plaintiffs.  The confidential information sharing has been vitally important to the Department's efforts to reach full compliance with the terms of the Implementation Plan in this case.  Additionally, the confidential information at issue is highly sensitive, implicating the privacy rights of Department employees and the people incarcerated in the Downtown LA Jails.  If the Court's Protective Order is not honored, and if the Parties' confidentiality agreement is reduced to nothing, it would jeopardize both the Parties' ability to cooperate in the future and the Department's ability to reach full compliance with the Implementation Plan.  For each of these reasons, among others, the Non-Party Motions should be denied.

First, as a preliminary matter, the Motions are egregiously non-timely, coming more than eight years after the conclusion of the Parties' settlement negotiations in this case, and more than five years after the entry of the Protective

---

[1] Plaintiffs filed the Motion to Modify on May 31, 2023.  They filed their Reply on June 12, 2023.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

1

Order governing production of these materials.  Notably, that Protective Order expressly identified the exact types of confidential materials which the Non-Parties now seek to unseal, and expressly provides the rationale for maintaining such materials under seal.  The Non-Parties have not put forward any reason for this delay.  Furthermore, allowing the Non-Parties to intervene at this advanced stage of the litigation would prejudice both Parties in this case by jeopardizing the Parties' ability to share information going forward, which has been integral to the Department's efforts to reach full compliance with the provisions of the Implementation Plan in this case.  This is a sufficient basis to deny the Non-Parties' Motions pursuant to Federal Rule 24(b).

Second, even if the Non-Parties are allowed to intervene, the Department can easily demonstrate "good cause" to maintain the confidential information at issue under seal, and, for that matter, "compelling reasons" to do so, even though that greater burden is not implicated here.  The confidential information at issue was produced in connection with the enforcement of a settlement agreement, and involves investigative law enforcement materials, which courts in the Ninth Circuit have consistently refused to unseal under either a "good cause" or "compelling reasons" standard.  Additionally, disclosure of the confidential information at issue here would violate the privacy and due process rights of Department employees and people incarcerated in the Downtown LA Jails, including by disclosing information implicating medical privacy without the consent of those individuals.  More fundamentally, disclosure of the confidential materials here would jeopardize the Department's ability to share information with Plaintiffs on an ongoing basis, would disrupt the Department's ability to conduct investigations and reviews of uses of force, and would impede the Department's substantial progress in reaching full compliance with the Implementation Plan in this case.  Therefore, even assuming a heightened standard applies to justify continued non-disclosure of the filings under seal, the substantial prejudice that will result to the Department and the Plaintiffs in

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

2

DEFENDANT'S OMNIBUS OPPOSITION TO NON-PARTIES' MOTIONS TO INTERVENE AND UNSEAL
CONFIDENTIAL DOCUMENTS

the event of disclosure outweighs the public's interest.  This is particularly true here, where conditions in the Downtown LA Jails relevant to the issues in this litigation are vastly improved since the litigation's inception, including a plummeting number of uses of force, head strikes, and severe injuries resulting from uses of force in the Downtown LA Jails, especially in recent years.  While the Department recognizes the crucial function of organizations like the Non-Parties, and further acknowledges that there are valid public interests in the information at issue here, the Department respectfully contends that the unique posture of this case, the unique circumstances by which the Plaintiffs acquired this information in the first instance, and the substantial prejudice resulting to the Parties in the event of disclosure, all compel denial of the Non-Parties' Motions.

## II.    STATEMENT OF FACTS

In January 2012, Plaintiffs filed the original Complaint in this action alleging that inmates at Men's Central Jail ("MCJ"), Twin Towers Correctional Facility ("TTCF"), and the Inmate Reception Center ("IRC") (collectively, "the Downtown LA Jails") were being subjected to a pattern of unnecessary and excessive force inflicted by LASD personnel, in violation of the inmates' constitutional rights. Between April 2012 and September 2014, Defendant and Plaintiffs (collectively, the "Parties") engaged in extensive settlement negotiations.  These settlement negotiations took place pursuant to a Protective Order entered into by the Parties and ordered by the Court on February 22, 2013.  (Dkt. No. 84).

In September 2014, the Parties entered into a Settlement Agreement whereby the Court would appoint three experts (the "Panel") to develop an Implementation Plan to remedy the Department's violations, monitor the Department's compliance with the terms of that Implementation Plan, and make periodic reports to the Court of its findings.  (Dkt. No. 110 at 4, Ex. A).  In October 2014, the Panel finalized that Implementation Plan.  (*Id.* at 5).  In April 2015, the Court approved the Settlement Agreement and Release entered into by the parties, which incorporated by reference

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

the Panel's Implementation Plan (the "Settlement Agreement").  (Dkt. No. 135).
The Settlement Agreement required the Department to provide Plaintiffs with
"reasonable access to the Jail Complex in downtown Los Angeles, including without
limitation staff, inmates, and documents, for inspection to evaluate compliance with
the Action Plan." (*Id.*, Ex. A at § VI).  The Settlement Agreement also provided the
Department the right to object to Plaintiffs' document requests and required that the
Parties negotiate in good faith to resolve any disputes.  (*Id.*)  The Agreement also
stated that "[a]ny information or documents obtained by Class Counsel under this
section may be used solely for purposes of this action and may not be used in any
other action for any purpose." (*Id.*)  The Agreement did not include an admission of
liability or wrongdoing by the Department.  (*Id.*, Ex. A at § IX).

