SUSAN E. SEAGER (SBN 204824)
sseager1.clinic@law.uci.edu
JACK LERNER (SBN 220661)
jlerner@law.uci.edu
UNIVERSITY OF CALIFORNIA, IRVINE SCHOOL OF LAW
INTELLECTUAL PROPERTY, ARTS & TECHNOLOGY CLINIC
PRESS FREEDOM PROJECT
P.O. Box 5479
Irvine, CA 92616-5479
Telephone: (949) 824-5447
Facsimile: (949) 824-2747

Attorneys for Non-Party Media Organization
WITNESSLA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ALEX ROSAS and JONATHAN GOODWIN on behalf of themselves and of those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ROBERT LUNA, Sheriff of Los Angeles County, in his official capacity,<br><br>Defendants. | Case No.: CV 12-00428 DDP (MRW)<br><br>**REPLY IN SUPPORT OF MOTION OF NON-PARTY WITNESSLA TO INTERVENE AND UNSEAL**<br><br>Assigned to Hon. Dean D. Pregerson<br><br>Hearing Date: Sept. 11, 2023 Time: 10 a.m. |

# Table of Contents

I. INTRODUCTION ........................................................................................................ 1

II. ARGUMENT ............................................................................................................. 1

   A. The Sheriff Fails to Demonstrate that WitnessLA Lacks Standing to Intervene Under the First Amendment and Common Law ........................................................... 1

      1. The Sheriff Does Not Dispute that WitnessLA Has Standing to Intervene Under the First Amendment .............................................................................................. 1

      2. WitnessLA's Motion to Intervene Is Timely Under Rule 24(b) ......................... 2

      3. The Sheriff Is Not Prejudiced by WitnessLA's Motion to Intervene .................. 3

   B. The Sheriff Fails to Establish that the Common Law Right of Access And Compelling Interest Test Do Not Apply to These Court Records ............................. 4

      1. The Sheriff Misstates the Common Law Right of Access ................................. 4

      2. The Sheriff Misstates the Compelling Reasons Test ......................................... 5

      3. The Sheriff Fails to Establish that the Compelling Reasons Test Does Not Apply to Plaintiff's Motion to Modify and its Attachments ................................................. 5

      4. The Sheriff Relies on Inapposite Cases Involving Confidential Settlement Agreements Between Private Parties ....................................................................... 6

   C. The Sheriff Fails to Provide Facts and Establish Compelling Reasons to Keep These Important Court Records Under Seal ............................................................... 7

   D. The First Amendment Requires the Unsealing of These Court Records ............. 11

III. CONCLUSION ....................................................................................................... 12

# Table of Authorities

**Cases**

*Arebalo v. Apple, Inc.*,
  2022 WL 580685 (N.D. Cal. Feb. 25, 2022) ............................................................... 6

*Beckman v. International Ins. Co.*,
  966 F.2d 470 (9th Cir. 1992) ................................................................................. 2-3

*Center for Auto Safety v. Chrysler Group, LLC*,
  809 F.3d 1092 (9th Cir. 2016) ................................................................................... 4

*Cheatum v. City of San Diego, No. 18-cv-1703-BTM-AGS*,
  2019 WL 3817954 (S.D. Cal. August 14, 2019) ..................................................... 10

*Courthouse News Serv. v. Planet*,
  750 F.3d 776 (9th Cir. 2014) ..................................................................................... 1

*Courthouse News Serv. v. Planet*,
  947 F.3d 581 (9th Cir. 2020) ............................................................................. 1, 11

*Dodocase VR, Inc., v. MerchSource, LLC*,
  No. 17-cv-07088, 2018 WL 5619799 (N.D. Cal. May 22, 2018) .............................. 6

*Foltz v. State Farm. Mut. Auto Ins. Co.*,
  331 F.3d 1122 (9th Cir. 2003) ............................................................................... 4, 5

*Kamakana v. City and Cnty of Honolulu*,
  447 F.3d 1172 (9th Cir. 2006) ............................................................... 4, 7, 8, 9, 11

