O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALEX ROSAS and JONATHAN GOODWIN, on behalf of themselves and of those similarly situated, | ) ) ) ) ) | Case No. CV 12-00428 DDP (SHx) |
| Plaintiff, | ) ) | **ORDER RE: MOTIONS TO INTERVENE AND UNSEAL** |
| v. | ) ) ) | |
| LEROY BACA, Sheriff of Los Angeles County Jails; PAUL TANAKA, Undersheriff, Los Angeles Sheriff's Department; CECIL RHAMBO, Assistant Sheriff, Los Angeles Sheriff's Department and DENNIS BURNS, Chief of Custody Operations Division, Los Angeles Sheriff's Department, | ) ) ) ) | [Dkt. 268,269] |
| Defendants. | | |

_____

Presently before the court are two separate Motions to Intervene and Unseal, filed by Los Angeles Times Communications LLC ("LA Times) (Dkt. 268) and WitnessLA (Dkt. 269) (collectively, "Movants"). The motions seek intervention to unseal six video exhibits, and references thereto, concerning use of force incidents in Los Angeles County Jail facilities. All six videos depict

incidents that occurred before Sherriff Luna, the current Sheriff's, administration.  Having considered the submissions of the parties and heard oral argument, the court grants the motions to intervene and adopts the following Order.  An order regarding the motions to unseal shall issue separately.

**I.   Background**

In 2012, Plaintiffs filed a putative class action complaint alleging a pervasive pattern of excessive force being utilized against inmates in Los Angeles County jail facilities in downtown Los Angeles.  (Dkt. 32.)  The court certified a plaintiff class shortly thereafter, and facilitated several settlement discussions for approximately two years.  Those discussions culminated in a Settlement Agreement, under which an independent panel of experts ("the Monitors) would formulate an implementation plan to address use of force issues within the jails and issue periodic reports regarding Defendants' progress toward implementation.  (Dkt. 110).  This Court approved the settlement in April 2015, and retained jurisdiction to enforce the Settlement Agreement.  (Dkt. 135.)

Progress toward implementation of the Settlement Agreement proceeded more slowly than hoped, and in September 2017, Plaintiffs filed a Motion to Enforce Settlement Agreement, primarily seeking access to documents that Defendants were already producing to the Monitors.  (Dkt. 152).  After extensive discussions, the parties reached a mutually agreeable resolution, and Plaintiffs withdrew their Motion to Enforce (Dkt. 194).  Key to that resolution was a Stipulated Protective Order, which this Court entered in May 2018 upon a finding of good cause.  (Dkt. 193.)  In essence, the Protective Order provided that Defendants would provide Plaintiffs

with certain information, including videos, with the proviso that
such information would remain confidential and filed before the
court, if at all, under seal.  Plaintiffs retained, however, the
right to seek a court determination whether confidential
information could be publicly filed.

Several years passed.  Although the Los Angeles County
Sheriff's Department made some headway in implementing the
Settlement Agreement, progress toward certain key provisions
stalled under former County and Sheriff's Department leadership.
Accordingly, in May 2023, Plaintiffs filed a Motion to Modify
Implementation Plan (Dkt. 252.)  In support of that motion,
Plaintiffs filed a total of six video exhibits ("the Videos").  In
accordance with the Protective Order, Plaintiffs filed the Videos,
as well as various references thereto (collectively, "the Sealed
Materials") in Plaintiffs' supporting materials, under seal.

Movants now seek to intervene in this case for the sole
purpose of unsealing the Sealed Materials.

## II.  Legal Standard

Under Federal Rule of Civil Procedure 24, a court must allow
intervention by any movant who "claims an interest relating to the
property or transaction that is the subject of the action, and is
so situated that disposing of the action may as a practical matter
impair or impede the movant's ability to protect its interest,
unless existing parties adequately represent that interest." Fed.
R. Civ. P. 24(a)(2).  An applicant meets these criteria, and may
intervene as of right, if (1) the motion is timely; (2) the
applicant has a "significant protectable" interest relating to the
action; (3) disposition of the action may, as a practical matter,

3

impair or impede the applicant's ability to protect that interest;
and (4) the applicant's interest is inadequately represented by the
parties to the action.  <u>California ex rel. Lockyer v. United</u>
<u>States</u>, 450 F.3d 436, 440 (9th Cir. 2006).  When evaluating these
requirements, courts are guided by "practical and equitable
considerations," and generally construe the Rule to apply "broadly
in favor of proposed intervenors."  <u>Wilderness Soc. v. U.S. Forest</u>
<u>Serv.</u>, 630 F.3d 1173, 1179 (9th Cir. 2011) (quoting <u>United States</u>
<u>v. City of Los Angeles</u>, 288 F.3d 391, 397 (9th Cir. 2002))
(internal quotation omitted).

