PETER J. ELIASBERG
(SB# 189110)
peliasberg@aclusocal.org
MELISSA CAMACHO
(SB# 264024)
mcamacho@acluscal.org
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
1313 W. 8th Street
Los Angeles, CA 90017
Phone: (213) 977-9500
Fax: (213) 977-5299

NICOLAS MORGAN
(SB# 166441)
nicolasmorgan@paulhastings.com
STEPHEN TURANCHIK
(SB# 248548)
sturanchik@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071-2228
Phone: (213) 683-6000
Fax: (213) 627-0705

CORENE KENDRICK
(SB# 226642)
ckendrick@aclu.org
MARISOL DOMINGUEZ-RUIZ
(SB# 345416)
mdominguez-ruiz@aclu.org
ACLU NATIONAL PRISON PROJECT
39 Drumm St.
San Francisco, CA 94111
Phone: (202) 393-4930
Fax: (202) 393-4931

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEX ROSAS and JONATHAN GOODWIN on behalf of themselves and of those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Robert Luna, Sheriff of Los Angeles County, in his official capacity,<br><br>Defendant. | CASE NO. CV 12-00428 DDP (MRW)<br><br>**JOINT STATUS REPORT**<br><br>Date: October 30, 2023<br>Time: 10:00 am<br>Judge: Hon. Dean D. Pregerson<br>Crtrm: Courtroom 9C |

The parties submit this joint status report in anticipation of the status conference scheduled for October 30, 2023, and to update the Court on the

negotiations of the parties to attempt to resolve the issues raised by Plaintiffs' Motion to Modify the Court-Approved Implementation Plan (Doc. 252), to address head strikes, force prevention, use of the WRAP restraint device, and accountability for specific use of force violations and dishonest reporting.

**WRAP**

Plaintiffs have agreed to withdraw the portion of their Motion to Modify related to the alleged overuse and improper use of the WRAP on the following terms agreed to by the parties.

1) The Sheriff's Department will adopt a revised policy governing use of the WRAP, which includes restrictions on use of the WRAP that were not part of the prior policy, including restriction on the use of spit masks for people in the WRAP. The revised WRAP policy is attached as Exhibit 1.

2) The Sheriff's Department will turn its most recent spit mask bulletin into a spit mask policy that will includes the following language restricting use of spits masks on people in the WRAP:

"Do not use [a spit mask] in conjunction with the WRAP unless the person is actively spitting, verbally threatening to spit, or there are clear signs the person intends to spit (i.e., the person is collecting saliva/mucus in their mouth or making sounds like they are gathering saliva/mucus), and all other conditions in this bulletin are met."

A copy of the current spit mask bulletin is attached as Exhibit 2.

3) The Monitors will draft a provision or provisions addressing the use of WRAP that reflect the Department's revised WRAP policy to be added to Section 17 of Implementation Plan, which covers "Use of Restraints." The Monitors will circulate that provision to the parties for comment, take into account the parties' comments, and then submit it to the Court for its approval and inclusion in the Court-Approved Implementation Plan.

**Head Strikes**

The parties have not resolved their disagreements about the adequacy of the portion of the Limitations on Force policy that addresses head strikes/head punches. On September 27, 2023, Melissa Camacho from the ACLU spoke with Robert Bailey from County Counsel, and reiterated a number of Plaintiffs' concerns about the version of the Limitations on Force Policy that the parties were negotiating over, Version 33. Over the course of October, Robert Bailey and Timothy Kral from the County Counsel's Office conferred at length with the Monitors regarding the awkwardness of the third prong of the three prong test in the Limitations of Force Policy used to limit head strikes. These meetings occurred on October 5, 11, 16, and 25. In between these meetings. Deputy County Counsels Bailey and Kral also met with the Department to receive input in crafting a more practical policy utilizing the guidance provided from the Monitors. These discussions led to Defendants crafting Versions 34 and 35 of the Limitations of Force Policy.

On Friday October 20, 2023, Defendants circulated to the Monitors and Plaintiffs' counsel a revised version of the Limitations of Force Policy (Version 35) that was substantially different from the last version Plaintiffs had seen (Version 33)[1] in that it moved away from the "and, and, and" formulation that had been the focus of earlier versions. Shortly thereafter the parties agreed to meet along with the Monitors on Friday October 27, 2023, to discuss the Limitations on Force Policy.

