OFFICE OF COUNTY COUNSEL
Dawyn Harrison (173855)
County Counsel
  dharrison@counsel.lacounty.gov
Amy Loeliger (235498)
Deputy County Counsel
  aloeliger@counsel.lacounty.gov
500 West Temple St., Floor 6
Los Angeles, California 90012
Telephone: 213.974.1811
Facsimile: 213.687.8822

KENDALL BRILL & KELLY LLP
Robert E. Dugdale (167258)
  rdugdale@kbkfirm.com
Daniel Barlava (334910)
  dbarlava@kbkfirm.com
10100 Santa Monica Boulevard, Suite 2500
Los Angeles, CA 90067
Telephone: 310.556.2700
Facsimile: 310.556.2705

*Counsel for Defendant*
Robert Luna, Sheriff of
Los Angeles County, in his Official Capacity

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ALEX ROSAS and JONATHAN GOODWIN on behalf of themselves and those similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>ROBERT LUNA, Sheriff of Los Angeles County, in his official capacity,<br><br>    Defendant. | Case No. 12-cv-00428 DDP<br><br>**DEFENDANT'S REQUEST FOR A RULING REGARDING THE PRODUCTION OF CONFIDENTIAL RECORDS SUBJECT TO NON-DISCLOSURE UNDER STATE LAW TO THE MONITORING PANEL**<br><br>Judge: Hon. Dean D. Pregerson<br>Crtrm: 9C |

604458746.1

**TABLE OF CONTENTS**

Page

I. INTRODUCTION AND FACTUAL BACKGROUND ................................. 1

II. DEFENDANT REQUESTS THAT THE COURT DETERMINE WHETHER THE CONFIDENTIAL RECORDS SOUGHT BY THE MONITORING PANEL SHOULD BE DISCLOSED ..................................... 4

    A. The LASD is required to maintain the confidentiality of the personnel records the Monitoring Panel has requested under California law ............................................................................................... 4

    B. The Monitoring Panel has claimed a need for access to the IAB records at issue in order to perform its monitoring function .................. 5

    C. The LASD will abide by any decision of this Court .............................. 6

III. CONCLUSION ............................................................................................. 8

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604458746.1

i

DEFENDANT'S REQUEST FOR A RULING REGARDING THE PRODUCTION OF CONFIDENTIAL RECORDS SUBJECT TO NON-DISCLOSURE UNDER STATE LAW TO THE MONITORING PANEL

## I. INTRODUCTION AND FACTUAL BACKGROUND

Consistent with the obligations imposed on Los Angeles County Sheriff Robert G. Luna ("Sheriff" or "Defendant") by the Settlement Agreement and Implementation Plan governing this case, and reflecting the value the Sheriff and the Los Angeles County Sheriff's Department (the "LASD") place on the transparency with which the LASD should operate, the LASD regularly provides the Court-appointed Monitoring Panel in this case with substantial documentation relating to uses of force in the Downtown Los Angeles Jail facilities, including, but not limited to, synopses of use force incidents; videos of use of force incidents; videos of interviews with witnesses and inmates; written witness reports; photographs; and the written findings of the LASD supervisors who review uses of force and determine whether or not particular uses of force constitute violations of LASD policies or requirements in this case pertaining to force incidents. Pursuant to the Parties' May 11, 2018 Protective Order controlling the production of materials from the LASD to the Monitoring Panel (the "Protective Order"), the LASD also provides much, but not all, of these same materials to Plaintiffs' counsel from the American Civil Liberties Union ("ACLU"). *See* Dkt. No. 193 at pp. 7-11.[1]

In addition to the information identified above, the LASD provides the Monitoring Panel and the ACLU with summaries and results of any investigations performed by the LASD's Internal Affairs Bureau[2] ("IAB") related to the most serious uses of force that occur in the Downtown Los Angeles Jails facilities (consisting of Men's Central Jail, Twin Towers Correctional Facility, and the Inmate Reception Center). However, in sharing these materials concerning IAB

---

[1] A copy of the Protective Order is attached as Exhibit A to this Request.

