PETER J. ELIASBERG (SB# 189110)
peliasberg@aclusocal.org
MELISSA CAMACHO (SB# 264024)
mcamacho@aclusocal.org
JACOB REISBERG (SB# 329310)
jreisberg@aclusocal.org
**ACLU FOUNDATION OF SOUTHERN CALIFORNIA**
1313 W. 8th Street
Los Angeles, CA 90017
Phone: (213) 977-9500
Fax: (213) 977-5299

*Attorneys for Plaintiffs*

*Additional Counsel Listed on Next Page*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEX ROSAS and JONATHAN GOODWIN on behalf of themselves and of those similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> Robert Luna, Sheriff of Los Angeles County, in his official capacity, <br><br> Defendant. | CASE NO. 2:12-CV-00428-MWF-MRW <br><br> **DECLARATION OF PETER J. ELIASBERG IN SUPPORT OF PLAINTIFFS' STATEMENT IN RESPONSE TO DEFENDANT'S REQUEST FOR A RULING REGARDING THE PRODUCTION OF CONFIDENTIAL RECORDS SUBJECT TO NON-DISCLOSURE UNDER STATE LAW TO THE MONITORING PANEL** <br><br> Date:  July 28, 2025 <br> Time:  10:00 a.m. <br> Judge:  Hon. Michael W. Fitzgerald <br> Courtroom:  Courtroom 5A |

DELCARATION OF PETER J. ELIASBERG
Case No. 2:12-CV-00428-MWF-MRW

*Additional Counsel Continued*

CORENE KENDRICK (SB# 226642)
ckendrick@aclu.org
MARISOL DOMINGUEZ-RUIZ (SB# 345416)
mdominguez-ruiz@aclu.org
**ACLU NATIONAL PRISON PROJECT**
425 California St., Ste. 700
San Francisco, CA 94104
Phone: (202) 393-4930
Fax: (202) 393-4931

*Attorneys for Plaintiffs*

JENNIFER S. BALDOCCHI (SB# 168945)
jenniferbaldocchi@paulhastings.com
LINDSEY C. JACKSON (SB# 313396)
lindseyjackson@paulhastings.com
**PAUL HASTINGS LLP**
515 South Flower Street, 25th Floor
Los Angeles, CA 90071-2228
Phone: (213) 683-6000
Fax: (213) 627-0705

*Attorneys for Plaintiffs*

DECLARATION OF PETER J. ELIASBERG
Case No. 2:12-CV-00428-MWF-MRW

## DECLARATION OF PETER J. ELIASBERG

I, Peter J Eliasberg, hereby declare:

1.    I make this declaration based on my own personal knowledge and if called to testify I could and would do so competently as follows:

2.    I am an attorney admitted to practice law in the State of California and in this Court.

3.    I am Chief Counsel at the ACLU Foundation of Southern California (the ACLU).  The ACLU, the ACLU National Prison Project, and the law firm of Paul Hastings represent the Plaintiff class, which comprises "all present and future inmates confined in the Jail Complex in downtown Los Angeles."  Order Granting Plaintiffs' Motion for Class Certification and Denying Defendants' Motion to Dismiss, at 11. Dkt. 54.

4.    I have been working on this matter since before it was filed.  I am very familiar with how this case has been litigated, including the interaction between Plaintiffs' counsel and the court-appointed monitoring panel (the "Panel"), whose responsibilities under the class action settlement agreement include evaluating and reporting to the Court about Defendant's compliance with the settlement agreement and the *Rosas* Implementation Plan, which is incorporated into the settlement agreement.

5.    Since the Court approved the settlement agreement, Plaintiffs' counsel have been in active communications with the Panel to fulfill our obligations as class counsel to ensure that Defendant comes into compliance with the settlement agreement and Implementation Plan.  The Panel—the composition of which has changed over the years, although Mr. Houston has been on it since the beginning – has welcomed our involvement and solicited our input regularly.

