OFFICE OF COUNTY COUNSEL
Dawyn Harrison (173855)
County Counsel
 *dharrison@counsel.lacounty.gov*
Amy Loeliger (235498)
Deputy County Counsel
 *aloeliger@counsel.lacounty.gov*
Stephen T. Niwa (231990)
 *sniwa@counsel.lacounty.gov*
500 West Temple St., Floor 6
Los Angeles, California 90012
Telephone: 213.974.1811
Facsimile: 213.687.8822

KENDALL BRILL & KELLY LLP
Robert E. Dugdale (167258)
 *rdugdale@kbkfirm.com*
Daniel Barlava (334910)
 *dbarlava@kbkfirm.com*
10100 Santa Monica Boulevard, Suite 2500
Los Angeles, CA 90067
Telephone: 310.556.2700
Facsimile: 310.556.2705

Counsel for Defendant
Robert Luna, Sheriff of
Los Angeles County, in his Official Capacity

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ALEX ROSAS and JONATHAN GOODWIN on behalf of themselves and those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT LUNA, Sheriff of Los Angeles County, in his official capacity, <br><br> Defendant. | Case No. 12-cv-00428-MWF <br><br> **REPLY BRIEF IN SUPPORT OF DEFENDANT'S REQUEST FOR A RULING REGARDING THE PRODUCTION OF CONFIDENTIAL RECORDS SUBJECT TO NON-DISCLOSURE UNDER STATE LAW TO THE MONITORING PANEL** <br><br> Judge: Hon. Michael W. Fitzgerald <br> Crtrm: 5A |

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

REPLY BRIEF IN SUPPORT OF DEFENDANT'S REQUEST FOR A RULING

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ..................................................................................................... 1

II.    ARGUMENT .......................................................................................................... 3

    A.    Because the LASD May Face Civil and Criminal Liability Under State Law by Producing the IAB Files Sought Without Adhering to the Process Section 832.7 Demands, this Court Should Determine Whether the Panel and ACLU Have Shown Good Cause to Access the Confidential IAB Files ................................................................................ 3

    B.    The Request Seeks to Have This Court Rule on Whether the IAB Files Should be Disclosed Regardless of Whether the Uses of Force Investigated Resulted in Great Bodily Injury or Not ............................. 6

    C.    This Court Should Assess the Panel's and the ACLU's Proffered Need for the Confidential IAB Files Independently ............................... 6

        1.    The Panel's Need for Access to the Confidential IAB Files Stems from its Core Function in this Case ................................... 7

        2.    The ACLU Plays a Different Role Than the Court-Appointed Panel and Does Not Have the Same Need for the IAB Files ....... 8

        3.    The Protective Order Should Not Dictate Whether the Confidential IAB Files Must Be Shared with the ACLU ........... 10

III.    CONCLUSION ...................................................................................................... 10

**Kendall Brill & Kelly LLP**

10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*City of Eureka v. Superior Court*
(2016) 1 Cal. App. 5th 755 ...................................................................................3

*Garcia v. Superior Court*
(2007) 42 Cal. 4th 63 ............................................................................................3

*Haggerty v. Superior Court*
(2004) 117 Cal. App. 4th 1079 .............................................................................3

*Jensen v. Thornell*
WL 2838040 (D. Ariz. Apr. 7, 2023) ...................................................................9

*San Diego Police Officers' Ass'n v. City of San Diego Civil Service Com.*
(2002) 104 Cal. App. 4th 275 ...............................................................................5

*Santa Ana Police Officers Ass'n v. City of Santa Ana*
(2025) 109 Cal. App. 5th 296 ...............................................................................5

*Towner v. County of Ventura*
(2021) 63 Cal. App. 5th 761 .................................................................................5

*Vargas v. County of Los Angeles,*
2020 WL 4032671 (C.D. Cal. May 11, 2020)......................................................4

**Statutes**

Evidence Code § 1043 ...............................................................................................3

Evidence Code § 1046 ...............................................................................................3

