OFFICE OF COUNTY COUNSEL
Dawyn Harrison (173855)
County Counsel
  dharrison@counsel.lacounty.gov
Amy Loeliger (235498)
Deputy County Counsel
  aloeliger@counsel.lacounty.gov
Stephen T. Niwa (231990)
  sniwa@counsel.lacounty.gov
500 West Temple St., Floor 6
Los Angeles, California 90012
Telephone: 213.974.1811
Facsimile: 213.687.8822

KENDALL BRILL & KELLY LLP
Robert E. Dugdale (167258)
  rdugdale@kbkfirm.com
Daniel Barlava (334910)
  dbarlava@kbkfirm.com
10100 Santa Monica Boulevard, Suite 2500
Los Angeles, CA 90067
Telephone: 310.556.2700
Facsimile: 310.556.2705

Counsel for Defendant
Robert Luna, Sheriff of
Los Angeles County, in his Official Capacity

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| ALEX ROSAS and JONATHAN GOODWIN on behalf of themselves and those similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ROBERT LUNA, Sheriff of Los Angeles County, in his official capacity,<br><br>　　　　Defendant. | Case No. 12-cv-00428-MWF<br><br>**DECLARATION OF SERGEANT BERTHA RAMIREZ FILED WITH REPLY BRIEF IN SUPPORT OF DEFENDANT'S REQUEST FOR A RULING REGARDING THE PRODUCTION OF CONFIDENTIAL RECORDS SUBJECT TO NON-DISCLOSURE UNDER STATE LAW TO THE MONITORING PANEL**<br><br>Judge: Hon. Michael W. Fitzgerald<br>Crtrm: 5A |

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

DECLARATION OF SERGEANT BERTHA RAMIREZ FILED WITH REPLY BRIEF IN SUPPORT OF
DEFENDANT'S REQUEST FOR A RULING

# DECLARATION OF SERGEANT BERTHA RAMIREZ

I, Sergeant Bertha Ramirez, declare as follows:

1.      I am a Sergeant with the Los Angeles County Sheriff's Department (the "LASD").  Except where otherwise stated, I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.      Since November 2017, I have been a Sergeant with the LASD's Custody Compliance and Sustainability Bureau ("CCSB"), an entity within the LASD that was created to assist the LASD in reaching compliance with several settlement agreements impacting the Los Angeles County Jail system (the "LACJ"), including the settlement reached in the case currently styled *Alex Rosas, et al., v. Los Angeles County Sheriff Robert Luna*, 12-CV-428-MWF (the "*Rosas* case").

3.      Since joining CCSB in November 2017, one of the roles I have played with that organization has been producing force review packages requested by the Monitoring Panel ("Panel") overseeing the LASD's compliance with the settlement agreement reached in the *Rosas* case to the Panel and counsel for the Plaintiffs from the American Civil Liberties Union (the "ACLU").

4.      Over the more than seven and one-half years I have held my current position at CCSB, the force review packages I have been asked to produce to the Panel and ACLU have, on very rare occasion, included records related to investigations of uses of force conducted by the LASD's Internal Affairs Bureau ("IAB").  On every occasion I have been asked to produce IAB records related to an investigation of a use of force occurring in the LACJ, the materials I have produced in response have been limited to a summary of the investigation and information concerning the outcome of the investigation and any conclusions reached.  In no case has this disclosure included any transcripts, audio recordings, or video recordings of any interviews conducted by IAB as part of the investigation or employee profiles of any personnel relevant to the investigation.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

2

DECLARATION OF SERGEANT BERTHA RAMIREZ FILED WITH REPLY BRIEF IN SUPPORT OF
DEFENDANT'S REQUEST FOR A RULING

5.    I am aware of an assertion made in a court filing by the Monitoring Panel on June 9, 2025, in which the Panel states that it does not believe that its currently pending request to review IAB materials beyond the summaries already provided is without precedent because Richard Drooyan, one of the former members of the Monitoring Panel, believes he may have previously reviewed more complete IAB files that were produced to him by the LASD.  Upon learning of this assertion, I reviewed the correspondence in the LASD's possession concerning the disclosure of IAB files to the Panel and the ACLU, and specifically correspondence evidencing the disclosure of IAB files to Mr. Drooyan.  Through my review, I confirmed that Mr. Drooyan requested certain IAB files from the LASD in November 2018.  However, I further confirmed that, in response to this request from Mr. Drooyan, and other requests made for IAB files since that time, the LASD produced only summaries of the IAB investigations conducted and conclusions reached as a result of those investigations.  Accordingly, to the best of my knowledge, at all times when the Panel has requested the production of IAB records from the LASD, the LASD has produced only the same summary records it currently produces to the Panel and ACLU in response to these requests, and the LASD has consistently withheld from production the same materials from the confidential IAB files that are currently being withheld by the LASD due to concerns about the disclosure of confidential information in violation of Section 832.7.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 7th day of July 2025, in Los Angeles, California.

BERTHA RAMIREZ

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

3