PETER J. ELIASBERG (SB# 189110)
peliasberg@aclusocal.org
MELISSA CAMACHO (SB# 264024)
mcamacho@aclusocal.org
JACOB REISBERG (SB# 329310)
jreisberg@aclusocal.org
**ACLU FOUNDATION OF
SOUTHERN CALIFORNIA**
1313 W. 8th Street
Los Angeles, CA 90017
Phone: (213) 977-9500
Fax: (213) 977-5299

CORENE KENDRICK (SB# 226642)
ckendrick@aclu.org
MARISOL DOMINGUEZ-RUIZ
(SB# 345416)
mdominguez-ruiz@aclu.org
**ACLU NATIONAL PRISON PROJECT**
425 California St., Ste. 700
San Francisco, CA 94104
Phone: (202) 393-4930
Fax: (202) 393-4931

JENNIFER S. BALDOCCHI
(SB# 168945)
jenniferbaldocchi@paulhastings.com
LINDSEY C. JACKSON (SB# 313396)
lindseyjackson@paulhastings.com
**PAUL HASTINGS LLP**
515 South Flower Street, 25th Floor
Los Angeles, CA 90071-2228
Phone: (213) 683-6000
Fax: (213) 627-0705

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEX ROSAS and JONATHAN GOODWIN on behalf of themselves and of those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Robert Luna, Sheriff of Los Angeles County, in his official capacity,<br><br>Defendant. | Case No. 2:12-CV-00428-MWF-MRW<br><br>**DECLARATION OF CORENE T. KENDRICK IN RESPONSE TO COURT'S REQUEST FOR ORDERS FROM *JENSEN V. THORNELL***<br><br>Judge: Hon. Michael W. Fitzgerald<br>Crtrm: Courtroom 5A |

I, Corene T. Kendrick, hereby declare:

1. In response to the Court's verbal order at the July 28, 2025, status hearing, I am submitting to the Court relevant orders from *Jensen v. Thornell*,

Case No. 2:12-CV-00428-MWF-MRW

DECLARATION OF CORENE T. KENDRICK

No. 2:12-cv-00601-ROS (D. Ariz.), formerly known as *Parsons v. Ryan*.[1] I make this declaration based on my own personal knowledge and if called to testify I could and would do so competently as follows.

2.      I am an attorney admitted to practice law in the State of California and this Court, and I am counsel of record to the Plaintiff class in this matter. I am deputy director of the ACLU National Prison Project (ACLU-NPP).

3.      ACLU-NPP and I have been counsel of record for Plaintiffs in the *Jensen / Parsons* matter since its filing in federal district court for the District of Arizona in March 2012.

4.      On May 20, 2013, District Judge Neil V. Wake issued an amended protective order in *Parsons v. Ryan* filed at Docket 454, which is attached hereto as **Exhibit 1**. This is the operative protective order still in place in the case today.  That protective order, similar to the one in *Rosas*, spells out the parameters of what information is provided to Plaintiffs' counsel, our agents, and experts. Similar to the *Rosas* protective order, it includes an acknowledgement that all counsel, paralegals, and retained experts must sign to be able to review documents provided by the State of Arizona and its contractors in the litigation. *See id*. at Attachment A.

5.      The *Parsons* protective order was designed to ensure the parties complied with the additional requirements under the Health Insurance Portability and Accountability Act (HIPAA), 45 C.F.R. § 160.103, for disclosure of protected health information of Plaintiff class members. When Judge Wake issued the protective order in 2013, the State kept medical records for class members in a paper format.

6.      The parties settled *Parsons* in 2015. As part of the settlement, Plaintiffs' counsel were entitled to "reasonable access" to documents to monitor defendants' compliance with the settlement agreement, which included access to class member

---

[1] The name of the case has changed due to the death of the original lead named plaintiff and changes in the named defendant director of the Arizona Department of Corrections.

Case No. 2:12-CV-00428-MWF-MRW

DECLARATION OF CORENE T. KENDRICK

medical records. *Parsons v. Ryan*, Dkt. No. 1185 ¶ 29 (Stipulation). At the time the parties negotiated the Stipulation, defendants used a paper health record, but had plans to implement an electronic health record (EHR). Accordingly, pending the EHR's implementation, the parties agreed that defendants would, upon request each month, produce to plaintiffs' counsel 15 class member health records covering a set period, as well as the records for all class members who had died in the previous month. However, recognizing that the health records system would soon be transformed with the transfer to an electronic record, the parties agreed to "meet and confer about the limit on the records that Plaintiffs can request once the ADC [Arizona Department of Corrections] electronic medical records system is fully implemented." *Id*.

7.    In the Spring of 2016, defendants had transitioned to an electronic record system, and plaintiffs' counsel sought and obtained an order from the federal court granting counsel remote, read-only access to the EHR. On May 18, 2016, Judge David K. Duncan (who had taken over the case from Judge Wake), issued a minute order after a status hearing directing defendants to facilitate and provide plaintiffs' counsel with "read-only remote access" to the medical records. A true and correct copy of this minute order, filed at Docket 1582 in *Parsons*, is attached herein as **Exhibit 2**.

8.    On April 7, 2023, Judge Roslyn O. Silver (who had taken over the case from Judge Duncan) issued an Order and Permanent Injunction in *Jensen v. Thornell*. 2023 WL 2838040 (D. Ariz. April 7, 2023). This order came after Judge Silver rescinded the parties' Stipulation / settlement agreement in July 2021, set the case for trial in November 2021, and issued Findings of Fact and Conclusions of Law in June 2022 finding the provision of health care and conditions in isolation units violated the Eighth Amendment. *Id.* at *1. In the 2023 Injunction, Judge Silver appointed a panel of neutral experts to report to her on state defendants' compliance with the injunction, granting the court's experts and their staff remote read-only

Case No. 2:12-CV-00428-MWF-MRW

DECLARATION OF CORENE T. KENDRICK

access to the electronic health records. *Id*. at \*3. Judge Silver also ordered Defendants to continue provide Plaintiffs' counsel and our experts "ongoing access to class members, medical records, and the locations where class members are housed[,]" including "read-only" access to the EHR. *Id.* at \*5.

9.      As I stated to the Court at the July 28, 2025, hearing, this grant of "read-only" access to Plaintiffs' counsel does not require us to travel to Arizona Department of Corrections facilities or offices to view our clients' medical records. Plaintiffs' counsel (including paralegals, and other paraprofessional staff) and our retained experts have log-in passwords that allow us remote access to the medical records.  The phrase "read-only" simply means that our access is locked, and we cannot create new entries or alter existing entries in patients' records. In all respects, our use of the medical records is governed by the 2013 protective order in the case.

I hereby declare under penalty of perjury that the foregoing is true and correct.


Executed July 28, 2025, in Los Angeles, California.


                                        */s/ Corene T. Kendrick*
                                        Corene T. Kendrick

4

Case No. 2:12-CV-00428-MWF-MRW

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2025, I electronically transmitted the above document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to Counsel for Defendants who are registered CM/ECF users.

DATED:      July 28, 2025                    _/s/ Corene T. Kendrick_
                                            Corene T. Kendrick