UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 12-00428-MWF (MRWx)                    Date:  July 31, 2025
Title:  Alex Rosas et al v. Robert Luna et al

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                                Court Reporter:
Rita Sanchez                                 Amy Diaz

Attorneys Present for Plaintiffs:            Attorneys Present for Defendants:
None Present                                 None Present

Proceedings (In Chambers):   ORDER RE: DEFENDANT'S REQUEST FOR A
                             RULING REGARDING THE PRODUCTION OF
                             CONFIDENTIAL RECORDS [333]

Before the Court is a Request for a Ruling Regarding the Production of Confidential Records Subject to Non-Disclosure Under State Law to the Monitoring Panel (the "Request") filed by Defendant Robert Luna, in his official capacity as Los Angeles County Sheriff, on June 2, 2025.  (Docket No. 333).  The Monitoring Panel ("Panel") filed a Response to the Request ("Panel's Response") on June 9, 2025.  (Docket No. 335).  Plaintiffs Alex Rosas and Jonathan Goodwin filed a Response to the Request ("Plaintiffs' Response") on June 23, 2025.  (Docket No. 340).  Defendants filed a Reply on July 7, 2025.  (Docket No. 342).

The Court has read and considered the Motions and held a hearing on **July 28, 2025**.

The Request is **GRANTED** *in part* **and DENIED** *in part*.  The Court agrees that a judicial determination of "good cause" prior to disclosure is appropriate.  However, both the Panel and the ACLU have made a sufficient showing of good cause such that the LASD is required to disclose all IAB files related to Category 3 uses of force upon request by the Panel.  To be abundantly clear, this determination is categorical and forward-looking; it is not limited solely to the three sets of files already requested by the Panel.

Lastly, Defendant has not adequately shown why modification of the Protective Order is warranted prior to disclosure of these records.

---

CIVIL MINUTES—GENERAL                                                     1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 12-00428-MWF (MRWx)**                    **Date:  July 31, 2025**
Title:  Alex Rosas et al v. Robert Luna et al

## I.      **BACKGROUND**

On January 18, 2012, Plaintiffs filed a putative class action complaint alleging a pattern of excessive force being utilized against inmates in certain Los Angeles County jail facilities.  (Docket No. 1).

The Court certified the class on June 7, 2012, and thereafter, facilitated several settlement discussions for approximately two years.  (*See* Docket Nos. 54, 279).  Those discussions culminated in a settlement agreement (the "Agreement"), under which the Panel—an independent panel of experts—would formulate an implementation plan (the "Implementation Plan") to address use of force issues within the jails and issue periodic reports regarding Defendant's progress toward implementation.  (Docket No. 110).

The Court approved the Agreement and Implementation Plan on April 21, 2015, and retained jurisdiction to enforce them.  (Docket No. 135).

On September 18, 2017, Plaintiffs filed a Motion to Enforce Settlement Agreement ("Motion to Enforce"), primarily seeking access to documents that Defendant was already producing to the Panel.  (Docket No. 152).  The parties reached a resolution out of court, and Plaintiffs withdrew their Motion to Enforce.  (Docket No. 194).  A critical component of that resolution was a Stipulated Protective Order ("PO"), which the Court entered on May 11, 2018.  (Docket No. 193).  The PO addressed (1) the Panel's access to Defendant's records, including use of force packages and videos of use of force incidents, and (2) Plaintiffs' counsels' (the "ACLU") access to those materials.  (*See generally id.*).

In relevant part, the PO states that "Defendant shall produce to [the ACLU] the same Panel Documents that have been or will be produced to the Panel beginning in November 2016 . . ." (*Id.* at 9).  The PO also provides that Defendant will produce records to Plaintiffs with the proviso that such information would remain confidential and filed before the Court, if at all, under seal.  Plaintiffs, however, retained the right to seek a court determination regarding whether confidential information could be publicly filed.  (*Id.* at 15–16).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 12-00428-MWF (MRWx)                    Date:  July 31, 2025
Title:  Alex Rosas et al v. Robert Luna et al

On May 31, 2023, Plaintiffs filed a Motion to Modify the Implementation Plan after progress toward implanting the Agreement stalled.  (Docket No. 252).  In support of that motion, Plaintiffs filed a total of six video exhibits under seal.  (*See id.*).

On August 7, 2023, non-party Los Angeles Times Communications LLC filed a motion to intervene in the action for the sole purpose of unsealing those exhibits.  (Docket No. 268).  In September and November 2023, the Court granted the motions to intervene and unseal.  (Docket No. 279, 292).