On November 7, 2016, to evaluate the Department's compliance with the
Implementation Plan, the Panel issued Compliance Measures that included
additional requirements and obligations for the Department.  (Dkt. No. 152-4).
Most relevant here, the Compliance Measures required the Department to
"make…records and videotapes available to the Monitors for their review,"
including those relevant to "force packages" with respect to certain selected uses of
force.  (*Id.* at 2, 9, 13).  The Compliance Measures expressly did not "change or
alter the terms of the parties Settlement Agreement." (*Id.* at 3).  While the
Compliance Measures obligated the Department to produce records and video
related to uses of force to the ***Monitors*** to evaluate the Department's compliance,
neither the Settlement Agreement, Implementation Plan, nor Compliance Measures
obligate the Department to produce such materials to ***Plaintiffs***.

In December 2016, shortly after the Compliance Measures were issued,
Plaintiffs requested the same information that the Department was then producing to
the Panel, including  "[v]ideos of force incidents," "videos, recordings, or other
documentation memorializing interviews with inmate witnesses or mental health
professionals," and documents related to internal investigations conducted in

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

DEFENDANT'S OMNIBUS OPPOSITION TO NON-PARTIES' MOTIONS TO INTERVENE AND UNSEAL
CONFIDENTIAL DOCUMENTS

response to uses of force.  (Dkt. 152-10 at 6-9, 13).  The Department objected to Plaintiffs' requests on several grounds, including because the Settlement Agreement did not contemplate that Plaintiffs would serve as ongoing monitors of the Department's compliance to the same extent as the Panel, the Settlement Agreement did not contemplate such an extensive level of production of sensitive investigative materials to Plaintiffs, and because the production of the requested confidential materials, particularly in the event that they would be made public, would grossly violate the privacy interests of the Department's employees and of inmates at the Downtown LA Jails whose personal identifying information, sensitive health records, and other potentially embarrassing information was included in the materials requested by Plaintiffs.  Additionally, the Department contended that publication of the investigative materials provided to the Panel would jeopardize the Department's ability to comply with the Implementation Plan and generally disrupt the investigative process with respect to uses of force.  Still, as a good-faith compromise, the Department offered to produce to Plaintiffs the same documents provided to the Panel on the condition of entry of the Department's proposed protective order, which would specifically govern the production of the confidential information requested by Plaintiffs, including video evidence, and which would ensure the responsible treatment of this sensitive and confidential information.  (Dkt. No. 179 at 28).

On May 10, 2018, the Panel adopted the Revised Compliance Measures that are currently in place.  While changing the formulation of how uses of force would be selected for the Panel's review, the Revised Compliance Measures maintained the requirement that the Department was to provide the Panel with documents and video evidence related to uses of force in the Downtown LA Jails.[2]  Like the initial

---

[2] Notably, the use of force packages which the Panel reviews are not selected "randomly or in proportion to the frequency with which various categories of force

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

5

DEFENDANT'S OMNIBUS OPPOSITION TO NON-PARTIES' MOTIONS TO INTERVENE AND UNSEAL CONFIDENTIAL DOCUMENTS

Compliance Measures, the Revised Compliance Measures only obligated the Department to produce video evidence and use of force packages to the Monitors, not to the Plaintiffs.  One day later, on May 11, 2018, the Parties entered into a stipulated Protective Order (the "PO") to govern the Department's production to Plaintiffs of documents and video evidence related to use of force packages.  (Dkt. No. 193).  Specifically, the Department agreed to "produce to Class Counsel the same Panel Documents that have been or will be produced to the Panel," including "Force Packages" and "[v]ideo footage contained within those Force Packages," defined as "Confidential Information."  (*Id.* at 5, 9-11).  The PO limits access to "Confidential Information" to "Class counsel attorneys, and any non-attorney employees  and non-employee experts," and expressly provides that "***no one else may review, be given access to, or otherwise be purposefully exposed to any Confidential Information***." (*Id.* at 14-15) (emphasis added).  As an additional safeguard, the PO obligates Plaintiffs to oppose producing any Confidential Information in response to a subpoena.  (*Id.* at 18).  The Department would not have agreed to produce the requested use of force packages and accompanying confidential information to Plaintiffs without these protections in place.  *See* Declaration of Larry Alva ("Alva Decl.") at ¶ 3.   Subsequent to the entry of the PO on May 11, 2018, the Department has regularly produced and/or made available to Plaintiffs the same use of force packages produced to the Panel, including video

---

occur. Rather, the Panel select[s] for review the force incidents most likely to involve problematic uses of force." (Dkt. No. 238 at 5).  Of that pre-selected group, the videos at issue here represent six (6) interactions between Department personnel and people incarcerated in the Downtown Jails that Plaintiffs selected for inclusion in their Motion to Modify, and which occurred over a multi-year period involving hundreds of thousands interactions between Department personnel and individuals incarcerated in the three facilities, undercutting any argument that the videos here are representative and/or informative of the typical interaction between Department personnel and inmates.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

6

DEFENDANT'S OMNIBUS OPPOSITION TO NON-PARTIES' MOTIONS TO INTERVENE AND UNSEAL CONFIDENTIAL DOCUMENTS

1   evidence related to use of force packages.  *Id.* at ¶ 4.