*Lee v. City of San Diego*,
  No. 18-cv-0159 W (BLM), 2019 WL 117775 (S.D. Cal. January 1, 2019) ................ 9

*Mendez v. City of Gardena*,
  222 F. Supp. 3d 782 (C.D. Cal. 2015) ....................................................................... 3

*Narcisco v. Cnty. of San Diego, No. 20-CV-116-LL-MSB*,
  2022 WL 3447509 (S.D. Cal. Aug. 17, 2022) ..................................................... 9, 10

*NBC Subsidiary (KNBC-TV), Inc. v. Superior Court*,
  20 Cal. 4th 1178 (1999) ........................................................................................ 1, 2

*NetApp, Ind. v. Nimble Storage, Inc.*,
  No. 5:13-cv-05058, 2015 WL 5569420 (N.D. Cal. Sept. 22, 2015) ..................... 6-7, 7

*Pintos v. Pacific Creditors Association,*
    605 F.3d 665 (9th Cir. 2010) .................................................................................. 5

*Public Citizen v. Liggett Group., Inc.,*
    858 F.2d 775 (1st Cir. 1988) ................................................................................... 3

*Forbes Media LLC v. United States*,
    61 F.4th 1072 (9th Cir. 2023) ................................................................................. 7

**Rules**

Federal Rule of Civil Procedure 24(b) ............................................................................ 2

**Constitutional Provisions**

First Amendment to the U.S. Constitution ................................................................. 1, 11

*Brunson v. Lamber Firm PLC*, 757 Fed Appx. 563 (9th Cir. 2018) ............................ 3, 4

## I. INTRODUCTION

The Sheriff has not met his substantial burden to establish compelling reasons to maintain the sealing order for the six jail videotapes of Los Angeles County Sheriff's deputies punching inmates in the head or the unredacted expert declarations and legal briefs filed by Plaintiffs as part of their Motion to Modify Court-Approved Implementation Plan. These important court records should be unsealed pursuant to the common law and First Amendment to the U.S. Constitution to allow the public to see the brutality that is allegedly being inflicted on inmates outside of the public eye.

## II. ARGUMENT

### A. The Sheriff Fails to Demonstrate that WitnessLA Lacks Standing to Intervene Under the First Amendment and Common Law

#### 1. The Sheriff Does Not Dispute that WitnessLA Has Standing to Intervene Under the First Amendment

Defendant does not dispute, and therefore concedes, that WitnessLA has standing to intervene for the limited purpose of seeking a court order unsealing court records in this case pursuant to its First Amendment rights as a news organization and a representative of the public. When the Ninth Circuit held for the first time in *Courthouse News Serv. v. Planet*, 750 F.3d 776, 785 (9th Cir. 2014) ("*Planet I*") that the public and press have a presumptive First Amendment right of access to civil complaints filed in court proceedings, the parties and the court implicitly accepted that Courthouse News Service had standing under the First Amendment standing to bring suit as a member of the media and representative of the public. *Id.* at 787-87. *See also Courthouse News Serv. v. Planet*, 947 F.3d 581, 591 (9th Cir. 2020) ("*Planet II*") (same). When the California Supreme Court issued its landmark decision more than 20 years ago in *NBC Subsidiary (KNBC-TV), Inc. v. Superior Court*, 20 Cal. 4th 1178, 1208 n.25, 86 Cal. Rptr.2d 778, 980 P.2d 337, 361 (1999) holding that the public and press have a presumptive First Amendment right to civil court proceedings and records, it reaffirmed that "'representatives of the press and general public 'must be given an

opportunity to be heard on the question of their exclusion.'" *Id*. at 1217 n. 36 (quoting *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 609 n.25 (1982)).

WitnessLA's standing to intervene under the First Amendment is not subject to any balancing test or timeliness analysis. It is a separate from the question of whether the First Amendment right of access applies to the sealed court records. This Court should therefore grant WitnessLA's Motion to Intervene based First Amendment right to be heard on the question of its exclusion of access to these sealed court records.