Alternatively, when an intervenor cannot satisfy the four-part
test for intervention as of right, courts may allow any applicant
who "has a claim or defense that shares with the main action a
common question of law or fact" to intervene.  Fed. R. Civ. P.
24(b)(1)(B).  Courts may only grant such permissive intervention,
however, where an applicant shows, in addition to a common question
of law or fact, "(1) independent grounds for jurisdiction; [and
that] (2) the motion is timely."  <u>San Jose Mercury News, Inc. v.</u>
<u>U.S. Dist. Ct.--N. Dist. (San Jose)</u>, 187 F.3d 1096, 1100 (9th Cir.
1999).  Where, as here, a party does not seek to litigate a claim
on the merits, but rather seeks only to challenge a protective
order, that party need only satisfy the timeliness requirement.
<u>See</u> <u>Beckman Indus., Inc. v. Int'l Ins. Co.</u>, 966 F.2d 470, 473-74
(9th Cir. 1992); <u>Cosgrove v. Nat'l Fire & Marine Ins. Co.</u>, 770 F.
App'x 793, 795 (9th Cir. 2019) (unpublished disposition).  In
evaluating motions to intervene, courts must "take all
well-pleaded, nonconclusory allegations in the motion to intervene,
the proposed complaint or answer in intervention, and declarations

4

1  supporting the motion as true." <u>Sw. Ctr. for Biological Diversity</u>

2  <u>v. Berg</u>, 268 F.3d 810, 820 (9th Cir. 2001).

3  **III. Discussion**

4  A.   Permissive Intervention

5       The parties agree that the only disputed issue as to whether

6  Movants should be permitted to intervene is the timeliness of their

7  attempts to do so.  <u>See Beckman</u>, 966 F.2d at 473-74.  "In

8  determining whether a motion for intervention is timely, a court

9  must consider three factors: (1) the stage of the proceeding at

10  which an applicant seeks to intervene; (2) the prejudice to other

11  parties; and (3) the reason for and length of the delay." <u>San Jose</u>

12  <u>Mercury News</u>, 187 F.3d at 1100-01 (internal quotation marks

13  omitted).  The inquiry into any delay "looks to when the intervenor

14  first became aware that its interests would no longer be adequately

15  protected by the parties." <u>Id.</u>

16       (1)  Prejudice

17       With respect to prejudice, Defendants contend that publication

18  of the Sealed Materials would impair their ability to conduct

19  investigations related to the use of force inside the jails, and

20  would compromise inmate and deputy safety. (County Opposition at

21  12; Declaration of Larry Alva ¶¶ 6,8.)  Moreover, Defendants argue,

22  their agreement to provide the Sealed Materials to Plaintiffs was

23  conditioned on the expectation that those materials would, absent

24  some affirmative action by Plaintiffs, remain confidential. (Opp.

25  at 11.)  The unsealing of the confidential materials will,

26  Defendants assert, impair their ability to cooperate and share

27  information with Plaintiffs in the future, and by extension impair

28

5

1  Defendants' ability to comply with the Settlement Agreement, thus

2  affecting the interests of both Plaintiffs and Defendants.[1]

3        The Ninth Circuit has, at times, concluded that where a

4  party's agreement to settle a matter is premised upon

5  confidentiality, intervention to challenge that confidentiality can

6  so substantially prejudice a party that denial of leave to

7  intervene may be appropriate.  See Brunson v. Lambert Firm PLC, 757

8  F. App'x 563, 567 (9th Cir. 2018).  Brunson is somewhat analogous

9  to the circumstances here.  Although the LA Times argues that the

10 sealing of the materials at issue here "was not a bargained-for

11 aspect of the parties' settlement agreement," that is only true in

12 a narrow sense.  To be sure, the Protective Order postdated the

13 Settlement Agreement by several years.  The stipulated Protective

14 Order, however, was the product of extensive, protracted, and

15 ultimately successful negotiations between the parties, and was key

16 to the resolution of Plaintiffs' Motion to Enforce Settlement

17 Agreement.

18       As Movants also highlight, Brunson differed from the instant

19 case in that the former involved a dispute between two private

20 parties, whereas this case has been litigated by a public entity

21 and a class of plaintiffs.  The Ninth Circuit has, however, also

22 occasionally found prejudice involving similar parties.  Orange

23 County v. Air California, 799 F.2d 535, 538 (9th Cir. 1986), for

24 example, involved a municipality's attempt to intervene in

25 litigation between a county government and a collection of

26 citizens' groups and private businesses.  799 F.2d at 536-37.  In

27 ───────────────

28       [1] The court notes that Plaintiffs have not taken any position
   on the instant motions.

light of the district court's observation that intervention "would
be the undoing of five years of protracted litigation," the <u>Orange
County Air</u> court concluded that intervention "clearly [] would
prejudice the parties involved," and therefore affirmed the
district court's denial of permissive intervention, notwithstanding
that such denial preceded the district court's final court approval
of a negotiated settlement involving a public entity.  <u>Air
California</u>, 799 F.2d at 538, 539.