On Tuesday October 24, 2023, Plaintiffs' counsel met with the Monitors in person to discuss, among other things, the most recent Limitations on Force Policy. The next day, the Monitors wrote counsel for all parties that they had reviewed Version 35 of the policy, that they were "not supportive of this version of the policy" and recommended to the County that "they return to the version prior to this one and focus on revising the third prong" – the prong that contains a requirement to

---

[1] Defendants did not share version 34 of the Limitations on Force Policy with Plaintiffs' counsel.

use available alternative means of addressing a situation that does not involve punching someone in the head.

On Thursday October 26, Defendants' counsel e-mailed Plaintiffs' counsel stating, "LASD will not be using version 35 of the Limitations on Force policy. We are working on a revised version." Following further discussions between Deputy County Counsel Robert Bailey and Timothy Kral and the Monitors, Defendants provided the Monitors with a new version of the Limitations on Force policy (version 36) that attempts to address the Monitors concerns and that takes into account similar policies in close to one dozen law enforcement agencies from around the country, most of which crafted their force policies as a result of being under Department of Justice consent decrees. Provided this policy meets with the Monitors' approval, it will be immediately shared with the ACLU. Meanwhile, the parties met on Friday, October 27, 2023, and discussed how the Defendants intended to modify the policy in light of the Monitors' comments. After the meeting Defendants circulated a revised version of the policy, which Plaintiffs' counsel will review carefully and respond to Defendants about as expeditiously as possible.

**Accountability**

The parties have not resolved their disagreements about whether the Implementation Plan should be modified to address Plaintiffs' concerns that the Department does not adequately identify and impose appropriate discipline for violations of specific use of force violations, specifically improper use of head punches, failure to implement force prevention principles, and failure to address head strikes/head punches and dishonest reporting by line personnel. Defendants' position is that their current policies and changes they have announced, are in the process of implementing, or have started to implement, including the use of an independent use of force review team, which began taking over investigations of Category II uses of force that occur in the jails in August 2023, are sufficient to ensure appropriate accountability and that the new Sheriff should be given a fair

opportunity to demonstrate that, under his leadership, deputies who engage in violations of Department policy will properly be held accountable for their actions.

The parties have not had any substantive communications about accountability and discipline since the last status conference but agree that future substantive negotiations are needed to determine whether they can come to agreement or whether Plaintiffs will renew their motion to the Court to Modify the Implementation Plan to address accountability.

**Streamlining the *Rosas* Reporting Process**

For years, the Monitors have encouraged the parties to attempt to reach an agreement on streamlining the reporting process in this case and agreeing to a mechanism that will realistically allow the Department to eventually reach overall compliance with the Settlement Agreement. As a step forward in that direction, the Parties agreed, as part of the joint compliance plan they have formulated, to "work to streamline the Rosas reporting process such that static provisions and provisions where compliance has been met for an extended period can be shifted to non-reporting status," with two provisos: (1) that if there is any Department change that violates the static provisions (i.e., Custody Operations are no longer headed by an Assistant Sheriff whose only responsibility is Custody Operations (Rosas 1.1), then the non-reportable provision will return to required reporting status; and (2) all Departmental person-hours that are freed by such streamlining will be dedicated exclusively to helping attain provisions that continue to be reported.

Following up this agreement, on May 12, 2023, the Department provided the ACLU with a list of 54 provisions or sub-provisions which have been in compliant status for close to three years or more and asked that they be moved to non-reporting status, so the Department could focus its resources on the outstanding issues considered by Plaintiffs to be foremost in importance. Plaintiffs refused this request for all but five provisions. In their response on May 31, 2023, Plaintiff agreed that reporting could cease on five provisions, did not agree to the cessation of reporting

for some provisions – with detailed explanations for Plaintiffs' position -- and noted that many provisions do not have self-reporting requirements under the terms of the Compliance Measures. The Department has not yet responded to Plaintiff's position or concerns as set forth in their May 31, 2023 response.

  The parties have yet to meet and confer in an attempt to bridge this gap and to obtain the Monitors' perspective on how their monitoring in this case could be appropriately streamlined, but the parties will do so in the near future in an effort to resolve this issue.

Respectfully Submitted,

DATED: October 27, 2023  Peter J. Eliasberg
  ACLU FOUNDATION OF
  SOUTHERN CALIFORNIA

  By:  /s/ Peter J. Eliasberg
    Peter J. Eliasberg
    Attorneys for Plaintiffs Alex Rosas and Jonathan Goodwin, on behalf of themselves and of those similarly situated

DATED: October 27, 2023  KENDALL BRILL & KELLY LLP

  By:  /s/ Robert E. Dugdale
    Robert E. Dugdale
    Attorneys for Robert Luna, Sheriff of Los Angeles County, in his Official Capacity