[2] The IAB is responsible for investigating misconduct throughout the LASD. Within the custody division, IAB typically investigates any Category 3 use of force and may investigate a use of force which could lead to an administrative review.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604458746.1                                    1

DEFENDANT'S REQUEST FOR A RULING REGARDING THE PRODUCTION OF CONFIDENTIAL RECORDS SUBJECT TO NON-DISCLOSURE UNDER STATE LAW TO THE MONITORING PANEL

investigations, the LASD has <u>not</u> previously produced to either the Monitoring Panel or the ACLU the underlying investigative files and documents associated with the uses of force investigated by IAB, including witness interviews conducted by IAB, and such documentation and information is typically several hundred pages in length.  This information is highly confidential and sensitive, as it contains lengthy audio interviews and transcripts with all personnel involved in the matter under investigation, as well as the work history and Peace Officer Standards and Training ("POST") profile for the employee(s) involved in the use of force incident.  The IAB interviews that are a part of these force reviews scrutinize the employees' conduct to such an extent, and in such a confidential manner, that the employees interviewed are afforded an opportunity to have a representative with them and are instructed not to discuss the investigation and interview with anyone other than their representative.  The POST profiles included within these IAB files also include other highly sensitive information, including the personal phone numbers and addresses, as well as the emergency contact information, of Deputies.  This information considered by IAB as part of its force reviews provides a level of detail and disclosures of personal information that far exceed information currently provided to the Monitoring Panel.  This type of confidential and sensitive information has never been included in the materials the LASD is regularly required to produce to the Monitoring Panel or the ACLU pursuant to the Parties' Settlement Agreement, the Settlement Agreement's Implementation Plan, or the Parties' Protective Order.

Recently, the Monitoring Panel requested, for the first time since it was formed in this case more than a decade ago, that, in addition to the partial summaries of IAB investigations which the LASD has regularly produced to the Monitoring Panel for many years, the LASD also provide it with all of the underlying files and documents related to the investigations performed by IAB concerning uses of force in the Downtown Los Angeles Jail facilities.  Currently, the

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604458746.1

2

DEFENDANT'S REQUEST FOR A RULING REGARDING THE PRODUCTION OF CONFIDENTIAL RECORDS SUBJECT TO NON-DISCLOSURE UNDER STATE LAW TO THE MONITORING PANEL

Monitoring Panel is requesting these files for three use of force incidents evaluated during the 15th Reporting Period, spanning January 1, 2024 to June 30, 2024. However, the members of the Monitoring Panel have also confirmed that they may request IAB files, containing all of the sensitive law enforcement records noted above, as needed in the future.

The Sheriff and the LASD are fully committed to cooperating with the Monitoring Panel when it comes to addressing its requests for information. They value the collaborative relationship that exists between the LASD and the Monitoring Panel in this case; and appreciate the valuable oversight the Monitoring Panel provides, and the role it has played in drastically decreasing the frequency with which force has been used in the Downtown Los Angeles Jail Facilities over the past several years.  However, this particular request by the Monitoring Panel for sensitive and restricted personnel records, which the Panel has never previously expressed a need for in the more than 10 years it has performed its monitoring function in this case, raises significant concerns for the Sheriff.  Because the privacy rights of LASD deputies would be impacted by the disclosure of these records, and the disclosure of these records could further place the LASD deputies identified in these records at significant personal risk, California law subjects these records to strict confidentiality requirements, prohibits their disclosure to anyone outside of the LASD except in certain limited circumstances, and imposes potentially severe consequences that may be meted out on those who improperly disclose such records. Because the LASD cannot simply disregard the protections afforded to these records under state law by producing them as requested to the Monitoring Panel, and because the LASD cannot risk the potential fallout of criminal charges, civil liability, and the erosion of public trust that could result if it ignores laws it is responsible for enforcing, the LASD requests that this Court determine whether the records sought by the Monitoring Panel in this instance are necessary for the performance of its duties, and should be disclosed notwithstanding their sensitive