6.    As part of our work, we meet with the Panel at least twice a year, sometimes more often, to review the use of force packages that the Panel has asked

DECLARATION OF PETER J. ELIASBERG
Case No. 2:12-CV-00428-MWF-MRW

the Defendant to provide so that the Panel can assess the Defendant's compliance. Before those meetings, Plaintiffs' counsel carefully reviews the packages and then generally informs the Panel which packages Plaintiffs' counsel would like to discuss in detail. During the meetings, we discuss with the Panel both any concerns that we have based on our review and the Panel's tentative evaluations of whether the uses of force in the packages are compliant with the provisions of the Implementation Plan.

7.    In some, but certainly the minority of cases, we explain to the Panel why we disagree with their tentative findings of compliance. The Panel has informed us on numerous occasions that our discussions have led them to reevaluate some of their conclusions. In other cases, the Panel's explanation of why they have evaluated a use of force as compliant has alleviated our concerns about the use of force.

8.    Another way Plaintiffs' counsel interacts with the Panel is by providing feedback on the draft of the report they plan to submit to the Court, but before they submit the final version. I understand that the Panel engages in the same process with Defendant and Defendant's counsel. I know from reviewing both the Panel's drafts and the final version they submit to the Court that the Panel often incorporates feedback we have provided on their draft report.

9.    In my opinion, as counsel who has worked on *Rosas* longer than any lawyer involved in the case, Plaintiffs' counsel have played and continue to play a very important role in pushing the Defendant towards compliance with the Implementation Plan. Of course, the Panel also plays a very important role. But our interaction with the Panel informs their work, influences their decisions about what uses of force are compliant and the content and conclusions they include in their regular reports to the Court.

10.    Plaintiffs' counsel's ability to work effectively with the Panel and

DECLARATION OF PETER J. ELIASBERG
Case No. 2:12-CV-00428-MWF-MRW

fulfill their obligations to the Plaintiff class would be hindered if we did not have access to the materials the Panel obtains to make their assessments of compliance.

11. In 2023, Plaintiffs filed a Motion to Modify the Court-Ordered Implementation Plan to address long-standing non-compliance with a number of provisions of the Implementation Plan that Plaintiffs had observed, and the Panel had reported on in their reports to the Court. Judge Pregerson did not rule on Plaintiffs' Motion, as he directed the parties to engage in negotiations to resolve the issues raised in it. Those negotiations continue, but have resulted in concrete changes to both LASD policies and to a number of provisions in the *Rosas* Implementation Plan. The parties agreed upon revised policies with regard to limitations on force and the WRAP, a restraint device, which the Court included in an order filed in July 2024. Dkt. 325. The parties agreed on additional changes to the *Rosas* provisions and compliance plan, some of which were detailed in a joint status report filed with the Court in April 2024. *See* Dkt. 312 at 6-9. The parties plan to submit a final updated document with changes to the provisions and compliance plan in the coming months. *See* Dkt. 335 at 4.

12. We entered into a protective order with Defendant's counsel in 2018 to resolve a dispute between the parties about what materials Plaintiffs' counsel would have access to. The dispute arose when we made a series of document requests to Defendant. Defendant's counsel initially refused to provide us with the documents based on their assertion that it was the responsibility of the Panel to assess compliance, not Plaintiffs' counsel, and their concerns about keeping certain material in the records confidential. The protective order provides that we have access to the same materials that the Monitors access.[1]

13. Since the protective order was entered into, I am not aware of a single violation of the confidentiality provisions in the order by Plaintiffs' counsel. Nor

---

[1] We have access to fewer use of force videos than the Monitors see, but that provision is not relevant to written materials, such as the IAB reports at issue here.

DECLARATION OF PETER J. ELIASBERG
5
Case No. 2:12-CV-00428-MWF-MRW

am I aware of Defendant's counsel ever alleging that Plaintiffs' counsel had violated the terms of the order.

14.    I have reviewed the three use of force packages for which the Panel requested IAB records in December 2024. Dkt. 335 at 2.  IAB review was triggered for all three use of force incidents because, in part, all three incidents involved strikes to the head by either a hand or a hard surface.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed June 23, 2025, in Los Angeles, California.

/s/ Peter J. Eliasberg
Peter J. Eliasberg

DECLARATION OF PETER J. ELIASBERG
Case No. 2:12-CV-00428-MWF-MRW

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2025, I electronically transmitted the above document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to Counsel for Defendants who are registered CM/ECF users.

DATED:  June 23, 2025

_____

Irma Gamino