Government Code § 1222 ...........................................................................................5

Penal Code § 832.7 ............................................................................................*passim*

**Kendall Brill & Kelly LLP**
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

REPLY BRIEF IN SUPPORT OF DEFENDANT'S REQUEST FOR A RULING

## I.    INTRODUCTION

The Monitoring Panel (the "Panel") has requested that the Los Angeles County Sheriff's Department ("LASD") provide it with access to records generated by the LASD's Internal Affairs Bureau ("IAB") reflecting investigations IAB conducts of serious uses of force occurring in the Los Angeles County Jail ("LACJ") that could result in disciplinary action against law enforcement personnel or even referrals for criminal prosecution. As explained in the request for a ruling regarding the production of these confidential records (Dkt. No. 333, the "Request"), these records are extremely sensitive and are treated with the utmost confidentiality, not only because of their subject matter, but also because they are rife with personal identifying information linked to LASD deputies and could put those deputies at risk if shared outside the discrete circle of individuals who have lawful access to them.  Indeed, these records are so sensitive, and the need to maintain their confidentiality is so paramount, that it is a crime for anyone to provide them to non-law enforcement personnel, even in the context of court proceedings, without first following the process mandated by California Penal Code Section 832.7 ("Section 832.7").

The Panel's request for these records has thus put the Sheriff in a difficult spot. Notwithstanding that Section 832.7 may not be invoked in discovery disputes in federal court, the production of the requested IAB records could subject the Sheriff, the LASD, and the County to a civil action in <u>state court</u> based on a violation of <u>state law</u> that could be pursued by deputies (or their labor representatives) believing their privacy rights were violated. Moreover, how state law privileges are treated in federal court in the context of discovery disputes would not prevent a potential state criminal prosecution of the Sheriff or his designees for producing the IAB records at issue here without first following the process mandated by Section 832.7.  The Sheriff, as one of the chief law enforcement officials in the State of California, must be especially vigilant in honoring the state laws he has sworn to uphold. Willfully violating Section 832.7 is not something the Sheriff will do or should be expected to do.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

REPLY BRIEF IN SUPPORT OF DEFENDANT'S REQUEST FOR A RULING

With these concerns in mind, the LASD has requested that this Court determine whether the LASD's legitimate need to protect the IAB files sought, as reflected by the threat of criminal punishment for their improper disclosure, is trumped by the Panel's and/or ACLU's need for access to the information in these files beyond the investigative summaries already provided. To make absolutely clear, this Request is not intended as a slight to the Panel or the ACLU. Both have demonstrated complete professionalism in their dealings with the LASD and its counsel, and both have consistently safeguarded sensitive information in this case. Moreover, the Panel's diligent attention to this case, exemplified by its detailed submission addressing its need for the requested IAB files, has been a key catalyst in spurring the massively improved compliance the LASD has achieved in this case in recent years. With the Panel's submission, the LASD believes the Court has all the information it needs to make the decision sought through the Request.

What the Panel's and ACLU's submissions further illustrate, however, is the different roles the Panel and ACLU play in this case. The Panel serves as a neutral arm of the Court; and it has been specifically entrusted in that role to assess the LASD's compliance with the governing settlement agreement, to monitor the LASD's progress towards that goal, and to assist the LASD in reaching compliance. The ACLU, on the other hand, serves a different role—that of an advocate responsible for acting in the best interests of the Plaintiffs rather than as an impartial neutral entrusted to objectively assess the LASD's performance. The different roles played by the Panel and the ACLU, and their differing need for the confidential materials at issue, should factor significantly into the Court's assessment. Moreover, while the Parties' Protective Order generally provides the ACLU with access to the same records provided to the Panel, there is no indication that sharing the type of sensitive records at issue here, which are protected from disclosure under state law, was contemplated when that Protective Order was entered. At the very least, if this Court concludes the ACLU should be given the same access to these records as the Panel, the Protective Order should be strengthened to ensure these

**Kendall Brill & Kelly LLP**
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

2

REPLY BRIEF IN SUPPORT OF DEFENDANT'S REQUEST FOR A RULING

particularly sensitive records are subject to more fulsome protections and will not be put at risk of inadvertent disclosure.