On November 22, 2024, the Panel filed the fourteenth and latest Report of Compliance with the Implementation Plan (the "Report").  (Docket No. 328).  Defendant was found in compliance with 81 of the 100 applicable provisions in the Implementation Plan.  (*Id.* at 5).  One of the primary areas of concern raised in the Report was "a 50% increase in total head strikes" and Defendant's purported failure to adequately "hold Deputies accountable for use of force violations" and to "hold supervisory staff accountable when they fail to identify and appropriately address violations."  (*Id.* at 4).

Pursuant to Los Angeles County Sheriff's Department ("LASD") policy, "all head strikes with impact weapons", "force resulting in admittance to a hospital", or deliberately or recklessly striking an individual's head against a hard, fixed object", among other things, constitute Category 3 uses of force—the most serious use of force incidents.  (Panel's Response at 1) (citing to LASD Custody Operations Force Manual §7-06/000.00 Use of Force Reporting Procedures).  Category 3 incidents represent a small percentage—approximately 1%—of the LASD's use of force in the jails subject to the Agreement.  (Panel's Response at 1).

Given the seriousness of these incidents, LASD's Internal Affairs Bureau ("IAB") investigates all Category 3 uses of force.  On December 23, 2024, the Panel requested the IAB files for three Category 3 uses of force incidents being reviewed for the Panel's forthcoming fifteenth report, which covers the period of January 1, 2024, through June 30, 2024.  (*Id.* at 2).

---

CIVIL MINUTES—GENERAL                                                   3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  **CV 12-00428-MWF (MRWx)**                        **Date:  July 31, 2025**
Title:  Alex Rosas et al v. Robert Luna et al

On June 2, 2025, Defendant filed this Request, which seeks a judicial determination of whether Defendant should be required to produce the IAB records to the Panel and the ACLU.  (Docket No. 333).

On June 3, 2025, the action was reassigned to this Court for all further proceedings due to the unavailability of the judicial officer previously presiding over this action.  (Docket No. 334).

## II.    **DISCUSSION**

Defendant maintains that the Sheriff and LASD are fully committed to cooperating with the Panel and the ACLU, as well as complying with its obligations under the Agreement and this Court's orders.  However, Defendant argues that the Panel's latest request for records puts the Sheriff "in a difficult spot" because the production of the IAB records could subject the Sheriff, LASD, and Los Angeles County (the "County") to civil actions in state court based on violations of California Penal Code section 832.7.  (Reply at 1).

At the outset, the ACLU correctly notes that state law privileges do not apply in federal litigation where, as here, federal claims are involved.  (Plaintiffs' Response at 8–9) (collecting cases); *see Wilcox v. Arpaio*, 753 F.3d 872, 876 (9th Cir. 2014) (noting questions of privilege that arise when adjudicating federal claims are governed by principles of federal common law).  Defendant, however, raises a separate—and frankly, entirely theoretical—concern that the Sheriff, LASD, and the County would be opening themselves up to civil or criminal liability if they willfully disclosed the records.  (Reply at 3–6).  Defendant provides no evidence that—and the Court is aware of no instance in which—an officer or representative has ever sought to impose liability on a police department or municipality for disclosing personnel records ***in response to a federal court order***.

Nevertheless, because the Rule 26 standard governing compliance with requests for production of documents is similar to the standard set forth by section 832.7, the Court is prepared to apply the California standard out of an abundance of caution for the concerns raised by Defendant.  *See Clymore v. Fed. R.R. Admin.*, No. CV 14-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 12-00428-MWF (MRWx)**                    **Date:  July 31, 2025**
Title:  Alex Rosas et al v. Robert Luna et al

00101-AWI (SMS), 2015 WL 7760086, at *2 (E.D. Cal. Dec. 2, 2015) ("To succeed
on a motion to compel, the moving party bears the burden of demonstrating that it is
entitled to the requested discovery and has satisfied the proportionality and other
requirements of Rule 26.") (citation omitted).

Section 832.7 provides in relevant part that "the personnel records of peace
officers and custodial officers and records maintained by a state or local agency . . . are
confidential and shall not be disclosed in any criminal or civil proceeding except by
discovery pursuant to Sections 1043 and 1046 of the Evidence Code."  Cal. Penal Code
§ 832.7(a).

Section 832.7 also provides certain exceptions to this general rule.  As relevant
here, an exception applies to "[a] record relating to the report, investigation, or findings
of . . . (ii) [a]n incident involving the use of force against a person by a peace officer or
custodial officer that resulted in death or in great bodily injury."  *Id.* §
832.7(b)(1)(A)(ii).  These records "shall not be confidential and shall be made
available for public inspection pursuant to the California Public Records Act[.]"  *Id.* §
832.7(b)(1).