2       On May 31, 2023, Plaintiffs filed a Motion to Modify Court Approved

3   Implementation Plan ("Motion to Modify").  (Dkt. No. 253).  In support of the

4   Motion to Modify, Plaintiffs filed a memorandum, along with expert declarations

5   that opined on, and referred to, certain videos of uses of force in the Downtown LA

6   Jails which the Department had previously produced to Plaintiffs' counsel pursuant

7   to the PO.  Plaintiffs filed public versions of these supporting declarations which

8   redacted all "Confidential Information," and also lodged sealed versions of the

9   memorandum and declarations that were un-redacted.  Additionally, Plaintiffs

10  lodged under seal four videos that the Department produced to the Plaintiffs

11  pursuant to the PO.  (Dkt. No. 253-4).  On June 12, 2023, Plaintiffs filed a Reply,

12  which similarly included a publicly filed, redacted memorandum and expert

13  declarations, un-redacted copies of the memorandum and expert declarations that

14  were lodged under seal, and two video exhibits to the declarations that were also

15  lodged under seal.  (Dkt. Nos. 260-261).

16      These filings, including their under-seal components, were made in

17  connection with a request that the Court modify the existing Implementation Plan

18  because, in Plaintiffs' view, the Department must take further steps to reduce the use

19  of head strikes in the Downtown LA Jails, deter the overuse of a restraint device

20  known as the "WRAP," and better hold deputies accountable who violate

21  Department policy when engaging in uses of force.  As the Department has

22  illustrated, it has already voluntarily taken numerous steps to reduce head strikes at

23  the Downtown LA Jails, as well as uses of force in general, and these steps have

24  proven to be successful.  Indeed, in the past two years alone, the number of

25  instances when deputies have used head strikes during uses of force at the

26  Downtown LA Jails are projected to fall by approximately 40% from 2021 to 2023,

27  and overall uses of force in the Downtown LA Jails are projected to fall by 33%

28  during the same period, facts which have thus far eluded the "extensive coverage"

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

DEFENDANT'S OMNIBUS OPPOSITION TO NON-PARTIES' MOTIONS TO INTERVENE AND UNSEAL
CONFIDENTIAL DOCUMENTS

the Non-Parties claim to have provided concerning current conditions in the Downtown LA Jails.[3]

On August 7, 2023, pursuant to Federal Rule 24(b)(2), non-party Los Angeles Times Communications LLC ("LA Times") filed a Motion to Intervene and Unseal the following information: (i) the redacted portions of Plaintiffs' memorandum in support of the Motion to Modify, (ii) the redacted portions of the declarations filed in support of the Motion to Modify, and (iii) exhibits A-D lodged in connection with the declaration of Peter Eliasberg, which are the videos themselves. (Dkt. Nos. 268-1; 268-2). On August 14, 2023, non-party Witness LA filed a similar motion, seeking to unseal the same materials along with (iv) the redacted portions of Plaintiffs' June 12, 2023 Reply brief and supporting declarations, (v) Exhibit 3 to the Supplemental Declaration of Matthew Thomas (*see* Dkt. No. 260), a video of a use of force incident, and (vi) Exhibit A to the Declaration of Stephen Sinclair, also a video (*see* Dkt. No. 261). (Dkt. No. 269). In the interest of judicial efficiency, because both LA Times and Witness LA (collectively, the "Non-Parties") move to unseal essentially the same documents based on the same underlying facts and legal issues, and because both Motions are noticed for hearing on the same date, the Department issues this omnibus Opposition to address each Motion together.

---

[3] For instance, in 2021 there were 1,150 total uses of force in the three Downtown LA Jails. In 2022, that number dropped to 957, and is on pace to drop further to 776 in 2023. *See* Alva Decl., Ex. B. Additionally, in 2021, there were 82 instances when deputies employed a head strike (a punch to the head) at the Downtown LA Jails during a use of force against an inmate. That number dropped to 52 in 2022, and at the current pace for 2023, the number is projected to fall to 46. *Id.*, Ex. A. In stark contrast, in 2022, correctional officers at New York City's Rikers Island, a facility with a significantly smaller inmate population as compared to the Downtown LA Jails, and which, like the Downtown LA Jails, is subject to a federal monitorship focused on uses of force against inmates—administered **almost 400 head strikes**, including 69 in a single two-month period. *See Nunez v. N.Y.C. Dept. of Corrections et al.*, No. 11-cv-05845-LTS-JCF (S.D.N.Y July 10, 2023) (Dkt. No. 557 at 22-23), available at https://perma.cc/RU2A-ZWSH.

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

DEFENDANT'S OMNIBUS OPPOSITION TO NON-PARTIES' MOTIONS TO INTERVENE AND UNSEAL CONFIDENTIAL DOCUMENTS

## III.   <u>ARGUMENT</u>

First, the Non-Parties' Motions to Intervene are untimely, have been lodged at an extremely advanced stage of this litigation with no proffered explanation for the delay, and seek relief that would prejudice the Department, its employees, people in Los Angeles County custody, and the Plaintiffs.  This alone is reason to deny the Non-Parties' Motions under Federal Rule 24(b).

Second, even if the Non-Parties are permitted to intervene under Rule 24(b), the Department can easily establish "good cause" to keep the requested confidential information under seal.  Even under a more exacting standard, the Department can establish a "compelling" interest in keeping the requested confidential information under seal, and there are no alternatives to sealing that would protect that interest. Therefore, regardless of the applicable standard, the Non-Parties' Motions should be denied.