**2. WitnessLA's Motion to Intervene Is Timely Under Rule 24(b)**

The Sheriff incorrectly contends that WitnessLA's Motion to Intervene is untimely under Federal Rule of Civil Procedure 24(b) because it was filed 11 years after Plaintiffs filed their class action lawsuit (Dkt. 1), eight years after the Court approved the parties' settlement agreement on April 21, 2025 (Dkt. 133-1, 135), and more than five years after the Court entered the Stipulated Protective Oder on May 11, 2018. Dkt. 193. Opp. p. 10.

The Sheriff is wrong for two reasons. *First*, the Sheriff omits the most important dates: May 31, 2023 and June 12, 2023. These are the dates when Plaintiffs filed its Motion to Modify and attachments under seal that WitnessLA is seeking to unseal. WitnessLA filed its Motion on August 14, 2023, which is nine weeks after Plaintiffs' filings. WitnessLA's Motion is therefore timely.

*Second*, the Sheriff fails to cite any cases denying a media organization's motion to intervene to unseal court records or challenge a protective order because it was untimely pursuant to Rule 24(b). That's because federal courts routinely reject timeliness objections to media intervention motions. As the Ninth Circuit observed in *San Jose Mercury News, Inc., v. District Court*, "if a motion to intervene is denied as untimely, it is likely that subsequent motions to intervene will also be held untimely, stymying the public's right of access altogether." 187 F.3d 109, 1101 (9th Cir. 1999). "Indeed, delays measured in years have been tolerated where an intervenor is pressing the public's right of access to judicial records." *See, e.g., Beckman v. International Ins. Co*., 966 F.2d 470,

471 (9th Cir. 1992) (affirming intervention 2 years after settlement); *Public Citizen v. Liggett Group., Inc.*, 858 F.2d 775, 785 (1st Cir. 1988) (collecting cases). *See also Mendez v. City of Gardena*, 222 F. Supp. 3d 782, 790 (C.D. Cal. 2015) (holding that motion to intervene filed four months after sealing order was timely).

Because WitnessLA's Motion was filed within nine weeks of the Plaintiffs' filing court records under seal, its Motion was timely and should be granted.

### 3. The Sheriff Is Not Prejudiced by WitnessLA's Motion to Intervene

The Sheriff also incorrectly contends that WitnessLA's Motion to Intervene would prejudice the Sheriff because he never would have agreed to the stipulated protective order had he known that the videos of deputies punching jail inmates in the head would become public. Opp. p. 11. The Sheriff is wrong for two reasons. *First*, the Ninth Circuit flatly rejected the same argument in *San Jose Mercury News*. "[T]to the extent [a party] relied on the stipulated protective order" to produce records to opposing counsel in the reliance that they would never become public, "such reliance was unreasonable." 187 F.3d at 1101. "The right of access to court documents belongs to the public, and the [parties] were in no position to bargain that right away." *Id*. The sole case cited by the Sheriff (Opp. p. 12), *Brunson v. Lamber Firm PLC*, 757 Fed Appx. 563, 567 (9th Cir. 2018), is inapposite because the denial of the non-party's motion to intervene to unseal a settlement agreement based on "substantial prejudice" to the parties involved *private* parties who entered into a *confidential* settlement agreement. That is not the case here. Instead, the settlement agreement in this case – the implementation plan – was filed with the court as a public record in 2015 as part of a *class-action* settlement against a government official that was signed by this Court and is subject to this Court's ongoing jurisdiction. Dkt. 133-1, 135.

*Second*, the Sheriff's contention that unsealing the head-strike videos would cause prejudice to deputies and jail inmates by invading their privacy is a misplaced argument about the *merits* of WitnessLA's Motion to Unseal, not an argument about its Motion to Intervene. "[C]ourts have recognized that, assuming an intervenor does assert a

legitimate, presumptive right to open the court record of a particular dispute, the potential burden or inequity to the parties should affect not the right to intervene but, rather, the court's evaluation of the merits of the applicant's motion to lift the protective order." *Id*. (citations omitted).