　　　<u>Air California</u>, however, involved an attempt to intervene on
the merits, not a narrower effort to unseal confidential materials.
<u>Air California</u>, 799 F.2d at 537.  In more recent years, the Ninth
Circuit has taken a more limited view of prejudice, at least in the
context of relatively limited motions to intervene for the purpose
of gaining access to sealed court records.  In <u>San Jose Mercury
News</u>, government entity defendants argued, as do Defendants here,
that they might have litigated the case differently if they had
known that materials subject to a protective order might later
become public.  <u>San Jose Mercury News</u>, 187 F.3d at 1101.  The court
rejected that argument, holding that any reliance on the protective
order was unreasonable, as the government defendants could not
bargain away the public's right to access court documents.  <u>Id.</u>
The court further observed that, by the defendants' logic, <u>any</u>
post-hoc attempt to intervene would necessarily be untimely, and
concluded instead that any burdens or inequities resulting from a
party's efforts to obtain records "should affect not the right to
intervene but, rather, the court"s evaluation of the merits of the

1  applicant's motion to lift the protective order."[2]  Id.

2  Accordingly, this Court cannot conclude that any prejudice to the

3  parties warrants the denial of intervention.

4        (2)  Stage of Proceedings

5        "The stage of the proceeding at which an applicant seeks to

6  intervene" is also relevant to the timeliness inquiry.  San Jose

7  Mercury News, 187 F.3d at 1100.  Here, Movants seek to intervene at

8  a very late stage of this settled, but ongoing, proceeding.  This

9  case was filed, and a plaintiff class subsequently certified, over

10 eleven years ago.  (Dkts. 1, 54.)  After numerous settlement

11 conferences with the court, the parties entered into the Settlement

12 Agreement over eight years ago.  (Dkt 110.)  The court held a

13 public hearing and approved the settlement shortly thereafter.

14 (Dkts. 134, 135.)  Pursuant to the Settlement Agreement, the

15 Monitors have issued publicly-available status reports for over

16 seven years.  (E.g. Dkt. 141.)  The parties have engaged in

17 contentious, collaborative, and productive discussions regarding

18 implementation of the settlement agreement for nearly as long.

19 (Dkts. 152, 194.)  As part of those discussions, the parties

20 stipulated to, and the court entered, the Protective Order, which

21

22

---

23      [2] WitnessLA appears to suggest that a motion to intervene for
24 the purpose of unsealing can never be untimely, citing the San Jose
   Mercury News court's statement that "if a motion to intervene is
25 denied as untimely, it is likely that subsequent motions to
   intervene will also be held untimely, stymying the public's right
26 of access altogether."  San Jose Mercury News, 187 F.3d at 1101.
   The court made this pronouncement, however, in the course of
27 rejecting the defendants' specific, prejudice-based "upset
   expectations" argument.  Id.  As the court observed, the defendants
28 did not, unlike Defendants here, contend that a delay rendered the
   attempt to intervene untimely.  Id.

the instant motions seek to circumvent or modify, over five years

ago.  (Dkt. 193.)

    The advanced stage of the litigation, alone, however, does not

render untimely a motion to intervene to challenge confidentiality

orders, even if made "long after a case has been terminated."  Blum

v. Merrill Lynch Pierce Fenner & Smith Inc., 712 F.3d 1349, 1353

(9th Cir. 2013) (internal quotation marks omitted).  Courts in this

circuit have, therefore, regularly concluded that a motion to

intervene is not necessarily untimely simply for being filed late

in the game, even after settlement, trial, or an appeal.  See,

e.g., Hernandez v. Cnty. of Monterey, No. 13-CV-02354-BLF, 2023 WL

5418753, at *1 (N.D. Cal. Aug. 21, 2023) Morizur v. SeaWorld Parks

& Ent., Inc., No. 15-CV-02172-JSW, 2023 WL 1111501, at *1 (N.D.

Cal. Jan. 30, 2023); Mendez v. City of Gardena, 222 F. Supp. 3d

782, 788 (C.D. Cal. 2015).  The late stage of proceedings in this

case is not, therefore, dispositive of Movants' motions.

    (3)  Reasons for and Extent of Delay

    This is not to say that any delay in seeking intervention is

inconsequential.  The court still must determine when a proposed

intervenor first knew, or should have known, that intervention

might have been necessary to protect the intervenor's interest.