604458746.1

3

DEFENDANT'S REQUEST FOR A RULING REGARDING THE PRODUCTION OF CONFIDENTIAL RECORDS SUBJECT TO NON-DISCLOSURE UNDER STATE LAW TO THE MONITORING PANEL

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

nature and the fact the LASD is not allowed to disclose these records to the Monitoring Panel under state law.[3]

## II. DEFENDANT REQUESTS THAT THE COURT DETERMINE WHETHER THE CONFIDENTIAL RECORDS SOUGHT BY THE MONITORING PANEL SHOULD BE DISCLOSED

### A. The LASD is required to maintain the confidentiality of the personnel records the Monitoring Panel has requested under California law

The LASD is concerned that providing the requested IAB files to the Monitoring Panel may run afoul of California Penal Code Sections 832.7 and 502(c)(2).  Penal Code Section 832.7 prohibits disclosure of "the personnel records of peace officers and custodial officers and records maintained by a state or local agency" outside the context of investigations or proceedings "conducted by a grand jury, a district attorney's office, or the Attorney General's office."[4]  The records

---

[3] Prior to filing this request, counsel for the LASD informed the Monitoring Panel of its intention to seek the relief described herein, and informed the Panel that the LASD did not believe it could produce the IAB records sought before first obtaining this Court's authorization to do so.  Counsel for the LASD also exchanged written correspondence with the ACLU discussing the substance of this request and the ACLU's position as to the relief sought, including the LASD's intention to inform the Court that it should not be obligated to produce the IAB records at issue to the ACLU, even if authorization is provided to produce such records to the Monitoring Panel.  Following this effort to meet and confer on these issues, the ACLU stated that it did not oppose the LASD's request for potential authorization to release the IAB records at issue to the Monitoring Panel, but has not yet decided whether to oppose the portion of the proposed relief seeking to limit the disclosure of these materials to the Monitoring Panel.  The ACLU further indicated that, if it decided to oppose this limitation, it would do so within ten days of when this request is filed and would do so only after further conferring with the LASD's counsel.

[4] Penal Code Section 832.7(b)(1)(A)(ii) provides an exception to the bar on disclosing personnel records relating to "the report, investigation, or finding of…an incident involving the use of force against a person by a peace officer or custodial

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604458746.1                                         4
DEFENDANT'S REQUEST FOR A RULING REGARDING THE PRODUCTION OF CONFIDENTIAL RECORDS SUBJECT TO NON-DISCLOSURE UNDER STATE LAW TO THE MONITORING PANEL

contained within the IAB file, which contain confidential employee interviews, as well as the work histories of LASD Deputies and their POST profiles, indisputably constitute personnel records. Furthermore, Penal Code Section 502(c)(2) provides that "any person" who "[k]nowingly accesses and without permission takes, copies, or makes use of any data from a computer, computer system, or computer network, or takes or copies any supporting documentation, whether existing or residing internal or external to a computer, computer system, or computer network," is "guilty of a public offense." Cal. Pen. Code § 502(c)(2).

The LASD is concerned that producing the sensitive and confidential personnel records within the IAB files that the Monitoring Panel seeks to individuals outside of the LASD—including the members of the Monitoring Panel itself, and others who may obtain access to these records as a result of this production—could be construed as a violation of these Penal Code sections, and could result in serious consequences to those at the LASD who authorized this production.[5]

### B. The Monitoring Panel has claimed a need for access to the IAB records at issue in order to perform its monitoring function

While recognizing the LASD's concerns that its production of the requested

---

officer that resulted in death or in great bodily injury." However, the LASD is seeking clarity as to whether these records can be disclosed when requested by the Monitoring Panel without having to assess in each instance whether this exception applies, since not all use of force incidents investigated by the IAB for which the Monitoring Panel may seek records are incidents that resulted "in great bodily injury" and there have been no such incidents over the life of this case that resulted in death.