## II.   ARGUMENT

### A.   Because the LASD May Face Civil and Criminal Liability Under State Law by Producing the IAB Files Sought Without Adhering to the Process Section 832.7 Demands, this Court Should Determine Whether the Panel and ACLU Have Shown Good Cause to Access the Confidential IAB Files

It is a crime in California to disclose, in any criminal or civil proceeding, the "personnel records" of peace officers and custodial officers protected under Section 832.7, except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code— a process known as a "*Pitchess* Motion" in which a party seeking such personnel records must show "good cause" warranting their disclosure.  Cal. Penal Code Section 832.7; Cal. Evid. Code Sections 1043 and 1046 (setting forth the process a litigant must follow to compel the disclosure of "personnel records" protected under Section 832.7).[1]  By allowing for the disclosure of records covered by Section 832.7 through a court order obtained through a showing of "good cause," the California Legislature has balanced the "need for disclosure of relevant information [to a litigant seeking disclosure of such records] with the law enforcement officer's legitimate expectation of privacy in his or her personnel records." *Garcia v. Superior Court* (2007) 42 Cal. 4th 63, 69-70; *Haggerty v. Superior Court* (2004) 117 Cal. App. 4th 1079, 1085 (by allowing discovery of police officer records only upon a proper showing of need, the California Legislature "attempted to protect a party's right to a fair trial and officer's interest in privacy to the fullest extent possible").

---

[1]   Such "personnel records" are defined to include "any file maintained under an individual's name by his or her employing agency and containing records related to employee advancement, appraisal, or discipline, complaints, or investigations of complaints." *City of Eureka v. Superior Court* (2016) 1 Cal. App. 5th 755, 762-63.

Kendall Brill & Kelly LLP

10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

REPLY BRIEF IN SUPPORT OF DEFENDANT'S REQUEST FOR A RULING

In its response, the ACLU contends that the LASD's concern about producing the complete confidential IAB records to the Panel is "misplaced" because the privilege barring their production set forth in Section 832.7 is inapplicable in federal cases involving federal claims. ACLU's Response at pp. 8-9. Respectfully, it is the ACLU's argument in this regard that is misplaced, both in terms of the applicability of the authority it cites in response to the Request and its characterization of the concern the Sheriff has in producing these records. First, the authorities cited by the ACLU in support of its argument that Section 832.7 is inapplicable here hold only that Section 832.7 is inapplicable in the context of *discovery disputes* or, in one case cited by the ACLU, does not impact *the admissibility* of records protected by a state law mediation privilege. The holdings in these cases are tailored to these specific contexts,[2] having nothing to do with the disclosure of the records at hand, in a matter involving neither a discovery dispute nor admissibility of the records.

The ACLU also misses the mark in addressing the Sheriff's concern with producing the confidential IAB files. That concern is not alleviated in any way because those records may be discoverable or considered admissible in a federal court proceeding. The Sheriff's concern is that producing records subject to Section 832.7, without a court order finding good cause, could subject the Sheriff, the LASD, and the County to civil claims pursued in <u>state court</u> by deputies whose privacy rights are impacted by the disclosure of the records and/or by their labor representatives, or, worse yet, to criminal

---

[2]  For instance, cases holding Section 832.7 is inapplicable in the context of discovery disputes in federal court involving federal claims reached that conclusion by balancing the privacy interests Section 832.7 promotes against the very broad relevancy standard governing discovery in federal civil cases, and in each case held that the plaintiff's clear entitlement to the records sought outweighed the interest in keeping the records private. *See e.g.*, *Vargas v. County of Los Angeles*, 2020 WL 4032671 at *4 (C.D. Cal. May 11, 2020) (holding that Section 832.7 does not apply in evaluating discovery disputes in cases involving federal civil rights claims).