The Court concludes that, as to two of the three incidents at issue here, the
requirements of section 832.7 plainly do not apply because the Panel represents—and
Defendant does not dispute—that those two incidents did result in great bodily injury
to an inmate.  (Panel's Response at 5).  While Defendant raises the issue that the IAB
records contain personally identifiable information, including but not limited to, the
officers' personal addresses and phone numbers, the PO contemplates the redaction of
such information.  (*See* Docket No. 193 at 12).  Notably, both the Panel and the ACLU
acknowledge the need for such redactions, and the Panel further emphasizes that it
"has no interest" in receiving any portions of the files that include that information.
(Panel's Response at 5); (*see* Plaintiffs' Response at 15).

The third incident—which involved a head strike but presumably did not result
in great bodily injury—raises an important practical concern for future disclosures of
Category 3 incidents.  Namely, should there be a blanket policy requiring either
disclosure or nondisclosure of the IAB files for all Category 3 incidents; or should

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 12-00428-MWF (MRWx)                    Date:  July 31, 2025
Title:  Alex Rosas et al v. Robert Luna et al

Defendant be required to make a case-by-case assessment of whether the incident falls under an exception contemplated by section 832.7?

As to the latter option, Defendant argues that requiring individualized assessments would be time-intensive and likely lead to additional disputes regarding the scope of the exceptions.  Therefore, Defendant proposes that the Court determine whether the IAB files for all Category 3 incidents should be disclosed to either or both the Panel and the ACLU regardless of whether the use of force addressed in the records resulted in death or serious bodily injury.  Both the Panel and Plaintiffs understandably favor a blanket policy of disclosure.

On the one hand, Plaintiffs argue that the IAB records are covered by the exception in section 832.7(b)(1)(A)(ii) because the plain language of the statute does not limit the exception to records related to incidents in which there is a conclusive determination that great bodily injury did occur.  Rather, the exception extends to records "***relating to the report, investigation, or findings***" of incidents resulting in great bodily injury.  Cal. Penal Code § 832.7(b)(1) (emphasis added).  Plaintiffs argue that the exception, therefore, includes records generated by the IAB when it investigates potential instances of force resulting in great bodily injury—even if the investigation ultimately concludes that bodily injury did not occur. (Plaintiffs' Response at 11).  Given the LASD's definition of Category 3 incidents, these records would fall squarely within the category of incidents described in the exception.  (*Id.* at 11–12) (citing to expert opinion indicating that strikes to the "head—even when not resulting in visible wounds—carry a substantial risk of concussion, traumatic brain injury, or other serious neurological harm").

On the other hand, Defendant suggests that the Court employ the process demanded by section 832.7—namely, a process requiring the party seeking such personnel records to show "good cause" warranting their disclosure.  (Reply at 3) (citing Cal. Penal Code § 832.7; Cal. Evid. Code § 1043; Cal. Evid. Code § 1046).  In other words, Defendant argues that the Court should determine whether the LASD's need to the protect the IAB files from improper disclosure outweighs the Panel and ACLU's need for access to the information in the IAB files.  (Reply at 1).  Defendant notes that the Court's determination of this question would moot the issue raised by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 12-00428-MWF (MRWx)**                    **Date:  July 31, 2025**
Title:  Alex Rosas et al v. Robert Luna et al

Plaintiffs and decrease the need for future judicial intervention of these kinds of disputes.  Moreover, the determination would perhaps provide Defendant, LASD, and the County some assurance that they could adequately defend against any potential civil actions brought by their employees—i.e., Defendant, LASD, and the County could point to the fact that they did in fact comply with the requirements of section 832.7 by seeking a determination of "good cause" prior to disclosure.

Because the Panel and the ACLU have made a sufficient showing of good cause to warrant disclosure of the records, the Court agrees that it need not reach the issue raised by Plaintiffs.  Accordingly, the Court focuses its analysis on why disclosure of these records to both the Panel and ACLU is warranted here:

***First***, as Defendant acknowledges, "the Panel provided a comprehensive explanation of its need for a complete copy of the IAB files[.]"  (Reply at 7).  Specifically, the Panel identified several specific provisions of the Implementation Plan for which review of the IAB files is required.  (*See* Panel's Response at 2–4).  For example, the Panel explains that the Implementation Plan specifically requires the Panel to monitor LASD's "***investigation of any potential violations of its [use of force] policies and any remedial steps taken by the [LASD] in response to the violations***."  (*Id.* at 2) (emphasis in original).  Carrying out this function necessarily requires the Panel to review "videos, reports by staff, witness statements, medical reports, LASD records, and the analysis of the force incidents generated by jail supervisors."  (*Id.*).

Defendant does not argue that this showing is insufficient but rather, "leaves it to the Court's discretion to determine whether the Panel's stated need for the records at issue justifies disclosure."  (Reply at 8).