### A.   **The Non-Parties' Intervention Is Not Permitted By Federal Rule 24(b)**

A court may grant permissive intervention under Federal Rule 24(b) where an applicant for intervention shows:  (1) "independent grounds for jurisdiction"; (2) the motion is "timely"; and (3) the applicant's claim and the action have a common question of law or fact.  *San Jose Mercury News, Inc. v. United States. Dist. Court – N. Dist. (San Jose)*, 187 F.3d 1096, 1100 (9th Cir. 1999); Fed. R. Civ. Proc. 24(b). Where an intervenor does not seek to become an actual litigant, but merely seeks to unseal documents, the second factor, "timeliness," becomes the sole requirement a court considers when determining whether to grant permissive intervention.  *Id.*  A court determining the timeliness of a motion to intervene must look to: (i) the stage of the proceeding at which an applicant seeks to intervene, (ii) the reason for any delay, and (iii) resulting prejudice to any of the parties.  *Id.* at 1100–01.  Here, all three factors weigh against intervention.  The Non-Parties' Motions should therefore be denied.

DEFENDANT'S OMNIBUS OPPOSITION TO NON-PARTIES' MOTIONS TO INTERVENE AND UNSEAL CONFIDENTIAL DOCUMENTS

First, the Non-Parties have filed their Motions at an extremely advanced stage of this litigation.  The Non-Parties seek to intervene long after the conclusion of the Parties' extensive settlement negotiations; court approval of the Settlement Agreement and Implementation Plan; the Panel's issuance of multiple Compliance Measures; several years of monitoring, which have included numerous site visits to the Downtown LA Jails and the exchange of tens of thousands of pages of documents with Plaintiffs and the Panel; and extensive negotiations regarding the precise scope of the Department's obligations in this case and plans to reach full compliance, which have been productive and remain ongoing.  Notably, the Non-Parties seek to intervene in this litigation *11 years* after the litigation was first initiated, more than *eight years* after the Court approved the parties' Settlement Agreement and Implementation Plan, *seven years* after the Panel issued the Compliance Measures that first contemplated the production of records and videos relating to "force packages" to the Panel, more than *five years* after the Panel issued the Revised Compliance Measures currently in effect, and more than *five years* after the Parties entered into the 2018 PO that governs production of the *exact materials* at issue in the two Motions, *i.e.*, video evidence related to uses of force.  Neither Motion cites a single authority demonstrating that a delay of this magnitude is "timely," and therefore permissible under Federal Rule 24(b).  Indeed, the 2018 PO, publicly filed more than five years ago, expressly identified the exact types of materials that the Non-Parties now seek through their Motions.  That the Non-Parties did not file a Motion to Intervene to gain access to these records, or for any other purpose in this litigation until now, at this profoundly advanced stage, only underscores their lack of connection to this case.

With respect to the second criteria, the Non-Parties do not even attempt to offer a justification for their lengthy delay in moving to intervene.  Nor could they.  As referenced above, the production of use of force packages and video evidence to the Panel has been referenced in both the publicly filed 2018 PO, along with the

10

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

publicly filed monitoring Reports that the Panel has issued for several years now, some of which have even been featured in the LA Times' reporting.[4]  The Non-Parties had every opportunity to intervene during this period.  There is no legitimate excuse for why the Non-Parties waited until now to do so, with the Department producing more information to the Plaintiffs than ever before, and with the Parties deep into productive, court-ordered discussions regarding how the Department can achieve full compliance with the Settlement Agreement.

Third, allowing the Non-Parties to intervene at this stage would cause substantial prejudice to the Department and its employees and to people who have been remanded to County custody.  The Department has never been obligated to produce use of force video materials to Plaintiffs, and particularly not on an ongoing, regular basis.  However, the Department agreed to regularly produce such materials to the Plaintiffs in the spirit of good faith, compromise, and cooperation, but with the expectation that investigative materials implicating the privacy rights of Department employees and inmates in the Downtown LA Jails being produced would remain protected.  This is particularly pertinent here, where the sealed Confidential Information at issue includes investigative, law enforcement materials that implicate the privacy and due process rights of Department employees, along with the medical privacy of individuals incarcerated the Jails.  *See* Alva Decl. at ¶ 6. To publicize such Confidential Information at this stage, without the consent of the Department, the labor organizations representing its employees, or any of the inmates whose images are captured in the sealed materials, after the Department

---

[4] "In L.A. County jails, deputies punching inmates' heads is a 'persistent problem,' monitor finds," L.A. Times (Apr. 9, 2022), available at https://www.latimes.com/california/story/2022-04-09/jail-monitor-report ("In its 10th such report, the monitors reviewed the Sheriff's Department's compliance with the settlement agreement for the first half of 2021. They reviewed internal reports on 50 uses of force.").