Because the Sheriff has not established any prejudice would be caused by WitnessLA's Motion to Intervene, the Motion to Intervene should be granted.

### B. The Sheriff Fails to Establish that the Common Law Right of Access And Compelling Interest Test Do Not Apply to These Court Records

#### 1. The Sheriff Misstates the Common Law Right of Access

The Sheriff misstates the law of the Ninth Circuit for the common law right of public and press access to court records. The Sheriff incorrectly contends that WitnessLA has the burden to establish that the sealed court records are "protected under the common law right of access" by demonstrating that the records are not "traditionally kept secret for important policy reasons" and were "filed in connection with a 'dispositive motion, *i.e.*, 'a motion that is more than tangentially related to the underlying cause of action.'" Opp. p. 13. The Sheriff cites *Kamakana v. City and Cnty of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Opp. p. 13.

But the Sheriff conflates the common law right of access to court records with the two different standards used by courts when deciding a request to sealing/unsealing court records under the common law. As a threshold matter, WitnessLA does not have the burden to establish the common law right of public and press access attaches to these court records because the Ninth Circuit has repeatedly held that the common law right to access to court records applies to all records once they are filed in court, including civil court records. *See Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016) *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *Foltz v. State Farm. Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

///

### 2. The Sheriff Misstates the Compelling Reasons Test

The Sheriff also incorrectly states the common law standard for deciding a motion to unseal court records. In *Center for Auto Safety*, the Ninth Circuit held that where a party seeks to seal court records that are "more than tangentially related to the merits of a case," the party must establish "compelling reasons" to keep those court records secret. *Id*. at 1097, 1101. The Sheriff contends that the compelling interest test does not apply because WitnessLA cannot establish that Plaintiffs' Motion to Modify is a "dispositive motion." Opp. p. 13 (quoting *Kamakana*, 447 F.3d at 1178-1179). But that standard was changed by the Ninth Circuit seven years ago.

The Sheriff fails to mention that the Ninth Circuit rejected *Kamakana*'s "dispositive motion" test as too narrow10 years later in *Center for Auto Safety,* 809 at 1101. In *Center for Auto Safety*, the Ninth Circuit held "that public access to filed motions and their attachments does not merely depend on whether the motion is technically "dispositive." *Id*. Instead, the Ninth Circuit held that court records that are "more than tangentially related to the merits of a case" require a showing of "compelling reasons" to keep those court records secret. *Id*. at 1097, 1101. The Ninth Circuit "presumes" that "'*most* judicial records'" are subject to the '"compelling reasons' standard.'" *Id*. at 1098 (quoting *Pintos v. Pacific Creditors Association*, 605 F.3d 665, 677-78 (9th Cir. 2010) (emphasis in original)). "Plenty of nondispositive motions – including routine motions in limine – are strongly correlative to the merits of a case" and therefore subject to the compelling reasons standard for sealing. *Id*. at 1099.

### 3. The Sheriff Fails to Establish that the Compelling Reasons Test Does Not Apply to Plaintiff's Motion to Modify and its Attachments

The Sheriff fails to demonstrate that that the "good cause" test is the correct standard for this Court to decide whether to unseal Plaintiffs' Motion to Modify and attachments. To the contrary, the compelling reasons test applies to the Motion to Modify and its attachments because they are "more than tangentially related to the merits" and "strongly correlative to the merits" of Plaintiffs' class action civil rights

lawsuit against the Sheriff over excessive force used by deputies in the jails.

It is undisputed that the complaint alleged a "pattern of excessive force and physical abuse" against plaintiffs and other inmates at the Los Angeles County Men's Central Jail, Twin Towers Correctional Facility, and Inmate Reception Center and sought, among other requests, a court order requiring the Sheriff "to formulate a remedy, subject to the court's approval and modification" to end "the pattern of excessive force and physical abuse" in jails under Defendant's supervision. Dkt. 1. Nor does the Sheriff dispute that Plaintiffs' Motion to Modify seeks a court order to deliver a portion of the relief requested in the underlying complaint by requiring the Sheriff's Department to change its "head strike policy [to] forbid the use of head strikes unless use of deadly force is justified;" "impose mandatory discipline consistent with the penalties set forth in its current disciplinary guidelines for violating the head strike, force prevention and honest reporting requirements"; and modify its "force prevention policies" related to the new WRAP restraint device. Dkt. 253, pp. 24-25.