San Jose Mercury News, 187 F.3d at 1101; see also Alaniz v. Tillie

Lewis Foods, 572 F.2d 657, 659 (9th Cir. 1978).

    There can be no dispute that that media outlets such as

Movants have an interest in "publish[ing] information concerning

the operation of government."  Kamakana v. City & Cnty. of

Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006).  Nevertheless,

Defendants argue that Movants had notice that their interests

diverged from Plaintiffs' no later than May 2018, when Plaintiffs stipulated to the entry of the Protective Order and withdrew their Motion to Enforce.  Movants suggest that they relied upon Plaintiffs to safeguard Movants' interests, and that Movants only realized that such reliance was misplaced in May 2023, when Plaintiffs failed to exercise the right, retained under the Protective Order, to seek to file the Sealed Materials publicly.

As private citizens, Plaintiffs certainly possess some interest in keeping a "watchful eye" on public agencies.  Kamakana, 447 F.3d at 1178 (quoting Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978)).  Strictly speaking, however, the interest Plaintiffs seek to protect through this litigation — the right under the Eighth and Fourteenth Amendments "to reasonable protection from violence and excessive force" — is distinct from Movants' interest in publishing information concerning the workings of government agencies.  (First Amended Complaint ¶ 3.)  In some cases, however, a plaintiff's interest may overlap with distinct press interests.  In San Jose Mercury News, for example, two plaintiffs brought employment discrimination claims against a public entity.  San Jose Mercury News, 187 F.3d at 1101. Notwithstanding the private nature of the plaintiffs' interests, the court held, upon a motion by a newspaper to obtain a sealed report produced, over the defendants' objection, in discovery, that "the interests of the Mercury News were being effectively represented by the Plaintiffs, who had persistently sought production of the Report."  Id.  Granted, the court also concluded that that confluence of interests persisted only "until the filing of the stipulated protective order," at which point "the injury to

1  the public's right of access became clear." Id.  Here, however,

2  the filing of the Protective Order did not give Movants similar

3  notice.  The Protective Order applied (and continues to apply) to

4  broad categories of documents, not specifically to the Sealed

5  Materials themselves.  Movants have made clear that they do not

6  seek access to the entire universe of materials subject to the

7  Protective Order, but rather only to the limited set of Sealed

8  Materials, which did not exist at the time the Protective Order was

9  entered.  Movants had no indication of the existence of those

10  materials until Plaintiffs recently filed them, at which point it

11  also became clear that Plaintiffs would not seek a court

12  determination that the Sealed Materials could be filed publicly.

13  Movants sought to intervene approximately two months later.  This

14  modest delay does not warrant a finding of untimeliness.

15  **IV.  Conclusion**

16      For the reasons stated above, the court determines that

17  Movants' motions to intervene are timely.  The motions to intervene

18  are, therefore, GRANTED, pursuant to Rule 24(b).[3]

19      A separate Order shall issue with respect to Movants' motions

20  to unseal the Sealed Materials.  At argument, Movants indicated

21  that they would not object to redactions of certain information in

22  the Videos.  Defendants, for their part, indicated that they would

23  not object to the unsealing of at least one of the Videos.  With

24

25

26      [3] The LA Times, but not Witness LA, also seeks intervention as
     of right under Rule 24(a).  WitnessLA, but not the LA Times, also
27   asserts a First Amendment right to intervene.  Having granted
     permissive intervention to Movants, however, the court need not
28   address these additional arguments.

1   that understanding, the court is inclined to grant Movants' motions

2   to unseal, subject to the following:

3       Defendants shall, within 21 days of the date of this Order,

4   lodge with the court a set of edited Videos pixelated, cropped, or

5   otherwise redacted to the minimum extent necessary to address any

6   privacy or security concerns (the "Edited Videos").[4]  Such

7   alterations shall not obscure or diminish any depictions of uses of

8   force.  Plaintiffs and Defendants may lodge, along with the set of

9   Edited Videos, a Joint Statement providing additional contextual

10   information about any or all of the Videos.  Although the court

11   prefers that Plaintiffs and Defendants agree on any such

12   commentary, the parties may, if necessary, submit separate

13   additional statements.

14       The court then anticipates issuing an Order releasing the

15   Edited Videos shortly thereafter.

16       IT IS SO ORDERED.

17

Dated: September 12, 2023

18                              DEAN D. PREGERSON

19                              United States District Judge

20

21

22

23

24

25

26

27      [4] To the extent Defendants believe that any of the written
references to the Videos in the Sealed Materials implicate these

28   concerns, Defendants shall also lodge proposed versions of those
references redacted to the minimum extent necessary.