[5] Helpfully, in meeting and conferring with the Monitoring Panel about this request, the Monitors have emphasized that sensitive personal information about individual deputies contained in the records the Panel is seeking, such as personal addresses, phone numbers, and emergency contact information for individual deputies, is of no concern to their role as Monitors and the oversight they provide in this case, and may be redacted from the requested files to the extent possible.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604458746.1                                 5
DEFENDANT'S REQUEST FOR A RULING REGARDING THE PRODUCTION OF CONFIDENTIAL RECORDS SUBJECT TO NON-DISCLOSURE UNDER STATE LAW TO THE MONITORING PANEL

IAB records to non-Department personnel may constitute a violation of California Penal Code Sections 832.7 and 502(c)(2), the Monitoring Panel has nonetheless asserted that it needs the requested records in order to perform its monitoring function, as set forth in the Settlement Agreement and Implementation Plan. Specifically, the LASD understands that the Monitoring Panel believes its access to the requested IAB records is needed to allow the Monitoring Panel to conduct a more fulsome analysis of certain uses of force for which the Monitoring Panel and LASD have reached divergent conclusions as to whether those uses of force violated LASD force policies.[6] In light of the fact the Monitoring Panel has performed its functions in this case for more than a decade without previously demanding access to the IAB files it now seeks access to, the Monitoring Panel's need for these records should be assessed by this Court.

### C. The LASD will abide by any decision of this Court

The LASD recognizes that this Court has the authority to order the protection of these confidential materials to the Monitoring Panel so that the Monitoring Panel may carry out the oversight of uses of force in the jails that it has been entrusted by the Court to provide in this case. Moreover, the LASD wishes to comply with its obligations under the Settlement Agreement and Implementation Plan to the maximum extent, and as transparently as possible. However, the LASD is concerned that the production of the requested records may constitute a violation of state law, which reflects important confidentiality concerns regarding these records,

---

[6] The LASD does not believe that the number of uses of force for which such divergent conclusions have been reached is statistically significant—particularly given the number of deputy-inmate interactions across the Downtown LA Jails, and the overall downward trend in the number of uses of force across the Downtown LA Jails over the past several years. However, the LASD understands and appreciates the Monitoring Panel's position and wishes to comply with the spirit and letter of its obligations under the Settlement Agreement and Implementation Plan to the maximum extent possible.

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604458746.1

6

DEFENDANT'S REQUEST FOR A RULING REGARDING THE PRODUCTION OF CONFIDENTIAL RECORDS SUBJECT TO NON-DISCLOSURE UNDER STATE LAW TO THE MONITORING PANEL

including concerns related to deputy safety and privacy.

The Monitoring Panel has expressed a need for access to the IAB records at issue in order to carry out its function of determining, as the court-appointed monitors in this case, whether particular uses of force constitute violations of the Parties' agreed-upon use of force guidelines. The LASD requests the Court to evaluate those needs in light of state law and to determine whether the records should be disclosed.

Regardless of the need for these records expressed by the Monitoring Panel and the Court's evaluation of that need, Plaintiffs' counsel from the ACLU do not have a similar need for access to these highly sensitive records. Moreover, the production of these highly sensitive IAB records to Plaintiffs' counsel would require the dedication of significant time and resources to review and redact sensitive information to ensure deputy privacy, thereby imposing yet another burden upon the LASD associated with its Rosas compliance.[7] Specifically, hundreds of pages of records will need to be redacted to remove the names and employee numbers of each staff member ranked below a Captain, including line-by-line entries contained in the interview transcripts. Accordingly, because the ACLU does not have the same need for access to the highly confidential investigative files at issue that the Monitoring Panel has, and because redacting sensitive information from these files would impose a significant and unwarranted burden on the LASD, the LASD believes a departure from its usual practice of sharing identical information with the Monitoring Panel and the ACLU is justified in this isolated case, and that the

---

[7] At some point, the level of administrative and record-keeping burden imposed by the Settlement Agreement and Implementation Plan, which has grown significantly since the execution of these agreements, begins to detract from and undermine the core mission of the LASD in safely operating the Downtown Los Angeles Jails. Respectfully, the LASD contends that the current suite of reporting obligations is approaching this point.