**Kendall Brill & Kelly LLP**
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

4

REPLY BRIEF IN SUPPORT OF DEFENDANT'S REQUEST FOR A RULING

prosecution for producing protected records without following the process mandated by Section 832.7.

These concerns are not merely theoretical. Deputies and their labor representatives have filed state claims against public officials and public entities for disclosing records protected under Section 832.7 in cases where a law enforcement agency was not compelled to produce the records by the process Section 832.7 mandates. *See e.g., San Diego Police Officers' Ass'n v. City of San Diego Civil Service Com.* (2002) 104 Cal. App. 4th 275, 287 (recognizing that a complaint filed by aggrieved peace officer or his union representative alleging public entity had disclosed confidential peace officer personnel records in violation of Section 832.7 stated a valid claim for declaratory relief); *Santa Ana Police Officers Ass'n v. City of Santa Ana* (2025) 109 Cal. App. 5th 296, 314-15 (recognizing that a police officers association had standing to sue city for failing to investigate the association's complaint about the unlawful disclosure of its officers' confidential information). Even more concerning, a California court has recognized that a County's public disclosure of a law enforcement officer's confidential personnel files without prior judicial authorization is "<u>illegal as a matter of law</u>" and those engaged in the willful omission of their public duty to safeguard such files as required by Section 832.7 can be subject to misdemeanor punishment. *Towner v. Cnty. of Ventura* (2021) 63 Cal. App. 5th 761, 772-73 (holding that individuals who willfully fail to comply with the procedural processes mandated by Section 832.7 prior to disclosing law enforcement personnel records may be prosecuted for violating Government Code Section 1222).

The legal claims the LASD could face if it freely agreed to disclose the IAB records sought without being compelled by a court to do so would not only subject the LASD, the County, the Sheriff, and those involved in the disclosure to potential civil and criminal liability; those claims would stall the production of these materials, even if disclosure of the records the Panel seeks is ultimately deemed warranted. Accordingly, to both address the LASD's legitimate concerns about complying with Section 832.7 due to the consequences it might face in state proceedings for failing to do so, as well as to

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

5

REPLY BRIEF IN SUPPORT OF DEFENDANT'S REQUEST FOR A RULING

expeditiously resolve the issue of whether the IAB records sought should be disclosed, this Court should determine whether the Panel and ACLU have demonstrated good cause for these records which overcomes the privacy interests implicated by Section 832.7.

**B.      The Request Seeks to Have This Court Rule on Whether the IAB Files Should be Disclosed Regardless of Whether the Uses of Force Investigated Resulted in Great Bodily Injury or Not**

As noted in the Request, the protections provided under Section 832.7 do not apply to records related to uses of force that resulted in death or great bodily injury.  In light of this exception, the ACLU questions whether the IAB files sought by the Panel are subject to confidentiality, and contends the LASD should be required to conduct an individualized assessment of each IAB file to determine whether the use of force investigated resulted in great bodily injury or death, and thus falls outside of Section 832.7's protection.

The Request seeks a more practical approach to this issue. To eliminate disputes over whether the files at issue involve uses of force that resulted in great bodily injury or death, and the need for time-intensive individualized assessments, the determination the LASD seeks is whether the IAB files at issue should be subject to disclosure regardless of whether the use of force addressed in the records resulted in death or serious bodily injury.  This determination may moot the issue the ACLU raises, and it will decrease the potential that the LASD, the Panel, or the ACLU will require the future and repeated intervention of this Court to address questions concerning access to these files.