The Court concludes that it does.  While the Panel had not previously requested these records, it explains that the process of reviewing and assessing force incidents has evolved over the course of this action—an understandable concept, in light of the fact that the Agreement and Implementation plan were entered into over a decade ago.  Moreover, the request for the records was not made out of thin air.  The Panel's latest Report indicates that LASD is in compliance with roughly 80% of the provisions in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 12-00428-MWF (MRWx)                    Date:  July 31, 2025
Title:  Alex Rosas et al v. Robert Luna et al

Agreement, but in the latest period of review, there was a 50% rise in Category 3 incidents, which the Panel suspects are not being adequately addressed by LASD. Despite the seriousness of these incidents, LASD provides the least amount of information in its Category 3 use of force packages, primarily because the packages do not contain the supervisory analysis and reviews that are provided in the other, less serious use of force packages.

Because the Implementation Plan clearly provides the Panel with the authority and the duty to review both the reasonableness of the use of force and LASD's response thereto, the Court concludes that the Panel made a sufficient showing of good cause to warrant disclosure of all IAB records related to Category 3 incidents.

*Second*, the ACLU has similarly demonstrated good cause to warrant disclosure of the IAB files at issue.  While it is true that the ACLU did not provide as comprehensive of an explanation as that of the Panel, it adequately addressed why access to these records are necessary to fulfilling its obligations to both protect the rights of the class but also ensure Defendant and LASD are actually maintaining compliance with the Agreement.  As courts have recognized, Plaintiffs and their counsel maintain the "primary responsibility for assessing Defendants' performance and, if Defendants do not perform, it [is] Plaintiffs' duty to seek additional appropriate relief." *Jensen v. Thornell*, No. CV-12-00601-PHX-ROS, 2023 WL 2838040, at *5 (D. Ariz. Apr. 7, 2023).

As evidenced by the prior motions filed by the ACLU in this action, Plaintiffs have consistently maintained that duty.  Moreover, Plaintiffs explain a comprehensive process in which the ACLU reviews the same materials provided to the Panel, identifies use of force in which the ACLU disagrees with the Panel's tentative conclusions of compliance, and regularly meets with the Panel to discuss those incidents and Defendants' overall compliance.  (Plaintiffs' Response at 14).  This process—which the Court recognizes as essential to ensuring adequate compliance with the Agreement—could not function without disclosure of the same materials provided to the Panel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 12-00428-MWF (MRWx)                Date:  July 31, 2025
Title:  Alex Rosas et al v. Robert Luna et al

Lastly, Defendant requests that, if disclosure to the ACLU is ordered, the PO be modified to require additional protections of these records.  Specifically, Defendant requests that the ACLU "(a) is not allowed to maintain possession of confidential IAB files; and (b) may only examine these records on site at an LASD facility at times and locations mutually agreed upon, or on secure devices that do not allow for the forwarding, emailing, transmitting, screenshotting, or copying of documents reviewed."  (Reply at 10).  At the hearing, Defendant also alternatively suggested adding a provision to the PO limiting access to these records to counsel of record.

The ACLU responded by (1) emphasizing the burden that Defendant's requests would have on Plaintiffs' counsel—some of whom do not reside in Southern California; (2) highlighting that the PO already limits access to certain attorneys, non-attorney employees, and experts and requires non-attorneys to execute a written statement agreeing to comply with the requirements of the PO; and (3) indicating that delay by Defendant has been a recurring issue in this action, such that there is a concern about having to negotiate modifications or additions to the PO.

While Defendant's concerns are understandable, Defendant has not identified why the requirements in the existing PO do not mitigate the purported security concerns.  Moreover, Defendant does not contend that the ACLU has violated or otherwise mishandled other records subject to the PO.  The Court, therefore, concludes that there is no basis to subject the ACLU to additional, burdensome requirements or to facilitate the introduction of additional delay.

## III.   CONCLUSION

Accordingly, the Request is **GRANTED** *in part* **and DENIED** *in part*.  The Court agrees that a judicial determination of "good cause" prior to disclosure is appropriate.  However, both the Panel and the ACLU have made a sufficient showing of good cause such that the LASD is required to disclose all IAB files related to Category 3 uses of force upon request by the Panel.  To be abundantly clear, this determination is categorical and forward-looking; it is not limited solely to the three sets of files already requested by the Panel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES—GENERAL</u>

**Case No.**  **CV 12-00428-MWF (MRWx)**                    **Date:  July 31, 2025**
Title:  Alex Rosas et al v. Robert Luna et al

Lastly, Defendant has not adequately shown why modification of the Protective Order is warranted prior to disclosure of these records.

IT IS SO ORDERED.