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

11
DEFENDANT'S OMNIBUS OPPOSITION TO NON-PARTIES' MOTIONS TO INTERVENE AND UNSEAL CONFIDENTIAL DOCUMENTS

only agreed to provide confidential video footage to Plaintiffs on the condition that
strict confidentiality would be maintained, would meaningfully disrupt the
Department's ability to comply with the Rosas Settlement Agreement; the
Department's ability to conduct thorough, candid investigations and witness
interviews related to uses of force; and the Department's ability to share information
openly and transparently with Plaintiffs on an ongoing basis.  *See id.*  Allowing the
Non-Parties to intervene for this purpose would therefore prejudice both the
Department and Plaintiffs, each of whom benefits from the free flow of information
between the Parties and the Panel.  Accordingly, the Non-Parties' Motions should be
denied.  *See Brunson v. Lamber Firm PLC*, 757 Fed. Appx. 563, 567 (9th Cir. 2018)
(affirming denial of motion to intervene where "allowing [non-party] to intervene
would cause substantial prejudice to the parties, who entered into a settlement
agreement premised on confidentiality after years of litigation").

### B.    The Confidential Information Should Not Be Unsealed

### 1.    The Appropriate Standard Is "Good Cause"

If the Non-Parties are permitted to intervene pursuant to Rule 24(b), the
Parties must demonstrate "good cause" to keep the requested information under seal.
*See* Fed. R. Civ. Proc. 26(c).  The Non-Parties contend that the Department and
Plaintiffs are required to provide "compelling reasons" to justify keeping the
requested documents under seal.  This is wrong.  To trigger a heightened showing of
"compelling reasons" to protect confidential information sealed pursuant to a
protective order, the Non-Parties must demonstrate a presumption of access
pursuant to (1) the common law right of access, or (2) the First Amendment.
Neither applies here.  Therefore, "good cause" is the correct standard.

### (a)    The common law right of access does not apply

To establish the documents in question are protected under the common law
right of access, the Non-Parties must demonstrate the documents are not the types of
documents which have "traditionally been kept secret for important policy reasons,"

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

12

DEFENDANT'S OMNIBUS OPPOSITION TO NON-PARTIES' MOTIONS TO INTERVENE AND UNSEAL
CONFIDENTIAL DOCUMENTS

1  and (2) that the documents have been filed in connection with a "dispositive

2  motion"; *i.e.*, "a motion that is more than tangentially related to the underlying cause

3  of action."   *Kamakana v. City and Cnty of Honolulu*, 447 F.3d 1172, 1178-79 (9th

4  Cir. 2006).  Both of these conditions must be satisfied to trigger the "compelling

5  reasons" standard pursuant to the common law right of access.  *See Phillips ex rel.*

6  *Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)

7  ("Although we understand the public policy reasons behind a presumption of access

8  … it makes little sense to render the district court's protective order useless simply

9  because the plaintiffs attached a sealed discovery document to a non-dispositive

10  sanctions motion…").  Neither condition is satisfied here.

11       The materials that the Non-Parties seek to unseal were produced to Plaintiffs

12  pursuant to ongoing discussions regarding the Parties' Implementation Plan, and the

13  Department's efforts to reach full compliance with that Implementation Plan,

14  weighing against application of the common law right of access.  *See Facebook, Inc.*

15  *v. ConnectU, Inc.*, No. C 07-01389, 2008 WL 11357787, at *2 (N.D. Cal. July 2,

16  2008) ("Courts have traditionally 'granted protective orders to protect confidential

17  settlement agreements.'") (quoting *Phillips*, 307 F.3d at 1212).  Additionally,

18  investigative law enforcement materials are the "paradigmatic examples of records

19  not subject to the common law right of public access," and "have traditionally been

20  kept secret for important policy reasons."  *See Forbes Media LLC v. United States*,

21  61 F.4th 1072, 1081 (9th Cir. 2023) (affirming denial of motion to unseal third-party

22  technical assistance proceedings relating to unexecuted arrest warrants in ongoing

23  investigations).  While most of the videos at issue concern investigations which are

24  no longer ongoing, neither Non-Party has attempted to argue, or provided any

25  authority suggesting, that there is a "history of public access" to materials in any

26  way similar to surveillance video footage from within a carceral facility, nor to

27  confidential information attached to a motion to enforce a civil settlement

28  agreement.  To the contrary, the video footage of uses force in the Downtown LA

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

13

DEFENDANT'S OMNIBUS OPPOSITION TO NON-PARTIES' MOTIONS TO INTERVENE AND UNSEAL
CONFIDENTIAL DOCUMENTS

1   Jails at issue here is more analogous to investigative materials traditionally kept

2   secret in the Ninth Circuit, such as grand jury materials and search warrants.  *Id.*

3   Therefore, the common law presumption in favor of disclosure does not apply here.

4          Still, even assuming there was a "history of access" to jailhouse surveillance

5   footage produced in this unique context, Plaintiffs' Motion to Modify is not a

6   "dispositive motion."  This provides a separate basis to reject application of the

7   common law right of access.  Numerous courts have found that a motion to enforce

8   a settlement agreement is not a "dispositive motion" for the purposes of a motion to

9   unseal documents.  *See, e.g., NetApp, Inc. v. Nimble Storage, Inc.*, No. 5:13-cv-

10  05058, 2015 WL 5569420, at *2 (N.D. Cal. Sept. 22, 2015) (explaining a motion to

11  enforce a settlement agreement is non-dispositive and therefore the good cause

12  standard applies when assessing a motion to seal documents in this context);

13  *Dodocase VR, Inc. v. MerchSource, LLC*, No. 17-cv-07088, 2018 WL 5619799, at

14  *1 n.1 (N.D. Cal. May 22, 2018) ("Courts apply the good cause standard to requests

15  to seal information filed in conjunction with a motion to enforce a settlement

16  agreement"); *Arebalo v. Apple, Inc.*, 2022 WL 580865, at *1 (N.D. Cal. Feb. 25,

17  2022) ("A motion to compel enforcement of settlement is only tangentially related

18  to the merits of the underlying cause of action, and therefore it constitutes a non-

19  dispositive motion.").  Neither of the Non-Parties has provided any authority to the

20  contrary demonstrating that Plaintiffs' Motion to Modify is a "dispositive" motion.