Because Plaintiffs' Motion to Modify and its attachments seek a court order based on the merits of the complaint by seeking substantive changes to the Sheriff's Department's policies and practices to reduce excessive force by deputies in the downtown jails, Plaintiff's Motion to Modify and its attachments are more than tangentially related to the merits of the complaint.

### 4. The Sheriff Relies on Inapposite Cases Involving Confidential Settlement Agreements Between Private Parties

The Sheriff contends that the compelling reasons test does not apply to motions to enforce settlement agreements but cites inapposite cases involving motions to enforce *confidential* settlement agreements between *private* parties and applying the overruled "dispositive motion" standard. Opp. p. 14 (citing *Arebalo v. Apple, Inc.*, 2022 WL 580685, at *1 (N.D. Cal. Feb. 25, 2022); *Dodocase VR, Inc., v. MerchSource, LLC*, No. 17-cv-07088, 2018 WL 5619799, at *1 n.1 (N.D. Cal. May 22, 2018); *NetApp, Ind. v. Nimble Storage, Inc.*, No. 5:13-cv-05058, 2015 WL 5569420, at *2 (N.D. Cal. Sept. 22,

2015)). Even if those cases applied the correct "more than tangentially related to the merits" standard, those cases have no application here because those cases involved confidential settlement agreements between private parties. In contrast, the settlement agreement in this case – the implementation plan – was filed with the court as a public record in 2015. Dkt. 133-1, 135. The settlement agreement resolved a class action lawsuit against the Los Angeles County Sheriff, and elected official, and the district court has retained jurisdiction to enforce the settlement agreement. *Id*.

The Sheriff also argues that the compelling reasons test does not apply because the videotape exhibits of deputies punching inmates in the head are "more analogous to investigative materials traditionally kept secret by the Ninth Circuit, such as grand jury materials and search warrants." Opp. p. 14. This is incorrect. The case cited by the Sheriff, *Forbes Media LLC v. United States*, 61 F.4th 1072, 1081 (9th Cir. 2023) is inapposite because it involved unexecuted search warrants in ongoing criminal investigations involving the FBI. *Id*. at 1075-76. That is not the case here. There is search warrant at issue, no ongoing criminal investigation, and the Sheriff admits that "most of the videos at issue" are "no longer" part of any "ongoing" investigations, which presumably were administrative investigations, not criminal investigations. Opp. p. 13.

**C. The Sheriff Fails to Provide Facts and Establish Compelling Reasons to Keep These Important Court Records Under Seal**

The Sheriff is required to "articulate compelling reasons to keep these court records under seal "supported by specific factual findings ... that outweigh the general history of access and the public policies favoring disclosure[.]" *Kamakana*, 447 F.3d at 1179. The district court must then "weigh relevant factors, base its decision on compelling reasons and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Pintos*, 605 F.3d at 679.

The Sheriff fails to provide any specific facts or compelling reasons that outweigh the general history of access to these court records and public policy in favor of public oversight of civil rights class action lawsuits and of law enforcement agencies. Instead,