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604458746.1                                7
DEFENDANT'S REQUEST FOR A RULING REGARDING THE PRODUCTION OF CONFIDENTIAL RECORDS SUBJECT TO NON-DISCLOSURE UNDER STATE LAW TO THE MONITORING PANEL

ACLU's access to information concerning investigations performed by the LASD's IAB should be confined to the summaries of IAB investigations that the LASD has been producing to the ACLU for more than 10 years without complaint.

For each of these reasons, the LASD requests that the Court evaluate the Monitoring Panel's need for access to the requested records in light of the confidentiality requirements mandated by state laws governing these records. To the extent the Court rules that these records should be disclosed, their disclosure should be limited to the Monitoring Panel, given the particular sensitivity of these records and the legal protections associated with them. To the extent the Court's ruling requires a modification to the Parties' Protective Order in this case, the LASD believes that such a modification should be executed prior to the LASD's production of any of the requested IAB records to the Monitoring Panel. *See* Exhibit A at p. 19 (setting forth procedure by which Protective Order may be modified by the Parties and/or the Court).

### III.  CONCLUSION

For each of the foregoing reasons, the LASD requests that the Court evaluate whether the Monitoring Panel needs the confidential IAB records it seeks from the LASD to perform its monitoring function, and whether the LASD is permitted to produce these records in light of the confidentiality restrictions and criminal penalties associated with producing these records set forth in California Penal Code Sections 832.7 and 502(c)(2). In the event the Court finds the LASD is obligated to produce these protected records to the Monitoring Panel, the LASD will do so. However, the LASD should not be not be required to produce these records to the Plaintiffs' counsel due to their particularly sensitive nature. Instead, the LASD should be permitted to continue its practice of producing to Plaintiffs' counsel summaries and results of investigations performed by the IAB, a practice that has occurred in this case without complaint for more than a decade to date.

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604458746.1

8

DEFENDANT'S REQUEST FOR A RULING REGARDING THE PRODUCTION OF CONFIDENTIAL RECORDS SUBJECT TO NON-DISCLOSURE UNDER STATE LAW TO THE MONITORING PANEL

1  DATED: June 2, 2025           KENDALL BRILL & KELLY LLP

4              By:    /s/ Robert E. Dugdale
                      Robert E. Dugdale
                      Attorneys for Defendant
                      Sheriff Robert Luna

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604458746.1

9

DEFENDANT'S REQUEST FOR A RULING REGARDING THE PRODUCTION OF CONFIDENTIAL RECORDS SUBJECT TO NON-DISCLOSURE UNDER STATE LAW TO THE MONITORING PANEL

# PROOF OF SERVICE

**STATE OF , COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 10100 Santa Monica Blvd., Suite 2500, Los Angeles, CA 90067.

On June 2, 2025, I served true copies of the following document(s) described as **DEFENDANT'S REQUEST FOR A RULING REGARDING THE PRODUCTION OF CONFIDENTIAL RECORDS SUBJECT TO NON-DISCLOSURE UNDER STATE LAW TO THE MONITORING PANEL** on the interested parties in this action as follows:

Kathleen Kenny –
kkenney4695@gmail.com

Nicholas Mitchell –
nmitchell@independentmonitor.com

Bob Houston –
houstonnebraska@gmail.com

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused the document(s) to be sent to each interested party at the email addresses listed above or on the attached service list.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 2, 2025, at Los Angeles, California.

*Carla K. Rossi*
Carla K. Rossi

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604458746.1

10

DEFENDANT'S REQUEST FOR A RULING REGARDING THE PRODUCTION OF CONFIDENTIAL RECORDS SUBJECT TO NON-DISCLOSURE UNDER STATE LAW TO THE MONITORING PANEL