**C.      This Court Should Assess the Panel's and the ACLU's Proffered Need for the Confidential IAB Files Independently**

The Panel's and ACLU's need to access the confidential IAB files should be separately assessed by the Court.  As explained in the Request, the IAB records the Panel seeks are far more comprehensive than force review records routinely produced to the Panel and ACLU, and contain substantial amounts of personal information concerning members of law enforcement involved in any aspect of the IAB's investigation.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

6

REPLY BRIEF IN SUPPORT OF DEFENDANT'S REQUEST FOR A RULING

Accordingly, in every instance when the LASD has produced IAB files to the Panel and the ACLU, the production has been limited to a summary of the investigation and its outcome.  Declaration of LASD Sgt. Bertha Ramirez ("Ramirez Decl.") at ¶¶ 4-5.[3]  Such disclosure has never included underlying transcripts, audio recordings, or video recordings of IAB investigative interviews, nor employee profiles of any personnel relevant to the investigation. *Id.*

Thus, in determining whether such IAB files should now be disclosed to the Panel and/or ACLU in their entirety, the LASD requests that the Court determine whether the Panel and ACLU have each shown good cause to access these records that overcomes the privacy interests of LASD deputies in these files.  As discussed below, the different roles the Panel and ACLU serve in this case should play a significant factor in determining whether their need for deputies' confidential IAB files trumps the vital privacy interests Section 832.7 was enacted to safeguard.

**1.    The Panel's Need for Access to the Confidential IAB Files Stems from its Core Function in this Case**

In response to the Request, the Panel provided a comprehensive explanation of its need for a complete copy of the IAB files, explaining that (1) one of its "core functions" as the court-appointed neutrals in this case is assessing LASD's force packages; (2) the Implementation Plan specifically requires that the Panel monitor the "Department's investigation of any potential violations of its [use of force] policies and any remedial steps taken by the Department in response to the violations;" (3) carrying out this duty

---

[3] As stated in the Request, the LASD has never previously provided complete copies of such records to the Panel or ACLU.  The Panel has suggested such files may have been shared a number of years ago with Richard Drooyan, a former member of the Panel. LASD Sergeant Bertha Ramirez, who has been responsible for producing records related to force reviews since November 2017, has reviewed the correspondence in the LASD's possession concerning the disclosure of IAB files to the ACLU and Panel, including with Mr. Drooyan.  Sergeant Ramirez has confirmed that complete copies of the confidential IAB files have never been provided to the Panel or ACLU.  *See* Ramirez Decl. at ¶¶ 4-5.

**Kendall Brill & Kelly LLP**
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

7

requires the Panel to review "videos, reports by staff, witness statements, medical reports, LASD records, and the analysis of the force incidents generated by jail supervisors"; and (4) the Panel must analyze the confidential IAB records to determine whether the LASD is in compliance with a number of provisions of the Implementation Plan for which the Panel is responsible for rating the LASD's compliance. *See* Panel's Response at pp. 2-4. Consistent with the Request, the LASD leaves it to the Court's discretion to determine whether the Panel's stated need for the records at issue justifies disclosure.

### 2. The ACLU Plays a Different Role Than the Court-Appointed Panel and Does Not Have the Same Need for the IAB Files

The ACLU's response, by contrast, did not purport to demonstrate good cause requiring disclosure. Instead, the ACLU asserts an entitlement to the confidential IAB files because the files will be "useful" to the ACLU in evaluating the LASD's compliance, and further, because the parties' Protective Order purportedly requires disclosure of this information to Plaintiffs. *See* ACLU's Response at pp. 13. Respectfully, neither justification suffices for good cause.

While the documents at issue may certainly be "useful" to the ACLU, that is not, and cannot be the standard here, with information implicating potential civil and criminal liability both in the documents' content and in their disclosure. Nor do the terms of the Parties' Protective Order mandate production of confidential IAB files to Plaintiffs. *See infra* at Section C.3.