21  There is therefore no common law presumption of access with respect to the

22  documents at issue here, and the "good cause" standard of Rule 26(c) applies.  *See*

23  *Kamakana*, 447 F.3d at 1179–80.

24          **(b)     The First Amendment right of access does not apply**

25          For similar reasons, Witness LA fails to demonstrate that the First

26  Amendment right to public access triggers a heightened standard in determining

27

28

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

DEFENDANT'S OMNIBUS OPPOSITION TO NON-PARTIES' MOTIONS TO INTERVENE AND UNSEAL
CONFIDENTIAL DOCUMENTS

whether or not to unseal the requested documents.[5]  As the cases cited by Witness

LA make clear, the Ninth Circuit has held that the First Amendment right of access

attaches to certain documents filed in connection with criminal proceedings and,

specifically, to "complaints" filed in civil proceedings.  Witness LA does not

provide any cases extending this right of access beyond this context, including to

documents filed in connection with the enforcement of a settlement agreement in a

civil proceeding.  This alone ends the inquiry.  However, even assuming that

documents filed in connection with a motion to enforce a civil settlement agreement,

could, in theory, fall within the ambit of the First Amendment, Witness LA must

demonstrate (1) the type of proceeding at issue has been traditionally conducted in

an open fashion, and (2) that public access plays a significant positive role in the

functioning of the particular process in question, to trigger a "compelling reasons"

standard.  *Forbes*, 61 F.4th at 1077-78.  Here, there is indisputably no 'tradition' or

'history' of public access to documents produced in this context (*i.e.*, ongoing

enforcement of a settlement agreement requiring regular productions of confidential

information), and therefore, this heightened standard does not apply.  *See, e.g.,*

*United States v. El-Sayegh*, 131 F.3d 158, 161 (D.D.C. 1997) (finding no First

Amendment right of access to settlement documents produced through "entirely

novel" judicial procedures).  Nor would public access play a positive role in the

functioning of the Parties' ongoing discussions regarding the Department's attempts

to reach full compliance with the Settlement Agreement.  To the contrary, such

access would only serve to disrupt and impede the goals of these proceedings.  *See*

*infra* Sections B(2) and B(3).  Accordingly, the First Amendment right of access

does not apply here, and "good cause" is the appropriate standard of review.

---

[5] The LA Times does not advance this argument.

DEFENDANT'S OMNIBUS OPPOSITION TO NON-PARTIES' MOTIONS TO INTERVENE AND UNSEAL CONFIDENTIAL DOCUMENTS

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

### 2.  There is "Good Cause" to Keep the Documents Under Seal Pursuant to Fed. Rule 26(c)

The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if information is disclosed. *Phillips*, 307 F.3d at 1210–11 (citation omitted); *see also* Fed. R. Civ. P. 26(c). Here, there is clearly good cause to keep the Department's confidential information under seal. Indeed, the Court has already entered the Parties' 2018 PO, which included a statement of "good cause." In contrast to a blanket protective order, which attempts to cover all possible documents that will be produced in a case without offering specificity as to which documents are covered and why, the 2018 PO specifically references the ***exact documents*** that the Non-Parties now seek, and provides a statement of "good cause" as to why these materials must remain confidential. Therefore, the Court has already found "good cause" to maintain the video evidence sought by the Non-Parties under seal. *See Phillips*, 307 F.3d 1206 ("When a court grants a protective order for information produced during discovery, it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality"). This alone is sufficient to establish "good cause" here. *Id.*

However, even looking beyond the PO, there are numerous other factors demonstrating the substantial prejudice that will result to the Parties in the event that the Non-Parties' Motions are granted, which collectively are more than sufficient to establish "good cause" here. First, establishing the precedent that confidential information, including investigative materials, produced to the Plaintiffs pursuant the PO is fair game for public court filings will jeopardize the Department's ability to obtain cooperation in conducting both future and ongoing investigations related to use of force incidents. *See* Alva Decl. at ¶ 6. Second, unsealing the confidential information at issue here will drastically curtail the Department's ability and willingness to share information with the Plaintiffs in the future. *Id.* As discussed

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

16

DEFENDANT'S OMNIBUS OPPOSITION TO NON-PARTIES' MOTIONS TO INTERVENE AND UNSEAL CONFIDENTIAL DOCUMENTS

1   above, the Department has never been obligated to produce video evidence of use of

2   force incidents to the Plaintiffs, but did so in good faith on the condition that such

3   information would be protected pursuant to the 2018 PO.  If a determination is made

4   that such video evidence is publicly accessible when utilized by Plaintiffs in court

5   filings, the Department will have no choice but to exert far more scrutiny and

6   caution when sharing information with Plaintiffs to protect the privacy and due

7   process rights of its employees and to preserve the ability to conduct thorough,

8   candid investigations without concern of their immediate public disclosure.  *See id*.