1  the Sheriff makes conclusory assertions that disclosure would infringe on the privacy
2  and due process rights of the deputies, the medical privacy rights of inmates, and disrupt
3  the Sheriff's ability to comply with the settlement agreement and conduct candid
4  investigations and witness interviews about deputies using force in the jails. Opp. pp. 11-
5  12. The Sheriff also contends that unsealing the jail videos would threaten the security of
6  the deputies working in the jails, and subject deputies to "potential embarrassment,
7  harassment, and safety risks." Opp. at 17-18.
8  But the Sheriff fails to submit any admissible facts to support these arguments and
9  fails to cite any cases on point. The Sheriff does not discuss, let alone distinguish, the
10 cases cited by WitnessLA where courts have rejected similar arguments and ordered
11 disclosure of court records – including police videos – in civil rights cases against
12 police.  The Ninth Circuit made clear in *Kamakana* that "[s]imply invoking a blanket
13 claim, such as privacy or law enforcement, will not, without more, suffice to exempt a
14 document from the public's right of access" in civil rights cases against police. 447 F.3d
15 at 1185. In *Kamakana*, the Ninth Circuit affirmed the unsealing of "most" of the 121
16 "pleadings and documents" even though they had been sealed pursuant to a stipulated
17 protective order in a civil rights lawsuit against a police department, including 32
18 deposition transcripts attached to a dipositive motion. *Id*. at 1175, 1177 n.1, 1180 n. 5.
19 Over the past several years, district courts in the Ninth Circuit have unsealed
20 records in civil rights cases, including police videotapes. In *Greer v. Cnty. of San Diego*,
21 No. 19CV378-JO-DEB, WL 4479234, at *1 (S.D. Cal. July 10, 2023), the district court
22 granted a coalition of media organizations' motion to unseal internal law enforcement
23 records produced in discovery during a civil rights lawsuit brought by a jail inmate who
24 filed the discovery records as exhibits to his opposition to the government's summary
25 judgment motion. *Id*. at *3. After the case settled, the media organizations sought the
26 records because they contained information "regarding inmate deaths and serious
27 injuries which occurred in County jails." *Id*. at *1. As here, the government protested
28 that it "expected" the discovery documents "would remain sealed as a result of its

REPLY OF WITNESSLA IN SUPPORT OF MOT. TO UNSEAL COURT RECORDS                8

settlement with Plaintiff." *Id*. at *6. But the district court rejected the government's objection, holding that "parties to a litigation do not have the right to bargain away the public's right of access to court filings …. "[b]ecause this right of access belongs to the public (and the County should have known as much), its purported bargained-for expectation is not a compelling reason to keep the documents under seal." *Id*. at *6 (citing *San Jose Mercury News*, 187 F.3d at 1101). The district court ordered the unsealing of the government's discovery records that had been filed in court as exhibits as part of a motion, holding that "the public unquestionably holds an interest in the operations of the [San Diego] County and County jails which are both supported by tax dollars—especially when they have resulted in the numerous deaths and injuries of San Diego residents detained in custody." *Id*. at *5 (citing *Kamakana*, 447 F.3d at 1178).

Other district courts in the Ninth Circuit have denied motions to seal videos of police use of force. In *Lee v. City of San Diego*, No. 18cv0159 W (BLM), 2019 WL 117775, at *3 (S.D. Cal. January 1, 2019), the district court denied the defendants' motion to seal 12 police body camera videotapes of the plaintiff's violent arrest, holding that the city's contention that the disclosure would violate the privacy of the officers was merely "based on conclusory assertions that are unsupported by facts."  In *Narcisco v. Cnty. of San Diego*, No. 20-CV-116-LL-MSB, 2022 WL 3447509, at *11 (S.D. Cal. Aug. 17, 2022), the court denied the government's motion to seal two exhibits containing police body camera videotapes of a police arrest attached as exhibits to government's summary judgment motion. The government argued that the body camera footage should be filed under seal because it had been designated as "confidential" in the court's protective order. *Id*. The court ruled that the government failed to "offer any authority that supports sealing material merely because its contents are sensitive and particularly where, as here, the footage contains evidence that it highly probative to the case. *Id*. The court held that "these body camera videos are of significance to the public, who has an interest in transparency of law enforcement activity and its use of force." *Id*. (citing *Valley Broad Co. v. District Court*, 798 F.2d 1289, 1294 (9th Cir. 1986)). "This

REPLY OF WITNESSLA IN SUPPORT OF MOT. TO UNSEAL COURT RECORDS     9

case, where the body camera captured footage of police officers allegedly hurting a citizen, exemplifies how and when body cameras should be used for public awareness and agency transparency." *Id*.