What Plaintiffs' Response does not fully acknowledge is that the ACLU has a different "core function" in this case than the court-appointed Panel. Its primary function is to serve as an advocate for its clients, not to serve as a neutral party entrusted to objectively assess the LASD's compliance with the Implementation Plan, to report on the LASD's compliance, or to assist the LASD in finding a path to full compliance. Its

**Kendall Brill
& Kelly LLP**
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

8

need for access to the complete confidential IAB files is markedly different than the Panel's need.[4]

*Jensen v. Thornell*, the case cited by Plaintiffs (*see* Response at p. 13) for the proposition that they must be given access to the same information as the Panel, does not support this proposition. To the contrary, the court in *Jensen* ordered that the neutral monitors were to be provided with vastly greater and more intrusive access to the defendant's records than plaintiffs' counsel was provided, including ordering that plaintiffs' counsel only to be given "read only" access to certain records given to the monitors. 2023 WL 2838040, at **3-5 (D. Ariz. Apr. 7, 2023).[5]  Similarly here, if the Court orders the production of the confidential IAB files to the Panel, the Court should not provide the ACLU with the same access the Panel receives.

---

[4] As one example demonstrating this point, in serving its role as an advocate for its clients, the ACLU has (1) furnished a video of a use of force—**not** subject to the parties' Protective Order but capturing one of the three uses of force addressed in the IAB files sought by the Panel here—to the Los Angeles Times; (2) voiced its opposition in the press to the decision by the District Attorney's Office not to prosecute the deputies involved in that use of force; and (3) submitted a letter to the United States Department of Justice seeking the prosecution of the deputies involved in that use of force after the District Attorney's Office declined to prosecute them. (Declaration of Robert Dugdale at ¶¶ 2-4). These actions, while understandable from the perspective of a zealous advocate, are not in sync with the need expressed by the impartial Panel for the sensitive records at issue. Thus, if the ACLU were to be granted access to the highly confidential IAB files at issue here, such access should be restricted, including to the extent modifications to the Parties' Protective Order may be necessary to reflect the sensitivity of this particular category of records.

[5] For example, the court ordered defendants to provide the monitors with full remote access to inmates' electronic health records, a detailed scheme of "monthly data and [ ] analyses **beyond what they are doing now**," and unfettered access and ability to conduct recordings in defendants' facilities; while plaintiffs would receive "read-only access to class members' electronic health records," "monthly data reports already being produced by Defendants," and limited site visits. *Id.*

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

9

### 3. The Protective Order Should Not Dictate Whether the Confidential IAB Files Must Be Shared with the ACLU

The ACLU also claims entitlement to the complete confidential IAB files at issue in the event they are disclosed to the Panel due to the Protective Order executed in this case seven years ago. Dkt. 193 at 10. However, the production of records as sensitive as the IAB files at issue here was not contemplated at the time the Protective Order was executed; and the Protective Order makes no mention of such records or their potential production. *See id.* It should not control whether the ACLU is entitled to a new category of records not previously contemplated.

Furthermore, the Protective Order itself provides that it may be modified. *See id.* at 19. And nothing in it requires, as a hard and fast rule, that *any and all* information provided to the Panel must also be provided to Plaintiffs. Indeed, the Protective Order explicitly provides that certain information produced to the Panel **will not also be produced to Plaintiffs.** *See* Dkt. 193 at 10.[6]

Thus, given the critically sensitive nature of the records at issue, in the event this Court orders the LASD to produce complete IAB files to the ACLU, it should concurrently require additional protections to ensure the strictest confidentiality is maintained. Specifically, this Court should order that the ACLU (a) is not allowed to maintain possession of confidential IAB files; and (b) may only examine these records on site at an LASD facility at times and locations mutually agreed upon, or on secure devices that do not allow for the forwarding, emailing, transmitting, screenshotting, or copying of documents reviewed.

## III. CONCLUSION

For each of the foregoing reasons, the LASD requests that the Court provide the ruling sought in the Request.

---

[6] Nor does the existence of a protective order alleviate the need to follow the processes mandated by Section 832.7 before these records could be disclosed.

Kendall Brill
& Kelly LLP

10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

REPLY BRIEF IN SUPPORT OF DEFENDANT'S REQUEST FOR A RULING

DATED:  July 7, 2025                KENDALL BRILL & KELLY LLP

By:      /s/ Robert E. Dugdale
         Robert E. Dugdale
         Attorneys for Defendant
         Sheriff Robert Luna

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

11