9   Such an outcome would be to the detriment of both Parties and their attempts to

10  reach full compliance with the Implementation Plan.  Third, producing the requested

11  video footage of incidents taking place within the confines of the Downtown LA

12  Jails will reveal aspects of the Downtown Jails, including their physical layout, that

13  could threaten both deputy and inmate security in the Downtown LA Jails.  *See id.*

14  at ¶ 8.  Fourth, disclosure of the video evidence will likely reveal the identities of

15  deputies involved in a use of force, or located near a use of force, in some cases

16  without any actual finding they have engaged in wrongdoing, subjecting those

17  deputies to potential embarrassment, harassment, and safety risks.  *See id.* at ¶ 7.

18  Fifth, forcing the Department to disclose information that was only produced on the

19  condition of confidentiality is fundamentally unfair to the Department.  *See, e.g.,*

20  *Brunson*, 757 Fed. Appx. at 567 ("[A]llowing [non-party] to intervene would cause

21  substantial prejudice to the parties, who entered into a settlement agreement

22  premised on confidentiality after years of litigation").  Finally, disclosure of the

23  requested confidential information would violate the privacy rights of the members

24  of Plaintiffs' class who are featured in the videos requested by the Non-Parties,

25  whether as recipients and/or instigators of a use of force, or as bystanders to a use of

26  force.  Disclosure also would implicate the medical privacy of any deputies and/or

27  inmates involved in the uses of force who sustained injuries; would show certain

28  inmates engaging in instigative or otherwise embarrassing behavior; and would

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

17

potentially embarrass other inmates who happen to be visible in the videos as bystanders, whose faces and identities are in some cases easily recognizable, and who may be opposed to the public disclosure of video showing them to be inmates in a carceral facility. *See* Alva Decl. at ¶ 5. Together, these factors are more than sufficient to demonstrate "good cause" to keep the material requested by the Non-Parties under seal, independent of the PO, and to deny the Non-Parties' Motions.[6] *See, e.g., Forbes*, 61 F.4th at 1080 ("Public disclosure could also, among other adverse consequences, create safety risks for law enforcement, lead to the destruction of evidence, and compromise sources who assist the government").

### 3.   There are "Compelling" Reasons to Keep the Documents Under Seal

Even assuming a heightened standard applies, there are "compelling" reasons to maintain the confidential materials in question under seal, including for each of the reasons discussed above, which outweigh the public interest in disclosure. Courts in the Ninth Circuit have affirmed that the protection of investigative materials and information implicating medical privacy constitute "compelling" reasons to prohibit disclosure of confidential information. *See, e.g., Forbes*, 61

---

[6] The LA Times asserts that, notwithstanding a showing of "good cause," the Court may nonetheless order disclosure here after engaging in a balancing test that factors the "urgent public interests favoring disclosure." (Dkt. 268-1 at 18). However, the factors cited by the LA Times for this proposition do not override a finding of good cause with respect to a motion to unseal confidential information, but instead, deal with whether a motion to ***continue a protective order*** is warranted. *See In re Roman Cath. Archbishop of Portland*, 661 F.3d 417, 424 n.5 (9th Cir. 2011). Furthermore, the court in that case *denied* the request to unseal confidential information. The LA Times does not provide a case in which a court found that a good cause standard applied and was satisfied, but nonetheless ordered disclosure of the confidential information at issue. Still, to the extent a balancing test applies to this inquiry, the interest in public disclosure is significantly outweighed by the prejudice to the Parties resulting from disclosure, as discussed throughout this Opposition.

**Kendall Brill & Kelly LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

18

DEFENDANT'S OMNIBUS OPPOSITION TO NON-PARTIES' MOTIONS TO INTERVENE AND UNSEAL CONFIDENTIAL DOCUMENTS

F.4th at 1076 (affirming district court's ruling that the government has a compelling interest in non-disclosure while an investigation remains ongoing); *Vega v. Honeywell Int'l, Inc.*, No. 3:19-CV-0663, 2021 WL 6106424, at *3 (S.D. Cal. Mar. 23, 2021) ("courts within the Ninth Circuit have 'recognized that the need to protect medical privacy qualifies as a 'compelling reason' for sealing records'") (internal citations omitted).

Furthermore, this is a unique case in which a law enforcement entity has voluntarily agreed to produce confidential information, on a regular and ongoing basis, on the condition its confidentiality would be respected, in a good faith effort to reach compliance with an extensive and wide ranging settlement agreement. This free flow of information has been greatly beneficial to the Department in seeking to reach full compliance with the Settlement Agreement and Implementation Plan, particularly since it allows for candid and frank conversations about conditions in the Downtown LA Jails, in real time, with all of the key stakeholders to this litigation. *See* Alva Decl. at ¶ 4. Disrupting and threatening that free flow of information at this stage, when the Parties have invested substantial time and resources to develop a framework for information sharing, and in the midst of ongoing discussions between the Parties regarding how the Department can reach full compliance with the Implementation Plan, which include negotiations for additional information sharing with Plaintiffs related to uses of force, would impede the Parties' ability to work together and reach full compliance. *See id.* at ¶ 6. This is a compelling reason to protect against disclosure of the confidential information sought by the Non-Parties.