In *Cheatum v. City of San Diego,* No. 18-cv-1703-BTM-AGS, 2019 WL 3817954, at *1-*2, (S.D. Cal. August 14, 2019), the district court denied the government's motion to seal an officer's body camera video of a police dog biting an arrestee and other records that were attached as exhibits to the government's motion to dismiss a civil rights case. The court rejected the government's contention the body camera footage and other records should be sealed in their entirety because they contained "confidential" information pursuant to a protective order. "[T]he Court is concerned that such records are significance to the public, who has an interest in the activity of law enforcement and its use of force." *Id*. The court held that the government failed to "articulate a compelling reason that would outweigh the public's interest in disclosure of body cameras, videos, or transcripts" attached as exhibit to the motion to dismiss the civil rights lawsuit. *Id*.

The same conclusion is required here. The exhibits submitted by Plaintiffs containing expert declarations about use of force by deputies in the jails and the jail surveillance videotapes of deputies punching inmates in the head is no different from the deposition transcripts, internal jail documents, and police body camera footage showing violent arrests and a police dog biting an arrestee unsealed in these other cases. The Sheriff' does not dispute that there is a significant public interest in the long history of deputy brutality and mistreatment of inmates in the Sheriff's downtown jails – not to mention going inmate deaths. The fact that the number of incidents has been reduced is not an adequate basis to deny public and press access to the videos where inmates have been beaten bloody by deputies. Because Defendant cannot offer "compelling reasons" that outweigh the public's interest in disclosure, this Court should unseal Plaintiffs' Motion to Modify Court-Approved Implementation Plan and related court records.

To the extent that the Court is concerned about privacy, the Court could order the

blurring of the inmates' faces and identifying features, such as tattoos. Security concerns could be addressed by blurring the backgrounds of the jail videos. WitnessLA does not agree that the deputies have any privacy interest in their identities when carrying out their official duties, especially in jails where the public is unable to monitor their conduct.

### D. The First Amendment Requires the Unsealing of These Court Records

The Sheriff incorrectly applies a narrow reading of the broad holding of the Ninth Circuit in *Planet I* and *Planet II*. In those cases, the Ninth Circuit held for the first time that the qualified First Amendment right of access applies to civil proceedings and records just as much as it does to criminal proceedings and records where that proceeding or record 'ha[s] historically been open to the press and general public' and (2) 'whether public access plays a significant positive role in the functioning of the particular [governmental] process in question.'" *Planet II,* 947 F.3d at 590.

The First Amendment right of access attaches to Plaintiffs' expert declarations and videos of deputies engaging in use of force because in the Ninth Circuit, attachments to dispositive motions and motions that are more than tangentially related to the underlying cause of action have been historically been open to the press and general public based on the common law – including videos of police use of force, as in the *Kamakana*, 447 F.3d at 1175, 1177 n.1, 1180 n. 5 and the district court cases cited above. In *Kamakana* and the district court cases, the courts have held that public access plays a significant positive role in the functioning of courts overseeing civil rights cases against police and overseeing law enforcement agencies when engaged in use of force. Because the First Amendment right of access applies to these records, they must be unsealed because sealing does not serve a compelling interest.

///
///
///
///

## III. CONCLUSION

For the foregoing reasons, Non-party Media Organization WitnessLA respectfully requests that this Court grant this Motion to Unseal Court Records.

Dated: Aug. 28, 2023      Respectfully Submitted,

By: */s/ Susan E. Seager*
Susan E. Seager
Jack I Lerner

UNIVERSITY OF CALIFORNIA, IRVINE
SCHOOL OF LAW
Intellectual Property, Arts & Tech Clinic
Press Freedom Project

Attorneys for Non-party Media Organization
WITNESSLA

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2023, I electronically transmitted the above document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to Counsel for parties who are registered CM/ECF users.

DATED: August 28, 2023

      */s/ Susan E. Seager*
      Susan E. Seager

      University of California, Irvine
      School of Law
      Intellectual Property, Arts, and Tech Clinic
      Press Freedom Project

      Attorney for Non-Party WitnessLA