Together, these "compelling reasons" outweigh the public's interest in disclosure. *Ctr for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (where a party demonstrates "compelling reasons" to prevent disclosure, the "court must then 'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret'") (quoting *Foltz v.*

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

DEFENDANT'S OMNIBUS OPPOSITION TO NON-PARTIES' MOTIONS TO INTERVENE AND UNSEAL CONFIDENTIAL DOCUMENTS

1  *State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Though the

2  Non-Parties assert certain valid public interests in disclosure here, those interests do

3  not outweigh the prejudices outline above.  The cases cited by the Non-Parties on

4  this point are inapposite.

5      For example, in *Greer v. Cnty. of San Diego*, No. 19-cv-378 (S.D. Cal. July

6  10, 2023) (Dkt. 379), the non-party intervenors sought to unseal written documents

7  related to inmate deaths and serious injuries in the San Diego County Jails, the

8  production of which had been ***compelled*** pursuant to a court order, all against the

9  backdrop of "a high number of inmate deaths" in the San Diego County Jails.  *Id.* at

10  \*2-3.  Unlike *Greer*, the materials at issue here were not compelled pursuant to a

11  court order, but rather were produced voluntarily by the Department.  Additionally,

12  while the materials at issue here implicate uses of force against inmates, neither of

13  the Non-Parties allege that the videos concern or implicate a "high number of

14  inmate deaths" in the Downtown LA Jails (because they do not), as was the case in

15  *Greer*.  Here, in contrast with the situation in *Greer*, conditions in the Downtown

16  LA Jails with respect to the issues in this case have ***vastly improved*** since the case's

17  inception, with uses of force, head strikes, and serious injuries stemming from uses

18  of force in the Downtown LA Jails steadily decreasing, undercutting the purportedly

19  urgent need for public disclosure articulated by the Non-Parties.  *See* Panel's

20  Eleventh Report, Dkt. No. 238 at 5 ("When compared to the first two quarters of

21  2021 in the Tenth Reporting Period, incidents have decreased in each of the last

22  three six-month periods...We believe that these successive decreases in the number

23  of use of force incidents represent meaningful progress by the Department at

24  achieving the goals of the Agreement."); *see also* Alva Decl., Exs. A-B.

25  Furthermore, the written documents at issue in *Greer* do not implicate the same

26  deputy and inmate privacy concerns arising from the production of video evidence

27  in this case, as video evidence produced to the Plaintiffs cannot be easily redacted in

28  the same way as written information.  *See* Alva Decl. at ¶ 9.  Lastly, the unique

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

20

DEFENDANT'S OMNIBUS OPPOSITION TO NON-PARTIES' MOTIONS TO INTERVENE AND UNSEAL
CONFIDENTIAL DOCUMENTS

1  circumstances present in this case, where the materials have been produced pursuant

2  to an ongoing information-sharing agreement between the Parties, and where

3  disclosure would jeopardize the continuation of that agreement, were not present in

4  *Greer*.  Therefore, assuming that the Department is required to demonstrate

5  "compelling reasons" to keep this video evidence under seal (it is not), the balancing

6  test conducted in *Greer*, a non-binding case, is not persuasive here, and is certainly

7  not determinative.

8         Finally, withholding the few dated items that are the subject of the under-seal

9  filings from the public due to their sensitive and confidential nature will not, in any

10  significant sense, leave the public in the dark as to the Department's successes and

11  failures with regard to meeting its obligations under the Settlement Agreement, or

12  undermine the transparency the Department routinely demonstrates in this case.  In

13  this regard, there is no lack of publicly available information at the Non-Parties'

14  disposal that captures how the Department has met its obligations in this case,

15  including, but not limited to, (1) publicly-filed semi-annual status reports filed by

16  the Panel, exhaustively chronicling the Department's level of compliance in this

17  case; (2) period public reports that the Department is required to provide to the Los

18  Angeles County Board of Supervisors as part of its obligation to keep the public

19  informed of its progress in this case; (3) un-redacted filings and periodic public

20  hearings held before this Court; and (4) public hearings and reports that have

21  emanated from the Los Angeles County Sheriff's Department Citizen's Oversight

22  Committee which have addressed conditions in the Downtown LA Jails.

23  Accordingly, withholding the minimal materials that have been filed under seal in

24  this matter to protect their sensitive and confidential nature and to promote the type

25  of information sharing which will promote progress in this case, will not materially

26  hamper the Non-Parties' ability to report on conditions in the Downtown LA Jails,

27  //

28  //

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

21
DEFENDANT'S OMNIBUS OPPOSITION TO NON-PARTIES' MOTIONS TO INTERVENE AND UNSEAL
CONFIDENTIAL DOCUMENTS

1   or the Department's ongoing efforts to reach full compliance with the Settlement

2   Agreement.

3   **IV.   <u>CONCLUSION</u>**

4       For each of the foregoing reasons, the Department respectfully requests that

5   the Non-Parties' Motions are denied.

6   DATED:  August 21, 2023        KENDALL BRILL & KELLY LLP

7

8                    By:       /s/ Robert E. Dugdale

                         Robert E. Dugdale

9                            Attorneys for Robert Luna, Sheriff of Los

                         Angeles County, in his Official Capacity

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Kendall Brill & Kelly LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

22

DEFENDANT'S OMNIBUS OPPOSITION TO NON-PARTIES' MOTIONS TO INTERVENE AND UNSEAL CONFIDENTIAL DOCUMENTS